

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 17, 2018

<u>Via ECF</u>
The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
United State Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

    Re:    *United States* v. *Ali Sadr Hashemi Nejad*, 18 Cr. 224 (ALC)

Dear Judge Carter:

    We write to respond briefly to the defendant's reply in support of his application for bail. The defendant devotes much of his submission to arguing that the Government (again) has made a series of purported misstatements about the defendant, and he advances three remaining arguments: (1) the defendant cannot flee to Iran; (2) neither he nor his father have the financial resources to reimburse the other co-signers were the defendant to flee; and (3) Mr. Sadr has built his life in the United States and, thus, has no incentive to flee.

    As a threshold matter, the Government disagrees with the defendant's characterization of its arguments and evidence, and is prepared to address those issues at tomorrow's hearing. But putting aside those disagreements, the essential facts supporting detention either are incontestable or are no longer in dispute. Specifically, the defendant (i) is a citizen of Iran and St. Kitts & Nevis, and not of the United States; (ii) possesses and uses multiple passports, more than one of which still are not in the possession of the Government; (iii) has significant family ties abroad in Iran and Turkey; (iv) has significant business ties abroad; (v) is a frequent international traveler, including to Iran, Turkey, and the United Arab Emirates, and has spent very little time in the United States over the past several years; (vi) has never resided at the Washington D.C. residence, as he originally reported to Pretrial Services; and (vii) has access to significant assets, both his own (originally reported to Pretrial Services as approximately $5 million, then in his initial bail application as approximately $15 million, and now in his reply as approximately $27 million), as well as his father's, as outlined below. These are the most critical factors in assessing whether the defendant is a flight risk; they are the same factors considered and relied upon by Judge Moses when she detained the defendant; and they are indisputable.

The Honorable Andrew L. Carter, Jr., U.S.D.J.
April 17, 2018
Page 2

As to the defendant's remaining arguments, the Government submits the attached documents for the Court's consideration. First, with respect to the defendant's ability to flee to Iran:

- Exhibit A is a document summarizing approximately 50 trips made by the defendant to Iran between 2010 and 2015.

- Exhibit B is a compilation of the documentation supporting those trips.

With respect to the assets and wealth of the defendant's father, and his father's access to funds outside of Iran that could be transferred to the United States:

- Exhibit C is a 2010 mortgage contract signed by Ali Sadr and Mohammad Sadr reporting that both reside at a property located in the United Arab Emirates; that both are Board Members and Partners of Stratus Global Investments and Sirrius Trade & Finance; that Ali Sadr has 41 million euros in assets; and that Mohammad Sadr has 150,000,000 in investment assets.

- Exhibit D is a 2013 excerpt from a Business Year interview of Mohammad Sadr during which Mohammad Sadr stated that Stratus Group, the entity he founded, "is now the biggest contracting company in the private sector [in Iran]" with more than 10,000 employees and anticipated projects worth $4 billion; and that "EN Bank, our financial company, is worth more than $20 billion."

- Exhibit E is a 2008 Wall Street Journal article reporting that Stratus "pulls in some $5 billion in revenue a year from real estate, construction and banking interests" and that Mohammad Sadr stated that "the government has no ownership in or influence over [Stratus Group]" in response to speculation that the Iranian Revolutionary Guard Corps in fact held an ownership stake in one of Stratus's companies.

- Exhibit F is a compilation of payment instruction letters signed by Mohammad Sadr or Ali Sadr directing more than $500,000 of U.S. currency to be transferred from their personal bank accounts at a Swiss bank to another family member in the United States.

With respect to the defendant's ties to and access to his father's companies and wealth:

- Exhibit G at page 15 is a spreadsheet attached to a January 23, 2011 email sent by the defendant reporting that the defendant owns approximately 12.6% of Samaneh Stratus Investment, which in turn owns 95.999% of Stratus International Contracting (the aforementioned multi-billion dollar company).[1]

---

[1] The spreadsheet was translated, and the original is available upon request.

The Honorable Andrew L. Carter, Jr., U.S.D.J.
April 17, 2018
Page 3

- Exhibit H is a copy of the defendant's business card showing that he was the Vice Chairman of Samaneh Stratus Invst. Co. in Tehran as of 2011.

- Exhibit I is an email from Mohammad Sadr to Ali Sadr dated January 9, 2012, with a subject line "Urgent!!!!!!!!," instructing the defendant to transfer 1.3 million Euros from a Stratus Global account to another account in Turkey and to keep some of the money for himself.

- Exhibit J is an email from Ali Sadr to Mohammad Sadr, dated May 20, 2010, in which the defendant told his father that he signed a payment instruction letter authorizing the transfer of approximately 11.4 million euros from his father's account at a bank in the United Arab Emirates.

- Exhibit K is a copy of a letter from the defendant to the CEO of EN Bank (the aforementioned Stratus Group Iranian bank) reflecting that one of the defendant's companies in Switzerland ("Company-1") had a joint collaboration with EN Bank and that the defendant proposed having Company-1 "act as the international arm of EN Bank for its clients inside and outside of Iran."

The above-referenced documents are a sample of the materials obtained by the Government that demonstrate the defendant's significant ties to his father's businesses and wealth, as well as the ease with which he has traveled to Iran. Nevertheless, the Government maintains that the core, undisputed facts—on their own—merit detention of the defendant, who presents an unusual flight risk which the proposed bail conditions do not adequately address.

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney

by: _____/s/_____
    Andrew DeFilippis
    Matthew Laroche
    Assistant United States Attorneys
    (212) 637-2420

    Garrett Lynch
    Special Assistant United States Attorney

cc:    Defense Counsel (via ECF)