I5GPNEJC

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                              18 CR 224 (ALC)

5    ALI SADR HASHEMI NEJAD,

6              Defendant.

7    ------------------------------x

8                                             New York, N.Y.
                                              May 16, 2018
9                                             11:18 a.m.

10
     Before:
11
                    HON. ANDREW L. CARTER, JR.,
12
                                              District Judge
13

14                       APPEARANCES

15
     GEOFFREY S. BERMAN,
16        United States Attorney for the
          Southern District of New York
17   MATTHEW LaROCHE
          Assistant United States Attorney
18   GARRETT LYNCH
          Special Assistant United States Attorney
19
     BARUCH WEISS
20   ANDREW BAUER
     TAL MACHNES
21        Attorneys for Defendant

22
     ALSO PRESENT:  MICHAEL URBANOWICZ, FBI
23

24

25

I5GPNEJC

1                    (In open court)

2                    (Case called)

3              MR. LAROCHE:  Good morning, your Honor.  Matt Laroche

4     and Garrett Lynch for the government, and with us at counsel

5     table is Mike Urbanowicz, a special agent with the FBI.

6              MR. WEISS:  Good morning, your Honor.  Baruch Weiss

7     from Arnold and Porter for Mr. Sadr, along with Andrew Bauer

8     and Tal Machnes.

9              THE COURT:  Good morning.  What is the status of this

10    matter?

11             MR. LAROCHE:  Yes, your Honor.  We were last here on

12    April 18th to discuss bail.  There was extensive argument, and

13    at the end of that bail proceeding, the Court had found that

14    the government had established, at least initially, that the

15    defendant was a risk of flight.

16             However, the Court also found that the current package

17    that had been proposed was insufficient, and the Court

18    requested additional information to determine whether there

19    would be a package that would be permissible to the Court.  The

20             Court specifically asked defense counsel to provide

21    information on the defendant's financial circumstances,

22    including the level of his assets, assets that were not subject

23    to forfeiture in this case, assets that could be available to

24    him through his family, and also additional information

25    concerning the relationships with the cosigners that have been

I5GPNEJC

1    proposed and their assets.

2         Defense counsel responded at the time that they would

3    be putting in a submission, which they suggested would be

4    coming shortly after that conference, and anticipated coming

5    back sooner than this conference.  It is our understanding,

6    based on discussions with defense counsel, that they have

7    retained forensic accountants as experts to analyze the

8    defendant's financial circumstances, and that they intend to

9    submit an additional submission to the Court in the coming days

10   and would like to request an additional date to discuss bail

11   after that.

12        I think, from the government's perspective, we are

13   requesting approximately one week to respond to that submission

14   in writing, and then would request an additional day from the

15   Court to set that down on the schedule.  I know defense counsel

16   takes a different view.  They'd like to come back to the Court,

17   I think, Wednesday or Thursday of next week.  From the

18   government's perspective, that's just not enough time to

19   appropriately consider a submission that has taken, by our

20   understanding, multiple experts hundreds of hours of time to

21   come up with additional information for the Court's

22   consideration.

23        So I guess the parties are in a bit of disagreement on

24   this point right now.  Defense would like to come back sometime

25   next week, after they've filed their submission, and the

I5GPNEJC

1    government would prefer coming back after its had an

2    opportunity to file a response.

3              THE COURT:  Okay.  Defense counsel?

4              MR. WEISS:  Yes, your Honor.

5              THE COURT:  Thank you.

6              MR. WEISS:  We have been working very diligently since

7    the last pretrial conference or hearing that we had before you

8    with respect to the issue of bail, in order to thoroughly and

9    convincingly provide you with the information that you

10   requested that would then enable you to release Mr. Sadr on

11   bail.

12             Because of the financial nature of the number of the

13   questions that you posed, including what confidence could you

14   have that Mr. Sadr has disclosed all of his assets and doesn't

15   have other assets that he has not disclosed that might be

16   available to him; what assistance, financial assistance, could

17   he get from his family including the father, which if you'll

18   recall, there was some discussion as to the wealth and assets

19   available to the father.

20             We have retained a forensic accountant, somebody who

21   was a criminal IRS agent for 22 years and a CPA, and his staff,

22   to undertake a very, very comprehensive review of Mr. Sadr's

23   assets so that you can be comfortable in making your bail

24   decision that you have a full picture of what he does have and

25   what he doesn't have.

I5GPNEJC

1          They've also undertaken an analysis of the father and

2     what assets the father could put to use in facilitating the

3     flight that the government seems to be so concerned about.

4     We've also reached out to the cosigners, the proposed

5     cosigners, for them to supplement the submissions they made

6     until now to give you even more information about the sting

7     effect his flight would have, and that's two things.

8          They've given more financial information about

9     themselves; so that the Court could see, let's say, what

10    percentage of their assets, in many instances it's all of them,

11    they are ready to put up, and also, more information about the

12    relationship with Mr. Sadr; so the Court can see from that

13    perspective how unlikely it is that Mr. Sadr would flee and

14    leave these people behind, in many cases, homeless.

15         So we have worked very diligently on this since the

16    day that we left.  It, obviously, has been a more complicated

17    process than we anticipated, but we are getting to the end, and

18    we are going to be submitting something to the Court addressing

19    these issues.  We would like to ask the Court to set another

20    bail hearing next week.  Mr. Sadr has been in jail since

21    March 18th, I believe, and that is quite a bit of time for

22    somebody who, in our view, we think should be released on bail.

23         We would like to submit the package beforehand,

24    obviously, so that the Court has a chance to review it, so that

25    the government has a chance to go through it.  We'd like to go

I5GPNEJC

1   forward Wednesday of next week.  I understand that although

2   next week is difficult for counsel for the government, Thursday

3   would be better for them than Wednesday.  We're ready to

4   accommodate a day, but we don't want to put this off for weeks,

5   your Honor, and that's why we would ask for a date next week.

6           THE COURT:  So I take it, from what you're saying,

7   that this forensic accounting has been completed, or it has not

8   yet been complete?

9           MR. WEISS:  It's being completed, and let me explain,

10   your Honor.  The government began this investigation about four

11   years ago and has been analyzing the financial records for

12   Mr. Sadr over the past four, four-and-a-half years.  We and the

13   forensic accountant have been doing it for a few weeks, and

14   although the Court is primarily concerned with the financial

15   reach of our client, Mr. Sadr, now, the government in its

16   papers from the time and time again has said, judge, to

17   understand what he's got now, you have to look back to 2013,

18   2010, 2008.  Because if they had a lot of assets then and

19   they're not appearing on this statement now, there must be

20   some.

21           So although this is ostensibly an audit of what he has

22   now, by virtue of the argument that the government has made,

23   this has become a review of the financial situation going back

24   many, many years.  The documents that we've got from the

25   government on this, is staggering, the amount of information

I5GPNEJC

1   they've given us.

2          A thorough forensic accountant could keep going and

3   going and going and look at every entry.  We're ready to put --

4   we think we're at a place that, for bail purposes, we can wind

5   this up.  So that's why I'm answering the question, has he

6   completed his work?  This is one of those tasks when the date

7   comes, he will finish.

8          THE COURT:  Okay.  Well, my concern is if it hasn't

9   been completed yet -- today is Wednesday, the 16th -- I'm not

10  sure how soon you'd be able to get this information to the

11  government.  I do think the government has a right to see this

12  information and review this information --

13         MR. WEISS:  Of course.

14         THE COURT:  -- and respond to the information, and I

15  certainly would like to look at the information from the

16  defense perspective, as well as what the government says in

17  response.  So realistically, I don't see how this can happen by

18  a week from today because the documents haven't even been

19  turned over to the government yet.

20         MR. WEISS:  Your Honor, I'm sorry for interrupting,

21  but if we would undertake to get it filed by Friday, would that

22  enable this to happen next week?  Today is Wednesday.  Yes,

23  Friday, two days hence.

24         THE COURT:  Do you have a sense of how lengthy these

25  documents are?  Because the difference is your forensic

I5GPNEJC

1   accountants have been working on this.  They're going to give

2   you these documents that you are simply going to then give to

3   the government, and the government is going to have to start

4   this process of going through all of that.

5          It seems to me that it may take them some time to go

6   through that.  Do you have a sense as to how lengthy these

7   documents will be?  I mean, it seems that -- I'm not sure that

8   the government can adequately respond to that in a day or two.

9          MR. WEISS:  Well, the vast majority of documents that

10  the expert relies on are documents that we got from the

11  government as part of discovery, that they have been analyzing

12  and reviewing for years.  So the task of review -- and the

13  government, by the way, in the bail proceeding, has

14  demonstrated a very good, strong familiarity with the financial

15  documents.  They've been plucking out a document from here and

16  a statement from there, and an F part from here.

17         So I think that what's going to be important here is

18  more the analysis, as opposed to the underlying documents,

19  which they have.  And the report -- the report itself will

20  contain that analysis, and the report itself will be in the

21  vicinity of 25 pages.

22         THE COURT:  Okay.  But it seems to me that counsel for

23  the government, I'm sure they're extremely talented, but

24  they're probably going to need to have their own expert look at

25  this.  I don't know if counsel for the government -- well, let

I5GPNEJC

1    me not put words in the government's mouth.  Does the

2    government have an expert ready on retainer to look at whatever

3    you get from the defense?

4          MR. LAROCHE:  If we needed to, we could, your Honor.

5    It's not our intention to use an expert in response.  That

6    said, it sounds like whatever they're going to give us is a

7    complicated analysis that is done by an expert and will likely

8    take more than a weekend to go through and come up with a

9    reasonable response that the Court could then consider in

10   advance of Wednesday.

11         MR. WEISS:  Your Honor, I might say that the -- if it

12   helps, the expert will confirm what we've already told the

13   Court, which is that the assets that the defense, that Mr. Sadr

14   has disclosed of his assets and that he doesn't have, contrary

15   to the claims that the government's made, these hidden hoards

16   of wealth scattered about the globe; so in other words, it's

17   confirmatory.  It's not something brand new is what I'm saying.

18         THE COURT:  Okay.

19         MR. WEISS:  It's confirmatory of the position that --

20         THE COURT:  I would have assumed that if you were

21   hiring an expert, the expert wasn't going to be preparing a

22   report that was different than what your position is, in terms

23   of his wealth.  My assumption is that you weren't going to have

24   an expert prepare a report that contradicted your position and

25   indicated that he has vast sums of wealth available to him.

I5GPNEJC

1    That's just going out on a limb.  That's kind of what I thought

2    the report would say.

3          MR. WEISS:  If it had said something like that, we

4    wouldn't be submitting the report, of course.

5          THE COURT:  Correct.

6          MR. WEISS:  But as the Court has said, we have given

7    the expert full reign.  We said what documents do you want to

8    see?  Who do you want to speak to?  Anybody you want to

9    interview, we'll give you free access to.  I should add even

10   Mr. Sadr himself.  Many defense attorneys might not have let an

11   expert interview the defendant himself in a criminal case, but

12   we've made the father available by phone for interviews, as

13   necessary, and Mr. Sadr.

14         So it's a pretty comprehensive report and a pretty

15   comprehensive exercise, both from the document perspective and

16   from the interview perspective.  Yes, of course, your Honor, if

17   we had gotten a negative result, we'd be remiss in our

18   obligation to the client to submit it, but it doesn't mean it's

19   not accurate, as I hope you would see.

20         THE COURT:  Okay.  And is it safe to assume that

21   whenever we schedule the next bail hearing, this is going to be

22   another bail hearing that will take a couple of hours?

23         MR. WEISS:  Can I have just one second?  I think

24   that's right, but just give me one moment.

25         (Pause)

I5GPNEJC

1      I would guess a couple of hours, an hour-and-a-half or

2   two hours, your Honor.  That's asking me a little bit to

3   anticipate which precise portions of the report the government

4   will object to and, of course, the government hasn't seen it;

5   so they can't quite anticipate that, I understand.  But I would

6   say, yes, a couple of hours.

7      THE COURT:  Yes, counsel?

8      MR. LAROCHE:  Thank you, your Honor.  Just a couple

9   other points.  So part of the problem with responding on such a

10   quick time frame, that we would have something back by early

11   next week, is that one of the prosecutors is gone for the next

12   ten days on planned travel for work.  I'm going to be traveling

13   the first few days of next week on planned travel for work and

14   next Friday.  So there are some logistical issues that would,

15   in our view, prevent a quicker turn around response.

16      And the second point, it sounds like although they are

17   relying on at least some of our documentation, that there will

18   be new information that they've pulled together for this report

19   that the government would, obviously, like an opportunity to be

20   able to analyze and respond to.  I think a week is a reasonable

21   period of time for the government to put this together and

22   respond to that, and then the Court -- we could come back to

23   the Court as soon as possible after that.

24      THE COURT:  Okay.

25      MR. WEISS:  Your Honor, I would point out there are

I5GPNEJC

1    three prosecutors on this team, and this is a matter of bail

2    and liberty.  The only reason we've taken this long is because

3    we're brand new to the case and haven't had the years and years

4    and years the government has had to learn the case.  I think

5    it's appropriate to push the government to respond so that we

6    can have this bail hearing.

7              THE COURT:  Well, we had calendared this case today

8    for the possibility of the bail hearing, and the last time we

9    were here, defense counsel indicated you'd be sending me

10   something quickly.

11             MR. WEISS:  I did.

12             THE COURT:  That didn't happen.  I'm not saying that

13   that's your fault, but that didn't happen.  It seems that it

14   would be unfair to the government to ask them to respond to

15   this submission within a couple of days.

16             The week of May 29th I have a trial starting then; so

17   it's going to be difficult for me to block out a couple of

18   hours to deal with the bail hearing.  So it seems to me that

19   what makes sense is for me to refer this to the duty magistrate

20   judge, and you can take this up with the duty magistrate judge,

21   again with the caveat -- I don't want to set the magistrate

22   judge's calendar, but it does seem to me that the government

23   should get -- or it seem to me the government needs to get at

24   least four business days to respond to the submission whenever

25   you give them this submission.  So if you give it to them

I5GPNEJC

1  Friday, they need to be able to have at least --

2          MR. WEISS:  Your Honor, we'll get it tomorrow.  We'll

3  work through the night tonight, and we'll get it tomorrow, if

4  that will help this process.

5          THE COURT:  But I would say that the government gets

6  four business days from the time that they receive the

7  submission to respond, and you would need to give the

8  magistrate judge some notice of this, instead of having the

9  magistrate judge having to deal with this on the fly with all

10  of this complicated financial -- or even if it's not that

11  complicated, with all of this financial information in that.

12          But let me hear from defense counsel and the

13  government.  To me, that seems to make the most sense, unless

14  you want to wait for me later on in June, but to me, that seems

15  to make the most sense.  I understand defense counsel saying

16  there's some urgency to it.

17          MR. WEISS:  Yes, the urgency is obvious.  We have a

18  client that's retained, who we want released.  Everybody

19  understands that.  If we get it done tomorrow, that would give

20  the government Friday, Monday, Tuesday and Wednesday, four

21  business days, and then if we could have the hearing on

22  Thursday before you.  You've learned a lot about this case

23  already, and I think there's a -- and you're going to be the

24  presiding judge; so we think it should be before you.  All

25  right.  I understand that 2:00 p.m. might be available on

I5GPNEJC

1    Thursday for the Court.

2         THE COURT:  Not if it's going to take two hours.  We

3    could probably do it -- well, let me find out.  What's the

4    government's take on this?  I do have availability on Thursday

5    starting at 1:00.

6         MR. LAROCHE:  I know my schedule, I have a sentencing

7    on Thursday afternoon, I believe starting at 3:30, that I have

8    to be at.  It's going to be long.

9         THE COURT:  We could actually start it earlier.  We'll

10   have to make some accommodations and maybe switch court

11   reporters so the court reporter could get some lunch.  We could

12   actually start at 12:30 on Thursday.

13        MR. LAROCHE:  The government can make that work, your

14   Honor.  I think, from our perspective, we'd still like

15   additional time.  You know, we're requesting a week here.  Even

16   if we get it tomorrow, we assume it will be midnight tomorrow.

17   It doesn't give us a terribly long amount of time to respond to

18   what sounds like a pretty extensive submission.  That said, we

19   will make whatever schedule work that the Court prefers.

20        THE COURT:  Okay.  Let's have defense counsel then get

21   this submission to the government by 5:00 p.m. tomorrow.

22        MR. WEISS:  Yes, your Honor.

23        THE COURT:  And the government needs to submit its

24   response by 5:00 p.m. on May 23rd, and then let's schedule the

25   bail hearing for 12:30.  I think we have time then, Tara; is

I5GPNEJC

1    that right?

2              THE DEPUTY CLERK:  Yes, Judge.

3              THE COURT:  12:30 on May 24th.

4              MR. WEISS:  Thank you, your Honor.

5              MR. LAROCHE:  Yes, your Honor.

6              THE COURT:  Okay.  Let me propose this.  We'll

7    calendar this for May 24th at 12:30.  It may make sense to set

8    another date after that for a status conference, in case

9    something falls apart and the report doesn't get submitted and

10   some other things take more time, just so that we have another

11   date, but let me find out what the parties' view on that is.

12             If we have that date, again, we'll have that on the

13   calendar.  It may make sense to set a date later on in June,

14   just as a status conference date, have that on the calendar in

15   case, again, due to the complications in getting this report,

16   it doesn't get done in time so that we have another date on the

17   calendar.  What's counsels' view on that?

18             MR. LAROCHE:  That makes sense, your Honor.

19             MR. WEISS:  I totally agree, and your Honor, if we

20   dispose of bail next week, there are going to be then other

21   issues that come up to discuss at the next status conference;

22   so I think for many reasons we would support that.

23             THE COURT:  Okay.  How about June the 20th at 3:00?

24   Does that date and time work for everyone?

25             MR. LAROCHE:  That's fine, your Honor.  Thank you.

I5GPNEJC

1          MR. WEISS:  Fine for the defense, your Honor.

2     June 20th, 3:00.

3          THE COURT:  All right.  So let's set a status date for

4     June the 20th at 3:00.

5          Based on the complicated nature of the discovery that

6     is being produced and has been produced in this case, I find

7     it's in the interest of justice and in the interest of the

8     defendant to exclude time under the Speedy Trial Act from

9     today's date until June 20th.

10          I further find that the interests of justice and the

11     interests of the defendant outweigh the public's interest in a

12     speedy trial, and I will enter an order to that effect.  Again,

13     we do have a bail hearing date set for May the 24th.

14          Anything else from the government?

15          MR. LAROCHE:  No.  Thank you, your Honor.

16          THE COURT:  Anything's else from the defense?

17          MR. WEISS:  No.  Thank you for setting it for next

18     week, your Honor.

19          THE COURT:  Now, counsel, you indicated that you're

20     going to be giving them this expert report.  You also mentioned

21     something about getting further affidavits from the potential

22     suretors?

23          MR. WEISS:  Yes, that will be part of what they'll get

24     as part of this package.

25          THE COURT:  All right.  Make sure that's turned over

I5GPNEJC

1    tomorrow also by 5:00.

2              MR. WEISS:  Yes.

3              THE COURT:  Okay.  We're adjourned.

4              MR. WEISS:  Your Honor, they may be letters, as

5    opposed to affidavits, but they will get them tomorrow.

6              THE COURT:  Okay.  All right.

7              (Pause)

8              THE COURT:  Here's the only thing I wanted to discuss

9    with counsel.  Is Mr. Sadr already in the back, or has he been

10   taken down?

11             MR. BAUER:  I think they brought him down on the

12   elevator already.

13             THE COURT:  Okay.

14             MR. BAUER:  He's gone, your Honor.  I can go down and

15   try and get him.

16             THE COURT:  I don't think we need to do that.  I just

17   wanted to ask counsel a question about the sort of discovery

18   that will be produced in this case.  That's the last thing I

19   wanted to talk about.  It has nothing to do with the bail

20   hearing.

21             MR. LAROCHE:  Sure.

22             THE COURT:  So knowing that, are you willing to waive

23   Mr. Sadr's appearance for this?

24             MR. WEISS:  For discovery purposes, yes.

25             THE COURT:  My only question is, I have a law clerk

I5GPNEJC

1    who's going to be working on this case with me.  I wanted to

2    find out if there's going to be any sort of classified

3    information or anything like that so that we can start the

4    process, if I need to, of getting my law clerk security

5    clearance, if we need to do that.  I haven't heard anything

6    about that yet.  Because of the nature of the case, I figured

7    I'd make that inquiry now.  Counsel for the government?

8            MR. LAROCHE:  Understood, your Honor.  We do not

9    anticipate any classified discovery or any SIPA litigation in

10   this case.

11           THE COURT:  Okay.  All right.  That's it.  We're

12   adjourned.

13           MR. WEISS:  Thank you.

14           THE COURT:  Thank you.

15           MR. BAUER:  Thank you, your Honor.

16           (Adjourned)

17

18

19

20

21

22

23

24

25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300