UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ALI SADR HASHEMI NEJAD,<br><br>*Defendant*. | Case No. 18 Cr. 224 (ALC)<br><br>**SUPPLEMENTAL STATUS REPORT** |

Pursuant to the Court's Order dated October 16, 2018, the parties submitted a Joint Status Report regarding the ongoing privilege review. ECF No. 69. However, the government disagreed with defendant Ali Sadr Hashemi Nejad's request to include in the Joint Status Report additional context and information about the potential consequences of the course of action proposed by the USAO Filter Team. Accordingly, Sadr submits the following Supplemental Status Report.

**I.      BACKGROUND**

Sadr immediately requested discovery following his March 2018 indictment. On April 5, 2018, the government provided Sadr with the raw, original email search warrant returns for Sadr's email accounts, which the New York County District Attorney's Office ("DANY") had obtained from the service providers pursuant to search warrants (the "Raw Returns"). ECF No. 49 at 2. As noted in the Joint Status Report, the Raw Returns were not Bates numbered and did not contain information as to which documents had been cleared to the prosecution team. In its April 5, 2018 cover letter, the government stated that it had conducted a privilege review and

would produce the cleared documents to Sadr to inform him which documents were in possession of the prosecution team. ECF No. 49 at 2-3. On April 11, 2018 the government informed the Court that "we expect to be done with discovery within 60 days," by June 10, 2018. ECF No. 21 at 13. On April 18, 2018, the Court ordered the government to produce the remaining discovery within 40 days, by May 28, 2018. ECF No. 24 at 69-71.[1]

On July 5, 2018, Sadr reminded the government that it still had not produced the results of the pre-indictment privilege review promised in the government's April 5 letter. On July 13, 2018, the government attempted to produce all of the cleared documents from the privilege review but notified Sadr on July 25, 2018 that an error had pulled privileged material into the cleared production set and requested that Sadr put the July 13 production aside. ECF No. 49 at 3 n.2. On August 16, 2018, the government produced the Raw Returns as processed and Bates numbered by the DANY Filter Team (the "DANY Processed Returns"), including both cleared and withheld material. ECF No. 49 at 3. Sadr promptly alerted the government and the Court, however, that the DANY Processed Returns had technical errors and that privileged material appeared to have been cleared to the prosecution team—possibly as a result of these technical errors. ECF No. 49 at 3. Sadr requested that the Court order the government to refrain from

---

[1] In late April and mid-May 2018, the government produced a set of "key" or "pertinent" documents to Sadr, along with subpoena returns from numerous financial institutions. In total, the pertinent document production constituted 3,136 pages of material. The government later disclosed in an October 15, 2018 letter that the prosecuting AUSAs never obtained the full results of the DANY's privilege review. ECF No. 66-2. Thus, these so-called pertinent documents appear to be the only Sadr emails that the prosecuting AUSAs received before indicting Sadr and currently possess. Given this fact, it is it is difficult to understand how the government would have been ready to try this case in December 2018, as it requested at an early status conference. The subset of "pertinent" documents to which the prosecuting AUSAs have had access constitutes at most roughly 1% of Sadr's emails.

viewing any discovery material until at least three weeks after providing Sadr with a corrected, fully searchable production.  ECF No. 52 at 2.

On September 7, 2018, the Court ordered all government attorneys to halt review of the discovery and directed the government to produce a complete set of discovery to Sadr "reasonably free of technical problems" by September 21, 2018.  ECF No. 53.  Thereafter, the government re-processed and made technical corrections to the DANY Processed Returns, and then re-produced them to Sadr on a rolling basis between September 28 and September 30, 2018.  ECF No. 64 at 3.  The Bates numbers did not change from the August 16 production to the late-September "corrected" production of the DANY Processed Returns.

The government represented in its October 1, 2018 letter to the Court that by producing the DANY Processed Returns, it had "provided a 'complete data set of discovery that is reasonably free of technical problems' to the defense and, thus, ha[d] complied with the Court's September 7 order."  *Id.* (quoting ECF No. 53).  The government stated that the only remaining issue with the DANY Processed Returns affected "less than 1% of the total production" and was a "relatively small issue."  *Id.*

The DANY Processed Returns were Bates numbered, and Sadr loaded them into the litigation review platform Relativity to facilitate document review.  Based on the government's representation that the DANY Processed Returns represented the complete set of discovery, Sadr has been reviewing this discovery diligently to prepare for trial and has tagged over 20,000 documents in the DANY Processed Returns since September 2018.

## II. SUPPLEMENTAL STATUS REPORT

On October 15, 2018, the Court entered an Order adopting the parties' proposal that the government conduct a supplemental privilege review to ensure that the documents cleared for use by the trial team were not privileged. ECF No. 66. On November 2, 2018, Sadr produced to the USAO Filter Team a list of thousands of Bates-numbered documents—previously cleared by the DANY Filter Team—that were subject to claims of attorney-client privilege or spousal privilege based on Sadr's continuing review of the DANY Processed Returns. Sadr and the USAO Filter Team have worked together and continue to work together to both resolve any technical issues[2] and agree upon search terms for the supplemental privilege review.

Yesterday, the USAO Filter Team and the prosecuting AUSAs informed Sadr for the first time that—contrary to the government's previous representations—the DANY Filter Team's processing errors had in fact caused many of the technical problems set forth in Sadr's prior submissions and were still causing technical problems in the DANY Processed Returns. ECF No. 69, at 2. The USAO Filter Team and prosecuting AUSAs also informed Sadr's counsel that these technical problems "could not be repaired." ECF No. 69 at 2. As a result, the USAO Filter Team is unwilling to conduct the privilege review using the DANY Processed Returns. It now appears that an effective and reliable privilege review using the DANY Processed Returns is impossible.

On November 14, 2018, the USAO Filter Team notified Sadr that it instead intended to conduct the privilege review using the Raw Returns that had been processed and loaded onto

---

[2] Sadr, for example, developed a list of duplicates within the DANY Processed Returns and has committed to provide the government with that list to facilitate its review.

4

the USAO's Relativity database (the "USAO Processed Returns").  These USAO Processed Returns will have new Bates numbers that do not match the Bates numbers of the DANY Processed Returns.  Although the USAO Filter Team has agreed to work expeditiously to provide Sadr with a method to cross-reference all of the Bates-numbered files within the DANY Processed Returns to their corresponding files within the USAO Processed Returns, the government does know whether it will be technically possible to do or how long such an effort will take.

The use of the USAO Processed Returns has two significant implications.  First, it makes clear that the USAO Filter Team no longer intends to merely "supplement" the DANY privilege review.  Rather, it intends to conduct a completely new privilege review using the new USAO Processed Returns, new search terms, and new filter attorneys.  In essence, the government is starting from scratch on its privilege review, which must take place for Sadr to understand the evidence to which the trial team will have access in this prosecution.

Second, the newly produced USAO Processed Returns will constitute the formal discovery in this case from which the parties will identify their exhibits and evidence for trial.  The government has deemed the DANY Processed Returns too unreliable and error-filled to conduct a privilege review, let alone to prepare for trial.  Therefore, if the USAO Filter Team is unable to cross-reference the Bates numbers in the DANY Processed Returns with the USAO Processed Returns, Sadr could lose months of trial preparation work.  The only way to locate a document Sadr has already tagged in the DANY Processed Returns in the new USAO Processed Returns (with different Bates numbers) could well be to conduct an extremely time-consuming, laborious, and expensive manual search.

Even assuming the best case scenario of a quick technical fix, however unlikely, it will take time to transfer Sadr's work product from the DANY Processed Returns to the USAO Processed Returns. Moreover, Sadr has had to effectively halt his ongoing discovery review until this issue is fixed rather than risk duplicating efforts or tagging documents he will be unable to find in the new discovery without a manual search. Although Sadr will continue to work diligently to prepare for trial, these ongoing technical issues and discovery problems may force Sadr to seek a continuance from the Court.

As indicated in the Joint Status Report, the parties will provide another status report on or before November 29, 2018.

                                              Respectfully submitted,

                                              /s/
                                              Reid H. Weingarten
                                              Michelle L. Levin
                                              STEPTOE & JOHNSON LLP
                                              1114 Avenue of the Americas
                                              New York, New York 10036
                                              Tel: (212) 506-3900
                                              Fax: (212) 506-3950
                                              rweingarten@steptoe.com
                                              mlevin@steptoe.com

                                              Brian M. Heberlig (*Pro Hac Vice*)
                                              STEPTOE & JOHNSON LLP
                                              1330 Connecticut Avenue, N.W.
                                              Washington, DC  20036-1795
                                              Tel:  (202) 429-3000
                                              Fax:  (202) 429-3902
                                              bheberlig@steptoe.com

                                              *Counsel for Defendant*
                                              *Ali Sadr Hashemi Nejad*

Dated:  November 15, 2018