

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 16, 2018

Via ECF
The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
United State Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

    Re:    *United States* v. *Ali Sadr Hashemi Nejad*, 18 Cr. 224 (ALC)

Dear Judge Carter:

    The Government respectfully writes in response to the defendant's November 15 "supplemental status report." (Dkt. 70). The Court has heard many of the complaints raised in that supplemental report, and the Government's responses to them, which the Government will not repeat here. However, some clarification is necessary. As is clear from the November 15 Joint Status Report (Dkt. 71), the Government has worked diligently to address and resolve technical issues and reprocess the discovery produced to Sadr in raw form in April 2018, in order to enable the parties to prepare for trial using the most reliable set of data possible.

    **1.**    **Relevant Background**

    The Government produced the original returns for Sadr's email accounts (the "Raw Returns") on April 4, 2018. On July 13, 2018, the Government produced the Raw Returns, as they had been processed by the New York County District Attorney's Office's filter team (the "DANY Processed Returns"; the "DANY Filter Team"). In response to a series of technical issues raised by the defense following that production, the DANY Filter Team reprocessed the DANY Processed Returns, and reproduced the newly processed data set by September 30, 2018. However, due to the DANY Filter Team's original processing errors in creating the DANY Processed Returns, that data set still contained technical issues that affected approximately one percent of the entire database. (Dkt. 53). Between September 30 and October 16, 2018—the date that the Court approved the Joint Privilege Review Plan—the DANY Filter Team worked continually with the defense to address and fix the remaining technical issues. On October 16, 2018, a filter team at the U.S. Attorney's Office (the "USAO Filter Team") began to implement the Joint Privilege Review Plan by "load[ing] Sadr's email accounts"—the Raw Returns—and the DANY Processed Returns onto its system. (Dkt. 67).

    While the USAO Filter Team was loading the data onto its system, on November 2, 2018, defense counsel identified a new technical issue that potentially affected 0.2% of the DANY

Processed Returns. Defense counsel requested that the USAO Filter Team "urgent[ly]" resolve the newest technical issue because defense counsel could not "engage in productive document review" while the technical issue persisted. When the data finished loading, late in the day on November 6, 2018, the USAO Filter Team and its technical team immediately began to examine the two sets of data and investigate both the new and unresolved technical issues raised by the defense. (Dkt. 66 at n.1). After comparing the USAO Processed Returns with the DANY Processed Returns—both of which had been created using the Raw Returns—the USAO Filter Team concluded that the technical issues in the DANY Processed Returns had caused many of the technical issues raised by the defense, would likely continue to cause technical issues, and could not be repaired. The Government promptly notified defense counsel of this conclusion and its proposal to proceed with the USAO Processed Returns going forward. (Dkt. 71 at 2). In order to solve the new technical issue, and to ensure that both parties were able to prepare for trial using a set of processed data that does not have technical errors affecting approximately one percent of the database, the Government produced to Sadr on November 15, 2018 the USAO Processed Returns, which have been "de-duped" and do not have the processing errors inherent in the DANY Processed Returns. (*Id.*).[1]

> 2. **The Government Has Worked Diligently to Resolve the Technical Issues and Implement the Joint Privilege Review Plan**

Sadr argues in his November 15 supplemental report that (i) the Government "has deemed the DANY Processed Returns too unreliable and error-filled to conduct a privilege review, let alone prepare for trial"; (ii) he could lose months of trial preparation work; and (iii) the Government is "starting from scratch on its privilege review." (Dkt. 70 at 5). The Government addresses each of these arguments in turn.

*First*, as set forth above, although the remaining unresolved technical issues affect only a very small portion of the DANY Processed Returns, the defense has informed the Government that counsel could not engage in productive document review while those technical issues persist. The Government of course wants to continue—and enable the defense to continue—to engage in productive document review. In order to do so, the USAO Filter Team has determined that the USAO Processed Returns contain the most reliably correct information, and should be used going forward. That does not mean, however, that the DANY Processed Returns are "too unreliable" and "error-filled" such that the time the defense spent reviewing the documents between September 30 and November 15 is lost. It simply means that the USAO Processed Returns are the most technically reliable processed version of the same documents Sadr has had in his possession in raw form since April 2018.

---

[1] Sadr claims that the November 15, 2018 production constitutes the "formal discovery" in this case. (Dkt. 70 at 5). But to be clear, Sadr has possessed Rule 16 discovery, consisting of the Raw Returns, since April 4, 2018. Since that date, the Government has re-produced what are, in essence, different versions of the same documents that Sadr has had in his possession—and had the opportunity to review—since then.

*Second*, and relatedly, Sadr claims that he will lose "months" of trial preparation work, that is, the time he spent tagging 20,000 documents in the DANY Processed Returns since September 30, 2018. (Dkt. 70 at 3). As an initial matter, the trial date is six months away, and the Government believes that using the USAO Processed Returns will enable both parties to timely prepare. However, the Government is sensitive to Sadr's concern, and has agreed to work with its technical team to endeavor to provide a way to cross-reference the Bates numbering in the DANY and USAO Processed Returns. (Dkt. 71 at 2-3).

*Third*, it is not true that the Government "is starting from scratch on its privilege review." (Dkt. 70 at 5). The USAO Filter Team has been working diligently with Sadr's counsel over the past four weeks to review and confer with respect to certain documents, and create a filter list of attorneys who actually represented Sadr—information to which the DANY Filter Team was not privy because their privilege review was conducted when the investigation was still covert. In fact, Sadr's counsel informed the USAO Filter Team yesterday that over 50 attorneys and law firms could be removed from the filter list because they had not found evidence that these individuals or entities had represented Sadr. The Government is committed to continuing its efforts to implement the Joint Privilege Review Plan and is confident that Sadr's counsel is as well.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

by:    /s/
Andrew DeFilippis
Matthew Laroche
Rebekah Donaleski
Assistant United States Attorneys
(212) 637-2231/2420/2423

Garrett Lynch
Special Assistant United States Attorney

cc: Defense Counsel (via ECF)