```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          18 CR 224 (ALC)

ALI SADR HASHEMI NEJAD,

            Defendant.

------------------------------x
                                        New York, N.Y.
                                        January 9, 2019
                                        10:07 a.m.

Before:

            HON. ANDREW L. CARTER, JR.,

                                        District Judge


                    APPEARANCES


GEOFFREY S. BERMAN,
    United States Attorney for the
    Southern District of New York
ANDREW DeFILIPPIS
REBEKAH DONALESKI
    Assistant United States Attorneys

REID WEINGARTEN
BRIAN MATTHEW HEBERLIG
    Attorneys for Defendant
```

1         (In open court)

2         (Case called)

3         MR. DeFILIPPIS: Good morning, your Honor. Andrew
4 DeFilippis and Rebekah Donaleski for the United States.

5         MR. WEINGARTEN: Good morning. Reid Weingarten and
6 Brian Heberlig here for the defense, and the defendant is here
7 as well.

8         THE COURT: All right. Good morning, everyone.

9         All right. So I reviewed the last joint status
10 report. Where are we now?

11         MR. DeFILIPPIS: Your Honor, the process is proceeding
12 in accordance with the Court's order. We have now or the wall
13 team at our office has been working with defense counsel and
14 their team. They have agreed upon and applied a list of search
15 terms to the database that our office constructed.

16         The database that is now separate from the district
17 attorney's office database, after de-duplication and addressing
18 various technical issues, that database now consists of about a
19 hundred thousand e-mails, which is approximately a third of
20 what it used to be, when you weed out duplicates. So it's a
21 hundred thousand documents.

22         These agreed-upon search terms for privilege were
23 applied to those documents, and a universe of about 13,000
24 e-mails is the amount that hit on one of the agreed-upon search
25 terms.

1    The U.S. Attorney's Office's wall team is also now
2    prepared to make available to the prosecution team a set of
3    documents that both parties now agree are non-privileged.  So
4    in the government's view, the process is proceeding according
5    to plan.  We're working closely and constructively with defense
6    counsel, and so that's the latest update.
7            THE COURT:  Okay.  Defense counsel?
8            MR. HEBERLIG:  Thank you, your Honor.  We agree the
9    process is working, just two things I would add to that.  Of
10   the materials that are going to be provided to the prosecution
11   team, there is a discrepancy between the search terms used by
12   the district attorney's office and the U.S. Attorney's office.
13   The district attorney terms were broader in some respects.
14           We agree that the revised search terms with the caveat
15   that documents that are provided that hit on those original DA
16   search terms, that we're not waiving privilege, and to the
17   extent any document goes through inadvertently, we'll be able
18   to claw it back, if we identify it.  We don't think that's a
19   material problem, but the government has agreed with us that,
20   to the extent that any document that didn't hit upon the U.S.
21   Attorney's Office search terms makes it through, that is
22   privileged if we detect it, we may claw that back.  So that's
23   one caveat.
24           One other significant issue that remains is we're
25   waiting on a cross-reference to match up the documents that

were originally processed by the district attorney's office and the documents that are now operative in the U.S. Attorney office documents. And the issue is there are different Bates numbers associated with each, and at least as of yet, there's no way to match a document from the district attorney's set to the U.S. Attorney's set without a manual review.

And why that's significant is for about a six-week period, we were reviewing the district attorney's set, which had been represented to us these are discovery reasonably free of technical errors. And we tagged, we analyzed 20,000 of those documents. We're hopeful and the U.S. Attorney's office has told us that a cross-reference is still forthcoming. If it is, that will allow us to maintain the benefit of that work we did, but if it's -- if they're unable to match the documents, we're going to have to recreate that six weeks' worth of work, or do another kind of manual matching process that has, unfortunately, set us back some timing-wise. We have no reason to question their good faith in working towards a technical resolution to that problem, and we're hoping in the near future we'll have one.

THE COURT: So at this point, it seems that we're still on target for the trial date in May, or am I incorrect there?

MR. WEINGARTEN: We've had extensive discussions about that. I think we have been set back some, and we've had

1  conversations with the prosecutors.  We would respectfully
2  suggest an adjournment to the fall, to September, end of
3  September, beginning of October.
4         There are a variety of reasons.  I'm happy to share
5  them with the Court.  The primary one is the delay caused by
6  the discovery/privilege issues.  I also have a trial in Dallas
7  that begins in March.  I think I mentioned it the last time I
8  had the privilege of being here, and it's an eight-week trial
9  that begins before Judge Lindsay that begins on March the 6th.
10 So we're hopeful that this trial can be pushed until then.
11        THE COURT:  Government have any position on that?
12        MR. DeFILIPPIS:  Your Honor, while we're ready for
13 trial whenever the Court is, we don't oppose the request.  We
14 would simply request that the fall date be a firm trial date
15 and that the government would be prepared to set a schedule
16 today.
17        THE COURT:  Has any of this that's transpired in the
18 last couple of months changed the parties' estimate regarding
19 the length of this trial, or what is the estimate, at this
20 point, regarding the length of the trial?
21        MR. DeFILIPPIS:  Your Honor, we spoke with defense
22 counsel about that.  I think the answer is, no, it does not
23 change our estimate.  We don't anticipate that, including jury
24 selection, the trial would be more than three weeks.
25        MR. WEINGARTEN:  We agree.

1                 THE COURT:  All right.  Just one moment.

2                 (Pause)

3                 How is October 21st?

4                 MR. DeFILIPPIS:  Fine for the government, your Honor.

5                 MR. WEINGARTEN:  That's fine.

6                 THE COURT:  Okay.  We'll set the jury selection down

7      for October 21st, for a jury selection trial.  First of all,

8      based on the representations made in court, I find it's in the

9      interest of justice and in the interest of the defendant to

10     exclude time under the Speedy Trial Act from May 9th until

11     October 21st.

12                I find that this time is excludable because defense

13     needs this time to prepare for trial.  I further find that the

14     interests of justice and the interests of the defendant

15     outweigh the public's interest in a speedy trial, and I will

16     enter an order to that effect, unless there's any objection for

17     me to decide?

18                MR. DeFILIPPIS:  No, your Honor.

19                MR. WEINGARTEN:  No, your Honor.

20                THE COURT:  Okay.  Let me find out from the parties if

21     they believe it makes sense to go ahead and set the other dates

22     now, in terms of motions in limine and the like.  Perhaps it

23     does make sense to do that, but let me just check in with the

24     parties and see if there's anything about what's been

25     transpiring recently that might effect that.  I'm not sure that

1 it would.

2 MR. WEINGARTEN: Just a suggestion, your Honor.
3 Perhaps we could set a deadline for us to file substantive
4 motions of 45 days. For us, as everybody in this court knows,
5 sanctions are complex technical, and they are real motions to
6 be filed. Perhaps in addition to that, we can negotiate or
7 discuss with the government the proposed schedule for
8 everything else to submit to the Court for its consideration.

9 THE COURT: Okay. And when you're talking about the
10 substantive motions, just give me a little bit of clarification
11 of what kind of substantive motion you're talking about. What
12 I was talking about right now is me setting a trial date now.
13 I want to set dates for motions in limine and for proposed
14 voir dire requests and proposed jury instructions now. In
15 terms of a more substantive motion, if we're talking about a
16 motion to dismiss or --

17 MR. WEINGARTEN: Exactly.

18 THE COURT: -- to drastically change some of the
19 evidence that might be included, I think we should do that
20 prior to 45 days out before trial.

21 MR. WEINGARTEN: Oh, no, no. I meant 45 days from
22 today.

23 THE COURT: Oh, okay. That's fine. And give me a
24 little bit further elucidation as to the substantive motions
25 we're talking about here.

1  MR. WEINGARTEN:  Of course.  I'm happy to.  I think
2  the Court can expect a final assault on the sanctions.  We're
3  not writing on a blank slate.  There is some law that I think
4  is very unique to the subject, extraterritoriality, delegation
5  by Congress through the executive branch, avoidance of
6  vagueness issues, and how is someone supposed to know
7  specifically what the regs are when they constantly change,
8  things like that.
9  I'm sure there will be a bill of particulars.  I'm
10  sure that there will be a motion for -- to prevent the -- a
11  motion essentially defining the indictment.  Surplusage, we
12  think, is in the indictment.  I think there's the possibility
13  of discussions with the prosecutor about the theory of the case
14  that may avoid some of these motions.
15  We wanted to take care of the discovery, the privilege
16  issue first, and I think that we will have a conversation with
17  the prosecution to define some of these things, but basically
18  there will be a frontal assault on the sanctions issue.
19  THE COURT:  All right.  Anything from the government
20  on that?
21  MR. DeFILIPPIS:  No, your Honor.
22  THE COURT:  Okay.  So let's do this.  Let's go ahead
23  and, first of all, set a date for the pretrial conference.
24  Let's have a final pretrial conference on October 16th at --
25  are we available at 11:00, Tara?

1          THE DEPUTY CLERK:  Yes, Judge.
2          THE COURT:  At 11:00 on October 16th.  Let's have each
3   side file their initial motions in limine by October 2nd, with
4   a response from each side to be filed by October the 9th.  Any
5   replies would need to be filed by October the 14th.
6          Let's have proposed jury instructions filed by
7   October 2nd, along with any voir dire requests.
8          All right.  And then back to the substantive motion.
9   That's fine.  We'll give you a date 45 days.
10         When is that, Tara?
11         THE DEPUTY CLERK:  It's a little more than that,
12  Judge, by two days, February 25th.
13         THE COURT:  Okay.  Let's have that filed by
14  February 25th.  We'll give the government a month to respond.
15  Is that good?
16         MR. DeFILIPPIS:  Yes, your Honor.
17         THE COURT:  When would that be, Tara?
18         THE DEPUTY CLERK:  It would be March the 25th.
19         THE COURT:  Okay.  And let's have any reply filed two
20  weeks after that.
21         THE DEPUTY CLERK:  April 8th.
22         THE COURT:  April 8th.
23         Also, while we're at it, we should probably get
24  another joint status report regarding these privilege issues.
25  Let's get a joint status report regarding those issues on March

1  the 6th.
2          Okay.  Is there anything else we need to deal with
3  today?
4          MR. DeFILIPPIS:  Not from the government, your Honor.
5          MR. WEINGARTEN:  I don't think so, your Honor.
6          THE COURT:  Okay.  We're adjourned.
7          (Adjourned)
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25