UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> ALI SADR HASHEMI NEJAD, <br><br> *Defendant*. | Case No. 18 Cr. 224 (ALC) <br><br> ORAL ARGUMENT REQUESTED |

**DEFENDANT ALI SADR HASHEMI NEJAD'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS MULTIPLICITOUS COUNTS
(Pretrial Motion No. 5)**

Reid H. Weingarten
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
rweingarten@steptoe.com

Brian M. Heberlig (*Pro Hac Vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC  20036-1795
Tel: (202) 429-3000
Fax: (202) 429-3902
bheberlig@steptoe.com

*Counsel for Defendant
Ali Sadr Hashemi Nejad*

Dated:  February 25, 2019

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

I.     MULTIPLICITOUS CHARGES VIOLATE THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT .................................................................. 2

II.    THE INDICTMENT CHARGES SEVERAL MULTIPLICITOUS COUNTS ................. 4

    A.    Counts Two (Conspiracy to Violate IEEPA) and One (Conspiracy to Defraud the United States, by Impeding Enforcement of IEEPA) Are Multiplicitous .............................................................................................. 4

    B.    Count Six (Conspiracy to Commit Money Laundering) is Multiplicitous of Count Two ............................................................................................... 7

    C.    Count Four (Conspiracy to Commit Bank Fraud) Is Multiplicitous to the Extent it Alleges Attempt ............................................................................ 9

III.   THE COURT MAY NOT ENTER CONVICTION FOR MORE THAN ONE OF THE MULTIPLICITOUS COUNTS ................................................................................ 10

IV.   THE COURT SHOULD DISMISS THE MULTIPLICITOUS COUNTS BEFORE TRIAL .......................................................................................................................... 11

CONCLUSION ........................................................................................................................ 12

```
```
## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Blockburger v. United States*,
    284 U.S. 299 (1932) ................................................................................................1, 3, 4

*Brown v. Ohio*,
    432 U.S. 161 (1977) ..........................................................................................................2

*Grady v. Corbin*,
    495 U.S. 508 (1990) ..........................................................................................................4

*United States v. Ansaldi*,
    372 F.3d 118 (2d Cir. 2004) ..............................................................................................2

*United States v. Ballistrea*,
    101 F.3d 827 (2d Cir. 1996) ..............................................................................................5

*United States v. Basciano*,
    599 F.3d 184 (2d Cir. 2010) ..............................................................................................3

*United States v. Carter*,
    576 F.2d 1061 (3d Cir. 1978) ..........................................................................................12

*United States v. Chacko*,
    169 F.3d 140 (2d Cir. 1999) ..........................................................................................2, 3

*United States v. Clarridge*,
    811 F. Supp. 697 (D.D.C. 1992) .....................................................................................12

*United States v. Dixon*,
    509 U.S. 688 (1993) ..........................................................................................................4

*United States v. Duncan*,
    850 F.2d 1104 (6th Cir. 1988) ........................................................................................12

*United States v. Johnson*,
    130 F.3d 1420 (10th Cir. 1997) ................................................................................11, 12

*United States v. Josephberg*,
    459 F.3d 350 (2d Cir. 2006) ......................................................................................10, 11

*United States v. Ketchum*,
    320 F.2d 3 (2d Cir. 1963) ................................................................................................11

*United States v. Klein*,
   247 F.2d 908 (2d Cir. 1957)..................................................................................4, 5, 6

*United States v. Langford*,
   946 F.2d 798 (11th Cir. 1991) ....................................................................................12

*United States v. Lindsay*,
   985 F.2d 666 (2d Cir. 1993)..........................................................................................4

*United States v. Polouizzi*,
   393 F. App'x 784 (2d Cir. 2010) ................................................................................11

*United States v. Polouizzi*,
   687 F. Supp. 2d 133 (E.D.N.Y. 2010) ..................................................................11, 12

*United States v. Reed*,
   639 F.2d 896 (2d Cir. 1981)........................................................................................11

*United States v. Smith*,
   112 F.2d 83 (2d Cir. 1940)..........................................................................................11

*United States v. Weingarten*,
   713 F.3d 704 (2d Cir. 2013)..........................................................................................4

*United States v. Zvi*,
   168 F.3d 49 (2d Cir. 1999)..................................................................................3, 4, 6, 8

*Whalen v. United States*,
   445 U.S. 684 (1980)............................................................................................3, 4, 6, 8

**Statutes**

18 U.S.C. § 371..................................................................................................................1, 5

18 U.S.C. § 1344............................................................................................................2, 9, 10

18 U.S.C. § 1349............................................................................................................2, 9, 10

18 U.S.C. § 1956..................................................................................................................1, 7

50 U.S.C. § 1705..............................................................................................................5, 6, 7

International Emergency Economic Powers Act, 50 U.S.C. § 1701 e*t seq.* .......................... *passim*

**Other Authorities**

31 C.F.R.§ 560.204 ...............................................................................................................8

Fed. R. Crim. P. 12(b)......................................................................................................2, 11

Iranian Transactions and Sanctions Regulations, 31 C.F.R. § 560.201 *et seq.*........................ *passim*

U.S. Const. amend. V..................................................................................................................2

**INTRODUCTION**

The Indictment in this case principally charges Ali Sadr Hashemi Nejad with conspiring to violate U.S.-Iranian sanctions under the International Emergency Economic Powers Act ("IEEPA") and the Iranian Trade Sanctions Regulations ("ITSR") by engaging in international funds transfers in alleged violation of those laws. The Indictment charges the same conspiracy, based on precisely the same alleged conduct, three times, under two statutes. Most straightforwardly, Count Two charges conspiracy to violate IEEPA and the ITSR under 18 U.S.C. § 371 (conspiracy to commit an offense against the United States). Count One charges the same conspiracy under a different prong of the same conspiracy statute, as a conspiracy to defraud the United States by impairing the federal government's enforcement of IEEPA. Finally, Count Six charges the same conspiracy under the money laundering statute (18 U.S.C. § 1956(a)(2) and (h)), as a conspiracy to cause international funds transfers with the intent of promoting the IEEPA and ITSR violation charged in Count Two.

These three counts, charging the same offense elements based on the same conduct under three different statutes, are unconstitutionally multiplicitous under *Blockburger v. United States* and its progeny. They are subsumed under one another: any conspiracy to violate IEEPA and the ITSR under Count Two will also constitute both a conspiracy to defraud the United States by impairing its enforcement of those statutes or regulations (Count One) and a conspiracy to transfer funds internationally with intent to violate those statutes or regulations (Count Six). Similarly, any conspiracy to transfer funds internationally with intent to violate IEEPA and the ITSR (Count Six) will also necessarily constitute a conspiracy to violate those statutes (Count Two) and to impair the government's enforcement of those statutes (Count One).

Although Second Circuit precedent allows the charging and trial of all three offenses, it allows conviction and punishment for only one. Accordingly, Sadr may only be convicted once

1

under Counts One, Two and the first portion of Count Six. Any multiple verdicts of conviction under those counts may not be the subject of sentencing and judgment.

In addition, Count Three (bank fraud under 18 U.S.C. § 1344) and Count Four (conspiracy to commit bank fraud under 18 U.S.C. § 1349) are multiplicitous to the extent that they both charge *attempt* to commit bank fraud (based on a single charged scheme and conduct). At the appropriate time, this Court should fashion its jury instructions to ensure that the attempt theory is submitted to the jury only once under Count Three, not twice under both counts.

## ARGUMENT

**I.  MULTIPLICITOUS CHARGES VIOLATE THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT**

Under Federal Rule of Criminal Procedure 12(b)(3), a defendant may move to dismiss an indictment because it "charg[es] the same offense in more than one count (multiplicity)." Fed. R. Crim. P. 12(b)(3)(B)(ii). "An indictment is multiplicitous when it charges a single offense as an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed." *United States v. Chacko*, 169 F.3d 140, 145 (2d Cir. 1999); *accord United States v. Ansaldi*, 372 F.3d 118, 124 (2d Cir. 2004) ("An indictment is multiplicitous if it charges the same crime in two counts."). Punishment for a multiplicitous indictment "violates the Double Jeopardy clause of the Fifth Amendment, subjecting a person to punishment for the same crime more than once." *Chacko*, 169 F.3d at 145.

Whether an indictment is multiplicitous is a matter of statutory interpretation. "[T]he touchstone is whether Congress intended to authorize separate punishments for the offensive conduct under separate statutes." *Id.* at 146.[1]  To make that determination, courts apply the

---

[1] *See also Brown v. Ohio*, 432 U.S. 161, 165 (1977) ("The legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments; but once the legislature has acted courts may not impose more than one punishment for the same offense.").

*Blockburger* test, which considers "whether each [count] requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

The *Blockburger* inquiry "is not factual, i.e., whether the same conduct is at issue in charges brought under different statutes, but legal, i.e., whether the 'offense'—in the legal sense, as defined by Congress—complained of in one count is the same as that charged in another." *United States v. Basciano*, 599 F.3d 184, 198 (2d Cir. 2010); *accord Chacko*, 169 F.3d at 146. But that does not mean that *Blockburger* analysis is blind to the facts of the case. In *United States v. Zvi*, the Second Circuit explained that "[a]lthough [two] statutes may literally require different elements to be proved, we have previously held that statutory distinctions may not always satisfy *Blockburger*, and that sometimes the facts at hand may require a finding of multiplicity." 168 F.3d 49, 57 (2d Cir. 1999). Analyzing whether the statutory elements are distinct is done not in a vacuum, but in the context of the offenses charged in the indictment. In *Zvi*, that context was a money laundering scheme charged twice under different prongs of the money laundering statute:

> In the context of this case, the "financial transactions" that the government had to establish in order to prove domestic laundering were the very same international "transmittals" of funds that were necessary elements of the international laundering counts. The only fact not common to both counts was the additional requirement of [the international laundering statute] that the funds transfers be international.

*Id.*

In that context, although the international laundering offense required proof of an element not required for domestic laundering (i.e., international transfers), the reverse was not true: domestic laundering was a subset of international laundering, not requiring proof of any element not required for the international charge. The Second Circuit ruled "*Blockburger* is not satisfied where the elements of one charged offense are subsumed within another charged offense." *Id.* (following, *inter alia*, *Whalen v. United States*, 445 U.S. 684, 694 (1980) (holding defendant could

3

not be convicted of both rape and felony murder where the underlying felony was the rape, even though rape did not require proof of murder)). Thus, "charging both domestic and international money laundering for these same transactions was multiplicitous." *Id.*

Although language in subsequent Second Circuit decisions has been critical of fact-based analysis outside *Blockburger*, both *Whalen* and *Zvi* remain good law. There is an important distinction between finding a *fact-based* Double Jeopardy violation, based solely on identity of the charged conduct (which has been judicially rejected and we do not advance here), and finding a *legally based* multiplicity violation, because the *elements* of one offense, as charged in the indictment, are *subsumed* within the other offense under *Blockburger*. The latter situation—presented here—remains a multiplicity violation.[2]

The rule of lenity applies to statutory interpretation under *Blockburger*. Any doubt is "resolved against turning a single transaction into multiple offenses." *United States v. Lindsay*, 985 F.2d 666, 672-73 (2d Cir. 1993) (quoting *Bell v. United States*, 349 U.S. 81, 84 (1955)).

## II. THE INDICTMENT CHARGES SEVERAL MULTIPLICITOUS COUNTS

### A. Counts Two (Conspiracy to Violate IEEPA) and One (Conspiracy to Defraud the United States, by Impeding Enforcement of IEEPA) Are Multiplicitous

Counts Two (conspiracy to violate IEEPA) and One (conspiracy to defraud the United States by impeding enforcement of IEEPA) are multiplicitous because every alleged conspiracy to violate any component of IEEPA will also constitute a corresponding *Klein* conspiracy to impede IEEPA's enforcement.

---

[2] In dicta, the Second Circuit has suggested that certain readings of *Zvi* may be "inconsistent with *United States v. Dixon*, 509 U.S. 688 (1993), which overruled the fact-based 'same-conduct' test articulated in *Grady v. Corbin*, 495 U.S. 508, 521-22 (1990)" and restored the earlier *Blockburger* rule. *United States v. Weingarten*, 713 F.3d 704, 710 n.5 (2d Cir. 2013). In fact, the Second Circuit decided *Zvi* more than five years after the Supreme Court's decision in *Dixon*, and the Second Circuit has never overruled *Zvi*.

Counts One and Two both charge conspiracies under 18 U.S.C. § 371, which provides:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be [punished].

The first prong, "to commit any offense against the United States," requires identification of the offense charged to be the object of the conspiracy. The second prong, "to defraud the United States," is known as a "*Klein*" conspiracy.[3]

Counts One and Two charge separate conspiracies—one under the offense prong and one under the *Klein* prong—based on precisely the same conduct. Count One charges a *Klein* conspiracy to defraud the United States. Ind. ¶¶ 14-16. For a *Klein* conspiracy, the government must charge and prove that the defendant (1) entered into an agreement, (2) to obstruct a lawful function of the government, (3) by deceitful or dishonest means, and (4) committed at least one overt act in furtherance of the conspiracy. *See United States v. Ballistrea*, 101 F.3d 827, 832 (2d Cir. 1996). Count One alleges that Sadr and others conspired "to impair, impede, and obstruct the lawful and legitimate governmental functions and operations of OFAC in the enforcement of economic sanctions laws and regulations administered by that agency." Ind. ¶ 15. Count One contains no identified section explaining the manner and means of the conspiracy. Instead, it relies on an incorporation of the Indictment's general allegations (*id.* ¶ 14, incorporating ¶¶ 1-13), and on a list of fifty-four alleged overt acts. *Id.* ¶ 16.a-.bbb.

Count Two charges Sadr under the offense prong with conspiracy to violate IEEPA, 50 U.S.C. § 1705. *Id.* ¶¶ 17-21. To establish this charged conspiracy, the government must prove that Sadr "willingly conspired to commit" the unlawful act of knowingly "violat[ing], attempt[ing] to violate, conspir[ing] to violate, or caus[ing] a violation of any license, order, regulation, or

---

[3] *See United States v. Klein*, 247 F.2d 908 (2d Cir. 1957).

5

prohibition issued under [IEEPA]." 50 U.S.C. § 1705 (a), (c). Count Two charges that Sadr participated in such a conspiracy with the object of exporting "international financial transactions, to Iran and to the Government of Iran, without first obtaining the required approval of OFAC." Ind. ¶ 19. Count Two, like Count One, contains no "manner and means" section. Instead, it relies on precisely the same allegations as Count One. *See id.* ¶ 17 (incorporating the Indictment's general allegations, *id.* ¶¶ 1-13); *id.* ¶¶ 17, 21 (incorporating the same list of fifty-four alleged overt acts, *id.* ¶ 16).

The conspiracies charged in Counts One and Two are multiplicitous because any conspiracy to violate IEEPA charged in Count Two will also constitute a corresponding *Klein* conspiracy. Count Two requires the government to prove that Sadr (1) conspired (2) willfully (3) to violate IEEPA, (4) by causing exportation of services to Iran and the Government of Iran, *id.* ¶ 19, and by engaging in transactions that evaded and avoided prohibitions in the ITSR, *id.* ¶ 20, (5) committed the overt acts alleged in ¶ 16. Count One requires the government to prove, based on precisely the same charged conduct, that Sadr (1) conspired (2) to impair OFAC's enforcement of IEEPA and the ITSR.

A conspiracy to violate IEEPA and the ITSR, if proven, would also impair OFAC's enforcement of IEEPA and the ITSR. OFAC is charged with enforcing the entirety of the ITSR under IEEPA, including every violation, legal and factual, charged in the Indictment. Because any violation of IEEPA and the ITSR impedes OFAC's enforcement of the law or regulation that was violated, every conspiracy to commit such a violation also impairs OFAC's enforcement of that law or regulation. This is true no matter the particular regulation being violated, or the particular conduct alleged to constitute the violation. Count One and Count Two are thus multiplicitous. *See Whalen*, 445 U.S. at 694; *Zvi*, 168 F.3d at 57; Part I, *supra*.

6

### B. Count Six (Conspiracy to Commit Money Laundering) is Multiplicitous of Count Two

The portion of Count Six charging conspiracy to commit money laundering based on the IEEPA violation charged in Count Two is unconstitutionally multiplicitous with Count Two's charged conspiracy to violate IEEPA.

Again, Count Two charges Sadr with conspiracy to violate IEEPA under 50 U.S.C. § 1705. Ind. ¶¶ 17-21. To convict under Count Two, the government must prove that Sadr (1) conspired (2) willfully (3) to violate IEEPA, (4) by causing exportation of services, to wit, financial transactions, to Iran and the Government of Iran, *id.* ¶ 19, and by engaging in transactions that evaded and avoided prohibitions in the ITSR, *id.* ¶ 20, (5) committed the overt acts alleged in ¶ 16. *See supra* at 5-6.

Count Six charges Sadr with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), Ind. ¶ 31, by causing the transfer of funds into the United States, from and through places outside the United States, with the intent to promote the carrying on of specified unlawful activity, 18 U.S.C. § 1956(a)(2)(A). The charged "specified unlawful activity" relevant here is "the illegal export of services to Iran as charged in Count Two." Ind. ¶ 32. To convict under the IEEPA portion of Count Six, then, the government must prove that Sadr (1) conspired (2) to transfer funds into the United States from outside the United States, (3) with intent to promote the carrying on of (4) the export of financial transactions to Iran charged in Count Two.

As discussed above, the elements of these charges are not analyzed in a fact-free vacuum, but instead are analyzed in the context of the offense conduct charged in the Indictment. *See* Part I, *supra*. Here, the conduct alleged in support of the Count Two IEEPA conspiracy and the Count Six money laundering conspiracy is precisely the same. *Compare* Ind. ¶¶ 30, 33 (Count Six, incorporating general allegations in ¶¶ 1-13, and overt acts in ¶ 16), *with id.* ¶¶ 17, 21 (same for

7

Count Two). Thus, the fund transfers into the United States charged in Count Six, *id.* ¶ 32, are the same transfers "routed from the [Venezuelan] Company through banks in the United States to Stratus Turkey or Clarity's bank accounts," *id.* ¶ 13, that are charged as "financial transactions to Iran and to the Government of Iran," *id.* ¶ 19, in violation of IEEPA and the ITSR "as charged in Count Two," *id.* ¶ 29. *Cf. Whalen*, 445 U.S. at 694 (felony underlying the felony murder count was the rape charged in the rape count); *Zvi*, 168 F.3d at 57 (the financial transfers charged as international money laundering were the same transmittals charged as domestic money laundering).

As charged, Counts Six and Two thus require proof of precisely the same elements: (1) conspiracy, (2) to commit the funds transfers into the United States alleged in ¶¶ 13, 16, (3) with intent to violate the prohibition on exportation of such transactions to Iran charged in Count Two. Although Count Two contains a possible additional element (engaging in transactions to evade or avoid ITSR restrictions, Ind. ¶ 20) not charged in Count Six (which is based solely on the "illegal export of services to Iran" charged in Count Two), the reverse is not true—Count Six does not require proof of any element not required to prove Count Two. It is not possible to prove the IEEPA conspiracy in Count Six (which inherently requires proof of the same financial transfers and the same intent to violate IEEPA and the ITSR) without also necessarily proving a violation of Count Two.[4] Thus, Count Two and the portion of Count Six based on Count Two are multiplicitous. *See Whalen*, 445 U.S. at 694; *Zvi*, 168 F.3d at 57; Part I, *supra*.

---

[4] Importantly, the government cannot prove the Count Two IEEPA conspiracy by relying exclusively on the transactions alleged to have "evaded and avoided," and "had the purpose of evading and avoiding," the ITSR as charged in ¶ 20. The only violation of the ITSR alleged in the Indictment is the export of "services, to wit, international financial transactions, to Iran and to the Government of Iran," in violation of 31 C.F.R. § 560.204. *See* Ind. ¶ 19. The government cannot prove Count Two based on conspiring to "evade or avoid" the ITSR without also proving conspiracy to commit the export violation charged in both ¶ 19 (Count Two) and ¶ 32 (Count Six).

### C. Count Four (Conspiracy to Commit Bank Fraud) Is Multiplicitous to the Extent it Alleges Attempt

Count Three charges Sadr with committing *or attempting* to commit bank fraud in violation of 18 U.S.C. § 1344. Ind. ¶¶ 22-23. Count Four charges him with conspiring *or attempting* to commit the same offense, in violation of 18 U.S.C. § 1349. *Id*. ¶¶ 24-27. The two counts are multiplicitous to the extent they both allege that Sadr *attempted* to commit the same bank fraud offense.

The bank fraud charges are based on the identical set of conduct, both legally and factually. Legally, both counts rely on identical allegations of

> a scheme or artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation ("FDIC"), and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of such financial institution, by means of false and fraudulent pretenses, representations, and promises.

*Id.* ¶ 23; *cf. id.* ¶ 26. Factually, both counts rely on the identical set of conduct. *Compare id.* ¶ 22, *with id.* ¶¶ 24, 27 (both incorporating the same conduct alleged in ¶¶ 1-13 and ¶ 16 of the Indictment).

Count Three charges that Sadr committed bank fraud in violation of 18 U.S.C. § 1344. *Id.* ¶¶ 22-23. The Indictment specifically alleges that Sadr participated in a scheme to "induc[e] U.S. financial institutions to conduct financial transactions on behalf of and for the benefit of the Government of Iran and Iranian entities and persons using money and property owned by and under the custody and control of such financial institutions, by deceptive means." *Id.* ¶ 23.

It is generally true that a substantive count and a conspiracy count based on the same underlying offense are not multiplicitous, because each requires proof of an element the other does not—the substantive charge requires prove of actual commission of the offense (here, execution of the alleged scheme to defraud), whereas the conspiracy charge requires proof of an agreement with

9

others to commit it. In the context of bank fraud under § 1344 and conspiracy to commit that offense under § 1349, the counts are multiplicitous to the extent that each charge may be proven by showing an *attempt* to commit the offense.

Section 1344, the bank fraud statute, punishes not only the execution of a bank fraud scheme, but also the *attempt* to execute one. 18 U.S.C. § 1344 ("Whoever knowingly executes, *or attempts to execute*, a [bank fraud scheme] . . . ." (emphasis added)). Section 1349, titled "Attempt and conspiracy," punishes "any person who *attempts* or conspires to commit any offense under this chapter," including bank fraud under § 1344. 18 U.S.C. § 1349 (emphasis added). Thus, an attempt to commit the bank fraud scheme charged in this Indictment would necessarily simultaneously violate both the substantive charge contained in Count Three and the conspiracy-or-attempt charge contained in Count Four.

### III. THE COURT MAY NOT ENTER CONVICTION FOR MORE THAN ONE OF THE MULTIPLICITOUS COUNTS

Under Second Circuit precedent, where there has been no prior prosecution for the charges in the Indictment, "the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed." *United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006). If the jury convicts on more than one multiplicitous count, the Court should enter conviction on only one of the counts. *Id.*

Accordingly, as to Counts One, Two, and the IEEPA/ITSR portion of Count Six, if the jury convicts on more than one of those counts, the Court may enter conviction on only one of them. As to the "attempt" prong of Counts Three and Four, to avoid confusing the jury by submission of an identical charge on two different counts, the Court should fashion its jury instructions to ensure that the attempt theory is presented to the jury on only one, not both, of those counts. Though these points become ripe only at trial, we submit the multiplicity issue now in light of Rule 12(b)'s

10

requirement that defects in the indictment, including multiplicity, be raised by pretrial motion. *See* Rule 12(b)(3)(B)(ii).

### IV. THE COURT SHOULD DISMISS THE MULTIPLICITOUS COUNTS BEFORE TRIAL

Though *Josephberg* presently precludes such relief, in order to preserve the issue for further review, Sadr further respectfully moves the Court to dismiss the multiplicitous counts, or to require the government to elect between them, before trial, to prevent unfair prejudice.

Before *Josephberg*, the Second Circuit recognized that the "vice in multiplicity of charges" is not only that it "may lead to multiple sentences for the same offense," but also that it "may improperly prejudice a jury by suggesting that a defendant has committed not one but several crimes." *United States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981); *see United States v. Smith,* 112 F.2d 83, 85 (2d Cir. 1940) ("[E]ven when cautioned, juries are apt to regard with a more jaundiced eye a person charged with two crimes than a person charged with one.").[5] Other circuits share that view.[6]

---

[5] *See also United States v. Ketchum*, 320 F.2d 3, 8 (2d Cir. 1963); *United States v. Polouizzi*, 687 F. Supp. 2d 133, 160 (E.D.N.Y. 2010) ("An indictment so multiplicitous exaggerates the jury's impression of the nature and scope of defendant's criminal activity by charging—and requiring a separate finding of guilty—'an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed.'" (quoting *Chacko*, 169 F.3d at 145)). "The reason for keeping unnecessary counts from the jury is that, '[o]nce such a message [of repeated crimes] is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue,' and '[c]ompromise verdicts or assumptions that, with so many charges pending the defendant must be guilty on at least some of them, pose significant threats to the proper functioning of the jury system.'" *Polouizzi*, 687 F. Supp. 2d at 162 (quoting *United States v. Clarridge*, 811 F. Supp. 697, 702 (D.D.C. 1992)). *Polouizzi* was vacated in an unpublished nonprecedential order, on the grounds that a multiplicity challenge raised for the first time on appeal should not result in a new trial. *United States v. Polouizzi*, 393 F. App'x 784, 785 (2d Cir. 2010). On the facts of that case, the court doubted the jury's consideration of Polouizzi's insanity defense was sufficiently prejudiced to grant a new trial in those circumstances. *Id.*

[6] *See United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997) (noting the possible prejudicial effect of multiplicitous counts); *United States v. Langford*, 946 F.2d 798, 802 (11th Cir. 1991) (multiplicitous counts "may improperly prejudice a jury by suggesting that a defendant has

11

This Court should prevent unfair prejudice to Sadr by dismissing the multiplicitous counts before trial (or ordering the government to elect which count to try), which other courts have concluded is the better approach.  *See, e.g.*, *Johnson*, 130 F.3d at 1426 (stating the "decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court"); *Polouizzi*, 687 F. Supp. 2d at 162 ("Where a district court is presented with a multiplicitous indictment before or during trial, potential prejudice can sometimes be avoided by requiring the prosecution to elect between counts charged rather than merging sentences."); *Clarridge*, 811 F. Supp. at 702  (ordering the government to elect between multiplicitous counts before trial).

## CONCLUSION

For the reasons set forth above, the Court should dismiss all but one of the multiplicitous Counts One and Six to the extent they are multiplicitous of Count Two and dismiss Count Four to the extent it alleges an attempt.

Respectfully submitted,

*/s/ Brian M. Heberlig*
Reid H. Weingarten
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
rweingarten@steptoe.com

---

committed several crimes—not one"); *United States v. Duncan*, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988) (multiplicitous counts "may falsely suggest to a jury that a defendant has committed not one but several crimes"), *overruled on other grounds by Schad v. Arizona*, 501 U.S. 624 (1991); *United States v. Carter*, 576 F.2d 1061, 1064 (3d Cir. 1978) (multiplicitous indictment "may prejudice the jury against the defendant by creating the impression of more criminal activity on his part than in fact may have been present").

|  |  |
|---|---|
| Dated:  February 25, 2019 | Brian M. Heberlig (*Pro Hac Vice*)<br>STEPTOE & JOHNSON LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, DC  20036-1795<br>Tel: (202) 429-3000<br>Fax: (202) 429-3902<br>bheberlig@steptoe.com<br>*Counsel for Defendant*<br>*Ali Sadr Hashemi Nejad* |