**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 18 Cr. 224 (ALC) |
| ALI SADR HASHEMI NEJAD, | |
| *Defendant*. | ORAL ARGUMENT REQUESTED |

**REPLY IN SUPPORT OF DEFENDANT ALI SADR HASHEMI NEJAD'S**
**MOTION TO DISMISS FOR FAILURE TO STATE AN OFFENSE AND LACK OF**
**SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS**
**(Pretrial Motion No. 6)**

The Indictment's vague, conclusory, and unsupported allegations do not sufficiently specify the charges against Sadr to enable him to prepare a defense.  Rather than address the identified insufficiencies, the government claims that tracking the statutory language is adequate, and reasserts the Indictment's same conclusory recitations as evidence of its sufficiency.  This is not enough.  Sadr is entitled to understand the charges against him, and should not be required to guess which of his actions the government believes constituted a crime.  The Indictment's insufficiencies require dismissal, or at a minimum, a bill of particulars.

**ARGUMENT**

**I.     THE INDICTMENT SHOULD BE DISMISSED FOR FAILURE TO STATE AN OFFENSE AND LACK OF SPECIFICITY**

As explained in Sadr's opening brief (Dkt. 92), the Indictment fails to identify critical information that is necessary to state an offense against Sadr.  This includes (i) the individuals, entities, or agencies to whom the alleged exports to Iran or the Government of Iran were directed; (ii) Sadr's alleged co-conspirators, victims, and other critical actors or entities alluded to but not identified in the Indictment; (iii) the provisions under which Sadr is charged; (iv) the

false representations that Sadr allegedly made; (v) the transactions that were allegedly criminal; and (vi) the alleged specified unlawful activity that underlies the money laundering charges against Sadr.  *Id.* at 3-12.

In particular, Sadr's opening brief explained that because an export "to Iran or the Government of Iran" is the core element of an Iran sanctions violation, the Indictment's failure to specify any such export is fatal to the charges against Sadr.  *Id.* at 5.  The government glosses over this fatal deficiency by reiterating the same vague and unsupported allegation that Sadr engaged in a criminal scheme "for the benefit of Iranian individuals and entities."  Omnibus Opp'n at 46 (Dkt. 108) ("Opp'n").  Sadr's opening brief also explained that the Indictment's failure to specify the provisions of the Iranian Transactions and Sanctions Regulations under which Sadr is charged, as well as other critical details, leaves the Indictment deficient because it does not "apprise [Sadr] with reasonable certainty of the nature of the accusation[s] against him" and permits the government to "roam at large" and shift its theory of the case.  Dkt. 92 at 4, 6-11 (quoting *Russell v. United States*, 369 U.S. 749, 765 (1962)).

This information is not—as the government contends—mere evidentiary detail, or Sadr's attempt to "turn the charging instrument into a trial by paper."  Opp'n at 47.  Rather, it represents the core of the criminality charged, and is necessary to satisfy Sadr's constitutionally protected right to understand the charges against him and adequately prepare a defense.  *Russell*, 369 U.S. at 760-61; *Bousley v. United States*, 523 U.S. 614, 618 (1998); *see also* Dkt. 92 at 3-4.

Instead of meeting its burden, the government recites boilerplate language on the sufficiency of an indictment.  Opp'n at 46.  The government claims that the Indictment "contains more than adequate allegations," and proceeds to summarize in one sentence what it views as "considerable detail" in the Indictment.  *Id.*  This summary of the same vague and unsupported

allegations contained in the Indictment merely highlights the gravamen of Sadr's motion.  A motion to dismiss does not test the sufficiency of the evidence, but rather, the sufficiency of the *allegations*: whether the facts alleged, if proven, suffice in law to constitute an offense.  Here they do not.  At bottom, the Indictment does not provide critical details necessary to state an offense against Sadr or to adequately apprise him of the charges against him.  For these reasons, it should be dismissed.  *See United States v. Pirro*, 212 F.3d 86, 92-93 (2d Cir. 2000) (affirming dismissal of indictment that did not allege the essential facts constituting the offense charged and recognizing that an "indictment must state some fact specific enough to describe a particular criminal act, rather than a type of crime").

## II.    A BILL OF PARTICULARS IS WARRANTED

The government acknowledges, and Sadr agrees, that a bill of particulars is required "where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."  Opp'n at 47 (quoting *United States v. Purcell*, No. 18-cr-81 (DLC), 2018 WL 4378453, at *7-8 (S.D.N.Y. Sept. 13, 2018)).  That is exactly the case here. As Sadr's opening brief explained, Sadr is entitled to particulars regarding his alleged co-conspirators and other actors involved in the alleged criminal conduct, as well as the alleged transactions and false statements at issue, because these details are critical to understanding the charges against him.  Dkt. 92 at 12-19.  Particulars are routinely provided in complex fraud cases.  *See id.* at 16; *see also United States v. Kahale*, 789 F. Supp. 2d 359, 373 (E.D.N.Y. 2009) (recognizing that complex "fraud charges" have "a greater potential for causing unfair surprise at trial due to their complexity").  The government contends that because the Indictment is thirty-four pages long and lists fifty-four overt acts, it is "more than sufficient" to advise Sadr of the charges against him.  Opp'n at 48-49.  This misses the point.  It is, in part, *because* of the length

3

and complexity of the Indictment and the government's allegations against Sadr that particulars are needed.

Moreover, the cases that the government relies on are easily distinguishable.  In *United States v. Gonzalez*, the Court denied defendant's request for a bill of particulars because the case involved "a straightforward two-count armed robbery."  No. 04-cr-078 (DAB), 2004 WL 2297341, at *3 (S.D.N.Y. Oct. 13, 2004).  Similarly, in *United States v. Rodriguez*, the Court determined that a bill of particulars was unnecessary because the one-count indictment— consisting of two and a half pages—described a simple narcotics conspiracy which spanned only sixteen months, involved known co-conspirators, and included six overt acts detailing the brands of drugs at issue and exact locations where the drug sales occurred.  No. 99-cr-367, 1999 WL 820558, at *1 (S.D.N.Y. Oct. 13, 1999).  Those cases are in sharp contrast to the complex charges alleged here—as the government itself acknowledges repeatedly.  *See, e.g.*, Opp'n at 67 (describing the case as a "sprawling, multinational criminal scheme"); *id.* at 72 (referring to this case as "a multi-year investigation into a complex international scheme"); *id.* at 82 (describing this case as a "complex scheme committed over the course of many years and involving the use of numerous companies and bank accounts by the defendant"); *id.* at 85 (justifying the overbreadth and lack of particularity of the warrants in this case "given the breadth and scope of the conduct under investigation").

Nor is the government correct that a bill of particulars is not required because it has produced a substantial amount of discovery.  *Id.* at 48.  Discovery is no substitute for key details that the Indictment was required to include in the first place.  *See United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) ("The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which

documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged."); *United States v. DeGroote*, 122 F.R.D. 131, 143 (W.D.N.Y. 1988) ("[Discovery] may not substitute for straightforward identification in a bill of essential matters that the defendant needs to avoid surprise at trial, to interpose a plea of double jeopardy and to know 'with sufficient particularity the nature of the charge against him.'").

## **CONCLUSION**

For the reasons set forth above and in Sadr's opening brief, the Court should dismiss the Indictment for failure to state an offense and lack of specificity.  Alternatively, the Court should order the government to provide a bill of particulars.

Respectfully submitted,

*/s/ Brian M. Heberlig*
Reid H. Weingarten
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
rweingarten@steptoe.com

Brian M. Heberlig (*Pro Hac Vice*)
David M. Fragale
Nicholas P. Silverman (*Pro Hac Vice request filed*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 429-3000
Fax: (202) 429-3902
bheberlig@steptoe.com

*Counsel for Defendant*
*Ali Sadr Hashemi Nejad*

Dated:  May 17, 2019