Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

July 28, 2019

<u>Via ECF</u>

Honorable Andrew L. Carter Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ali Sadr Hashemi Nejad*, No. 18 Cr. 224 (ALC)

Dear Judge Carter:

    Defendant Ali Sadr Hashemi Nejad respectfully submits this letter in response to the government's July 26, 2019 submission regarding a potential hearing pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982) concerning Steptoe's continued representation of Sadr and JPMorgan Chase & Co. ("JPMorgan") in unrelated matters.[1]  In an effort to be prudent, Steptoe has erected a wall separating attorneys and staff working on representation of Sadr from those working on the ongoing unrelated representation of JPMorgan.  The information provided by the government's submission, however, does not demonstrate how Sadr's interests are adverse to those of either JPMorgan or its potential employee-witness.  Nonetheless, and in an abundance of caution, Sadr does not object to a *Curcio* hearing and is willing to consent to Steptoe's representation on the record.

**I.**    **BACKGROUND**

    In Count Three, Sadr is charged with bank fraud against "U.S. Bank-1," which the government later revealed to be JPMorgan.  The government alleges that JPMorgan would not have processed certain correspondent banking transactions had it known that the money came

---

    [1] Although the government also references Citibank, UBS, and Commerzbank, none is a current client of Steptoe.  Although Steptoe faithfully observes its duties to former clients, none of those representations concerned "a substantially related matter," *see* N.Y. Rule Prof'l Conduct 1.9(a), (b), or confidential information that will be "use[d] . . . to the disadvantage of the former client" or "reveal[ed]," N.Y. Rule Prof'l Conduct 1.9(c).  Therefore, these past representations do not create a conflict of interest.

Hon. Andrew L. Carter Jr.
July 28, 2019
Page 2

from a Venezuelan housing project performed by Iranian International Housing Co., and that unknowingly processing these financial transactions "exposed [JPMorgan] to the possibility of substantial harm." *Curcio* Letter at 4, Dkt. 119 (July 22, 2019).[2] The government does not dispute that the recipient of the funds was lawfully entitled to them, but rather disputes whether JPMorgan would have processed the correspondent banking transfers if further disclosures had been made. This theory of bank fraud may require calling a witness from JPMorgan to testify regarding what—if any—representations were made to the bank.[3] There is also the possibility that although JPMorgan lost no money or property, it may nonetheless be entitled to address the Court in a sentencing proceeding should one occur.[4]

In March 2018, predecessor counsel from Arnold & Porter notified the government that it represented one or more of the alleged victim banks and asked the government about the bank fraud allegations to determine whether any waivers were required. It is our understanding that the government informed Sadr's then-counsel that it did not see a potential conflict, and the government did not seek a *Curcio* hearing at that time. While Sadr does not oppose proceeding with a *Curcio* inquiry to make a clear record regarding his choice of counsel, the government's delay in raising this issue is relevant because Sadr and his counsel have spent substantial time and resources preparing for trial over the past year, and it would be extraordinarily difficult for Sadr to replace his counsel of choice at this late stage.

## II.    DISCUSSION

"In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The Sixth Amendment "commands, not

---

[2] Count Three (and the derivative conspiracy to commit bank fraud charge in Count Four) fails as a matter of law for the reasons previously stated by Sadr and should be dismissed. *See* Pretrial Mot. No. 4, Dkt. 88 (Feb. 25, 2019).

[3] The government also referenced questions about "sanctions compliance processes and their procedures when opening client accounts and in authorizing certain transactions." Letter at 2. It is unclear how this could be relevant to Sadr's case. He was not a client of JPMorgan or the other banks identified by the government, and there is no evidence that he knew anything about their internal procedures. Similarly, the government referenced potential testimony about harm to the banks. *Id.* at 4. Neither the indictment nor the government alleges that any bank was harmed in this case.

[4] The government devotes much of its submission to rehashing its theory of the sanctions case. Sadr has challenged the legal validity of these charges in his pending motions to dismiss, has pleaded not guilty and is presumed innocent, and disputes the allegations in the Indictment and reiterated in the government's letter.

Hon. Andrew L. Carter Jr.
July 28, 2019
Page 3

that a trial be fair, but that a particular guarantee of fairness be provided—to wit, that the accused be defended by the counsel he believes to be best." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 146 (2006).  The "right to select counsel of one's choice" is "the root meaning of the constitutional guarantee." *Id.* at 147-48.  Thus, "[t]here is a presumption in favor of a defendant's choice of counsel." *U.S. ex rel. Stewart v. Kelly*, 870 F.2d 854, 856 (2d Cir. 1989) (citing *Wheat v. United States*, 486 U.S. 153 (1988)).  A defendant also has a right to conflict-free representation, which may be violated by a potential conflict of interest that results in prejudice to the defendant or an actual conflict of interest that adversely affects the attorney's performance. *United States v. Perez*, 325 F.3d 115, 125 (2d Cir. 2003). "Where the right to counsel of choice conflicts with the right to an attorney of undivided loyalty, the choice as to which right is to take precedence must generally be left to the defendant and not be dictated by the government." *Id.*; *United States v. Curcio*, 680 F.2d 881, 888 (2d Cir. 1982) ("Given the constitutional dimension of the defendant's right to counsel of his own choosing, if the defendant makes a knowing and intelligent election to pursue that right in preference to his right to an attorney of undivided loyalty, disqualification would not protect the Sixth Amendment right that the defendant asserts and would not be 'appropriate.'"). If, after a *Curcio* hearing, a defendant chooses to waive the right to an attorney of undivided loyalty in favor of counsel of his choice, a court will accept it unless doing so would raise concerns about "the integrity of judicial proceedings."  *Perez*, 325 F.3d at 125.

The N.Y. Rules of Professional Conduct provide that a potential conflict requiring waiver exists if "a reasonable lawyer would conclude that . . . the representation will involve the lawyer in representing differing interests." N.Y. Rule Prof'l Conduct 1.7(a)(1). "Differing interests exist if there is a significant risk that a lawyer's exercise of professional judgment in considering, recommending or carrying out an appropriate course of action for the client will be adversely affected or the representation would otherwise be materially limited by the lawyer's other responsibilities or interests." N.Y. Rule Prof'l Conduct 1.7 cmt. 8; *see also* ABA Formal Op. 05-435 (interpreting its similar rule to permit simultaneous representation of a plaintiff and the defendant's insurance company because that is "not . . . the sort of direct adversity that constitutes a concurrent conflict of interest").

It is not clear from the government's submission how Steptoe's representation of Sadr and a witness's employer in unrelated matters poses a significant risk of "adversely affect[ing]" or "materially limit[ing]" either representation.  The government's submission fails to rise above the level of "vague and conclusory" speculation that courts have repeatedly rejected.[5]

---

[5] "Vague and conclusory allegations are insufficient to meet the burden required to disqualify counsel" under N.Y. Rule Prof'l Conduct 1.7. *Persh v. Petersen*, No. 15-cv-1414, 2015 WL 5773566, at *5 (S.D.N.Y. Oct. 2, 2015); *see also Bulkmatic Transport Co. v. Pappas*, No. 99-cv-12070, 2001 WL 504841, at *2 (S.D.N.Y. May 11, 2001) (denying a motion to disqualify where the allegations of conflict were "too vague and conclusory to meet the heightened burden of proof required for a motion to disqualify").

Hon. Andrew L. Carter Jr.
July 28, 2019
Page 4

      The government notes that JPMorgan may be entitled to address the Court if there is a sentencing proceeding and may have an opportunity to seek restitution. The possibility of a sentencing proceeding occurring at all—let alone the idea that JPMorgan would decide to participate—is speculative. *See Rothberg v. Phil's Main Roofing, LLC*, No. 14-cv-10195, 2016 WL 2344882, at *3 (S.D.N.Y. May 2, 2016) ("The Court does not regard these 'hypothetical scenarios of conflict' as sufficient for Phil's to meet its high burden of demonstrating the necessity of disqualification."). Sadr is aware of no case in which a non-party's potential right to restitution after a hypothetical conviction was sufficient to disqualify defense counsel who represented the non-party only in an unrelated matter. To the contrary, courts have consistently ensured that potential restitution concerns do not interfere with a defendant's constitutional right to counsel of choice. *See, e.g.*, *United States v. Dharia*, 284 F. Supp. 3d 262, 274 (E.D.N.Y. 2018) (denying motion to disqualify defense counsel in bank fraud case based on his firm's unrelated representation of a company seeking restitution because "removing [counsel] now would burden the defendant and deprive him of his counsel of choice."); Tr. at 19, *United States v. Connolly*, No. 16-cr-370-CM, Dkt. 114 (S.D.N.Y. Aug. 2, 2017) (accepting defendant's pretrial waiver where alleged victim bank may seek restitution at sentencing); *see also Milwaukee Elec. Tool Corp. v. Hilti, Inc.*, No. 14-cv-1288, 2015 WL 1898393, at *5 (E.D. Wisc. Apr. 27, 2015) (denying motion to disqualify counsel because concerns about conflicts in future depositions were "speculative at best"). There is no basis to deny Sadr his right to counsel of choice based on hypothetical scenarios that may never ripen.

      The government alternatively notes that it expects to call a JPMorgan witness. Sadr had no interactions with JPMorgan and the proposed testimony resembles mere background information. *See United States v. Mazzone*, No. 99-cr-0363, 2000 WL 1790115, at *2 (E.D. Pa. Dec. 7, 2000) (denying motion to disqualify where attorney concurrently represented defendant and witness who could provide only background information and "no eyewitness testimony involving [defendant] or his codefendants on any predicate act or substantive act"). Sadr and the Court need more information from the government about the proposed bank employee witness and his or her testimony to determine whether there will potentially be differing interests in the case. Sadr does not object to a *Curcio* hearing that will permit the government to provide this necessary detail. While Sadr does not see a conflict of interest under the current conditions, Sadr is willing to consent to Steptoe's representation on the record at such a hearing.

      Thank you for your consideration.

Hon. Andrew L. Carter Jr.
July 28, 2019
Page 5

                Respectfully submitted,

                */s/ Brian M. Heberlig*
                Reid H. Weingarten
                STEPTOE & JOHNSON LLP
                1114 Avenue of the Americas
                New York, NY 10036
                Tel: (212) 506-3900
                Fax: (212) 506-3950
                rweingarten@steptoe.com

                Brian M. Heberlig (*Pro Hac Vice*)
                David M. Fragale
                Nicholas P. Silverman (*Pro Hac Vice* request filed)
                STEPTOE & JOHNSON LLP
                1330 Connecticut Avenue, N.W.
                Washington, DC 20036
                Tel: (202) 429-3000
                Fax: (202) 429-3902
                bheberlig@steptoe.com

                *Counsel for Defendant*
                *Ali Sadr Hashemi Nejad*

cc:    All Counsel of Record (via ECF)