Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

July 30, 2019

<u>Via ECF</u>

Honorable Andrew L. Carter Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ali Sadr Hashemi Nejad*, No. 18 Cr. 224 (ALC)

Dear Judge Carter:

    Defendant Ali Sadr Hashemi Nejad respectfully submits this letter in response to the Court's disclosure regarding its stock ownership and spouse's employment with JPMorgan Chase. Based on Sadr's review of the Code of Conduct for United States Judges and case law regarding analogous circumstances, the Court is not obligated to recuse itself. Instead, the matter is left to the Court's discretion based on whether it would be reasonable to question the Court's impartiality in these circumstances. Judicial Canon 3(C)(1). Understanding the Court's inclination to recuse itself, Sadr submits the following summary of relevant canons and caselaw for the Court's consideration.

    \*     \*     \*

    The Code of Conduct requires that a judge disqualify himself or herself from a proceeding in which the judge's impartiality might reasonably be questioned. Judicial Canon 3(c)(1).

    In determining whether a judge's stock ownership might create a reasonable question about the judge's impartiality, the most relevant rule is that "the judge's impartiality might reasonably be questioned . . . [in] instances in which. . . the judge knows that the judge . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding." Judicial Canon 3(C)(1)(c). "In a Criminal case, a victim entitled to restitution is not . . . a party to the proceeding or the subject matter in controversy." Judicial Canon 3C(1)(c). JPMorgan is therefore not implicated by the general financial interest rule.

Hon. Andrew L. Carter Jr.
July 30, 2019
Page 2

     Instead of the general financial interest rule applicable to parties, a more limited financial interest rule applies to alleged victims in a criminal case.  The more limited rule requires that a judge disqualify himself or herself if the judge's impartiality might otherwise reasonably be questioned or if the judge's interest in the alleged victim "could be substantially affected by the outcome of the proceeding."  *Id.*  Thus, the Second Circuit has held that merely holding stock in a victim company does not require recusal.  *United States v. Lauersen*, 348 F.3d 329, 335 (2d Cir. 2003) (reasoning that the judge's stock ownership "would not cause an objective observer to question [the trial judge]'s impartiality, once that observer became aware that [the victim company], a company worth $5.8 billion, had a restitution claim for only $13,046"); *United States v. Ravich*, 421 F.2d 1196, 1205 (2d Cir. 1970) (Friendly, J.) (reasoning that owning .0072% of the victim bank was insufficient to meet the "substantial interest" requirement). While it is ultimately a matter left to the Court's discretion, there is no per se rule requiring recusal based on the Court's stock ownership.

     In determining whether the employment of a judge's spouse might create a reasonable question about the judge's impartiality, the most relevant rule is that "the judge's impartiality might reasonably be questioned . . . [in] instances in which . . . the judge's spouse . . . is: (i) a party to the proceeding, or an officer, director, or trustee of a party; (ii) acting as a lawyer in the proceeding; (iii) known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or (iv) to the judge's knowledge likely to be a material witness in the proceeding.  Judicial Canon 3(C)(d).  Based on the Court's disclosure, it does not appear that any of these scenarios exist, and the effect of more limited involvement is therefore committed to the Court's discretion.

     In cases where a spouse or family member had more limited involvement than those requiring disqualification, appellate courts have deferred to trial judges' determinations.  In *United States v. Sellers*, for example, the Fourth Circuit affirmed the trial judge's choice not to recuse himself from a bank robbery trial where the judge's brother was the CEO of the victim bank and the trial judge owned stock in that bank.  *United States v. Sellers*, 566 F.2d 884, 887 (4th Cir. 1977) (holding that any interest in the case's outcome was too remote to create a "reasonable factual basis" for doubting the judge's impartiality); *see also United States v. Vazquez-Botet*, 532 F.3d 37, 47 (1st Cir. 2008) (holding that recusal was not required where trial judge's spouse represented a witness in pretrial discussions with the government that were only "tangentially related to this case" because the spouse's representation did not qualify as "actually participating in this case").  There is no per se rule requiring recusal based on a spouse's employment by a witness—particularly not where the spouse is not involved in the ongoing proceeding—and the matter is therefore left to the Court's discretion.

     Sadr appreciates the Court bringing its potential conflict of interest to the parties' attention.  Based on the Court's disclosure, it is up to the Court's discretion to determine whether to recuse.  Sadr is prepared to waive any objection to the Court's disclosed potential conflict.

     Thank you for your consideration.

Hon. Andrew L. Carter Jr.
July 30, 2019
Page 3

        Respectfully submitted,

        */s/ Brian M. Heberlig*
        Reid H. Weingarten
        STEPTOE & JOHNSON LLP
        1114 Avenue of the Americas
        New York, NY 10036
        Tel: (212) 506-3900
        Fax: (212) 506-3950
        rweingarten@steptoe.com

        Brian M. Heberlig (*Pro Hac Vice*)
        David M. Fragale
        Nicholas P. Silverman (*Pro Hac Vice* request filed)
        STEPTOE & JOHNSON LLP
        1330 Connecticut Avenue, N.W.
        Washington, DC 20036
        Tel: (202) 429-3000
        Fax: (202) 429-3902
        bheberlig@steptoe.com

        *Counsel for Defendant*
        *Ali Sadr Hashemi Nejad*

cc:    All Counsel of Record (via ECF)