Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

# Steptoe



September 30, 2019

By Electronic Mail

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

    Re:    *United States v. Ali Sadr Hashemi Nejad*, Case No. 18-cr-224 (AJN)

Dear Judge Nathan:

    On behalf of Defendant Ali Sadr, we respectfully submit this letter in response to the Court's September 11, 2019 Order (Dkt. No. 130).

    Nearly one and a half years ago, Judge Carter ordered the government to produce all remaining discovery to Sadr by May 28, 2018. April 18, 2018 Tr. at 71, Dkt. No. 24. At a status conference on July 17, 2018, the government represented that "while discovery is always in some sense rolling to the extent that we acquire additional materials, we think we are done producing discovery," and it sought an early-2019 trial date. July 17, 2018 Tr. at 2-3, 8, Dkt. No. 45. The government had produced the "pertinent documents"[1] to Sadr in May 2018, and it

---

[1] The pertinent documents are a set of approximately 420 PDFs amounting to approximately 3,000 pages that were produced to the defense on May 15, 2018. *See* Mem. Supp. Pretrial Motion No. 9 at 2 n.4, Dkt. No. 98. In a July 18, 2018 email to Sadr's predecessor counsel, the government described them as follows: "We previously produced the entirety of your client's account on April 5 (that is, all material obtained pursuant to our search warrants). On May 15, *we produced a subset of those emails (as well as emails from other accounts) that were identified as non-privileged and pertinent.*" Dkt. No. 98-1 (emphasis added).

The Honorable Alison J. Nathan                                                           **Steptoe**
September 30, 2019
Page 2

represented that it expected this "very discrete, very limited set of documents . . . would be what we would introduce at trial or the vast majority of what we would offer at trial." July 17, 2018 Tr. at 14. The government did not identify any other pertinent documents at that time, nor did it identify additional pertinent documents in response to Sadr's February 25, 2019 motion for return of all documents other than the May 2018 production—a motion Sadr described as targeting "private documents that have not been identified as non-privileged and pertinent." Mem. Supp. Pretrial Motion No. 9 at 2, Dkt. No. 98.

Months after those representations, and after the close of briefing on the pretrial motions, the government now seeks to expand the universe of documents on which it will rely, identifying for the first time additional documents it claims were identified long ago as pertinent but never produced as such to Sadr. The government has now redefined the earlier pertinent documents production as "hot documents" culled from a much larger set of pertinent documents. Sept. 17, 2019 Tr. at 36, Dkt. No. 137 (AUSA Krause: The "hot doc" marking "came, my understanding, from our office in the process of drafting the complaint and charging the case."). In addition to the 420-document May 2018 production, the government now seeks to retain another 2,397 documents as pertinent—1,775 documents from email accounts controlled by Sadr (the "Sadr Accounts") and 622 documents from email accounts controlled by others (the "non-Sadr Accounts"). Gov't Letter to the Court, Sept. 16, 2019, at 1, Dkt. No. 134. While the government produced the entire contents of the Sadr Accounts on April 5, 2018 and November 15, 2018, it did not identify the 1,775 documents as pertinent or distinguish them in any way from the approximately 100,000 documents in each of those productions. The government did not produce the 622 documents from the non-Sadr Accounts at all until September 17, 2019, roughly sixteen months after the close of discovery ordered by the Court. Gov't Letter to the Court, Sept. 23, 2019, Dkt. No. 142.

Sadr has attempted to learn more about the circumstances behind the government's late disclosures in letter requests to the government. The government's responses have raised as many questions as they have answered.

Sadr intends to respond to the government's late disclosures in two ways. First, Sadr intends to a file a supplement to his existing motion to suppress evidence (Pretrial Motion No. 8, Dkt. No. 95) and his related motion for return of property (Pretrial Motion No. 9, Dkt. No. 97). Second, Sadr intends to file a motion to exclude the 622 late-disclosed documents from the non-Sadr accounts pursuant to Federal Rule of Criminal Procedure 16(d)(2).

After consulting with the government, Sadr proposes the following agreed-upon briefing schedule:

- October 10, 2019 – Sadr to file (1) supplement to motion to suppress evidence and motion for return of property, and (2) motion to exclude evidence.

- October 28, 2019 – government to file any responses or oppositions.

*[Handwritten annotation bracketing the two bullet points: "SO ORDERED"]*

The Honorable Alison J. Nathan
September 30, 2019
Page 3

**Steptoe**

- November 1, 2019 – Sadr to file any reply memoranda. ] SO ORDERED

Thank you for your consideration.

Respectfully submitted,

SO ORDERED: 10/1/19

_____
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

*/s/ Brian M. Heberlig*
Reid H. Weingarten
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
rweingarten@steptoe.com

Brian M. Heberlig (*Pro Hac Vice*)
David M. Fragale
Nicholas P. Silverman (*Pro Hac Vice* request filed)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 429-3000
Fax: (202) 429-3902
bheberlig@steptoe.com

*Counsel for Defendant Ali Sadr Hashemi Nejad*

cc: AUSA Jane Kim
AUSA Michael Krouse
AUSA Stephanie Lake
Special AUSA Garrett Lynch