# EXHIBIT B

| | |
|---|---|
| **From:** | Machnes, Tal |
| **Sent:** | Thursday, August 9, 2018 6:02 PM |
| **To:** | Lynch, Garrett (USANYS) [Contractor]; DeFilippis, Andrew (USANYS); Laroche, Matthew (USANYS); DeLuca, Michael (USANYS) [Contractor] |
| **Cc:** | Weiss, Baruch; Bauer, Andrew |
| **Subject:** | RE: U.S. v. Sadr, 18 Cr. 224 -- Privilege Questions |
| **Attachments:** | RE: Sadr -- Discovery Request |

Matt,

Just following up on the e-mails below regarding privilege issues, as well as the attached discovery request.  You anticipated getting back to us this week on these items; are we still working with that timetable?

Thank you,
Tal

---

**From:** Machnes, Tal
**Sent:** Thursday, August 02, 2018 7:36 AM
**To:** Lynch, Garrett (USANYS) [Contractor]; DeFilippis, Andrew (USANYS); Laroche, Matthew (USANYS); DeLuca, Michael (USANYS) [Contractor]
**Cc:** Weiss, Baruch; Bauer, Andrew; Binder, Lillie
**Subject:** RE: U.S. v. Sadr, 18 Cr. 224 -- Privilege Questions

All,

I'm writing to follow up on my e-mails below, as it's now been a week since we first discussed the issue with your July 13 production.  Could you please let us know when we can expect answers to our questions and the productions discussed below?  Based on a preliminary review of the documents you produced on April 5 and May 15 (bates stamped 000035-4037), as well as the filter list that Garrett sent to us on July 17, we have reason to suspect that privileged material might have slipped through your taint team review.  We need the materials and information requested below in order to assess this issue further.

Thank you,
Tal

---

**From:** Machnes, Tal
**Sent:** Tuesday, July 31, 2018 3:32 PM
**To:** Lynch, Garrett (USANYS) [Contractor]; DeFilippis, Andrew (USANYS); Laroche, Matthew (USANYS); DeLuca, Michael (USANYS) [Contractor]
**Cc:** Weiss, Baruch; Bauer, Andrew; Binder, Lillie
**Subject:** Re: U.S. v. Sadr, 18 Cr. 224 -- Privilege Questions

All — just following up on my email below. Any update on these items?  Thanks.

On Jul 26, 2018, at 4:52 PM, Machnes, Tal <Tal.Machnes@arnoldporter.com> wrote:

> All,
>
> Thanks for the explanation this morning as to how privileged material ended up in your July 13 production, which was intended to be a production of material "obtained from [Mr. Sadr's] accounts that were identified as not containing any information subject to the attorney-client privilege."  We wanted to make sure that we're all on the same page in terms of our understanding of the scope of the issue, as well as next steps to allow us to assess our original questions from the beginning of this month on your taint team procedures.
>
> To that end, below is a summary of our takeaways and next steps from the call.  While we may have additional questions for you after we get a corrected taint team production from you, for now we have also included one question (in red below) that arose out of our call this morning.
>
> **Taint Team Procedure/July 13 Production**
> - You explained that the reason the July 13 production included privileged material is because when your taint team prepared the July 13 production, your system pulled into the production complete families as long as any member of that family had been identified as non-privileged, and even if one member of the family had been identified as privileged.  The (hypothetical) example you gave was a privileged e-mail between an attorney and client, where the attorney attaches a news article that is marked non-privileged.
> - Garrett explained that the issue with the July 13 production was identified by the head of your taint team, who was doing an after-the-fact QC of July 13 production.
> - You confirmed that the family issue behind the July 13 production did not also occur when the taint team sent materials to the prosecution team (including any agents), both during the course of the investigation of this case and also in connection with the July 13 production.  (In other words, you confirmed that at all times the taint team sent only non-privileged materials—even in families where mixed privileged/non-privileged determinations had been made—to the prosecution team or any agents.   Please let us know if we got this right.)
>   - More generally, you explained that as soon as privileged material was identified (during the course of reviewing material produced in response to search warrants issued in 2014 and 2015), the reviewer(s) stopped reviewing and sent the entire population of material to DANY's taint team for review.
>   - Questions:  Just to make sure we understand this procedure in its entirety, could you identify (1) the member of the prosecution team that first identified privileged material produced in response to the search warrants, and when that happened; (2) the specific privileged document or documents that this individual viewed before sending everything over to the taint team; and (3) how much of the privileged document or documents this individual viewed before understanding it was privileged and routing everything to the taint team?
> - You confirmed that this glitch did not affect the filter list you sent to us on July 17, which is the list the taint team used to identify any privileged material in Mr. Sadr's accounts.  It also did not affect Production 5, which is what you've characterized as the relevant documents.  Those were all cleared by the taint team and reviewed by the prosecution team.
>
> **Next Steps**
> - We agreed that we do not need to return the July 13 production because it contains only materials from Mr. Sadr's accounts, which we have already.  You will let us know if you learn anything that changes that determination.

- We can expect shortly: (1) a new, corrected hard drive that contains only the material obtained from Mr. Sadr's "accounts that were identified as not containing any information subject to the attorney-client privileged," and (2) the inverse of that population, i.e., the material that was identified by the taint team as privileged from Mr. Sadr's accounts (or at least an update on when we can expect that material).

Please let us know as soon as you have any update on timing for the next steps, as well as the information in response to our questions in red above. As you might imagine, we would like to be in a position to put your team on notice to the extent any privileged material made it past the taint team review, and have been trying to make that assessment since the end of June.

Thank you,
Tal

_____
Tal R. Machnes

Arnold & Porter
250 West 55th Street │ New York, NY 10019-9710
T: +1 212.836.7442 │ Tal.Machnes@arnoldporter.com
www.arnoldporter.com




-----Original Message-----
From: Laroche, Matthew (USANYS) [mailto:Matthew.Laroche@usdoj.gov]
Sent: Friday, July 13, 2018 1:01 PM
To: Machnes, Tal
Cc: Lynch, Garrett (USANYS) [Contractor]; DeFilippis, Andrew (USANYS); Weiss, Baruch; Binder, Lillie; Bauer, Andrew; DeLuca, Michael (USANYS) [Contractor]
Subject: Re: U.S. v. Sadr, 18 Cr. 224 -- Privilege Questions

Thanks Tal. The drive containing non priv emails will be available for pickup by 4pm today, and we will get back to you on the other request. We anticipate getting you the search terms by early next week.

On Jul 13, 2018, at 12:51 PM, Machnes, Tal <Tal.Machnes@arnoldporter.com<mailto:Tal.Machnes@arnoldporter.com>> wrote:

Matt and Garrett,

Just wanted to follow up on our conversation on Wednesday. Regarding request #2 below, I think you mentioned that we could expect a hard drive of the documents cleared by the wall team in a day or two (from Wednesday). Let us know if you anticipate that material being ready today. And along the same lines, were you able to figure out if it is possible to get us the negative of what was cleared (i.e., the universe of documents identified as privileged by the wall team, at least from the population of Mr. Sadr's accounts)?

Finally, on request #1 (search terms), I know you estimated that it would take longer than #2, but do you think we can expect the list of names and search terms the wall team used to do its review before Tuesday's conference?

3

We are available for a call on Monday if it would be helpful to discuss.

Thanks in advance,

Tal

_____
Tal R. Machnes

Arnold & Porter
250 West 55th Street | New York, NY 10019-9710
T: +1 212.836.7442 | Tal.Machnes@arnoldporter.com<mailto:Tal.Machnes@arnoldporter.com>
www.arnoldporter.com<http://www.arnoldporter.com>

From: Bauer, Andrew
Sent: Tuesday, July 10, 2018 3:26 PM
To: Laroche, Matthew (USANYS); Machnes, Tal
Cc: DeFilippis, Andrew (USANYS); Lynch, Garrett (USANYS) [Contractor]; Weiss, Baruch; Binder, Lillie
Subject: RE: U.S. v. Sadr, 18 Cr. 224 -- Privilege Questions

Matt,

Regarding Request #2—delinquency aside, since you are right, we had lost track of the language in your April 5th letter—the cover letter stated that you would "produce an additional copy of the data from the defendant's and other individual's electronic accounts excluding any potentially privileged materials, which will represent the documents available to the prosecution team."  Was the production on May 15th that subset?  It sounds like the May 15th subset removed both privileged and non-pertinent documents, which is a little different.  As such, I think Tal's email was asking for what you had said you would provide, i.e. the "documents available to the prosecution team" before the non-pertinent materials were removed.  In addition, let me say that I don't think Tal meant to suggest that we intended take this up with the Court.  Instead, given how protracted our bail discussions were, we wanted to follow up and make sure this hadn't gotten lost in the shuffle.  We are all for keeping these conversations productive and amicable.

Regarding Requests #3 and #4—we are obviously interested in figuring out if any privileged documents fell through the cracks and was part of the set of documents reviewed by or available to the prosecution team.  We already believe we have identified a couple of those instances, but need Request #2 (above) to confirm.  With that in mind, if those documents did fall through the cracks, then we obviously need to know who saw them or had access to them.

A new request (let's call it #5): I don't think we have any of Ali's arrest paperwork.  In particular, Ali was interrogated for an extended period of time in the airport on the day of his arrest, but we have not seen any 302s or similar reports about that interview, evidence seized, etc.  Given my track record with the April 5th letter, perhaps I just missed it, and you can point me to it in the materials already produced.  But if I have not missed it, then please treat this email as a request for those documents.

Best,
Andrew

4

From: Laroche, Matthew (USANYS) [mailto:Matthew.Laroche@usdoj.gov]
Sent: Tuesday, July 10, 2018 9:02 AM
To: Machnes, Tal
Cc: DeFilippis, Andrew (USANYS); Lynch, Garrett (USANYS) [Contractor]; Weiss, Baruch; Bauer, Andrew; Binder, Lillie
Subject: RE: U.S. v. Sadr, 18 Cr. 224 -- Privilege Questions

Tal:

I hope you had a nice holiday as well.  In response to your requests:

Request 1:  We are discussing with the wall team and will get back to you.

Request 2:  We will provide you a hard drive containing emails from your client's account that were identified as non-privileged by the wall team.  I'll email when the drive is available, likely in the next day or so.  We previously produced the entirety of your client's account on April 5 (that is, all material obtained pursuant to our search warrants).  On May 15, we produced a subset of those emails (as well as emails from other accounts) that were identified as non-privileged and pertinent.

We disagree with the suggestion in Request 2 below that we were delinquent in producing discovery.  Our April 5 discovery letter stated that your client's electronic accounts were reviewed by a wall team, and we could have addressed these questions and requests at any time since that production.  It would be disappointing and unproductive if it was suggested to the Court that we did not comply with the Court's deadlines, particularly given that it appears from my call with Andrew that no one reviewed our April 5 discovery letter.

Requests 3 and 4:  Please provide the bases for these requests.

Thanks,
Matt

From: Machnes, Tal <Tal.Machnes@arnoldporter.com<mailto:Tal.Machnes@arnoldporter.com>>
Sent: Thursday, July 05, 2018 11:12 AM
To: Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov<mailto:MLaroche@usa.doj.gov>>
Cc: DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov<mailto:ADeFilippis@usa.doj.gov>>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov<mailto:GLynch@usa.doj.gov>>; Weiss, Baruch <Baruch.Weiss@arnoldporter.com<mailto:Baruch.Weiss@arnoldporter.com>>; Bauer, Andrew <Andrew.Bauer@arnoldporter.com<mailto:Andrew.Bauer@arnoldporter.com>>; Binder, Lillie <Lillie.Binder@arnoldporter.com<mailto:Lillie.Binder@arnoldporter.com>>
Subject: U.S. v. Sadr, 18 Cr. 224 -- Privilege Questions

Matt,

Hope you had a nice holiday.  I'm writing to follow up on your conversation with Andrew earlier this week.  We have a few questions about the taint team and privilege review you discussed to make sure we understand what is in the April 5 production cover letter.  We're hoping to get a better sense of this by the beginning of next week (and hopefully all of these answers are readily available), but please let us know if you anticipate it taking longer than that for you to get us this information.

5

1.      Could you send us a list of attorneys and any other search terms that the taint team identified and used for their review?  That will make it easier for us to double check that nothing was missed.

2.      When can we expect the separate productions of material that the taint team reviewed versus material that was cleared by the taint team?  We would have expected to get those distinct productions within the discovery deadline set by Judge Carter, so please let us know when we can expect this as soon as you can.

3.      Could you identify who conducted the privilege review from your and/or Garrett's offices, and when?  Similarly, could you confirm that the same team conducted a privilege review for all other productions (versus something different happening for the April 5 production)?

4.      Can we assume that you, Andrew D., Garrett, the assigned agents—and any other individuals involved substantively in Mr. Sadr's prosecution—have at this point reviewed the discovery material that was not pulled by the taint team?

Let us know if it would be helpful to jump on a call to discuss these questions.

Many thanks,
Tal

_____
Tal R. Machnes

Arnold & Porter
250 West 55th Street | New York, NY 10019-9710
T: +1 212.836.7442 | Tal.Machnes@arnoldporter.com<mailto:Tal.Machnes@arnoldporter.com>
www.arnoldporter.com<http://www.arnoldporter.com>

_____
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com


_____
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

| | |
|---|---|
| **From:** | Laroche, Matthew (USANYS) <Matthew.Laroche@usdoj.gov> |
| **Sent:** | Thursday, August 2, 2018 9:41 AM |
| **To:** | Machnes, Tal; DeFilippis, Andrew (USANYS); Lynch, Garrett (USANYS) [Contractor]; DeLuca, Michael (USANYS) [Contractor] |
| **Cc:** | Weiss, Baruch; Bauer, Andrew; Binder, Lillie |
| **Subject:** | RE: Sadr -- Discovery Request |

Thanks Tal.  We will get back to you on this and your other email by next week.

**From:** Machnes, Tal [mailto:Tal.Machnes@arnoldporter.com]
**Sent:** Thursday, August 2, 2018 7:43 AM
**To:** Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov>; DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; DeLuca, Michael (USANYS) [Contractor] <MDeLuca@usa.doj.gov>
**Cc:** Weiss, Baruch <Baruch.Weiss@arnoldporter.com>; Bauer, Andrew <Andrew.Bauer@arnoldporter.com>; Binder, Lillie <Lillie.Binder@arnoldporter.com>
**Subject:** Sadr -- Discovery Request

All,

As you know, the discovery we have so far in this case has consisted primarily of (1) a thumb drive of Mr. Sadr's accounts, produced on April 5; and (2) material from Mr. Sadr's accounts and other sources, which the prosecution deemed was pertinent and produced on May 15.  We understand that category (2) was pulled from targeted searches—on as much as a terabyte data—performed by the prosecution.

As we review the discovery you produced so far, we are noticing areas where more context would be helpful; and we think that the additional material from the prosecution's "terabyte" of source material could provide us with that context.  We are therefore requesting access to the full "terabyte" of source material.  Please let us know if you are in a position to produce it.

Thank you,
Tal

_____
Tal R. Machnes

Arnold & Porter
250 West 55th Street | New York, NY 10019-9710
T: +1 212.836.7442 | Tal.Machnes@arnoldporter.com
www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com