# EXHIBIT D

Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

September 23, 2019

<u>By Electronic Mail</u>

Michael Krouse
Jane Kim
Assistant United States Attorneys
Garrett Lynch
Special Assistant United States Attorney
U.S. Attorney's Office for the
Southern District of New York
1 St. Andrew's Plaza
New York, NY 10007

  Re: *United States v. Ali Sadr Hashemi Nejad*, Case No. 18-cr-224 (AJN)

Dear Counsel:

  I write on behalf of Ali Sadr Hashemi Nejad to seek information relevant to Sadr's pending motions to suppress (Dkt. No. 95) and for return of seized property (Dkt. No. 97), as well as a potential motion related to the discovery issues identified at the September 9, 2019 conference. *See* Order, Dkt. No. 130.

  Until very recently, we understood that the documents deemed pertinent during the execution of the email search warrants in this case—of email accounts controlled by Sadr (the "Sadr Accounts") and email accounts controlled by others (the "non-Sadr Accounts")—consisted of the 420 files produced by the government on May 15, 2018 (the "May 2018 pertinent documents"). For example, one of the AUSAs on the prosecution team stated in a July 10, 2018 email to our predecessor counsel at Arnold & Porter: "We previously produced the entirety of your client's account on April 5 (that is, all material obtained pursuant to our search warrants). *On May 15, we produced a subset of those emails (as well as emails from other accounts) that were identified as non-privileged and pertinent.*" Dkt. No. 98-1 (emphasis added).

  In Sadr's motion for return of seized property, filed February 25, 2019, we confirmed this understanding, stating: "On May 15, 2018, the government produced approximately 3,000 pages that had been 'identified as non-privileged and pertinent' during its review of the seized material.

U.S. Attorney's Office
for the Southern District of New York
September 23, 2019
Page 2

**Steptoe**

. . . The remaining documents belonging to Sadr or his businesses—i.e., private documents that have not been identified as non-privileged and pertinent during the almost five years the government has had to review them—are no longer subject to reasonable search or seizure (to the extent such search and seizure was ever lawful, which it was not) and should be immediately returned." Mem. Supp. Motion for Return of Property at 2, Dkt. No. 98 (quoting Dkt. No. 98-1). In its response to Sadr's motions, the government did not dispute this characterization or clarify that there were additional pertinent documents beyond the May 2018 pertinent documents. *See* Dkt. No. 108.

In a September 2019 letter, however, the government represented that in addition to the May 2018 pertinent documents, "the DANY [District Attorney's Office of New York] filter team identified an additional 1,775 responsive documents from the Sadr Accounts, and 622 responsive documents from the non-Sadr Accounts." Gov't Letter to The Honorable Alison J. Nathan, Dkt. No. 134 (Sept. 16, 2019).[1] The government's letter does not explain how and when DANY executed the search warrants or how and when these "additional" documents were identified as pertinent, stating only: "DANY reviewed the [search warrant] returns from [the Sadr Accounts and the non-Sadr Accounts] for responsiveness as they received them. During this review, DANY employees made binders of responsive documents and saved responsive documents in electronic folders." *Id.*

So that we may understand the facts regarding the responsiveness review and ensuing document productions, in order to formulate our response to the Court regarding the status of Rule 16 discovery and any supplementary motion practice, please provide answers to the following questions.

1. Were the DANY employees who executed the search warrants provided any instructions for how to identify the pertinent documents within the search warrant returns? If so, please provide or identify those instructions.

2. How were the documents identified as pertinent selected from the search warrant returns? If the process differed for the May 2018 pertinent documents than the September 2019 documents, please explain the differences.

3. On what date did DANY complete its responsiveness review for pertinent documents?

4. After DANY completed its responsiveness review for pertinent documents, have any DANY, U.S. Attorney's Office, or FBI attorneys or employees searched or accessed

---

[1] We refer to these newly-identified documents in this letter as the "September 2019 pertinent documents."

U.S. Attorney's Office
for the Southern District of New York
September 23, 2019
Page 3

Steptoe

any database that included documents obtained from Sadr that had not been included in the May 2018 pertinent documents and the September 2019 pertinent documents? If so, provide a full explanation of when, how, and why these searches occurred, including an explanation of why the U.S. Attorney's Office filter team and DANY filter team possess Sadr's entire email accounts—not limited to the May 2018 pertinent documents and the September 2019 pertinent documents—and have attempted to screen the entire contents of the Sadr Accounts for privilege instead of screening only the pertinent documents.

5. The government's September 16, 2019 letter to the Court (Dkt. No. 134) states that during its responsiveness review, DANY employees "made binders of responsive documents" and "saved responsive documents in electronic folders." When were these binders and electronic folders made and when did DANY stop adding or saving documents to them?[2]  In addition:

   a. Please produce copies of the physical binders made by DANY in the same form as they existed following the responsiveness review.

   b. Please produce a copy of each electronic folder to which DANY saved responsive documents, including the contents and name/topic of the folder.

      i. Metadata provided by the government states that the names of the electronic folders containing the May 2018 pertinent documents are "2008-2010"; "2011"; "2012"; "2013"; "2014"; "2015"; and "Travel to Tehran."  Are these the names of the electronic folders created by DANY?

      ii. Metadata provided by the government states that the name of the electronic folder containing the September 2019 pertinent documents is "USAO_Production_20190913," which obviously is not the name of any DANY electronic folder.  Why were the September 2019 pertinent documents not produced with metadata indicating the electronic folders to which DANY saved them?  Please identify the electronic folder or binder to which each September 2019 pertinent document was saved.

---

[2] Metadata provided by the government states that (a) each May 2018 pertinent document was "created" and "last modified" on May 15, 2018 at 4:26 PM, and (b) each September 2019 pertinent document was "created" on a date ranging from October 1996 through September 2019 and "last modified" on a date ranging from March 2009 through September 2019.

U.S. Attorney's Office
for the Southern District of New York
September 23, 2019
Page 4

Steptoe

       Please provide this information by September 27, 2019, to enable Sadr to comply with
the Court's September 30, 2019 deadline to notify the Court whether "he intends to supplement
his current suppression or return of property motions or file an additional motion related to the
discovery issues identified at the September 9 conference."  Dkt. No. 130.

                    Sincerely,

                    /s/ Brian M. Heberlig

                    Brian M. Heberlig