```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4              v.                              18 Cr. 224 ALC

 5   ALI SADR HASHEMI NEJAD,

 6                  Defendant.

 7   ------------------------------x

 8

 9                                              October 16, 2018
                                                11:30 a.m.
10

11

12   Before:

13                   HON. ANDREW L. CARTER, JR.,

14                                        District Judge

15

16                           APPEARANCES

17   GEOFFREY S. BERMAN,
          United States Attorney for the
18        Southern District of New York
     REBEKAH A. DONALESKI,
19   GARRETT LYNCH, (Special AUSA)
          Assistant United States Attorney
20
     STEPTOE & JOHNSON, LLP,
21        Attorney for defendant
     BY:  REID WEINGARTEN, Esq. (NYC)
22        BRIAN MATTHEW HEBERLIG, Esq.
                    Of counsel
23
     Also Present:
24        MICHAEL UBANOWICZ, Special Agent FBI

25
```

1               (In open Court)

2               (Case called)

3               THE COURT:  Be seated.  Good morning.

4               I have seen the joint status report and proposed

5     order.  The proposed order seems fine to me.  I am willing to

6     sign off on that.

7               Regarding the next steps, it seems to me we need to

8     set a date for a joint status report to see where we are in

9     terms of the privilege issue and perhaps another date in court.

10    Let me hear from the parties how you would like to proceed,

11    starting with counsel for the government.

12              MS. DONALESKI:  Your Honor, that sounds fine to the

13    government.  We suggest a joint status report in 30 days and

14    perhaps a next conference in front of your Honor in 60 days.

15              THE COURT:  Okay.

16              MR. WEINGARTEN:  What we could also do is discuss an

17    overall schedule with the government in terms of motions and

18    responses, if that is the court's pleasure.

19              THE COURT:  Okay.  Give me a sense in terms of what

20    you're talking about in terms of motions and responses.

21              MR. WEINGARTEN:  You know, we have, I think, a

22    significant number of substantive motions we intend to file

23    maybe in 30 days, and we could work it out with the government

24    and have a proposed schedule, if that is the court's pleasure.

25              THE COURT:  Give me a sense what sort of substantive

1 motions we are talking about here.

2          MR. WEINGARTEN:  Well, we are new to the case and we
3 are just digging in.  By way of example -- and I think this
4 perhaps could affect the trial schedule -- we believe there are
5 significant exculpatory witnesses abroad, and we had hoped that
6 we would come to court today with a more specific idea about
7 those witnesses and our requests.

8          Unfortunately, and there is no disrespect to the
9 court, I recently had neck surgery, and that is why I am not
10 wearing a tie.  My travels are a little bit curtailed right
11 now.  What we anticipate is going back to the court at some
12 point, probably first with the government to seek agreement how
13 we can secure that exculpatory evidence before trial.  That
14 would be one.

15          Number two, there are significant issues we believe
16 relating to evidence before the grand jury and the search
17 warrant affidavit.  We're exploring those.  We believe the
18 affidavit and search warrant dramatically overstated the
19 evidence against my client.  We are exploring possibilities
20 there.

21          On sanction cases it is a complicated, as the court is
22 aware.  Its is an open issue about intent requirements, what
23 was instructed to the grand jury and obviously what the court
24 will instruct this jury, we will explore those.

25          The issue of extraterritoriality, we are not writing

1  on a joint piece of paper, we understand that.  There are
2  interesting issues there as well.  It is an interesting
3  subject.  We are just under way exploring the possibilities.
4  We think if we have 30 days to file our motions, that will be
5  adequate.
6         THE COURT:  Counsel for the government.
7         MS. DONALESKI:  Your Honor, if the defense wants to
8  propose a schedule to the government, we can work together and
9  propose something to the court.  That sounds fine with the
10 government.
11        THE COURT:  Let me find out from defense counsel, is
12 there any overlap between the substantive statements that you
13 would be putting in these motions or any legal arguments that
14 you might wish to make in the context of these motions and the
15 issues regarding privilege that exist here potentially?
16        MR. WEINGARTEN:  Potentially.  I think privilege issue
17 is as follows:  It seems to us some privilege material, both
18 the marital privilege and attorney-client privilege, did slip
19 through the tainting to prosecutors, okay?  I think where that
20 leads remains to be seen.  That is why we put together this
21 proposal.  I think there is a possibility that we will come
22 back and say our client's been prejudiced.  There is a
23 possibility we won't.  That is the point of the work ahead.
24        So I think it is an open question at this point.
25        THE COURT:  Here is what makes sense to me, but I want

5
IAGJNEJC                Conference

```
 1    to hear from counsel.  Let's get the joint status report
 2    regarding any potential privilege issues in approximately 30
 3    days, and then let's have a status conference sometime the
 4    first full week in January, and then at that date in January
 5    perhaps we can set a motion schedule to the extent that defense
 6    counsel wishes to file any motions.
 7              Let me hear how counsel what your thoughts are,
 8    starting with counsel for the government.
 9              MS. DONALESKI:  That is fine with the government, your
10    Honor.  Thank you.
11              MR. WEINGARTEN:  That is fine.
12              THE COURT:  Let's get a joint status report from the
13    parties.  Can we get a date in November?
14              THE CLERK:  November 15th.
15              THE COURT:  And then let's get a status conference
16    perhaps on January the 9th.  We have availability then?
17              THE CLERK:  10:00 am.
18              THE COURT:  Does that date and time work for everyone?
19              MS. DONALESKI:  Yes, your Honor.
20              MR. WEINGARTEN:  Yes, your Honor.
21              THE COURT:  I believe that time has been excluded up
22    until May the 7th, I believe.
23              THE CLERK:  May 9th, Judge.
24              THE COURT:  I am sorry.  Thank you.
25              THE CLERK:  You're welcome.
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1      THE COURT: Until May 9th under the Speedy Trial Act,
2  but to the extent it hasn't been, I will exclude time from
3  today's date until January 9th so that defense counsel may
4  review any issues regarding any potential motions that defense
5  may wish to file. I find that it is in the interests of Mr.
6  Nejad and interests of the public to exclude time under the
7  Speedy Trial Act from today's date until January 9th.
8      I further find Mr. Nejad's interest and the interests
9  of the public are in the interests of justice and outweigh the
10 public's interest in a speedy trial, and I will enter an order
11 to that effect.
12     Is there anything else from the government today?
13     MS. DONALESKI: No. Thank your Honor.
14     THE COURT: Anything else from the defense?
15     MR. WEINGARTEN: Just briefly, your Honor.
16     Obviously, I understand the trial is set in May. I
17 wondered if there was any flexibility to that date? There are
18 unforeseen circumstances in our life that has come up. I don't
19 know if now is the time to raise them or we wait until we are
20 back together.
21     THE COURT: Let's raise them now. It is a bit out,
22 the trial date, but let me hear you.
23     MR. WEINGARTEN: Only this, your Honor. I had a trial
24 in the Northern District of Dallas in front of Judge Lindsay
25 set now for March. I anticipate for a variety of reasons that

1    are not relevant for this proceeding that that trial was not

2    going to take place in March. It appears it may well.

3                If that is the case, I am wondering if there is any

4    flexibility moving this trial up or back, and if there isn't,

5    then the court set this consistent with the schedule, and we'll

6    make it work.

7                THE COURT: Let me hear from the government.

8                MS. DONALESKI: Your Honor, perhaps it makes more

9    sense to see how things shake out and then determine this when

10   we're back together in January.

11               THE COURT: Okay. All right. We'll wait and see

12   where we are. Obviously, this trial date was set previously --

13               MR. WEINGARTEN: Understood completely.

14               THE COURT: -- prior to new counsel coming in on this

15   case, and again it is a ways off from today. We'll wait and

16   see. Is there anything else from the government or the

17   defense?

18               MS. DONALESKI: No, your Honor.

19               MR. WEINGARTEN: No, your Honor.

20               THE COURT: We're adjourned. Thank you.

21               (Court adjourned)

22

23

24

25