*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 11, 2019

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

    Re:    *United States* v. *Ali Sadr Hashemi Nejad*, 18 Cr. 224 (AJN)

Dear Judge Nathan:

    The Government respectfully submits this letter in response to the defendant's December 9, 2019 letter supplementing the defendant's motion to suppress certain electronic evidence. For the reasons set forth below, within the Government's Letter of December 9, 2019 (Dkt. 169), and within the Government's Opposition Memoranda, dated April 26, 2019 (Dkt. 108), and October 30, 2019 (Dkt. 155), the Court should deny the defendant's motion to suppress as to the 2,978 pages of electronic evidence described in the Government's December 9, 2019 Letter (Dkt. No. 169).

    On December 9, the defendant filed a letter with the Court identify documents that he characterized as "some of the most obvious and glaring examples" that certain of the 417 Documents were identified after April 2017. (Dkt. 166). The defendant's arguments are based principally on the incorrect assumption that DANY first identified certain pages within the 417 Documents as responsive based on "print dates" at the bottom of certain pages or electronic "modified dates" associated with certain PDFs. A document or page could have multiple "print dates" and different "modified dates." As a result, those dates do not establish the earliest date on which the material was identified by DANY.

    More specifically, as to the 72 pages that the defendant highlights in his letter: (i) two of these pages were contained within the USAO Binders; (ii) 23 of the pages are pages for which a related version was identified by April 2017; (iii) 16 are pages from attachments to such documents; (iv) 24 are pages that were referenced in DANY work product created by April 2017; (v) three are pages that were saved to the DANY network with an April 2017 or earlier PDF date modified; and (vi) four are pages for which the Government did not find specific proof that they were identified by DANY as responsive prior to April 2017 (and the Government will not rely on these documents at trial). Accordingly, 68 of the 72 pages that the defendant highlights in his letter are part of email threads and attachments that DANY identified as responsive to the search

The Honorable Alison J. Nathan, U.S.D.J.
December 11, 2019
Page 2

warrants by April 2017 or were referenced in DANY's work product that was drafted prior to April 2017.

These pages—and each of the 2,978 total pages discussed in the Government's December 9 letter—were seized constitutionally, identified as responsive prior to April 2017, and the Government should be able to rely on them at trial. *See United States v. Lumiere*, 16 Cr. 483(JSR) 2016 WL 7188149, at *3 (S.D.N.Y. 2017).

For all of the reasons set forth in the Government's December 9 Letter and the Government's April 26, 2019, and October 30, 2019 Opposition Memoranda, the Court should deny the defendant's motion to suppress with respect to the 2,978 pages described in the Government's December 9 Letter.

          Respectfully submitted,

          GEOFFREY S. BERMAN
          United States Attorney

by: _____/s/_____
          Jane Kim / Michael Krouse / Stephanie Lake
             Assistant United States Attorneys
          Garrett Lynch
             Special Assistant United States Attorney
          (212) 637-2038 / 2279 / 1066

cc: Defense Counsel (by ECF)