UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

ALI SADR HASHEMI NEJAD,

Defendant.

18 Cr. 224 (AJN)

## PROPOSED REQUESTS TO CHARGE

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for the United States of America

Jane Kim
Michael Krouse
Stephanie Lake
  Assistant United States Attorneys
Garrett Lynch
  Special Assistant United States Attorney
     *- Of Counsel -*

# TABLE OF CONTENTS

| Request No. | | Page |
|---|---|---|

**Contents**

1. General Requests ........................................................................................ 13

2. Summary of Indictment ............................................................................... 16

3. Count One: Conspiracy to Defraud the United States (General Instructions) ................. 18

4. Count One: Conspiracy to Defraud the United States (Elements of Conspiracy) ........... 20

5. Count One: Conspiracy to Defraud the United States (Existence of the Conspiracy) ...... 23

6. Count One: Conspiracy to Defraud the United States (Object of the Conspiracy) .......... 26

7. Count One: Conspiracy to Defraud the United States (Membership in the Conspiracy) . 32

8. Count One: Conspiracy to Defraud the United States (Overt Act) ................................... 39

9. Count One: Conspiracy to Defraud the United States (Conscious Avoidance) ............... 44

10. Count Two: IEEPA Conspiracy (General Instructions and Statutory Background) ......... 50

11. Count Two: IEEPA Conspiracy (Statutory Background) ................................................. 54

12. Count Two: IEEPA Conspiracy (Elements of the Offense) ............................................ 56

13. Count Two: IEEPA Conspiracy (First Element: Existence of the Conspiracy) ............... 58

14. Count Two: IEEPA Conspiracy (Object of the Conspiracy) ........................................... 60

15. Count Two: IEEPA Conspiracy (Second Element: Knowing and Willful Participation) 76

16. Count Two: IEEPA Conspiracy (No Overt Act Requirement) ......................................... 79

17. Count Three: Bank Fraud (General Instructions) ........................................................... 81

18. Count Three: Bank Fraud (Elements) ............................................................................ 84

19. Count Three: Bank Fraud (Existence of a Scheme or Artifice) ...................................... 91

20. Count Three: Bank Fraud (Intent to Defraud) ................................................................ 97

21. Count Three: Bank Fraud (Federally Insured Financial Institution) ............................. 100

22. Count Three: Bank Fraud (Aiding and Abetting) ........................................................... 101

23. Count Four: Conspiracy to Commit Bank Fraud (General Instructions) ....................... 105

24. Count Four: Conspiracy to Commit Bank Fraud (Elements) ....................................... 106

25. Count Four: Conspiracy to Commit Bank Fraud (Existence and Object of the

    Conspiracy) ................................................................................................................... 107

26. Count Four:  Conspiracy to Commit Bank Fraud (Knowing and Willful Participation

    in the Conspiracy) ........................................................................................................ 108

27. Count Five: Money Laundering (General Instructions) ............................................... 109

28. Count Five: Money Laundering (Elements) ................................................................ 110

29. Count Five: Money Laundering (Transportation of a Monetary Instrument or Funds to

    the United States) ......................................................................................................... 111

30. Count Five: Money Laundering (Intent to Promote Specified Unlawful Activity) ........ 112

31. Count Five: Money Laundering (Aiding and Abetting ) ............................................... 113

32. Count Six: Conspiracy to Commit Money Laundering (General Instructions) ............. 114

33. Count Six: Conspiracy to Commit Money Laundering (Elements) .............................. 115

34. Count Six: Conspiracy to Commit Money Laundering  (Existence and Object of the

    Conspiracy) ................................................................................................................... 117

35. Count Six:  Conspiracy to Commit Money Laundering  (Knowing and Willful

    Participation in the Conspiracy) ................................................................................... 119

36. Good Faith ................................................................................................................... 120

37. Venue .......................................................................................................................... 124

38. Statute of Limitations ................................................................................................... 125

39. Theory of the Defense .................................................................................................. 127

40. Variance in Dates ................................................................................................ 128

41. Particular Investigative Techniques Not Required ........................................... 130

42. Charts and Summaries – Not Admitted As Evidence ...................................... 131

43. Charts and Summaries – Admitted as Evidence ............................................. 133

44. Testimony of Law Enforcement Officers ....................................................... 134

45. Formal / Informal Immunity of Government Witnesses................................. 135

46. Cooperating Witnesses.................................................................................... 137

47. Testimony of Experts....................................................................................... 141

48. Stipulations ...................................................................................................... 143

49. Preparation of Witnesses................................................................................. 144

50. Persons Not On Trial ....................................................................................... 146

51. Motive .............................................................................................................. 147

52. Uncalled Witnesses—Equally Available ........................................................ 149

53. Missing Witnesses Not Equally Available to Defendant................................. 150

54. Evidence Obtained from Searches ................................................................... 152

55. Translations...................................................................................................... 154

56. Interpreters ...................................................................................................... 155

57. Redaction of Evidentiary Items ...................................................................... 156

58. Defendant's Testimony.................................................................................... 157

59. Defendant's Right Not to Testify.................................................................... 159

60. Character Witnesses......................................................................................... 160

61. Witness Credibility – Bias and Hostility ........................................................ 162

62. Punishment Is Not To Be Considered By The Jury........................................ 163

63. Right To See Exhibits and Hear Testimony .................................................................... 164

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

ALI SADR HASHEMI NEJAD,

Defendant.

18 Cr. 224 (AJN)

## REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the parties respectfully submit the following proposed jury instructions. Where the parties have disagreed as to particular instructions, their respective proposals have been noted.

The parties respectfully reserve the right to make supplemental requests to charge based on the evidence and arguments offered at trial.

Where there is a disagreement between the parties regarding discrete portions of the text of certain instructions, the language in the Government's requested charge to which the defendant objects is set out in blue and the defendant's proposed alternative instruction is set out in red. Where there is wholesale disagreement between the parties regarding certain instructions, the Government's instruction has been so labeled and listed first, and the defendant's instruction has been so labeled and listed second.

## GOVERNMENT'S REQUEST –
## PRELIMINARY INSTRUCTIONS

The Government requests that the Court provide it's standard preliminary instructions.

## SADR'S REQUEST –
## PRELIMINARY INSTRUCTIONS

Sadr respectfully requests that, at the beginning of trial, the Court give its usual preliminary instructions on the following issues. In the event that the Court does not have a standard preliminary instruction on one or more of these issues, Sadr respectfully notes applicable model instructions in the footnotes that follow.

PR.1    Preliminary Jury Instructions in a Criminal Case[1]

PR.2    Publicity[2]

PR.3    Contact with Others/Social Media/No Research and Investigation[3]

PR.4    All Parties Are Equal Before the Law[4]

PR.5    Improper Considerations – Race, Religion, National Origin, Sex, or Age[5]

PR.6    Conduct of Counsel[6]

PR.7    Court's Questions to Witnesses[7]

---

[1] Benchbook for U.S. District Court Judges, Instr. 2.07 (6th ed. Mar. 2013). Because Sadr offers a Summary of Charges preliminary instruction below that is tailored to this case (Def. Req. PR.11, *infra*), he respectfully suggests omitting the "Summary of applicable law" section of Benchbook Instr. 2.07 (Benchbook p. 94).

[2] 1 L. Sand, *et al.*, Modern Fed. Jury Instrs., Instr. 2-14 (2018) (hereinafter, "Sand"). Sadr respectfully suggests adding the internet to the Sand model instruction's discussion of newspapers, radio and television.

[3] 1 Sand Instr. 1-2.

[4] 1 Sand Instr. 2-5.

[5] 1 Sand Instr. 2-11.

[6] 1 Sand Instr. 2-8.

[7] 1 Sand Instr. 2-3 ¶¶ 7-8 (Role of the Jury, seventh and eighth paragraphs only).

PR.8    Witness Immunity [*if applicable*] (Language Provided Below)

PR.9    Indictment is Not Evidence[8]

PR.10   Multiple Counts – One Defendant (Language Provided Below)

PR.11   Summary of Charges (Language Provided Below)

PR.12   Presumption of Innocence and Burden of Proof[9]

PR.13   Reasonable Doubt[10]

---

[8] 1 Sand Instr. 3-1.

[9] 1 Sand Instr. 4-1.  Although the concepts of presumption of innocence, burden of proof, and reasonable doubt are covered in summary fashion in the Benchbook introductory instruction, these concepts are the fundamental, bedrock requirements of a fair trial, *e.g., Taylor v. Kentucky*, 436 U.S. 478, 483 (1978); *In re Winship*, 397 U.S. 358, 362, 363 (1970), and therefore should be explained to the jury in more detail than a cursory mention in the introductory instruction alone. *See, e.g.*, *Taylor*, 436 U.S. at 484-85; *United States v. Velez-Vasquez*, 116 F.3d 58, 61 (2d Cir. 1997).

[10] 1 Sand Instr. 4-2; *see also* note 9, *supra*.

<u>**SADR REQUEST NO. PR.8**</u>

**Preliminary Instruction – Immunity**

[*if applicable*]
You must consider some witnesses' testimony with more caution than others.

For example, a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement in order to strike a good bargain with the government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.[11]

<u>**GOVERNMENT'S POSITION**</u>

The Government objects to the defendant's request that the Court instruct the jury with respect to immunized witnesses at the outset of trial. First, preliminary instructions are intended to advise jurors of the general rules of the trial and their role as jurors, not to provide substantive instructions. Second, the proposed instruction is highly suggestive and plainly intended to discredit any immunized witnesses who may testify by singling them out among all witnesses and all forms of evidence the jury will hear and see. This obvious, improper attempt to sway the jury through preliminary instructions is reflected in the proposed instruction's inconsistencies with Sand Instructions 7-8 and 7-9.

---

[11] Eleventh Circuit Pattern Jury Instructions, Criminal Cases, Special Instruction No. 1.1 (2003) (reference to paid informers omitted); *see also Banks v. Dretke*, 540 U.S. 668, 701-02 (2004) (approving this and similar pattern instructions in the First, Fifth, Sixth, Seventh, Eighth, and Ninth Circuits); *On Lee v. United States*, 343 U.S. 747, 757 (1952).

<u>**SADR REQUEST NO. PR.10**</u>

**Preliminary Instruction – Multiple Counts – One Defendant**

The indictment contains a total of six counts, each representing a different charge. The number of charges is not evidence of guilt and should not influence your decisions in any way. You must consider each count separately and return a separate verdict of guilty or not guilty for each. Whether you find Mr. Sadr guilty or not guilty as to one count should not affect your verdict as to any other count charged.[12]

<u>**GOVERNMENT'S POSITION**</u>

The Government objects to the form and inclusion of this proposed instruction. The jury will be instructed to keep an open mind and not make any conclusions about the defendant's guilt until the conclusion of trial. It is therefore unnecessary and potentially confusing to instruct them on how to consider each count during preliminary instructions. If the Court were to provide such an instruction, the Government would request that it provide Sand Instruction 3-6, without the modifications contained in the defendant's requested instruction.

---

[12] Adapted from 1 Sand Instr. 3-6 for brevity and to account for the counts in this indictment. As suggested by Sand, the sentence "The number of charges is not evidence of guilt and should not influence your decisions in any way" has been added to reflect that the decision to charge six counts is not evidence of guilt.

**Sadr requests the following instruction in lieu of reading the indictment.**

**SADR REQUEST NO. PR.11**

**Preliminary Instruction – Summary of Charges**

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the charges against Mr. Sadr.

The indictment contains six counts. The indictment is simply a charge or accusation. The indictment is not evidence. Mr. Sadr is presumed to be innocent and you must give no weight to the indictment. What matters is the evidence at trial or lack thereof.

Each count of the indictment should be considered separately. In order to prove guilt on a count, the government must prove each individual element beyond a reasonable doubt.

Count One charges that beginning in 2006, Mr. Sadr knowingly and willfully entered into a criminal conspiracy with others to defraud the United States by impairing, impeding, and obstructing the governmental function of OFAC in the enforcement of economic sanctions against Iran.

Count Two charges that beginning in 2006, Mr. Sadr knowingly and willfully entered into a criminal conspiracy with others to violate and cause a violation of Section 1705 of the International Emergency Economic Powers Act ("IEEPA").

Count Three charges that beginning in 2006, Mr. Sadr knowingly and willfully executed a scheme to defraud a financial institution and to obtain money owned by and under the custody and control of that financial institution by means of false and fraudulent representations, by using deceptive means to induce financial institutions to conduct financial transactions on behalf of

and for the benefit of entities and persons in Iran using money owned by and under the custody and control of those financial institutions.

Count Four charges that beginning in 2006, Mr. Sadr knowingly and willfully entered into a criminal conspiracy with others to defraud a financial institution as described in Count Three.

Count Five charges that beginning in 2006, Mr. Sadr transferred over $10,000 in foreign funds into the United States with the intent to promote the sanctions violation charged in Count Two and the bank fraud charged in Counts Three and Four.

Count Six charges that beginning in 2006, Mr. Sadr knowingly and willfully entered into a criminal conspiracy with others to launder money with intent to promote the sanctions violation and bank fraud as described in Count Five.

Mr. Sadr is not charged with committing any crime other than the six offenses alleged in the indictment. Mr. Sadr asserts that he is not guilty.[13]

## GOVERNMENT'S POSITION

The Government objects to the form and inclusion of this proposed instruction. The jurors will already have received a summary of the charges during voir dire, and the Government does not believe a second summary of the charges is necessary during the preliminary instructions. The Government also objects to the form of the proposed instruction, which

---

[13] Adapted from Benchbook Instr. 2.07 and the indictment. The last two sentences are taken from 1 Sand Instrs. 3-2 and 3-3.

Although the Court will have given a summary of the factual nature of the case at the outset of voir dire, this summary is oriented to the counts in the Indictment, to be given to the seated jurors at the beginning of the trial. Sadr respectfully submits that a summary such as this is shorter and clearer than reading the indictment.

misstates the charges.  The defendant asks the Court to instruct the jury that each count charges a crime "beginning in 2006."  This is not correct.  Each count in the Indictment contains the date range "from at least in or about 2006, up to and including at least in or about May 2014."  The Government objects to the defendant's attempt to mislead the jury as to the date range it should consider with respect to each count.

## PARTIES' REQUEST NO. 1.

### General Requests

The parties respectfully request that the Court give its usual instructions to the jury on the following matters:

a.  Function of Court and Jury

b.  Indictment Not Evidence

c.  Statements of Court and Counsel Not Evidence

d.  Rulings on Evidence and Objections

e.  Burden of Proof and Presumption of Innocence

f.  Reasonable Doubt

g.  All Parties Are Equal Before the Law

h.  Number of Witnesses and Uncontradicted Testimony[14]

i.  Improper Considerations

j.  Definitions, Explanations, and Examples of Direct and Circumstantial Evidence

k.  Inferences

l.  Credibility of Witnesses

m.  Credibility of Witnesses: Impeachment by Prior Inconsistent Statements [if applicable]

n.  Publicity

o.  Contact With Others/Social Media/Independent Research

p.  Concluding Remarks (Deliberations/Unanimity/Verdict)

---

[14] If the Court does not have a usual instruction, Sadr respectfully suggests 1 Sand Instr. 4-3.

## GENERAL OBJECTION BY DEFENDANT

In the following requests to charge, Defendant Sadr has tried to adhere principally to this Court's usual instructions (as given in *United States v. Ramirez*, No. 12-cr-927-AJN, Dkt. 48; *United States v. Lebedev*, No. 15-cr-769-AJN, Dkt. 442; and *United States v. Jones-McGeer*, No. 16-cr-553-AJN, Dkt. 129), and to the model instructions contained in L. Sand et al., *Modern Federal Jury Instructions (Crim.)*, which are commonly followed in this district.

By contrast, the Government's requests to charge are taken principally from an amalgam of unpublished jury charges from thirty-four different trials conducted by twenty-one different judges in this District and one judge in the Eastern District of Pennsylvania, dating as far back as 1977.[15]  The unreported charges relied on by the Government are not readily available to Mr. Sadr or this Court without significant effort.  Because the Government's unreported trial charges date from an extended past time period, one cannot tell whether parts of those earlier charges have been affected or even overruled by intervening case law.  In addition, without having those unpublished charges readily available, we cannot tell whether the Government's selection or adaptation of those charges has been evenhanded, or has been slanted favorably to the prosecution.

Mr. Sadr respectfully submits that his requests are more consistent and evenhanded, and more faithfully track the model instructions recognized in this District, than the Government's quilt of proposals adapted (in unspecified ways) from more than thirty unreported charges over a four-decade span.

---

[15] *See, e.g.*, Gov. Req. No. 46, *infra*, adapted from Judge Werker's charge in *United States v. Barnes*, S 77 Cr. 190 (Nov. 29, 1977).

Mr. Sadr therefore respectfully objects to any presumption in favor of the Government's requests to charge, and respectfully urges the Court, in resolving any differences between the parties' proposals, to begin with its own prior instructions and the recognized Sand models proposed by Mr. Sadr.

## GOVERNMENT'S RESPONSE

It is customary in this district for the Government to provide requested charges based on the jury instructions judges in this district have given in similar trials. Consistent with that practice, many of the Government's requests are drawn from other charges – including the charge given in *United States v. Atilla*, a recent Iran sanctions case tried before Judge Berman. It is simply not required, nor is it the practice in this district (as this Court is well aware), to reflexively provide Sand's model instructions verbatim. For certain charges, judges have found that there are clearer or better ways to instruct the jury, and the Government's instructions reflect this.

The Government has sought agreement with the defendant on many of the requests contained herein, although there are certain areas where disagreement has persisted.

**PARTIES' REQUEST NO. 2.**

**Summary of Indictment**

Mr. Sadr, whose full name is Ali Sadr Hashemi Nejad, has been formally charged in an Indictment containing six counts, or charges. In your deliberations and in reaching your verdict, you must consider each count separately.

The Indictment is not evidence. It merely describes the charges made against Mr. Sadr. It is a set of accusations. It may not be considered by you as evidence of the guilt Mr. Sadr. Only the evidence or lack of evidence decides that issue.

**[If the Court determines to send the indictment back:]** A copy of the Indictment will be furnished to you when you begin your deliberations.

Count One charges that, from at least in or about 2006, up to and including in or about May 2014, Mr. Sadr agreed with others to impair, impede, and obstruct the lawful and legitimate governmental functions and operations of the Office of Foreign Assets Control at the U.S. Department of the Treasury.

Count Two charges that, from at least in or about 2006, up to and including in or about May 2014, Mr. Sadr agreed with others to violate and cause a violation of licenses, orders, regulations, and prohibitions pertaining to the Islamic Republic of Iran issued under the International Emergency Economic Powers Act ("IEEPA").

Count Three charges that, from at least in or about 2006, up to and including in or about May 2014, Mr. Sadr executed and attempted to execute a scheme to defraud a federally-insured financial institution.

Count Four charges that, from at least in or about 2006, up to and including in or about May 2014, Mr. Sadr agreed with others to execute a scheme to defraud a federally-insured financial institution.

Count Five charges that, from at least in or about 2006, up to and including in or about May 2014, Mr. Sadr participated in money laundering by engaging in certain financial transactions with the intent to promote the carrying on of two specified unlawful activities: willfully violating the International Emergency Economic Powers Act as charged in Count Two, and  knowingly committing bank fraud as charged in Count Three.

Count Six charges that, from at least in or about 2006, up to and including in or about May 2014, Mr. Sadr participated in a money laundering conspiracy by agreeing with others to engage in certain financial transactions in order to promote the carrying on of the same specified unlawful activities charged in Count Five (willfully violating the International Emergency Economic Powers Act, and committing bank fraud).

Mr. Sadr denies that he is guilty of these six charges.  Mr. Sadr is not charged with committing any crime other than the six offenses alleged in the indictment.[16]  You are here only to determine whether the Government has proven Mr. Sadr guilty beyond a reasonable doubt of the six specific charges in the indictment.

---

[16] 1 Sand Instrs. 3-2 and 3-3.

## PARTIES' REQUEST NO. 3.

## Count One: Conspiracy to Defraud the United States

## (General Instructions)

I will now instruct you with respect to Count One of the Indictment. In Count One, Mr. Sadr is charged with conspiracy to defraud the United States, by impairing, impeding and obstructing the lawful and legitimate functions and operations of the Office of Foreign Assets Control of the U.S. Department of the Treasury, in violation of Title 18, Section 371, of the United States Code. In this trial the Office of Foreign Assets Control has been referred to as "OFAC."

Specifically, Count One charges:

> From at least in or about 2006, up to and including at least in or about May 2014, in the Southern District of New York, Turkey, Switzerland, Iran, and elsewhere, ALI SADR HASHEMI NEJAD, the defendant, and others known and unknown, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to defraud the United States and an agency thereof, to wit, to impair, impede, and obstruct the lawful and legitimate governmental functions and operations of OFAC in the enforcement of economic sanctions laws and regulations administered by that agency.

Title 18, Section 371 of the United States Code provides in relevant part:

> If two or more persons conspire . . . to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be [guilty of a crime].

A conspiracy to commit a crime is an entirely separate and different offense from the crime that is the object of the conspiracy. The essence of the crime of conspiracy is an agreement or understanding to violate the law. Thus, if a conspiracy exists, even if it should fail in its purpose, it is still punishable as a crime.

The charge of conspiracy to defraud the government does not mean that one of the illegal objects must be to cause the government to suffer a loss of money or property as a consequence

of the conspiracy. It would also be a conspiracy to defraud if one of the objects was to obstruct, interfere, impair, impede, or defeat the legitimate functioning of a government agency through fraudulent or dishonest means, as I will define these terms.[17]

## GOVERNMENT'S POSITION

The defendant has previously asserted this theory, which this Court has rejected as inconsistent with the law of the Circuit. The Government does not believe that any further discussion on this point is warranted.

## DEFENDANT'S POSITION

Defendant respectfully objects to submission of Count One to the jury under any instructions, on the ground that the *Klein* theory of a conspiracy to defraud the United States is an invalid common-law crime and is void for vagueness, as explained in Pretrial Motion to Dismiss No. 2 (Dkt. No. 84).

Acknowledging the Second Circuit's decision in *United States v. Coplan*, 703 F.3d 46, 59-62 (2d Cir. 2012), and this Court's denial of his motion to dismiss, Opinion and Order at 17-18 (Dkt. No. 164), Defendant respectfully preserves his objection for further review.

---

[17] Combined from the following instructions: *United States v. Ramirez*, No. 12-cr-927-AJN (Dkt. 48), Instr. 20 (Count One: The Indictment), Instr. 21 (Count One: The Statute), Instr. 22 (Count One: The Elements) (first paragraph only); 1 L. Sand et al., *Modern Federal Jury Instructions (Crim.)*, Instr. 19-2 (Conspiracy to Defraud the United States); *see also United States v. Lebedev*, No. 15-cr-769-AJN, Dkt. 442, Instr. 20 (Count One: Overview); *United States v. Jones-McGeer*, No. 16-cr-553-AJN, Dkt. 129, Instr. 17 (Count Two: Wire Fraud Conspiracy).

19

**PARTIES' REQUEST NO. 4.**

**Count One: Conspiracy to Defraud the United States**

**(Elements of Conspiracy)**

In order for you to find Mr. Sadr guilty on Count One, you must find that the Government has proven each of the following elements beyond a reasonable doubt:

<u>First</u>, that the conspiracy charged in Count One existed after March 19, 2013. In other words, that there was an agreement or understanding between two or more people to impair, impede, obstruct, or defeat the lawful and legitimate governmental functions and operations of the Office of Foreign Assets Control of the U.S. Department of the Treasury through fraudulent or dishonest means, and that that agreement continued to operate after March 19, 2013.[18]

<u>Second</u>, that Mr. Sadr knowingly and willfully became a member of the conspiracy in order to further its unlawful purpose; and

<u>Third</u>, that one of the conspirators knowingly committed at least one overt act in furtherance of the conspiracy after March 19, 2013.[19]

I will now discuss each of these elements in more detail.

---

[18] *See* 18 U.S.C. § 3282 (five-year statute of limitations); *United States v. Salmonese*, 352 F.3d 608, 614 (2d Cir. 2003) (conspiracy must have been still in existence within limitations period, and overt act must have been committed within limitations period) (citing *Grunewald v. United States*, 353 U.S. 391, 396-97 (1957)); *see also* 1 Sand Instr. 19-7 (citing *Fitzwick v. United States*, 329 U.S. 211, 216 (1946)) (addressing statute of limitations in elements instruction).

[19] Adapted from the charges of Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB) (S.D.N.Y. Dec. 20, 2017); Hon. William H. Pauley III in *United States v. Davis et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. Apr. 30, 2010); and Hon. Leonard B. Sand in *United States v. Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992). *See United States v. Labat*, 905 F.2d 18, 21 (2d Cir. 1990); Sand, *Modern Federal Jury Instructions*, Instr. 19-3, 19-12 (2012).

## GOVERNMENT'S POSITION

The defendant requests that the Court repeat the applicable statute of limitations in its instructions on nearly every crime charged, yielding proposed instructions that contain fourteen references to the statute of limitations. Such repetition is inefficient and unnecessary where, as here, the same statute of limitations applies to four of the six counts charged (and the defendant has not requested an instruction with respect to the other two counts). Moreover, these proposed references weave the statute of limitations into a discussion of the elements, which may inaccurately lead the jury to believe that the statute of limitations is itself an element or part of the elements of the offense. The Government proposes Government's Request 37 to address the statute of limitations concisely in one place. It has also proposed separate reference to the statute of limitations in the overt acts instruction on Count One, to make clear that, for Count One only, at least one overt act must have been committed within the limitations period.

## DEFENDANT'S POSITION

As explained in *United States v. Salmonese*, 352 F.3d 608, 614 (2d Cir. 2003) (and *Grunewald v. United States*, 353 U.S. 391, 396-97 (1957), on which *Salmonese* relies), to fall within the statute of limitations, a conspiracy must still exist in operation within the limitations period, and the overt act found by the jury must have been committed within the limitations period. As illustrated in Sand Instr. 19-7, it is appropriate to address the statute of limitations within the instruction on the elements, rather than in a separate stand-alone instruction. Addressing the statute of limitations within the elements of each charged offense, rather than in

one stand-alone, is particularly appropriate here, since the charged conspiracies vary both as to the applicable statute of limitations, and the requirement of an overt act.[20]

For these reasons, Mr. Sadr has proposed addressing the statute of limitations in the instruction on the elements. He objects to any omission of these passages addressing the statute of limitations.

---

[20] The conspiracies charged in Counts One, Two, and Six are subject to the general five-year criminal statute of limitations in 18 U.S.C.§ 3282(a). The conspiracy charged in Count Four (bank fraud) has a ten-year statute of limitations. 18 U.S.C. § 3293(1).

The conspiracy charged in Count One (18 U.S.C. § 371) is the only one in this Indictment that requires proof of an overt act. *Compare* 50 U.S.C. § 1705(c) (conspiracy to violate IEEPA); 18 U.S.C.§ 1349 (conspiracy to commit bank fraud); 18 U.S.C. § 1956(h) (conspiracy to commit money laundering).

**PARTIES' REQUEST NO. 5.**

**Count One: Conspiracy to Defraud the United States**

**(Existence of the Conspiracy)**

The first element which the Government must prove beyond a reasonable doubt is that two or more persons entered the unlawful agreement charged in Count One of the Indictment – that is, that two or more persons agreed to impair, impede, and obstruct the lawful and legitimate governmental functions and operations of OFAC through fraudulent and dishonest means.

As I previously stated, a conspiracy is an agreement or understanding between two or more persons to accomplish some unlawful purpose. To establish the existence of a conspiracy, however, the Government is not required to show that two or more people sat around a table and entered into a formal contract. It is sufficient if two or more persons, in any manner, came to a common understanding to violate the law. Express language or specific words are not required to indicate agreement to or membership in a conspiracy. As I already told you, it is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed.

Nevertheless, in determining whether two or more individuals have agreed to commit a crime, you may look at all of their conduct – including any acts done to carry out an apparent criminal purpose – and determine whether that conduct reflects an intent to carry out a common criminal purpose.  The old saying "actions speak louder than words" applies here.

If, upon consideration of all the evidence, direct and circumstantial, you find that the Government has proven beyond a reasonable doubt that there was a meeting of the minds or agreement between two or more persons to commit the unlawful objective charged in Count One—to impair, impede and obstruct, through fraudulent and dishonest means, the lawful and legitimate functions of OFAC in enforcing economic sanctions laws and regulations—then

then proof of the existence of a conspiracy is established.  Mere discussions about crimes or mere knowledge of crimes without an agreement to commit them is not a conspiracy.  Further, an agreement to achieve a lawful goal is not the same as a criminal conspiracy—two or more individuals must have agreed to commit the crime of obstructing the lawful and legitimate governmental functions and operations of OFAC in the enforcement of the Iranian trade sanctions laws and regulations.

Finally, the agreement to act together dishonestly for the charged unlawful purpose must have continued in operation after March 19, 2013.  That date is important because of the statute of limitations, which provides that you cannot convict on Count One unless the offense was committed within five years of the Indictment, which was returned March 19, 2018.  Thus, for you to find the existence of the conspiracy charged in Count One, you must find the Government has proven beyond a reasonable doubt that the agreement to act for the unlawful purpose charged in Count One continued after March 19, 2013.[21]

I will now instruct you further on the charged object of obstructing the lawful and legitimate functions of OFAC.

---

[21] Adapted from *United States v. Lebedev*, No. 15-cr-769-AJN, Instr. 21 (Existence of the Conspiracy) and Indictment, Count One, ¶ 15 (Dkt. 2).

For the last paragraph, regarding the statute of limitations, *see* 18 U.S.C.§ 3282 (five-year statute of limitations); *United States v. Salmonese*, 352 F.3d 608, 614 (2d Cir. 2003) (conspiracy must still exist within the limitations period) (citing *Grunewald v. United States*, 353 U.S. 391, 396-97 (1957), and *United States v. Ben Zvi*, 242 F.3d 89, 97 (2d Cir. 2001)); *see also* 1 Sand Instr. 19-7 (incorporating statute of limitations into conspiracy instruction) (citing *Fiswick v. United States*, 329 U.S. 211, 216 (1946)).

## GOVERNMENT'S POSITION

The Government requests that the Court instruct the jury consistent with its instruction in *United States v. Lebedev*. That instruction did not include the language in the fourth paragraph in red text. The Government does not believe that the inclusion of that language will aid in the jury's understanding of the instruction. To the contrary, when read aloud, it is likely to cause confusion.

For the reasons discussed in the Government's position with respect to Request 4, the Government does not believe it is necessary or appropriate to include an instruction on the statute of limitations as part of the Court's instruction on this element of Count One.

## DEFENDANT'S POSITION

Mr. Sadr's additional proposed language in the fourth paragraph of the instruction is intended to tie the instruction to the object of the conspiracy charged in Count One (Ind. ¶ 15). Mr. Sadr submits the jury will be more clearly guided by that reference than by a mere mention of Count One in the abstract. He objects to the omission of these references.

The fifth paragraph of the proposed instruction addresses the statute of limitations. *See* note 21, *supra*. Mr. Sadr objects if it is omitted. *See* Defendant's Objection to Req. No. 4, *supra*.

**PARTIES' REQUEST NO. 6.**

**Count One: Conspiracy to Defraud the United States**

**(Object of the Conspiracy)**

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. Count One charges that the goal of the conspiracy was to impair, impede, or obstruct the lawful and legitimate governmental functions and operations of OFAC in the enforcement of the Iranian trade sanctions laws and regulations, through fraudulent and dishonest means.

In order to find a conspiracy to "impair, impede, or obstruct" a legitimate governmental function, you must find beyond a reasonable doubt that the object of the conspiracy was to make it more difficult for a part of the United States government to carry out its lawful and legitimate functions and that the scheme depended on fraudulent and dishonest means.[22] Actual contact between Mr. Sadr and an official of the U.S. Government is not an element of the crime, nor is it necessary for you to find that the Government was subjected to any loss of money or property as a result of the conspiracy.[23] It also is not necessary for you to find that the impairment violated any separate law. All that is required is that the object of the conspiracy was to interfere with or

---

[22] *See United States v. Shellef*, 507 F.3d 82, 104 (2d Cir. 2007) ("All that is necessary is that the scheme had the object of making it more difficult for the IRS to carry out its lawful functions and that the scheme depended on 'dishonest and deceitful means.'") (quoting *United States v. Ballistrea*, 101 F.3d 827, 831-32 (2d Cir. 1996)); 1 L. Sand et al., *Modern Federal Jury Instructions (Crim.)*, Instr. 19-12 ("It would also be a conspiracy to defraud if one of the objects was to obstruct, interfere, impair, impede or defeat the legitimate functioning of the government through fraudulent or dishonest means"); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 703-04 & n.8 (2005) (noting that impeding or obstructing a governmental function, as by withholding documents, for instance, is not "inherently malign"—it must be done with unlawful intent, *i.e.*, consciousness of wrongdoing).

[23] *See Ballistrea*, 101 F.3d at 831.

obstruct one of the United States' lawful governmental functions by deceit, craft or trickery, or by means that are dishonest.[24]

As I will explain to you in more detail when we come to Count Two, the United States has imposed economic sanctions, meaning legal restrictions, on trade and transactions involving the Islamic Republic of Iran. The U.S. Department of the Treasury administers and enforces these laws, including the office called the Office of Foreign Assets Control, often referred to by its initials, "OFAC." I instruct you, as a matter of law, that OFAC's administration of the economic sanctions against the Islamic Republic of Iran constitutes the legitimate functioning of the government of the United States.[25]

The Iranian Trade Sanctions Regulations do not prohibit all trade and transactions involving Iran—they allow certain transactions under certain conditions, while prohibiting other transactions under other conditions.[26]

As I previously explained, an agreement to achieve a lawful goal is not the same as a criminal conspiracy. Rather, a conspiracy is an agreement to violate the law. In addition, the law that authorizes the Iranian Trade Sanctions Regulations, called the International Emergency Economic Powers Act, provides that compliance with those regulations is a full acquittance and discharge of any liability under the law, and that no person may be held liable in any court for

---

[24] *See id.* at 831-32 (quoting *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924)).

[25] Adapted from the charge of Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB) (S.D.N.Y. Dec. 20, 2017)

[26] *See Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 380 (2000) ("Sanctions are drawn not only to bar what they prohibit but to allow what they permit ...."); 31 C.F.R. Ch. 560 Part E (2008) (licenses authorizing certain classes of transactions); [add Federal Register entry explaining general and specific licenses].

anything done or omitted in good faith in connection with those regulations or the administration of them.[27]

Thus, to constitute a conspiracy to impair, impede or obstruct OFAC's lawful and legitimate enforcement of the Iranian Trade Sanctions Regulations, the agreement's objective must be to impair, impede, or obstruct OFAC's enforcement of the prohibitions contained in those regulations. Two or more individuals' agreement to take action that they understand is allowed under, or complies with, the Iranian Trade Sanctions Regulations is not an agreement to impair or obstruct OFAC's administration and enforcement of those regulations, and is not a crime.

## GOVERNMENT'S POSITION

The Government's proposed language, in blue above, is consistent with the law of this Circuit and the Government believes that it should be included in the Court's charge. The Second Circuit held in *United States v. Ballistrea*, 101 F.3d 827, 831-32 (2d Cir. 1996), that "so long as deceitful or dishonest means are employed to obstruct governmental functions, the impairment 'need not involve the violation of a separate statute.'" *Id.* (quoting *United States v. Rosengarten*, 857 F.2d 76, 78 (2d Cir. 1988)). The defendant's proposal is entirely inconsistent with *Ballistrea*. It is not a correct statement of the law that "two or more individuals' agreement to take action that they understand is allowed under, or complies with, the Iranian Trade Sanctions Regulations is not an agreement to impair or obstruct OFAC's administration and enforcement of those regulations, and is not a crime." It is clear from *Ballistrea* that a violation of the ITSR is not required for a violation of Section 371. A defendant could comply with the

---

[27] *See* 50 U.S.C. § 1702(3).

ITSR, but still obstruct OFAC's lawful functions by, for example, concealing the true nature of otherwise lawful transactions in order to avoid OFAC's scrutiny. The portions of the defendant's proposed instructions in red therefore misstate the law.

## **DEFENDANT'S POSITION**

1. Although the proposition contained in the last two sentences of the second paragraph—that impairment of a lawful governmental function need not have "violated any other law"—is common in this Circuit's law of *Klein* conspiracies, *see, e.g.*, *United States v. Rosengarten*, 857 F.2d 76, 78 (2d Cir. 1988), Defendant objects to inclusion of that statement in this case because it suggests that an agreement to engage in conduct that complies with regulations issued under IEEPA could nonetheless still be an unlawful conspiracy to defraud under Section 371. That interpretation would run afoul of 50 U.S.C. § 1702(3), which provides:

> Compliance with any regulation, instruction, or direction issued under [IEEPA] shall to the extent thereof be a *full acquittance and discharge for all purposes* of the obligation of the person making the same. *No person shall be held liable in any court* for or with respect to anything done or omitted in good faith in connection with the administration of, or pursuant to and in reliance on, this chapter, or any regulation, instruction, or direction issued under this chapter.

Such an interpretation would also run afoul of the principles that (i) "an agreement to achieve a lawful goal is not the same as a criminal conspiracy – two or more individuals must have agreed to commit a crime," *United States v. Lebedev*, No. 15-cr-769, Dkt. 442, at 29, and (ii) the "[s]anctions are drawn not only to bar what they prohibit but to allow what they permit." *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 380 (2000).

These three principles—that compliance is a full acquittance, that an agreement to achieve a lawful goal is not a crime, and that the sanctions allow what they do not prohibit—are essential to determining whether the conduct contemplated by Defendant and others with whom

he may have acted was lawful or unlawful under IEEPA, and whether it was intended to

unlawfully frustrate OFAC's enforcement of IEEPA through fraudulent or dishonest means.

They are set out in the remaining language the Defendant proposes, to which the government

objects.

Defendant respectfully acknowledges this Court's conclusion in the related context of 31

C.F.R. § 560.203 that one need not independently violate an IEEPA provision in order to

unlawfully attempt to evade or avoid those provisions. Opinion and Order at 10-11 (Dkt. No.

164). But to the extent that interpretation allows conviction for conduct that complies with

regulations under IEEPA, it conflicts with Section 1702(3)'s provision that compliance is "a full

acquittance and discharge for all purposes." Where an interpretation of a regulation conflicts

with the authorizing statute, the statute controls. *See, e.g.*, *Chevron U.S.A. Inc. v. Natural

Resources Defense Council*, 46 U.S. 837, 842-43 (1984) ("If the intent of Congress is clear, that

is the end of the matter ...."); *Wachovia Bank v. Burke*, 414 F.3d 305, 315 (2d Cir. 2005).

Moreover, if the regulation is ambiguous, in a criminal case, the Court resolves the ambiguity by

the rule of lenity. *United States v. Banki*, 685 F.3d 99, 109 (2d Cir. 2012).

2. Defendant objects to the last sentence of the third paragraph because: (a) it is

unnecessary, as it is covered by the two preceding sentences; (b) the "instruct[ion], as a matter of

law," that OFAC's administration of the economic sanctions ... constitutes the legitimate

functioning of the government of the United States" amounts to an instruction that an element of

the offense has been satisfied, usurping the jury's role as factfinder and violating Defendant's

rights to jury determination of every element of guilt and to the presumption of innocence; (c)

the same language is slanted in favor of the prosecution and unduly suggestive of guilt; (d) the

language "against the Islamic Republic of Iran" is unnecessary here and unduly emphasizes the

idea that the sanctions are against Iran and, by extension, Iranian people including the defendant; (e) that language further unnecessarily includes the word "Islamic," injecting the possibility that jurors may bring any feelings they may have about the Islamic religion into their consideration; and (f) including the words "legitimate functioning" in an "instruct[ion] as a matter of law" unduly casts the actions and views of the U.S. government (including the prosecution here) as "legitimate."  All of this is unnecessary in light of the preceding two sentences, to which Defendant does not object.

**Count One: Conspiracy to Defraud the United States**

**(Membership in the Conspiracy)**

The Government must also prove beyond a reasonable doubt that the defendant knowingly and willfully entered into the conspiracy, that is, that the defendant agreed to take part in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

Now, as to this element, the terms knowingly and willfully mean that you must be satisfied that in joining the conspiracy, assuming you find that the defendant did join the conspiracy, the defendant knew what he was doing. That is, that he took the actions in question deliberately and voluntarily.

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, a defendant's acts must have been the product of his conscious objective, rather than the product of mistake, accident, mere negligence, or some other innocent reason.

Now, knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you the evidence of certain acts and conversations alleged to have taken place involving the defendant or in his presence. You may consider this evidence in determining whether the Government has proven beyond a reasonable doubt the defendant's knowledge of the unlawful purposes of the conspiracy.

It is not necessary for the Government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part. To have guilty knowledge, a defendant need not have known the full extent of the conspiracy or all of the

activities of all of its participants.  It is not even necessary for a defendant to know every other member of the conspiracy.

Nor is it necessary that the defendant received any monetary benefit from his participation in the conspiracy, or had a financial stake in the outcome.  However, although proof of a financial interest in the outcome of a scheme is not essential or determinative, if you find that a defendant had a financial or other interest, that is a factor you may properly consider in determining whether the defendant was a member of the conspiracy.

The duration and extent of the defendant's participation has no bearing on the issue of his guilt.  He need not have joined the conspiracy at the outset.  A defendant may have joined it for any purpose at any time in its progress, and he will be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member.

Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators may play major roles, while others play minor roles in the scheme.  An equal role or an important role is not what the law requires.  In fact, even a single act can be sufficient to make a defendant a participant in an illegal conspiracy.

However, a person's mere association with a member of the conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without agreement and participation is not sufficient.  What is necessary is that a defendant participate in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, may have intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, he becomes a conspirator.

A conspiracy once formed is presumed to continue until its objective is accomplished or until there is some affirmative act of termination by its members. So too, once a person is found to be a participant in the conspiracy, that person is presumed to continue being a participant in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and dissociated himself from it.[28]

---

[28] Adapted from the charges of the Honorable Richard J. Sullivan in *United States v. Hussain*, 12 Cr. 45 (S.D.N.Y. 2013); the Honorable William H. Pauley III in *United States v. Davis et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. 2010); the Honorable Lewis A. Kaplan in *United States v. Redden*, 02 Cr. 1141 (S.D.N.Y. 2004); and the Honorable John F. Keenan, *United States v. Pa Smith*, 02 Cr. 104 (JFK) (S.D.N.Y. 2002).

## DEFENDANT'S REQUEST NO. 7

### Count One: Conspiracy to Defraud the United States
### (Second Element: Knowing and Willful Participation)

The second element that the Government must prove beyond a reasonable doubt is that the defendant knowingly and willfully joined in the conspiracy. In determining whether Mr. Sadr became a member of the conspiracy, you must determine not only whether he participated in it, but also whether he did so willfully, with knowledge of its illegal objective. To act knowingly means to act intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. To act willfully means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or disregard the law. You must determine: Did Mr. Sadr join the conspiracy knowing of its unlawful aim and purpose and with the specific intent of furthering that unlawful purpose?

Knowledge is a matter of inference from facts proved. To have guilty knowledge, a defendant need not know the full extent of the conspiracy or even who all the co-conspirators are. Similarly, a defendant need not know all of the activities of the conspiracy. Indeed, a single act may be enough to bring one within the membership of the conspiracy, provided that the defendant was aware of the conspiracy and knowingly associated himself with its criminal aims.

Of course, mere association with a conspirator does not make one a member of the conspiracy. Nor is knowledge without participation sufficient. What is necessary is that the defendant participate in a conspiracy with knowledge of its unlawful purpose and with intent to aid in the accomplishment of that unlawful end.[29]

---

[29] Adapted from *United States v. Ramirez*, No. 12-cr-927-AJN (Dkt. 48), Instr. 25 (Participation in the Conspiracy) and Instr. 14 (definitions of knowingly and willfully).

As I explained in the last instruction, to be illegal, the agreement must contemplate violating the law—here, it must contemplate frustrating OFAC's enforcement of prohibitions under the Iranian Trade Sanctions Regulations. As I also explained there, the law provides that compliance with those regulations is a full acquittance and discharge of any liability under the law, and that no person may be held liable in any court for anything done or omitted in good faith in connection with those regulations or the administration of them. Thus, for you to find that Mr. Sadr had the required unlawful intent to frustrate OFAC's enforcement of the sanctions, you must find beyond a reasonable doubt that Mr. Sadr intended that the agreed actions violated the sanctions in some way. If Mr. Sadr believed or intended that the agreed actions complied with or were permitted under the sanctions, he may not be convicted.[30]

It is not necessary that Mr. Sadr receive or even anticipate any financial benefit from participating in the conspiracy as long as he participated in it in the way I have explained. That said, while proof of a financial interest in the outcome of a scheme is not essential, if you find that Mr. Sadr had such an interest, that is one factor which you may properly consider in determining whether or not he was a member of the conspiracy charged in Count One.[31]

## GOVERNMENT'S POSITION

The Government's proposed instruction is a clear and accurate statement of the law taken from multiple charges given by judges in this District, while the defendant's proposed instruction contains an incorrect statement of the law for the reasons discussed in the Government's position with respect to Request 6. The defendant's proposed instruction also misleading fails to inform

---

[30] *See* 50 U.S.C. § 1702(3); Req. No. 6-D, *supra*.

[31] From *United States v. Lebedev*, No. 15-cr-769-AJN, Dkt. 442, Instr. 24 (at 36, penultimate paragraph).

the jury that the duration and extent of the defendant's involvement in the conspiracy does not bear on guilt and that different members of the conspiracy may play different roles.  These are accurate statements of the law that the Government believes will be relevant to the jury's consideration of this element.   The defendant is incorrect that these instructions are only relevant to "large conspiracies such as drug conspiracies."  These principles apply to all conspiracies, and are instructing the jury on these legal principles is entirely appropriate.

The defendant is not correct that the Government's proposed definition of "knowingly and willfully" requires only volitional, non-mistaken conduct.  The Government's language instructs that the defendant must have taken part in the conspiracy "with knowledge of its unlawful purpose and in furtherance of its unlawful objectives" and "with an intent to aid in the accomplishment of its unlawful objectives."

## DEFENDANT'S POSITION

1.  Defendant objects that the Government's Request No. 7 is cherry-picked and slanted in favor of the prosecution.  It cites no model instruction, but instead is adapted (in unspecified ways) from the unpublished charges of five different judges in five different trials dating to 2002.  Because the Government has not provided those instructions or its adaptations, Defendant cannot assess in what ways the Government's request has been modified, or whether it is fair and even-handed.  *See* Defendant's General Objection, following Req. No. 1, *supra*.

Defendant offers instead an instruction based on this Court's prior instruction in *United States v. Ramirez*, No. 12-cr-927-AJN (Dkt. 48), which Defendant respectfully submits is evenhanded.  Defendant submits this Court should give Defense Request No. 7, or at least should begin its consideration based on that draft, not the Government's patchwork request.

2.   The Government's proposed definition of "knowingly and willfully" (third paragraph) requires only volitional, non-mistaken conduct, not even rising to intent to violate the law.  That would amount merely to a general intent crime, and would be insufficient to satisfy 50 U.S.C. § 1705(c), which provides that only willful violations of IEEPA are crimes.  It also would not satisfy the most common definition of "willful" in the criminal context:  that "[a]n act is done willfully if it is done with an intention to do something the law forbids, that is to say with the bad purpose to disobey or disregard the law."  *See, e.g.*, *United States v. Ramirez*, No. 12-cr-927-AJN, Dkt. No. 48, Instr. 14; *Bryan v. United States*, 524 U.S. 184, 191 n.13 (1998) (quoting 1 Sand Instr. 3A.01, p. 3A-18(1997)).

3.   Much of the language in the Government's request, instructing that the Defendant need not know all the details of the conspiracy or all of its members, that it does not matter when he joined, and that members' differing major or minor roles do not matter, is directed at cases involving low-level members of large conspiracies such as drug conspiracies.  Those instructions are unnecessary and inappropriate here, where the Government alleges that Mr. Sadr was a leader of the alleged conspiracy, was in it from the beginning, and the case is not anticipated to involve any contention that the alleged conspiracy had members or significant operational aspects that were unknown to Mr. Sadr.

## GOVERNMENT'S REQUEST NO. 8.

### Count One: Conspiracy to Defraud the United States

### (Overt Act)

For the crime of conspiracy as charged in Count One to have been committed, there must be something more than an agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy. In other words, the overt act element is a requirement that the agreement went beyond the mere talking stage, or the mere agreement stage.

You need not find that the defendant in this case committed the overt act. It is sufficient if you find that at least one overt act was in fact performed by at least one co-conspirator, whether the defendant or another co-conspirator, to further the conspiracy within the time frame of the conspiracy. Remember that the act of any member of the conspiracy done in furtherance of the conspiracy becomes the act of all of the members. Nor is it necessary for the defendant to commit an overt act in order to be a member of the conspiracy. An overt act must have been knowingly and willfully done by at least one co-conspirator in furtherance of the object or purpose of the conspiracy that is charged in the Indictment.

In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy. It must be an act that furthers the object of the conspiracy. It is an element of the crime that the Government must prove beyond a reasonable doubt.

The Indictment charges that a number of particular overt acts were committed in furtherance of the conspiracy.

[*The Court is respectfully requested to read the overt acts in the Indictment*]

It is not necessary for the Government to prove that any of the specified overt acts charged in the Indictment were committed. Rather, the Government can prove any overt act, even one that is not listed in the Indictment, provided that the overt act is committed by one of the conspirators and is done to further the object of the conspiracy. It is sufficient if you find beyond a reasonable doubt that any one overt act occurred while the conspiracy was still in existence.

Nor is it necessary for you to reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was so committed.[32] I will instruct you later about the applicable statute of limitations for the charges contained in the Indictment. For now, please keep in mind that you must also conclude that at least one overt act was committed in furtherance of the conspiracy after March 19, 2013.

---

[32] Adapted from the charges of the Honorable Alison J. Nathan in *United States v. Ramirez*, 12 Cr. 927 (AJN) (S.D.N.Y. May 16, 2013) and the Honorable Victor Marrero, *United States v. Reese*, 12 Cr. 629 (VM) (S.D.N.Y. Mar. 28, 2013); *see also United States v. Kozeny*, 667 F.3d 122, 131-32 (2d Cir. 2011) ("[T]he jury need not agree on a single overt act to sustain a conspiracy conviction."); *United States v. Rutkoske*, 506 F.3d 170, 175 (2d Cir. 2007) ("It is well-established that the Government may satisfy this test 'by proof of an overt act not explicitly listed in the indictment, as long as a defendant has had fair and adequate notice of the charge for which he is being tried, and he is not unduly prejudiced by the asserted variance in the proof.'" (quoting *United States v. Salmonese*, 352 F.3d 608, 620 (2d Cir.2003)).

## DEFENDANT'S REQUEST NO. 8

The third element which the Government must prove beyond a reasonable doubt is that at least one overt act was committed in furtherance of the conspiracy by at least one of the co-conspirators. You need not find that Mr. Sadr committed the overt act. It is sufficient for the Government to show that any of the co-conspirators committed an act in furtherance of the conspiracy.

You should bear in mind that the overt act, standing alone, may be an innocent, lawful act. An apparently innocent act can shed its harmless character if it is a step in carrying out, promoting, aiding, or assisting a conspiratorial scheme.[33]

As I explained before, in order for you to find the overt act requirement satisfied, you must find beyond a reasonable doubt that the overt act in furtherance of the conspiracy was committed after March 18, 2013. Again, that is because under the relevant statute of limitations, you cannot convict Mr. Sadr unless the conspiracy offense was committed within five years of when the Indictment was returned on March 18, 2018. That means that, in order for you to convict, you must be satisfied that the Government has proven beyond a reasonable doubt that the overt act in furtherance of the conspiracy charged in Count One was committed after March 18, 2013. [34]

---

[33] Adapted from *United States v. Ramirez*, No. 12-cr-927-AJN, Dkt. 48, Instr. 26. Mr. Sadr does not contend the overt act must be one specified in the Indictment, and accordingly has omitted the second paragraph of the *Ramirez* instruction as unnecessary.

[34] *See* 18 U.S.C. § 3282 (five-year statute of limitations); *United States v. Salmonese*, 352 F.3d 608, 614 (2d Cir. 2003) (conspiracy must have been still in existence within limitations period, and overt act must have been committed within limitations period) (citing *Grunewald v. United States*, 353 U.S. 391, 396-97 (1957)); *see also* 1 Sand Instr. 19-7 (citing *Fitzwick v. United States*, 329 U.S. 211, 216 (1946)) (addressing statute of limitations in elements instruction).

## GOVERNMENT'S POSITION

The Government's requested instruction includes a request that the Court read the overt acts charged in the Indictment, consistent with Sand Instruction 19-7. This will aid in the jury's understanding of what types of actions may constitute overt acts in furtherance of the conspiracy. The Government's requested instruction also correctly instructs that the jury need not conclude that the overt act have been alleged in the Indictment, *see United States v. Shaoul*, 41 F.3d 811, 814 (2d Cir. 1994) (affirming the instruction "It is sufficient if you find that any one overt act, whether or not that overt act is charged in the indictment, was committed by any conspirator in furtherance of the conspiracy."); *see also United States v. Kozeny*, 667 F.3d 122, 131-32 (2d Cir. 2011) ("the government may plead one set of overt acts in the indictment and prove a different set of overt acts at trial without prejudice to the defendant"), and that the jury does not need to be unanimous as to which overt act was committed, *see Kozeny*, 667 F.3d at 131-32 ("[W]hich overt act among multiple such acts supports proof of a conspiracy conviction is a brute fact and not itself an element of the crime. The jury need not reach unanimous agreement on which particular overt act was committed in furtherance of the conspiracy.").

## DEFENDANT'S POSITION

1. Defendant objects to the government's patchwork instruction, and urges the Court to give, or at least begin with, Defendant's draft request based on the Court's instruction in *Ramirez*. *See* Defendant's General Objection, *supra*.

2. Defendant objects to the second half of the third paragraph of the Government's request as unnecessary. The point that the overt act itself need not be unlawful is adequately covered in the first two sentences of the paragraph. *See Ramirez*, No. 12-cr-927-AJN, Dkt. 48, Instr. 26, third paragraph (quoted in Def. Req. No. 8, second paragraph).

3. Defendant does not contend that the overt act must be one specified in the Indictment, and will not so argue. Accordingly, it is unnecessary to so instruct (Gov. Req. No. 8, fourth through sixth paragraphs), and it is unnecessary to read the overt acts in the Indictment (*id.*, fifth paragraph). Doing so would be unnecessarily lengthy and would risk losing the attention of the jury, on a point Defendant does not intend to raise.

4. Defendant objects to instructing the jury that it may be non-unanimous as to the overt act. (Gov. Req. No. 8, last paragraph.) The overt act is an element of the conspiracy offense, and the jury must be unanimous on all elements. To the extent *United States v. Kozeny*, 667 F.3d 122, 131-32 (2d Cir. 2011) holds otherwise, we respectfully preserve this issue for further review. We note, as the Second Circuit did in *Kozeny*, that the Eighth and Ninth Circuits have approved instructions requiring unanimity as to the overt act.

Mr. Sadr does not, however, seek a unanimity instruction specifically as to the overt act. A general unanimity instruction is sufficient. *See United States v. Shaoul*, 41 F.3d 811, 817, 819 (2d Cir. 1994) (even if unanimity was required, it was sufficiently covered by the court's general unanimity instruction); *see, e.g.*, *Ramirez*, No. 12-cr-927-AJN, Dkt. 48, Instr. 47 (Closing Comments) (including general unanimity instruction: "Your verdict must be unanimous.").

The overt act must have been committed within the statute of limitations. *See Salmonese*, 352 F.3d at 614; Defendant's Response regarding Request No. 4, *supra*. The jury should be so instructed in the instruction on the overt act. Failure to do so may result in the jury overlooking this requirement.

**PARTIES' REQUEST NO. 9.**

**Count One: Conspiracy to Defraud the United States**

**(Conscious Avoidance)**

*[If applicable]*

Now, in instructing you this far with respect to conspiracy, I have talked to you about the concept of knowledge. I need to say one more thing about that concept.

In determining whether the defendant acted with the necessary knowledge, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been clear. I told you before that acts done knowingly must be a product of a defendant's conscious intention, not the product of carelessness or negligence. A person, however, cannot willfully blind himself to what is obvious and disregard what is plainly before him. A person may not intentionally remain ignorant of facts that are material and important to his conduct in order to escape the consequences of criminal law.

If you find beyond a reasonable doubt that the defendant intentionally participated in a conspiracy, but that the defendant deliberately and consciously avoided learning or confirming certain facts about the specific objectives of the conspiracy, then you may infer from his willful and deliberate avoidance of knowledge that the defendant understood the objectives or goals of the conspiracy.

Thus, if you find beyond a reasonable doubt that Mr. Sadr intentionally participated in an agreement and was aware of a high probability that its objective was illegal, but took deliberate action to avoid learning facts about the specific objectives of the agreement that would have

confirmed its illegality,[35] then you may infer from his willful and deliberate avoidance of knowledge that Mr. Sadr understood the objectives or goals of the conspiracy. But if you find that Mr. Sadr actually believed that the objectives of the agreement were lawful, then he may not be convicted.[36]

We refer to this notion of blinding yourself to what is staring you in the face as "conscious avoidance." An argument of "conscious avoidance," however, is not a substitute for proof. It is simply another fact you may consider in deciding what the defendant knew.

There is a difference between knowingly participating in a conspiracy, on the one hand, and knowing the object or objects, or the purpose or purposes, of the conspiracy on the other. Conscious avoidance cannot be used as a substitute for finding that the defendant knowingly joined the conspiracy, that is, that the defendant knew that he was becoming a party to an agreement to accomplish an alleged illegal purpose. It is, in fact, logically impossible for a defendant to join a conspiracy unless he knows the conspiracy exists. The defendant must know that the conspiracy is there.

However, in deciding whether the defendant knew the objectives of the conspiracy, you may consider whether the defendant was aware of a high probability that an objective of the conspiracy was to commit the crime or crimes charged as the object of the conspiracy and nevertheless participated in the conspiracy. You must judge from all the circumstances and all the proof whether the Government did or did not satisfy its burden of proof beyond a reasonable doubt.

---

[35] *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011); *United States v. Macias*, 786 F.3d 1060, 1062-63 (7th Cir. 2015).

[36] *See, e.g., United States v. Kaiser*, 609 F.3d 556, 566 (2d Cir. 2010) (collecting cases).

So, in other words, if you find that the defendant was aware of a high probability that a fact was so, and that the defendant acted with deliberate disregard of the facts, you may find that the defendant acted knowingly. However, if you find that the defendant actually believed the fact was not so, then he may not have acted knowingly with respect to whatever charge you are considering.[37]

## GOVERNMENT'S POSITION

The Government's requested instruction accurately states the law and was taken from numerous charges in this district, including the charge in United States v. Atilla. The sourcing for the defendant's requested language is unclear.

## DEFENDANT'S POSITION

1. The third paragraph of the Government's request risks misleading the jury and inviting a conscious avoidance inference without finding the factual predicate for one.

A conscious avoidance inference may not be used unless the jury finds, beyond a reasonable doubt, that the defendant "was aware of a high probability of [a fact showing guilt]," and that he "consciously avoided confirming that fact," *United States v. Svoboda*, 347 F.3d 471, 480 (2d Cir. 2003). But a conscious avoidance inference may not be used if the defendant actually subjectively believed the fact that he is alleged to have avoided confirming. *See, e.g.*, *United States v. Kaiser*, 609 F.3d 556, 566 (2d Cir. 2010) (collecting cases).

---

[37] Adapted from the charges in *United States v. Atilla*, 15 Cr. 867 (RMB) (S.D.N.Y. Dec. 20, 2017); *United States v. Ghailani*, S10 98 Cr. 1023 (LAK) (2010); *United States v. Greenberg, et al.*, S1 05 Cr. 0888 (S.D.N.Y. 2008) (LAK); *United States v. Rohan Cameron*, 03 Cr. 1457 (JFK) (2004); *United States v. Usama Bin Laden, et al.*, S7 98 Cr. 1023 (S.D.N.Y. 2001) (LBS); and from Sand *et al.*, *Modern Federal Jury Instructions*, 3A-2. *See also United States v. Ghailani*, 733 F.3d 29, 52-54 (2d Cir. 2013); *United States v. Cuti*, 720 F.3d 453, 462-63 (2d Cir. 2013); *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995); *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam).

The third paragraph of the Government's request tells the jury it may "infer from his willful and deliberate avoidance of knowledge that the defendant understood the objectives or goals of the conspiracy," if it finds beyond a reasonable doubt that that "the defendant deliberately and consciously avoided learning or confirming certain facts about the specific objectives of the conspiracy." This paragraph invites the possibility that the jury could reach a conscious avoidance inference without ever reaching the core requirements for such a finding, which are not addressed until later in the instruction.

2. The Government's request also refers only to "certain facts about the specific objectives of the conspiracy," without saying what those facts were or, critically, that they must have shown the Defendant knew the agreement's objectives were *unlawful*. Defendant's request, by contrast, states plainly what is at issue in the instruction: the Defendant's alleged awareness "of a high probability that its objective was illegal."

3. In the Government's paragraph that does discuss high probability and disregard the penultimate paragraph of its request), the request speaks only generally of "a fact" and "deliberate disregard of the facts" generally. This does not accurately capture the requirement that the defendant "consciously avoided confirming *that fact*," *i.e.*, "deliberately avoided confirming *that fact,*" *United States v. Svoboda*, 347 F.3d 471, 480 (2d Cir. 2003) (quoting *United States v. Ferrarini*, 219 F.3d 145, 154 (2d Cir. 2000), meaning the fact demonstrating guilt—here, knowledge that the agreement's objectives were unlawful. Defendant's request (the fourth paragraph above) focuses on that alleged fact.

4. The penultimate paragraph of the Government's request is also confusing and potentially misleading. It tells the jury, "you may consider whether the defendant was aware of a high probability that an objective of the conspiracy was to commit the crime or crimes charged

as the object of the conspiracy and nevertheless participated in the conspiracy," and invites the jury to "judge from all the circumstances ... whether the Government did or did not satisfy its burden of proof," without including the requirement that the defendant have *consciously avoided* confirming the fact in question. The Government's request does not address the requirement of consciously avoiding the fact until the following (last) paragraph. The penultimate paragraph thus creates the possibility the jury could convict on the conscious avoidance theory without even finding conscious avoidance.

5. The Government's formulation in the last paragraph omits the Supreme Court's more recent formulation, requiring that the defendant "*t[ook] deliberate action* to avoid learning of that fact." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011) (emphasis added). Although at least one judge of the Second Circuit has opined that *Global-Tech* did not change the Second Circuit's pre-existing law of conscious avoidance, and so did not require deliberate *action*, *see United States v. Fofanah*, 765 F.3d 141, 151 (2d Cir. 2014) (Leval, J., concurring), at least one other Circuit has emphasized "deliberate *actions*" as the requirement under *Global-Tech*. *See United States v. Macias*, 786 F.3d 1060, 1062 (7th Cir. 2015). Mr. Sadr submits this Court should instruct in the terms used by the Supreme Court.

6. Finally, the Government's proposed instruction dilutes the balancing language required by the Second Circuit regarding a defendant's actual subjective belief. If the defendant actually believed the fact whose truth or falsity he is alleged to have consciously avoided confirming, "he may not be convicted." *E.g., United States v. Kaiser*, 609 F.3d 556, 566 (2d Cir. 2010) (collecting cases); *see* fourth paragraph, second sentence, *supra* (Defense request, citing *Kaiser*). The Government's request, however, states only that "if you find that the defendant actually believed the fact was not so, then he *may not* have acted knowingly ...." This permissive

48

instruction does not accurately convey that if the defendant actually subjectively believed his version of the fact, the jury *cannot* convict on the conscious avoidance theory.

**PARTIES' REQUEST NO. 10.**

**Count Two: IEEPA Conspiracy**

**(General Instructions and Statutory Background)**

Count Two of the Indictment charges Mr. Sadr with participating in a conspiracy, from at least in or about 2006 up to and including in or about May 2014, to violate regulations or prohibitions issued under the International Emergency Economic Powers Act, otherwise known as the IEEPA.

Specifically, Count Two charges:

From at least in or about 2006, up to and including at least in or about May 2014, in the Southern District of New York, Turkey, Switzerland, Iran, and elsewhere, ALI SADR HASHEMI NEJAD, the defendant, and others known and unknown, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to violate, and to cause a violation of, licenses, orders, regulations, and prohibitions issued under the International Emergency Economic Powers Act, Title 50, United States Code, Sections 1701 to 1707, Part 560 of Title 31, Code of Federal Regulations, and Part 561 of Title 31, Code of Federal Regulations.

It was part and an object of the conspiracy that ALI SADR HASHEMI NEJAD, the defendant, and others known and unknown, would and did export, reexport, sell, and supply, and cause to be exported, reexported, sold, and supplied, directly and indirectly, from the United States, services, to wit, international financial transactions, to Iran and to the Government of Iran, without first obtaining the required approval of OFAC, in violation of Title 50, United States Code, Sections 1701 to 1707, Section 1705, and Title 31, Code of Federal Regulations, Section 560.204.

It was further a part and an object of the conspiracy that ALI SADR HASHEMI NEJAD, the defendant, and others known and unknown, would and did engage in a transaction that evaded and avoided, had the purpose of evading and avoiding, caused a violation of, and attempted to violate one or more of the prohibitions. . . the prohibition[] set forth in Title 31, Code of Federal Regulations, Part 560 [Section 560.204], in violation of Title 50, United States Code, Sections 1701 to 1707 [Section 1705], and Title 31, Code of Federal Regulations, Section 560.203.

50

Under authority contained in IEEPA, in Title 50, Sections 1702 and 1703 of the United States Code, the United States has adopted certain restrictions on transactions with or involving Iran. These restrictions are referred to as economic sanctions or trade sanctions, and are contained in the "Iranian Trade Sanctions Regulations" in Title 31, Part 560 of the Code of Federal Regulations. Among other things, these sanctions prohibit causing the export of a service directly or indirectly to Iran or the Government of Iran from the United States.

Title 50, Section 1705 of the United States Code provides in relevant part:

**(a) Unlawful acts**

It shall be unlawful for a person to . . . conspire to violate . . . any . . . regulation[] or prohibition issued under [IEEPA].

. . . .

**(c) Criminal Penalty**

A person who willfully . . . conspires to commit . . . an unlawful act described in subsection (a) shall, upon conviction, be [guilty of a crime].


## GOVERNMENT'S POSITION

It is not necessary or appropriate to modify the language in the Indictment when reading the Indictment to the jury. The Indictment correctly charges that the defendant and others conspired to violate IEPPA, and goes on to identify the two objects of the conspiracy in the paragraphs that follow. It is not clear why the defendant believes it's necessary or the basis on which he could be authorized to alter the manner in which the Grand Jury charged this conspiracy. There is no risk of confusion or prejudice in the Court reading the Indictment as the Grand Jury returned it where, as here, the objects of the conspiracy are clearly spelled out in the paragraphs that follow.

Mr. Sadr has moved to strike, as surplusage, the Indictment's broad references to the entirety of IEEPA (Title 50, United States Code, Sections 1701 to 1707). *See* Ind. ¶ 18 (first paragraph quoted above). 50 U.S.C. § 1705(c) is the only section of IEEPA that defines a criminal offense, and Section 1705 is the section cited in the citation of authorities underlying Count Two. *See* Ind. at 26 (following paragraph 21). In the explanation of the charge to the jury, that is the statutory section that should be cited and explained to the jury; the rest of the IEEPA statute is unnecessary, not supported by any allegations in the Indictment, and thus misleading and confusing. It should be stricken. *See* Dkt. No. 94, at 10.

Mr. Sadr further moved to strike from the Indictment the citation to the entirety of the Iran Trade Sanctions Regulations, Parts 560 and 561 of Title 31, Code of Federal Regulations, *see* Ind. ¶ 18 (quoted in the first paragraph above); Dkt. No. 94, at 9-11, and moved for a bill of particulars specifying which regulations he is charged to have violated. At the pretrial motions conference, the government tried to hold open its possibilities, because it had not yet decided its presentation, *i.e.*, its case theories (Nov. 7, 2012 Tr. at 56, 61-62)—precisely the possibility of prosecutorial roaming that the requirements of a specific grand jury indictment is meant to prevent. *See Russell v. United States*, 369 U.S. 749, 766, 770-71 (1962). Ultimately, however, the government limited itself to violations of 31 C.F.R. §§ 560.203, 560.204, and 560.205. *See* Nov. 7, 2012 Tr. at 59, 60; Opinion and Order at 35 (Dkt. 164).

Of those, Sections .203 and .204 are the only sections that the Indictment alleges with any specificity were objects of the Count Two conspiracy. *See* Ind. ¶¶ 19, 20. Section .205 is mentioned only in the citation parenthetical on page 26; it is not cited in any factual paragraph of the Indictment; nor does the Indictment allege any facts showing reexportation of services with

the knowledge required under Section .205.  *See generally* Ind. ¶¶ 18-20.  Nor is the only service alleged in the Indictment—the provision of clearing transactions by U.S.-based intermediary banks  processing wire transfers between non-Iranian foreign banks—a service capable of being reexported.  *See* Pretrial Motion No. 1, at 11, 12 n.14 (Dkt. 82).

Thus, the Indictment's summary of the Count Two charge, and its quotation of Count Two's charging paragraphs, should be limited to the regulations charged to have been objects of the conspiracy in Paragraphs 18 and 19—31 C.F.R. §§ 560.203 and 560.204.  Citations to other regulations—and in particular to the entirety of Parts 560 and 561 (which are nowhere else mentioned or explained in the Indictment)—should be stricken.  To instruct the jury on those sections when the Indictment does not charge conspiracy to violate any of them would at best confuse the jury, and at worst could potentially mislead them into convicting based in part on consideration of regulations other than those charged to be the conspiracy's objectives (in Ind. ¶¶ 18-19).

## GOVERNMENT'S REQUEST NO. 11.

## Count Two: IEEPA Conspiracy

## (Statutory Background)

The object of the conspiracy charged in Count Two was to violate Section 1705 of Title 50 of the United States Code, which makes it a crime to willfully violate, attempt to violate, conspire to violate, or cause a violation of a license, order, regulation, or prohibition issued pursuant to the IEEPA.

Under the authority of the IEEPA, the United States has adopted certain restrictions called economic sanctions on transactions with or involving the Islamic Republic of Iran. Among other things, these sanctions prohibit causing the export of a good or service directly or indirectly to Iran or the Government of Iran from the United States or by a United States person. In addition, during the relevant time period, the sanctions allowed penalties against foreign financial institutions with bank accounts in the United States if those foreign financial institutions violated certain rules on assisting transactions with or for the benefit of Iran.[38]

---

[38] Adapted from the charges of the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB) (S.D.N.Y. Dec. 20, 2017); the Honorable Loretta A. Preska in *United States v. Olangian*, 12 Cr. 798 (LAP) (S.D.N.Y. 2016); the Honorable Jan DuBois in *United States v. Vaghari*, 08 Cr. 693 (E.D. Pa. 2010); the Honorable John F. Keenan in *United States v. Banki*, 10 Cr. 08 (S.D.N.Y. 2010); and the legal principles applied by the Honorable Richard J. Sullivan during the bench trial in *United States v. Safarha*, 10 Cr. 625 (S.D.N.Y. 2011); *see also* Title 50 United States Code, Section 1705; 31 C.F.R. Parts 560 & 561, and Executive Orders 13059, 12959, and 12957.

## GOVERNMENT'S RESPONSE

Providing the jury with a plain-language explanation of the sanctions laws before delving into the details of the regulations the defendant is charged with conspiring to violate will assist in the jury's understanding of the relevant legal provisions. Judge Berman provided this instruction in *United States v. Atilla*, and the Government believes it should also be provided here.

## DEFENDANT'S POSITION

Mr. Sadr objects to this instruction, and has not proposed an alternative because the entire instruction is unnecessary.

All but the last sentence of this request is contained in Request No. 10 (first paragraph, and paragraph following the quotation of the Indictment).

The last sentence of this request is irrelevant, misleading, and confusing. The Indictment does not contain any allegations concerning actual or potential penalties against foreign financial institutions with bank accounts in the United States. The only services alleged to form the basis of the Indictment's charges of unlawful exportation from the United States are the clearing services performed by *United States-based* intermediary banks, not foreign financial institutions. This sentence should not be charged.

**PARTIES' REQUEST NO. 12.**

**Count Two: IEEPA Conspiracy**

**(Elements of the Offense)**

Like Count One, Count Two charges a conspiracy. Therefore, the elements of Count Two are similar to the elements of Count One, except that an overt act is not required. To sustain its burden of proof with respect to the conspiracy charge in Count Two, the Government must prove beyond a reasonable doubt each of the following elements:

First, the Government must prove that the conspiracy charged in Count Two existed. That is, that there was an agreement or understanding among at least two people to violate regulations § 560.204 and § 560.203 of the Iranian Trade Sanctions Regulations, which were issued under IEEPA, and that it continued to exist after March 18, 2013.[39]

Second, the Government must prove that Mr. Sadr knowingly and willfully became a member of that conspiracy, with knowledge of its unlawful objective.

Each of these elements must be satisfied beyond a reasonable doubt.[40]

---

[39] On the statute of limitations, *see* 18 U.S.C. § 3282; *United States v. Salmonese*, 352 F.3d 608, 614 (2d Cir. 2003) (citing *Grunewald v. United States*, 353 U.S. 391, 396-97 (1957)).

[40] *See generally* 50 U.S.C. § 1705; *United States v. Ayden*, 2015 WL 927666, at *3 (N.D. Ga. Mar. 3, 2015) (distinguishing conspiracy alleged under 50 U.S.C. § 1705 from conspiracy alleged under 18 U.S.C. § 371 in that the former does not contain overt act requirement) (citing *Whitfield v. United States*, 543 U.S. 209, 213–14 (2005)).

56

**GOVERNMENT'S POSITION**

For the reasons discussed in the Government's position with respect to Request 4, the Government does not believe it is necessary or appropriate to include an instruction on the statute of limitations as part of the Court's instruction on this element of Count One.

**DEFENDANT'S POSITION**

To fall within the statute of limitations, the conspiracy must have continued to exist after March 18, 2013. The jury should be so instructed. An instruction on the existence of the conspiracy that omits the statute of limitations risks the jury's convicting without finding that the conspiracy was within the statute of limitations.

**PARTIES' REQUEST NO. 13.**

**Count Two: IEEPA Conspiracy**

**(First Element: Existence of the Conspiracy)**

The first element that the Government must prove beyond a reasonable doubt is that two or more persons entered the unlawful agreement charged in Count Two of the Indictment – that is, an agreement to violate, and to cause a violation of, regulations and prohibitions issued under IEEPA.

In Instruction No. ___ on Count One, I instructed you on the principles of law you are to apply to determine whether the Government has proven beyond a reasonable doubt that the conspiracy charged in the relevant count of the Indictment existed—including the requirement that it must have continued to exist after March 18, 2013 (the statute of limitations date).[41]

You should apply the principles in that instruction here to determine whether the unlawful agreement charged in Count Two, described above, existed after March 18, 2013.[42]

**GOVERNMENT'S POSITION**

For the reasons discussed in the Government's response to Request 4, the Government does not believe it is necessary or appropriate to include an instruction on the statute of limitations as part of the Court's instruction on this element of Count One.

---

[41] On the statute of limitations, *see* 18 U.S.C. § 3282; *United States v. Salmonese*, 352 F.3d 608, 614 (2d Cir. 2003) (citing *Grunewald v. United States*, 353 U.S. 391, 396-97 (1957)).

[42] *United States v. Ramirez*, No. 12-cr-927-AJN, Dkt. No. 48, Instr. 23; Req. No. ___, *supra*; Indictment Count Two, ¶ 18.

## **DEFENDANT'S POSITION**

An instruction on the existence of the conspiracy that omits the statute of limitations risks the jury's convicting without finding that the conspiracy was within the statute of limitations.

**GOVERNMENT'S REQUEST NO. 14.**

**Count Two: IEEPA Conspiracy**

**(Object of the Conspiracy)**

As I have stated, the object of the conspiracy charged in Count Two is a substantive violation of the IEEPA. As relevant here, a substantive violation of the IEEPA requires proof of the following:

First, that the defendant violated any license, order, regulation, or prohibition issued pursuant to the IEEPA.

I instruct you that the following orders, regulations, and prohibitions were in effect at all times relevant to Count Two:

First, at all times relevant to the charges in the Indictment, regulations issued pursuant to the IEEPA provided that "the exportation, reexportation, sale, or supply, directly or indirectly, from the United States, or by a United States person, wherever located, of any goods, technology, or services to Iran or the Government of Iran is prohibited," unless the transaction was for the export of agricultural commodities, medicine, and medical devices, or was authorized by a license from OFAC.[43]

The prohibition on the exportation, reexportation, sale or supply of financial services to Iran or the Government of Iran applies to: (1) The transfer of funds, directly or indirectly, from the United States or by a U.S. person, wherever located, to Iran or the Government of Iran; and (2) The provision, directly or indirectly, to Iran or the Government of Iran of . . . banking services [and] money remittance services.[44]

---

[43] 31 C.F.R. § 560.204

[44] *See* 31 C.F.R. §§ 560.204, 560.410; *United States v. Sadr*, 18 Cr. 224 (AJN), Dkt. No 164 at 6-7 (S.D.N.Y. Dec. 6, 2019) (explaining that while an indirect benefit is received in Iran

60

Second, at all times relevant to the charges in the Indictment, regulations issued pursuant to the IEEPA prohibited "[a]ny transaction . . . that evades or avoids, has the purpose of evading or avoiding, causes a violation of, or attempts to violate any of the prohibitions I have just described as well as "[a]ny conspiracy formed to violate any of [those] prohibitions."[45]

I am now going to define some of the technical terms used in the regulations that I have just instructed you about.

The "Government of Iran" means the state and the Government of the Islamic Republic of Iran, as well as any political subdivision, agency, or instrumentality of the government of the Islamic Republic of Iran, including the Central Bank of Iran. The Government of Iran also includes any entity or business owned or controlled, directly or indirectly, by the Government of Iran and any person to the extent that the person acts or purports to act, directly or indirectly, for or on behalf of the Government of Iran, and any person or entity that OFAC has determined meets any of these criteria.

---

where a company incorporated in Iran receives the benefit of services from the United States in Iran, through an intermediary or "middleman" located outside of Iran).

[45] 31 C.F.R. § 560.203. Adapted from the charges of the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB) (S.D.N.Y. Dec. 20, 2017); Honorable Loretta A. Preska in *United States v. Olangian*, 12 Cr. 798 (LAP) (S.D.N.Y. 2016); the Honorable Jan DuBois in *United States v. Vaghari*, 08 Cr. 693 (E.D. Pa. 2010); the Honorable John F. Keenan in *United States v. Banki*, 10 Cr. 08 (S.D.N.Y. 2010); and the legal principles applied by the Honorable Richard J. Sullivan during the bench trial in *United States v. Safarha*, 10 Cr. 625 (S.D.N.Y. 2011); *see also* Title 50 United States Code, Section 1705; 31 C.F.R. Parts 560 & 561, and Executive Orders 13059, 12959, 12957, 13622, and 13645.

The supply of services "directly or indirectly to Iran" includes the supply of services performed on behalf of a person, entity, or business in Iran, or where the benefit of such services is otherwise received in Iran.[46]

I described the prohibition on the "exportation, reexportation, sale, or supply of goods . . . or services" to Iran or to the Government of Iran either from the United States or by a United States person. I instruct you that the execution of money transfers from the United States to Iran on behalf of another, whether or not performed for a fee, constitutes the exportation of a service.[47] Services may be provided indirectly, for example, if funds are transferred to Iran or on behalf of an Iranian person or business through an intermediary, or if they are transferred to a third party for the benefit of or on behalf of the Government of Iran, or if they are transferred to a third party acting as an agent of the Government of Iran. The benefit of services performed anywhere in the world on behalf of the Government of Iran is presumed to be received in Iran.[48]

I described the prohibition on any transaction that "evades or avoids, [or] has the purpose of evading or avoiding" other prohibitions. Under this provision, the Government must establish that the conspirators agreed to engage in transactions for the purpose of avoiding the prohibition. It is not necessary for the Government to prove that the conspirators' only reason for agreeing to engage in the transaction was to avoid the prohibition. It is sufficient if it was a dominant reason for the conspirators to have agreed to engage in the transaction.

---

[46] *See United States v. Sadr*, 18 Cr. 224 (AJN), Dkt. No 164 at 6-7 (S.D.N.Y. Dec. 6, 2019) ("A service is indirectly exported to Iran if it is performed outside Iran but the benefit of it is ultimately received by persons or entities in Iran.").

[47] *See United States v. Zarrab*, 15 Cr. 867 (RMB), 2016 WL 6820737, at *7 (S.D.N.Y. Oct. 17, 2016) (quoting *United States v. Banki*, 685 F.3d 99, 108 (2d Cir. 2012)).

[48] *See also id.* at 16 (quoting *United States v. Homa Int'l Trading Corp.*, 687 F.3d 144, 146 (2d Cir. 2004).

By the same token, it is not necessary for the Secretary of the Treasury to have actually sanctioned a foreign financial institution before the conspirators agreed to engage in the transaction for the purpose of evading or avoiding the prohibitions that could result in the imposition of sanctions. It is sufficient to satisfy this element if the conspirators believed that the sanctions would be imposed and acted in that belief in agreeing to engage in a transaction or transactions designed to avoid the imposition of those sanctions. In other words, avoiding the imposition of sanctions by unlawfully concealing the true nature of a transaction would violate the prohibition on evading or avoiding the prohibitions.[49]

The second element required to prove a substantive IEPPA violation is that, at the time of the transactions at issue, the defendant had not obtained a license authorizing the transaction from OFAC.[50]

I remind you that the crime of conspiracy is distinct from the underlying substantive crime that the co-conspirators agreed to commit. It is the agreement itself that is the crime. Accordingly, you need not find that a substantive violation of the IEEPA actually occurred, only

---

[49] Adapted from the charges of the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB) (S.D.N.Y. Dec. 20, 2017); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 38-15 (2012) (instruction regarding meaning of "avoid" in the context of 18 U.S.C. § 1073's prohibition on flight to "avoid prosecution"); *United States v. Bando,* 244 F.2d 833, 843 (2d Cir. 1957) ("The words 'to avoid prosecution' mean 'to avoid being prosecuted.' . . . It is sufficient if the fleeing felon is 'subject to prosecution.'").

[50] Adapted from the charges of the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB) (S.D.N.Y. Dec. 20, 2017); Honorable Loretta A. Preska in *United States v. Olangian*, 12 Cr. 798 (LAP) (S.D.N.Y. 2016); the Honorable Jan DuBois in *United States v. Vaghari*, 08 Cr. 693 (E.D. Pa. 2010); the Honorable John F. Keenan in *United States v. Banki*, 10 Cr. 08 (S.D.N.Y. 2010); and the legal principles applied by the Honorable Richard J. Sullivan during the bench trial in *United States v. Safarha*, 10 Cr. 625 (S.D.N.Y. 2011); *see also* Title 50 United States Code, Section 1705.

that the defendant knowingly and willfully agreed with others to engage in conduct that would result in a substantive violation of the IEEPA.[51]

---

[51] Adapted from the charges of the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB) (S.D.N.Y. Dec. 20, 2017); the Honorable Loretta A. Preska in *United States v. Olangian*, 12 Cr. 798 (LAP) (S.D.N.Y. 2016); the Honorable Jan DuBois in *United States v. Vaghari*, 08 Cr. 693 (E.D. Pa. 2010); the Honorable John F. Keenan in *United States v. Banki*, 10 Cr. 08 (S.D.N.Y. 2010); and the legal principles applied by the Honorable Richard J. Sullivan during the bench trial in *United States v. Safarha*, 10 Cr. 625 (S.D.N.Y. 2011); *see also* Title 50 United States Code, Section 1705; 31 C.F.R. Parts 560 & 561, and Executive Orders 13059, 12959, and 12957.

**DEFENDANT'S REQUEST NO. 14**

In order to find Mr. Sadr guilty of the conspiracy charged in Count Two, you must find that the Government has proved beyond a reasonable doubt at least one of the two objects of the conspiracy charged in Count Two.

The first charged object was to export, reexport, sell, and supply, and cause to be exported, from the United States, services – that is, financial transactions – to Iran and to the Government of Iran, in violation of Title 31, Code of Federal Regulations, Section 560.204.[52] The second charged object was to engage in a transaction that evaded and avoided, had the purpose of evading and avoiding, caused a violation of, and attempted to violate Section 560.204 (described above), in violation of Title 31, Code of Federal Regulations, Section 560.203.[53]

I will now instruct you on regulations and legal principles relevant to determining violations of Sections 560.204 and 560.203. I remind you that the crime of conspiracy is distinct from the underlying substantive crime that conspirators agree to commit. The essence of conspiracy is an agreement to violate the law – to commit a crime. At the same time, an agreement to engage in lawful conduct is not a criminal conspiracy. Accordingly, you need not find that a substantive violation of IEEPA actually occurred, only that the defendant knowingly and willfully agreed with others to engage in conduct intended to violate IEEPA. An agreement to engage in conduct that complied with or was permitted by IEEPA is not a crime.

---

[52] Indictment ¶ 19.

[53] Indictment ¶ 20.

65

<u>Section 560.204</u>

Section 560.204 provides in relevant part:

**§ 560.204  Prohibited exportation, reexportation, sale, or supply of . . .
services to Iran.**

Except as otherwise authorized [under] this part, . . . the exportation, reexportation, sale,
or supply, directly or indirectly, from the United States . . . of any. . . services . . . to Iran or the
Government of Iran is prohibited . . . .

Section 560.204 generally prohibits exportation or reexportation, directly or indirectly, of
services from the United States "to Iran or the Government of Iran."  Section 560.303 of the
regulations defines "Iran" as "the territory of Iran."  31 C.F.R. § 560.303.  Section 560.304
defines "Government of Iran":

**§ 560.304  Government of Iran.**

The term Government of Iran includes:

(a)  The state and the Government of Iran, as well as any political subdivision,
agency, or instrumentality thereof, including the Central Bank of Iran;

(b)  Any person owned or controlled, directly or indirectly, by the foregoing;

(c)  Any person to the extent that such person is, or has been, since the
effective date, acting or purporting to act, directly or indirectly, for or on
behalf of the foregoing . . . .

The services that the Indictment charges were exported from the United States are the
clearing services provided by U.S. intermediary banks in processing wire transfers of funds

between non-Iranian foreign banks.[54]  Such clearing services are "services" under Section

560.204.[55]  Section 560.204 does not prohibit the exportation of funds to Iran, only services.[56]

[~~The export of a service "indirectly" to Iran includes exporting a service to a location~~

~~outside Iran intending to benefit a person or entity in Iran.[57]~~]

The prohibition contained in Section 560.204 does not apply to transactions that are

"otherwise authorized" under the sanctions regulations (Part 560 of Title 31, Code of Federal

Regulations).[58]  From 1999 through October 2012, the sanctions regulations specifically

authorized certain "Payment and United States dollar clearing transactions involving Iran."[59]

From 1999 through November 2008, this authorization (called a "general license") provided:

> **§ 560.516 Payment and United States dollar clearing transactions involving Iran**.
>
> (a) United States [banks] are authorized to process transfers of funds to or from Iran, or for the direct or indirect benefit of persons in Iran or the Government of Iran, if the transfer is covered in full by any of the following

---

[54] Ind. ¶¶ 12-13.

[55] *See United States v. Banki*, 685 F.3d 99, 107-08 (2d Cir. 2012).

[56] *See Banki*, 685 F.3d at 111 (noting that "there is no general bar to the remissions of funds" under the current 31 C.F.R. Part 560).

[57] *See United States v. Sadr*, 18 Cr. 224 (AJN), Dkt. No 164 at 6-7 (S.D.N.Y. Dec. 6, 2019) ("A service is indirectly exported to Iran if it is performed outside Iran but the benefit of it is ultimately received by persons or entities in Iran.").

To be clear, Sadr objects to the above paragraph for the reasons explained in the briefing on his motion to dismiss the sanctions counts (Pretrial Motion No. 1, Dkt. No. 82, at 12-18; Reply re Pretrial Motion No. 1, Dkt. 110, at 7-8).  He does not propose or invite its inclusion in the instructions on Count Two, and he preserves his objection for further review.  Respectfully acknowledging the Court's ruling, however, if the Court instructs consistently with its Opinion and OFAC's Interpretation, over Sadr's objection, such instruction would fit here.

[58] § 560.204 ("Except as otherwise authorized pursuant to this part, ..."); *see Iranian Transactions Regulations; Implementation of Executive Orders 12957 and 12959,* 60 Fed. Reg. 47,061, 47062 (Sept. 11, 1995) ("Transactions otherwise prohibited by this part may be authorized by a general license contained in subpart E ....").

[59] 31 C.F.R. § 560.516.

conditions and does not involve debiting or crediting a [U.S. account owned by someone in Iran]:

(1) The transfer is by order of a [non-Iranian] foreign bank ... from its own account in a domestic bank ... to an account held by a domestic bank ... for a second [non-Iranian] foreign bank ....;

....

(3) The transfer arises from an underlying transaction that is not prohibited by this part, such as a non-commercial remittance to or from Iran (e.g., a family remittance not related to a family-owned enterprise); a U.S.-related commercial transfer not prohibited by this part ...; or a third-country transaction not prohibited by this part ....

Under this general license regulation, the type of transactions at issue in this case – U.S. dollar clearing transactions by U.S. intermediary banks, processing funds transfers between non-Iranian foreign banks, were legal—expressly authorized by the sanctions regulations—from 1999 through November 2008.

In November 2008, Section 560.516 was amended. From November 2008 to October 2012, it provided:

**§ 560.516 Payment and United States dollar clearing transactions involving Iran**.

(a) United States [banks] are authorized to process transfers of funds to or from Iran, or for the direct or indirect benefit of persons in Iran or the Government of Iran, if the transfer is covered in full by any of the following conditions and does not involve debiting or crediting a [U.S. account owned by someone in Iran]:

....

(2) The transfer arises from an underlying transaction that is not prohibited by this part, such as a non-commercial remittance to or from Iran (e.g., a family remittance not related to a family-owned enterprise) .....

Although the November 2008 amendment removed the authorization for U.S. dollar clearing transactions processing funds transfers between non-Iranian foreign banks (which have been referred to as "U-Turn transfers"), the authorization for "transfer[s] aris[ing] from an underlying

transaction that is not prohibited by this part" remained.  Under that authorization in Section 560.516, the payment transactions charged in this case from November 2008 to October 2012 were legal.  Because they were expressly authorized under Section 560.516, they were not prohibited by Section 560.504.[60]

Section 560.203

Section 560.203, which was issued under IEEPA, provides in relevant part:

> **§ 560.203  Evasions; attempts; causing violations . . . .**
>
> (a)  Any transaction . . . that evades or avoids, has the purpose of evading or avoiding, causes a violation of, or attempts to violate any of the prohibitions set forth in this part is prohibited.

Under this provision, the Government must establish that the conspirators agreed to engage in transactions for the purpose of evading or avoiding the prohibition on direct or indirect exportation to Iran in Section 560.204.  Importantly, however, complying with a regulation is not evading or avoiding it.  Instead, compliance is a full acquittance and discharge of any liability under the regulation.[61]  Similarly, engaging in a transaction in the good-faith belief that it is permitted under the regulations is not evasion or avoidance.  Instead, any action done or not done in good faith in connection with the administration of the regulations, or pursuant to and in reliance on them, cannot be the basis for conviction.

---

[60] We acknowledge the Court has rejected this interpretation of the post-2008 version of Section 560.516, *see* Opinion and Order, Dkt. No. 164, at 14-16.  We respectfully preserve the issue for further review.  Even setting aside the last two sentences, however, the statement that precedes it—instructing that the post-2008 version of Section 560.516(a)(2) remained in effect— should be charged to the jury.  *See* Defendant's Objection No. 4 to the Government's Request No. 14, *infra*.

[61] 50 U.S.C. § 1702(3).

Thus, to find a willful purpose to evade or avoid the prohibitions in the sanctions regulations, you must find beyond a reasonable doubt that the defendant, by his actions, intended to evade or avoid the prohibition knowing his actions were unlawful.

## GOVERNMENT'S POSITION

The Government's proposed charge is adapted from jury instructions that Judges in the district have provided in similar cases, and is a clear and accurate statement of the law. The defendant's proposed charge is unclear, overly technical, and in several instances, inaccurate.

In particular, the Government objects to any charge concerning the U-Turn provision (the version of Section 560.516 in effect until November 2008). Both sides acknowledge that this provision was revoked in November 2008, and the defense does not explain why the jury should be instructed on law that did not apply when the allegedly illegal transactions occurred.

The Government also specifically objects to the proposed instruction that under Section 560.516, the transactions "from November 2008 to October 2012 were legal." As the defense acknowledges, the Court has already rejected this strained interpretation Section 560.516. Therefore, it is unclear why the defense included these sentences in their proposed jury charge— other than as an indirect motion for the Court to reconsider its ruling— since doing so is clearly not required to "preserve that issue" for appellate review.

## DEFENDANT'S POSITION

1. *See* Defendant's General Objection following Req. No. 1, *supra*.

2. First two paragraphs: Count Two charges only conspiracy, not a substantive offense. *See* Ind. at 24 and ¶ 18. Defendant's Request No. 9 ("Object of the Conspiracy") correctly and directly describes the two objects charged in the Indictment: conduct charged to have violated

§ 204, Ind. ¶ 19, and conduct charged to have violated § .203, ¶ 20.  It is unnececessary, irrelevant, and potentially confusing and misleading to instruct on a purported "substantive violation of IEEPA," and to instruct broadly that the first element is "that the defendant violated any license, order, regulation, or prohibition issued pursuant to the IEEPA."  Sections .203 and .204 are the only such regulations charged to be objects of the conspiracy; all other "license[s], order[s], regulation[s], [and] prohibition[s]" are at best red herrings (and at worst misleading invitations to consider whether licenses, orders, regulations, or prohibitions other than .203 and .204 can form the basis for conviction).

3.  Fourth paragraph:  The language, "unless the transaction was for the export of agricultural commodities, medicine, and medical devices, or was authorized by a license from OFAC," which is tellingly outside the quotation marks, is not contained in Section .204.  It is inaccurate, irrelevant and misleading.

The Government tries, without citing those regulations, to suggest that unless a transaction was for "the export of agricultural commodities, medicine, and medical devices" under 31 C.F.R. § 560.530 (*e.g.*, July 1, 2010 edition), or was "authorized by a [specific] license from OFAC," it was prohibited under § .204.  In fact, however, the first words of § .204 are, "*Except as otherwise authorized pursuant to this part*"—*i.e.*, the entirety of Part 560.  The rest of Part 560 contains a wide array of licenses authorizing exports to Iran—not limited to specific licenses from OFAC or the general license contained in § 560.530, but including *all* of the general licenses contained in Part 560, Subpart E.  *See Iranian Transactions Regulations; Implementation of Executive Orders 12957 and 12959*, 60 Fed. Reg. 47,061, 47,062 (Sept. 11, 1995) ("Transactions otherwise prohibited by this part may be authorized by a general license contained in Subpart E ....").  Subpart E contains a wide variety of general licenses, §§ 560.505

through 560.540 (*e.g.*, July 1, 2010 ed.).  It is thus inaccurate and misleading to instruct that transactions are prohibited unless they fall within § 560.530 or are the subject of a specific license from OFAC.

4.  Omission of § 560.516:  One of those general licenses in Subpart E is 31 C.F.R. § 560.516, for "Payment and United States dollar clearing transactions involving Iran."  If a funds transfer falls within the §.516 general license, it is authorized, and falls outside §.204's prohibition.  *See* § 560.204 ("Except as otherwise authorized pursuant to this part"); 60 Fed. Reg. at 47,062; Dkt. 82, at 18-23; Dkt. 110, at 2-6.  This is true (within the relevant time frames discussed in those briefs) even for "transfers of funds to or from Iran, or for the direct or indirect benefit of persons in Iran or the Government of Iran."  § 560.516 (*e.g.*, July 1, 2010 ed.).  Defendant objects to any instruction on § 560.204 under Count Two that does not include instruction on the § 560.516 general license.  *See* Def. Req. No. 9.

Defendant respectfully acknowledges the Court's denial of his motion to dismiss on this ground, based on its conclusion, under the *noscitur a sociis* canon, that the § 560.516 license for clearing transactions did not apply to commercial transactions.  Op. & Order at 14-16 (Dkt. 164).  Defendant nonetheless respectfully submits that the Second Circuit's decision in *United States v. Banki* requires instruction on the § 560.516 clearing transaction license.  In *Banki*, the district court refused the defendant's request for a jury instruction on this precise license, accepting the government's argument that § 560.516 did not cover the transactions at issue (there, because § 560.516 assertedly authorized transfers only by U.S. banks, and not direct remittances by individuals).  *See* 685 F.3d 99, 108-11 (2d Cir. 2012).  The Second Circuit acknowledged reasons both the Government's and defendant's interpretations were plausible, but ruled that "at a minimum, the regulation is ambiguous in this respect."  Consequently, the Court interpreted the

regulation in the defendant's favor under the rule of lenity, and vacated and remanded for a new trial that included instruction on the § 560.516 general license. *See id.* at 109, 112. *Banki* controls, and requires instruction on the § 560.516 general license.

5. <u>Fifth paragraph</u>: The statement that the § 560.204 prohibition applies to "[t]he transfer of funds" is wrong. Section 560.204 "prohibit[s] exportation of 'goods, technology, or services' to Iran, but not ... funds." *Banki*, 685 F.3d at 111. Count Two charges only conspiracy to export "services, to wit, international financial transactions," not funds. Ind. ¶ 19.

The statement that the § 560.204 prohibition applies to "money remittance services" is irrelevant and misleading. This case does not involve money remittance services, as the cases that the Government relies on did. The only services charged in the Indictment are the clearing services provided by U.S. intermediary banks to process transfers between non-Iranian foreign banks. *See* Ind. ¶¶ 12-13; Dkt. 82 at 1, 9; Dkt. 110 at 2.

6. <u>Ninth paragraph</u>: Section 560.204's prohibition, charged in Ind. ¶ 19, is defined in the text of § 560.204. It does not include OFAC's interpretation in 31 C.F.R.§ 560.410, and does not require or permit explication by terms outside § 560.204. *See* Dkt. 82 at 13-18, Dkt. 110 at 7-8.

7. <u>Tenth paragraph</u>: The entire tenth paragraph of the Government's request is irrelevant and misleading. The Indictment does not charge exportation by a United States person. Nor does it charge "money transfers ... on behalf of another," or through intermediaries, third parties, or agents. The Indictment charges only the exportation "from the United States" of "services, to wit, international financial transactions," Ind. ¶ 19, *i.e.*, U.S.-based clearing transactions, *id.* ¶¶ 12-13.[62] Nor does the Indictment contain any allegation anywhere, other than in conclusory

---

[62] These references to money transfers performed through intermediaries appear to be left over from other cases such as *Zarrab* or *Atilla*.

quotation of regulatory charging language (¶ 19), of any exportation to, for the benefit of, or on behalf of the Government of Iran.

The Government's requested instruction that "[t]he benefit of services performed anywhere in the world on behalf of the Government of Iran is presumed to be received in Iran," however (echoing 31 C.F.R. § 560.410(b)), points up an additional reason that the interpretation contained in § 560.410(a) (echoed in the ninth paragraph and in this Court's Opinion and Order, at 8-9) does not apply to all transactions charged to violate § 560.204.  If *any* transaction fell within § 560.204's prohibition on indirect exportation if its benefit was felt within Iran, then § 410(b), making that explicit for transactions that benefit the Government of Iran, would be "mere surplusage"—a result to be avoided.  *See* Opinion and Order, at 10-11; Dkt. 82, at 16 & n.17.  In other words, the plain language of Section .410(b) shows that there must be services performed outside Iran on behalf of non-Government parties whose benefit is not received in Iran.  Otherwise, there would be no reason for the presumption in §.410(b).  Mr. Sadr has addressed this in Defendant's Request No. 14, by proposing (in the alternative, after preserving his objection that the Court should give no instruction on the concept in § .410) that for a service to be exported indirectly to Iran, the service must have been intended to benefit some person or entity inside Iran (*i.e.*, not merely to have incidentally benefited someone in Iran).

8.  Eleventh paragraph:  To the extent this instruction instructs on "evading or avoiding" other prohibitions under § 560.203, it needs to also include instruction that compliance with the regulations is a "full acquittance and discharge" under 50 U.S.C. § 1702(3).  Without such instruction, instructing on "evading or avoiding" under § 560.203 will raise the risk that the jury could convict for actions that *complied* with the regulations and therefore constituted a "full acquittance and discharge" of any liability.

74

9. <u>Twelfth paragraph</u>: The Indictment does not include any allegations involving sanctions on foreign financial institutions. This paragraph is irrelevant, confusing, and misleading.

10. <u>Thirteenth paragraph</u>: Defendant repeats his objection that Request No. 14 concerns the objects of the conspiracy charged in Paragraphs 19 and 20 of the Indictment, not "a substantive violation of IEEPA" as though 50 U.S.C. § 1705(a), (c) were a "conspiracy to commit an offense" statute in the form of 18 U.S.C. § 371. *See* Objection 2, *supra*.

More important, the thirteenth paragraph is wrong and misleading. It is not an "element" of a violation of § 560.204 that "the defendant had not obtained a license authorizing the transaction from OFAC." Section .204 makes no reference to obtaining a license from OFAC; much less does it require such a specific license to avoid violating § .204. Instead, § .204 begins, "Except as otherwise authorized ..."—a much broader exception that includes all of the general licenses in Subpart E, including the general license for "U.S.-dollar clearing transactions" contained in § 560.516. *See* Objections 3 and 4, *supra*.

For all of the above reasons, Defendant submits his Request No. 14, and objects to the Government's Request No. 14.

## PARTIES' REQUEST NO. 15.

## Count Two: IEEPA Conspiracy

### (Second Element: Knowing and Willful Participation)

The second element the Government must prove beyond a reasonable doubt is that Mr. Sadr knowingly and willfully entered into the conspiracy, that is, that he agreed to take part in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

In [Req. No. 7] on Count One, I instructed you on the principles to apply to determine whether the defendant knowingly and willfully joined the charged conspiracy. You should apply those principles here, to determine whether the Government has proved beyond a reasonable doubt that Mr. Sadr knowingly and willfully joined the conspiracy charged in Count Two, with knowledge of its illegal objective and intent to further that unlawful purpose.

With respect to the conspiracy charged in Count Two only, a defendant's conduct is not willful if it was the result of a good-faith understanding that he was acting within the requirements of the law. A defendant may not be held liable for a violation of IEEPA if the defendant acted, or chose not to act, in a good-faith belief that he was complying with the licenses, orders, regulations, or prohibitions issued pursuant to IEEPA. In other words, if you find that the defendant acted in good faith, then he may not be convicted of a conspiracy to violate IEEPA.[63]

---

[63] Adapted from the charge of the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB) (S.D.N.Y. Dec. 20, 2017).

## GOVERNMENT'S POSITION

For the reasons set forth in the Government's Response to the Defendant's Objection to Request 6, the Court should include a the IEPPA good faith instruction as part of its instruction with respect to this request only. The defendant's good faith belief that he was complying with IEPPA would negate the willfulness requirement in Count Two and is appropriately included in the Court's willfulness instruction. As set forth above and below (with respect to the defendant's requested good faith instruction), the defendant's good faith belief that he was complying with IEPPA would not bear on his guilt as to any of the other counts charged in the Indictment.

## DEFENDANT'S POSITION

1. Defendant included a proposed instruction on good faith and compliance under IEEPA, 50 U.S.C. § 1702(3), in Requests No. 6 and 7, *supra*. The cross-reference back to Req. No. 7 in this instruction should be sufficient to cover those requirements.

2. Defendant does not object to additional instruction on good faith and compliance here, but not to the exclusion of his proposed instructions elsewhere in his Requests to Charge.

3. Defendant objects to the Government's proposed limitation of good faith to Count Two only. Every charge in the Indictment is derivatively based, in whole or in part, on the allegation that Defendant conspired and intended to violate IEEPA. If Defendant followed the regulations under IEEPA, or acted in good faith in connection with them and in reliance on them, then he may not be held liable for violating or conspiring or attempting to violate them. That undermines the basis for conviction on any of the six Counts.

In addition, even independent of IEEPA's specific good faith provision, good faith is a defense to all charges in the Indictment. *See* Defendant's Req. No. 36, *infra*; *United States v. Lebedev*, No.15-cr-769, Dkt. 442, Instr. 40. This is so because good faith negates the required

intent for every count in the Indictment: knowingly and willfully joining a conspiracy to defraud with intent to defraud (Count One); knowingly and willfully joining a conspiracy to violate prohibitions under IEEPA, which contains an express good faith provision (Count Two); intent to defraud and/or intent to obtain money through false pretenses (Count Three); knowingly and willfully joining a conspiracy to do the same (Count Four); intent to promote the offenses in Counts Two through Four (Count Five), and knowingly and willfully joining a conspiracy to do so (Count Six). Restricting a good-faith instruction to Count Two would mislead the jury and unfairly prejudice Mr. Sadr by wrongly stating that good faith is not a defense to all charges in the Indictment.

**PARTIES' REQUEST NO. 16.**

**Count Two: IEEPA Conspiracy**

**(No Overt Act Requirement)**

Although Count Two, like Count One of the Indictment, charges Mr. Sadr with participating in a conspiracy, I instruct you that, unlike for Count One, it is <u>not</u> necessary for the Government to prove the commission of any overt act in furtherance of the conspiracy alleged in Count Two, as long as the Government proves that the conspiracy charged in Count Two existed, and that the defendant was a knowing and willful member of the conspiracy.[64]

You should not concern yourselves with why an overt act is required for Count One but not Count Two. The difference arises from the different statutes that define the two different offenses. It does not have anything to do with the facts of this case.

**GOVERNMENT'S POSITION**

The additional language the Government requested will aid the jury's understanding of Count Two's elements.

**DEFENDANT'S POSITION**

Defendant objects that the highlighted language above is unnecessary, and potentially confusing and misleading. The charge already contains detailed instructions on finding the existence of a conspiracy, and whether the defendant was a knowing and willful member of the conspiracy. Defendant is concerned that mentioning here that those two things are sufficient, without a cross-reference back to those earlier instructions, could lead the jury to consider those

---

[64] *See generally* 50 U.S.C. § 1705; *United States v. Ayden*, 2015 WL 927666, at *3 (N.D. Ga. Mar. 3, 2015) (distinguishing conspiracy alleged under 50 U.S.C. § 1705 from conspiracy alleged under 18 U.S.C. § 371 in that the former does not contain overt act requirement) (citing *Whitfield v. United States*, 543 U.S. 209, 213–14 (2005)).

two issues freehand, without reference to those instructions. Even if such a risk is a small one, Defendant urges the sentence be deleted to avoid it, because the sentence is unnecessary, and no harm comes from deleting it.

**PARTIES' REQUEST NO. 17.**

**Count Three: Bank Fraud**

**(General Instructions)**

Count Three of the Indictment charges Mr. Sadr with committing bank fraud.

Specifically, Count Three charges:

> From at least in or about 2006, up to and including at least in or about May 2014, in the Southern District of New York, Turkey, Switzerland, Iran, and elsewhere, ALI SADR HASHEMI NEJAD, the defendant, and others known and unknown, did knowingly execute and attempt to execute a scheme or artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation ("FDIC"), and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of such financial institution, by means of false and fraudulent pretenses, representations, and promises, and aided and abetted the same, to wit, inducing U.S. financial institutions to conduct financial transactions on behalf of and for the benefit of the Government of Iran and Iranian entities and persons using money and property owned by and under the custody and control of such financial institutions, by deceptive means.

The bank fraud statute, Title 18, Section 1344 of the United States Code, provides:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice—

> (1) to defraud a financial institution; or

> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

> shall be [guilty of a crime].

The statute thus sets out two different forms of bank fraud: (1) a scheme to defraud a bank, and (2) a scheme to obtain money under the bank's control by means of false representations. Count Three of the Indictment charges both forms of bank fraud. I will instruct you <span style="color:red">separately</span> on each one.

81

You may find Mr. Sadr guilty of bank fraud if you find all the elements of one form of bank fraud proven. You do not need to find both forms proven. But to find Mr. Sadr guilty, you must be unanimous as to which theory of bank fraud you find, and you must find every element of that theory proven beyond a reasonable doubt.

## GOVERNMENT'S POSITION

The Government's proposed instructions on the two prongs of bank fraud will sufficiently alert the jury to the elements of each prong, and requires less repetition of overlapping concepts than the defendant's proposed language.

## DEFENDANT'S POSITION

18 U.S.C. § 1344 contains two distinct forms of bank fraud. The Supreme Court has been careful to analyze each prong of the statute separately, as each has different elements. *See Loughrin v. United States*, 573 U.S. 351, 357, 359 (2014). For instance, prong (1) requires intent to defraud the bank, *see id.* at 357, but does not specifically require a misrepresentation, whereas prong (2) requires a misrepresentation, and an intent to obtain money from the bank's custody or control by means of that misrepresentation. *See id.* at 356-57, 363-64.

Combining both prongs into the same set of instructions creates a high likelihood of juror confusion and misapplication of the elements. For each prong, the jurors would have to consider a different set of elements, *see* Gov. Req. 18, *infra*, and for each element, the jurors would have to consider both a different type of scheme, *see* Gov. Req. 19, *infra*, and a different required intent, *see* Gov. Req. 20, *infra*. Jurors would have to flip back and forth between the scheme and intent instructions and the elements instruction to keep track of which elements applied to which

82

theory.  The likelihood of confusion and error would be high.  And with it, the likelihood of unfair prejudice to Mr. Sadr would be high, if the jury erroneously convicted on a wrong set of proofs.  For example, if the jury mistakenly used the scheme instruction from prong (1) but the intent instruction from prong (2), they could convict based on a scheme to defraud the bank, without finding intent to defraud.  On the other hand, if they combined the scheme instruction from prong (2) with the intent instruction from prong (1), they could convict based on a scheme to obtain bank property through misrepresentation, without the required nexus between a misrepresentation and obtaining the property.

Instructing the jury separately on each theory would prevent such error, by giving the jury one set of instructions to follow, from beginning to end, on each theory.  Defendant has tried to make such instructions even easier to follow by making them shorter—giving just one instruction on each theory that combines the elements of that theory with brief definitions of the terms defining those elements.  *See* Def. Req. Nos. 18.1, 18.2.  Defendant submits that instructing in this way is most likely to keep the jurors focused on the correct elements for each theory, without confusion.

**Count Three: Bank Fraud**

**(Elements)**

The elements of the first type of bank fraud charged in Count Three, which is a scheme to defraud a bank, are as follows:

<u>First</u>, that there was a scheme to defraud a bank;

<u>Second</u>, that the defendant executed or attempted to execute the scheme with the intent either to defraud the bank; and

<u>Third</u>, that the bank involved was federally insured by the Federal Deposit Insurance Corporation, or "FDIC."

The elements of the second type of bank fraud, as charged in Count Three, which is a scheme to obtain money from a bank by false pretenses, are as follows:

<u>First</u>, that there was a scheme to obtain money owned by or under the custody or control of a bank, by means of materially false or fraudulent pretenses, representations, or promises;

<u>Second</u>, that the defendant executed or attempted to execute the scheme with the intent to obtain money or funds owned by or under the custody or control of the bank; and

<u>Third</u>, that the bank involved was federally insured by the Federal Deposit Insurance Corporation, or "FDIC."[65]

---

[65] Adapted from the charge of the Honorable Shira A. Scheindlin in *United States v. Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); and from Sand, *Modern Federal Jury Instructions*, Instr. 44-9. *See* 18 U.S.C. § 1344.

## GOVERNMENT'S POSITION

The Government refers to its position on Request 17.

## DEFENDANT'S POSITION

1.  *See* Defendant's General Objection following Request No. 1, *supra*.  Judge Scheindlin's charge in *Vasilevsky*, cited by the Government, was given in 2009, before the Supreme Court's 2014 decision in *Loughrin* emphasized the importance of considering the elements of Section 1344's two different prongs separately.

2.  *See* Defendant's Response regarding Request No. 17, *supra*.

## DEFENDANT'S REQUEST NO. 18.1

## Count Three: Bank Fraud

## (Elements—Scheme to Defraud a Financial Institution)

In order to prove Mr. Sadr guilty of knowingly executing a scheme to defraud a bank under Section 1344(1), the Government must establish each of the following elements beyond a reasonable doubt:

*First*, that there was a scheme to defraud a bank;

*Second*, that the defendant executed or attempted to execute the scheme knowingly and willfully, with the intent to defraud the bank; and

*Third*, that at the time of the execution of the scheme, the bank had its deposits insured by the Federal Deposit Insurance Corporation, or "FDIC."[66]

A "scheme to defraud" is defined as a pattern or course of conduct concerning a material matter designed to deceive a federally insured bank into releasing property with the intent to cause the bank to suffer an actual or potential loss.[67]

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

---

[66] 2 L. Sand et al., *Modern Federal Jury Instructions (Crim.)* Instrs. 44-9, 44-10.

[67] *United States v. Stavroulakis*, 952 F.2d 686, 694 (2d Cir. 1992) ("This much is clear: a conviction under the 'scheme to defraud' clause of the bank fraud statute requires that the defendant engage in or attempt to engage in a pattern or course of conduct designed to deceive a federally chartered or insured financial institution into releasing property, with the intent to victimize the institution by exposing it to actual or potential loss."); 2 L. Sand et al., *Modern Federal Jury Instructions (Crim.)* Instr. 44-10.

To act with intent to defraud means to act willfully and with the specific intent to deceive, for the purpose of causing some financial loss to the bank.

It is not necessary for the government to prove that the defendant knew the identity of the particular bank or that the defendant knew that the bank was insured by the FDIC. It must prove, however, that the defendant intended to defraud a bank.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind. Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by a person's outward manifestations, his words, his conduct his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.[68]

---

[68] 2 L. Sand et al., *Modern Federal Jury Instructions (Crim.)* Instr. 44-11. The penultimate paragraph, concerning knowledge that the bank was insured by the FDIC, is from 2 L. Sand et al., *Modern Federal Jury Instructions (Crim.)* Instr. 44-12.

<u>**DEFENDANT'S REQUEST NO. 18.2**</u>

**Count Three: Bank Fraud**

**(Elements—Scheme to Obtain Money or Property Under Bank's Control)**

In order to prove Mr. Sadr guilty of knowingly executing a scheme to obtain money or property under the bank's control under Section 1344(2), the Government must prove each of the following elements beyond a reasonable doubt:

*First*, that there was a scheme to obtain money or property owned by or under the custody or control of a bank by means of materially false or fraudulent pretenses, representations or promises;

*Second*, that the defendant executed or attempted to execute the scheme knowingly and willfully and with the intent to obtain money or funds to which he was not entitled that were owned or under the custody or control of the bank;

*Third*, the defendant acted with intent to defraud[69]; and

---

[69] *See* Pattern Criminal Jury Instructions of the Seventh Circuit 456 (2012 Ed.) (plus 2015-2017 and 2018 changes) (18 U.S.C. § 1344(2) Obtaining Bank Property By False or Fraudulent Pretenses—Elements, and Comm. Cmt.); 8th Cir. Model Criminal Jury Instructions, Instr. 6.18.1344 & Notes on Use, at 438-439 (Bank Fraud) (2017 ed.); 9th Cir. Model Criminal Jury Instructions, Instr. 8.127 & Cmt. (Bank Fraud—Scheme to Defraud By False Promises); 11th Cir. Criminal Pattern Jury Instructions, Instr. O52 (Jan. 2019).

In *Loughrin v. United States*, 573 U.S. 351 (2014), the Supreme Court made clear that under prong (2) of the bank fraud statute, the defendant need not "have intent to deceive a bank." *Id.* at 356-57; *accord United States v. Lebedev*, 932 F.3d 40, 49 (2d Cir. 2019). But to commit bank fraud, even under the "bank custody/false statements" prong, a defendant still must have "intended to defraud ... *someone*." 11th Cir. Instr. O52, *supra* (emphasis added). Though *Loughrin* and similar cases make clear a defendant may be liable for using misrepresentations to obtain *others*' money, to which he is not entitled, from a bank's custody (even if it is not the bank's money), we remain unaware of a case where a defendant has been liable for bank fraud for obtaining his or its *own* money, to which it was entitled, from the bank through a voluntary payment transaction. *See* Reply Br. Supp. Mot. to Dismiss Bank Fraud Counts, Dkt. No. 112, at 5-6.

*Fourth*, that at the time of the execution of the scheme, the bank had its deposits insured by the Federal Deposit Insurance Corporation, or "FDIC."[70]

A representation is fraudulent if it was falsely made with the intent to deceive. Deceitful statements of half truth, the concealment of material facts that the defendant has a duty to disclose,[71] and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey a false and deceptive appearance. If there is intentional deception, the manner in which it is accomplished does not matter.

A fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. It does not matter whether the bank actually relied on the misrepresentation; however, the misrepresentation had to be capable of influencing the bank.[72]

---

[70] 2 L. Sand et al., *Modern Federal Jury Instructions (Crim.)* Instrs. 44-9, 44-10; *see United States v. Lebedev*, No. 15-cr-769-AJN, Dkt. 442, Instr. 35.

[71] *See, e.g., United States v. Autuori*, 212 F.3d 105, 118 (2d Cir. 2000) ("The fraud statutes are violated" only "by omissions of material information *that the defendant has a duty to disclose*.") (emphasis added).

[72] *See Lebedev*, Dkt. 442, Instr. 32, at 49; *Neder v. United States*, 527 U.S. 1, 25 (1999);*Rodriguez*, 140 F.3d at 167 (2d Cir. 1998) ("A misrepresentation is material if it's capable of influencing the bank's actions.").

The same principle applies to fraudulent half truths or omissions of material facts where there was a duty to disclose.[73]

I instructed you on "knowingly," "willfully," the requirement of knowledge that the bank was insured by the FDIC, and that the ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, in the previous instruction. You should follow those instructions here.[74]

---

[73] Adapted from 2 Sand Instr. 44-9, 44-10; *see Lebedev*, No. 15-cr-769, Dkt. No. 442, at 56; *Autuori*, 212 F.3d at 118 (quoted in note 71, *supra*).

[74] *See* Req. No. 16-D, *supra*; *Lebedev*, Dkt. 442, Instr. 37.

## GOVERNMENT'S REQUEST NO. 19.

## Count Three: Bank Fraud

## (Existence of a Scheme or Artifice)

The first element of bank fraud is that that there was a scheme to defraud a bank <u>or</u> a scheme to obtain money owned by or under the custody or control of a bank, by means of materially false or fraudulent pretenses, representations, or promises.

This element requires proof of the existence of only one of these. That is, that there existed a scheme to defraud a bank <u>or</u> a scheme to obtain property under the custody or control of a bank by means of materially fraudulent pretenses, representations, or promises.

In order to prove the first theory of bank fraud, that there was a "scheme to defraud a bank," the Government must prove beyond a reasonable doubt that there was a pattern or course of conduct concerning a material matter designed to deceive a bank into releasing property. A "scheme or artifice" is simply a plan, device, or course of conduct to accomplish an objective.

In order to prove the second theory of bank fraud, that there was a "scheme to obtain money owned by or under the custody or control of a bank," the Government must prove beyond a reasonable doubt that there was a scheme to obtain money or property owned by or under the custody and control of a bank by means of false or fraudulent pretenses, representations or promises. A representation is fraudulent if it was falsely made with the intent to deceive. Deceitful statements of half truth, the concealment of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, the omission of words, or the circumstances in which they are used

may convey a false and deceptive appearance.  If there is intentional deception, the manner in which it is accomplished does not matter.

A fraudulent representation must relate to a material fact or matter.  A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.  This means that if you find a particular statement of fact to have been deceptive or false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision.  The same principle applies to fraudulent half truths or omissions of material facts.[75]

In considering this element of bank fraud, it is unimportant whether a bank actually relied on a misrepresentation.  It is sufficient if the misrepresentation is one that is merely capable of influencing the bank's decision.[76]

With respect to the first prong of bank fraud, which is the scheme to defraud, it is not necessary for the Government to prove that the financial institutions actually lost money or property as a result of the scheme, or that the defendant intended for the financial institutions to lose money or property.  A scheme to defraud a bank also exists when a bank is provided false or fraudulent information that, if believed, would prevent the bank from being able to make informed economic decisions about what to do with its money or property.  For example, if the Government proves beyond a reasonable doubt that the intent of scheme was that the financial

---

[75] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-10.

[76] *See Neder v. United States*, 527 U.S. 1, 25 (1999) (holding that federal fraud statutes do not incorporate a reliance element); *United States v. Shapiro*, 29 F. App'x 33, 35 (2d Cir. 2002) ("[A]ctual reliance is not an element of bank fraud."); *United States v. Rodriguez*, 140 F.3d 163, 167 (2d Cir.1998) ("A misrepresentation is material if it's capable of influencing the bank's actions.").

institutions would conduct transactions they would otherwise not have conducted, then the Government will have met its burden of proof as to this element.[77]

Furthermore, it does not matter whether the bank might have discovered the fraud had it probed further, or that the bank did discover the fraud prior to conducting a transaction. If you find that a scheme or artifice existed, it is irrelevant whether you believe that any bank involved was careless, gullible, or even negligent.[78]

## GOVERNMENT'S POSITION

First, first, the defendant's proposed instruction 18.1 incorrectly states that the defendant must have intended to include financial loss to the bank. This is plainly inconsistent with the Supreme Court's holding in *Shaw v. United States*, 137 S. Ct. 462, 467 (2016).

Second, the defendant's proposed instruction 18.2 incorrectly adds as an element to the second prong of bank fraud that the defendant acted with the intent to defraud. This is not consistent with Sand or the law of this circuit. The only source the defendant cites in support of adding this element is in the Eleventh Circuit.

---

[77] *See Shaw v. United States*, 137 S. Ct. 462, 467 (2016) (The bank fraud "statute, while insisting upon 'a scheme to defraud,' demands neither a showing of ultimate financial loss nor a showing of intent to cause financial loss. Many years ago Judge Learned Hand pointed out that '[a] man is none the less cheated out of his property, when he is induced to part with it by fraud,' even if 'he gets a quid pro quo of equal value.' That is because '[i]t may be impossible to measure his loss by the gross scales available to a court, but he has suffered a wrong; he has lost,' for example, 'his chance to bargain with the facts before him.'" (quoting *United States v. Rowe,* 56 F.2d 747, 749 (2d Cir. 1932)); *United States v. Regent Office Supply Co.*, 421 F.2d 1174, 1181-82 (2d Cir. 1970) ("[A] wrong has been suffered when a man is deprived of his chance to bargain with the facts before him where the absent facts are facts material to the bargain he is induced thereby to enter.").

[78] Adapted from the charges of the Honorable Shira A. Scheindlin in *United States v. Abakporo*, 12 Cr. 340 (SAS) (2013), *United States v. Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); and *United States v. Persaud*, 09 Cr. 958 (SAS) (S.D.N.Y. 2010); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 44-10.

Third, the Government's proposed bank fraud instruction attempts to track Sand, which does not provide two separate sets of instructions for each form of bank fraud. Providing two separate instructions would require the Court to repeat several concepts that are applicable to both prongs of bank fraud. The Government has sought to avoid such unnecessary repetition in its proposed charges.

Fourth, the Government submits that its proposed instruction regarding the right to control theory of bank fraud is consistent with this Court's December 6, 2019 opinion and order at pages 29 to 30. The defendant's proposed instructions misleadingly omit any reference to this valid legal theory.

## DEFENDANT'S POSITION

1. *See* Defendant's General Objection following Req. No. 1, *supra*.

2. *See* Defendant's Response to Req. No. 17, *supra*.

3. With regard to "the concealment of material facts" in the fourth paragraph, Defendant objects that concealment of facts is not a misrepresentation that will support bank fraud unless the Defendant had a duty to disclose those facts. *See* Def. Req. No. 18.2, *supra*, sixth paragraph.

4. Defendant objects to the last paragraph of the Government's request, for the reasons explained in Dkt. No. 88, at 9-17, and Dkt. 112, at 6-10. Defendant acknowledges the Court's ruling in its Opinion and Order, at 28-30 (Dkt. 164), and respectfully preserves his objections.

5. In addition, the Government's proposed right-to-control instruction is fundamentally wrong as a matter of bank fraud law and right-to-control law, in three ways.

*First*, the Government cites *Shaw v. United States*, 137 S. Ct. 462, 467 (2016), for the proposition that "[t]he bank fraud statute, while insisting upon a 'scheme to defraud,' demands neither a showing of ultimate financial loss nor a showing of intent to cause financial loss." But

the defendant in *Shaw* was convicted of bank fraud under *prong (1), "scheme to defraud a [bank]." See Shaw*, 137 S. Ct. at 465-66. The Government cites *Shaw*, however, to establish a proposition about the intent to violate *prong (2)*, which was not at issue in *Shaw*. This error illustrates the danger of combining prong (1) and prong (2) into a single set of bank fraud instructions as the Government proposes. *See* Defendant's Response to Req. No. 17, *supra*.

*Second,* the Government proposes to instruct that if it proves "that the intent of the scheme was that the financial institutions would conduct transactions they would otherwise not have conducted, then the Government will have met its burden of proof as to this element." This is flatly wrong under Second Circuit right-to-control jurisprudence. A scheme that does "no more than cause [its] victim[] to enter into transactions [it] would otherwise avoid" is not right-to-control fraud. *United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007); *accord United States v. Binday*, 804 F.3d 558, 569 (2d Cir. 2015). "[M]isrepresentations or non-disclosure of information cannot support a conviction under the 'right to control' theory unless those misrepresentations or non-disclosures can or do result in tangible economic harm." *United States v Finazzo*, 850 F.3d 94, 111 (2d Cir. 2017) (citing *United States v. Mittelstaedt*, 31 F.3d 108, 1217 (2d Cir. 1994)).

*Third*, under *Shaw*, the Government *does* have to prove the defendant acted with the "*knowledge* that he would likely harm the bank's property interest." 137 S. Ct. at 468. Reducing the *mens rea* from purpose to knowledge, *id.*, does not make harm to the bank, or Sadr's awareness of harm, irrelevant. Moreover, in the quoted passage from *Shaw*, the harm question was different—because the banks were insured, and suffered no *unreimbursed* loss, the issue was whether the bank suffered actual or intended "*ultimate* financial loss," *id.* (emphasis added), not whether any harm to the bank was ever contemplated by the defendant. *See id.*

95

Should the Court nonetheless decide to instruct the jury on right-to-control theory, Mr. Sadr reserves the opportunity to submit a proposed instruction that comports with the Second Circuit's right-to-control jurisprudence.

5.  Defendant further objects that (a) the right-to-control theory is inconsistent with the fraud statutes' requirements of deprivation of property, *see McNally v. United States*, 483 U.S. 350, 360 (1987); *Cleveland v. United States*, 531 U.S. 12, 19 (2000); *Sekhar v. United States*, 570 U.S. 729, 740 (2013) (Alito, Kennedy, Sotomayor, JJ., concurring); *United States v. Sadler*, 750 F.3d 585, 591 (6th Cir. 2014); *United States v. Bruchhausen*, 977 F.2d 464, 470 (9th Cir. 1992); (b) accurate information or "potentially valuable economic information" is not property in the victim's hands, *see Cleveland*, 531 U.S. at 26; *Carpenter v. United States*, 484 U.S. 19, 25 (1987); (c) such information is not "obtainable money or property," *see NOW v. Scheidler*, 537 U.S. 393, 404-05 (2003); *Sekhar*, 570 U.S. at 732, 734.

## GOVERNMENT'S REQUEST NO. 20.

## Count Three: Bank Fraud

## (Intent to Defraud)

The second element of bank fraud is that the defendant executed, attempted to execute, or participated in the scheme or artifice knowingly, willfully, and with the intent to defraud the bank or that the defendant executed or attempted to execute the scheme knowingly and willfully and with the intent to obtain money or funds owned or under the custody or control of the bank.

A person acts "knowingly" if he acts voluntarily and deliberately and not mistakenly or inadvertently. In determining whether the defendant acted knowingly, you may also consider whether the defendant consciously avoided guilty knowledge, in other words, whether he was willfully blind to the nature of the scheme. I have already instructed you about those terms in connection with Count One, and you should rely on them here as well. A person acts "willfully" and "intentionally" if he acts purposely and voluntarily and with the specific intent to disobey or disregard the law.

This element requires that the defendant engaged in, or participated in, the scheme alleged with an understanding of its fraudulent or deceptive character and with an intention to help it succeed. It is not required that the defendant participate in or have knowledge of all the operations of the scheme. The guilt of the defendant is not governed by the extent of his participation. It also is not necessary that the defendant originated the scheme to defraud, or that the defendant participated in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the

scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the defendant participated in the scheme to a lesser degree than others, he is nevertheless guilty, so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

The questions of whether a person acted knowingly, willfully, and with intent to defraud are questions of fact for you to determine, like any other fact question. These questions involve the state of mind of the defendant.

Direct proof of knowledge and fraudulent intent is often unavailable. Indeed it is not typical that a person writes or states that as of a given time in the past he or she committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

When deciding whether the defendant possessed or lacked an intent to defraud, you need not limit yourself to just what the defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.[79]

---

[79] Adapted from the charges of the Honorable Shira A. Scheindlin in *United States v. Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); Sand, *Modern Federal Jury Instructions*, Instrs. 44-5, 44-11. *See also United States v. Schwartz*, 924 F.2d 410, 420 (2d Cir. 1991) ("It need not be shown that the intended victim of the fraud was actually harmed it is enough to show defendants contemplated doing actual harm, that is, something more than merely deceiving the victim."); *United States v. King*, 860 F.2d 54, 55 (2d Cir. 1988) (same); *United States v. Karro*, 257 F.3d 112, 118 (2d Cir. 2001) (defendant who intentionally provides false information to lender about her identity to obtain credit card has intent to defraud, whether or not she intended to repay debts).

## GOVERNMENT'S POSITION

See the Government's position with respect to Requests 17 and 19.

## DEFENDANT'S POSITION

1.  *See* Defendant's General Objection following Req. No. 1, *supra*.

2. *See* Defendant's Response to Req. No. 17, *supra*.

## GOVERNMENT'S REQUEST NO. 21.

### Count Three: Bank Fraud

### (Federally Insured Financial Institution)

The third element of the substantive crime of bank fraud, as charged in Count Three, is that a financial institution in question was federally insured at the time of the scheme. This simply means that the financial institution was a bank insured by the Federal Deposit Insurance Corporation during the time frame alleged in the Indictment. The Government need not show that the defendant knew that a financial institution was federally insured to satisfy this third element.[80]

### GOVERNMENT'S POSITION

The Government's proposed instruction is an accurate statement of the law. The defendant's proposed instructions do not contain an instruction with respect to this element of bank fraud.

### DEFENDANT'S POSITION

1. *See* Defendant's General Objection following Req. No. 1, *supra*.

2. *See* Defendant's Response to Req. No. 17, *supra*.

---

[80] *See* Sand, *Modern Federal Jury Instructions*, Instr. 44-11.

## PARTIES' REQUEST NO. 22.

## Count Three: Bank Fraud

## (Aiding and Abetting)

*[If Applicable]*

In connection with the substantive crime of bank fraud charged in Count Three, Mr. Sadr is also charged with aiding and abetting the commission of that crime. Mr. Sadr can be convicted *either* if he committed the crime himself, *or* if another person committed the crime and Mr. Sadr aided and abetted that person to commit that crime.

A person who aids and abets another to commit an offense is just as guilty of that offense as if he had committed it himself. Therefore, if you find that the Government has proven beyond a reasonable doubt that another person actually committed the bank fraud offense charged in Count Three, and that Mr. Sadr aided and abetted that person in the commission of the offense, then you may find Mr. Sadr guilty of that crime.

In order to convict on an aiding and abetting theory, you must first find that another person has committed the crime charged in Count Three. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person. But if you do find that someone committed the crime of bank fraud charged in Count Three, then you must consider whether Mr. Sadr aided or abetted the commission of the crime.

In order to aid and abet another in committing a crime, it is necessary that the Government prove that Mr. Sadr knowingly and willfully associated himself in some way with the crime, and that he knowingly and willfully sought by some act to help make the crime succeed. To establish that the defendant knowingly and willfully associated himself with the crime, the government must establish that the defendant knew of the scheme to defraud the bank

and intended to defraud the bank, or knew of the scheme to obtain money from the bank's custody and intended to do so by means of false statements.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done—that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

In sum, to determine whether Mr. Sadr aided and abetted bank fraud as charged in Count Three, the Government must prove that Mr. Sadr: (1) participated in either the scheme to defraud the bank or the scheme to obtain property from the bank's custody through false representations as something he wished to bring about; (2) associated himself with that crime knowingly, deliberately, and willfully; and (3) intended by his actions to make that crime succeed. If the Government has proved these three things beyond a reasonable doubt, then the Defendant is an aider and abettor and guilty of the crime charged. If the Government's proof has failed to prove these three things, then Mr. Sadr is not an aider and abettor and you must find him not guilty of the crime charged in Count Three.[81]

---

[81] Adapted from 1 L. Sand et al., *Modern Federal Jury Instructions (Crim.)*, Instr. 11-2, and *Lebedev*, No. 15-cr-769-AJN, Dkt. No. 442, Instr. 64-65; *see Rosemond v. United States*, 572 U.S. 65 (2014) (to be guilty of aiding and abetting, defendant must have known of every

Under the statute, another way a defendant may be found guilty of aiding and abetting the criminal acts of another is if the defendant intentionally caused another person to physically commit the crime. Specifically, the statute provides that whoever "willfully causes an act to be done which if directly performed by him or another" would be an offense, is punishable as a principal. Thus, with respect to Count Three, if the defendant willfully caused another to commit bank fraud, then the defendant is guilty of the crime charged in Count Three just as if he had physically committed the crime himself.[82]

## GOVERNMENT'S POSITION

The Government charged that the defendant aided and abetted others under both prongs of 18 U.S.C. § 2, and both prongs therefore should be included in the Court's instructions. The Government's proposed language is consistent with Sand Instruction 11-3 in all material respects.

## DEFENDANT'S POSITION

1. *See* Defendant's General Objection following Req. No. 1, *supra*.

2. Defendant objects to the last paragraph of the Government's request, charging a theory of "willfully causing" under 18 U.S.C. § 2(b), because the Indictment does not charge any theory of "willfully causing." *See* Ind. ¶ 23. (By contrast, Count Three does contain an express

---

element that made the conduct criminal before the commission of the crime (in time to walk away), and must have intended, with that knowledge, to further that crime) (cited in commentary to 1 Sand Instr. 11-2).

[82] *See* Sand, *Modern Federal Jury Instructions*, Instr. 11-2, 11-3; *see also United States* v. *Gabriel*, 125 F.3d 89, 99 (2d Cir. 1997) ("Generally, to establish a conviction through the use of section 2(b), the government must prove that the defendant had the mental state necessary to violate the underlying criminal statute and that the defendant 'willfully caused' another to commit the necessary act.").

charge that Mr. Sadr "aided and abetted" bank fraud offense. *See id.* If the Court does instruct on "willfully causing," Defendant requests Sand Instr. 11-3 in place of the Government's incomplete, patchwork request.

**PARTIES' REQUEST NO. 23.**

**Count Four: Conspiracy to Commit Bank Fraud**

**(General Instructions)**

Count Four charges Mr. Sadr with conspiracy to commit the bank fraud offenses charged in Count Three.

Specifically, Count Four alleges that:

> From at least in or about 2006, up to and including at least in or about May 2014, in the Southern District of New York, Turkey, Switzerland, Iran, and elsewhere, ALI SADR HASHEMI NEJAD, the defendant, and others known and unknown, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to commit bank fraud, in violation of Title 18, United States Code, Section 1344.

> It was a part and an object of the conspiracy that ALI SADR HASHEMI NEJAD, the defendant, and others known and unknown, would and did knowingly execute and attempt to execute a scheme or artifice to defraud a financial institution, the deposits of which were then insured by the FDIC, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of such a financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

Title 18, Section 1344 of the United States Code defines the crime of bank fraud, as I instructed you under Count Three.

Title 18, Section 1349 of the United States Code provides:

> Any person who ... conspires to commit any offense under this chapter [including bank fraud under Section 1344] shall be [guilty of a crime].

## PARTIES' REQUEST NO. 24.

### Count Four: Conspiracy to Commit Bank Fraud

### (Elements)

Like Counts One and Two, Count Four charges a conspiracy. Again, the elements of Count Four are similar to the elements of Count One, except that an overt act is not required. To sustain its burden of proof with respect to the conspiracy charge in Count Four, the Government must prove beyond a reasonable doubt each of the following elements:

First, the Government must prove that the conspiracy charged in Count Four existed. That is, that there was an agreement or understanding among at least two people to commit bank fraud, as charged in Count Three

Second, the Government must prove that Mr. Sadr knowingly and willfully became a member of that conspiracy, with knowledge of its unlawful objective.

Each of these elements must be satisfied beyond a reasonable doubt.[83]

---

[83] *See generally* 50 U.S.C. § 1705; *United States v. Ayden*, 2015 WL 927666, at *3 (N.D. Ga. Mar. 3, 2015) (distinguishing conspiracy alleged under 50 U.S.C. § 1705 from conspiracy alleged under 18 U.S.C. § 371 in that the former does not contain overt act requirement) (citing *Whitfield v. United States*, 543 U.S. 209, 213–14 (2005)).

**PARTIES' REQUEST NO. 25.**

**Count Four: Conspiracy to Commit Bank Fraud**

**(Existence and Object of the Conspiracy)**

The first element that the Government must prove beyond a reasonable doubt is that two or more persons entered the unlawful agreement charged in Count Four of the Indictment – that is, an agreement to commit bank fraud as charged in Count Three.

In [Requests No. 5 - 7] on Count One, I instructed you on the principles of law you are to apply to determine whether the Government has proven beyond a reasonable doubt that the conspiracy charged in the relevant count of the Indictment existed.

You should apply those principles here to determine whether the unlawful agreement charged in Count Four, described above, existed.[84]

---

[84] *United States v. Ramirez*, No. 12-cr-927-AJN, Dkt. No. 48, Instr. 23; Req. No. __, *supra*; Indictment Count Four, ¶ 25.

<u>**PARTIES' REQUEST NO. 26.**</u>

**Count Four:  Conspiracy to Commit Bank Fraud**

**(Knowing and Willful Participation in the Conspiracy)**

In order to find Mr. Sadr guilty of the conspiracy charged in Count Four, the second element you must find that the Government has proved beyond a reasonable doubt is that Mr. Sadr knowingly and willfully participated in the conspiracy to commit bank fraud charged in Count Four, knowing of and intending to further its unlawful purpose. I have already explained the elements of bank fraud, including the required knowledge and intent, when discussing Count Three.  You should rely on those instructions in determining whether Mr. Sadr participated in the bank fraud conspiracy charged in Count Four with the required knowledge and intent.

## PARTIES' REQUEST NO. 27.

## Count Five: Money Laundering

## (General Instructions)

Count Five charges Mr. Sadr with international money laundering, by unlawfully transporting (or attempting to transport) funds or monetary instruments into the United States with an intent to promote the offenses of "illegal export of services to Iran as charged in Count Two" and "bank fraud as charged in Counts Three and Four," in violation of 18 U.S.C. § 1956(a)(2)(A).

Specifically, Count Five charges:

> From at least in or about 2006, up to and including at least in or about May 2014, in the Southern District of New York, Turkey, Switzerland, Iran, and elsewhere, ALI SADR HASHEMI NEJAD, the defendant, and others known and unknown, together with others known and unknown, in an offense involving and affecting interstate and foreign commerce, did knowingly transport, transmit, and transfer, and attempted to transport, transmit, and transfer, monetary instruments and funds to places in the United States from and through places outside the United States, in amounts exceeding $10,000, and aided and abetted the same, with the intent to promote the carrying on of specified unlawful activity, to wit, (i) the illegal export of services to Iran as charged in Count Two of this Indictment, and (ii) bank fraud as charged in Counts Three and Four of this Indictment.

Section 1956(a)(2) of Title 18, United States Code, provides in relevant part:

> Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds ... to a place in the United States from or through a place outside the United States—

> (A) with the intent to promote the carrying on of specified unlawful activity ...

> shall be [guilty of a crime].

## PARTIES' REQUEST NO. 28.

## Count Five: Money Laundering

## (Elements)

In order to prove the crime of money laundering as alleged in Count Five, the Government must prove the following two elements beyond a reasonable doubt:

*First*, that the defendant transported, transmitted, or transferred, or attempted to transport, transmit, or transfer, a monetary instrument or funds to a place in the United States from or through a place outside the United States; and

*Second*, that the defendant did so with the intent to promote the carrying on of specified unlawful activity.[85]

---

[85] Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 50A-12 and the charge of the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB) (S.D.N.Y. Dec. 20, 2017).

## PARTIES' REQUEST NO. 29.

### Count Five: Money Laundering

### (Transportation of a Monetary Instrument or Funds to the United States)

The first element which the Government must prove beyond a reasonable doubt is that the defendant transported, transmitted, or transferred, or attempted to transport, transmit, or transfer, a monetary instrument or funds to a place in the United States from or through a place outside the United States.

The term "monetary instrument" includes, among other things, currency or a coin of the United States, for example U.S. dollars, or any other country, money orders, and other negotiable instruments.

The term "funds" refers to money or negotiable paper which can be converted into currency.

"Transport," "transmit," and "transfer" are not words that require definitions. They are words which have an ordinary, everyday meaning. The Government need not prove that the defendant physically carried the funds or monetary instrument in order to prove that he is responsible for transporting, transmitting, or transferring it. All that is required is proof that the defendant caused the funds or monetary instrument to be transported, transmitted, or transferred.

To satisfy this element, the Government must also prove that the funds or monetary instruments were transported to someplace in the United States from or through someplace outside the United States.[86]

---

[86] Adapted from the charges of the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB) (S.D.N.Y. Dec. 20, 2017); Honorable Vernon S. Broderick in *United States v. Ng Lap Seng,* 15 Cr. 706 (S.D.N.Y. 2017); and Sand *et al.*, *Modern Federal Jury Instructions*, 50A-13.

## PARTIES' REQUEST NO. 30.

## Count Five: Money Laundering

## (Intent to Promote Specified Unlawful Activity)

The second element which the Government must prove beyond a reasonable doubt is that Mr. Sadr acted with intent to promote the carrying on of specified unlawful activity.

I instruct you, as a matter of law, that the term "specified unlawful activity" includes (i) conspiracy to violate the IEEPA as charged in Count Two; and (ii) bank fraud and bank fraud conspiracy, as charged in Counts Three and Four. I have already explained to you the elements of those specified unlawful activities in connection with Counts Two, Three, and Four.

To act intentionally means to act deliberately and purposefully, not by mistake or accident, with the purpose of promoting, facilitating or assisting the carrying on of these specified unlawful activities. If you find that the defendant acted with the intention or deliberate purpose of promoting, facilitating, or assisting in the carrying on of either or both of these specified unlawful activities, then the third element is satisfied. You need not find that these activities actually occurred, but merely that the defendant acted to promote, facilitate, or assist them to occur.[87]

---

[87] Adapted from the charges of the Honorable Vernon S. Broderick in *United States v. Ng Lap Seng,* 15 Cr. 706 (S.D.N.Y. 2017); Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB) (S.D.N.Y. Dec. 20, 2017); and Sand *et al.*, *Modern Federal Jury Instructions*, 50A-14.

## PARTIES' REQUEST NO. 31.

## Count Five: Money Laundering

## (Aiding and Abetting )

As with Count Three, Mr. Sadr can be convicted of Count Five *either* if he committed the crime himself, *or* if another person committed the crime and Mr. Sadr aided and abetted that person to commit that crime. I have already instructed you as to the requirements of aiding and abetting in connection with Count Three. You should follow those instructions here as well.

## PARTIES' REQUEST NO. 32.

### Count Six: Conspiracy to Commit Money Laundering

### (General Instructions)

Count Six charges Mr. Sadr with conspiracy to commit the money laundering offense charged in Count Five.

Specifically, Count Six alleges that:

From at least in or about 2006, up to and including at least in or about May 2014, in the Southern District of New York, Turkey, Switzerland, Iran, and elsewhere, ALI SADR HASHEMI NEJAD, the defendant, and others known and unknown, together with others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1956(a)(2)(A).

It was a part and an object of the conspiracy that ALI SADR HASHEMI NEJAD, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds to places in the United States from and through places outside the United States, in amounts exceeding $10,000, with the intent to promote the carrying on of specified unlawful activity, to wit, the illegal export of services to Iran as charged in Count Two of this Indictment and bank fraud as charged in Counts Three and four of this Indictment, in violation of Section 1956(a)(2)(A) of Title 18, United States Code.

Title 18, Section 1956(h) of the United States Code provides:

Any person who conspires to commit any offense defined in this section ... shall be [guilty of a crime].

114

**PARTIES' REQUEST NO. 33.**

**Count Six: Conspiracy to Commit Money Laundering**

**(Elements)**

Like Counts One, Two, and Four, Count Six charges a conspiracy. Again, the elements are similar to Count One, except that an overt act is not required. As I said with respect to Counts One, Two, and Four, a conspiracy and the substantive crime are distinct and independent offenses, and you may find the defendant guilty of the crime of conspiracy – even if you find that he never actually committed the substantive crime that was the object of the conspiracy. By the same token, you can find the defendant guilty of committing the substantive crime, even if you find him not guilty of conspiracy. To sustain its burden of proof with respect to the conspiracy charge in Count Six, the Government must prove beyond a reasonable doubt each of the following elements:

First, the Government must prove that the conspiracy charged in Count Six existed. That is, that there was an agreement or understanding among at least two people to commit unlawful transportation of monetary instruments or funds to promote the specified unlawful activities of illegal export of services to Iran in violation of IEEPA (as charged in Count Two) and bank fraud (as charged in Counts Three and Four), and that that agreement continued to exist after March 18, 2013.[88]

Second, the Government must prove that Mr. Sadr knowingly and willfully became a member of that conspiracy, with knowledge of its unlawful objective.

Each of these elements must be satisfied beyond a reasonable doubt.

---

[88] *See* note __, *supra*.

**GOVERNMENT'S POSITION**

For the reasons discussed in the Government's response to Request 4, the Government does not believe it is necessary to repeat the statute of limitations throughout the charge (including multiple times for a given count). The Government instead proposes one instruction that will apply to each of the relevant counts.

**DEFENDANT'S POSITION**

To fall within the statute of limitations, the conspiracy must have continued to exist after March 18, 2013. The jury should be so instructed. An instruction on the existence of the conspiracy that omits the statute of limitations risks the jury's convicting without finding that the conspiracy was within the statute of limitations.

**PARTIES' REQUEST NO. 34.**

**Count Six: Conspiracy to Commit Money Laundering**

**(Existence and Object of the Conspiracy)**

The first element that the Government must prove beyond a reasonable doubt is that two or more persons entered the unlawful agreement charged in Count Six of the Indictment – that is, an agreement to commit money laundering by unlawful transportation of monetary instruments and funds, with intent to promote the illegal exportation of services to Iran as charged in count 18-Two, and bank fraud as charged in Counts Three and four.

In Instructions No. __-__ on Count One, I instructed you on the principles of law you are to apply to determine whether the Government has proven beyond a reasonable doubt that the conspiracy charged in the relevant count of the Indictment existed—including the requirement that it must have continued after the statute of limitations date.

You should apply those principles here to determine whether the unlawful agreement charged in Count Six, described above, existed after March 18, 2013.[89]

**GOVERNMENT'S POSITION**

For the reasons discussed in the Government's response to Request 4, the Government does not believe it is necessary to repeat the statute of limitations throughout the charge (including multiple times for a given count). The Government instead proposes one instruction that will apply to each of the relevant counts.

---

[89] *United States v. Ramirez*, No. 12-cr-927-AJN, Dkt. No. 48, Instr. 23; Req. No. __, *supra*; Indictment Count Six, ¶ 31.

## DEFENDANT'S POSITION

To fall within the statute of limitations, the conspiracy must have continued to exist after March 18, 2013. The jury should be so instructed. An instruction on the existence of the conspiracy that omits the statute of limitations risks the jury's convicting without finding that the conspiracy was within the statute of limitations.

## PARTIES' REQUEST NO. 35.

### Count Six:  Conspiracy to Commit Money Laundering

### (Knowing and Willful Participation in the Conspiracy)

In order to find Mr. Sadr guilty of the conspiracy charged in Count Six, the second element you must find that the Government has proved beyond a reasonable doubt is that Mr. Sadr knowingly and willfully participated in the conspiracy to commit money laundering charged in Count Six, knowing of and intending to further its unlawful purpose.

I have already explained the elements of the charged money laundering offense, including the required knowledge and intent, when discussing Count Five.  You should rely on those instructions in determining whether Mr. Sadr participated in the money laundering conspiracy charged in Count Six with the required knowledge and intent.

## DEFENDANT'S REQUEST NO. 36.

## Good Faith

As to each count, I have instructed you as to what state of mind the Government must prove Mr. Sadr had to be guilty of that charged crime. You are to assess each Count separately, and in each case review the instructions as to that specific Count.

Nevertheless, let me advise you that a defendant's good faith is a complete defense to all of the charges in this case. If a defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, there would be no crime. The burden of establishing criminal intent and lack of good faith rests upon the Government. Mr. Sadr is under no burden to prove his good faith; rather, for each Count in the Indictment, the Government must prove bad faith by Mr. Sadr beyond a reasonable doubt.[90]

This is especially so in the context of trade sanctions regulations enacted under the International Emergency Economic Powers Act. That statute, which provides the authority for the entire Iranian trade sanctions regime, also provides:

> No person shall be held liable in any court for or with respect to anything done or omitted in good faith in connection with the administration of, or pursuant to and in reliance on, this chapter, or any regulation, instruction, or direction issued under this chapter.

Title 50, Section 1702(3), United States Code.[91]

All of the charges in the Indictment are derived from allegations that Sadr conspired to violate the Iranian trade sanctions regulations issued under IEEPA. If the Government does not meet its burden to prove beyond a reasonable doubt that Mr. Sadr did not act in good faith in

---

[90] *United States v. Lebedev*, No. 15-cr-769, Dkt. 442, Instr. 40.

[91] 50 U.S.C. § 1702(3).

connection with those regulations and OFAC's administration of them, you must acquit Mr. Sadr of all charges.

**GOVERNMENT'S POSITION**

Government objects to the inclusion of this instruction and to its form. The mental state instructions for each of the charges make clear that the Government must prove that the defendant acted knowingly and willfully. Adding this instruction, particularly at this point in the charge, will only serve to confuse the jury about the mental state instructions it has already received.

The Government further objects to the inclusion of the second two paragraphs in the requested instruction. This is a clear misstatement of the law for which the defendant has provided no support. As discussed below in the Government's position with respect to Request 6, it is not accurate that the defendant's good faith belief that he was complying with IEPPA would require acquittal on any count other than Count Two. The Government has already explained why this is the case with respect to Count One. For Counts Three and Four, the defendant did not need to violate or conspire to violate IEPPA in order to defraud banks by, for example, hiding material facts from the banks about the nature of the transactions he was conducting. In order to protect themselves and enforce their anti-money laundering provisions, banks at times will stop transactions involving Iranian individuals or entities even if the transactions technically do comply with IEPPA. By obscuring the true beneficiary of the transfers at issue in this case, the defendant defrauded the banks by withholding facts material to the banks' decision making processes. Because the money laundering charges in Counts Five

and Six are premised on Count Two as well as on Counts Three and Four, the defendant similarly can be convicted on Counts Five and Six even if he is acquitted on Count Two.

**DEFENDANT'S POSITION**

The first two paragraphs of Mr. Sadr's proposed good faith instruction are as given in *United States v. Lebedev*, No. 15-cr-769, Dkt. 442, Instr. 40. Even independent of IEEPA's statutory good faith provision, good faith is a defense to all charges in the Indictment, because good faith negates the required intent for every count: knowingly and willfully joining a conspiracy to defraud with intent to defraud (for conspiracy to defraud, Count One); knowingly and willfully joining a conspiracy to violate prohibitions under IEEPA, which contains an express good faith provision (conspiracy to violate regulations under IEEPA, Count Two); intent to defraud and/or intent to obtain money through false pretenses (bank fraud, Count Three); knowingly and willfully joining a conspiracy to do the same (bank fraud conspiracy, Count Four); intent to promote the offenses in Counts Two through Four (money laundering,, Count Five), and knowingly and willfully joining a conspiracy to do so (money laundering conspiracy, Count Six).

On top of that ordinary good faith charge, good faith action in connection with or in reliance on any IEEPA regulation is a full defense. 50 U.S.C. § 1702(3) (providing that "[n]o person shall be held liable in any court"). Every charge in the Indictment is derivatively based, in whole or in part, on the allegation that Defendant conspired and intended to violate IEEPA. Count One, conspiracy to defraud the United States by unlawfully impairing OFAC's enforcement of IEEPA through fraudulent means, depends on intent to violate IEEPA—because compliance with IEEPA is a lawful objective that would not amount to an unlawful conspiracy or unlawful frustration of enforcement. Counts Three and Four, bank fraud, are based in

significant part on the allegation that Mr. Sadr induced banks to conduct financial transactions by means of deception to conceal supposed violations of IEEPA. And Counts Five and Six are expressly premised on Mr. Sadr's alleged intent to promote specified unlawful activity including violations of IEEPA. If Mr. Sadr acted in good faith in connection with the IEEPA regulations and in reliance on them, then he may not be held liable for violating or conspiring to violate them, and every one of these predicates consequently fails. Accordingly, good faith under 50 U.S.C. 1702(3) is an independent defense to the IEEPA predicate underlying every count, in addition to Mr. Sadr's good faith negating the intent required for every count. To give effect to the full legal implications of good faith in this case, both components of Mr. Sadr's proposed good faith instruction should be given.

## PARTIES' REQUEST NO. 37.

### Venue

In addition to all of the elements I have described, for each Count, you must consider the issue of venue, namely, whether any act in furtherance of each of the crimes occurred within the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties.

It is sufficient to satisfy the venue requirement if any act in furtherance of the crimes charged occurred within the Southern District of New York as I have described it to you. In this regard, the Government need not prove that the entire crime charged was committed in the Southern District of New York or that the defendant or any alleged co-conspirator was even physically present here in the Southern District of New York.

I should note that the Government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence. Thus, the Government has satisfied its burden on this issue if you conclude that it is more likely than not that venue exists. But I remind you that the Government must prove all other elements of each and every one of the offenses charged here beyond a reasonable doubt.[92]

---

[92] Adapted from the charge of the Hon. Colleen McMahon in *United States v. Omar Gonzalez*, 10 Cr. 588 (S.D.N.Y. 2010), and from Sand, *Modern Federal Jury Instructions*, Instr. 3-11.

## GOVERNMENT'S REQUEST NO. 38.

### Statute of Limitations

The statute of limitations applicable to Counts One, Two, Five, and Six is five years.  If you find that Mr. Sadr engaged in the crimes charged in each of those Counts but that no aspect of the particular crime occurred after March 19, 2013, then you must acquit on that charge because it is barred by the statute of limitations.

If, on the other hand, you find that any aspect of the crime you are considering continued on or after March 19, 2013, then the statute of limitations as to that charge has been complied with.

With respect to Count One, only, in order to find that the statute of limitations as to that charge has been complied with, you must also conclude that an overt act was committed in furtherance of the conspiracy charged in Count One on or after March 19, 2013.[93]


### GOVERNMENT'S POSITION

For the same reasons that Courts routinely provide one venue instruction that relates to each count charged in the Indictment, the Court should provide one statute of limitations instruction that will relate to each count charged in the Indictment with a five-year statute of limitations.  Repetition of the statue of limitations throughout the Court's instructions is unnecessarily repetitive, and may incorrect suggest that the statute of limitations is an element of the offenses rather than an affirmative defense.

---

[93] Adapted from the charge of the Hon. Valerie E. Caproni in *United States v. Silver*, 15 Cr. 93 (S.D.N.Y. 2015).

## <u>DEFENDANT'S POSITION</u>

Defendant objects that the jury should be instructed as to the statute of limitations in connection with the required elements of each count, as he has requested.

Failure to include a limitations instruction with respect to each count risks that the jury will overlook that requirement and fail to apply it to some of all of the counts to which it applies.

## DEFENDANT'S REQUEST NO. 39.

### Theory of the Defense

### [To be submitted by Sadr at the conclusion of the evidence.]


### GOVERNMENT'S POSITION

The Government reserves the right to object in the event that the defendant requests an instruction on the defense theory of the case.

## GOVERNMENT'S REQUEST NO. 40.

### Variance in Dates

Each Count of the Indictment alleges an approximate date range. It is sufficient if you find that the charged conduct that you are considering occurred around the dates set forth in the Indictment.

This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.[94]

### GOVERNMENT'S POSITION

It is a correct statement of the law that "it does not matter if the indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that in fact, it was on another date." Sand Instr. 3-12. There is no basis to omit this standard instruction in this case.

### DEFENDANT'S POSITION

1. *See* Defendant's General Objection following Req. No. 1, *supra*.

2. Defendant objects to the inclusion of the sentence "This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date" because it is unnecessary in light of the remainder of the instruction. *Compare*, *e.g.*, *United States v. Lebedev*, No. 15-cr-769-AJN, Dkt. No. 442, Instr. 43.

---

[94] Adapted from the charges given in *United States v. Alvarado- Matriller*, 94 Cr. 723 (JGK), and *United States v. Martinez*, 97 Cr. 313 (HB).

3. In addition, Defendant objects that the sentence has the potential to confuse and mislead. Defendant is aware that this Court sometimes instructs juries that it does not matter if the date is off by a matter of days, weeks, or a month. *See, e.g.*, *United States v. Ramirez*, No. 12-cr-927-AJN, Dkt. 48, Instr. 27. This case, however, involves potential discrepancies of years: the Indictment alleges that Sadr participated in unlawful conspiracies beginning at least as early as 2006, based on transactions that undisputedly would have been legal up through November 2008, and that Defendant submits were expressly legal under the general license in 31 C.F.R. § 560.516 up through October 2012. In these circumstances, Defendant objects to any sentence that says "it does not matter" in connection with variances in dates, and submits that the sentence should be deleted because it is unnecessary in any event.

## GOVERNMENT'S REQUEST NO. 41.

### Particular Investigative Techniques Not Required

You may have heard reference to the fact that certain investigative techniques were or were not used by the Government. There is no legal requirement that the Government prove its case through any particular means. Your concern is to determine whether, on the evidence or lack of evidence, the defendant's guilt has been proven beyond a reasonable doubt.[95]

### GOVERNMENT'S POSITION

The Government requests this instruction regardless of the defendant's arguments. Jurors who watch certain TV shows may expect certain types of evidence not relevant to this case. This instruction is crucial in disabusing jurors of any mis-held notions they may have about what evidence the Government should introduce at a trial.

### DEFENDANT'S POSITION

Defendant does not intend to make any argument that calls for this instruction.

---

[95] Adapted from the charge of Hon. Alison J. Nathan in *United States v. McGeer*, 16 Cr. 553 (AJN) (S.D.N.Y. Mar. 14, 2018).

## GOVERNMENT'S REQUEST NO. 42.

## Charts and Summaries – Not Admitted As Evidence

### *[If Applicable]*

There have been a number of summary charts and exhibits that were shown to you but not admitted into evidence. At the time they were shown to you, I have noted this fact to you. For these charts and exhibits that were not admitted into evidence, they serve merely as summaries and analyses of testimony and documents in the case and are here to act as visual aids for you. It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts. To the extent that the charts conform to what you determine the underlying facts to be, you should accept them. To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.[96]

## GOVERNMENT'S POSITION

The Government has no objection to the Court giving its standard instruction, but has provided the proposed language above in the event that it is helpful to the Court. In particular, the language instructing the jurors to accept charts and summaries that they believe accurately reflect the evidence may be useful to the jurors.

## DEFENDANT'S POSITION

1. *See* Defendant's General Objection following Req. No. 1, *supra*.

2. The Defendant objects to the Government's proposed instruction and requests that the Court give its standard instruction. *See, e.g.*, *United States v. Ramirez*, No. 12-cr-927-AJN, Dkt.

---

[96] Adapted from the charge of the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (S.D.N.Y. 2008), and Sand, et al., *Modern Federal Jury Instructions*, Instr. 5-13.

48, Instr. 41.

3.  The Government's request omits the key concepts, "They are no better than the testimony or the documents on which they are based," "You are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based." and "It is for you to decide whether the charts or summaries correctly present the information on which they are based." *See id.*

**PARTIES' REQUEST NO. 43.**

**Charts and Summaries – Admitted as Evidence**

*[If Applicable]*

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries. For these charts and summaries that were admitted into evidence, you should consider them as you would any other evidence, which includes assessing the accuracy of the information contained in those charts or summaries.[97]

---

[97] Sand, et al., *Modern Federal Jury Instructions*, Instr. 5-12. *See also* Fed. R. Evid. 1006.

**PARTIES' REQUEST NO. 44.**

**Testimony of Law Enforcement Officers**

*[If Applicable]*

You have heard testimony of law enforcement officers. The fact that a witness may be employed by the Government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than of an ordinary witness.

At the same time, it is legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.[98]

---

[98] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 7-16 and the charge of Hon. Alison J. Nathan in *United State v. McGeer*, 16 Cr. 553 (AJN) (S.D.N.Y. Mar. 14, 2018).

## GOVERNMENT'S REQUEST NO. 45.

## Formal / Informal Immunity of Government Witnesses

### *[If applicable]*

You have heard the testimony of witnesses who have testified under a grant of immunity from this Court (formal immunity), or who have been promised by the Government in written agreements that in consideration for their truthful testimony and cooperation with the Government, they will not be prosecuted for any crimes which they may have admitted either here in court or in interviews with the prosecutors (informal immunity). With respect to both categories of witnesses, what this means is that the testimony of the witness may not be used against him or her in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by Order of this Court. Similarly, the Government is permitted to enter into non-prosecution agreements and is entitled to call as witnesses people to whom these promises have been given. You may convict a defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity by the Court, or who has been given a written non-prosecution agreement by the Government, should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to

falsify his testimony.

Such testimony should be scrutinized by you with great care and you should act upon it with caution. If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.[99]

## **GOVERNMENT'S POSITION**

The Government's proposed instruction accurately reflects Sand Instructions 7-8 and 7-9. It will obviate the need for the Court to read two nearly identical instructions on two closely related topics.

## **DEFENDANT'S POSITION**

Defendant objects to the Government's proposed hybrid instruction.  Defendant requests that if any immunized witness testifies, the Court give either Sand Instr. 7-8 (statutory immunity) or 7-9 (informal immunity), as appropriate.

---

[99] Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 7-8.

## GOVERNMENT'S REQUEST NO. 46.

### Cooperating Witnesses

### *[If Applicable]*

You have heard from a witness [or witnesses] who testified that he was [or they were] actually involved in committing certain crimes with the defendant. You have heard that the witnesses pleaded guilty to charges arising out of some of the same facts as in this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled guilty to similar charges. A witness's decision to plead guilty is a personal decision about his or her own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

There has been a great deal said about these so-called accomplices or cooperating witnesses in the summations of counsel and about whether you should believe them. Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit to participating in committing crimes. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

You may properly consider the testimony of such accomplices. If accomplices could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

Indeed, it is the law in federal courts that the testimony of a single accomplice witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the possible interest an accomplice may have in testifying, an accomplice's testimony should be scrutinized with special care and caution. The fact that a witness is an accomplice can be considered by you as bearing upon his or her credibility. It does not follow, however, that simply because a person has admitted participating in one or more crimes, that he or she is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his or her recollection, his or her background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You may consider whether an accomplice witness—like any other witness called in this case—has an interest in the outcome of the case, and if so, whether it has affected his or her testimony.

You heard testimony about various agreements between the Government and the witnesses. I caution you that it is no concern of yours why the Government made an agreement with a witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of accomplice witnesses, you should ask yourselves whether these accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain,

was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it. However, if, after a cautious and careful examination of an accomplice witness's testimony and demeanor on the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or you may disregard all of it. That is a determination entirely for you.[100]

## GOVERNMENT'S POSITION

The Government's proposed instruction is an accurate statement of the law that contains several features missing from Sand Instruction 7-5. Among them are the instruction that the jury should not draw any conclusion about the defendant's guilt from the fact that a witness has pled guilty to similar charges, and an instruction to the jury regarding cooperation agreements with the Government. The proposed instruction will also assist the jury in understanding that it need not accept all or none of the witness' testimony.

---

[100] Adapted from the charge of the Honorable Gerard E. Lynch in *United States v. Michael Jones*, 02 Cr. 674 (S.D.N.Y. 2002), and Sand, *Modern Federal Jury Instructions*, Instr. 7-5.

## **DEFENDANT'S POSITION**

1. *See* Defendant's General Objection following Req. No. 1, *supra*.

2. The Defendant objects to the Government's proposed instruction, and requests that the Court give its standard instruction, or Sand Instruction 7-5.

## GOVERNMENT'S REQUEST NO. 47.

### Testimony of Experts

*[If Applicable]*

You have heard testimony from what we call [an] expert witness[es].  An expert is someone who by education or experience has acquired learning or experience in a science or a specialized area of knowledge.  Such a witness is permitted to give his or her opinions as to relevant matters in which he or she professes to be expert and give his or her reasons for his opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find that the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in relying on his or her testimony.[101]

---

[101] Adapted from the charges of the Hon. Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (S.D.N.Y. 1992) and the Hon. Michael B. Mukasey in *United States v. Mensah*, 91 Cr. 705 (S.D.N.Y. 1991).

## GOVERNMENT'S POSITION

The Government's proposed instruction is an accurate statement of the law and, with one exception (defining "expert"), tracks the substance of Sand with slightly simpler language.

## DEFENDANT'S POSITION

1. *See* Defendant's General Objection, following Req. No. 1, *supra*.

2. The Defendant objects to the Government's proposed instruction, and requests that the Court give its standard instruction, or Sand Instruction 7-21.

**PARTIES' REQUEST NO. 48.**

**Stipulations**

**[*If Applicable*]**

You have heard some evidence in the form of what are called "stipulations." A stipulation of fact is an agreement among the parties that a certain fact is true. And you must regard such agreed facts as true.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony. However, it is for you to determine the effect or weight to give that testimony.[102]

---

[102] Adapted from the charge of Hon. Alison J. Nathan in *United State v. McGeer*, 16 Cr. 553 (AJN) (S.D.N.Y. Mar. 14, 2018) and Hon. Stephen C. Robinson, Jury Charge, *United States v. Leight*, 04 Cr. 1372 (S.D.N.Y. 2006); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 5-6.

## GOVERNMENT'S REQUEST NO. 49.

### Preparation of Witnesses

### [*If Applicable*]

You heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I instruct you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are is a matters completely within your discretion.[103]

### GOVERNMENT'S POSITION

The Government's proposed instruction is an accurate statement of the law and is consistent with this Court's instruction in *United States v. McGeer*. There is good reason to instruct the jury as to the reasons lawyers and witnesses meet in advance of the witness' testimony. Omitting the language above in blue risks juror speculation as to the purpose and subjects of those meetings.

---

[103] Adapted from the charge of Hon. Michael B. Mukasey in *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (S.D.N.Y. 1999) and the charge of Hon. Alison J. Nathan in *United State v. McGeer*, 16 Cr. 553 (AJN) (S.D.N.Y. Mar. 14, 2018).

## DEFENDANT'S POSITION

1. *See* Defendant's General Objection following Req. No. 1, *supra*.

2. Defendant objects that the highlighted language may be stricken for brevity.

3. Defendant objects that the highlighted language is inserted to bolster witness credibility and blunt any challenge to a witness's credibility based on the extent of his preparation with one side. Defendant submits that that matter is fact- and witness-specific, is a matter for the jury, and should be left to argument without instruction.

## GOVERNMENT'S REQUEST NO. 50.

## Persons Not On Trial

*[If Applicable]*

You may not draw any inference, favorable or unfavorable, towards the government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reason why other persons are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors.[104]

## GOVERNMENT'S POSITION

This is a standard instruction, which accurately states the law, provided to juries to ensure that they not speculate as to why the defendant but not others are on trial. This prevents the jury from speculating as to whether others were charged and pled guilty, or were not charged, and why that may have been the case. The Government anticipates that it will be applicable, as the jury will hear testimony about co-conspirators not on trial.

## DEFENDANT'S POSITION

1. *See* Defendant's General Objection following Req. No. 1, *supra*.

2. Defendant reserves position on this request, depending on the facts at trial, while noting the instruction is drawn from a 42-year-old unpublished charge.

3. In place of this charge, if applicable, Defendant Requests 1 Sand Instr. 2-18, (Jury to Consider Only This Defendant).

---

[104] Adapted from Hon. Henry Werker, *United States v. Barnes*, 77 Cr. 190 (S.D.N.Y. 1977) and the charge of Hon. Alison J. Nathan in *United State v. McGeer*, 16 Cr. 553 (AJN) (S.D.N.Y. March 14, 2018).

**Motive**

Proof of motive is not a necessary element of any of the crimes with which the defendant is charged. Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty. If the guilt of the defendant is shown beyond a reasonable doubt, it is immaterial what the defendant's motive or motives for the crime or crimes may be, or whether the defendant's motive was shown at all. The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of the defendant.[105]

**GOVERNMENT'S POSITION**

The requested instruction contains an accurate statement of the law. Jurors may be attuned to consider motive based on their everyday exposure to criminal law. This instruction will clarify for the jurors that motive is not in fact an element that they need to determine in reaching their verdict.

**DEFENDANT'S POSITION**

1. Defendant objects to any motive instruction being given. As the instruction notes, motive is not an element, and does not establish guilt or lack thereof—indeed, "it is immaterial." As such , it not relevant or helpful to the jury.

2. At the same time, a motive instruction has potential to "create[] confusion far greater than any clarification an instruction might accomplish." Federal Criminal Jury Instructions of

---

[105] Adapted from the charge of Hon. Alison J. Nathan in *United State v. McGeer*, 16 Cr. 553 (AJN) (S.D.N.Y. Mar. 14, 2018).

the Seventh Circuit, Instr. No. 3.19 (1999).  For that reason, the Seventh Circuit Committee "recommends that no instruction be given" on motive.  *Id.*

The Second Circuit does not hold that a motive instruction is required or even proper. *See United States v. Simon*, 425 F.2d 796, 808 (2d Cir. 1969); *see also United States v. Gupta*, No. 07-cr-177, Dkt. No. 119 (S.D.N.Y. May 31, 2014) (Judge Patterson reversing course and refusing, over Government objection, to instruct on motive).

**GOVERNMENT'S REQUEST NO. 52.**

**Uncalled Witnesses—Equally Available**

*[If Applicable]*

There are several people whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.[106]

**GOVERNMENT'S POSITION**

The requested instruction contains an accurate statement of the law and is a standard instruction given in criminal trials. The Government cannot anticipate any circumstance in which this instruction would not be applicable and necessary.

**DEFENDANT'S POSITION**

1. *See* Defendant's General Objection following Req. No. 1, *supra*.

2. The defendant reserves its position on this instruction pending the evidence at trial.

---

[106] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-7 and the charge of Hon. Alison J. Nathan in *United State v. McGeer*, 16 Cr. 553 (AJN) (S.D.N.Y. Mar. 14, 2018); *see United States v. Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *accord United States v. Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

**DEFENDANT'S REQUEST NO. 53.**

**Missing Witnesses Not Equally Available to Defendant**

*[If Applicable]*

You have heard evidence about witnesses who have not been called to testify including [list of relevant international witnesses not called by prosecution]. The defense has argued that the witnesses could have given material testimony in this case and that the government was in the best position to produce these witnesses.

If you find that these uncalled witnesses could have been called by the government and would have given important new testimony, and that the government was in the best position to call them, but failed to do so, you are permitted, but you are not required, to infer that the testimony of the uncalled witnesses would have been unfavorable to the government.

In deciding whether to draw an inference that the uncalled witness would have testified unfavorably to the government, you may consider whether the witness's testimony would have merely repeated other testimony and evidence before you.[107]

**GOVERNMENT'S POSITION**

The Government objects to the inclusion of this proposed instruction. The Government is unaware of any factual basis for the requested instruction. With trial in just over two months, the defendant has not requested that the Government assist in securing the presence of any potential foreign witnesses.

---

[107] 1 Sand 6-5 (adapted to include a list of witnesses not available due to the international nature of this prosecution and the government's threat to prosecute witnesses who enter the United States].

150

## GOVERNMENT'S REQUEST NO. 54.

### Evidence Obtained from Searches

You heard testimony in this case about the evidence seized in connection with searches conducted by law enforcement officers.  Evidence obtained from the searches was properly admitted in this case and may be properly considered by you.  Such searches were entirely appropriate law enforcement actions.

Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.  You must therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.[108]

### GOVERNMENT'S POSITION

The requested instruction contains an accurate statement of the law and is a standard instruction given in criminal trials.  Jurors may have preconceived views about the propriety of searches and uncertainty as to whether the search was proper, or pursuant to a search warrant. This instruction will appropriately dispel any such concerns.

### DEFENDANT'S POSITION

Defendant objects to this proposed instruction as unnecessary (because he does not intend to challenge the propriety of the government's seizures before the jury), and because the

---

[108] Adapted from the charge of Hon. William H. Pauley III in *United States v. Meregildo*, 11 Cr. 576 (S.D.N.Y. Nov. 28, 2012) and the charge of Hon. Alison J. Nathan in *United States v. McGeer*, 16 Cr. 553 (AJN) (S.D.N.Y. Mar. 14, 2018).

instruction is unfairly weighted in favor of bolstering Government's evidence obtained through seizure.

If the Court includes the instruction, Defendant objects to the word "entirely" in the last sentence of the first paragraph, as overly slanted in favor of the Government.

**PARTIES' REQUEST NO. 55.**

**Translations**

**[*If Applicable*]**

Translations of certain documents that were in foreign languages have been admitted into evidence, and these translations also embody [the testimony of translators called by the parties to testify / whose testimony was set forth in a stipulation / have been stipulated to by the parties]. The evidence you are to consider and on which you must base your decision is only the English-language translation. Although some of you may know the non-English languages used, you must disregard any meaning of the non-English words that differs from the official translation.

[In some instances, there are two translations of a foreign language audio recording or foreign language document because there is a difference of opinion as to what is said or written. To the extent that you accept or reject the testimony of any translator, however, you may accept or reject the transcript or translation itself.  Let me say again that you the jury are the sole judges of the facts.]

**PARTIES' REQUEST NO. 56.**

**Interpreters**

**[*If Applicable*]**

As you have seen throughout the trial, on some occasions interpreters were used to aid testifying witnesses. These interpreters were provided by the court and translated the witness's testimony into English for the benefit of the jury. You must not draw any inference or make any assumptions about a witness based upon the use of an interpreter to assist that witness.

With respect to the testimony of witnesses who testified in a language other than English, I instruct you that you must rely on and accept the interpreter's English language interpretation of that testimony, even if you understand the foreign language in which the witness testified.

You should consider the translated testimony as you would any other evidence in the case.

**PARTIES' REQUEST NO. 57.**

**Redaction of Evidentiary Items**

***[If Applicable]***

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document [or tape] was taken out. Material may be redacted for any number of reasons, including that it's not relevant to the issues you must decide in this case, among other reasons.  You are to concern yourself only with the part of the item that has been admitted into evidence. I instruct you that the omitted portion of the material was appropriately redacted, and you should not consider any possible reason for the redactions.[109]

---

[109] Adapted from the charge of Hon. Alison J. Nathan in *United States v. McGeer*, 16 Cr. 553 (AJN) (S.D.N.Y. Mar. 14, 2018).

# GOVERNMENT'S REQUEST NO. 58.

## Defendant's Testimony

### [*Requested only if Mr. Sadr testifies*]

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  In this case, Mr. Sadr did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.[110]

## GOVERNMENT'S POSITION

The Government's proposed instruction is consistent with the language approved in *Gaines*.  The first two sentences of the proposed instruction emphasize that the defendant has no burden.  The final sentence, which the Government believes to be the sentence the defendant takes issue with, is identical to the language provided in Sand, which the Second Circuit in *Gaines* quoted approvingly.  *See* Sand Instr. 7-4 ("You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case."); *see also United States v. Gaines*, 457 F.3d 238, 249 (2d Cir. 2006) (citing approvingly to Sand Instruction 7-4).

---

[110] *See United States v. Gaines*, 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

## DEFENDANT'S POSITION

The defendant objects to this instruction. It does not object to the form of the instruction, but objects on the basis that it places a burden on the defendant's credibility. *See United States v. Gaines*, 457 F.3d 238, 249 (2d Cir. 2006).

**PARTIES' REQUEST NO. 59.**

**Defendant's Right Not to Testify**

**[*If requested by defense*]**

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.[111]

---

[111] Sand, *Modern Federal Jury Instructions*, Instr. 5-21; the charge of Hon. Alison J. Nathan in *United State v. McGeer*, 16 Cr. 553 (AJN) (S.D.N.Y. Mar. 14, 2018).

**GOVERNMENT'S REQUEST NO. 60.**

**Character Witnesses**

*[If applicable]*

You have heard testimony that the defendant has a reputation for [insert character trait testified to, e.g., honesty and truthfulness] in the community where the defendant lives and work(s). That testimony bears on the defendant's character.  Character testimony should be considered together with all of the other evidence in the case in determining the guilt or innocence of a defendant.   If on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that a defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the opinion by the witness as to the guilt or innocence of a defendant. The guilt or non-guilt of a defendant is for you alone to determine, and should be based on all the evidence you have heard in the case.[112]

---

[112] Adapted from Sand et al., *Modern Federal Jury Instructions*, Instr. 5-15, and the charge in *United States v. Pujana-Mena*, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).  A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal. *United States v. Pujana-Mena*, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing"). The Second Circuit notes that "[I]t might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted. Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime.  In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand." *Id.* at 30 (citations omitted).

**GOVERNMENT'S POSITION**

The requested instruction contains an accurate statement of the law and is provided in the event that it is helpful to the Court. The Government has no objection to the Court providing any standard instruction it may have.

**DEFENDANT'S POSITION**

1. *See* Defendant's General Objection following Req. No. 1, *supra*.

2. The defendant objects to the Government's requested instruction as not even handed, and requests the Court's standard instruction.

## DEFENDANT'S REQUEST NO. 61.

## Witness Credibility – Bias and Hostility

## *[If Applicable]*

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have toward Mr. Sadr.

In this case, **[insert facts relevant to specific witness(es) for whom potential bias or hostility has been shown]**.

Evidence that a witness is biased, prejudiced, or hostile toward any defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.[113]

## GOVERNMENT'S POSITION

The Government objects to the form of this proposed instruction insofar as it invites the Court to direct the jury to witnesses the defendant believes have exhibited bias. To the extent the Court gives this instruction, the jury should determine whether any witnesses exhibited bias on its own. The Government reserves the right to object to its inclusion based on the evidence at trial.

---

[113] 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instr. 7-2 (2009). The Comment to Sand Instr. 7-2 states, "It is also appropriate to tailor the requested instruction to the specific facts involved," and gives an example of instructing on the particular source of bias or hostility as to a particular witness that may be shown at trial.

## GOVERNMENT'S REQUEST NO. 62.

### Punishment Is Not To Be Considered By The Jury

You should not consider the question of possible punishment of the defendant. That is to say, the question of punishment in the event you were to determine that the defendant is guilty. Under our system, sentencing or punishment is exclusively the function of the Court. It is not your concern and you should not give any consideration to that issue in determining what your verdict will be. Therefore, I instruct you not to consider punishment or possible punishment at all in your deliberations in this case.

### GOVERNMENT'S RESPONSE

The requested instruction contains an accurate statement of the law and is provided in the event that it is helpful to the Court. The Government has no objection to the Court providing any standard instruction it may have.

### DEFENDANT'S OBJECTION

1. *See* Defendant's General Objection following Req. No. 1, *supra*.

2. The defendant objects to the Government's proposed instruction and requests that the Court give its standard instruction.

## PARTIES' REQUEST NO. 63.

### Right To See Exhibits and Hear Testimony

Now, ladies and gentlemen, you are about to go into the jury room and begin your deliberations. All of the exhibits will be given to you at the start of deliberations. If you want any of the testimony read back, you may also request that. Please remember that if you do ask for testimony, the reporter must search through his or her notes and the lawyers must agree on what portions of testimony may be called for, and if they disagree I must resolve those disagreements. That can be a time-consuming process. So please try to be as specific as you possibly can in requesting portions of the testimony, if you do. Your requests for testimony — in fact any communication with the Court — should be made to me in writing, signed by your foreperson, and given to one of the Marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a verdict is reached.

In submitting these requests to charge, the parties reserve the right to submit additional or modified requests at or near the close of evidence.

Dated: New York, New York
       December 20, 2019

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By:  _____/s/_____
     Jane Kim
     Michael Krouse
     Stephanie Lake
        Assistant United States Attorneys
     Garrett Lynch
        Special Assistant United States Attorney