Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

**Steptoe**

December 23, 2019

By Electronic Mail

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

    Re:    *United States v. Ali Sadr Hashemi Nejad*, Case No. 18-cr-224 (AJN)

Dear Judge Nathan:

    Despite the parties' best efforts to coordinate a joint submission of all issues, there are a few points contained in the Requests to Charge as filed by the government on Friday night to which Mr. Sadr did not have an opportunity to respond. We write very briefly to clarify and respond to these points.

    <u>Page 46 (Conscious Avoidance)</u>: The government states the sourcing for Mr. Sadr's proposed instruction is not clear. For this instruction, we worked from the government's draft. Accordingly, the authority for the common paragraphs is the government's. The authority for our objections and our proposed paragraph to which the government objects is contained in the statement of our position on page 46 and in footnotes 35 and 36 on page 45.

    <u>Page 70 (Government's Position regarding Request No. 14)</u>: Mr. Sadr does not concede, as the government suggests, that Section 560.516 was limited to U-Turns or that Section 560.516 was revoked in November 2008. Although the November 2008 revision to Section 560.516 removed the specific authorization for U-Turn transactions (subsection (a) of the version of § 560.516 that was in effect until November 2008), the remainder of § 560.516, including its authorization for funds transfers arising out of underlying transactions not prohibited by Part 560 of the ITSR, remained in effect until October 2012. *See, e.g.*, Pretrial MTD No. 1, at 22-23 (Dkt. No. 82); Pretrial Reply No. 1, at 3-6 (Dkt. No. 110).

    <u>Page 103 (Government's Position regarding "willfully causing")</u>: "Willfully causing" is not an alternative theory of aiding and abetting, as the government states in its position and its

The Honorable Alison J. Nathan
December 23, 2019
Page 2

proposed instruction. Instead, "willfully causing" is an independent theory of liability, under a distinct prong of the "Principals" statute (18 U.S.C. § 2(b)), *see, e.g.*, *United States v. Ferguson*, 676 F.3d 260, 275-77 (2d Cir. 2011), with its own model instruction (1 Sand Instr. 11-3).

        Page 125 (Government's Position regarding State of Limitations): The government states the statute of limitations is an affirmative defense. It is not. The defendant bears no burden to show that the government's proof falls outside the limitations period. The government must prove beyond a reasonable doubt that conduct satisfying the elements of the offense occurred within the statute of limitations. The Sand model instructions on conspiracy endorse addressing limitations as part of instruction on the elements of the offense. *See* 1 Sand Instr. 19-7.

                                          Respectfully submitted,

                                          */s/ Brian M. Heberlig*
                                          Reid H. Weingarten
                                          STEPTOE & JOHNSON LLP
                                          1114 Avenue of the Americas
                                          New York, NY 10036
                                          Tel: (212) 506-3900
                                          Fax: (212) 506-3950
                                          rweingarten@steptoe.com

                                          Brian M. Heberlig (*Pro Hac Vice*)
                                          David M. Fragale
                                          Nicholas P. Silverman (*Pro Hac Vice*)
                                          Bruce C. Bishop (*Pro Hac Vice*)
                                          STEPTOE & JOHNSON LLP
                                          1330 Connecticut Avenue, N.W.
                                          Washington, DC 20036
                                          Tel: (202) 429-3000
                                          Fax: (202) 429-3902
                                          bheberlig@steptoe.com

                                          *Counsel for Defendant*
                                          *Ali Sadr Hashemi Nejad*

cc:      counsel of record, via ECF