

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 18, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

>   Re:    ***United States v. Ali Sadr Hashemi Nejad*, 18 Cr. 224 (AJN)**

Dear Judge Nathan:

   The Government writes in response to the defendant's February 14, 2020 letter regarding the effect of *United States v. Lebedev*, 932 F.3d 40 (2d Cir. 2019) on the bank fraud charges in this case.  For the reasons set forth below, the Government submits that the Government is not required to prove that the defendant actually caused financial harm, or intended to cause financial loss, in order to prove the defendant guilty of violating the first prong of bank fraud, 18 U.S.C. § 1344(1). With respect to the second prong of bank fraud, 18 U.S.C. § 1344(2), the law is clear that the Government need not prove that the defendant intended to cause or did cause financial harm to the victim banks. Consistent with these principles, the defendant should not be permitted to adduce evidence or make arguments that the defendant is not guilty because he did not intend to cause the banks to suffer financial loss.  With respect to the second prong of bank fraud, the defendant also should not be permitted to adduce evidence or make arguments that he is not guilty because he did not intend to or actually cause the banks to suffer harm.[1]

>   I.   Background: *United States v. Lebedev*

   Defendant Yuri Lebedev was charged with and convicted of wire fraud, in violation of 18 U.S.C. § 1343, bank fraud, in violation of 18 U.S.C. § 1344, and conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349.  *United States v. Lebedev*, 932 F.3d 40, 45 (2d Cir. 2019).  As is relevant here, Lebedev's wire fraud conviction was premised on a "right to control" theory.  He was convicted of bank fraud under the second prong of § 1344.

---

[1] The Court has already ruled that the defendant may argue that the victim banks did not face a risk of harm with respect to the first prong of bank fraud, and that they were not actually harmed only insofar as actual harm "is probative of risk of harm."  (Dkt. 210 at 2.)

The Honorable Alison J. Nathan, U.S.D.J.
February 18, 2020
Page 2

During trial, the Government proved that Lebedev worked for a company called "Coin.mx," which was an online Bitcoin exchange service. Customers used Coin.mx to purchase Bitcoins – a virtual currency – with dollars or other traditional currency. "Although the purpose of Coin.mx was to allow the purchase and sale of Bitcoins, Coin.mx concealed that fact from the banks and credit card companies processing the transactions." *Id.* at 46. It did this because "many banks refuse to transact with businesses dealing in Bitcoins" due to Bitcoin's "susceptibility to use for illegal transactions." *Id.* at 46, n.2. Coin.mx used front companies to hide the true nature of its transactions from the banks that it used to process customer's Bitcoin purchases from Coin.mx. *Id.* The Government did not prove that the defendant actually caused any financial harm to the victim banks, or to Coin.mx's customers.

The defendant appealed, challenging, among other things, the sufficiency of the evidence supporting his convictions for wire and bank fraud. With respect to his wire fraud conviction, Lebedev argued that "there was insufficient evidence that he committed wire fraud because . . . deceiving financial institutions concerning the nature of Coin.mx's business [] did not harm or risk harming those financial institutions," as required under the right-to-control theory of wire fraud. *Id.* at 48. With respect to his conviction under § 1344(2), Lebedev argued that this conviction should be vacated because there was not proof that he "intend[ed] to defraud either the bank or the customers who purchased Bitcoin." *Id.* at 49. The Second Circuit rejected Lebedev's arguments and affirmed his convictions. *Id.*

II.    The Right to Control Theory of Deprivation of Property

Although the Government in *Lebedev* charged the defendant with wire fraud based on a right to control theory, *Lebedev*, its reasoning, and the precedent on which it relies are relevant to the Court's consideration of the elements and facts at issue with respect to the bank fraud charge against Sadr under § 1344(1).

A.    Bank Fraud Under 18 U.S.C. § 1344(1) Does Not Require Actual or Intended Loss to the Victim Bank

As an initial matter, and as relevant to this case, bank fraud under 18 U.S.C. § 1344(1) requires that the Government prove: (1) that there was a scheme to defraud a bank, and (2) that the defendant executed or attempted to execute the scheme knowingly and willfully, with the intent to defraud the bank.

The Supreme Court in *United States v. Shaw*, 137 S. Ct. 462 (2016) recently answered the question whether the "scheme to defraud" a bank requires "the Government to prove that the defendant had 'a specific intent not only to deceive, but also to cheat, a *bank*.'" *Id.* at 466 (emphasis in original). The Court answered that question in the negative. It concluded that while the bank fraud statute "insist[s] upon 'a scheme to defraud,' [it] demands neither a showing of ultimate financial loss nor a showing of intent to cause financial loss." *Id.* at 467. It explained that this is because "lack of financial loss is no defense to false pretenses." The Supreme Court identified "no case from this Court interpreting the bank fraud statute as requiring that the victim bank

The Honorable Alison J. Nathan, U.S.D.J.
February 18, 2020
Page 3

ultimately suffer financial harm, or that the defendant intend that the victim bank suffer such harm." *Id.*

As set forth in this Court's December 6, 2019 opinion, "[a] scheme to defraud under Section 1344(1) 'must be one to deceive the bank and deprive it of something of value.'" (Dkt. 164 at 28 (quoting *Shaw v. United States*, 137 S. Ct. 462, 469 (2016)).) This does not mean that the defendant must intend to cause financial loss to the bank – the defendant need only, by deception, take something of value from the bank. Here, the Government intends to prove that the "thing of value" the defendant intended to take from the banks was their right to control their assets.

              B.   <u>Under *Lebedev* and its Precedents, Proving a Deprivation of a Victim's "Right to Control" Property Requires Subjecting the Victim to a Risk of Tangible Economic Harm, But Does Not Require Actual Harm or Economic Loss</u>

To prove a defendant guilty of defrauding a victim by interfering with the victim's right to control his or her property interests, the Government must demonstrate that "the defendant, through the 'withholding or inaccurate reporting of information that could impact [] economic decisions,' deprived some person or entity . . . of potentially valuable economic information." *Lebedev*, 932 F.3d at 48 (quoting *United States v. Finazzo*, 850 F.3d 94, 108 (2d Cir. 2017)).

In other words, the right-to-control theory requires proof that "misrepresentations or non-disclosures can or do result in tangible economic harm." *Finazzo*, 850 F.3d 94, 111 (2d Cir. 2017). A "cognizable harm occurs" when the defendant's scheme denies the victim "the right to control its assets by depriving it of information necessary to make discretionary economic decisions." *Binday*, 804 F.3d at 570 (quotation marks omitted). Examples include when the scheme "affected the victim's economic calculus or the benefits and burdens of the agreement," "pertained to the quality of services bargained for," or "exposed the [victim] to unexpected economic risk." *Id.* at 570-71.

The Government agrees with the defendant that the Government must show that the defendant exposed and contemplated exposing the victim banks to a risk of economic harm under a right to control theory of bank fraud under § 1344(1). However, a risk of economic harm is not coextensive with financial loss. Indeed, "[i]t is not necessary that a defendant intend that that his misrepresentation actually inflict a financial loss—it suffices that a defendant intend that his misrepresentations induce a counterparty to enter a transaction without the relevant facts necessary to make an informed economic decision." *Binday*, 804 F.3d at 579. *Cf. Shaw*, 137 S. Ct. at 466-67. Thus, the requisite mental state is established if "the defendant's misrepresentations foreseeably concealed economic risk or deprived the victim of the ability to make an informed economic decision." *Binday*, 804 F.3d at 578. It is also not the case, as the defendant suggests, that *Lebedev* required the Government to prove a risk of "fraudulent transactions and chargebacks" in addition to the risk of regulatory enforcement and fines to satisfy this standard. It will be for the jury to conclude whether the defendant's scheme to obscure the true counterparties to U.S. dollar transactions exposed the banks "to unexpected economic risk" by virtue of exposing them to potential regulatory actions and fines.

The Honorable Alison J. Nathan, U.S.D.J.
February 18, 2020
Page 4

III.     Bank Fraud Under 18 U.S.C. § 1344(2) Does Not Require that the Defendant Intend or
         the Bank Suffer Actual Financial Harm

        The second prong of bank fraud states that "whoever knowingly executes, or attempts to
execute, a scheme or artifice . . . to obtain any moneys, funds, credits, assets, securities, or other
property owned by, or under the custody or control of, a financial institution, by means of false or
fraudulent pretenses, representations, or promises" is guilty of a crime.  18 U.S.C. § 1344(2).

        As stated in the Government's brief (Dkt. No.194 at 13-14), the Supreme Court has
interpreted this statute to have two elements.  Those elements are (1) "obtain[ing] any of the
moneys . . . or other property owned by, or under the custody or control of, a financial institution,"
(2) "by means of false or fraudulent pretenses, representations, or promises."  *Loughrin v. United
States*, 573 U.S. 351, 355-56 (2014).  It "does not require that 'a defendant have a specific intent
to deceive a bank.'"  *Lebedev*, 932 F.3d at 49 (quoting *Loughrin*, 573 U.S. at 356-57).  The Second
Circuit in *Lebedev* so held against Lebedev's argument "that the government failed to prove he
committed bank fraud because he did not intend to defraud either the bank or the customers who
purchased Bitcoin."  *Id.*

        In reviewing the evidence that was sufficient to sustain the defendant's conviction under
§ 1344(2), the Circuit noted that there was evidence that (1) the defendant "caused false
information to be sent to a financial institution to disguise" the true nature of the parties to the
transaction, and (2) the defendant "did so with the intent to obtain funds under those institutions'
custody and control; namely, funds in the customers' accounts."  It further noted that, in approving
credit-card purchases, the banks "advanced Coin.mx their own funds that would later be paid back
by the customers."  *Id.*  The defendant's argument that the Court's citation to this final piece of
evidence means that it somehow left a "door open" to his argument that proof of intent to harm is
required is ludicrous.  (Dkt. 212 at 5.)[2]  It is readily apparent that the Circuit referenced the
evidence that the bank advanced Coin.mx money because it was relevant to the second element of
bank fraud – that the defendant obtained money in the banks' control.  *Loughrin* and *Lebedev* make
clear that there are two elements to this prong of bank fraud, and that intent to cause harm is not
one of them.

---

[2] The defendant also claims that "four circuits have found that" the Government must prove "intent
to defraud someone" under § 1344(2), citing to the parties' proposed jury instructions. (Dkt. 22 at
5 (citing Dkt. 185 at 88 & n.69)).  But the defendant's comments in his proposed jury instruction
do not cite any cases – they cite only pattern jury instructions in the Seventh, Eighth, Ninth, and
Eleventh circuits.  This Court should follow the Second Circuit's binding precedent, rather than
out of circuit pattern jury instructions.

The Honorable Alison J. Nathan, U.S.D.J.
February 18, 2020
Page 5


       The defendant therefore should not be permitted to adduce evidence or argue to the jury that the Government must show actual or intended harm to convict the defendant under 18 U.S.C. § 1344(2), and the jury should be instructed accordingly.

                         Respectfully submitted,

                         GEOFFREY S. BERMAN
                         United States Attorney

By: _____/s/_____
                         Jane Kim / Michael Krouse / Stephanie Lake
                         (212) 637-2038 / 2279 / 1066
                            Assistant United States Attorneys
                         Garrett Lynch
                            Special Assistant United States Attorney

cc: Defense Counsel (by ECF)