Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com

**Steptoe**

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

February 22, 2020

By ECF

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

    Re:    *United States v. Ali Sadr Hashemi Nejad*, Case No. 18-cr-224 (AJN)

Dear Judge Nathan:

    We write in response to the Court's instruction to raise via letter any objections to government exhibits obtained from the email search warrant raw returns, through a process the government described as seeking "clean copies" of previously-seized documents. The government represented that the exhibits pulled from the provider data would be identical clean copies of the same content produced in the May 2018 production. 2/10/2018 Tr. 26-27 (Dkt. No. 217).[1] The government's representation was summarized as follows:

> THE COURT: … And Mr. Krouse, the representation you're making to the Court is content-wise there will be nothing different than what has been what we have referred to over and over again as the May 2018 production, right?
>
> MR. KROUSE: Yes, your Honor, exactly.

---

[1] Sadr raised his concerns with the government on Friday, February 21, 2020. The parties are working towards resolving several of Sadr's concerns, but they will not be able to reach agreement regarding two categories of exhibits described in this letter.

The Honorable Alison J. Nathan
February 22, 2020
Page 2

*Id.* at 21.  Sadr objects to two categories of documents in the government's exhibits, because the new "clean" versions contain additional content that was not present in the previously-seized versions.

The government has produced 16 new exhibits from the provider data that contain more content than what we have referred to as the May 2018 production.  These exhibits fall into two categories, both of which were addressed in Sadr's February 6, 2020 pre-hearing letter.  Dkt. No. 206 at 10-11.  *First*, the government has produced 13 new exhibits[2] that contain text and graphics that were not in the May 2018 production.  For these 13 exhibits, the May 2018 production only included PDFs that cut off a portion of the entire document; it did not include the native files reflected by the government's new exhibits.  For some of the exhibits, the May 2018 production contained almost none of the text and graphics contained in the government's new exhibits.[3]  *Second*, the government has produced 3 new exhibits[4] that contain certain charts or text images that were illegible in the May 2018 production.  The May 2018 production did not contain a useable version of these charts or images, making this an issue of content, not of mere presentation.

These 16 exhibits are inconsistent with the government's representation that there would be no differences in content between the exhibits based on native files taken from the provider data and the pdf files produced in May 2018.  The Court should require the government to use the versions of these 16 exhibits contained in the May 2018 production.

Respectfully submitted,

*/s/ Brian M. Heberlig*
Reid H. Weingarten
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
rweingarten@steptoe.com

---

[2] GX 2014A, GX 2100A, GX 2100B, GX 2100C, GX 2100D, GX 2148B, GX 2171C, DX 2172A, GX 2192C, GX 2192D, GX 2192E, GX 2192F, GX 2259A.

[3] *E.g.*, GX 2100A (May 2018 production contained less than one quarter of the page and none of the data the government is likely to seek to use); GX 2100D (May 2018 production contained less than one quarter of the page and none of the data the government is likely to seek to use).

[4] GX 1001A, GX 2046A, GX 2303A.

Steptoe

The Honorable Alison J. Nathan
February 22, 2020
Page 3

                                     Brian M. Heberlig (*Pro Hac Vice*)
                                     Bruce C. Bishop (*Pro Hac Vice*)
                                     David M. Fragale
                                     Nicholas P. Silverman (*Pro Hac Vice*)
                                     STEPTOE & JOHNSON LLP
                                     1330 Connecticut Avenue, N.W.
                                     Washington, DC 20036
                                     Tel: (202) 429-3000
                                     Fax: (202) 429-3902
                                     bheberlig@steptoe.com

                                     *Counsel for Defendant Ali Sadr Hashemi Nejad*

cc:      Counsel of Record (via ECF)