UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



United States of America,

–v–

Ali Sadr Hashemi Nejad,

          Defendant.

18-cr-224 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

      In its February 14, 2020 Order, Dkt. No. 210, the Court ordered the parties to meet and confer and see if they could reach a resolution regarding how information related to the legality of the charged transactions under the U-Turn license will be presented to the jury. *Id.* at 6. The parties were unable to reach a resolution regarding this issue and submitted simultaneous supplementing briefing. *See* Dkt. Nos. 220, 221. The Court has reviewed the parties' supplemental briefing, and now resolves this issue as follows.

      The Court will hold the Government to its earlier and repeated representation that "transactions of the type charged in the Indictment would have been permitted before November 10, 2008." Dkt. No. 108 at 19; *see also* Dkt. No. 160 at 28:19–21 ("So the Government's view is, and we've conceded this, that under the U-Turn provision, these kinds of transactions were allowed."). Accordingly, if evidence is offered at trial regarding the U-Turn license and its revocation, as the Court has permitted, *see* Dkt. No. 210 at 3, the jury may also learn that "there is no dispute that transactions of the type charged in the Indictment would have been permitted before November 10, 2008." Dkt. No. 108 at 19. The Government may not adduce any evidence or make arguments to the contrary.

1

The Court so concludes because it deems the Government's eleventh-hour reversal of course to be a manufactured attempt to have relevant evidence regarding the U-Turn license and the legality of the charged transactions under it excluded. Indeed, the Government argues that such evidence should be excluded on the ground that its introduction would result in an undue risk of confusing the issues or misleading the jury. Allowing a trial within a trial on the question of whether the charged transactions would have been permitted while the U-Turn license was in effect would indeed be highly confusing for the jury. This is particularly true given how confusing and convoluted the Government's newfound view of pre-2008 illegality is. *See* Dkt. No. 186 at 35–39. And the relevance of any such contention would be exceedingly low given that the Government has until only recently held the view, shared by Sadr, that the charged transactions would have been legal under the U-Turn license. The Government may not *create* a risk of confusion in order to exclude relevant evidence of a position it has long held.

In light of the Court's conclusion in this Order, the parties are directed to meet and confer to determine whether there is any remaining dispute as to how this information will be presented to the jury. By February 25, 2020, the parties shall inform the Court whether any dispute remains, and, if so, they shall state their respective positions.

SO ORDERED.

Dated: February 22, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge