Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

**Steptoe**

February 27, 2020

<u>By ECF</u>

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

    Re:    *United States v. Ali Sadr Hashemi Nejad*, Case No. 18-cr-224 (AJN)

Dear Judge Nathan:

    We write to provide the Court with the parties' agreed-upon summary of the allegations in this case. The government consents to this description. We will submit a Microsoft Word version directly to Chambers.

*   *   *

**A.    Summary of the Allegations in This Case**

    Before we proceed, let me give you a brief summary of the case so that you have some sense of what it is about as we go through jury selection. As I told you a moment ago, however, nothing I say is evidence. Moreover, the Indictment is not evidence. It simply contains the charges that the government is required to prove to the satisfaction of the jury beyond a reasonable doubt. As the defendant, Mr. Sadr is presumed innocent. I will summarize the charges in this case in order to determine whether there is anything about the nature of this case

The Honorable Alison J. Nathan  
February 27, 2020  
Page 2

**Steptoe**

that may make it difficult or inappropriate for any of you to serve on the jury. With those important principles in mind, here is the summary:

This case concerns a construction project in Venezuela called Nueva Ciudad Fabricio Ojeda. The government alleges in the indictment that the Venezuelan government hired a private Iranian company called the Iranian International Housing Corporation or "IIHC", which was part of a conglomerate known as the Stratus Group, to complete the project. Stratus Group was run by Mr. Sadr's father. The government alleges that the project lasted from approximately 2006 until approximately 2014, and that the Venezuelan government paid approximately $115 million between 2011 and 2013 for the construction project to companies that were designated by IIHC to receive the payments. The government alleges that these payments violated the United States' sanctions against Iran because they were processed by U.S. banks who exported financial services indirectly to IIHC in Iran. Based on this allegation, the government has charged Mr. Sadr with six counts involving conspiracy to defraud the United States Office of Foreign Assets Control, conspiracy to violate several Iran sanctions regulations, bank fraud, conspiracy to commit bank fraud, money laundering, and conspiracy to commit money laundering. Mr. Sadr asserts that he is not guilty and he denies the government's charges.

Respectfully submitted,

*/s/ Brian M. Heberlig*  
Reid H. Weingarten  
STEPTOE & JOHNSON LLP  
1114 Avenue of the Americas  
New York, NY 10036  
Tel: (212) 506-3900  
Fax: (212) 506-3950  
rweingarten@steptoe.com

The Honorable Alison J. Nathan
February 27, 2020
Page 3

**Steptoe**

>Brian M. Heberlig (*Pro Hac Vice*)
>Bruce C. Bishop (*Pro Hac Vice*)
>David M. Fragale
>Nicholas P. Silverman (*Pro Hac Vice*)
>STEPTOE & JOHNSON LLP
>1330 Connecticut Avenue, N.W.
>Washington, DC 20036
>Tel: (202) 429-3000
>Fax: (202) 429-3902
>bheberlig@steptoe.com
>
>*Counsel for Defendant Ali Sadr Hashemi Nejad*

cc:     Counsel of Record (via ECF)