

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 1, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

      Re:    *United States v. Ali Sadr Hashemi Nejad*, 18 Cr. 224 (AJN)

Dear Judge Nathan:

      The Government respectfully submits this letter in response to the Court's Order and the defendant's opposition to the Government's supplemental motions *in limine*. (Dkt. 250). The Government continues to move to preclude evidence, cross-examination, and argument regarding the four categories outlined in its motion (Dkt. 248 at 1), but further refines these categories as follows.

      First, because the defendant has asserted that he will not offer any evidence or argument regarding the propriety of U.S. sanctions against Iran, the Government withdraws this motion.

      Second, with respect to the effects of sanctions, the defendant certainly has the right to present a defense—but that defense must comport with the Federal Rules of Evidence. The defendant may offer evidence that U.S. banks terminated business relationships or rejected transactions where customers or transactions involved Iranian persons or entities. This fact is not in dispute. The defendant, however, should not be permitted to offer evidence, cross-examination, or argument regarding the concept of "de-risking" or "overcompliance" because the defense has not proffered any evidence that the defendant knew about these concepts during the Indictment period. The defendant should also be precluded from offering evidence, cross-examination, and argument that U.S. banks terminated business relationships in a *discriminatory or unfair manner*. The Government agrees that the emails proffered by the defendant would go to the defendant's state of mind—but not for the truth of the facts contained in those emails. (*See* Dkt. 250, Exs. A-C). These emails, however, do not indicate that the banks took action in a discriminatory manner.

      With respect to the defendant's video exhibits and evidence regarding the intended purpose of U.S. foreign policy, the defense has not made clear how these videos bear on the defendant's state of mind with respect to the ITSR's prohibitions. That U.S. foreign policy supports Iranian

The Honorable Alison J. Nathan, U.S.D.J.
March 1, 2020
Page 2

persons does not seem to relate to the defendant's interpretation of the U.S. sanctions laws prohibiting the exportation of services to Iran.

The Government continues to move to preclude Parsi's proposed testimony because (i) the fact that U.S. businesses terminated relationships with individuals or entities from Iran is not a difficult concept to understand and it does not require expert testimony; (ii) Parsi is not qualified to provide expert testimony on this topic; and (iii) the defendant has not proffered reliable methodology on which such testimony would be based.

Third, the Government continues to request the preclusion of evidence, cross-examination, or argument regarding the existence of a general license or authorization of the defendant's conduct under Section 560.516 of the ITSR form 2008 through 2012.  The defendant did not raise this argument as a defense until his expert disclosure of February 24, 2020.  For all the reasons stated in our motion (Dkt. 248), this topic should be precluded.

Fourth, the Government further clarifies its request with respect to OFAC's enforcement decisions.  The Government agrees that the defense may offer evidence regarding the categories contained in the defendant's disclosure regarding OFAC enforcement actions, including (i) Burns's lack of awareness of "any enforcement actions against a U.S. intermediary . . . bank that processed wire transfers that violated the ITSR without evidence that the bank had knowledge or recklessly disregarded that the transfers violated the ITSR"; and (ii) Burns's view that the vast majority of OFAC investigations of sanctions violations are closed with administrative measures, such as cautionary or no action letters."  (Dkt. 248, Ex. A).  The Government submits that the defendant should be precluded from cross-examining Mr. Kim about OFAC's enforcement decisions in this particular case or in other specific cases for the reasons stated in our motion.  (Dkt. 248).  The Government also disagrees that OFAC is part of the prosecution team in this case.

In the event that the Court rules that the defendant can introduce some of the above evidence during its case in chief, which we anticipate will not happen until the second week of trial, the Government respectfully requests an opportunity to propose a limiting instruction at that time after the opportunity to consult with unit supervisors and the Office's Appeals Unit.

    Respectfully submitted,
    GEOFFREY S. BERMAN
    United States Attorney

By:     /s/
    Jane Kim / Michael Krouse / Stephanie Lake
    (212) 637-2038 / 2279 / 1066
        Assistant United States Attorneys
    Garrett Lynch
        Special Assistant United States Attorney

cc: Defense Counsel (by ECF)