UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

—v—

Ali Sadr Hashemi Nejad,

        Defendant.

18-cr-224 (AJN)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 0 2 2020

ALISON J. NATHAN, District Judge:

On February 24, 2020, Sadr moved *in limine*, under Rules 401, 403, and 404(b) of the Federal Rules of Evidence, to preclude the Government from offering evidence or argument contending that uncharged acts of exchanging U.S. dollars for Venezuelan Bolivars constitute evidence of guilt of the charged offenses. *See* Dkt. Nos. 228, 229. On February 26, 2020, the Government filed its opposition to Sadr's motion. Dkt. No. 235.

Having reviewed the parties' briefing, the Court DENIES Sadr's motion. As an initial matter, based on the Government's proffer it appears that the evidence at issue is, at a minimum, likely to be probative of Sadr's alleged identity as an individual in control of Clarity and its accounts, as well as his alleged deceptive use of this entity and its accounts. Nor does its probative value appear to be substantially outweighed by any risk of confusing the issues, misleading the jury, or undue delay, and thus preclusion under Rule 403 is not warranted.

Additionally, the Court agrees with the Government that this evidence is not subject to Rule 404(b). Indeed, "evidence of uncharged criminal activity is not considered other crimes evidence under Fed. R. Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding

1

the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) (quoting *United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997)). Here, the Government alleges that the U.S. dollars exchanged for Bolivars on December 6, 2011 derived from the very transactions charged in the Indictment. This evidence thus "ar[i]se[s] out of the same transaction or series of transactions as the charged offense [or] is inextricably intertwined with the evidence regarding the charged offense," and accordingly is "not considered other crimes evidence under Fed. R. Evid. 404(b)." *Id.*

Based on the information provided, the motion *in limine* is DENIED.

SO ORDERED.

Dated: February 24, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge