

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 3, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

    Re:    *United States* v. *Ali Sadr Hashemi Nejad*, 18 Cr. 224 (AJN)

Dear Judge Nathan:

    The Government respectfully submits this letter in response to the defendant's motion to preclude certain categories of the anticipated testimony of Crina Ebanks, Policy Advisor at the U.S. Department of Treasury, Office of Terrorist Financing and Financial Crimes ("TFFC").

**I.    Background**

    The defendant has been on notice regarding the relevance of his St. Kitts and Nevis citizenship to the charges contained in the Indictment since March 19, 2018. (Dkt. 2 ¶ 11). On December 20, 2019, the Government moved *in limine* to admit evidence about the process of obtaining citizenship through St. Kitts and Nevis's "citizenship by investment" ("SKN CBI Program"). (Dkt. 186 at 29-31). On January 17, 2020, the defendant asserted that he did not object to evidence about the process of obtaining citizenship through the SKN CBI Program, but that such evidence should be "balanced." (Dkt. 191 at 21-22). The defendant objected to evidence regarding "how the purchase of St. Kitts and Nevis citizenship can be used to evade sanctions." (Feb. 10, 2020 Tr. at 36.) The Government maintained that such testimony would be admissible, as it is relevant to the means and methods used to commit the crime. (*See generally id.* at 83-85 (discussing Mr. Dubowitz's proposed testimony)).

    On February 14, 2020, the Government disclosed to the defendant that Crina Ebanks who would testify about SKN's CBI Program, and produced Ms. Ebanks's 3500 material.[1] Since February 14, 2020, the Government has produced Ms. Ebanks's 3500 material on a rolling basis.

---

[1] The defense refers to Ms. Ebanks as a "State Department" official. The Government disclosed Ms. Ebanks's position with the TFFC on February 14, 2020, and discussed Ms. Ebanks's position in flagging that her Office includes reference to "terrorism" on March 2, 2020.

Ms. Ebanks is a Policy Advisor at the TFFC. TFFC "works across all elements of the national security – including the law enforcement, regulatory, policy, diplomatic and intelligence communities – and with the private sector and foreign governments to identify and address the threats presented by all forms of illicit finance to the international financial system." About, U.S. Department of Treasury, Terrorist Financing and Financial Crimes, available at https://www.treasury.gov/about/organizational-structure/offices/Pages/Office-of-Terrorist-Financing-and-Financial-Crimes.aspx (last visited Mar. 3, 2020). Ms. Ebanks's responsibilities include the geographic portfolio of Mexico, Central America, Canada, and the Caribbean; bilateral engagements with countries on issues of money laundering and financial crimes; ensuring that other countries are strengthening their Anti-Money Laundering/Combating the Financing of Terrorism systems ("AML/CFT" systems); and advising other countries on their AML/CFT programs. In her capacity as a TFFC Policy Advisor, Ms. Ebanks is very familiar with CBI programs because, through CBI programs, individuals are granted identity documents with which they are then able to access U.S. and other financial systems. Ms. Ebanks is familiar with the CBI programs in the Caribbean, including the SKN CBI Program.

Ms. Ebanks's 3500 material has included, among other things, the following topics: Ms. Ebanks's job responsibilities, the process of obtaining citizenship through SKN's CBI Program; concerns and risks associated with the SKN CBI Program, including SKN's lack of due diligence that have resulted in the use of CBI passports by illicit actors to conduct international financial transactions; SKN's due diligence process; a 2014 FinCen Advisory entitled "Passports Obtained Through St. Kitts and Nevis Citizenship-by-Investment Program Used to Facilitate Financial Crime," alerting all U.S. institutions regarding the use of SKN passports to open accounts to evade sanctions; *see* Financial Crimes Enforcement Network ("FinCen"), available at https://www.fincen.gov/resources/advisories/fincen-advisory-fin-2014-a004 (last visited Mar. 3, 2020); the SKN CBI Program's prohibition on applications from Iran, and a 2009 "Report Card" of the "Financial Action Task Force ("FATF")" that graded SKN as "grey" or high-risk in terms of how effectively it complies with AML/CFT standards.[2]

On February 24, 2020, the defendant disclosed to the Government that he expects to call two proposed experts at trial: (1) Dr. Trita Parsi, and (2) Robert Clifton Burns. (Dkt. 248, Ex. A at 1-2). The defendant's proposed testimony for its expert witnesses includes testimony on the concept of "de-risking," whereby, according to Parsi, companies terminate or restrict "business relationships with entire classes of individuals or entities suspected to have a connection to Iran." (*Id.*). The defendant has argued that "de-risking" goes to the defendant's state of mind. (Dkt. 250). On March 2, 2020, the Court ruled that the defendant could open on the concept of "de-risking." On March 3, 2020, defense counsel discussed the concept of "de-risking" in his opening statement to the jury.

---

[2] The Government learned about SKN's 2009 "Report Card" during witness prep this evening and promptly disclosed this fact to the defendant.

## II. Ms. Ebanks's Anticipated Testimony

The Government anticipates that Ms. Ebanks will testify about the following topics:

1. CBI programs and the risks that they pose to AML/CFT systems because of their relaxed due diligence standards that do not satisfy international AML/CFT standards.

2. The SKN CBI Program, including the process by which individuals can apply for citizenship through this Program with any residency requirement, language requirement, or examination requirement; and the cost of such citizenship.

3. The concept of "de-risking" generally, which is an informal term otherwise known as the loss of a correspondent banking relationship that occurs when a bank has particular concerns with, for example, a high-risk jurisdiction or another bank's due diligence and compliance with AML/CFT standards.[3]

## III. Ms. Ebanks's Testimony Should Be Permitted

The defendant argues that Ms. Ebanks's testimony should not be permitted because: (1) it is expert testimony that has been untimely disclosed; (2) it is not relevant, misleading, and unfairly prejudicial; (3) it is offered for an improper inference of criminality. (Dkt. 258 at 1). The Government disagrees.

First, the Government will offer Ms. Ebanks as a fact witness. She has personal knowledge of CBI programs, including the SKN CBI Program. She is not providing opinions—only facts she has become aware of in the course of her employment. Indeed, on this basis, defense counsel argued that the Government's OFAC witness, Ted Kim, could and should only be permitted to testify as a fact witness. (Dkt. 189 at 42). The defense, moreover, has been on notice as to the substance of Ms. Ebanks's testimony for weeks (apart from the FATF "Report Card"). The fact of SKN's non-rigorous due diligence with respect to CBI Program applicants was disclosed to the defense prior to trial.

Second, Categories 1 through 3 above are plainly relevant and probative for the same reasons outlined in our December 20, 2019, motions *in limine*. (Dkt. 186 at 29-31). The defendant obtained SKN citizenship through the CBI Program in 2009—and used this citizenship to mask his Iranian citizenship and establish Clarity and Stratus Turkey, as well as their Swiss bank accounts. The fact that SKN does not conduct rigorous due diligence with respect to its CBI applications is highly probative of the ease and expedience by which the defendant obtained SKN

---

[3] The Government will not elicit testimony about the 2014 FinCen Advisory, the advice that the witness has provided to SKN regarding its CBI Program, the fact that the CBI Program has changed in recent years and no longer accepts applications from Iranian citizens, or the fact that SKN has been graded poorly with respect to AML/CFT standards. With respect to the use of SKN passports—this is within the proposed testimony of the Government's expert witness, Mark Dubowitz.

citizenship—and why the defendant turned to SKN for new citizenship and a passport. Such evidence is also highly probative of the defendant's intent and the means and methods by which he furthered his sanctions evasion scheme. The defense's exhibits, moreover, suggest that the defense plans to argue that SKN's CBI Program was a "public charity" that involves a rigorous application process. That is simply not true.

Third, Ms. Ebanks's testimony does not offer an improper inference of criminality. Ms. Ebanks will not testify about Iran or the use of SKN passports by Iranian nationals to circumvent sanctions or to launder money. The purpose of the testimony is to show how easy it is to get an SKN passport because SKN does not conduct rigorous due diligence. No "general class" of criminals will be discussed. (Dkt. 258 at 4).

In terms of the defendant's motion to preclude use of the word "terrorism," the Government would appreciate the Court's guidance. While the defense moved to preclude use of this word, the defense referenced terrorism, torture, and nukes in their opening today. Defense counsel, moreover, has stated that they acknowledge that terrorism is part of the sanctions context (I believe the words were "it's no secret"), and there was no opposition to inclusion of the word "terrorism" in the context of certain OFAC exhibits. The Government submits that the defense cannot discuss terrorism and nuclear proliferation when they want to—and then preclude the Government from doing so when it is not helpful to the defense. The Government submits that the defense has opened the door to the use of this word in light of their opening. The Government does not plan to use these words often, but asks the Court to revisit its prior ruling given the defense's opening.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: \_\_\_\_\_/s/_____
    Jane Kim / Michael Krouse / Stephanie Lake
       Assistant United States Attorneys
    Garrett Lynch
       Special Assistant United States Attorney
    (212) 637-2038 / 2279 / 1066

cc: Defense Counsel (by ECF)