

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 4, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

Re: *United States* v. *Ali Sadr Hashemi Nejad*, 18 Cr. 224 (AJN)

Dear Judge Nathan:

On March 3, 2020, at 5:51 p.m., the Government informed defense counsel by email that the witnesses it intended to call today were Crina Ebanks, a paralegal, and Ted Kim. Defense counsel did not provide the Government with any defense exhibits that they intended to use with Mr. Kim. When the Government's direct examination of Mr. Kim concluded at approximately 4:00 p.m., defense counsel stated that he was not prepared to cross-examine Mr. Kim. Tonight, at 7:00 p.m., defense counsel provided the Government with 20 exhibits during Mr. Kim's cross-examination. Since that time, defense counsel has emailed multiple times, informing the Government on a one-off basis that they no longer intend to use certain exhibits. At this point, it appears the defense intends to use 15 exhibits (eight of which the Government has never seen).

As explained below, the Government respectfully objects to the all of the exhibits proposed by the defense.

1. **Defense Exhibit 1333** is a 48-page document entitled "Comprehensive Iran Sanctions Accountability and Divestment Act of 2010" (dated July 1, 2010). Mr. Kim did not testify about CISADA. To the extent the defense wants to offer this document for the defendant's state of mind, he is required to proffer evidence to show he had some awareness of this statute (which are not relevant to the legal standards in this case). Moreover, the probative value of the evidence is far outweighed by the risk of confusion in putting an entire statute in front of the jury with no context.

2. **Defense Exhibit 1334** is a 70-page document entitled "Iran Nuclear Deal Oversight: Implementation and Its Consequences," a "Hearing Before the Committee on Foreign Affairs, House of Representatives" (dated May 25, 2016). Because the hearing happened after the charged conduct, it is therefore irrelevant.

      **3.** **Defense Exhibit 1335** appears to be a May 9, 2003 letter (or draft letter) from Richard Newcomb, Director of the Office of Foreign Assets Control, to an unknown person about unknown countries and entities. The letter contains bracketed placeholders such as: "[text deleted]," "[a U.S. person]," "[third country entity]," "[third country entity]." It is unclear what this document is, or how it can be authenticated.

      **4.** **Defense Exhibit 1347**: This document is entitled "U.S. Department of the Treasury and Federal Banking Agencies Joint Fact Sheet on Foreign Correspondent Banking: Approach to BSA/AML and OFAC Sanctions Supervision and Enforcement," dated August 30, 2016. This document was published after the charged conduct, and is therefore irrelevant. The document is also outside the scope of Mr. Kim's direct testimony.

      **5.** **Defense Exhibit 1349** is a press release issued by the U.S. Department of Treasury, dated September 10, 2013, entitled "OFAC Issues Iranian General Licenses to Support Humanitarian Activity and Athletic Exchanges with Iran." There is no argument that defendant's conduct constituted humanitarian activity or athletic exchanges, so this press release is irrelevant and confusing to the jury. Moreover, it is outside the scope of Mr. Kim's direct testimony.

      **6, 7.** **Defense Exhibits 1352 and 121** appears to be excerpts from the U.S. Department of Treasury's website on guidance issued on February 14, 2008 and January 15, 2015, respectively. To the extent the defense wants to offer these documents for the defendant's state of mind, it must proffer evidence to show the defendant had some awareness of this guidance. Because no factual proffer has been provided for either document, the Government objects. Moreover, these excerpts concern what is known as the 50-50 rule, which is not implicated in this case, so the Government also objects on relevance grounds.

      **8, 9, 10.** **Defense Exhibit 1360** is a 163-page document entitled "Changes to the Specially Designated Nationals and Blocked Persons List Since January 1, 2012." **Defense Exhibit 1361** is a 360-page document entitled "Changes to the Specially Designated Nationals and Blocked Persons List Since January 1, 2016." **Defense Exhibit 1362** is a 302-page document entitled "Changes to the Specially Designated Nationals and Blocked Persons List Since January 1, 2018." We are not sure of these documents' relevance, but they contain an extremely long list of SDNs that appear to be entirely irrelevant to this case. The risk of confusion is high, and thus these exhibits should be excluded on both relevance and Rule 403 grounds.

      **11. Defense Exhibit 1825** is titled "Correspondent Banking Services" (dated October 2016). Mr. Kim is not a banking witness and did not testify about correspondent banking—it is therefore outside the scope of the direct examination (and Mr. Kim's expertise).

      **12, 13, 14, and 15.** The remaining four exhibits are marked **Government Exhibit 614, 608, 609, and 616**. These exhibits are the Executive Order 13599, a Treasury press release concerning the U-Turn revocation, a Treasury fact sheet concerning the U-Turn, and a Treasury fact sheet concerning the designation of "Iranian Entities for Proliferation Activities and Support for Terrorism." The Government did not offer these exhibits based on the Court's prior rulings. The Government objects to the defendant arguing that these exhibits should not be admitted, and

then seeking the same exhibits' admission during cross-examination. Moreover, as to the Executive Order, there is a risk of confusion for the jury, since that Executive Order did not affect or impact any of the legal standards relevant to this case.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

By: \_\_\_\_\_/s/_____
    Jane Kim / Michael Krouse / Stephanie Lake
      Assistant United States Attorneys
    Garrett Lynch
      Special Assistant United States Attorney
    (212) 637-2038 / 2279 / 1066

cc: Defense Counsel (by ECF)