

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

Re:   United States v. *Ali Sadr Hashemi Nejad*, 18 Cr. 224 (AJN)

Dear Judge Nathan:

The Government respectfully submits this letter regarding the Government's motion to preclude proposed expert testimony on the concept of "de-risking" (Dkt. 248), which the Government believes is still an open issue.

On February 29, 2020, the Government moved to preclude certain categories of the defendant's proposed expert testimony. (Dkt. 248). On March 2, 2020, the Court permitted the defense to open on the concept of "de-risking," and explained that evidence regarding "de-risking" could be relevant on a "case-by-case basis." (Trial Tr. at 7). The defense was precluded from using the word "discrimination" in discussing "de-risking." (*Id.* at 12).

On March 3, the defense opened on the concept of "de-risking" and has since sought to elicit testimony regarding this concept from the Government's bank witnesses. (*Id.* at 784, 954-55). On March 4, when the Government sought to elicit limited testimony about the definition of "de-risking" with U.S. Department of Treasury Policy Advisor Crina Ebanks, the defendant objected on the basis that the Government had not provided expert notice on this subject. (*Id.* at 318). The Court ruled that the Government could not elicit such testimony through Ms. Ebanks, but could do so in a rebuttal case. (*Id.* at 321). On March 5, the defense sought to offer redacted portions of DX 96, an October 2016 document on "Correspondent Banking Services," published by the Financial Action Task Force ("FATF"), which discusses "de-risking." The defense read the definition of "de-risking" from DX 96 for the jury, and will presumably continue with this document on Monday.

The Government respectfully moves to preclude proposed testimony from Trita Parsi or Robert Clifton Burns on "de-risking" because neither of these witnesses are qualified to discuss this concept. (*See* Dkt. 249, Ex. A). Parsi is former President and Founder of the National Iranian American Council "NIAC"), a non-profit "dedicated to strengthening the voice of Iranian

Americans and promoting greater understanding between the American and Iranian people." *See* NIAC, About Us, available at https://www.niacouncil.org/about-niac/ (last visited Mar 7, 2020). Parsi has never worked for a bank or in bank compliance. Nor has Parsi published any articles or research or conducted any scientific studies about "de-risking." From the defense's expert notice, it appears that Parsi's purported expertise on "de-risking" stems from his personal discussions with Iranian-Americans. This evidence is thus purely anecdotal and wholly unreliable. The defense's expert notice does not indicate how many individuals Parsi has interviewed and the methodology of these interviews. To the extent that the defense claims that Parsi's anecdotal evidence is based on NIAC's membership—the Government notes that Parsi has "systematically hyped the number of its members and misrepresented its constituency." (*See* https://www.tabletmag.com/jewish-news-and-politics/239003/parsi-niac-advance-irans-agenda; https://www.businessinsider.com/americas-most-prominent-group-advocating-engagement-with-iran-was-hit-with-a-rough-court-decision-2015-3). Parsi thus does not qualify as an expert on "de-risking" and should be precluded from testifying under Rule 702.

Likewise, based on the defense's expert disclosure for Burns, an attorney at Crowell Moring, Burns does not qualify as an expert on "de-risking" either. *See* Crowell Moring, Robert Clifton Burns, available at https://www.crowell.com/Professionals/Robert-Clifton-Burns (last visited Mar. 7, 2020). Burns has not worked for a bank or in bank compliance. Nor has he published articles or conducted research or studies on "de-risking." The defense's expert notice also indicates that Burns's understanding of "de-risking" is anecdotal. Accordingly, Burns does not qualify as an expert on "de-risking" and should be precluded from testifying on this topic under Rule 702.

For the above reasons, the Government respectfully requests that the Court preclude the defendant's proposed expert testimony on de-risking under Rules 702, 401, and 403.

                                                        Respectfully submitted,

                                                        GEOFFREY S. BERMAN
                                                        United States Attorney

By:      /s/
    Jane Kim / Michael Krouse / Stephanie Lake
      Assistant United States Attorneys
    Garrett Lynch
      Special Assistant United States Attorney
    (212) 637-2038 / 2279 / 1066

cc: Defense Counsel (by ECF)