Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com

**Steptoe**

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

March 8, 2020

By ECF

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

    Re:    *United States v. Ali Sadr Hashemi Nejad*, Case No. 18-cr-224 (AJN)

Dear Judge Nathan:

On behalf of Defendant Ali Sadr Hashemi Nejad, we write to respond to the government's letter re-raising its motion to preclude defense expert testimony on de-risking. Dkt. No. 272 (referring to Dkt. No. 248).

Sadr served his expert notice on the government on February 24, 2020. *See* Dkt. No. 248-1. That disclosure notified the government that both of Sadr's experts would address the subject of de-risking. *See id.* at 1-2 (disclosure for Dr. Trita Parsi); *id.* at 4-5 (disclosure for R. Clif Burns). The disclosure noted that the testimony would not be duplicative: "[t]o the extent Dr. Parsi testifies to this category of evidence, Mr. Burns will not repeat his testimony." *Id.* at 5 n.1. Sadr disclosed both experts' qualifications. *See id.* at 8-26.

The government moved to exclude testimony on this topic in its supplemental motions in limine, filed February 29, 2020 (Dkt. No. 248). That motion sought to exclude de-risking evidence based on subject matter. *See id.* at 13-14. It did not challenge either defense expert's qualifications.

The defense responded, defending its intent to offer de-risking evidence on the merits, noting such evidence is central to the core element on trial, of Sadr's state of mind. *See* Dkt. No. 250, at 2-12.

On the first day of trial, this Court ruled:

> Evidence, argument, and cross-examination regarding private companies, derisking, and overcompliance measures may also be relevant. Indeed, such evidence may be probative of why Mr. Sadr made the

The Honorable Alison J. Nathan
March 8, 2020
Page 2

Steptoe

> misrepresentations alleged in the indictment and thus could well be central to the issue to be tried.
>
> Moreover, such evidence will not be categorically precluded under 403, although this must be determined on a case-by-case basis.  So, for example, it seems to me that Mr. Parsi may offer expert testimony regarding derisking and overcompliance, and he appears qualified to do so, but the specific extent of that testimony and whether a limiting instruction will be needed is to be determined as we proceed.

Tr. 7.

The government now challenges both defense experts' qualifications on this subject.  Its time to raise that challenge was in its February 29, 2020 motion in limine.  It did not do so, and the Court has ruled.  The government's new challenge to the defense experts' qualifications comes too late.

In any event, Dr. Parsi and Mr. Burns are well qualified to provide expert testimony on the subject of de-risking.  As the Court has previously observed, "courts within the Second Circuit … 'liberally construe' the qualifications requirement …." *On Track Innovations Ltd. v. T-Mobile USA*, 106 F. Supp. 3d 369, 380 (S.D.N.Y. 2015) (quoting *Nosal v. Granite Park LLC*, 269 F.R.D. 284, 287 (S.D.N.Y. 2010)).  Dr. Parsi has spent the last 18 years working with the Iranian American community on issues related to de-risking.  Mr. Burns has practiced Iran sanctions law, which includes advising companies who deal with banks and other entities engaged in de-risking behavior and advising companies on what steps are necessary to comply with the Iran sanctions.  Their experience relates directly to the proposed testimony regarding de-risking in response to the Iran sanctions.  The government is free to cross-examine Dr. Parsi and Mr. Burns regarding the resume lines it thinks are necessary, but that goes merely to weight, not the threshold qualification by experience.

Respectfully submitted,

*/s/ Brian M. Heberlig*
Reid H. Weingarten
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
rweingarten@steptoe.com

The Honorable Alison J. Nathan
March 8, 2020
Page 3

**Steptoe**

                                              Brian M. Heberlig (*Pro Hac Vice*)
                                              Bruce C. Bishop (*Pro Hac Vice*)
                                              David M. Fragale
                                              Nicholas P. Silverman (*Pro Hac Vice*)
                                              STEPTOE & JOHNSON LLP
                                              1330 Connecticut Avenue, N.W.
                                              Washington, DC 20036
                                              Tel: (202) 429-3000Bishop
                                              Fax: (202) 429-3902
                                              bheberlig@steptoe.com

                                              *Counsel for Defendant Ali Sadr Hashemi Nejad*

cc:      Counsel of Record (via ECF)