Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com

**Steptoe**

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

March 8, 2020

By ECF

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re:   *United States v. Ali Sadr Hashemi Nejad*, Case No. 18-cr-224 (AJN)

Dear Judge Nathan:

On behalf of Defendant Ali Sadr Hashemi Nejad, we write to request a curative instruction.  We have conferred with the government who stated that it opposes this request.

On Saturday afternoon around 4:00 p.m., the government produced GX 411 (attached as Exhibit A), which had not been previously disclosed to the defense.  GX 411 reveals that in connection with the first U.S. dollar payment in this case, the intermediary bank wrote a letter to OFAC disclosing certain information about the transactions.  Among other things, the intermediary bank disclosed to OFAC that Stratus Turkey (Stratus International Contracting J.S.) was affiliated with Stratus Iran (Stratus International Contracting Company) and implied that the two companies were either unitary or cooperating on the Ojeda project in Venezuela.  The intermediary bank attached Stratus Iran's website describing its ongoing work on the Ojeda project.  The intermediary bank concluded that this information was not subject to mandatory disclosure as indicated by its note that it was "voluntarily informing OFAC."  The government has not produced any response from OFAC and to defense counsel's knowledge, no response exists.  *Cf.* Tr. 580, Test. of Ted Kim (Mar. 5, 2020) (agreeing that to his knowledge, "this matter was never investigated by OFAC").

GX 411 is exculpatory evidence that:

- Stratus Turkey's affiliation with Stratus Iran was not material either to OFAC or the intermediary banks;

- intermediary banks conducted independent investigation and could easily identify the affiliation between Stratus Turkey and Stratus Iran or even (erroneously)

The Honorable Alison J. Nathan
March 8, 2020
Page 2



conclude that the two companies were a single entity that "may be an Iranian company"; and

- neither the intermediary bank nor OFAC deemed the disparities in information about the two Stratus International Contractings working on the Ojeda project as important enough to stop U.S. dollar payments to Stratus International Contracting J.S.

The government should have disclosed GX 411 under *Brady*, *Giglio*, and Rule 16.

In light of the government's failure to disclose this evidence before trial,[1] the defense respectfully requests a curative instruction. Based on a similar mid-trial disclosure in *United States v. Slough*, Judge Lamberth issued the curative instruction attached as Exhibit B. The defense has pasted that instruction below, edited only to reflect the facts of this case:

> Government Exhibit 411 is a June 2011 letter regarding an April 2011 transaction involving Stratus International Contracting Company. You saw that evidence this morning instead of earlier in trial because the government failed to turn it over before trial as required by law. The defendant learned of that evidence on Saturday afternoon when the government disclosed it.

Tr. 6, *United States v. Slough*, No. 08-cr-360-RCL (D.D.C. Aug. 5, 2014) (relevant text highlighted in Ex. B). The defense requests that this instruction be read to the jury on Monday after GX 411 is admitted. The government opposes this request but does not object to the defense admitting this document in its case if the government chooses not to offer it.

Respectfully submitted,

*/s/ Brian M. Heberlig*
Reid H. Weingarten
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
rweingarten@steptoe.com

---

[1] The government represents that it learned of this evidence in mid-January 2020 and that it came from an unrelated DANY investigation. The government states that it believed this document was part of the Commerzbank subpoena return that was produced in discovery. It was not.

The Honorable Alison J. Nathan
March 8, 2020
Page 3



Brian M. Heberlig (*Pro Hac Vice*)
Bruce C. Bishop (*Pro Hac Vice*)
David M. Fragale
Nicholas P. Silverman (*Pro Hac Vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 429-3000Bishop
Fax: (202) 429-3902
bheberlig@steptoe.com

*Counsel for Defendant Ali Sadr Hashemi Nejad*

cc:     Counsel of Record (via ECF)