

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

    Re:    *United States* v. *Ali Sadr Hashemi Nejad*, 18 Cr. 224 (AJN)

Dear Judge Nathan:

    The Government respectfully submits this letter in response to the defendant's letter (Dkt. 274), and the Court's orders sent earlier today. The Government concedes that it erroneously failed to timely disclose the document at issue, and apologizes to the Court and counsel for its error. As a result, the Government will not seek to offer the document in evidence and, to the extent the defense intends to offer it, will stipulate to its admission and to relevant facts relating to OFAC's handling of the letter.

    **I.**    **Disclosure of Government Exhibit 411**

    Government Exhibit 411 was first produced to the Manhattan DA's Office in 2015 in the course of a separate investigation of a particular bank ("Bank-1"). SAUSA Lynch emailed Government Exhibit 411 to AUSAs Kim, Krouse, and Lake on January 10, 2020, in the context of a discussion about one of the payments relevant to this case. The prosecution team wrongly assumed that Government Exhibit 411 had been produced to the defense, and failed to verify whether it had been. This was a mistake. The Government does not dispute that the document should have been disclosed along with its Rule 16 productions.

    This weekend, AUSA Lake came upon GX 411 in Outlook while organizing emails related to this case and others. At the time, AUSA Lake concluded that the Government may wish to offer GX 411 in its case in chief, consulted the other members of the prosecution team, marked GX 411 as an exhibit, and emailed it to defense counsel.[1] It was only in the context of this process that the

---

[1] Based on arguments the defense had made on Friday during Robert Peri's cross-examination, GX 411 appeared useful to the Government's case, in addition to GX 2032 and 2034. For example, defense counsel asked Peri wither "Citigroup . . . conduct[ed] any research regarding the Iranian International Housing Company when it was reviewing" one of the transactions in the case. (Trial

Government realized that GX 411 was not part of Bank-1's subpoena production, which had been provided to the defense in discovery.

Government Exhibit 411 is a voluntary disclosure that Bank-1 made to OFAC after clearing a payment from an entity affiliated with PDVSA in Venezuela to Stratus International Contracting (the "Payment"), which was one of the entities the defendant used to receive payments on behalf of IIHC. In the voluntary disclosure, dated June 16, 2011, Bank-1 noted that it had processed the Payment on April 4, 2011, but flagged it for potential money laundering after the fact, on April 20, 2011. The disclosure goes on to note that, after the Payment was alerted, Bank-1 investigated Stratus and learned that "Stratus was founded in 1978 in Tehran, Iran; Stratus International specializes in providing contracting services to infrastructure projects such as roads, railways, dams, tunnels, airports and buildings; Stratus is presently working on a 7000 Apartment Unit 'New Ojeda' Housing Development Project in Venezuela."

It further reported that, on May 12, 2011, Bank-1 received a response to its inquiry to the remitter bank, stating, in sum and substance, that Stratus's address is in Turkey, it is registered in Turkey, it does construction in, among other places, Venezuela, and the payment was for the "construction of a 7000 apartment unit project" in Venezuela.

Bank-1 concluded that "Although Stratus is not listed as an SDN, and the payment does not indicate any direct involvement of Iran or with Iran, due to conflicting information between the website and the response forwarded by the bank in Caracas, [Bank-1] believes it appropriate to share this information with OFAC since Stratus may be an Iranian Company. We have added Stratus into our sanctions filter to monitor any future payments."

GX 2032 and 2034 show that Bank-1 sent a series of questions to the remitter bank on April 27, 2011 related to the Payment. Those questions were ultimately forwarded to the defendant. The defendant responded with misleading information, including by failing to answer one of the questions posed about the identity of the beneficial owners and Citizenship of the owners of Stratus International Contracting.

## II. The Defendant's *Brady* Claim

Based on conversations the Government has had with defense counsel this weekend, the Government now understands how GX 411 advances the defendant's claim that any decision by OFAC not to take enforcement action following this disclosure is probative of the risk of harm from OFAC enforcement that banks face when they process transactions in violation of the sanctions laws. The Government is currently seeking to confirm whether OFAC took any action based on Bank-1's disclosure, and is willing to stipulate that OFAC did not take action against Bank-1, the Stratus entities, or the defendant.

---

Tr. at 931.) GX 411 presented an example of a bank doing precisely what defense counsel had accused Citigroup of failing to do – it researched a flagged transaction, and then added the concerning party to its sanctions filter.

      The Government regrets its error and is working to confirm that there is nothing else related to the Bank-1 investigation that has any bearing in this case, and that there have been no other omissions from the materials produced to the defense, both at the U.S. Attorney's Office and DANY.  And, in light of our late disclosure of GX 411, we will not seek to offer it at trial.  To the extent the defense wishes to offer GX 411 in its case, the Government has no objection and will stipulate to its admissibility.  As a result, the defendant is not prejudiced by the late disclosure, and in light of the fact that they have not begun to present evidence, no curative instruction relating to the timing of the Government's disclosure is necessary.

      Respectfully submitted,

      GEOFFREY S. BERMAN
      United States Attorney

By:    /s/
      Jane Kim / Michael Krouse / Stephanie Lake
        Assistant United States Attorneys
      Garrett Lynch
        Special Assistant United States Attorney
      (212) 637-2038 / 2279 / 1066

cc: Defense Counsel (by ECF)