

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

  Re: *United States* v. *Ali Sadr Hashemi Nejad*, 18 Cr. 224 (AJN)

Dear Judge Nathan:

  Earlier this evening, the defense informed the Government that, after the Government rests tomorrow, if the defense decides to put on a defense, a document reader and the defendant will testify. The defense sent a list of approximately 60 exhibits that they will seek to introduce through the defendant should he testify. Many of these defense exhibits are the defendant's own emails or and appear to be inadmissible hearsay under Rule 801. The defendant has not proffered an applicable hearsay exception or non-hearsay basis to admit these documents. The Government respectfully objects to the following exhibits.

  Defense Exhibits 11, 11A, and 31 are videos of former President Obama. Defense Exhibit 11A is a video whose hyperlink appears to have been sent to the defendant. Defense Exhibit 11A is a video in which President Obama celebrates the contributions of Iranian-Americans and discusses the strained relations between Iran and the United States. (Dkt. 248, Ex. G). It is unclear whether or not the defendant viewed Defense Exhibit 31, which is a video of President Obama discussing U.S. foreign relations with Iran. (Dkt. 248, Ex. I). These videos are prejudicial and irrelevant. They politicize the Iran sanctions program and portray Iranian Americans as "unintended victims" of the program. They should be excluded under Rules 401 and 403.

  On hearsay, relevance, and 403 grounds, the Government objects to Defense Exhibit 45. This exhibit is an email chain between the defendant and Urs Schneider at Hyposwiss in which the defendant describes that a tumor has been found in his father's bladder. This email is prejudicial, irrelevant, and hearsay.

  Defense Exhibit 1 is an approximately 1.5 minute video of the Venezuela Project. Defense Exhibit 137 is a 37-page PowerPoint with photographs of the Venezuela Project. The Government objects to these exhibits on 401 and 403 grounds. The fact that the Venezuela Project was a

construction project in Venezuela is not in dispute. Photographs regarding the project are not relevant and prejudicial and should be excluded under Rules 401 and 403.

Defense Exhibit 112 appears to be a childhood photograph of the defendant with another child. The Government objects to this photograph on 401 and 403 grounds.

Defense Exhibits 132 and 132A relate to a "Conference Report" on the "Comprehensive Iran Sanctions Accountability and Divestment Act" or "CISADA." Defense Exhibit 132 is an email dated August 22, 2010, in which the defendant forwards Defense Exhibit 132A to sadr@samanehstratus.com. Defense Exhibit 132A is a 70-page Conference Report on CISADA. Based on prior argument about CISADA, the Government understands that the defense seeks to introduce this document as evidence of the defendant's state of mind. The Government has no objection to Defense Exhibit 132 and testimony from the defendant about his understanding of CISADA. The Government objects to Defense Exhibit 132A on 403 grounds. The jury should not have the full text of the CISADA Conference Report because it will cause confusion about the law—for the same reason that copies of the regulations will not be received in evidence.

Defense Exhibit 1920 appears to be one page (Page 69) of a 187-page report produced by the Financial Crimes Enforcement Network, entitled "Feasibility of Cross-Border Electronic Funds Transfer Reporting System under the Bank Secrecy Act," published in October 2006.[1] The defense has not proffered that the defendant ever viewed this document. Even if such a foundation is established, the Government objects to this exhibit under Rules 106, 401, and 403.

On hearsay grounds, the Government objects to the following Defense Exhibits: 23, 24, 24A, 24B, 29, 34, 35, 36, 37, 50, 51, 54, 54A, 55, 60, 60A, 61, 61A, 63, 63A, 69, 70, 70A, 80, 80A, 84, 84A, 136, 136A, 138, 138A, 138B, 138, 138-T, and 140.

On hearsay and relevance grounds, the Government objects to Defense Exhibits 52, 52A, 53, 53A. These are out-of-court statements regarding euro payments made for the Venezuela Project.

On relevance grounds, the Government objects to Defense Exhibits 82 and 82A. Defense Exhibit 82 is a February 10, 2020 email from the defendant to Hamid Reza Ghanbari and Glenn Gramolini attaching a contract with Hyposwiss. Defense Exhibit 82A is a contract signed by the defendant on February 7, 2012.

With respect to Defense Exhibit 73, the Government objects unless the attachment, 73A is included for completeness under Rule 106. Defense Exhibit 73 is an email dated September 9, 2011, in which the defendant attaches a copy of his father's passport. Defense Exhibit 73A is a copy of Mohammad Sadr's St. Kitts and Nevis passport. Without the attachment, the defendant's initial email is misleading because it could lead the jury to assume that the defendant sent a copy of his father's Iranian passport.

---

[1] The full document is available at
https://www.fincen.gov/sites/default/files/shared/CBFTFS_Complete.pdf.

            Respectfully submitted,

            GEOFFREY S. BERMAN
            United States Attorney

        By:  /s/
            Jane Kim / Michael Krouse / Stephanie Lake
             Assistant United States Attorneys
            Garrett Lynch
             Special Assistant United States Attorney
            (212) 637-2038 / 2279 / 1066

cc: Defense Counsel (by ECF)