

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 11, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

    Re:     *United States* v. *Ali Sadr Hashemi Nejad*, 18 Cr. 224 (AJN)

Dear Judge Nathan:

    This evening, the Government asked defense counsel if he would object to the Government using the term "front company" in its closing argument. Defense counsel stated that there is no "factual predicate to use that term," since there is witness testimony (the Government assumes, from Ali Sadr) that "Clarity and Stratus Turkey were real companies doing real business." That is an argument the defense can make in their own argument. The Government respectfully submits, however, that the term is a useful descriptor for a concept that would otherwise take several words to communicate, two witnesses testified about the concept during trial, and there is nothing unduly prejudicial about the term, especially in the context of closing arguments.

    As the Court will recall, the parties briefed this issue *in limine*. At the final pretrial conference on February 10, 2020, the Court stated:

> THE COURT: So I do think it turns on the facts a bit, and again this bleeds into the expert issue to some extent. My inclination at this point is to not allow it in opening, and then we will see how the evidence plays out for me to assess whether I will allow the government to argue it in summation. So we will do that for now.

> THE COURT: Well, I think at a certain point you can't get to dictate precise language, and the question is whether it's a useful descriptor and unduly prejudicial. I'm not going to allow the government to use "shell company" or "front company" in its opening, leaving the possibility – if the evidence plays out – of permitting it in argument. But to the extent the government wants to say something like the company served as a front, I will allow that in opening, but we will leave it at that.

Tr. at 75-76.

Two witnesses during trial testified about the meaning of the term front company. *See* Tr. 657 ("Front company is a company used to hide the true identity of the principal or the true parties of the transaction that is conducted through the front company."); 860 ("In my experience, a front company is an entity that's—that is designed to disguise one of those – one of those things that one might be looking for in order to determine the true nature of a payment. A front company is there to hide either the identity, the true beneficial – the beneficial party of the – of the behind. It could be there to – to hide a location or it could be used to hide the purpose of payments."). Based on the evidence that the defendant used Clarity and Stratus Turkey to receive payments from Venezuela that were owed to the Iranian International Housing Company, the Government has a reasonable basis to use the term "front company" to describe those entities during its closing argument.

Moreover, terms like "front company" are not unduly prejudicial and routinely used in this District. *See, e.g.*, *United States v. Bergstein*, 2019 WL 4410240, at *2 (2d Cir. 2019) (discussing evidence at trial that defendant had "funneled the money through attorney trust accounts and shell companies to cover personal debts" where Government had elicited trial testimony regarding "shell companies" and Government had used this term in jury addresses); *United States v. Insaidoo*, 765 F. App'x 522, 526 (2d Cir. 2019) (discussing evidence that defendant transferred funds to a "shell company" she owned and falsified invoices for her "shell company" where Government described the defendant's company as a "shell company" and as a "sham, a front for the defendants' embezzlement"); *United States v. Scott*, 17 Cr. 630 (ER) (2019 trial) (allowing testimony from a money laundering expert that shell companies are used by money launderers to distance money from its criminal source, hiding the ownership of certain money and where it is going, and allowing the Government to use the terms front and shell company in its jury addresses); *United States v. Little*, No. 12 Cr. 647 (PKC) (2018 trial) (allowing witnesses and Government to use the term "shell company" before the jury); *United States v. Collins*, 07 Cr. 1170 (LAP) (2013 trial) (same); *United States v. Nejad*, 2019 WL 6702361, at *4-5 (S.D.N.Y. 2019) (using the term "shell company" to described Clarity and Stratus Turkey, based on the allegations in the Indictment).

For these reasons, the Government respectfully requests to use the term "front company" during its closing argument.

                                               Respectfully submitted,

                                               GEOFFREY S. BERMAN
                                               United States Attorney

                                 By:     /s/
                                               Jane Kim / Michael Krouse / Stephanie Lake
                                                 Assistant United States Attorneys
                                             Garrett Lynch
                                                 Special Assistant United States Attorney
                                             (212) 637-2038 / 2279 / 1066

cc: Defense Counsel (by ECF)