UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 1 2 2020

United States of America,

—v—

Ali Sadr Hashemi Nejad,

Defendant.

18-cr-224 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Attached to this Order is the final draft of the jury instructions in this case. The parties

shall inform the Court by 9:30 p.m. on March 11, 2020 whether any changes were entered

incorrectly.

SO ORDERED.

Dated: March 11, 2020
New York, New York

ALISON J. NATHAN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

ALI SADR HASHEMI NEJAD,

Defendant.

18-cr-224 (AJN)

**JURY INSTRUCTIONS**

# TABLE OF CONTENTS

1   INTRODUCTORY INSTRUCTIONS ......................................................................... 4
2       Instruction No. 1: Role of the Court ........................................................................ 4
3       Instruction No. 2: Role of the Jury ......................................................................... 5
4       Instruction No. 3: Contact with Others/Social Media ............................................ 6
5       Instruction No. 4: Publicity .................................................................................... 7
6       Instruction No. 5: Statements of Counsel and Court Not Evidence;  Jury's Recollection
7           Controls ............................................................................................................. 8
8       Instruction No. 6: Improper Considerations .......................................................... 10
9       Instruction No. 7: All Parties Are Equal Before the Law ....................................... 11
10      Instruction No. 8: Presumption of Innocence and Burden of Proof ........................ 12
11      Instruction No. 9: Reasonable Doubt ..................................................................... 13
12      Instruction No. 10: The Indictment ........................................................................ 14
13  CHARGE ....................................................................................................................... 15
14      Instruction No. 11: Summary of the Indictment ..................................................... 15
15      Instruction No. 12: Count One: Conspiracy to Defraud the United States: General Instructions
16          ........................................................................................................................ 17
17      Instruction No. 13: Count One: Elements of the Offense ........................................ 19
18      Instruction No. 14: Count One: Existence of the Conspiracy (Element One) ........... 20
19      Instruction No. 15: Count One: Object of the Conspiracy (Element One) ................ 22
20      Instruction No. 16: Count One: Knowing and Willful Participation (Element Two) .............. 23
21      Instruction No. 17: Count One: Overt Act (Element Three) .................................... 26
22      Instruction No. 18: Count Two: IEEPA Conspiracy: General Instructions and Statutory
23          Background ........................................................................................................ 28
24      Instruction No. 19: Count Two: Elements of the Offense ........................................ 30
25      Instruction No. 20: Count Two: Existence of the Conspiracy (Element One) ........... 31
26      Instruction No. 21: Count Two: Object of the Conspiracy (Element One) ............... 32
27      Instruction No. 22: Count Two: Knowing and Willful Participation (Element Two) .............. 34
28      Instruction No. 23: Count Two: No Overt Act Requirement .................................... 35
29      Instruction No. 24: Count Three: Bank Fraud: General Instructions ....................... 36
30      Instruction No. 25: Count Three: Elements – Scheme to Defraud a Financial Institution ........ 38
31      Instruction No. 26: Count Three: Elements – Scheme to Obtain Money or Property Under
32          Bank's Control ................................................................................................... 42
33      Instruction No. 27: Count Three: Aiding and Abetting ............................................ 45
34      Instruction No. 28: Count Four: Conspiracy to Commit Bank Fraud: General Instructions ..... 47
35      Instruction No. 29: Count Four: Elements ............................................................... 48
36      Instruction No. 30: Count Four: Existence and Object of Conspiracy (Element One) ............. 49
37      Instruction No. 31: Count Four: Knowing and Willful Participation in the Conspiracy (Element
38          Two) .................................................................................................................. 50
39      Instruction No. 32: Count Five: Money Laundering: General Instructions ............... 51
40      Instruction No. 33: Count Five: Elements of the Offense ........................................ 52
41      Instruction No. 34: Count Five: Transportation of a Monetary Instrument or Funds to the United
42          States (Element One) .......................................................................................... 53

Instruction No. 35: Count Five: Intent to Promote Specified Unlawful Activity (Element Two) ................................................................................................................................54

Instruction No. 36: Count Five: Aiding and Abetting ............................................................55

Instruction No. 37: Count Six: Conspiracy to Commit Money Laundering: General Instructions ................................................................................................................................56

Instruction No. 38: Count Six: Elements .............................................................................57

Instruction No. 39: Count Six: Existence and Object of Conspiracy (Element One)...............58

Instruction No. 40: Count Six: Knowing and Willful Participation in the Conspiracy (Element Two) ....................................................................................................................59

OTHER INSTRUCTIONS ...........................................................................................................60

Instruction No. 41: Venue.....................................................................................................60

Instruction No. 42: Theory of the Defense ...........................................................................61

Instruction No. 43: Variance in Dates ..................................................................................63

GENERAL INSTRUCTIONS......................................................................................................64

Instruction No. 44: Direct and Circumstantial Evidence .......................................................64

Instruction No. 45: Inferences ..............................................................................................66

Instruction No. 46: Number of Witnesses and Uncontradicted Testimony..............................68

Instruction No. 47: Credibility of Witnesses ........................................................................69

Instruction No. 48: Credibility of Witnesses: Impeachment by Prior Inconsistent Statement ..71

Instruction No. 49: Charts and Summaries – Not Admitted As Evidence ...............................72

Instruction No. 50: Charts and Summaries – Admitted As Evidence ......................................73

Instruction No. 51: Law Enforcement Witnesses ..................................................................74

Instruction No. 52: Stipulations ...........................................................................................75

Instruction No. 53: Preparation of Witnesses .......................................................................76

Instruction No. 54: Persons Not on Trial..............................................................................77

Instruction No. 55: Jury To Consider Only This Defendant ...................................................78

Instruction No. 56: Evidence Obtained from Searches ..........................................................79

Instruction No. 57: Translations ...........................................................................................80

Instruction No. 58: Interpreters............................................................................................81

Instruction No. 59: Redaction of Evidentiary Items ..............................................................82

Instruction No. 60: Punishment ............................................................................................83

Instruction No. 61: Right to Hear Testimony; Election of Foreperson; Communications with the Court; Juror Note-Taking ................................................................................................84

CONCLUDING REMARKS .......................................................................................................86

# INTRODUCTORY INSTRUCTIONS

<u>Instruction No. 1: Role of the Court</u>

You have now heard all of the evidence in the case and will soon hear final arguments of the lawyers for the parties.  It is my duty at this point to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.  If an attorney or anyone else at trial has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  You may take a copy of these instructions with you into the jury room.

<u>Instruction No. 2: Role of the Jury</u>

Your role is to decide the fact issues that are in the case.  You are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence or lack of evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw solely based on the evidence and from the facts as you have determined them.  You must determine the facts based solely on the evidence received in this trial.

In determining the facts, you must rely upon your own recollections of the evidence.  What the lawyers have said—for instance, in opening statements, in closing arguments, in objections, or in questions—is not evidence.  You should bear in mind particularly that questions put to witnesses, although they can provide the context to answers, are not themselves evidence.  It is only the answers that are evidence.

I remind you also that nothing I have said during the trial or will say during these instructions is evidence.  Similarly, the rulings I have made during the trial are not any indication of my views of what your decision should be.

The evidence before you consists of the answers given by witnesses, the exhibits, and the stipulations that were received in evidence.  If I have sustained an objection to a question or told you to disregard testimony, the answers given by a witness are no longer part of the evidence in this case and may not be considered by you.

<u>Instruction No. 3: Contact with Others/Social Media</u>

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic devices or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the Internet, or any internet service, or any text or instant messaging service; or any internet chat room, blog, or website, such as Facebook, My Space, LinkedIn, YouTube, Twitter, Instagram, or Snapchat, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone or in person, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

Along the same lines, you should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the Internet. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.

1 <u>Instruction No. 4: Publicity</u>

2       Your verdict must be based solely on the evidence presented in this courtroom in

3 accordance with my instructions. You must completely disregard any report that you have read in

4 the press, seen on television, or heard on the radio. Indeed, it would be unfair to consider such

5 reports, since they are not evidence and the parties have no opportunity of contradicting their

6 accuracy or otherwise explaining them away. In short, it would be a violation of your oath as

7 jurors to allow yourselves to be influenced in any manner by such publicity.

<u>Instruction No. 5: Statements of Counsel and Court Not Evidence;</u>
<u>Jury's Recollection Controls</u>

As I have said, you must determine the facts by relying upon your own recollection of the evidence. This case is not to be decided on the rhetoric of either the attorneys for the Government or the attorneys for the defendant. The lawyers' arguments are intended to convince you to draw certain conclusions from the evidence or lack of evidence. Those arguments are important. You should weigh and evaluate them carefully. But you must not confuse them with the evidence. If your recollection of the evidence differs from the statements of the lawyers, follow your recollection.

You should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections. Counsel have not only the right but the duty to make legal objections that they think are appropriate. You should not be swayed against the Government or the defendant simply because counsel for either side has chosen to make an objection. Similarly, statements made by counsel when arguing the admissibility of evidence are not to be considered as evidence.

If I comment on the evidence during my instructions, do not accept my statements in place of your recollection. Again, it is your recollection that governs.

Do not concern yourself with what was said at side bar conferences or during my discussions with counsel. Those discussions related to rulings of law, which are my duty, and not to matters of fact, which are your duty to determine.

At times I may have admonished a witness or directed a witness to be responsive to questions, to keep his or her voice up, or to repeat an answer. I have also instructed the lawyers at times to keep their voices up and speak into the microphones. My instructions were intended only

1    to clarify the presentation of evidence.  You should draw no inference or conclusion of any kind,

2    favorable or unfavorable, with respect to any witness or party in the case, by reason of any

3    comment, question, or instruction of mine.  Nor should you infer that I have any views as to the

4    credibility of any witness, as to the weight of the evidence, or as to how you should decide any

5    issue that is before you.  That is entirely your role.

<u>Instruction No. 6: Improper Considerations</u>

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider any personal feelings you have about Mr. Sadr's race, ethnicity, religion, national origin, sex, age, or other similar factor.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, ethnicity, religion, national origin, sex, age, or any other similar factor of any other witness or anyone else involved in this case.  It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.  Mr. Sadr is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

1 <u>Instruction No. 7: All Parties Are Equal Before the Law</u>

2      You are to perform the duty of finding the facts without bias or prejudice as to any party.

3 You are to perform your final duty in an attitude of complete fairness and impartiality.

4      The fact that the prosecution is brought in the name of the United States of America

5 entitles the Government to no greater consideration than that given to any other party to this

6 litigation.  By the same token, the Government is entitled to no less consideration.  All parties,

7 whether Government or individuals, stand as equals at the bar of justice.

## <u>Instruction No. 8: Presumption of Innocence and Burden of Proof</u>

Mr. Sadr pleaded not guilty to the charges against him. As a result of a plea of not guilty, the burden is on the Government to prove Mr. Sadr's guilt beyond a reasonable doubt as to each charge. This burden never shifts to Mr. Sadr for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

Even if Mr. Sadr has presented evidence in his defense, it is not his burden to prove himself innocent. It is always the Government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

Furthermore, the law presumes Mr. Sadr to be innocent of the charges against him. In other words, Mr. Sadr starts with a clean slate. The presumption of innocence stays with Mr. Sadr all throughout the trial and remains as you go into the jury room to begin your deliberations. The presumption remains unless and until you are convinced that the Government has proven Mr. Sadr's guilt beyond a reasonable doubt as to each charge.

## Instruction No. 9: Reasonable Doubt

I have said that in order to convict Mr. Sadr on any of the charges in the Indictment, the Government is required to prove that charge beyond a reasonable doubt. The question that naturally arises is, "What is a reasonable doubt?" The words almost define themselves. It is a doubt based in reason and arising out of the evidence in the case, or the lack of evidence. It is a doubt that a reasonable person has after carefully weighing all of the evidence in the case.

Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, and your common sense. If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you do have an abiding belief of Mr. Sadr's guilt as to any crime charged in this case, such a belief as a prudent person would be willing to act upon in important matters in the personal affairs of his or her own life, then you have no reasonable doubt, and under such circumstances it is your duty to convict Mr. Sadr of the particular crime in question.

On the other hand, if, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you are not satisfied with the guilt of Mr. Sadr as to any charge, that you do not have an abiding belief of his guilt as to that charge—in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in acting in matters of importance in his or her own affairs—then you have a reasonable doubt, and in that circumstance it is your duty to acquit Mr. Sadr of that charge.

<u>Instruction No. 10: The Indictment</u>

The defendant, Mr. Sadr, has been formally charged in what is called an "Indictment." As I instructed you at the outset of this trial, the Indictment is simply a charge or accusation. It is not evidence. Mr. Sadr begins trial with an absolutely clean slate and without any evidence against him. You must give no weight to the fact that an Indictment has been returned against Mr. Sadr. What matters is the evidence that has been presented at the trial or the lack of evidence.

I will not read the entire Indictment to you at this time. Rather, I will summarize the charges in the Indictment and then explain in detail the elements of each offense.

Instruction No. 11: Summary of the Indictment

Mr. Sadr, whose full name is Ali Sadr Hashemi Nejad, has been formally charged in an Indictment containing six counts, or charges. In your deliberations and in reaching your verdict, you must consider each count separately.

Count One charges that, from at least in or about 2006, up to and including in or about May 2014, Mr. Sadr agreed with others to defraud the United States by impairing, impeding, and obstructing the lawful and legitimate governmental functions and operations of the Office of Foreign Assets Control at the U.S. Department of the Treasury.

Count Two charges that, from at least in or about 2006, up to and including in or about May 2014, Mr. Sadr agreed with others to violate and cause a violation of licenses, orders, regulations, and prohibitions pertaining to the Islamic Republic of Iran issued under the International Emergency Economic Powers Act ("IEEPA").

Count Three charges that, from at least in or about 2006, up to and including in or about May 2014, Mr. Sadr executed and attempted to execute a scheme to defraud a federally-insured financial institution.

Count Four charges that, from at least in or about 2006, up to and including in or about May 2014, Mr. Sadr agreed with others to execute a scheme to defraud a federally-insured financial institution.

Count Five charges that, from at least in or about 2006, up to and including in or about May 2014, Mr. Sadr participated in money laundering by engaging in certain financial transactions with the intent to promote the carrying on of two specified unlawful activities:

1      willfully violating the International Emergency Economic Powers Act as charged in Count Two,

2      and knowingly committing bank fraud as charged in Count Three.

3            Count Six charges that, from at least in or about 2006, up to and including in or about May

4      2014, Mr. Sadr participated in a money laundering conspiracy by agreeing with others to engage

5      in certain financial transactions in order to promote the carrying on of the same specified unlawful

6      activities charged in Count Five (willfully violating the International Emergency Economic

7      Powers Act, and committing bank fraud).

8            Mr. Sadr denies that he is guilty of these six charges.  Mr. Sadr is not charged with

9      committing any crime other than the six offenses alleged in the Indictment.  You are here only to

10     determine whether the Government has proven Mr. Sadr guilty beyond a reasonable doubt of the

11     six specific charges in the Indictment.

1   <u>Instruction No. 12: Count One: Conspiracy to Defraud the United States: General Instructions</u>

2         I will now instruct you with respect to Count One of the Indictment.  In Count One,

3   Mr. Sadr is charged with conspiracy to defraud the United States, by impairing, impeding and

4   obstructing the lawful and legitimate functions and operations of the Office of Foreign Assets

5   Control of the U.S. Department of the Treasury, in violation of Title 18, Section 371, of the

6   United States Code.  In this trial the Office of Foreign Assets Control has been referred to as

7   "OFAC."

8         Specifically, Count One charges:

9         From at least in or about 2006, up to and including at least in or about
10  May 2014, in the Southern District of New York, Turkey, Switzerland, Iran,
11  and elsewhere, ALI SADR HASHEMI NEJAD, the defendant, and others
12  known and unknown, knowingly and willfully did combine, conspire,
13  confederate, and agree together and with each other to defraud the United
14  States and an agency thereof, to wit, to impair, impede, and obstruct the lawful
15  and legitimate governmental functions and operations of OFAC in the
16  enforcement of economic sanctions laws and regulations administered by that
17  agency.

18        Title 18, Section 371 of the United States Code provides in relevant part:

19        If two or more persons conspire . . . to defraud the United States, or any agency
20  thereof in any manner or for any purpose, and one or more of such persons do
21  any act to effect the object of the conspiracy, each shall be [guilty of a crime].

22        A conspiracy to commit a crime is an entirely separate and different offense from the

23  crime that is the object of the conspiracy.  The essence of the crime of conspiracy is an

24  agreement or understanding to violate the law.  Thus, if a conspiracy exists, even if it should fail

25  in its purpose, it is still punishable as a crime.

1          The charge of conspiracy to defraud the Government does not mean that one of the illegal

2   objects must be to cause the Government to suffer a loss of money or property as a consequence

3   of the conspiracy.  It would also be a conspiracy to defraud if one of the objects was to obstruct,

4   interfere, impair, impede, or defeat the legitimate functioning of a Government agency through

5   fraudulent or dishonest means, as I will define these terms.

1       <u>Instruction No. 13: Count One: Elements of the Offense</u>

2       In order for you to find Mr. Sadr guilty on Count One, you must find that the

3  Government has proven each of the following elements beyond a reasonable doubt:

4       <u>First</u>, that the conspiracy charged in Count One existed.  In other words, that there was an

5  agreement or understanding between two or more people to impair, impede, obstruct, or defeat

6  the lawful and legitimate governmental functions and operations of the Office of Foreign Assets

7  Control of the U.S. Department of the Treasury through fraudulent or dishonest means.  You

8  must also determine that the agreement continued to operate after March 18, 2013.

9       <u>Second</u>, that Mr. Sadr knowingly and willfully became a member of that conspiracy, with

10  knowledge of its unlawful objective; and

11      <u>Third</u>, that one of the conspirators knowingly committed at least one overt act in

12  furtherance of the conspiracy after March 18, 2013.

13      I will now discuss each of these elements in more detail.

14

Instruction No. 14: Count One: Existence of the Conspiracy (Element One)

The first element that the Government must prove beyond a reasonable doubt is that two or more persons entered the unlawful agreement charged in Count One of the Indictment—that is, that two or more persons agreed to impair, impede, and obstruct the lawful and legitimate governmental functions and operations of OFAC through fraudulent and dishonest means.

A conspiracy is an agreement or understanding between two or more persons to accomplish some unlawful purpose. To establish the existence of a conspiracy, however, the Government is not required to show that two or more people sat around a table and entered into a formal contract. It is sufficient if two or more persons, in any manner, came to a common understanding to violate the law. Express language or specific words are not required to indicate agreement to or membership in a conspiracy. As I already told you, it is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed.

Nevertheless, in determining whether two or more individuals have agreed to commit a crime, you may look at all of their conduct—including any acts done to carry out an apparent criminal purpose—and determine whether that conduct reflects an intent to carry out a common criminal purpose. The old saying "actions speak louder than words" applies here.

If, upon consideration of all the evidence, direct and circumstantial, you find that the Government has proven beyond a reasonable doubt that there was a meeting of the minds or agreement between two or more persons to commit the unlawful objective charged in Count One, then proof of the existence of a conspiracy is established. Mere discussions about crimes or mere knowledge of crimes without an agreement to commit them is not a conspiracy. Further, an

1   agreement to achieve a lawful goal is not the same as a criminal conspiracy—two or more

2   individuals must have agreed to commit the crime of obstructing the lawful and legitimate

3   governmental functions and operations of OFAC in the enforcement of the Iranian trade

4   sanctions laws and regulations.

5          Finally, the agreement to act together dishonestly for the charged unlawful purpose must

6   have continued in operation after March 18, 2013.  That date is relevant because of the statute of

7   limitations, which provides that you cannot convict on Count One unless the offense was

8   committed within five years of the Indictment, which was returned March 19, 2018.  Thus, for

9   you to find the existence of the conspiracy charged in Count One, you must find the Government

10  has proven beyond a reasonable doubt that the agreement to act for the unlawful purpose charged

11  in Count One continued after March 18, 2013.

12         I will now instruct you further on the charged object of obstructing the lawful and

13  legitimate functions of OFAC.

<u>Instruction No. 15: Count One: Object of the Conspiracy (Element One)</u>

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. Count One charges that the goal of the conspiracy was to impair, impede, or obstruct the lawful and legitimate governmental functions and operations of OFAC in the enforcement of the Iranian trade sanctions laws and regulations, through fraudulent and dishonest means.

In order to find a conspiracy to "impair, impede, or obstruct" a legitimate governmental function, you must find beyond a reasonable doubt that the object of the conspiracy was to make it more difficult for a part of the United States Government to carry out its lawful and legitimate functions and that the scheme depended on fraudulent and dishonest means. Actual contact between Mr. Sadr and an official of the U.S. Government is not an element of the crime, nor is it necessary for you to find that the Government was subjected to any loss of money or property as a result of the conspiracy. It also is not necessary for you to find that the impairment violated any separate law. All that is required is that the object of the conspiracy was to interfere with or obstruct one of the United States' lawful governmental functions by deceit, craft or trickery, or by means that are dishonest.

As I will explain to you in more detail when we come to Count Two, the United States has imposed economic sanctions, meaning legal restrictions, on trade and transactions involving the Islamic Republic of Iran. Pursuant to law, the Office of Foreign Assets Control of the U.S. Department of the Treasury, often referred to by its initials, "OFAC," administers and enforces these laws.

22

1      <u>Instruction No. 16: Count One: Knowing and Willful Participation (Element Two)</u>

2      The Government must also prove beyond a reasonable doubt that the defendant

3 knowingly and willfully entered into the conspiracy, that is, that the defendant agreed to take part

4 in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful

5 objective.

6      To act knowingly means to act intentionally and voluntarily, and not because of

7 ignorance, mistake, accident, or carelessness.  To act willfully means to act with knowledge that

8 one's conduct is unlawful and with the intent to do something the law forbids, that is to say with

9 the bad purpose to disobey or disregard the law.  You must determine: Did Mr. Sadr join the

10 conspiracy knowing of its unlawful aim and purpose and with the specific intent of furthering

11 that unlawful purpose?

12      Thus, if a defendant believed in good faith that he was acting properly, even if he was

13 mistaken in that belief, this element cannot be established because a defendant who acted in good

14 faith cannot be found to have acted knowingly, willfully, and with the unlawful intent required in

15 this element.  The burden of establishing knowledge and lack of good faith rests upon the

16 Government.  Mr. Sadr is under no burden to prove his good faith; rather, the Government must

17 prove Mr. Sadr's knowing and willful participation beyond a reasonable doubt.

18      Now, knowledge is a matter of inference from the proven facts.  Science has not yet

19 devised a manner of looking into a person's mind and knowing what that person is thinking.

20 However, you do have before you the evidence of certain acts and conversations alleged to have

21 taken place involving the defendant or in his presence.  You may consider this evidence in

23

1   determining whether the Government has proven beyond a reasonable doubt the defendant's

2   knowledge of the unlawful purposes of the conspiracy.

3        It is not necessary for the Government to show that a defendant was fully informed as to

4   all the details of the conspiracy in order for you to infer knowledge on his part.  To have guilty

5   knowledge, a defendant need not have known the full extent of the conspiracy or all of the

6   activities of all of its participants.  It is not even necessary for a defendant to know every other

7   member of the conspiracy.

8        Nor is it necessary that the defendant received any monetary benefit from his

9   participation in the conspiracy, or had a financial stake in the outcome.  However, although proof

10  of a financial interest in the outcome of a scheme is not essential or determinative, if you find

11  that a defendant had a financial or other interest, that is a factor you may properly consider in

12  determining whether the defendant was a member of the conspiracy.

13       The duration and extent of the defendant's participation has no bearing on the issue of his

14  guilt.  He need not have joined the conspiracy at the outset.  A defendant may have joined it for

15  any purpose at any time in its progress, and he will be held responsible for all that was done

16  before he joined and all that was done during the conspiracy's existence while he was a member.

17       Each member of a conspiracy may perform separate and distinct acts and may perform

18  them at different times.  Some conspirators may play major roles, while others play minor roles

19  in the scheme.  An equal role or an important role is not what the law requires.  In fact, even a

20  single act can be sufficient to make a defendant a participant in an illegal conspiracy.

However, a person's mere association with a member of the conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without agreement and participation is not sufficient. What is necessary is that a defendant participate in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, may have intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, he becomes a conspirator.

A conspiracy once formed is presumed to continue until its objective is accomplished or until there is some affirmative act of termination by its members. So too, once a person is found to be a participant in the conspiracy, that person is presumed to continue being a participant in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and dissociated himself from it.

<u>Instruction No. 17: Count One: Overt Act (Element Three)</u>

The third element that the Government must prove beyond a reasonable doubt is that at least one overt act was committed in furtherance of the conspiracy by at least one of the co-conspirators. You need not find that Mr. Sadr committed the overt act. It is sufficient for the Government to show that any of the co-conspirators committed an act in furtherance of the conspiracy.

The Indictment charges that a number of particular overt acts were committed in furtherance of the conspiracy. It is not necessary for the Government to prove that any of the specified overt acts charged in the Indictment were committed. Rather, the Government can prove any overt act, even one that is not listed in the Indictment, provided that the overt act is committed by one of the conspirators and is done to further the object of the conspiracy. It is sufficient if you find beyond a reasonable doubt that any one overt act occurred while the conspiracy was still in existence.

You should bear in mind that the overt act, standing alone, may be an innocent, lawful act. An apparently innocent act can shed its harmless character if it is a step in carrying out, promoting, aiding, or assisting a conspiratorial scheme.

It is not necessary for you to reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was so committed.

As I explained before, in order for you to find the overt act requirement satisfied, you must find beyond a reasonable doubt that the overt act in furtherance of the conspiracy was

26

1    committed after March 18, 2013.  Again, that is because under the relevant statute of limitations,

2    you cannot convict Mr. Sadr unless the conspiracy offense was committed within five years of

3    when the Indictment was returned on March 19, 2018.  That means that, in order for you to

4    convict, you must be satisfied that the Government has proven beyond a reasonable doubt that

5    the overt act in furtherance of the conspiracy charged in Count One was committed after March

6    18, 2013.

<u>Instruction No. 18: Count Two: IEEPA Conspiracy: General Instructions and Statutory</u>
<u>Background</u>

Count Two of the Indictment charges Mr. Sadr with participating in a conspiracy, from at least in or about 2006 up to and including in or about May 2014, to violate regulations or prohibitions issued under the International Emergency Economic Powers Act, otherwise known as the IEEPA.

Specifically, Count Two charges:

> From at least in or about 2006, up to and including at least in or about May 2014, in the Southern District of New York, Turkey, Switzerland, Iran, and elsewhere, ALI SADR HASHEMI NEJAD, the defendant, and others known and unknown, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to violate, and to cause a violation of, licenses, orders, regulations, and prohibitions issued under the International Emergency Economic Powers Act, Title 50, United States Code, Sections 1701 to 1707, and Part 560 of Title 31, Code of Federal Regulations.

> It was part and an object of the conspiracy that ALI SADR HASHEMI NEJAD, the defendant, and others known and unknown, would and did export, reexport, sell, and supply, and cause to be exported, reexported, sold, and supplied, directly and indirectly, from the United States, services, to wit, international financial transactions, to Iran and to the Government of Iran, without first obtaining the required approval of OFAC, in violation of Title 50, United States Code, Sections 1701 to 1707, and Title 31, Code of Federal Regulations, Section 560.204.

> It was further a part and an object of the conspiracy that ALI SADR HASHEMI NEJAD, the defendant, and others known and unknown, would and did engage in a transaction that evaded and avoided, had the purpose of evading and avoiding, caused a violation of, and attempted to violate one or more of the prohibitions set forth in Title 31, Code of Federal Regulations, Part 560, in violation of Title 50, United States Code, Sections 1701 to 1707, and Title 31, Code of Federal Regulations, Section 560.203.

Under authority contained in IEEPA, in Title 50, Sections 1702 and 1703 of the United States Code, the United States has adopted certain restrictions on transactions with or involving

28

1    Iran.  These restrictions are referred to as economic sanctions or trade sanctions, and are

2    contained in the "Iranian Transactions and Sanctions Regulations" in Title 31, Part 560 of the

3    Code of Federal Regulations.  Among other things, these sanctions prohibit causing the export of

4    a service directly or indirectly to Iran or the Government of Iran from the United States.

5         Title 50, Section 1705 of the United States Code provides in relevant part:

6         **(a)  Unlawful acts**

7         It shall be unlawful for a person to . . .  conspire to violate . . . any . . .
8         regulation[] or prohibition issued under [IEEPA].

9         . . . .

10        **(c)  Criminal Penalty**

11        A person who willfully . . . conspires to commit . . . an unlawful act
12        described in subsection (a) shall, upon conviction, be [guilty of a crime].

1 <u>Instruction No. 19: Count Two: Elements of the Offense</u>

2         Like Count One, Count Two charges a conspiracy.  Therefore, the elements of Count

3 Two are similar to the elements of Count One, except that an overt act is not required.  To

4 sustain its burden of proof with respect to the conspiracy charge in Count Two, the Government

5 must prove beyond a reasonable doubt each of the following elements:

6         <u>First</u>, the Government must prove that the conspiracy charged in Count Two existed.

7 That is, that there was an agreement or understanding among at least two people to violate

8 regulations § 560.204 and § 560.203 of the Iranian Transactions and Sanctions Regulations,

9 which were issued under IEEPA, and that the conspiracy continued to exist after March 18,

10 2013.

11         <u>Second</u>, the Government must prove that Mr. Sadr knowingly and willfully became a

12 member of that conspiracy, with knowledge of its unlawful objective.

13         Each of these elements must be satisfied beyond a reasonable doubt.

## Instruction No. 20: Count Two: Existence of the Conspiracy (Element One)

The first element that the Government must prove beyond a reasonable doubt is that two or more persons entered the unlawful agreement charged in Count Two of the Indictment—that is, an agreement to violate, and to cause a violation of, regulations and prohibitions issued under IEEPA.

In Instruction No. 14 on Count One, I instructed you on the principles of law you are to apply to determine whether the Government has proven beyond a reasonable doubt that the conspiracy charged in the relevant count of the Indictment existed—including the requirement that it must have continued to exist after March 18, 2013 (the statute of limitations date).

You should apply the principles in that instruction here to determine whether the unlawful agreement charged in Count Two, described above, existed after March 18, 2013.

1    <u>Instruction No. 21: Count Two: Object of the Conspiracy (Element One)</u>

2    In order to find Mr. Sadr guilty of the conspiracy charged in Count Two, you must find

3    that the Government has proved beyond a reasonable doubt at least one of the two objects of the

4    conspiracy charged in Count Two.

5    The first charged object was to export, reexport, sell, and supply, and cause to be

6    exported, from the United States, services—that is, financial transactions—to Iran or to the

7    Government of Iran, in violation of Title 31, Code of Federal Regulations, Section 560.204.  The

8    second charged object was to engage in a transaction that evaded and avoided, had the purpose

9    of evading and avoiding, caused a violation of, and attempted to violate Section 560.204

10    (described above), in violation of Title 31, Code of Federal Regulations, Section 560.203.

11    I will now instruct you on regulations and legal principles relevant to determining

12    violations of Sections 560.204 and 560.203.  I remind you that the crime of conspiracy is distinct

13    from the underlying substantive crime that conspirators agree to commit.  The essence of

14    conspiracy is an agreement to violate the law—to commit a crime.  At the same time, an

15    agreement to engage in lawful conduct is not a criminal conspiracy.  Accordingly, you need not

16    find that a substantive violation of IEEPA actually occurred, only that the defendant knowingly

17    and willfully agreed with others to engage in conduct intended to violate IEEPA.

18    Section 560.204 generally prohibits "the exportation, reexportation, sale, or supply,

19    directly or indirectly, from the United States, or by a United States person, wherever located, of

20    any goods, technology, or services to Iran or the Government of Iran."  Section 560.203

21    generally prohibits any transaction that "evades or avoids, [or] has the purpose of evading or

avoiding" a prohibition in the Iranian Transactions and Sanctions Regulations—in this case the prohibition on direct or indirect exportation to Iran contained in Section 560.204.  Under Section 560.203, to establish this prong, the Government must prove beyond a reasonable doubt that the conspirators agreed to engage in transactions for the purpose of evading or avoiding the prohibition on direct or indirect exportation to Iran in Section 560.204.

A violation of either of these regulations also requires proof that at the time of the transactions at issue, the transactions were not licensed or otherwise authorized by OFAC.

I am now going to define some of the technical terms used in the regulations that I have just instructed you about.  The services that the Indictment charges were exported from the United States are the processing services provided by U.S. correspondent banks in processing wire transfers of funds between non-Iranian foreign banks.  Such processing services are "services" under Section 560.204.  The supply of services "directly or indirectly to Iran" includes the supply of services performed on behalf of a person, entity, or business in Iran, or where the benefit of such services is otherwise received in Iran.

The "Government of Iran" means the state and the Government of Iran, as well as any political subdivision, agency, or instrumentality of the Government of Iran, including the Central Bank of Iran.  The Government of Iran also includes any entity or business owned or controlled, directly or indirectly, by the Government of Iran and any person to the extent that the person acts or purports to act, directly or indirectly, for or on behalf of the Government of Iran, and any other person or entity that OFAC has determined meets any of these criteria.

1 <u>Instruction No. 22: Count Two: Knowing and Willful Participation (Element Two)</u>

2       The second element the Government must prove beyond a reasonable doubt is that

3 Mr. Sadr knowingly and willfully entered into the conspiracy, that is, that he agreed to take part

4 in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful

5 objective.

6       In Instruction No. 16 in Count One, I instructed you on the principles to apply to

7 determine whether the defendant knowingly and willfully joined the charged conspiracy.  You

8 should apply those principles here, to determine whether the Government has proved beyond a

9 reasonable doubt that Mr. Sadr knowingly and willfully joined the conspiracy charged in Count

10 Two, with knowledge of its illegal objective and intent to further that unlawful purpose.

11       A defendant may not be held liable for a violation of IEEPA if the defendant acted, or

12 chose not to act, in a good-faith belief that he was complying with the licenses, orders,

13 regulations, or prohibitions issued pursuant to IEEPA.  In other words, if you find that the

14 defendant acted in good faith, then he may not be convicted of a conspiracy to

15 violate IEEPA.

## Instruction No. 23: Count Two: No Overt Act Requirement

1

2      Although Count Two, like Count One of the Indictment, charges Mr. Sadr with

3 participating in a conspiracy, I instruct you that, unlike for Count One, it is <u>not</u> necessary for the

4 Government to prove the commission of any overt act in furtherance of the conspiracy alleged in

5 Count Two.

6      You should not concern yourselves with why an overt act is required for Count One but

7 not Count Two.  The difference arises from the different statutes that define the two different

8 offenses.  It does not have anything to do with the facts of this case.

1 <u>Instruction No. 24: Count Three: Bank Fraud: General Instructions</u>

2 Count Three of the Indictment charges Mr. Sadr with committing bank fraud.

3 Specifically, Count Three charges:

4 From at least in or about 2006, up to and including at least in or about
5 May 2014, in the Southern District of New York, Turkey, Switzerland, Iran,
6 and elsewhere, ALI SADR HASHEMI NEJAD, the defendant, and others
7 known and unknown, did knowingly execute and attempt to execute a scheme
8 or artifice to defraud a financial institution, the deposits of which were then
9 insured by the Federal Deposit Insurance Corporation ("FDIC"), and to obtain
10 moneys, funds, credits, assets, securities, and other property owned by and
11 under the custody and control of such financial institution, by means of false
12 and fraudulent pretenses, representations, and promises, and aided and abetted
13 the same, to wit, inducing U.S. financial institutions to conduct financial
14 transactions on behalf of and for the benefit of the Government of Iran and
15 Iranian entities and persons using money and property owned by and under the
16 custody and control of such financial institutions, by deceptive means.

17 The bank fraud statute, Title 18, Section 1344 of the United States Code, provides:

18 Whoever knowingly executes, or attempts to execute, a scheme or
19 artifice—

20 (1) to defraud a financial institution; or

21 (2) to obtain any of the moneys, funds, credits, assets, securities, or other
22 property owned by, or under the custody or control of, a financial institution,
23 by means of false or fraudulent pretenses, representations, or promises;

24 shall be [guilty of a crime].

25 The statute thus sets out two different forms of bank fraud: (1) a scheme to defraud a

26 bank, and (2) a scheme to obtain money under the bank's control by means of false

27 representations. Count Three of the Indictment charges both forms of bank fraud. I will instruct

28 you separately on each one.

36

1    You may find Mr. Sadr guilty of bank fraud if you find all the elements of one form of

2 bank fraud proven.  You do not need to find both forms proven.  But to find Mr. Sadr guilty, you

3 must be unanimous as to which theory of bank fraud you find, and you must find every element

4 of that theory proven beyond a reasonable doubt.

1  <u>Instruction No. 25: Count Three: Elements – Scheme to Defraud a Financial Institution</u>

2  In order to prove Mr. Sadr guilty of knowingly executing a scheme to defraud a bank

3  under Section 1344(1), the Government must prove each of the following elements beyond a

4  reasonable doubt:

5  <u>First</u>, that there was a scheme to defraud a bank;

6  <u>Second</u>, that the defendant executed or attempted to execute the scheme knowingly; and

7  <u>Third</u>, that at the time of the execution of the scheme, the bank had its deposits insured by

8  the Federal Deposit Insurance Corporation, or "FDIC."

9  The first element the Government must prove beyond a reasonable doubt is that there was

10  a scheme to defraud.  A "scheme" is simply a plan that is designed to accomplish an objective.

11  A "scheme to defraud" is defined as a pattern or course of conduct concerning a material matter

12  designed to deceive a federally-insured bank into releasing property with the knowledge that

13  course of conduct would likely harm the bank's property interest.

14  Because the Government need only show that a scheme to defraud existed, not that it

15  succeeded, it is not necessary for the Government to prove that the banks actually lost money or

16  property as a result of the scheme.  For you to find Mr. Sadr guilty, however, the Government

17  must prove that he did more than merely deceive the banks.  To carry its burden, the Government

18  must prove that he knew his conduct would likely harm the bank's property interest.

19  In this regard, a person is not deprived of money or property only when someone directly

20  takes money or property from that person, although that is obviously one way that a person or

21  entity can be so deprived.  A person can also be deprived of money or property when that person

38

1    is provided false or fraudulent information that, if believed, would prevent the person from being

2    able to make informed economic decisions about what to do with his or her money or property.

3    In other words, a person is deprived of money or property when the person is deprived of the

4    right to control that money or property.

5         However, not every non-disclosure or misrepresentation that could affect someone's

6    decision of how to use his or her assets is sufficient to support a bank fraud conviction.  The loss

7    of the right to control money or property constitutes deprivation of money or property only when

8    the scheme, if it were to succeed, would likely result in tangible economic harm to the victim,

9    and the defendant knew such tangible economic harm was likely.  Thus, to convict Mr. Sadr of

10   bank fraud under a right-to-control theory, the Government must prove Mr. Sadr knew that it

11   was likely that the alleged fraudulent scheme would cause the banks tangible economic harm.  If

12   all the Government proves is that under the scheme, it was contemplated that the banks would

13   enter into transactions they would otherwise not have entered into, without proving that the

14   financial institutions would thereby likely have suffered economic harm, then the Government

15   will not have met its burden of proof.

16        The second element the Government must prove beyond a reasonable doubt is that the

17   defendant executed or attempted to execute the scheme knowingly.  To act "knowingly" means

18   to act voluntarily and deliberately, rather than mistakenly or inadvertently.  In determining

19   whether the defendant acted knowingly, you may also consider whether he believed in good faith

20   that he was acting properly.  I have already instructed you about good faith in connection with

21   Count One, and you should rely on that instruction here as well.  Furthermore, this element

1    requires that the defendant engaged in, or participated in, the scheme alleged with an

2    understanding of its fraudulent or deceptive character and with an intention to help it succeed.  It

3    is not required that the defendant participate in or have knowledge of all the operations of the

4    scheme.  The guilt of the defendant is not governed by the extent of his participation.  It also is

5    not necessary that the defendant originated the scheme, or that the defendant participated in the

6    alleged scheme from the beginning.  A person who comes in at a later point with knowledge of

7    the scheme's general operation, although not necessarily all of its details, and intentionally acts

8    in a way to further the unlawful goals, becomes a member of the scheme and is legally

9    responsible for all that may have been done in the past in furtherance of the criminal objective

10   and all that is done thereafter.  Even if the defendant participated in the scheme to a lesser degree

11   than others, he is nevertheless guilty, so long as the defendant became a member of the scheme

12   to defraud with knowledge of its general scope and purpose.

13        The Government must specifically prove that the defendant knew the scheme would

14   likely harm the bank's property interest.  The question of whether the defendant knew his course

15   of conduct would likely harm the bank's property interest is a question of fact for you to

16   determine, like any other fact question.  This question involves one's state of mind.  Direct proof

17   of knowledge is almost never available.  It would be a rare case where it could be shown that a

18   person wrote or stated that as of a given time in the past he committed an act with unlawful

19   knowledge.  Such direct proof is not required.  The ultimate facts of knowledge, though

20   subjective, may be established by a person's outward manifestations, his words, his conduct, his

21   acts and all the surrounding circumstances disclosed by the evidence and the rational or logical

1    inferences that may be drawn therefrom.  Circumstantial evidence, if believed, is of no less value

2    than direct evidence.  In either case, the essential elements of the crime must be established

3    beyond a reasonable doubt.

4           The third element the Government must prove beyond a reasonable doubt is that the

5    relevant bank was insured by the Federal Deposit Insurance Corporation at the time of the

6    execution of the alleged scheme.  It is not necessary for the Government to prove that the

7    defendant knew the identity of a particular bank or that the defendant knew that the bank was

8    insured by the Federal Deposit Insurance Corporation.

1 <u>Instruction No. 26: Count Three: Elements – Scheme to Obtain Money or Property Under Bank's</u>
2 <u>Control</u>

3       In order to prove Mr. Sadr guilty of knowingly executing a scheme to obtain money or

4 property owned by or under the bank's custody or control under Section 1344(2), the

5 Government must prove each of the following elements beyond a reasonable doubt:

6       <u>First</u>, that there was a scheme to obtain money or property owned by or under the custody

7 or control of a bank by means of materially false or fraudulent pretenses, representations or

8 promises as charged in the Indictment;

9       <u>Second</u>, that the defendant executed or attempted to execute the scheme knowingly and

10 with the intent to obtain money or property owned by or under the custody or control of the

11 bank; and

12       <u>Third</u>, that at the time of the execution of the scheme, the bank had its deposits insured by

13 the Federal Deposit Insurance Corporation.

14       The first element that the Government must prove beyond a reasonable doubt is that there

15 was a scheme to obtain money or property owned by or under the custody or control of a bank by

16 means of false or fraudulent pretenses, representations or promises as described in the

17 Indictment.

18       I have instructed you on the meaning of "scheme" and you should follow that instruction

19 here. For the scheme to obtain money "by means of" false or fraudulent pretenses,

20 representations or promises, a false statement must be the thing that causes the bank to part with

42

1   money in its control.  If a false statement is not the reason the bank parts with money in its

2   control, this element is not satisfied.

3          A representation is fraudulent if it was falsely made with the intent to deceive.  Deceitful

4   statements of half-truth, the concealment of material facts where that concealment makes an

5   affirmative statement misleading, and the expression of an opinion not honestly entertained may

6   constitute false or fraudulent representations under the statute.  The deception need not be

7   premised upon spoken or written words alone, however.  The arrangement of the words, or the

8   circumstances in which they are used may convey a false and deceptive appearance.  If there is

9   intentional deception, the manner in which it is accomplished does not matter.

10         The fraudulent representation must relate to a material fact or matter.  A material fact is

11  one you would reasonably expect to be of concern to a reasonable and prudent person in relying

12  upon the representation or statement in making a decision.  This means that if you find a

13  particular statement of fact to have been false, you must also determine whether that statement

14  was one that a reasonable person would have considered important in making his or her decision.

15  It does not matter whether the bank actually relied on the misrepresentation; however, the

16  misrepresentation had to be capable of influencing the bank.  The same principle applies to

17  fraudulent half-truths or the concealment of material facts where that concealment makes an

18  affirmative statement misleading.

19         The second element the Government must prove beyond a reasonable doubt is that the

20  defendant executed or attempted to execute the scheme knowingly and with the intent to obtain

21  money or funds owned by or under the custody or control of the bank.

43

1    I instructed you on "knowingly," good faith, and that the ultimate facts of knowledge and

2    criminal intent, though subjective, may be established by circumstantial evidence, in the previous

3    instruction.  You should follow those instructions here.

4    The third element the Government must prove beyond a reasonable doubt is that at the

5    time of the execution of the scheme, the bank had its deposits insured by the Federal Deposit

6    Insurance Corporation.  I instructed you on the requirement of knowledge that the bank was

7    insured by the FDIC in the previous instruction, and you should follow that instruction here.

In connection with the substantive crime of bank fraud charged in Count Three, Mr. Sadr is also charged with aiding and abetting the commission of that crime. Mr. Sadr can be convicted *either* if he committed the crime himself, *or* if another person committed the crime and Mr. Sadr aided and abetted that person to commit that crime.

A person who aids and abets another to commit an offense is just as guilty of that offense as if he had committed it himself. Therefore, if you find that the Government has proven beyond a reasonable doubt that another person actually committed the bank fraud offense charged in Count Three, and that Mr. Sadr aided and abetted that person in the commission of the offense, then you may find Mr. Sadr guilty of that crime.

In order to convict on an aiding and abetting theory, you must first find that another person has committed the crime charged in Count Three. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person. But if you do find that someone committed the crime of bank fraud charged in Count Three, then you must consider whether Mr. Sadr aided or abetted the commission of the crime.

In order to aid and abet another in committing a crime, it is necessary that the Government prove that Mr. Sadr knowingly and willfully associated himself in some way with the crime, and that he knowingly and willfully sought by some act to help make the crime succeed. To establish that the defendant knowingly and willfully associated himself with the crime, the Government must establish that the defendant knew of the scheme to defraud the bank

45

1 and intended to defraud the bank, or knew of the scheme to obtain money from the bank's

2 custody and intended to do so by means of false statements.

3       Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the

4 case of a failure to act, with the specific intent to fail to do something the law requires to be

5 done—that is to say, with a bad purpose either to disobey or to disregard the law.

6       The mere presence of the defendant where a crime is being committed, even coupled with

7 knowledge by the defendant that a crime is being committed, or merely associating with others

8 who were committing a crime is not sufficient to establish aiding and abetting. One who has no

9 knowledge that a crime is being committed or is about to be committed but inadvertently does

10 something that aids in the commission of that crime is not an aider and abettor. An aider and

11 abettor must know that the crime is being committed and act in a way that is intended to bring

12 about the success of the criminal venture.

13       In sum, to determine whether Mr. Sadr aided and abetted bank fraud as charged in Count

14 Three, the Government must prove that Mr. Sadr: (1) participated in either the scheme to defraud

15 the bank or the scheme to obtain property from the bank's custody through false representations

16 as something he wished to bring about; (2) associated himself with that crime knowingly,

17 deliberately, and willfully; and (3) intended by his actions to make that crime succeed. If the

18 Government has proved these three things beyond a reasonable doubt, then the defendant is an

19 aider and abettor and guilty of the crime charged. If the Government's proof has failed to prove

20 these three things, then Mr. Sadr is not an aider and abettor and you must find him not guilty of

21 the crime charged in Count Three.

1    <u>Instruction No. 28: Count Four: Conspiracy to Commit Bank Fraud: General Instructions</u>

2    Count Four charges Mr. Sadr with conspiracy to commit the bank fraud offenses charged

3    in Count Three.

4    Specifically, Count Four alleges that:

5    From at least in or about 2006, up to and including at least in or about
6    May 2014, in the Southern District of New York, Turkey, Switzerland, Iran,
7    and elsewhere, ALI SADR HASHEMI NEJAD, the defendant, and others
8    known and unknown, knowingly and willfully did combine, conspire,
9    confederate, and agree together and with each other to commit bank fraud, in
10   violation of Title 18, United States Code, Section 1344.

11   It was a part and an object of the conspiracy that ALI SADR HASHEMI
12   NEJAD, the defendant, and others known and unknown, would and did
13   knowingly execute and attempt to execute a scheme or artifice to defraud a
14   financial institution, the deposits of which were then insured by the FDIC, and
15   to obtain moneys, funds, credits, assets, securities, and other property owned
16   by and under the custody and control of such a financial institution, by means
17   of false and fraudulent pretenses, representations, and promises, in violation of
18   Title 18, United States Code, Section 1344.

19   Title 18, Section 1344 of the United States Code defines the crime of bank fraud, as I

20   instructed you under Count Three.

21   Title 18, Section 1349 of the United States Code provides:

22   Any person who ... conspires to commit any offense under this chapter
23   [including bank fraud under Section 1344] shall be [guilty of a crime].

47

| | |
|---|---|
| 1 | <u>Instruction No. 29: Count Four: Elements</u> |

Like Counts One and Two, Count Four charges a conspiracy.  Again, the elements of Count Four are similar to the elements of Count One, except that an overt act is not required.  To sustain its burden of proof with respect to the conspiracy charge in Count Four, the Government must prove beyond a reasonable doubt each of the following elements:

<u>First</u>, the Government must prove that the conspiracy charged in Count Four existed. That is, that there was an agreement or understanding among at least two people to commit bank fraud, as charged in Count Three

<u>Second</u>, the Government must prove that Mr. Sadr knowingly and willfully became a member of that conspiracy, with knowledge of its unlawful objective.

Each of these elements must be satisfied beyond a reasonable doubt.

1       <u>Instruction No. 30: Count Four: Existence and Object of Conspiracy (Element One)</u>

2       The first element that the Government must prove beyond a reasonable doubt is that two

3 or more persons entered the unlawful agreement charged in Count Four of the Indictment—that

4 is, an agreement to commit bank fraud as charged in Count Three.

5       In Instruction No. 14 on Count One, I instructed you on the principles of law you are to

6 apply to determine whether the Government has proven beyond a reasonable doubt that the

7 conspiracy charged in the relevant count of the Indictment existed.

8       You should apply those principles here to determine whether the unlawful agreement

9 charged in Count Four, described above, existed.

Instruction No. 31: Count Four: Knowing and Willful Participation in the Conspiracy (Element
2  Two)

3     In order to find Mr. Sadr guilty of the conspiracy charged in Count Four, the second

4  element you must find that the Government has proved beyond a reasonable doubt is that

5  Mr. Sadr knowingly and willfully participated in the conspiracy to commit bank fraud charged in

6  Count Four, knowing of and intending to further its unlawful purpose.  I have already explained

7  the elements of bank fraud, including the required knowledge, intent, and good faith when

8  discussing Count Three.  You should rely on those instructions in determining whether Mr. Sadr

9  participated in the bank fraud conspiracy charged in Count Four with the required knowledge

10  and intent.

1      <u>Instruction No. 32: Count Five: Money Laundering: General Instructions</u>

2      Count Five charges Mr. Sadr with international money laundering, by unlawfully

3 transporting (or attempting to transport) funds or monetary instruments into the United States

4 with an intent to promote the offenses of "illegal export of services to Iran as charged in Count

5 Two" and "bank fraud as charged in Counts Three and Four," in violation of 18 U.S.C.

6 § 1956(a)(2)(A).

7      Specifically, Count Five charges:

8      From at least in or about 2006, up to and including at least in or about
9 May 2014, in the Southern District of New York, Turkey, Switzerland, Iran,
10 and elsewhere, ALI SADR HASHEMI NEJAD, the defendant, and others
11 known and unknown, together with others known and unknown, in an offense
12 involving and affecting interstate and foreign commerce, did knowingly
13 transport, transmit, and transfer, and attempted to transport, transmit, and
14 transfer, monetary instruments and funds to places in the United States from
15 and through places outside the United States, in amounts exceeding $10,000,
16 and aided and abetted the same, with the intent to promote the carrying on of
17 specified unlawful activity, to wit, (i) the illegal export of services to Iran as
18 charged in Count Two of this Indictment, and (ii) bank fraud as charged in
19 Counts Three and Four of this Indictment.

20 Section 1956(a)(2) of Title 18, United States Code, provides in relevant part:

21      Whoever transports, transmits, or transfers, or attempts to transport,
22 transmit, or transfer a monetary instrument or funds ... to a place in the United
23 States from or through a place outside the United States—

24      (A) with the intent to promote the carrying on of specified unlawful
25 activity ...

26 shall be [guilty of a crime].

1          <u>Instruction No. 33: Count Five: Elements of the Offense</u>

2          In order to prove the crime of money laundering as alleged in Count Five, the

3   Government must prove the following two elements beyond a reasonable doubt:

4          <u>First</u>, that the defendant transported, transmitted, or transferred, or attempted to transport,

5   transmit, or transfer, a monetary instrument or funds to a place in the United States from or

6   through a place outside the United States; and

7          <u>Second</u>, that the defendant did so with the intent to promote the carrying on of specified

8   unlawful activity.

1 <u>Instruction No. 34: Count Five: Transportation of a Monetary Instrument or Funds to the United</u>
2 <u>States (Element One)</u>

3      The first element which the Government must prove beyond a reasonable doubt is that

4 the defendant transported, transmitted, or transferred, or attempted to transport, transmit, or

5 transfer, a monetary instrument or funds to a place in the United States from or through a place

6 outside the United States.

7      The term "monetary instrument" includes, among other things, currency or a coin of the

8 United States, for example U.S. dollars, or of any other country, money orders, and other

9 negotiable instruments.

10      The term "funds" refers to money or negotiable paper which can be converted into

11 currency.

12      "Transport," "transmit," and "transfer" are not words that require definitions.  They are

13 words which have an ordinary, everyday meaning.  The Government need not prove that the

14 defendant physically carried the funds or monetary instrument in order to prove that he is

15 responsible for transporting, transmitting, or transferring it.  All that is required is proof that the

16 defendant caused the funds or monetary instrument to be transported, transmitted, or transferred.

17 To satisfy this element, the Government must also prove that the funds or monetary instruments

18 were transported to someplace in the United States from or through someplace outside the United

19 States.

<u>Instruction No. 35: Count Five: Intent to Promote Specified Unlawful Activity (Element Two)</u>

The second element which the Government must prove beyond a reasonable doubt is that Mr. Sadr acted with intent to promote the carrying on of specified unlawful activity.

I instruct you, as a matter of law, that the term "specified unlawful activity" includes (i) conspiracy to violate the IEEPA as charged in Count Two; and (ii) bank fraud and bank fraud conspiracy, as charged in Counts Three and Four. I have already explained to you the elements of those specified unlawful activities in connection with Counts Two, Three, and Four.

To act intentionally means to act deliberately and purposefully, not by mistake or accident, with the purpose of promoting, facilitating or assisting the carrying on of these specified unlawful activities. If you find that the defendant acted with the intention or deliberate purpose of promoting, facilitating, or assisting in the carrying on of either or both of these specified unlawful activities, then the third element is satisfied. You need not find that these activities actually occurred, but merely that the defendant acted to promote, facilitate, or assist them to occur.

As with the other Counts, a defendant's good faith is a complete defense to this element. If a defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, there would be no crime because a defendant who acted in good faith cannot be found to have acted with the unlawful intent required for this Count. The burden of establishing criminal intent and lack of good faith rests upon the Government. Mr. Sadr is under no burden to prove his good faith; rather, the Government must prove Mr. Sadr's unlawful intent beyond a reasonable doubt.

1      <u>Instruction No. 36: Count Five: Aiding and Abetting</u>

2           As with Count Three, Mr. Sadr can be convicted of Count Five *either* if he committed the

3      crime himself, *or* if another person committed the crime and Mr. Sadr aided and abetted that

4      person to commit that crime.  I have already instructed you as to the requirements of aiding and

5      abetting in connection with Count Three.  You should follow those instructions here as well.

1    Instruction No. 37: Count Six: Conspiracy to Commit Money Laundering: General Instructions

2    Count Six charges Mr. Sadr with conspiracy to commit the money laundering offense

3 charged in Count Five.

4    Specifically, Count Six alleges that:

5    From at least in or about 2006, up to and including at least in or about
6    May 2014, in the Southern District of New York, Turkey, Switzerland, Iran,
7    and elsewhere, ALI SADR HASHEMI NEJAD, the defendant, and others
8    known and unknown, together with others known and unknown, willfully and
9    knowingly did combine, conspire, confederate, and agree together and with
10    each other to violate Title 18, United States Code, Section 1956(a)(2)(A).

11    It was a part and an object of the conspiracy that ALI SADR HASHEMI
12    NEJAD, the defendant, and others known and unknown, in an offense
13    involving and affecting interstate and foreign commerce, would and did
14    transport, transmit, and transfer, and attempt to transport, transmit, and
15    transfer, monetary instruments and funds to places in the United States from
16    and through places outside the United States, in amounts exceeding $10,000,
17    with the intent to promote the carrying on of specified unlawful activity, to wit,
18    the illegal export of services to Iran as charged in Count Two of this
19    Indictment and bank fraud as charged in Counts Three and Four of this
20    Indictment, in violation of Section 1956(a)(2)(A) of Title 18, United States
21    Code.

22 Title 18, Section 1956(h) of the United States Code provides:

23    Any person who conspires to commit any offense defined in this section ...
24    shall be [guilty of a crime].

56

Like Counts One, Two, and Four, Count Six charges a conspiracy. Again, the elements are similar to Count One, except that an overt act is not required. As I said with respect to Counts One, Two, and Four, a conspiracy and the substantive crime are distinct and independent offenses, and you may find the defendant guilty of the crime of conspiracy—even if you find that he never actually committed the substantive crime that was the object of the conspiracy. By the same token, you can find the defendant guilty of committing the substantive crime, even if you find him not guilty of conspiracy. To sustain its burden of proof with respect to the conspiracy charge in Count Six, the Government must prove beyond a reasonable doubt each of the following elements:

First, the Government must prove that the conspiracy charged in Count Six existed. That is, that there was an agreement or understanding among at least two people to commit unlawful transportation of monetary instruments or funds to promote the specified unlawful activities of illegal export of services to Iran in violation of IEEPA (as charged in Count Two) and bank fraud (as charged in Counts Three and Four), and that that agreement continued to exist after March 18, 2013.

Second, the Government must prove that Mr. Sadr knowingly and willfully became a member of that conspiracy, with knowledge of its unlawful objective.

Each of these elements must be satisfied beyond a reasonable doubt.

<u>Instruction No. 39: Count Six: Existence and Object of Conspiracy (Element One)</u>

The first element that the Government must prove beyond a reasonable doubt is that two or more persons entered the unlawful agreement charged in Count Six of the Indictment—that is, an agreement to commit money laundering by unlawful transportation of monetary instruments and funds, with intent to promote the illegal exportation of services to Iran as charged in Count Two, and bank fraud as charged in Counts Three and Four.

In Instruction No. 14 on Count One, I instructed you on the principles of law you are to apply to determine whether the Government has proven beyond a reasonable doubt that the conspiracy charged in the relevant count of the Indictment existed—including the requirement that it must have continued after the statute of limitations date.

You should apply those principles here to determine whether the unlawful agreement charged in Count Six, described above, existed after March 18, 2013.

Instruction No. 40: Count Six: Knowing and Willful Participation in the Conspiracy (Element

Two)

3    In order to find Mr. Sadr guilty of the conspiracy charged in Count Six, the second

4    element you must find that the Government has proved beyond a reasonable doubt is that

5    Mr. Sadr knowingly and willfully participated in the conspiracy to commit money laundering

6    charged in Count Six, knowing of and intending to further its unlawful purpose.

7    I have already explained the elements of the charged money laundering offense,

8    including the required knowledge, intent, and good faith when discussing Count Five.  You

9    should rely on those instructions in determining whether Mr. Sadr participated in the money

10   laundering conspiracy charged in Count Six with the required knowledge and intent.

# OTHER INSTRUCTIONS

## Instruction No. 41: Venue

In addition to all of the elements I have described, for each Count, you must consider the issue of venue, namely, whether any act in furtherance of each of the crimes occurred within the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties.

It is sufficient to satisfy the venue requirement if any act in furtherance of the crimes charged occurred within the Southern District of New York as I have described it to you. In this regard, the Government need not prove that the entire crime charged was committed in the Southern District of New York or that the defendant or any alleged co-conspirator was even physically present here in the Southern District of New York.

I should note that on this issue of venue—and this alone—the Government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that an act in furtherance of the crime charged was committed in this District.

If you find that the Government has failed to prove the venue requirement for any Count, then you must acquit the defendant on that Count.

1     <u>Instruction No. 42: Theory of the Defense</u>

2         Ali Sadr contends he is innocent of all charges, did not have any criminal intent, and

3 acted in good faith at all times.  The Government contends that Mr. Sadr did not hold these good

4 faith beliefs, and that he had the unlawful knowledge and intent charged in the Indictment for

5 each offense.

6     **<u>With respect to the Conspiracy to Defraud the United States and to Violate the U.S.</u>**

7 **<u>Sanctions (Counts One and Two)</u>**:

8         Mr. Sadr contends that he had no intent at any time to violate, evade, or avoid the U.S.-

9 Iran trade sanctions, or frustrate U.S. enforcement of those sanctions.  He argues that he believed

10 at all times in good faith that his conduct complied with the sanctions, and did not violate them,

11 for several reasons.  *First*, he argues that he believed that because he made sure that no money

12 was ever transferred to Iran, his conduct did not violate the sanctions.  *Second*, he contends that

13 Clarity and Stratus Turkey were independent companies legally doing legitimate business

14 outside Iran, and that he did not create them for the purpose of evading or avoiding U.S.

15 sanctions.  *Third*, he contends his belief that his conduct complied with the sanctions was

16 reasonable because he never received notice from any source that his conduct violated the

17 sanctions.  *Finally*, he contends he did not have any purpose to frustrate the U.S. Government's

18 enforcement of the sanctions, and believed on the contrary that his conduct complied with those

19 sanctions.

20     **<u>With respect to the Bank Fraud Charges (Counts Three and Four)</u>**:

61

1    Mr. Sadr contends that he believed he provided accurate information to the banks

2 regarding the wire transfers, by accurately identifying the senders and recipients of each transfer.

3 He argues that he believed he provided all of the information required by the banks or by the

4 law, and that he was not required to provide any more information.  He contends he did not

5 knowingly or intentionally give false information to banks, nor did he believe that he was

6 concealing anything that he was required to disclose to the banks.

7    Mr. Sadr further contends that he did not knowingly expose the banks to any risk of

8 OFAC enforcement of the sanctions laws, *first*, because he did not believe that these transactions

9 violated the sanctions, and *second*, because he did not know OFAC's enforcement policies or

10 practices regarding the banks, or that these transactions created a risk of such enforcement.  He

11 also contends that these transactions in fact created no meaningful risk or likelihood of harm to

12 the banks' property interests.

13    **With respect to the Money Laundering Charges (Counts Five and Six)**:

14    Mr. Sadr contends he did not violate the money laundering laws, or intend to do so,

15 because he did not know or intend that any of his transfers of funds to the United States from

16 outside the United States were for the purpose of violating, evading, or avoiding the U.S.-Iran

17 trade sanctions, or for the purpose of committing bank fraud.  Mr. Sadr contends that he believed

18 in good faith at all times that any transfers of funds into the United States from outside the

19 United States were done for legitimate business or family purposes.

1        <u>Instruction No. 43: Variance in Dates</u>

2        Each Count of the Indictment alleges an approximate date range.  It is sufficient if you

3 find that the charged conduct that you are considering occurred around the dates set forth in the

4 Indictment.  The law only requires a substantial similarity between the dates alleged in the

5 Indictment and the dates established by the testimony and other evidence.

# GENERAL INSTRUCTIONS

## Instruction No. 44: Direct and Circumstantial Evidence

I turn now to some general instructions. There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence. One kind of direct evidence is a witness's testimony about something the witness knows by virtue of her or his own senses—something the witness has seen, felt, touched or heard. Direct evidence may also be in the form of exhibit.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that there are blinds on the courtroom windows that are drawn and that you cannot look outside. As you are sitting here, someone walks in with an umbrella that is dripping wet. Someone else then walks in with a raincoat that is also dripping wet.

Now, you cannot look outside the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of the facts that I have asked you to assume, it would be reasonable and logical for you to conclude that between the time you arrived at the courthouse and the time these people walked in, it had started to rain.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or nonexistence of some other fact.

1    Many facts, such as a person's state of mind, can only rarely be proved by direct

2    evidence.  Circumstantial evidence is of no less value than direct evidence.  It is a general rule

3    that the law makes no distinction between direct and circumstantial evidence, but simply requires

4    that before convicting Mr. Sadr you, the jury, must be satisfied of Mr. Sadr's guilt beyond a

5    reasonable doubt from all the evidence in the case.

<u>Instruction No. 45: Inferences</u>

2      During the trial, and as I give you these instructions, you have heard and will hear the

3  term "inference."  For instance, in their closing arguments, the attorneys have asked you to infer,

4  based on your reason, experience, and common sense, from one or more established facts, the

5  existence of some other fact.  I have instructed you on circumstantial evidence and that it

6  involves inferring a fact based on other facts, your reason, and common sense.

7      What is an "inference"?  What does it mean to "infer" something?  An inference is not a

8  suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists

9  based on another fact that you are satisfied exists.

10      There are times when different inferences may be drawn from facts, whether proven by

11  direct or circumstantial evidence.  The Government asks you to draw one set of inferences, while

12  Mr. Sadr asks you to draw another.  It is for you, and you alone, to decide what inferences you

13  will draw.

14      The process of drawing inferences from facts in evidence is not a matter of guesswork or

15  speculation.  An inference is a deduction or conclusion that you, the jury, are permitted but not

16  required to draw from the facts that have been established by either direct or circumstantial

17  evidence.  In drawing inferences, you should exercise your common sense.

18      Therefore, while you are considering the evidence presented to you, you may draw, from

19  the facts that you find to be proven, such reasonable inferences as would be justified in light of

20  your experience.

Where a fact to be proved is also an element of the offense, however, it is not enough that an inference in the Government's favor is permissible. To find a required element of an offense proven, you must be satisfied that the Government has proven it beyond a reasonable doubt.

Some inferences, however, are impermissible. You may not infer that Mr. Sadr is guilty of participating in criminal conduct if you find merely that he was present at the time the crime was being committed and had knowledge that it was being committed. Nor may you use evidence that I have instructed you was admitted for a limited purpose for any inference beyond that limited purpose.

In addition, you may not infer that Mr. Sadr is guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing or merely because he has or had knowledge of the wrongdoing of others.

1    <u>Instruction No. 46: Number of Witnesses and Uncontradicted Testimony</u>

2    The fact that one party called more witnesses and introduced more evidence than the

3    other does not mean that you should necessarily find the facts in favor of the side offering the

4    most witnesses.  By the same token, you do not have to accept the testimony of any witness who

5    has not been contradicted or impeached, if you find the witness not to be credible.  You also have

6    to decide which witnesses to believe and which facts are true.  To do this you must look at all the

7    evidence, drawing upon your own common sense and personal experience.  (After examining all

8    the evidence, you may decide that the party calling the most witnesses has not persuaded you

9    because you do not believe its witnesses, or because you do believe the fewer witnesses called by

10   the other side.)

11   In a moment, I will discuss the criteria for evaluating credibility; for the moment,

12   however, you should keep in mind that the burden of proof is always on the Government and the

13   defendant is not required to call any witnesses or offer any evidence, since he is presumed to be

14   innocent.

<u>Instruction No. 47: Credibility of Witnesses</u>

You have had the opportunity to observe the witnesses.  It is your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of the witnesses.  How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your common sense, judgment, and experience.  Common sense is your greatest asset as a juror.  You should ask yourselves, did the witness impress you as honest, open, and candid?  Or did the witness appear evasive, as though the witness was trying to hide something?  How responsive was the witness to the questions asked on direct examination and on cross-examination?   Consider the witness's demeanor, manner of testifying, and accuracy of the witness's recollection.  In addition, consider how well the witness recounted what was heard or observed, as the witness may be honest but mistaken.

If you find that a witness is intentionally telling a falsehood, that is always a matter of importance that you should weigh carefully.  If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care.  You may reject the entirety of the witness's testimony, part of it or none of it.  It is for you to decide how much of a witness's testimony, if any, you wish to credit.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such untruths or inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.

1     In evaluating credibility of the witnesses, you should take into account any evidence that

2     the witness who testified may benefit in some way from the outcome of this case.  Therefore, if

3     you find that any witness whose testimony you are considering may have an interest in the

4     outcome of this trial, then you should bear that factor in mind when evaluating the credibility of

5     his or her testimony and accept it with great care.  This is not to suggest that any witness who has

6     an interest in the outcome of a case would testify falsely.  It is for you to decide to what extent, if

7     at all, the witness's interest has affected or colored his or her testimony.

8     You are not required to accept testimony even though the testimony is not contradicted

9     and the witness's testimony is not challenged.  You may decide because of the witness's bearing

10    or demeanor, or because of the inherent improbability of the testimony, or for other reasons

11    sufficient to yourselves that the testimony is not worthy of belief.  On the other hand, you may

12    find, because of a witness's bearing and demeanor and based upon your consideration of all the

13    other evidence in the case, that the witness is truthful.

14    Thus, there is no magic formula by which you can evaluate testimony.  You bring to this

15    courtroom all your experience and common sense.  You determine for yourselves in many

16    circumstances the reliability of statements that are made by others to you and upon which you

17    are asked to rely and act.  You may use the same tests here that you use in your everyday

18    lives.  You may consider the interest of any witness in the outcome of this case and any bias or

19    prejudice of any such witness, and this is true regardless of who called or questioned the witness.

20    You should judge the defendant's testimony in the same way that you judge the

21    testimony of any other witness.

1    <u>Instruction No. 48: Credibility of Witnesses: Impeachment by Prior Inconsistent Statement</u>

2    You have heard evidence that a witness made a statement on an earlier occasion which

3    counsel argues is inconsistent with the witness's trial testimony.  Evidence of a prior inconsistent

4    statement is not to be considered by you as affirmative evidence bearing on Mr. Sadr's guilt.

5    Evidence of the prior inconsistent statement was placed before you for the more limited purpose

6    of helping you decide whether to believe the trial testimony of the witness who contradicted

7    himself.  If you find that the witness made an earlier statement that conflicts with his trial

8    testimony, you may consider that fact in deciding how much of his trial testimony, if any, to

9    believe.

10    In making this determination, you may consider whether the witness purposely made a

11    false statement or whether it was an innocent mistake; whether the inconsistency concerns an

12    important fact or whether it had to do with a small detail; whether the witness had an explanation

13    for the inconsistency; and whether that explanation appealed to your common sense.

14    It is exclusively your duty, based on all of the evidence and your own good judgment, to

15    determine whether the prior statement was inconsistent, and if so how much, if any, weight to be

16    given to the inconsistent statement in determining whether to believe all or part of the witness's

17    testimony.

1        <u>Instruction No. 49: Charts and Summaries – Not Admitted As Evidence</u>

2        There have been a number of summary charts and exhibits that were shown to you but

3  not admitted into evidence.  These charts and summary exhibits serve merely as a summary and

4  analysis of testimony and documents in the case.  The charts and exhibits are here to act as visual

5  aids for you.  They are not, however, evidence in themselves.  They are graphic demonstrations

6  of underlying evidence.  It is the underlying evidence and the weight which you attribute to it

7  that gives value and significance to these charts; the charts are no better than the underlying

8  evidence.

9        If you decide that the charts and summary exhibits correctly present the underlying

10  evidence contained in the testimony and exhibits on which they are based, you are entitled to

11  consider them in analyzing and understanding the evidence.  To the extent that the charts differ

12  from what you determine the underlying evidence to be, you may reject them.

1 <u>Instruction No. 50: Charts and Summaries – Admitted As Evidence</u>

2      Now, some of the exhibits that were admitted into evidence were in the form of charts

3 and summaries. For these charts and summaries that were admitted into evidence, you should

4 consider them as you would any other evidence, which includes assessing the accuracy of the

5 information contained in those charts or summaries.

<u>Instruction No. 51: Law Enforcement Witnesses</u>

You have heard testimony of law enforcement officers.  The fact that a witness may be employed by the Government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than of an ordinary witness.

At the same time, it is legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

1 <u>Instruction No. 52: Stipulations</u>

2       You have heard some evidence in the form of what are called "stipulations." A

3 stipulation of fact is an agreement among the parties that a certain fact is true. You must regard

4 such agreed-upon facts as true.

5       A stipulation of testimony is an agreement among the parties that, if called, a witness

6 would have given certain testimony. You must accept as true the fact that the witness would

7 have given the testimony. However, it is for you to determine the effect or weight to give that

8 testimony.

1 <u>Instruction No. 53: Preparation of Witnesses</u>

2       You heard evidence during the trial that witnesses had discussed the facts of the case and

3 their testimony with the lawyers before the witnesses appeared in court. Although you may

4 consider that fact when you are evaluating a witness's credibility, there is nothing either unusual

5 or improper about a witness meeting with lawyers before testifying. The weight you give to the

6 fact or the nature of the witness's preparation for his or her testimony is a matter completely

7 within your discretion.

1    <u>Instruction No. 54: Persons Not on Trial</u>

2        You may not draw any inference, favorable or unfavorable, towards the Government or

3    the defendant from the fact that any person was not named as a defendant in this case, and you

4    may not speculate as to the reason why other persons are not on trial before you now.  Those

5    matters are wholly outside your concern and have no bearing on your function as jurors.

1        <u>Instruction No. 55: Jury To Consider Only This Defendant</u>

2        You are about to be asked to decide whether or not the government has proven beyond a

3 reasonable doubt the guilt of this defendant.  You are not being asked whether any other person

4 has been proven guilty.  Your verdict should be based solely upon the evidence or lack of

5 evidence as to this defendant, in accordance with my instructions and without regard to whether

6 the guilt of other people has or has not been proven.

<u>Instruction No. 56: Evidence Obtained from Searches</u>

      You heard testimony in this case about the evidence seized in connection with searches conducted by law enforcement officers.  Evidence obtained from the searches was properly admitted in this case and may be properly considered by you.  Such searches were appropriate law enforcement actions.

      Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.  You must therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

<u>Instruction No. 57: Translations</u>

   Translations of certain documents that were in foreign languages have been admitted into evidence, and these translations have been stipulated to by the parties.  The evidence you are to consider and on which you must base your decision is only the English-language translation. Although some of you may know the non-English languages used, you must disregard any meaning of the non-English words that differs from the official translation.

1    <u>Instruction No. 58: Interpreters</u>

2          As you have seen throughout the trial, on some occasions interpreters were used to aid

3    testifying witnesses.  These interpreters were provided by the Court and translated the witness's

4    testimony into English for the benefit of the jury.  You must not draw any inference or make any

5    assumptions about a witness based upon the use of an interpreter to assist that witness.

6          With respect to the testimony of witnesses who testified in a language other than English,

7    I instruct you that you must rely on and accept the interpreter's English language interpretation

8    of that testimony, even if you understand the foreign language in which the witness testified.

9          You should consider the translated testimony as you would any other evidence in the

10   case.

<u>Instruction No. 59: Redaction of Evidentiary Items</u>

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document was taken out. Material may be redacted for any number of reasons, including that it is not relevant to the issues you must decide in this case, among other reasons. You are to concern yourself only with the part of the item that has been admitted into evidence. I instruct you that the omitted portion of the material was appropriately redacted, and you should not consider any possible reason for the redactions.

<u>Instruction No. 60: Punishment</u>

The question of possible punishment of the defendant is of no concern to you, the members of the jury, and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the Court.

Your function is to weigh the evidence in the case and to determine whether or not the Government has proved that the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.

<u>Instruction No. 61: Right to Hear Testimony; Election of Foreperson; Communications with the Court; Juror Note-Taking</u>

You are about to go into the jury room and begin your deliberations.  The documentary evidence will be sent back with you.  If you want any of the testimony, that can be arranged.  But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony that you might want.

Your first task as a jury will be to choose your foreperson.  The foreperson has no greater voice or authority than any other juror, but is the person who will communicate with the Court through written note when questions arise and to indicate when you have reached your verdict.

Your requests for testimony—in fact, any communications with the Court— should be made to me in writing, signed by your foreperson, and given to one of the Marshals.  I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person.  In any communication, please do not tell me or anyone else how the jury stands on the issue of the jury's verdict until after a unanimous verdict is reached.

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations.  Any notes you have taken are to assist you and you alone.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

1          Finally, your notes are not to substitute for your recollection of the evidence in this case.

2     As noted, if you have any doubt as to any testimony, you may request that the official trial

3     transcript that has been made of these proceedings be read or otherwise provided to you.

# CONCLUDING REMARKS

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact. It is for you, and you alone, to weigh the evidence in this case and determine whether the Government has proved beyond a reasonable doubt each of the essential elements of the crime with which Mr. Sadr is charged. If the Government has succeeded, your verdict should be guilty as to that charge; if it has failed, your verdict should be not guilty as to that charge.

You must base your verdict solely on the evidence or lack of evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

Under your oath as jurors, you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations. If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view. On the other hand, do not surrender your honest convictions and beliefs solely because of the

1   opinions of your fellow jurors or because you are outnumbered.  Your final vote must reflect

2   your conscientious belief as to how the issues should be decided.

3        Thus, the verdict must represent the considered judgment of each juror.  In order to return

4   a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

5        If at any time you are divided, do not report how the vote stands, and if you have reached

6   a verdict, do not report what it is until you are asked in open court.

7        Finally, I say this not because I think it is necessary, but because it is the custom in this

8   courthouse to say this:  You should treat each other with courtesy and respect during your

9   deliberations.

10       In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your

11  fellow jurors, and if you apply your own common sense, you will deliberate fairly.

12       Members of the jury, I ask your patience for a few minutes longer.  It is necessary for me

13  to spend a few moments with counsel and the reporter at the side bar.  I will ask you to remain

14  patiently in the jury box, without speaking to each other, and we will return in just a moment to

15  submit the case to you.  Thank you.