**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 21, 2020

**BY EMAIL**

Brian Heberlig
Steptoe & Johnson, LLP
133 Connecticut Avenue, NW
Washington, D.C. 20036
(202) 429-8134
bheberlig@steptoe.com

Re:     *United States* v. *Ali Sadr Hashemi Nejad*, 18 Cr. 224 (AJN)

Dear Mr. Heberlig:

We write in further response to your post-trial communications, including communications dated March 24, April 1, April 8, and April 13, 2020.

*First*, as noted previously, in response to your post-trial communications, members of the prosecution team have reviewed files at the U.S. Attorney's Office for the Southern District of New York ("SDNY"), the New York County District Attorney's Office ("DANY"), and the FBI, and communicated with people outside the prosecution team. We confirm that our review was not limited to questions raised in the "examples" in your correspondence. During the course of the review, and continuing with this submission, we have provided you with documents and other materials as a courtesy. We have done so without conceding that the documents and materials were or are discoverable, we reiterate that reservation here, and we will address any arguments to the contrary in connection with the post-trial briefing schedule set by the Court.

*Second*, in response to your April 8, 2020 request, attached as Exhibits A and B are the two documents referenced in one of the 302 reports of Individual-1's interviews, which are dated January 7, 2012 and August 31, 2012.[1]

*Third*, in response to your April 13, 2020 inquiries regarding Exhibit Q to the Government's April 13, 2020 letter, none of the materials referred to or transmitted by Special Agent Pond in her March 27, 2020 email are discoverable. The reports attached to Special Agent

_____

[1] Because the 302 reports of Individual-1's interviews are confidential, and because Exhibit A relates to a separate investigation, please handle these documents as confidential under the protective order.

Pond's March 27, 2020 email concerned interviews by the FBI of ██████████, ██████████, ██████████, a front desk associate at the defendant's apartment building, and a maintenance technician at the defendant's apartment building.

    *Fourth*, the prosecution team in this case has communicated with the separate prosecution team that conducted the investigation that resulted in Commerzbank's 2015 deferred prosecution agreement, and reviewed evidence possessed by that separate prosecution team at the FBI and SDNY.  Based on those communications and the related review, we have attached as Exhibit C— subject to the protective order—emails and attachments related to Commerzbank's discovery of the April 4, 2011 transaction, which was the subject of Commerzbank's June 16, 2011 letter sent to OFAC, *i.e*, GX 411.  Included within Exhibit C is (1) a June 20, 2011 email transmitting GX 411 from Vinay Jepal, a Sanctions Compliance Officer with Commerzbank, to OFAC, at the address ofac_feedback@do.treas.gov, and (2) a June 22, 2011 email from OFAC stating:  "Vinay, We have received your correspondence, and we'll be in touch if further action is required."

Respectfully submitted,
GEOFFREY S. BERMAN
United States Attorney


By: _____/s/_____
Michael Krouse / Jane Kim / Stephanie Lake
   Assistant United States Attorneys
Garrett Lynch
   Special Assistant United States Attorney
(212) 637-2279 / 2038 / 1066

Enclosures