# Exhibit P

*to*

*Memorandum in Support of Defendant's Post-Trial Motion for Judgment of Acquittal or in the Alternative for a New Trial*



*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

April 6, 2018

Baruch Weiss, Esq.
Andrew Bauer, Esq.
Arnold & Porter
601 Massachusetts Avenue, NW
Washington, DC 20001

      **Re:**    *United States* v. *Ali Sadr Hashemi Nejad*, **18 Cr. 224 (ALC)**

Dear Mr. Weiss and Mr. Bauer:

      This letter provides discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), and seeks reciprocal discovery.

      **A.**    **Disclosure by the Government**

      Based on your request for discovery in this case, we have enclosed copies of the following materials, which are stamped with control numbers 000404 through 000451:

    ∗   U.S. Marshals Intake Form for the defendant;

    ∗   Documents from the United States Department of the Treasury.

      The Government recognizes its obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny. To date, the Government is unaware of any *Brady* material regarding your client, but will provide timely disclosure if any such material comes to light. The Government will provide material under *Giglio* v. *United States*, 405 U.S. 150, 154 (1972), and its progeny, in a timely manner prior to trial.

      **B.**    **Disclosure By the Defendant**

      In light of your request for the foregoing discovery, the Government hereby requests reciprocal discovery under Fed. R. Crim. P. 16(b). Specifically, we request that you allow inspection and copying of: (1) any books, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to

introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also requests that the defendant disclose prior statements of witnesses he will call to testify. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

We wish to remind you that Fed. R. Crim. P. 12.2 requires you to provide the Government with written notice if the defendant intends to rely on the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offenses charged.

We also wish to remind you that Fed. R. Crim. P. 12.3(a) requires you to provide the Government with written notice if the defendant intends to claim a defense of actual or believed exercise of public authority on behalf of a law enforcement or Federal intelligence agency at the time of the alleged crime.

The Government requests a response to our Rule 12.2 and 12.3 demands within the time period allowed by the Court for the filing of motions.

        **C.**      **Sentence Reduction for Acceptance of Responsibility**

This Office will oppose the additional one-point reduction under the Sentencing Guidelines available for defendants who plead prior to the Government's initiation of trial preparations pursuant to U.S.S.G. § 3E1.1(b), in the event your client has not entered a plea of guilty four weeks prior to trial. We will follow this policy whether or not suppression or other pretrial motions remain outstanding after this date and even if the trial date has not been announced by the Court four weeks in advance of the trial.

   Please contact me at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request. Please be advised, however, that pursuant to the policy of the Office concerning plea offers, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, discussions regarding the pretrial disposition of a matter that are not reduced to writing and signed by authorized representatives of the Office cannot and do not constitute a "formal offer" or a "plea offer," as those terms are used in *Lafler* v. *Cooper*, 132 S.Ct. 1376 (2012); *Missouri* v. *Frye*, 132 S. Ct. 1399 (2012).

               Very truly yours,

               GEOFFREY S. BERMAN
               United States Attorney


          by: /s/ Matthew Laroche
             Andrew DeFilippis
             Matthew Laroche
             Garrett Lynch
             Assistant United States Attorneys
             (212) 637-2420