# Exhibit T

*to*

*Memorandum in Support of Defendant's Post-Trial Motion for Judgment of Acquittal or in the Alternative for a New Trial*

# Arnold & Porter

**Baruch Weiss**
Baruch.Weiss@arnoldporter.com

+1 202.942.6819 Direct
601 Massachusetts Ave., NW
Washington, DC 20001-3743

August 23, 2018

**VIA E-MAIL**

Matthew Laroche
Andrew DeFilippis
Assistant United States Attorneys
Garrett Lynch
Special Assistant United States Attorney
Southern District of New York
1 St. Andrew's Plaza
New York, NY 10007
Matthew.Laroche@usdoj.gov
Andrew.DeFilippis@usdoj.gov
LynchG@dany.nyc.gov

**Re:** *U.S. v. Ali Sadr Hashemi Nejad*, **18 Cr. 224—Bill of Particulars & Other Discovery**

Dear Mr. Laroche, Mr. DeFillipis, and Mr. Lynch:

  We write to follow up on our requests for discovery in this matter, including but not limited to materials requested in our letter dated April 5, 2018 (re-attached for reference), as well as our e-mail dated August 2, 2018 (requesting the "terabyte" of discovery material you collected in this case), and our requests for Mr. Sadr's arrest paperwork.  While you have responded to certain of these requests, certain others remain outstanding.  If the government is declining to provide any information requested, please advise us of the government's objection so that we can consider bringing any dispute to the attention of the Court.

  Further, as set forth below, we now supplement our prior discovery requests with the following request for a Bill of Particulars that describes with greater particularity the charges against Mr. Sadr contained in the Indictment.  *See* Rule 7(f) of the Federal Rules of Criminal Procedure; *see also United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) (per curiam) (reversing for failure to order bill of particulars where defense was "left unguided as to which documents would be proven falsified" and which of several burglaries "would be demonstrated to be staged"); *United States v. Davidoff*, 845 F.2d 1151, 1154–55 (2d Cir. 1988) (holding that the district court abused its discretion in denying request for bill of particulars where indictment failed to particularize nature of charges).  Specifically, we request that the government provide the following information relating and/or giving rise to the allegations in the Indictment:

a. Specifically identify all individuals referred to as "co-conspirators" referenced but not named in the Indictment, *i.e..*, "CC-1" through "CC-7," in, for example, paragraphs 7, 16(i), 16(k), 16(m), 16(bb), 16(rr), 16(ww). *See, e.g., United States v. Savin*, No. 00 CR. 45 (RWS), 2001 WL 243533, at *5 (S.D.N.Y. Mar. 7, 2001) (granting request for bill of particulars specifying names of unindicted and unnamed co-conspirators).

b. Specifically identify all other known co-conspirators in the conspiracy counts of the Indictment; namely, Counts I, II, IV, and VI. *See, e.g., United States v. Feola*, 651 F. Supp. 1068, 1133–34 (S.D.N.Y. 1987) (granting request for bill of particulars specifying names of co-conspirators and any persons present when the overt and substantive acts allegedly took place), *aff'd*, 875 F.2d 857 (2d Cir. 1989).

c. Specifically identify the other individuals referenced but unnamed in the Indictment as alleged members of the "Venezuela Project Executive Committee," Indictment ¶ 10, and specify which, if any, are alleged co-conspirators. *See Feola*, 651 F. Supp. at 1134.

d. Specifically identify the "other roles" Mr. Sadr is said to have had on the "Venezuela Project Executive Committee" in connection with the "Project," aside from allegedly overseeing the Committee's finances. Indictment ¶ 10.

e. Specifically identify the individual, referenced but unnamed, referenced to in the Indictment as "Iranian Official-1." *Id.* ¶ 16(oo).

f. Specifically identify all of the attendees at the "project meeting" allegedly hosted by IIHC on or about May 29, 2014. *Id.* ¶ 16(bbb).

g. Shortly after Mr. Sadr's arrest, you identified JPMorgan and Citi as the two relevant U.S. banks listed in the Indictment. *See, e.g., id.* ¶¶ 16(h) ("U.S. Bank-1"), 16(ll) ("U.S. Bank-2"). Please confirm that these are the only two relevant U.S. banking institutions, and that they are the same (and only) "financial institutions" identified in ¶ 23 of the Indictment, as the alleged victim banks in the Bank Fraud counts in the Indictment. *See, e.g., Davidoff*, 845 F.2d at 1154–55 (reversing trial court's denial of request for bill of particulars identifying specific victims of allegedly extortionate schemes). Please advise if it is the involvement of these two banks that provides the jurisdictional basis for this case.

h. Specifically identify any Venezuelan financial institutions referenced but not named in the Indictment (i.e., Venezuela Bank-1). *See, e.g.,* Indictment ¶¶ 16(pp); *see also Davidoff*, 845 F.2d at 1154–55.

i. Specifically identify any Swiss financial institutions referenced but not named in the Indictment (i.e., Swiss Bank-1). *See, e.g.,* Indictment ¶¶ 16(d); *see also Davidoff*, 845 F.2d at 1154–55.

August 23, 2018
Page 3

    j. Specifically identify any U.A.E. financial institutions referenced but not named in the Indictment (i.e. UAE Bank-1). *See, e.g.*, Indictment ¶¶ 16(f); *see also Davidoff*, 845 F.2d at 1154–55.

    k. Identify and describe individually the specific "international financial transactions" (dates; amounts; currency; from/to; for the benefit of; banks involved, including locations, etc.) that are referred to in, and give rise to, Count Two of the Indictment (IEEPA). Indictment ¶ 19; *see also Savin*, 2001 WL 243533, at *2–4 (granting request for bill of particulars identifying amounts, dates, corporate entities, and co-conspirators involved in series of allegedly fraudulent "intercompany transfers" of funds).

    l. Paragraph 19 charges that the "international financial transactions" were supplied to "Iran and to the Government of Iran." Specifically identify (i) which of the international financial transactions in ¶ 19 were supplied to "Iran" and to whom in "Iran," and (ii) which were supplied to "the Government of Iran" and to which department, agency, office or subdivision of the Government of Iran. *See, e.g., United States v. Urso*, 369 F. Supp. 2d 254, 271 (E.D.N.Y. 2005) (bill of particulars "appropriately granted" where "government's pre-trial discovery disclosures are so voluminous that the defendant remains in the dark about the specific acts of which he is accused" (citing *Bortnovsky*, 820 F.2d at 575)); *see also United States v. Nachamie*, 91 F. Supp. 2d 565, 571 (S.D.N.Y. 2000) (ordering bill of particulars specifying identification of and details regarding allegedly false and fraudulent claims).

    m. Identify and describe individually the specific "financial transactions" (dates; amounts; currency; from/to; for the benefit of; banks involved, including locations, etc.) that are referred to in, and give rise to, Count Three of the Indictment (Bank Fraud). *See* Indictment ¶ 23. That paragraph tracks 18 U.S.C. § 1344(2) and speaks of "moneys, funds, credits, assets, securities and other property," *id.* ¶ 23, as does Count Four of the Indictment (Conspiracy to Commit Bank Fraud), *see id.* ¶ 26. Please identify which items on that list—i.e., "moneys, funds, credits, assets, securities [and/or] other property"—were the subject of the financial transactions alleged in the Bank Fraud counts of the Indictment. *Id.* ¶¶ 23, 26; *see, e.g., Savin*, 2001 WL 243533, at *2–4.

    n. Paragraph 23 charges that the "financial transactions" were conducted on behalf of and for the benefit of "The Government of Iran and Iranian entities and persons." Specifically identify (i) which of the financial transactions in ¶ 23 were conducted on behalf of "The Government of Iran," and please specifically identify the applicable department, agency, office or subdivision of the "Government of Iran;" and (ii) which of the financial transactions in ¶ 23 were conducted on behalf of "Iranian entities and persons," and please specifically identify those "Iranian entities and persons." *See, e.g., Urso*, 369 F. Supp. 2d at 271; *Nachamie*, 91 F. Supp. 2d at 571.

August 23, 2018
Page 4

o. Please specify the "false and fraudulent pretenses, representations, and promises" cited in Paragraphs 23 and 26. In addition to the substance of the pretenses, representations and promises, please identify who made them, to whom they were made, in what fashion (e.g., oral or written), dates, locations, and who else was present. *See, e.g., United States v. Konefal*, 566 F. Supp. 698, 702–03 (N.D.N.Y. 1983) (ordering bill of particulars identifying specific statements government contended were false and material facts allegedly concealed by defendants).

p. Identify and describe individually the specific transactions (the monetary instruments; funds; currency; as well as dates, amounts, from/to; for the benefit of; banks involved, including locations, etc.) that are referred to in, and give rise to, Counts Five and Six of the Indictment (Money Laundering). Indictment ¶¶ 29, 32. Please describe the precise route taken (which countries and banks) by the money instruments and funds that are the subject of this paragraph. *See, e.g., Savin*, 2001 WL 243533, at *2–4.

Finally, in addition to the above Bill of Particulars, we request that you:

q. Specifically identify the "Informant" who provided information that led to the Indictment against Mr. Sadr. *See, e.g.*, Government Production 000458, ¶ 6.

r. Produce all subpoenas issued to third parties in this case to date, including those resulting in the subpoena returns that you produced on April 24, 2018 and characterized as the "important…financial records." *See* Government Production 000716-901.

\* \* \*

Thank you for your cooperation. If you have any questions or need to reach me regarding this request, please contact me at 202-942-6819 or Baruch.Weiss@arnoldporter.com, or my colleagues Andrew Bauer (212-836-7669 or Andrew.Bauer@arnoldporter.com) or Tal Machnes (212-836-7442 or Tal.Machnes@arnoldporter.com).

Sincerely,

Baruch Weiss

Enclosure



**Baruch Weiss**
Baruch.Weiss@arnoldporter.com

+1 202.942.6819 Direct
601 Massachusetts Ave., NW
Washington, DC  20001-3743

April 3, 2018

**VIA E-MAIL**

Matthew Laroche
Andrew DeFilippis
Assistant United States Attorneys
Southern District of New York
1 St. Andrew's Plaza
New York, NY 10007
Matthew.Laroche@usdoj.gov
Andrew.DeFilippis@usdoj.gov

      Re:    *United States v. Ali Sadr Hashemi Nejad*, No. 18 Cr. 224 (ALC)
                 <u>Letter Seeking Discovery</u>

Dear Mr. Laroche and Mr. DeFillipis:

     As you know, this firm represents Mr. Ali Sadr Hashemi Nejad ("Mr. Sadr") in the above-referenced action. We write to renew our request for discovery in this matter, including but not limited to materials explicitly referenced in the Indictment filed against Mr. Sadr on March 19, 2018. We first requested "copies of the documents specifically referred to in the Indictment" on Wednesday, March 21, 2018 by e-mail; and we have made several requests for those and additional materials since that date. As of our phone conversation on March 26, 2018 and as reiterated in your e-mail dated Friday, March 30, 2018, we understood that you were working to compile and send us a set of "the specific documents [we had] requested."

     We have not received any materials to date; and therefore, write to renew and formalize our request for those materials, which include the following categories:

        (1)    Documents explicitly referenced in the Indictment filed against Mr. Sadr on March 19, 2018;

        (2)    Mr. Sadr's Alien File ("A-File");

        (3)    Any and all search warrants related to the investigation of Mr. Sadr and his co-conspirators (of which you suggested there were at least twelve); and

        (4)    The terabyte of emails and other data and documents that were obtained by way of the search warrants.

April 3, 2018
Page 2

In addition to these categories of materials, we request that the government produce the following materials and information pursuant to Rules 16 and 7(f) of the Federal Rules of Criminal Procedure; *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny; *Giglio v. United States*, 405 U.S. 105, 154 (1972) and its progeny; and the Fifth and Sixth Amendments of the United States Constitution. Each request calls for all responsive items which are within the possession, custody, or control of the government and are either known to exist or could by the exercise of due diligence become known to the government. Each request is also of a continuing nature, and we request prompt notice in the event that responsive information comes to the government's attention at any point in the future. If the government declines to provide any information requested, please advise us of the government's objection so that we can consider bringing any dispute to the attention of the Court.

## Statements of the Defendant

1. All records, reports, memoranda, notes, or other writings that contain the substance of any oral statement made by Mr. Sadr to government or law enforcement authorities, whether or not the government intends to use such statements at trial. *See* Fed. R. Crim. P. 16(a)(1)(A). This request includes internal reports and memoranda prepared by law enforcement agents to the extent that statements of Mr. Sadr are related or described within. Where a statement is contained in more than one writing, please provide each such writing.

2. All written or recorded statements made by Mr. Sadr, at any time and in any context, regardless of the government's intentions with respect to their use at trial. *See* Fed R. Crim. P. 16(a)(1)(B).

3. The substance of all oral statements made by Mr. Sadr to government or law enforcement authorities that have not been previously disclosed and that have not been disclosed pursuant to Requests 1 and 2 above and that the government may use at trial. *See* Fed. R. Crim. P. 16(a)(1)(A). This request includes not only statements that the government intends to introduce at trial, but also statements that the government may use for impeachment or other purposes.

4. All recorded testimony of Mr. Sadr or of any person authorized to legally bind Mr. Sadr or to make admissions on Mr. Sadr's behalf before any grand jury.

## Documents and Tangible Objects

5. Copies of all books, papers, documents and photographs that are material to the preparation of the defense or are intended for use at trial. *See* Fed. R. Crim. P. 16(a)(1)(E).

6. A description of all tangible objects, building or places material to the preparation of the defense, intended for use at trial or obtained from Mr. Sadr, which have not already been described or produced by the government. *Id.*

7. The results or reports of any examination or scientific test. *See* Fed. R. Crim. P. 16(a)(1)(F).

April 3, 2018
Page 3

      8.    A detailed description of any documents, objects or physical evidence relating to this case that have been destroyed or lost, or are no longer in the custody or control of the government. If the government contemplates destroying or releasing any such items in the future, we request notice and an opportunity to object prior to any such action.

      9.    Details regarding any searches conducted in the course of this investigation and whether or not items seized in the search will be introduced by that government as evidence at trial, including but not limited to the premises searched, the date of the search, copies of any warrants and applications for warrants, the names of the officers who conducted the search, descriptions of any items seized, the name of any individual purporting to give consent to any such search and the purported relationship between that period and the premises searched.

### Charts, Summaries, Analyses or Reports

      10.    All charts, summaries or calculations reflecting the contents of writings or other documents that are either (a) material to the preparation of the defense, or (b) intended for use by the government as evidence in its case-in-chief at trial.

      11.    Copies of all handwriting exemplars or handwriting samples used to perform any handwriting analyses in connection with the investigation in this case.

### Co-Conspirators and Hearsay Testimony

      12.    Please state whether the government intends to offer any hearsay evidence pursuant to Rules 803(24) and/or 804(5) of the Federal Rules of Evidence. If so, provide the information required by the Rules.

### Other Crimes, Wrongs, or Acts

      13.    Please describe any evidence of uncharged conduct of Mr. Sadr that the government intends to introduce at trial. *See* Fed. R. Evid. 404(b).

### Expert Testimony

      14.    Please disclose any evidence that the government may present at trial under Rules 702, 703 or 705 of the Federal Rules of Evidence by providing a written report prepared and signed by the witness that includes a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information relied upon in forming such opinions, and the qualifications of the witness. *See* Fed. R. Crim. P. 16(a)(1)(F).

### *Brady* Material

      15.    In addition to the above, please provide all documents, books, papers, photographs, tests or experiments, objects, statements of witnesses, and other evidence and information that (i) tends to exculpate Mr. Sadr, (ii) may be favorable or useful to the defense as to either guilt or punishment, or (iii) tends to affect the weight or credibility of evidence to be presented against Mr. Sadr. This includes all statements made by any of Mr. Sadr's alleged

April 3, 2018
Page 4

coconspirators or any other witnesses, including all testimony given before the grand jury. This request applies to evidence that is within the possession, custody or control of the government, known by the government or could by the exercise of due diligence become known to the government. *See Brady v. Maryland*, 373 U.S. 83 (1963). In particular, aside from all other exculpatory evidence, we seek any evidence in the government's possession that would demonstrate lack of willfulness, such as documents or information demonstrating that Mr. Sadr did not know that the Iran sanctions apply to a non-U.S. citizen engaged in a project with an Iranian company while living abroad.

16. If the government possesses information responsive to this request but takes the position that it does not fall within its *Brady* objections, please inform us so that we may seek the Court's intervention.

\* \* \*

Thank you for your cooperation. If you have any questions or need to reach me regarding this request, please contact me at 202-942-6819 or Baruch.Weiss@arnoldporter.com, or my colleagues Andrew Bauer (212-836-7669 or Andrew.Bauer@arnoldporter.com) or Tal Machnes (212-836-7442 or Tal.Machnes@arnoldporter.com).

Sincerely,

Baruch Weiss / TRM

Baruch Weiss

cc: Garrett Lynch
(LynchG@dany.nyc.gov)