**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 13, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

> **Re:**    *United States* v. *Ali Sadr Hashemi Nejad*, 18 Cr. 224 (AJN)

Dear Judge Nathan:

On April 7, 2020, the Court granted the defendant's request for an extension for post-trial motions to May 1, 2020, and set a May 15, 2020 deadline for the Government's opposition. (Dkt. 307). The Court made clear that no further extensions would be granted. (*Id.*). The defendant filed his motion on May 1, 2020. (Dkt. 336 ("Def. Mem.")).

The Government is prepared to (and will) respond to the defendant's motions for an acquittal under Rule 29, and to dismiss Count One or Two as multiplicitous (Parts I and VI), by May 15th, as directed. However, for the following reasons, the Government respectfully seeks a four-week extension to file its response to Parts II, III, IV, and V of the defendant's brief (the "Rule 33 Motion"). The Government has conferred with defense counsel about this request, and counsel has stated that the defense takes no position, but does not oppose, the Government's request for this extension.

After trial, the prosecutors on the trial team commenced extensive due diligence in order to determine whether any unproduced materials should be disclosed to the defense by (1) re-examining the case file; and (2) identifying any separate investigations that could potentially contain material related to the facts of this case, and communicating with people responsible for those investigations to determine whether there are exculpatory materials in those files. The Government's post-trial diligence has been hindered, however, by the ongoing COVID-19 pandemic. A member of the team fell ill with COVID-19. The Government has also been required to conduct its diligence remotely, which has posed particular technological challenges. For instance, the Government searched the database of emails obtained in the Commerzbank investigation remotely, but those emails were stored in Concordance, a program that SDNY no longer uses and that is difficult to search over a remote connection. (Dkt. 334-1). Protective measures related to COVID-19 have also limited the prosecutors' ability to review materials from the FBI, including classified information.

The Honorable Alison J. Nathan, U.S.D.J.
May 13, 2020
Page 2

Thus far, during the course of the review, on March 30, 2020, the prosecutors discovered for the first time that the FBI had obtained an audio recording of a January 22, 2020 interview of Bahram Karimi by the FBI and SDNY (the "Recording") on February 11, 2020. (Dkt. 303). On March 31, 2020, the Government disclosed the Recording to the defendant and to the Court. (*Id.*). As the Government acknowledged in its letter to the defendant and to the Court, the late production of the Karimi Recording was a serious and regrettable mistake. (Dkt. 307). The Government also disclosed, in an abundance of caution, on April 3, 2020, two FBI reports of interviews with Victor Aular, a senior executive at PDVSA. (Dkt. 305, Ex. A).

Further, the prosecutors worked with supervisors at SDNY, DANY, and the FBI to identify any separate investigations that might possibly contain material related to the facts of this case. The undersigned prosecutors spoke with the unit chiefs in the Criminal and Civil Divisions of the SDNY and DANY who would have had supervisory responsibility over investigations into the entities arguably related to this case (JP Morgan, Citibank, Commerzbank, UBS, Banco del Tesoro, Banco Espirito Santo, Falcon Bank, Emirates National Bank, Hyposwiss, PDVSA, DUCOLSA, and the Government of Venezuela (the "Entities")). The prosecutors asked these supervisors whether they were aware of any investigations covering the period 2008 to 2014 that targeted the Entities, or that collected evidence relating to payment processing, sanctions compliance, or BSA/AML issues at the Entities. To the extent such cases were identified, the prosecutors worked with members of the case teams to understand what types of evidence existed, and to search that evidence for potential relevance.

As part of this diligence, the prosecutors spoke to the FBI agents who conducted the investigation into Commerzbank, which resulted in a 2015 Deferred Prosecution Agreement ("DPA") between Commerzbank, the U.S. Department of Justice ("DOJ"), SDNY, DANY, OFAC, and the Federal Reserve. During trial, on March 9, 2020, the Government had informed the Court and the defendant that the prosecutors had preliminarily determined that SDNY participated in the investigation of Commerzbank based on a press release related to the case, and that, due to the timing of this discovery, the Government had not reviewed any SDNY case files related to the Commerzbank investigation. (Dkt. 283 at 2 n.4). Following trial, the prosecution team reviewed a database of emails collected in the Commerzbank investigation, and found 36 total emails (with attachments)—19 of which were unique—related to Commerzbank's discovery of the suspicious April 4, 2011 transaction (the "Commerzbank Emails")—the transaction that became the subject of Commerzbank's letter to OFAC (*i.e.*, GX 411). On April 21, 2020, the Government disclosed these emails to the defendant. (Dkt. 334).

Part IV of the defendant's motion filed on May 1, 2020 makes requests for additional disclosures. (Def. Mem. at 112-119). In response to the requests, the Government intends today to disclose to the defendant:

- The witness list provided by SA Pond and the remaining unclassified witness interview notes (Def. Mem. at 113);

- Post-trial emails with OFAC officials, and notes of conversations between the prosecutors and an OFAC official, which concern OFAC's response to the letter from

The Honorable Alison J. Nathan, U.S.D.J.
May 13, 2020
Page 3

           Commerzbank ("Government Exhibit 411") and to information about this case received from SAUSA Lynch (Def. Mem. at 116); and

- Emails between the prosecution team and Bahram Karimi (either directly or indirectly through counsel) concerning attempts by the Government to meet with Karimi and to secure his testimony before trial (Def. Mem. at 118).

On a call with defense counsel this afternoon, the Government explained these additional disclosures, and counsel stated that they may, after reviewing the disclosures, seek an opportunity to supplement their Rule 33 Motion.  The Government would not object to such a request.

        In light of the foregoing, the Government seeks a four-week extension of the deadline for its Rule 33 response in order to allow additional time to review potentially relevant material and make additional disclosures as appropriate.

                      Respectfully submitted,

                      GEOFFREY S. BERMAN
                      United States Attorney

By: _____/s/_____
                      Jane Kim / Michael Krouse / Stephanie Lake
                        Assistant United States Attorneys
                      Garrett Lynch
                        Special Assistant United States Attorney
                      (212) 637-2038 / 2279 / 1066

cc: Defense Counsel (by ECF)