Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:**_____
**DATE FILED:** 5/22/2020

**Steptoe**

May 19, 2020

By ECF

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

> By May 26, 2020, the Government shall inform the Court what, if any, categories of communications, documents, or information requested by Mr. Sadr it will not produce by June 5, 2020. If it will not produce any requested categories, it shall submit letter briefing in opposition to Mr. Sadr's request that the Court compel the Government to produce these categories of communications, documents, or information by May 28, 2020.
> SO ORDERED.
>
> *[signature]*   5/22/2020

Re:   *United States v. Ali Sadr Hashemi Nejad*, Case No. 18-cr-224 (AJN)

Dear Judge Nathan:

On behalf of Ali Sadr, we respectfully write to clarify that we do not intend to supplement Sadr's Motion for Judgment of Acquittal or in the Alternative for a New Trial (Dkt. 335) based on the limited materials produced by the government following its May 13, 2020 request for an extension. On May 13, May 14, and May 18, the government produced approximately 100 unique files (the rest were duplicates of earlier-in-the-chain emails or copies of public docket entries) related, in part, to the prosecutors' pretrial communications with lawyers for Bahram Karimi and post-trial communications with OFAC. Several of the files further support arguments already presented in Sadr's *Brady* motion, and will be addressed in Sadr's Reply. However, the government advised the Court that it needed a four-week extension, in part, "to allow additional time to review potentially relevant material and make additional disclosures as appropriate." Dkt. 337, at 2. Yesterday, the government made its third production of documents since it requested an extension—its seventh post-trial production in total—and it does not appear to be done. Presumably, the government will complete its post-trial *Brady* disclosures by the June 5 deadline by which it must respond to Sadr's *Brady* motion. Rather than file a piecemeal series of briefs, or be rushed by the government's delayed disclosures to brief the impact of disclosures made mere days before the May 22 supplement deadline, Sadr will address the latest productions and any additional forthcoming disclosures in his Reply.

Despite its claim of "extensive due diligence,"[1] the government still has not produced the bulk of the materials that Sadr has repeatedly requested in letters from one week after his

---

[1] The government's statement that "the prosecutors on the trial team commenced extensive due diligence in order to determine whether any unproduced materials should be disclosed to the defense," Dkt. 337, at 1, suggests these efforts were the government's own

The Honorable Alison J. Nathan
May 19, 2020
Page 2

**Steptoe**

indictment in March 2018 until the present, *see* Dkt. 336 at 54-55—requests with which the government previously claimed to have complied, *id.* at 56 & n.29.  For the reasons explained in Section IV.B of his *Brady* memorandum (Dkt. 336), Sadr continues to request that the government be compelled to produce:

- all summaries and notes of every witness interview the government conducted—including interviews by DANY and including summaries, notes that are classified, and information from trial preparation sessions,[2] *id.* § IV.B.1;

- all documents obtained from third parties, *id.* § IV.B.2;

- all documents or information in the possession of DANY, the FBI, or SDNY regarding banks' investigations, evaluations, or research conducted to evaluate payment requests related to any of Sadr's entities, the Iranian International Housing Co., or the Venezuela project, *id.* § IV.B.3;

- all documents in the possession of OFAC regarding GX 411, its evaluation of GX 411, and its communications with DANY and the U.S. Attorney's Office about this case, *id.* § IV.B.4; and

- all documents and information regarding the Karimi Recording (*id.* § IV.B.5).[3]

---

initiative.  In fact, the government's efforts were undertaken only in response to post-trial requests from the defense on March 24, April 1, April 8, and April 13.  We are unaware of any government "due diligence" efforts between the searches it described to the Court on March 9 (Tr. 976-79, 1204-05, 1222-25) and the defense's first post-trial request on March 24 (Dkt. No. 304-1, at 7-13).

[2] The government's May 13 production included a list of non-classified interviewees and certain interview notes from the FBI, but did not include any DANY interview notes or classified interview notes.  The government has not responded to the defense's request for information from trial preparation sessions of fact witnesses.

[3] In the past week, the government produced some of the discussions it had with Karimi's counsel (part of the first of five categories in § IV.B.5), but it omitted any description of a January 22, 2020 discussion with Karimi's counsel in which the government apparently indicated that if the content or tone of Karimi's interview did not change, it would cancel the second day of the interview or more (USAO_00370).

The Honorable Alison J. Nathan
May 19, 2020
Page 3

**Steptoe**

The government has not produced the vast majority of the communications, documents, and information requested in § IV.B. Sadr therefore reaffirms his requests for relief as written in Dkt. 336 § IV.

                                            Respectfully submitted,

                                            */s/ Brian M. Heberlig*
                                            Reid H. Weingarten
                                            STEPTOE & JOHNSON LLP
                                            1114 Avenue of the Americas
                                            New York, NY 10036
                                            Tel: (212) 506-3900
                                            Fax: (212) 506-3950
                                            rweingarten@steptoe.com

                                            Brian M. Heberlig (*Pro Hac Vice*)
                                            Bruce C. Bishop (*Pro Hac Vice*)
                                            David M. Fragale
                                            Nicholas P. Silverman (*Pro Hac Vice*)
                                            STEPTOE & JOHNSON LLP
                                            1330 Connecticut Avenue, N.W.
                                            Washington, DC 20036
                                            Tel: (202) 429-3000
                                            Fax: (202) 429-3902
                                            bheberlig@steptoe.com

                                            *Counsel for Defendant Ali Sadr Hashemi Nejad*

cc:       Counsel of Record (via ECF)