*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 26, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

    Re:    *United States* v. *Ali Sadr Hashemi Nejad*, 18 Cr. 224 (AJN)

Dear Judge Nathan:

    The Government respectfully submits this letter in response to the Court's May 22, 2020 Order directing the Government to identify today what, if any, categories of communications, documents, or information requested by the defendant it will not produce by June 5, 2020. (Dkt. No. 342).

    In Part IV of his May 1, 2020 post-trial motions (Dkt. No. 336 ("Def. Mem.")), the defendant made a series of discovery requests (the "Requests"). On May 14, 2020, the Court granted the Government's request for an extension of time to respond to Parts II, III, IV, and V of the defendant's motions, including the Requests. (Dkt. No. 337). Since that time, the Government has made several additional productions of materials responsive to the Requests, while not conceding that all of the materials were subject to Rule 16, *Brady*, *Giglio*, or otherwise discoverable.

    On May 19, 2020, the defense filed a letter with arguments regarding the status of the Government's responses to the Requests. (Dkt. No. 340). On May 25, 2020, based on the Court's May 22 Order, the Government and the defense conferred by phone regarding the Requests. Based on that conversation, by June 5, 2020, the Government intends to comply with three of the five categories of the defendant's Requests. The Government opposes two of the categories, and will provide legal authority regarding the bases for its opposition to those requests in its May 28, 2020 letter to the Court pursuant to the May 22 Order.

    First, the Government opposes in part the defendant's request for "the raw materials obtained or seized from third parties." (Def. Mem. at 115). The Government intends to comply by June 5, 2020 with the defense request for documents obtained by the prosecution team from witnesses in the case, but the Government objects to the Request insofar as it seeks the raw data provided by Internet service providers in response to search warrants targeting email accounts that belonged to and/or were used by third parties (*i.e.*, the "non-Sadr email accounts"). (*See* Def.

The Honorable Alison J. Nathan, U.S.D.J.
May 26, 2020
Page 2

Mem. at 114-15). As the Government will explain in its May 28 letter, producing the raw returns of non-Sadr accounts to the defendant may violate the account holders' Fourth Amendment rights.

Second, the Government opposes the defendant's request for internal OFAC documents. (Def. Mem. at 116-17). By June 5, 2020, the Government will complete its production to the defendant of all written communications between the prosecution team and OFAC, and notes by members of the prosecution team regarding oral communications with OFAC. As the Government will explain in its letter on May 28, 2020, however, the Government is not obligated to search OFAC's internal files because the Government and OFAC did not conduct a joint investigation, and OFAC was therefore not a part of the prosecution team. *See, e.g.*, *United States v. Middendorf*, 18 Cr. 36 (JPO), 2018 WL 3956494, at *4 (S.D.N.Y. Aug. 17, 2018).

Without conceding that all of the materials described below are subject to the Jencks Act, Rule 16, *Brady*, or *Giglio*, by June 5, 2020, the Government will comply with the remaining Requests as follows:

The Government will complete its production of notes or reports from all witness interviews conducted by the prosecution team, with one exception that the Government will address in its May 28, 2020 submission and a related *ex parte* submission on the same day (including a request for *in camera* review of the report at issue). (Def. Mem. at 112-14).

The Government will complete its production of potentially relevant documents obtained from Commerzbank, and has not identified potentially relevant documents obtained from UBS, Hyposwiss, Banco del Tesoro, and Banco Espirito Santo, including through search efforts outside the prosecution team at SDNY and DANY. (Def. Mem. at 115-16). The Government has agreed to provide to the defense the full database of emails obtained by SDNY during the investigation that led to the 2015 deferred prosecution agreement with Commerzbank, from which the Government found the 36 Commerzbank emails relating to Government Exhibit 411 that were produced to the defense on April 21, 2020. The Government has also agreed to provide to the defense the productions Commerzbank made to DANY during DANY's separate Commerzbank investigation (which took place from in or about 2011 to 2015), to include unrelated voluntary disclosures made by Commerzbank to OFAC, which were produced to the defense today.

The fifth category of the defendant's Requests relates to the circumstances surrounding the disclosure of the recording of the interview with Bahram Karimi on January 22, 2020 (the "Recording"). (*See* Def. Mem. 118-19). The Government concedes that the prosecution team was in constructive possession of the Recording as of February 4, 2020, when the FBI received the Recording in Vancouver. By June 5, 2020, the Government will complete its production of communications between the Government and Karimi (either directly or indirectly through his lawyers). During the parties' May 25 call, the Government addressed the defendant's request for details of an oral communication between the Government and Karimi's lawyer on January 22, 2020. (*See* Dkt. No. 342 at 2 n.3). The Government explained to the defense during the May 25 call that the prosecutors told Karimi's lawyer on January 22, in sum and substance, that they did not believe Karimi's statement during the interview that he thought sanctions did not apply to private people and entities, and that, in light of that, the Government did not want to continue the

The Honorable Alison J. Nathan, U.S.D.J.
May 26, 2020
Page 3

interview of Karimi for a second day. By June 5, 2020, the Government will also provide to the defense the prosecution team's calendars for January 30, February 18, and February 19, 2020, as well as declarations from each member of the prosecution team in response to the fifth Request regarding: (i) when the team member learned that the team had obtained the Recording; (ii) when the team member became aware of Sadr's request for the Recording; (iii) when the team member became aware of AUSA Kim's representations to the Court on March 10, 2020; (iv) the team member's recollection, if any, regarding the location, timing, and substance of the conversation on or about January 30, 2020, which was described in the Government's April 13, 2020 letter (Dkt. No. 307-1 at 4 n.2); (v) the team member's recollection, if any, regarding the location, timing, and substance of the conversation on or about February 18 or 19, 2020, which was described in the Government's April 13, 2020 letter (*id.*); and (vi) the team member's recollection, if any, of any other conversations during the trial regarding the status of the Recording (*id.*). (Def. Mem. at 118-19).

      Finally, on May 26, 2020, the Government notified defense counsel that it is currently working with the FBI to obtain authorities necessary to produce classified discovery to cleared counsel by June 5, 2020. One of the defendant's attorneys was cleared previously in connection with another matter, and the Classified Information Security Officer notified the Government on May 26 that the prior clearance may facilitate a more expeditious clearance of that attorney for purposes of any classified discovery in the case.

                            Respectfully submitted,

                            GEOFFREY S. BERMAN
                            United States Attorney

By:     /s/
        Jane Kim / Michael Krouse / Stephanie Lake
           Assistant United States Attorneys
        Garrett Lynch
           Special Assistant United States Attorney
        (212) 637-2038 / 2279 / 1066

cc: Defense Counsel (by ECF)