# EXHIBIT A

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 2, 2018

By Email
Brian M. Heberling, Esq.
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

Re:   *United States* v. *Ali Sadr Hashemi Nejad*, 18 Cr. 224 (ALC)

Dear Mr. Heberling:

We write in response to your September 25, 2018 letter requesting discovery, including *Brady* material and a bill of particulars (the "Discovery Letter").  Through this letter, we also request reciprocal discovery.

## THE DISCOVERY LETTER

**Search Warrant Returns (Heading I)**:  During the course of the investigation, the New York County District Attorney's Office ("DANY") obtained data and documents from electronic accounts that do not belong to the defendant (the "Non-Sadr Accounts").  DANY searched the Non-Sadr Accounts pursuant to search warrants that identified specific categories of documents that were subject to seizure.  As a result, DANY seized only those documents it identified as responsive to the search warrants.  We are confirming with the USAO Filter Team that the responsive documents were all produced to the defendant in the prior discovery productions.

We do not believe we are currently authorized to provide to the defendant the remaining portions of the Non-Sadr Accounts.  As noted above, the search warrants did not permit DANY to seize the entirety of the Non-Sadr Accounts and, thus, providing the defendant with the remaining portions of those accounts would potentially run afoul of the search warrants and the Fourth Amendment.  Nevertheless, we appreciate your concern regarding the Non-Sadr Accounts and propose that the parties meet and confer on this issue.

**Statements of the Defendant (Heading II)**:  As we informed prior counsel, the defendant invoked his right to counsel upon his arrest.  As a result, the defendant was not interviewed by law enforcement.  Attached bearing bates stamps 004040 through 004046 is a report of the defendant's arrest processing and a report reflecting the evidence seized incident to his arrest.  As reflected on the arrest processing document, the defendant asked several questions to law enforcement on the

Brian M. Heberling, Esq.
November 2, 2018
Page 2

night of his arrest.  We do not intend to introduce any of those questions, and we are not aware of any other statement by the defendant to a Government agent.

**Documents and Tangible Objects (Heading III) and Suppression Issues (Heading X)**: We are aware of and intend to comply with our disclosure obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure.  To date, we have made nine separate productions to the defendant, and we believe that these productions are responsive to many of the requests in Headings III and X.  We are also providing additional documents that were provided to the Government by potential witnesses during the course of the investigation.  Those documents bear bates stamps 004047 through 004296.  We are not aware of any authority requiring us to provide additional documents or information at this stage of the prosecution.

***Brady* and *Giglio* Material (Heading IV); *Jencks* Material (Heading VII); and Other Crimes Evidence (Heading IX)**:  The Government recognizes its obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny.  To date, we are unaware of any *Brady* material regarding your client, but will provide timely disclosure if any such material comes to light.  The Government will provide material under *Giglio* v. *United States*, 405 U.S. 150, 154 (1972), and its progeny, as well as under the Jencks Act, 18 U.S.C. § 3500, in a timely manner prior to trial.  We are available to confer with you regarding the timeframe of those disclosures, as well as the Government's Rule 404(b) notice.

**Purportedly Privileged Material (Heading V)**:  As you are aware, on October 16, 2018, the Court so-ordered the parties joint privilege review plan.  Pursuant to the privilege review plan, the USAO Filter Team will produce materials responsive to Heading V, if any.

**Criminal Records (Heading VI); Scientific Evidence (Heading VIII); Hearsay (Heading XI); and Charts and Summaries (Heading XII)**:  We are not in possession of any materials responsive to Headings VI, VIII, or XII.  We also do not at this time intend to introduce any statement pursuant to Rule 807 of the Federal Rules of Evidence.  If that changes, we will notify you.  With respect to Heading XII, the Government will provide any chart or summary that it intends to offer in a timely manner prior to trial.  We are available to confer with you regarding the timeframe of that disclosure.

**Electronically Stored Information (Heading XIII)**:  We have worked extensively with you and prior counsel to address technical issues with the Government's ESI productions.  We remain available to confer with you as necessary to address any ongoing issues.

**Bill of Particulars (Heading XIV)**:  We disagree that the defendant is entitled to a bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure.  The proper scope and function of a bill of particulars is to furnish facts supplemental to those contained in the indictment that are necessary to apprise the defendant of the charges against him to enable him to prepare his defense, to avoid unfair surprise at trial, and to preclude a second prosecution for the same offense. Fed. R. Crim. P. 7(f); *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).  Thus, "a bill of particulars should be required only where the charges of the indictment are so general that they do

Brian M. Heberling, Esq.
November 2, 2018
Page 3

not advise defendant of the specific acts of which he is accused." *United States v. Berganza*, 03 Cr. 987 (DAB), 2005 WL 372045, at * 5 (S.D.N.Y. Feb. 16, 2005).

Here, the defendant has ample information to apprise him of the charges against him and to prepare his defense. This includes, among other things, a detailed speaking indictment and extensive briefing in connection with his bail application that thoroughly described the nature of the Government's case against him. Nevertheless, we remain available to discuss the nature of the charges against the defendant and to address any specific questions you may have concerning the Government's case.

## THE GOVERNMENT'S REQUEST FOR DISCOVERY

The Government hereby reiterates its request for reciprocal discovery under Federal Rule of Criminal Procedure 16(b). Specifically, we request that you allow inspection and copying of (1) any books, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also requests that the defendant disclose prior statements of witnesses he will call to testify. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

We wish to remind you that Fed. R. Crim. P. 12.2 requires you to provide the Government with written notice if the defendant intends to rely on the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offenses charged.

We also wish to remind you that Fed. R. Crim. P. 12.3(a) requires you to provide the Government with written notice if the defendant intends to claim a defense of actual or believed exercise of public authority on behalf of a law enforcement or Federal intelligence agency at the time of the alleged crime.

Brian M. Heberling, Esq.
November 2, 2018
Page 4

      The Government requests a response to our Rule 12.2 and 12.3 demands within the time period allowed by the Court for the filing of motions.

      We are available to discuss at your convenience.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney


by: _____/s/_____

Andrew DeFilippis
Rebekah Donaleski
Matthew Laroche
Assistant United States Attorneys
(212) 637-2231/2423/2420

Garrett Lynch
Special Assistant United States Attorney