UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           v.<br><br>ALI SADR HASHEMI NEJAD,<br><br>           *Defendant*. | Case No. 18 Cr. 224 (AJN) |

**DEFENDANT ALI SADR HASHEMI NEJAD'S RESPONSE TO
THE GOVERNMENT'S PROPOSED NOLLE PROSEQUI ORDER**

Ali Sadr welcomes the government's decision to drop this misguided prosecution and wholeheartedly agrees that it is in the interest of justice for the Court to dismiss this case. *See* Dkt. 348. However, a *nolle prosequi*—a common-law action superseded by the Federal Rules of Criminal Procedure—is not the proper mechanism to do so. Among other reasons, allowing the government to proceed in this manner might be viewed as permitting the unlawfully obtained guilty verdict to stand, which could conceivably have adverse immigration consequences for Sadr in addition to perpetuating the reputational harm he has already suffered. The government's *nolle prosequi* submission, stating it unilaterally will not proceed further, also might not be deemed a dismissal of the case with prejudice. The government has confirmed, in a June 5, 2020 phone call and a June 6, 2020 exchange of emails, that it intended to dismiss the case with prejudice. Accordingly, Sadr is submitting a proposed order confirming that the dismissal is with prejudice, and making explicit that the verdict is vacated and is null and void.

Sadr's pending new trial motion details the many constitutional violations that deprived him of a fair trial. As a result, the verdicts must be vacated, and a new trial granted. *See* Dkt. 336, at 48-107. The government concedes as much, by not opposing the motion by the Court's deadline

1

to do so (*see* Dkt. 338), and by conceding that prosecuting the case to judgment "would not be in the interests of justice." Dkt. 348. Sadr is thus entitled to grant of his new trial motion on both grounds argued: the government's multiple violations of *Brady/Giglio*, Dkt. 336, at 48-105, and its presentation of a recklessly false case at trial, *id.* at 105-07; *see also id.* at 7-11, 32-35; Dkt. 346, at 6-15. The unlawfully obtained verdicts must be vacated. *See* Fed. R. Crim. P. 33(a) ("Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.").

Here, the government has further stated that the interests of justice do not warrant retrial. *See* Dkt. 348 ("[T]he Government has determined that it would not be in the interests of justice to further prosecute this case."). In these circumstances, the court should dismiss with prejudice. *See United States v. Stevens*, No. 08-cr-231-EGS, Dkt. 372 (D.D.C. filed April 7, 2009) (granting government's motion to dismiss, setting aside the verdict, and dismissing with prejudice) (attached as Ex. A). To prevent any possible prejudice to Sadr (including potential immigration consequences), and to restore him to his pre-trial position, the Court's dismissal order should specify, as the *Stevens* order did, that "There never was a judgment of conviction in this case. The jury's verdict is being set aside and has no legal effect.... The verdict is hereby set aside and the indictment is hereby dismissed with prejudice." *Id.*

In a telephone call on June 5, 2020 and an exchange of emails on June 6, 2020, the government stated that it intended to dismiss this case with prejudice and did not object to Sadr's confirming the government's position to the Court in this submission.

## DISCUSSION

Although Sadr agrees with the government's concession that the interests of justice do not warrant further prosecution of this case, the government's proposed *nolle prosequi* is insufficient

to afford full relief. Instead, the Court should enter an order granting Sadr's new trial motion, setting aside the verdict, and dismissing the case with prejudice.

### 1. The Court should grant Sadr's motion for new trial

This Court's May 14, 2020 Order extending post-trial briefing directed the government to file any opposition to Sadr's post-trial motions by June 5, 2020, and provided that "failure to timely oppose by the Government will result in the Court deeming Mr. Sadr's motions unopposed." Dkt. 338, at 1 (endorsed memorandum order). On June 5, 2020, the government filed a one-page letter, in which it failed to contest Sadr's post-trial motion. *See* Dkt. 348. The government has thereby conceded Sadr's motion and both grounds supporting it—the multiple violations of Sadr's rights under *Brady* and *Giglio*, *see* Dkt. 336, at 48-105, and the government's presentation of a recklessly false case, *see id.* at *id.* at 105-07; *see also id.* at 7-11, 32-35; Dkt. 346, at 6-15.[1]

The government's *nolle prosequi* submission does not moot the new trial motion. Sadr has suffered substantial reputational harm from the trial and the verdict. Indeed, the day of the verdict, the government issued a press release titled "Iranian National Convicted for Scheme to Evade U.S. Economic Sanctions By Illicitly Sending More Than $115 Million Through The U.S. Financial System."[2] The release proclaimed Sadr's guilt, detailed the government's view of the trial evidence, praised the FBI, the New York County District Attorney's Office, and the prosecutors in this case, and attached a list of the counts of conviction and the statutory maximum penalties. *Id.*

---

[1] Sadr also has pending a fully-briefed motion for judgment of acquittal. *See* Dk. 336, at 1-48 (Motion); Dkt. 339 (Gov. Opp.); Dkt. 344 (Reply). Should the Court grant Sadr's new trial motion and enter Sadr's proposed order, Sadr agrees to withdraw his motion for judgment of acquittal as moot.

[2] Department of Justice, "Iranian National Convicted For Scheme to Evade U.S. Economic Sanctions By Illicitly Sending More Than $115 Million Through The U.S. Financial System," https://www.justice.gov/usao-sdny/pr/iranian-national-convicted-scheme-evade-us-economic-sanctions-illicitly-sending-more (Mar. 16, 2020) (last visited June 7, 2020).

The press release can still be found on the Internet, although presumably the government will have the decency to promptly take it down now that it has dropped the case.

That is the current state of the public record against Mr. Sadr. The verdict the government announced was procured unlawfully, the product of an unfair trial marred by the government's multiple constitutional violations (now conceded). Those egregious violations prevented Sadr from clearing his name in a fair trial. Had the government produced the unlawfully suppressed evidence to Sadr before trial, there is a virtual certainty that the outcome of the trial would have been different, and Sadr would have been acquitted. Now, the government's dropping its prosecution means there will be no retrial. Moreover, the government's *nolle prosequi* request gives vague reasons for the dismissal (including purportedly limited resources), and nowhere acknowledges any wrongdoing by the prosecutors or accepts any responsibility for this debacle of a prosecution. Granting the new trial motion will make clear that the verdicts were unlawfully obtained and are of no effect—the least that can be done to begin to repair Mr. Sadr's reputation.[3]

By not opposing, the government has conceded the new trial motion. The Court should grant it.

2. **The Court should vacate the verdicts and dismiss the case with prejudice**

When the government discovered, in the Senator Ted Stevens case, while preparing its response to post-trial motions, that it had violated *Brady* and *Giglio* by failing to disclose an interview of a key witness that contradicted his later trial testimony, it promptly filed a motion "to set aside the verdict and dismiss the indictment with prejudice." *United States v. Stevens*, No. 08-cr-231-EGS, Dkt. 324, at 1, 2 (D.D.C. Apr. 1, 2009). The District Court for the District of

---

[3] *See United States v. Greater Blouse, Skirt & Neckwear Contractors Ass'n*, 228 F. Supp. 483, 486 (S.D.N.Y. 1964) (Federal Rule of Criminal Procedure 48(a) "contemplates public exposure of the reasons for the abandonment of an indictment, ... in order to prevent abuse of the uncontrolled power of dismissal previously enjoyed by prosecutors.").

Columbia granted that relief, stating in its order, "There was never a judgment of conviction in this case. The jury's verdict is being set aside and has no legal effect.... The verdict is hereby set aside and the indictment is hereby dismissed with prejudice." *Id.* Dkt. 372.

This case requires the same relief. Though dismissal with prejudice is not specified by the government's *nolle prosequi* submission, it is within the relief the government has confirmed it intended to seek.[4] Dismissal with prejudice is not imposed as a sanction for misconduct, nor as a deterrent for future misconduct. Instead, it is required because it is the only result that will restore Sadr to his pretrial position, in light of the government's concessions (a) of Sadr's new trial motion, and (b) that "it would not be in the interests of justice to further prosecute this case." Dkt. 348. With that determination by the government, there is nothing left to do but set aside the verdict and dismiss the case with prejudice. *See Stevens*, Dkt. 324 (government motion); *id.*, Dkt. 372 (order).

To put Sadr in the same position that he occupied but for this prosecution that is no longer in the interests of justice, the dismissal order should say, as the *Stevens* order did, that "There was never a judgment of conviction in this case. The jury's verdict is being set aside and has no legal effect.... The verdict is hereby set aside and the indictment is hereby dismissed with prejudice." *Id.*, Dkt. 372. To do less would fail to protect Sadr and restore him to his pretrial position.

The statement is critical in this case because Sadr is a Lawful Permanent Resident who could face possible immigration consequences as a result of the verdicts in this case. The Immigration and Nationality Act makes certain aggravated offenses a basis for removal from the

---

[4] The common-law *nolle prosequi* is not a recognized action under the Federal or Local Rules of Criminal Procedure. It has been superseded by Federal Rule of Criminal Procedure 48(a), which allows the prosecution to dismiss an indictment only by leave of court. *See id.* ("The government may, with leave of court, dismiss an indictment, information, or complaint."). This is a change from pre-Rules practice, which allowed the filing of a *nolle prosequi* "without any action by the court." *Id.*, adv. comm. notes, 1944 adoption, Note to Subdivision(a)(1).

country, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), and does not necessarily require a judgment of conviction, or that the conviction be final after appeal. Instead, the Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") defines "conviction," for removal purposes, as "a formal judgment of guilt ... entered by a court ... where—(i) a judge or jury has found the alien guilty ..., and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." 8 U.S.C. § 1101. Whether that definition requires that a conviction be final before it may be a basis for removal has been extensively litigated, and is currently an open question. *See, e.g.*, *Puello v. Bur. of Cit. & Immigr. Servs.*, 511 F.3d 324, 327-33 (2d Cir. 2007) (analyzing statute, legislative history, and *Chevron* deference to the Bureau); *Abreu v. Holder*, 378 F. App'x 59, 61 (2d Cir. 2010) (unpublished) (noting government's position that the statutory definition of conviction "extends to all formal judgments of guilt entered by the court, and makes no reference to the availability of further proceedings, *i.e.*, appeals, following this initial entry of judgment"); *Mohamed v. Sessions*, 727 F. App'x 32, 34 (2d Cir. 2018) (unpublished) (noting, "[g]iven th[e] conflicting history of the issue within our Circuit, ... that the question remains quite unsettled").

If the Court's order not expressly vacate the verdict and state that it has no legal effect, it is possible that a different government agency or division could take the position in the future that the verdict, coupled with this Court's order that Sadr be confined to home detention pending sentencing, was a sufficient "formal judgment of guilt" and "restraint on [Sadr's] liberty" to constitute a "conviction" and basis for removal under the immigration laws. Such a result would be a gross miscarriage of justice given that this verdict was unlawfully obtained in violation of the Constitution. Sadr should not be left to the uncertainty, expense, and risk of attempted removal proceedings and future litigation on the subject. This Court's judgment should make clear, as the *Stevens* order did, that there is no conviction, and that the verdict is vacated and has no legal effect.

6

We attach a proposed order.

                                            Respectfully submitted,

                                            */s/ Brian M. Heberlig*
                                            Reid H. Weingarten
                                            STEPTOE & JOHNSON LLP
                                            1114 Avenue of the Americas
                                            New York, NY 10036
                                            Tel: (212) 506-3900
                                            Fax: (212) 506-3950
                                            rweingarten@steptoe.com

                                            Brian M. Heberlig (*Pro Hac Vice*)
                                            Bruce C. Bishop (*Pro Hac Vice*)
                                            David M. Fragale
                                            Nicholas P. Silverman (*Pro Hac Vice*)
                                            STEPTOE & JOHNSON LLP
                                            1330 Connecticut Avenue, N.W.
                                            Washington, DC 20036
                                            Tel: (202) 429-3000
                                            Fax: (202) 429-3902
                                            bheberlig@steptoe.com

                                            *Counsel for Defendant Ali Sadr Hashemi Nejad*

Dated:  June 7, 2020