**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 6, 2020

**BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    **Re:**    *United States v. Ali Sadr Hashemi Nejad*, **18 Cr. 224 (AJN)**

Dear Judge Nathan:

    This letter is respectfully submitted in further response to the Court's June 9, 2020, Order, and in specific response to the defense's letter filed July 3, 2020. The defense principally infers bad faith among the prosecutors in a number of instances. But we stand by our analysis and conclusions in our letter of July 2, 2020: we do not believe that any of the disclosure problems in this case were due to bad faith among the prosecutors, or that any of the prosecutors in this case made deliberate misrepresentations to the Court. We have attempted to set forth the most salient facts at some length in our July 2, 2020, letter, and will not repeat them here. We strongly disagree with the defense's assertions of bad faith.

    The defense also argues that we attempt to distance ourselves from ADA Lynch. That is not correct—as our July 2 letter recognized, knowledge of and responsibility for everything in DANY's possession (and in the FBI's possession) was automatically imputed to this Office, starting as of at least the time of indictment, when discovery obligations commence. Rather, in addressing what particular prosecutor may have been aware of what information, and when, we were attempting to respond to the Court's questions and clarify where breakdowns in communication occurred.

    The defense criticizes the Government's letter for not specifically responding to the Court's question 5, "Do the disclosures made by the Government after trial on May 21, 2020, discussed in Dkt 341 at 7–9, cast doubt on any representations made to the Court, including in the March 9, 2020 letter, about the prosecutions team's awareness of the contents of GX 411?" Rather than leave any question here, the answer to the Court's question is "no:" as discussed in our letter, we do not believe any attorney on the case had any inkling until Mr. Heberlig's email on March 7, 2020, that GX 411 would have exculpatory value for the defense.

The defense also criticizes the Government's July 2, 2020, letter for "minimiz[ing] its disclosure violations related to classified evidence, and remarkably defend[ing] AUSA Laroche's statement to the Court that there would be no classified discovery or CIPA litigation by claiming that AUSA Laroche's "evaluation has in fact proven to be correct." In this instance, the defense has identified a substantive drafting error in our July 2 letter. In writing that "AUSA Laroche's evaluation has in fact proven to be correct," the undersigned had in mind only the likelihood of no <u>CIPA</u> litigation; of course there <u>were</u> issues regarding production of classified information, as discussed at some length in our letter. So the sentence the defense complains of was in fact a mistake. To be clear, AUSA Laroche, who was fully attentive to the Government's disclosure obligations throughout his involvement in the prosecution, timely and diligently inquired of all appropriate agencies whether there was any disclosable classified information at issue in the case, was not advised of any, and had no basis to believe his representation to the Court was other than completely accurate.[1]

Our conclusion that the prosecutors in this case acted in good faith was not an effort to avoid accountability. Starting even before the Court issued its Order, our Office began looking into the discovery failures in this case and their root causes. Our July 2 letter reflects our best analysis of the issues. Our conclusion that there was not bad faith does not end the inquiry; rather, it puts the focus on the specifics of the mistakes here, with the additional recognition that they could recur in another case, and our responsibility to ensure that that does not happen.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

by: _____
JOHN M. McENANY
Associate United States Attorney
(212) 637-2571

---

[1] As an additional point of clarification, the defense's discussion (at p. 2 of their July 3 letter) concerning the Government's March 8, 2020, 10:00 p.m. letter, leads us to restate two sentences in our July 2 letter (at p.15) more precisely: "Recollections at this point diverge. Chiefs Crowley and Bove have advised that they did not request ~~these changes~~ **deletion of the statement that 'The Government did not specifically identify that GX 411 had not previously been produced in discovery,'** although they may have missed that deletion ~~the changes~~ if the final draft was read to them over the phone. (Indeed, contributing to the confusion, Chiefs Crowley and Bove have advised that it was not until after this inquiry had begun that they realized the letter that had been filed differed **in this regard** from the draft that AUSA Lake had prepared.)"  Again, we do not believe Chief Bove or any other prosecutor deliberately misled the Court.