USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   7/8/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

         –v–

Ali Sadr Hashemi Nejad,

                Defendant.

18-cr-224 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On March 16, 2020, following a two-week trial, a jury convicted Mr. Sadr of conspiracy to defraud the United States, conspiracy to violate the International Emergency Economic Powers Act, bank fraud, bank fraud conspiracy, and money laundering.  *See* Dkt. No. 310.  After his conviction, on June 5, 2020, the Court received an application from the United States Attorney for the Southern District of New York "for an order of *nolle prosequi* of the Indictments filed in this case against Ali Sadr Hashemi Nejadin ('Sadr')."  Dkt. Nos. 348, 348-1. Letter briefing by both sides followed, and the Court ordered the Government to respond to a set of questions.  Dkt. No. 350.

It is clear on the face of the letter briefing submitted by the parties thus far that, in light of the prosecutorial errors in this case, both the Government and Mr. Sadr agree that the indictment should be dismissed with prejudice.  The Court intends to do so.

The parties disagree, however, on the proper procedural mechanism for dismissal. Mr. Sadr argues that the Court should grant his now-unopposed motion for a new trial and then dismiss the indictment with prejudice under Federal Rule of Criminal Procedure 48(a).  *See* Dkt. No. 349.  The Government consents to a dismissal with prejudice, but contends that the Court should simply dismiss the indictment with prejudice, thus mooting Mr. Sadr's motion for a new

1

trial.  *See* Dkt. No. 351 at 1.  In their letter briefing thus far, however, neither party provides

legal support for the proposed procedural sequencing.  Nor do the parties adequately explain how

their approaches practically differ.

The letter briefing submitted by the parties also evinces a factual dispute as to whether

any Government lawyers acted in bad faith in this case.  *Compare* Dkt. No. 354 *with* Dkt. No.

355.  The Court acknowledges that the United States Attorney's Office for the Southern District

of New York maintains that the litany of issues that have arisen in this case, including the failure

to disclose what the Government now concedes was exculpatory information, were not the

product of bad faith, knowing misrepresentations, or an intentional failure to comply with

discovery obligations.  *See generally* Dkt. No. 354; *see also id.* at 8 (explaining that the

Government lawyers did not see any exculpatory value of GX 411 until the defense raised this

issue); Trial Tr. at 1005:5–6 (Government: "Now that . . . we understand the potentially

exculpatory aspect of [GX 411] . . .").  This conclusion of an absence of bad faith may well be

correct, but it rests upon positive credibility determinations made by the leadership of the U.S.

Attorney's Office with respect to the line prosecutors involved in this case and does not

necessarily account for, among other things, apparent disagreement among the Government

lawyers as to certain factual matters bearing on individual knowledge and responsibility for

disclosure failures and misrepresentations.  *See* Dkt. No. 354 at 10 n.6.  Moreover, based on the

existing record, Mr. Sadr points to the Government's failure to address and sufficiently explain

several serious issues newly disclosed in the Government's July 2, 2020 letter, and he raises

colorable challenges to the Government's ultimate conclusions.  *See generally* Dkt. No. 355.

In light of what has occurred in this case, the internal communications newly disclosed

by the Government in its July 2, 2020 letter, *see* Dkt. No. 354, and Mr. Sadr's arguments

regarding the Government's conduct in this case, *see* Dkt. No. 355, it may be necessary for the Court to hold an evidentiary hearing in order to independently assess whether the issues that have arisen were the product of bad faith, knowing misrepresentations, or an intentional failure to comply with discovery obligations.  Such a hearing (to be conducted in-person when safely feasible) would allow the Court to assess the credibility of the assurances of unintentional error made by the line prosecutors involved in this case.

In view of these issues, and in order to chart a course forward, the Court requires additional briefing from the parties.  Accordingly, it hereby orders the parties to submit briefing setting forth their respective positions on the proper procedural mechanism for dismissal.  This briefing must include legal authority supporting their proposed procedural sequencing and must explain what the practical difference is in their contrasting approaches.  This briefing must also explicitly address whether the Court must make any determination at this juncture as to whether any of the Government lawyers acted in bad faith in order to resolve the parties' procedural dispute, or, alternatively, whether such a determination should be made following dismissal, as part of the Court's supervisory power in determining whether any of the lawyers involved engaged in ethical violations and/or prosecutorial misconduct.  The Government has agreed that the Court's power to resolve those questions continues after the indictment is dismissed.  *See* Dkt. No. 352 at 2.

Mr. Sadr shall submit briefing addressing these issues by July 15, 2020.  The Government shall submit a response to Mr. Sadr's briefing, setting forth its position with respect to these issues, by July 22, 2020.  Mr. Sadr may file a reply by July 24, 2020.

SO ORDERED.

Dated: July 8, 2020
      New York, New York

_____

ALISON J. NATHAN
United States District Judge