Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

July 13, 2020

By ECF

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

      Re:    *United States v. Ali Sadr Hashemi Nejad*, Case No. 18-cr-224 (AJN)

Dear Judge Nathan:

On behalf of Ali Sadr Hashemi Nejad, we write respectfully in response to this Court's order of July 8, 2020 (Dkt. 357), regarding the correct procedural mechanism for dismissal of this case with prejudice and the practical consequences of that procedural mechanism.

## INTRODUCTION

Sadr respectfully submits that a vacatur of the verdict and grant of a new trial under Rule 33(a), followed by a dismissal of the Indictment with prejudice under Rule 48(a), is necessary to restore him to his pretrial position. To make clear that the verdict is null and void, Sadr has proposed language in the dismissal order stating: "There was never a judgment of conviction in this case. The jury's verdict is vacated, and has no legal effect." Dkt. 352, at 1. Although the government initially urged the Court to deny Sadr's motion for a new trial as moot, Dkt. 351, at 1, it notified Sadr today that the government no longer "object[s] to the Court relying on Rule 33 as the procedural basis for vacatur of the jury's verdict," and now "consents to the Court granting Mr. Sadr's Rule 33 motion prior to or in connection with" the dismissal order. *See* Exhibit A (Email from Shawn Crowley to Brian Heberlig, July 13, 2020).

Such a vacatur is necessary to foreclose the possibility that the United States, through an agency other than this U.S. Attorney's Office (such as Immigrations and Customs Enforcement), could attempt to initiate proceedings to remove Sadr from the United States based on the guilty verdict, *see* Dkt. 349, at 5-6, or take any other adverse immigration action against him. A simple grant of dismissal under Rule 48(a), without formal vacatur of the verdict, could potentially leave Sadr, a lawful permanent resident of the United States, exposed to immigration consequences.

Sadr does not believe that the Court must make any determinations about the government's conduct in this case before entering the dismissal order. Presumably, the



The Honorable Alison J. Nathan
July 13, 2020
Page 2

government agrees, having already confirmed that the Court has continuing supervisory authority following dismissal to determine if sanctions are appropriate for any ethical violations or prosecutorial misconduct.  *See* Dkt. 352, at 2.  Accordingly, Sadr respectfully requests that the Court enter his proposed dismissal order (Dkt. 349-2) as soon as possible, as there is no need for further briefing at this stage of the proceedings.[1]  Sadr provides the discussion below in response to the Court's request for legal authority supporting his proposed procedural sequencing and an explanation of the practical necessity for such relief.

## DISCUSSION

I.  **The Court Should Vacate the Verdict and Grant a New Trial Under Rule 33(a) and Then Dismiss the Indictment With Prejudice Under Rule 48(a)**

Rule 48(a) by its terms does not provide for vacatur of a verdict, only for dismissal of the indictment.  *See id.* ("The government may, with leave of court, dismiss an indictment, information, or complaint.").  Rule 33(a) provides the authority for vacating the verdict.  *See id.* ("Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.").  The Court has before it all that is required to vacate the verdict and grant a new trial under Rule 33(a), and then dismiss with prejudice under Rule 48(a):

- Sadr timely submitted his Rule 33 motion for a new trial on May 1, 2020.  *See* Dkt. 335; Dkt. 336, at 1.

- This Court set a June 5, 2020 deadline for the government to oppose Sadr's motion, and specified that "failure to timely oppose by the Government will result in the Court deeming Mr. Sadr's motions unopposed." Dkt. 338, at 1 (endorsed order).

- On June 5, 2020, the government submitted no opposition, rendering the motion unopposed.  *See id.*

- Instead, the government submitted a letter in which it conceded "that it would not be in the interests of justice to further prosecute this case." Dkt. 348.  That is the standard for vacatur and a new trial under Rule 33(a).

- The government's June 5, 2020 letter applied to this Court for an order dismissing the case.  *See* Dkt. 348.  Although the government styled its proposed order as an order of *nolle prosequi*, Dkt. 348-1, Sadr explained in

---

[1] Sadr has agreed that if the Court enters his proposed order vacating the verdict and granting a new trial under Rule 33(a), and then dismissing the indictment with prejudice under Rule 48(a), he will withdraw his pending motion for judgment of acquittal under Rule 29 as moot.  *See* Dkt. 349, at 3 n.1.

The Honorable Alison J. Nathan
July 13, 2020
Page 3

**Steptoe**

> response that the common-law *nolle prosequi* has been superseded by dismissal under Rule 48(a), and that the government had confirmed its consent to dismissal with prejudice. *See* Dkt. 349, at 1, 2, 5 n.4.

- In response to Sadr's response (*id.*) and this Court's June 9, 2020 order (Dkt. 350, at 2), the government confirmed its agreement "that the Court's order of dismissal should specify that the dismissal is with prejudice." Dkt. 352, at 1. That specification, along with the government's request for this Court's leave (Dkt. 348), is all that is required for dismissal with prejudice under Rule 48(a) ("The government may, with leave of court, dismiss an indictment ....").

- Today, in an email notifying Sadr of the government's position with respect to the Court's July 8, 2020 order, the government stated: "The Government does not object to the Court relying on Rule 33 as the procedural basis for vacatur of the jury's verdict and thus, without conceding any of the specific arguments advanced by the defendant and while the Government does not believe any of the attorneys assigned to this case acted in bad faith or intentionally withheld exculpatory information for the reasons already explained, the Government consents to the Court granting Mr. Sadr's Rule 33 motion prior to or in connection with the issuance of the *nolle* order." Ex. A.

The government and the U.S. District Court for the District of Columbia followed the precise procedural mechanism proposed by Sadr in the Senator Ted Stevens case. *See United States v. Stevens*, No. 08-cr-231-EGS, Dkt. Nos. 276, 324, 372 (D.D.C.). In that case, after a guilty verdict at trial and the subsequent discovery, prior to sentencing, of a *Brady* violation and potential government misconduct, Senator Stevens timely filed a motion to dismiss the case, or in the alternative for a new trial. *See Stevens*, No. 08-cr-231-EGS, Dkt. 276, at 1, 2, 12-18. In its response, the government conceded "that granting a new trial is in the interest of justice." *Stevens*, Dkt. 324, at 2 (citing Rule 33(a)). The government stated it had "further determined that, based on the totality of circumstances and in the interest of justice," it would not seek a new trial. *Id.* Accordingly, the government asked the *Stevens* court "to set aside the verdict and dismiss the indictment with prejudice." *Id.* (citing Rule 48(a)).[2] The district court granted the motion, stating:

> There was never a judgment of conviction in this case. The jury's verdict is being set aside and has no legal effect.

---

[2] Although that request was in the sentence citing Rule 48(a), the government cited both Rule 33(a) and Rule 48(a) in its motion. *See id.*

The Honorable Alison J. Nathan
July 13, 2020
Page 4

**Steptoe**

> The government's Motion is GRANTED. The verdict is hereby set aside and the indictment is hereby dismissed with prejudice. *See* Fed. R. Crim. P. 48(a).

*Stevens*, Dkt. 372 (filed here as Dkt. 349-1); *compare* Dkt. 349-2 here (Sadr's proposed order, tracking the *Stevens* language). The Court should follow the same approach here.[3]

## II. Vacating the Verdict Is Essential to Restore Sadr to His Pretrial Position and Foreclose Potentially Irreparable Collateral Immigration Consequences

Vacatur of the verdict, making clear that it is null and void, is of critical practical importance, to restore Sadr to his pretrial position and prevent unfair and irreparable collateral consequences. Sadr is a Lawful Permanent Resident of the United States. As Sadr explained in his response to the government's proposed *nolle prosequi* order, the Immigration and Nationality Act makes certain aggravated offenses a basis for removal from the United States, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), and does not necessarily require a judgment of conviction, or that the conviction be final after appeal. Instead, the Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") defines "conviction," for removal purposes, as "a formal judgment of guilt ... entered by a court ... where—(i) a judge or jury has found the alien guilty ..., and the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." 8 U.S.C. § 1101.

Here, after the Court accepted the jury's guilty verdict (Dkt. 310; Tr. 2125), this Court ordered home detention with electronic monitoring pending sentencing, to commence that day. Tr. 2129. That order was in effect until July 9, 2020. Dkt. 359. If this Court's dismissal order does not expressly vacate the verdict and make clear that it has no legal effect, it is conceivable that a different government agency or division could take the position in the future that the jury's verdict, coupled with this Court's home detention order, was a sufficient "formal judgment of guilt" and "restraint on [Sadr's] liberty" to constitute a "conviction" and basis for removal under

---

[3] Some circuits have ruled that Rule 48 and Rule 33 are sufficiently "analogous" that a court acting on a Rule 48(a) motion to dismiss can set aside the verdict if the government so requests. *See Rice v. Rivera*, 617 F.3d 802 (4th Cir. 2010); *United States v. Smith*, 467 F.3d 785 (D.C. Cir. 2006). Those courts have reasoned that "practically speaking," the government "could have made 'an unopposed motion for retrial under Rule 33, *and then* moved to dismiss the new indictment under Rule 48.'" *Rice*, 617 F.3d at 809 (quoting *Smith*, 467 F.3d at 789). Those courts overlooked that only the defendant, not the government, can move for relief under Rule 33. In *Stevens*, the defendant did move under Rule 33, *see Stevens*, Dkt. 276, so all the government had to do was consent to vacatur under that rule—which it effectively did, *see Stevens*, Dkt. 324, at 2. Given the Supreme Court's admonition that district courts do not have inherent authority to vacate judgments and may do so only as provided by the Rules, *see Carlisle v. United States*, 517 U.S. 416, 421, 428-33 (1996), the proper procedural mechanism here is to grant Sadr's Rule 33 motion, and then dismiss the indictment with prejudice under Rule 48(a).

The Honorable Alison J. Nathan
July 13, 2020
Page 5

Steptoe

the immigration laws, even though there is no sentence or judgment of conviction in this criminal case under Rule 32.  *See, e.g.*, *Abreu v. Holder*, 378 F. App'x 59, 61 (2d Cir. 2010) (unpublished) (noting the government's position that IRRIRA's definition of conviction "extends to all formal judgments of guilt entered by the court, and makes no reference to the availability of further proceedings, *i.e.*, appeals, following this initial entry of judgment"); *Puello v. Bur. of Cit. & Immigr. Servs.*, 511 F.3d 324, 327-33 (2d Cir. 2007) (analyzing statute, legislative history, and *Chevron* deference to the Bureau).  Although Sadr believes such a position would be misguided and without merit, whether such a position could succeed "remains quite unsettled" in the Second Circuit.  *Mohamed v. Sessions*, 727 F. App'x 32, 34 (2d Cir. 2018).

In this case, after the government agreed to dismissal with prejudice on June 16, 2020 (Dkt. 352), Sadr sought and received the government's agreement that it would "not seek or cooperate with any immigration removal proceedings against Sadr."  Exhibit B (email from Shawn Crowley to Brian Heberlig, June 17, 2020).  Sadr sought that agreement in consideration for not responding further to the government's June 16, 2020 letter, and in reliance on the government's agreement, did not further respond.  *Id.*  Based on this exchange, the government has committed that it will not seek Sadr's removal.

Though that position should bind the United States and foreclose the government from seeking Sadr's removal, it is conceivable that a different government agency, division, or district, could nonetheless attempt to initiate removal, taking the position it is not bound by the government's commitment in this case.  It is also conceivable, if the verdict is not vacated, that the government in the future could cite the verdict as the basis for some other adverse immigration action short of removal.  Such a result would be a gross miscarriage of justice given that the verdict here was unlawfully obtained in violation of the Constitution.  Sadr should not be left to any risk, uncertainty, or expense of potential future proceedings or litigation on the subject.  Consistent with the government's commitment, the Court's order should make clear, as the *Stevens* order did, that there is no conviction, and that the verdict is vacated and has no legal effect.

### III. The Court Need Not Determine Bad Faith or Hold an Evidentiary Hearing to Vacate the Verdict Under Rule 33(a) and Grant Dismissal Under Rule 48(a)

Even if Sadr's Rule 33 motion for a new trial was not unopposed and now conceded, the underlying grounds for vacatur do not require bad faith.  Good or bad faith is irrelevant under *Brady*.  *Kyles v. Whitley*, 514 U.S. 419, 438 (1995).  The Court need not find bad faith, or conduct any further proceedings, before entering the vacatur and dismissal order.

The government has agreed that the Court will have continuing supervisory authority, even after dismissal, to conduct further proceedings to determine if sanctions are appropriate for any ethical violations or prosecutorial misconduct.  *See* Dkt. 352, at 2.  Sadr agrees.  That is the order in which such proceedings were conducted in the Senator Stevens case: the district court first set the verdict aside and dismissed with prejudice under Rules 33(a) and 48(a), *see Stevens*, Dkt. 372, and then directed an investigation of the *Brady* issues and potential prosecutorial

The Honorable Alison J. Nathan
July 13, 2020
Page 6



misconduct and contempt.  *See Stevens*, Dkt. 375 (appointing private counsel under Rule 42 to investigate and prosecute contempt proceedings); Dkt. 435 (counsel's report); Dkt. 434 (memorandum opinion summarizing proceedings and making report public).

      In sum, the Court should vacate the verdict and grant a new trial under Rule 33(a), and then dismiss the case with prejudice under Rule 48(a), as soon as possible.  Sadr has submitted a proposed order for the Court's consideration.  *See* Dkt. 349-2.

      Respectfully submitted,

/s/ Brian M. Heberlig
Reid H. Weingarten
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
rweingarten@steptoe.com

Brian M. Heberlig (*Pro Hac Vice*)
Bruce C. Bishop (*Pro Hac Vice*)
David M. Fragale
Nicholas P. Silverman (*Pro Hac Vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 429-3000
Fax: (202) 429-3902
bheberlig@steptoe.com

*Counsel for Defendant Ali Sadr Hashemi Nejad*

cc:    Counsel of Record (via ECF)