

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

**REQUEST TO BE FILED UNDER SEAL**

October 16, 2020

Via Email
The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    <u>United States</u> v. <u>Ali Sadr Hashemi Nejad</u>, No. 18 Cr. 224 (AJN)

Dear Judge Nathan:

    I respectfully submit the enclosed declaration and accompanying exhibits in response to the Court's September 16, 2020 order (Dkt. 379). For the reasons set forth below, I respectfully request that the Court consider maintaining this letter, my declaration, and the accompanying exhibits under seal for *in camera* review pending any formal findings by the Court ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. I respectfully submit that this relief is appropriate because ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and (2) the public's interest in immediate access to these materials is outweighed at this stage of the Court's inquiry by the privacy interests at issue, including because they reflect internal communications amongst AUSAs, supervisors, and executive staff, as well as information concerning witnesses in this investigation and others.

    ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, matters and proceedings before the Second Circuit's Committee on Admissions and Grievances are presumptively confidential. *See* Second Circuit Local Rule 46.2(b)(6). Even after public dispositions, the Second Circuit frequently makes a "request" that "all documents from the record of this proceeding . . . remain confidential to the extent circumstances allow." *E.g.*, *In re Stafford*, 789 F. App'x 281, 286 n.2 (2d Cir. 2019); *In re D'Amico*, 729 F. App'x 62, 67 n.4 (2d Cir. 2018); *see also In re Gell*, 813 F. App'x 706, 710 n.3 (2d Cir. 2020) ("Because the Committee's report and other documents in the record disclose medical and other personal information, the report and remainder of the record will remain confidential."). Matters and proceedings before New York's Attorney Grievance Committees are also presumptively

1

confidential.  *See* 22 N.Y. Comp. Codes R. & Regs. tit. 22, § 1240.18(a)-(c); *see also* N.Y. Judicial Law § 90(10).  The New York Court of Appeals has observed that "our statutes and case law reflect a policy of keeping disciplinary proceedings involving licensed professionals confidential until they are finally determined."  *Johnson Newspaper Corp. v. Melino*, 77 N.Y.2d 1, 10-11 (N.Y. 1990); *see also id.* at 7-8 (affirming Appellate Division holding that "there is no First Amendment right of access" because "there is no suggestion that professional disciplinary hearings have any tradition of being open to the public and no showing that the public access plays a significant positive role in the functioning of the proceedings" (internal quotation marks omitted)). Finally, most filings in proceedings before the District's Committee on Grievances, *see* Local Civil Rule 1.5, are maintained under seal on miscellaneous docket M2-238.  *See, e.g.*, *United States v. Grimm*, No. 16-3267 (2d Cir. 2016) (Dkt. 12-2) (reflecting sealed entries related to SDNY disciplinary proceedings on the "Miscellaneous Tracking System").

Courts have taken a similar approach in analogous circumstances.  *See Mourabit v. Klein*, 816 F. App'x 574 n.2 (2d Cir. 2020) (describing district court's decision to "reverse[] the imposition of sanctions, after conducting an *in camera* review of emails between counsel"); *McCullough v. World Wrestling Entertainment, Inc.*, No. 15 Civ. 1074, 2018 WL 4425977, at *1 (D. Conn. Sept. 17, 2018) (describing *in camera* review of affidavits submitted by counsel in response to specific questions from the court); *In re Terrorist Attacks on September 11, 2001*, No. 03 MD 1570 (GBD) (SN), 2018 WL 4184566, at *1 (S.D.N.Y. Aug. 30, 2018) (describing *in camera* review of documents in connection with sanctions determination); *Xixiang Yang v. Zhiyu Luo*, No. 17 Civ. 2577 (JSR), 2018 WL 1363498, at *3 n.4 (S.D.N.Y. Feb. 23, 2018) ("It should also be noted that at an earlier stage of these proceedings the Court conducted an *in camera* evidentiary hearing to determine whether plaintiffs' counsel had engaged in egregious conduct that warranted reference to the Court's Grievance Committee.  That determination remains *sub judice*, pending entry of final judgment in this case."); *Martin v. Giordano*, 185 F. Supp. 3d 339, 359 (E.D.N.Y. 2016) ("To test the validity of that claim, this court ordered plaintiff to provide certain information about the circumstances surrounding his dismissal to the court *ex parte* for *in camera* inspection."); *ACLU v. DoD*, 827 F. Supp. 2d 217, 228 (S.D.N.Y. 2011) (describing *ex parte* and *in camera* review of special prosecutor's declaration in contempt proceedings).

Accordingly, I respectfully request that the Court consider maintaining under seal this letter, my declaration, and the exhibits pending any formal findings by the Court ▮▮▮▮ .

Respectfully submitted,

/s/
Shawn G. Crowley
Assistant United States Attorney
(212) 637-1034

Cc: Defense Counsel

2