**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 23, 2020

**By ECF**
The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: *United States v. Sadr*, 18 Cr. 224 (AJN)**

Dear Judge Nathan,

I respectfully request that the Court accept my October 16, 2020 declaration and the accompanying documents, which include emails and other private communications, under seal for review *in camera* pending the Court's determination of the issues identified in its September 16, 2020 order.[1] This approach is consistent with the approach taken in disciplinary proceedings, which are directly analogous to the current proceedings, as well as the approach in sanctions proceedings. It is particularly appropriate where, as here, the criminal charges have been dismissed and the Court has retained jurisdiction for the sole purpose of determining whether any prosecutor acted in bad faith.

Fact finding inquiries like these are routinely conducted *in camera*. For example, matters and proceedings before the Second Circuit's Committee on Admissions and Grievances are presumptively confidential. *See* Second Circuit Local Rule 46.2(b)(6). Even after public dispositions, the Second Circuit frequently makes a "request" that "all documents from the record of this proceeding . . . remain confidential to the extent circumstances allow." *E.g.*, *In re Stafford*, 789 F. App'x 281, 286 n.2 (2d Cir. 2019); *In re D'Amico*, 729 F. App'x 62, 67 n.4 (2d Cir. 2018); *see also In re Gell*, 813 F. App'x 706, 710 n.3 (2d Cir. 2020) ("Because the Committee's report and other documents in the record disclose medical and other personal information, the report and remainder of the record will remain confidential."). Matters and proceedings before New York's Attorney Grievance Committees are also presumptively confidential. *See* 22 N.Y. Comp. Codes R. & Regs. tit. 22, § 1240.18(a)-(c); *see also* N.Y. Judicial Law § 90(10). The New York Court of Appeals has observed that "our statutes and case law reflect a policy of keeping disciplinary proceedings involving licensed professionals confidential until they are finally determined." *Johnson Newspaper Corp. v. Melino*, 77 N.Y.2d 1, 10-11 (N.Y. 1990); *see also id.* at 7-8 (affirming Appellate Division holding that "there is no First Amendment right of access"

[1] In light of the Court's September 16, 2020 order inviting defense counsel for Ali Sadr to respond to the Government's submissions, I have provided defense counsel with copies of all of the documents submitted to the Court.

because "there is no suggestion that professional disciplinary hearings have any tradition of being open to the public and no showing that the public access plays a significant positive role in the functioning of the proceedings" (internal quotation marks omitted)). Indeed, filings in proceedings before the District's Committee on Grievances, *see* Local Civil Rule 1.5, appear to be maintained under seal on miscellaneous docket M2-238. *See, e.g.*, *United States v. Grimm*, No. 16-3267 (2d Cir. 2016) (Dkt. 12-2) (reflecting sealed entries related to SDNY disciplinary proceedings on the "Miscellaneous Tracking System").

Consistent with the authorities above, courts have reviewed evidentiary submissions *in camera* prior to making findings related to sanctions. *See Mourabit v. Klein*, 816 F. App'x 574 n.2 (2d Cir. 2020) (describing district court's decision to "reverse[] the imposition of sanctions, after conducting an *in camera* review of emails between counsel"); *McCullough v. World Wrestling Entertainment, Inc.*, No. 15 Civ. 1074, 2018 WL 4425977, at *1 (D. Conn. Sept. 17, 2018) (describing *in camera* review of affidavits submitted by counsel in response to specific questions from the court); *In re Terrorist Attacks on September 11, 2001*, No. 03 MD 1570 (GBD) (SN), 2018 WL 4184566, at *1 (S.D.N.Y. Aug. 30, 2018) (describing *in camera* review of documents in connection with sanctions determination); *Xixiang Yang v. Zhiyu Luo*, No. 17 Civ. 2577 (JSR), 2018 WL 1363498, at *3 n.4 (S.D.N.Y. Feb. 23, 2018) ("It should also be noted that at an earlier stage of these proceedings the Court conducted an *in camera* evidentiary hearing to determine whether plaintiffs' counsel had engaged in egregious conduct that warranted reference to the Court's Grievance Committee. That determination remains sub judice, pending entry of final judgment in this case."); *Martin v. Giordano*, 185 F. Supp. 3d 339, 359 (E.D.N.Y. 2016) ("To test the validity of that claim, this court ordered plaintiff to provide certain information about the circumstances surrounding his dismissal to the court *ex parte* for *in camera* inspection."); *ACLU v. Dep't of Defense*, 827 F. Supp. 2d 217, 228 (S.D.N.Y. 2011) (describing *ex parte* and *in camera* review of special prosecutor's declaration in contempt proceedings).[2]

For the foregoing reasons, I respectfully request that the Court accept my October 16, 2020 declaration and the accompanying documents under seal for *in camera* review. Per the Court's October 19, 2020 order, I do not believe that any portion of this letter requires sealing or redaction.

Respectfully,

Stephanie Lake
Assistant United States Attorney
(212) 637-1066

cc: Defense counsel (by ECF)

---

[2] Sealing and *in camera* review is also consistent with the sanctions and related proceedings in *United States v. Stevens*, No. 08 Cr. 231 (D.D.C.) and *In re Special Proceedings*, No. 09 Misc. 198 (D.D.C.).