

U.S. Department of Justice

United States Attorney
Southern District of New York

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

## REQUEST TO BE FILED UNDER SEAL

October 16, 2020

Via Email
The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
New York, New York 10007

  Re: United States v. Ali Sadr Hashemi Nejad, No. 18 Cr. 224 (AJN)

Dear Judge Nathan:

  I respectfully submit the enclosed declaration in response to the Court's September 16, 2020 Order. (Dkt. No. 379). The exhibits referenced in the declaration span more than 1,400 pages and are too voluminous to transmit via email. Therefore, on Monday, October 19, 2020, I will cause a disc containing the exhibits to be delivered to Your Honor's chambers, and I will submit one or more hard copies of these materials to the Court upon request. I am also providing a set of these materials to defense counsel and Associate United States Attorney John McEnany.

  I respectfully request that the Court maintain this letter, the enclosed declaration, and the exhibits referenced therein under seal for *in camera* review. I respectfully submit that the requested sealing is appropriate based on privacy interests of the AUSAs and other individuals referenced in the enclosed materials and related exhibits, and for reasons similar to those that justified the Court's September 24, 2020 Order granting the request of Associate United States Attorney McEnany to maintain under seal a letter ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Moreover, courts have reviewed evidentiary submissions such as the enclosed declaration and referenced exhibits *in camera* prior to making findings related to sanctions. *See, e.g.*, *Mourabit v. Klein*, 816 F. App'x 574, 577 n.2 (2d Cir. 2020) (describing district court's decision to "reverse[] the imposition of sanctions, after conducting an *in camera* review of emails between counsel"); *In re Terrorist Attacks on September 11, 2001*, No. 03 MD 1570 (GBD) (SN), 2018 WL 4184566, at *1 (S.D.N.Y. Aug. 30, 2018); *Xixiang Yang v. Zhiyu Luo*, No. 17 Civ. 2577 (JSR), 2018 WL 1363498, at *3 n.4 (S.D.N.Y. Feb. 23, 2018); *Martin v. Giordano*, 185 F. Supp. 3d 339, 359 (E.D.N.Y. 2016); *ACLU v. DoD*, 827 F. Supp. 2d 217, 228 (S.D.N.Y. 2011).

  The request for sealing and *in camera* review is consistent with the confidentiality typically afforded to submissions in connection with possible disciplinary proceedings. *See, e.g.*, Second Circuit Local Rule 46.2(b)(6); N.Y. Comp. Codes R. & Regs. tit. 22, § 1240.18(a)-(c); N.Y. Judicial Law § 90(10); *Johnson Newspaper Corp. v. Melino*, 77 N.Y.2d 1, 7-8, 10-11 (N.Y. 1990);

*see also* Dkt. No. 12-2 at 3-8, *United States v. Grimm*, No. 16-3267 (2d Cir. 2016) (reflecting sealed entries related to SDNY disciplinary proceedings on the Miscellaneous Tracking System).

Finally, the requested sealing is also consistent with the approach followed in the *Stevens* prosecution that defense counsel have cited. (*E.g.*, Dkt. No. 349). For example, the court in *Stevens* permitted evidentiary submissions to be "filed under seal with the Court, with a copy provided to the defendant pursuant to the protective order already in place in this case." *United States v. Stevens*, 715 F. Supp. 2d 1, 2 (D.D.C. 2009); *see also, e.g.*, Dkt. No. 281 at 1-2, *United States v. Stevens*, No. 08 Cr. 231 (D.D.C. Feb. 3, 2009) (referring to filing under seal of "six declarations from officials at the Department of Justice" and "emails and other documents related to communications between attorneys" at DOJ). Evidentiary submissions were also maintained under seal in the related special prosecutor's investigation. *See, e.g.*, Dkt. Nos. 13-17 (sealed filings), 19-20 (protective orders contemplating sealing), *In re Special Proceedings*, No. 09 Misc. 198 (D.D.C.); *see also id.* Dkt. No. 22 at 3 (referencing an evidentiary record that included "150,000 pages of documents," "numerous" witness interviews, and "twelve depositions," substantially all of which appears to have been filed under seal). Although the court in *Stevens* ultimately denied applications to seal the special prosecutor's report of findings regarding the evidentiary submissions, *In re Special Proceedings*, 842 F. Supp. 2d 232, 237 (D.D.C. 2012), my present application concerns sealing of these materials pending determinations by the Court on the issues raised in the Court's September 16, 2020 Order. I am not, at this time, making any application with respect to the sealing of any findings.

Therefore, based on the existing sealing Order in this case relating to ▉▉▉▉▉▉▉, confidentiality practices typically employed in sanctions and disciplinary processes, and *Stevens*, I respectfully submit that the public's right of access to these materials is currently outweighed by the privacy interests implicated by the documents. Accordingly, I respectfully request that the Court seal, and review *in camera*, this submission, the enclosed declaration, and the exhibits referenced in the declaration.

Respectfully submitted,

/s/
———————————————
Emil J. Bove III
Assistant United States Attorney
(212) 637-2444

Enclosure

Cc: Associate United States Attorney John McEnany
(Via Email)

Defense Counsel
(Via Email)