Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

October 30, 2020

By ECF

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

      Re:  *United States v. Ali Sadr Hashemi Nejad*, Case No. 18-cr-224 (AJN)

Dear Judge Nathan:

      On behalf of Defendant Ali Sadr Hashemi Nejad, we respectfully oppose the government's requests to file its declarations and exhibits responding to this Court's September 16, 2020 disclosure order (Dkt. 379) under seal.  *See* Dkts. 383, 384, 385, 386, 387.

      This is not a mere disciplinary proceeding, as the prosecutors suggest.  Instead, it is a proceeding to restore confidence in the integrity of criminal prosecutions in this District, after the revelation of deep-seated failures by the United States Attorney's Office to observe fundamental constitutional and ethical requirements.  *See* Dkt. 379, at 1-2, 33-34.  The Court has already recognized that the "manifold problems that have arisen throughout this prosecution ... cry out for a *coordinated, systemic response* from the highest levels of leadership within the United States Attorney's Office for the Southern District of New York." *Id.* at 13.  The first step is "making a clear record of the Government's failures in this case in an effort to prevent these issues from reoccurring." *Id.* at 3.  That record must be sufficient to assess whether the government's failures were intentional.  *See id.* at 27-31.

      Given the importance of these issues, this post-trial inquiry should be conducted in public view, not secrecy.  The case most closely resembling this one, the Senator Ted Stevens case, addressed these issues in two opinions, finding that objections similar to those raised by the prosecutors here did not overcome the public right of access to the record under the First and Sixth Amendments and the common law.  *See In re Special Proceedings*, 842 F. Supp. 2d 232 (2012); *United States v. Stevens* ("*Stevens I*"), No. 08-cr-231 (EGS), 2008 WL 8743218 (D.D.C. Dec. 19, 2008).  We rely on those opinions in full.

The Hon. Alison J. Nathan
October 30, 2020
Page 2

One of the prosecutors here argues that although the *Stevens* court eventually disclosed the investigator's final report, it allowed evidentiary submissions to be filed under seal, pursuant to protective order. Dkt. 387-1, at 2 (citing *United States v. Stevens* ("*Stevens II*"), 715 F. Supp. 2d 1, 2 (D.D.C. 2009)). But the *Stevens* court allowed that procedure to protect the interests of a whistleblower who demanded confidentiality. *See Stevens II*, 715 F. Supp. 2d at 2, 5-6; *see also Stevens I*, 2018 WL 7843812, at *2-3. Here, there is no whistleblower. The only people ordered to submit evidence are the prosecutors—both line and supervisory—who may have been involved in making a submission that this Court has already found contained a misrepresentation. That information is precisely what the public is entitled to know. *See Special Proceedings*, 842 F. Supp. at 235 (noting that "First Amendment access to criminal proceedings 'serves an important function of monitoring prosecutorial or judicial misconduct'"); *Stevens*, 2008 WL 8743218, at *7 (noting the public's "strong interest in exposing substantial allegations of [law enforcement] misconduct to the salutary effects of public scrutiny").

Nor has the government moved for a protective order, as in *Stevens*. In *Stevens*, the Court tasked its investigation to an outside counsel and his law firm. It is routine, when ordering submission of information to a private party for a judicial purpose, to enter a protective order limiting that party's use of the information to the prescribed purpose.[1] That information does not become part of the judicial record until it is submitted to the Court (in whatever form submitted).

Here, the inquiry is being conducted by the Court itself. Information submitted to the Court for use in making judicial findings is of an entirely different character: it is the record basis for the Court's judicial act. As such, it is judicial material subject to the First Amendment and common law rights of public access. *See, e.g.*, *Press-Enterprise Co. v. Sup. Ct. of Cal.* ("*Press-Enterprise II*"), 478 U.S. 1, 13-14 (1986); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

The *Stevens* court also refused to seal materials to protect the confidentiality of any disciplinary process. It acknowledged privacy interests on behalf of those investigated, but held they must yield to the public's interest in monitoring prosecutorial misconduct. *See Special Proceedings*, 842 F. Supp. 2d at 245-46 (citing *Press-Enterprise II*, 478 U.S. at 14-15); *see also Stevens*, 2018 WL 8743218, at *8. The court noted, "the identity of the subjects was known from the outset of the investigation, the matters under investigation were largely known to the public from the outset[,] and arose from the subject attorneys' conduct during the proceedings in a highly-publicized criminal trial .... Under these circumstances, the opposing attorneys have not established an interest sufficiently compelling" to overcome the constitutional right to public access. *Special Proceedings*, 842 F. Supp. 2d at 246. Here, the same is true: the nature of the information and this Court's referral for disciplinary proceedings has already been made public in this Court's September 16 opinion. *See* Dkt. 379.

---

[1] The *Stevens* protective order was unopposed. *See, e.g.*, Second Amended Protective Order, *In re Special Proceedings*, Misc. No. 09-mc-198-EGS, ECF 20 (D.D.C., filed Dec. 14, 2009). That consent order is not precedent for sealing evidence over defense and press objection.

The Hon. Alison J. Nathan
October 30, 2020
Page 3

      For all of the reasons detailed in the *Stevens I* and *Special Proceedings* opinions, which apply with equal force here, this Court should deny the prosecutors' requests to file their declarations and exhibits under seal.

      Respectfully submitted,

      */s/ Brian M. Heberlig*
      Reid H. Weingarten
      STEPTOE & JOHNSON LLP
      1114 Avenue of the Americas
      New York, NY 10036
      Tel: (212) 506-3900
      Fax: (212) 506-3950
      rweingarten@steptoe.com

      Brian M. Heberlig (*Pro Hac Vice*)
      Bruce C. Bishop (*Pro Hac Vice*)
      David M. Fragale
      Nicholas P. Silverman (*Pro Hac Vice*)
      STEPTOE & JOHNSON LLP
      1330 Connecticut Avenue, N.W.
      Washington, DC 20036
      Tel: (202) 429-3000
      Fax: (202) 429-3902
      bheberlig@steptoe.com

      *Counsel for Defendant Ali Sadr Hashemi Nejad*

cc:    Counsel of Record (via ECF)