# Inner City Press

October 30, 2020

By E-mail to NathanNYSDChambers@nysd.uscourts.gov

Hon. Alison J. Nathan, United States District Judge
Southern District of New York, 40 Foley Square, New York, NY 10007

Re: US v. Nejad, 18-cr-224 (AJN), Opposition to Requests To Seal / Motion for Leave To Be Heard

Dear Judge Nathan:

   On behalf of Inner City Press and in my personal capacity, I have been covering the above-captioned case since before the trial, and since. This is timely opposition, as invited by your Order of October 20, 2020, to the Government's requests to seal, filed on October 23.

   The irregularities in the U.S. Attorney's Office's disclosure and other other practices in this case - and in other cases Inner City Press is covering in the SDNY, some cited below - militate against shield these judicial documents and those government employees involved from public scrutiny and accountability.

   In response to your September 16 order, the US Attorney's Office submitted some 1,400 pages on a disk, all under seal. On October 23 redacted cover letter(s) appeared in the docket, with lines like "maintain under seal a letter [REDACTED]," and "based on the exising sealing Order in this case related to [REDACTED.]"

   Another cover email, referencing the submission of a "disk with the exhibits and other responsive communications" merely states, without argument, that it is a "request that these materials be filed under seal."

   As the Court is aware, the public and the press have a presumptive First Amendment and common law right of access to criminal proceedings and records. See Press Enterprise Co. v. Superior Court of California, 464 U.S. 501, 508 (1984). The presumption of openness can only be overcome if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press–Enterprise Co. v. Superior Court, 478 U.S. 1, 13-14 (1986)

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Dag Hammarskjold Center, Box 20047, New York, NY 10017

Non-parties such as Inner City Press and myself have standing to intervene in criminal proceedings to assert the public's right of access. United States v. Aref, 533 F.3d 72, 81 (2d Cir. 2008).

   If deemed necessary, PLEASE TAKE NOTICE that Inner City Press and its undersigned reporter, in personal capacity, will move this Court before Honorable Alison J. Nathan, U.S. District Judge for the Southern District of New York, at a date and time directed by the Court, for entry of an order granting permission to the heard on/and the unsealing of documents filed and/or submitted in 18-cr-224 (AJN), pursuant to Docket No. 382 in that case and the Court's inherent power, and such other and further relief as the Court deem just and proper.

Here, the requested sealing(s) and withholdings go entirety go beyond those requested even in the CIA trial before Judge Crotty, US v. Schulte, 17 Cr. 548.

    In that case, Inner City Press vindicated the public's right to know, in the docket, see https://twitter.com/big_cases/status/1232758559408087041 and https://www.usatoday.com/documents/6786787-Docket-Annotation

   Inner City Press after that got even more sensitive filings unsealed in a North Korea sanctions case before Judge Castel, US v. Griffith, 20-cr-15 (PKC), Docket No. 33 (LETTER by EMAIL as to Virgil Griffith addressed to Judge P. Kevin Castel from Matthew Russell Lee, Inner City Press, dated 5/18/2020, re: Press Access to documents in US v. Griffith, 20-cr-15), 40 (order to unseal) and 41 unsealed filings). See also Inner City Press' May 9, 2020, filing to this Court for openness in US v. Randall, 19-cr-131,  No. 343.

   And see Judge Furman's Order in US v. Avenatti, 19-cr-374, docket no. 85, granting application, https://beta.documentcloud.org/documents/20385957-mrl1furmanavenattisdny082820

  As the Court surely knows, similar issues have arisen in US v. Ahuja and Shor and number other, lower profile cases. As simply one record (Oct 28) example, it emerged in a telephone conference in 19-cr-144 (AHK) that the US Attorney's Office withheld six terabytes of discovery until 17 months into that case, after one of the defendants had pleaded guilty.

  The U.S. Supreme Court has recognized that reporting by the news media allows members of the public to monitor the criminal justice system without attending proceedings in person. Richmond Newspapers, Inc. v Virginia, 448 U.S. at 572-73

(1980). By attending and reporting on court proceedings, members of the press "function[] as surrogates for the public." Id. at 573.

The documents including electronic documents at issue here should not be sealed and should be made available.

Please confirm receipt & docket this timely responsive filing, making Inner City Press an Interested Party. Thank you.
Respectfully submitted,

/s/

Matthew Russell Lee, Esq., Inner City Press

cc: Emil.Bove@usdoj.gov, Jane.Kim@usdoj.gov, michael.krouse@usdoj.gov, Rebekah.Donaleski@usdoj.gov, shawn.crowley@usdoj.gov