*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 1

**Exhibit 1.  March 7, 2020 Text Messages With Co-Chief Crowley Beginning At Or Before Approximately 10:20 p.m.**

| | |
|---|---|
| Bove | Stephanie called (!!) and I just talked it through.  She wanted to talk to the team first thing in the am, and I said fine.  That was weak of me but she seemed pretty tired and I didn't want to compound my earlier email. |
| Bove | She also mentioned that the defense accused them of a Brady violation based on a bank letter they turned over today.  Did they come up with you? |
| Bove | -that |
| Crowley | Not weak. |
| Crowley | Oh god. No |
| Bove | She said they can't understand how it's exculpatory and they said it was "self evident" why.  But no filing yet and maybe/hopefully standing down. |
| Bove | But yeah I almost fell over |
| Crowley | These guys do seem like assholes.  Hopefully it's just that…? |
| Bove | Yeah I am praying |

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 2

**From:**        Krouse, Michael (USANYS)
**To:**          Crowley, Shawn (USANYS); Bove, Emil (USANYS); Lake, Stephanie (USANYS); Kim, Jane (USANYS) 4; Garrett Lynch; Lynch, Garrett (USANYS) [Contractor]
**Subject:**     Defense letter re curative instruction
**Date:**        Sunday, March 8, 2020 4:03:52 PM
**Attachments:** Defense letter re curative instruction (March 8, 2020).pdf

This is what they filed.

Michael Krouse

Assistant United States Attorney

Southern District of New York

One St. Andrew's Plaza

New York, NY 10007

(212) 637-2279

Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com

**Steptoe**

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

March 8, 2020

<u>By ECF</u>

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re:     *United States v. Ali Sadr Hashemi Nejad*, Case No. 18-cr-224 (AJN)

Dear Judge Nathan:

On behalf of Defendant Ali Sadr Hashemi Nejad, we write to request a curative instruction. We have conferred with the government who stated that it opposes this request.

On Saturday afternoon around 4:00 p.m., the government produced GX 411 (attached as Exhibit A), which had not been previously disclosed to the defense. GX 411 reveals that in connection with the first U.S. dollar payment in this case, the intermediary bank wrote a letter to OFAC disclosing certain information about the transactions. Among other things, the intermediary bank disclosed to OFAC that Stratus Turkey (Stratus International Contracting J.S.) was affiliated with Stratus Iran (Stratus International Contracting Company) and implied that the two companies were either unitary or cooperating on the Ojeda project in Venezuela. The intermediary bank attached Stratus Iran's website describing its ongoing work on the Ojeda project. The intermediary bank concluded that this information was not subject to mandatory disclosure as indicated by its note that it was "voluntarily informing OFAC." The government has not produced any response from OFAC and to defense counsel's knowledge, no response exists. *Cf.* Tr. 580, Test. of Ted Kim (Mar. 5, 2020) (agreeing that to his knowledge, "this matter was never investigated by OFAC").

GX 411 is exculpatory evidence that:

- Stratus Turkey's affiliation with Stratus Iran was not material either to OFAC or the intermediary banks;

- intermediary banks conducted independent investigation and could easily identify the affiliation between Stratus Turkey and Stratus Iran or even (erroneously)

The Honorable Alison J. Nathan
March 8, 2020
Page 2



   conclude that the two companies were a single entity that "may be an Iranian company"; and

- neither the intermediary bank nor OFAC deemed the disparities in information about the two Stratus International Contractings working on the Ojeda project as important enough to stop U.S. dollar payments to Stratus International Contracting J.S.

The government should have disclosed GX 411 under *Brady*, *Giglio*, and Rule 16.

   In light of the government's failure to disclose this evidence before trial,[1] the defense respectfully requests a curative instruction. Based on a similar mid-trial disclosure in *United States v. Slough*, Judge Lamberth issued the curative instruction attached as Exhibit B. The defense has pasted that instruction below, edited only to reflect the facts of this case:

   Government Exhibit 411 is a June 2011 letter regarding an April 2011 transaction involving Stratus International Contracting Company. You saw that evidence this morning instead of earlier in trial because the government failed to turn it over before trial as required by law. The defendant learned of that evidence on Saturday afternoon when the government disclosed it.

Tr. 6, *United States v. Slough*, No. 08-cr-360-RCL (D.D.C. Aug. 5, 2014) (relevant text highlighted in Ex. B). The defense requests that this instruction be read to the jury on Monday after GX 411 is admitted. The government opposes this request but does not object to the defense admitting this document in its case if the government chooses not to offer it.

       Respectfully submitted,

       */s/ Brian M. Heberlig*
       Reid H. Weingarten
       STEPTOE & JOHNSON LLP
       1114 Avenue of the Americas
       New York, NY 10036
       Tel: (212) 506-3900
       Fax: (212) 506-3950
       rweingarten@steptoe.com

---

   [1] The government represents that it learned of this evidence in mid-January 2020 and that it came from an unrelated DANY investigation. The government states that it believed this document was part of the Commerzbank subpoena return that was produced in discovery. It was not.

The Honorable Alison J. Nathan
March 8, 2020
Page 3

**Steptoe**

Brian M. Heberlig (*Pro Hac Vice*)
Bruce C. Bishop (*Pro Hac Vice*)
David M. Fragale
Nicholas P. Silverman (*Pro Hac Vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 429-3000Bishop
Fax: (202) 429-3902
bheberlig@steptoe.com

*Counsel for Defendant Ali Sadr Hashemi Nejad*

cc:     Counsel of Record (via ECF)

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 3

| | |
|---|---|
| **From:** | Krouse, Michael (USANYS) |
| **To:** | Crowley, Shawn (USANYS); Bove, Emil (USANYS); Lake, Stephanie (USANYS); Kim, Jane (USANYS) 4; Garrett Lynch; Lynch, Garrett (USANYS) [Contractor] |
| **Subject:** | RE: Defense letter re curative instruction |
| **Date:** | Sunday, March 8, 2020 4:06:40 PM |
| **Attachments:** | GX 411.pdf |

**From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 4:04 PM
**To:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>;
Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>;
Garrett Lynch <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor]
<GLynch@usa.doj.gov>
**Subject:** RE: Defense letter re curative instruction

Thanks.  Can you send us the document itself?

**From:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Sent:** Sunday, March 08, 2020 4:04 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>;
Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>;
Garrett Lynch <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor]
<GLynch@usa.doj.gov>
**Subject:** Defense letter re curative instruction

This is what they filed.

Michael Krouse
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2279



**COMMERZBANK**

NEW YORK BRANCH

Department of the Treasury
Office of Foreign Assets Control
1500 Pennsylvania Avenue NW
Washington DC 20220

**Vinay Jepal**
2 World Financial Center, New York, NY 10281-1050
Telephone (212) 266-7200
Fax (212) 266-7235
vinay.jepal@commerzbank.com

June 16, 2011

## Re: Information Sharing – Stratus International Contracting Company

Dear Sir/Madam:

Commerzbank AG, New York Branch (CBNY) would like to share the following information with OFAC. On April 20, 2011 CBNY's AML transaction monitoring system generated an alert, which involved a transaction for USD 29,442,967.57 value April 4, 2011.

The transaction was originated by Banco Del Tesoro, CA Banco Universal Caracas for its client BT / Fideicomiso / Fondo Chino Venezolano in Caracas, Venezuela. The beneficiary of the payment was Stratus International Contracting Company ("Stratus"), a client of Hyposwiss Privatbank AG, Zurich.

As per standard procedure, CBNY initiated a request for information to the remitting bank Banco Del Tesoro, CA Banco Universal Caracas, Venezuela to obtain details on both entities and their relationship. In the interim, CBNY conducted further due diligence and noted the following regarding Stratus from its website:

- Stratus was founded in 1978 in Tehran, Iran
- Stratus International specializes in providing contracting services to infrastructure projects such as roads, railways, dams, tunnels, airports and buildings.
- Stratus is presently working on a 7000 Apartment Unit "New Ojeda" Housing Development Project in Venezuela

On May 12, 2011, CBNY received a response from the bank in Caracas indicating the following:

- Stratus's physical address is Gardenya Plaza 5, K:3 D:3 (Floor 3, Suite3) 34758 Atasehir, Istanbul, Turkey
- Stratus is registered in Istanbul, Turkey (copy of the registration attached)
- Stratus provides construction services in Turkey, Dubai and Venezuela
- The purpose of the payment is for the construction of a 7000 apartment unit project "Proyecto Urbanismo Nueva Ciudad Fabricio Ojeda, in Cuidad Ojeda, Estado Zulia, Venezuela (same address as listed on Stratus' website)

Although Stratus is not listed as an SDN, and the payment does not indicate any direct involvement of Iran or with Iran, due to conflicting information between the website and the response forwarded by the bank in Caracas, CBNY believes it appropriate to share this information with OFAC since Stratus may be an Iranian Company.

Chairman of the Supervisory Board: Klaus-Peter Müller
Board of Managing Directors: Martin Blessing (Chairman),
Frank Annuscheit, Markus Beumer, Achim Kassow, Jochen Klösges,
Michael Reuther, Stefan Schmittmann, Ulrich Sieber, Eric Strutz, Martin Zielke

Commerzbank Aktiengesellschaft, Frankfurt am Main
Registered Office: Frankfurt am Main Reg.No. 32000
VAT No. DE 114 103 514



GOVERNMENT
EXHIBIT
411
18 Cr. 224 (AJN)



**COMMERZBANK**

NEW YORK BRANCH

**Re: Information Sharing – Stratus International Contracting Company– Page 2**

We have added Stratus into our sanctions filter to monitor any future payments.  Please note that apart from this transaction, there have not been any other payments involving Stratus processed by CBNY to date.

The purpose of this letter is to report the good faith efforts of Commerzbank AG, New York Branch in complying with applicable OFAC requirements and voluntarily informing OFAC of any information received during its investigation into possible sanctions-related entities.

Should you have any further questions concerning this matter, please do not hesitate to contact the signatories below.


Respectfully,


Commerzbank AG
New York Branch

Deepa Keswani
Head of AML/Anti-Fraud/Sanctions Compliance

Vinay Jepal
Sanctions Compliance Officer

Encls.

```
                              stratus intl payment
     :LT Address                   :COBAUS3XA
     :transaction type             :202 COVER bank tfr favour 3rd bank
     :input from                   :COBADEFF
                                    COMMERZBANK AG FRANKFURT
                                    HEAD OFFICE
                                    32-36 NEUE MAINZERSTRASSE
                                    60261 FRANKFURT GERMANY
     :Validation Flag              :COV}
---------------------------------------------------------------------------
{4: Text block:
     :20 /transaction reference number  :FAAS109400150500
     :21 /related reference             :FAAS109400150500
     :32A/value date                    :040411 USD 29,442,967.57
     :52A/ordering institution - BIC    :COBADEFF
                                         COMMERZBANK AG
                                         FRANKFURT AM MAIN
     :57A/account with inst - BIC       :CHASUS33
                                         JPMORGAN CHASE BANK, N.A.
                                         NEW YORK,NY
     :58A/beneficiary inst - BIC        :SHHBCHZZ
                                         HYPOSWISS PRIVATBANK AG, ZURICH
                                         ZURICH
     :50K/ordering customer             :/400887746602USD
                                         BT/ FIDEICOMISO / FONDO CHINO
                                         VENEZOLANO. AV GUICAIPURO. URB EL
                                         ROSAL. TORRE BANCO DEL TESORO.
                                         CARACAS - VENEZUELA.
     :52A/ordering institution - BIC    :BDTEVECA
                                         BANCO DEL TESORO, C.A. BANCO
                                          UNIVERSAL
                                          CARACAS
     :59 /beneficiary customer          :/CH7708530519663100203
                                         STRATUS INTERNATIONAL CONTRACTING
                                         J.S.
     :70 /details of payment            :REF: DESEMBOLSO NRO. 386 FONDO
                                         CHINO VENEZOLANO. CODIGO NRO.
                                         00579.
     :33B/amount                        :USD 29,442,967.57}
---------------------------------------------------------------------------
  Entry     :       /SWIFT/ Date:110404 Time:02:44:17
                    Info:1111/001781
```

Page 1



فارسی | Staff Login | Site Map | Hom



STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran, with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.

STRATUS is an Engineering, Construction, Management and Contracting Company by specializing in the field of Building Construction, Road Works and Water Works.
STRATUS is Graded in three major categories: Read more...

*Road & Railway*



STRATUS has succeeded to recieve ISO 9001-2000 certificate for Quality Management System from MIC registered under UKAS, United Kingdom from 2004 which upgraded recently to ISO 9001-2008 in 2010 and intending to extend it by OHSAS 18001:2007.  Read more...

*Dam*



Our memberships:
  • Federation of Contractors of Islamic Countries (F.C.I.C.)
  • Pakistan Engineering Council
  • International Chamber of Commerce (I.C.C.)
  • Iran – UK Chamber of Commerce
  • Iran – Canada Chamber of Commerce    Read more...

*Building*



Copyright © 2010 Stratus Group Company. All rights reserved



فارسی | Staff Login | Site Map | Hon

STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.



**Contact Us**

**STRATUS International Contracting Co.**

Address: **No.35, Golestan St., Iran Zamin Ave., Shahrake Ghods, Tehran, Iran.**

Postal Code: **1465865187**

Tell: **(98) 21 8837 3100-6**

Fax: **(98) 21 8808 2882**

E-mail: **stratus@stratusgc.com**

Copyright © 2010 Stratus Group Company. All rights reserved



فارسی | Staff Login | Site Map | Hom



STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.

**Branch Offices**

| **Middle East** | **CIS** | **South America** |
|:---:|:---:|:---:|
| Iran | Kazakhstan | Venezuela |
| Iraq | | |

Copyright © 2010 Stratus Group Company. All rights reserved



*Stratus International*
*Contracting Company*

فارسی | Staff Login | Site Map | Hom

STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.

---

**Sister Companies List**

 1.Samaneh Stratus (INVESTMENT CO.)

 2.Iran Construction Investment Co.

 3.Eghtesad - Novin Bank

4.Pishgaman Bazar Novin (BROKERAGE CO.)

 5.Novin Insurance Co.

 6.Pars Shahr Co.

 7.Global Petro Tech CO.

 8.Keyhan Tabadol Co.

 9.Pars Hanza Aluminium CO.

 10.Azarbaijan Industry Development Co.

11.Eghtesad Novin Investment CO.

 12.Samaneh Gostar Novin

Copyright © 2010 Stratus Group Company. All rights reserved





STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran, with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr. president.

**7000 Units 'New Ojeda' Housing Development Project**

| | |
|---|---|
| Main Technical Features | Site Gross Area : 318 Hec. |
| | Concrete works : 520,000 m³ |
| | Net Construction Area : 850.000 m² |
| | Water & Sewage network : 150 Km |
| | Electrical network : 200 Km |
| | Communication network : 220 Km |
| | Gas network : 30 Km |
| Location | Ciudad Ojeda, Zulia State, Venezuela |
| Employer | Ducolsa 'Urban Development S.A' |
| Contract Duration | 48 Months |
| Date of Award | September 2009 |
| Status | [ Under Construction ] |

  

[Back to list]

Copyright © 2010 Stratus Group Company. All rights reserved



فارسی | Staff Login | Site Map | Hon

STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran, with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.



| | | |
|---|---|---|
| **Dalbandin – Nokkundi Highway - Section III-B** | | Details >> |
| **Socotra Airport** | | Details >> |
| **Design & Construction of Parliament Building & Commercial Center in Djibouti City** | | Details >> |
| **7000 Units "New Ojeda" Housing Development Project** | | Details >> |

Copyright © 2010 Stratus Group Company. All rights reserved

(K A D I K Ö Y)
370857 - 2010

T.C.
İ S T A N B U L
Ticaret Sicil Memurluğu

S İ C İ L     T A S D İ K N A M E S İ

| | |
|---|---|
| Ticaret Ünvanı | STRATUS INTERNATIONAL CONTRACTING İNŞAAT VE TAAHHÜT ANONİM ŞİRKETİ |
| Sicil No. | 751671 |
| Tescil Tarihi | 22 / 10 / 2010 |
| İşletme Merkezinin Adresi (Şubenin tescilinde şubenin Adresi ile beraber merkezin adresi de yazılır.) | GARDENYA PLAZA 5 K.3 D.3 ATAŞEHİR |
| İşletmenin uğraştığı işler | Ana sözleşmesinde yazılı olan işler |
| İşletme sahibinin hüviyeti (Hükmi şahıslarda, hükmi şahsın mahiyeti) | Anonim |
| İşletme temsilcileri | 38824643592 TC.No.lu CELAL TATLICIBAŞI |
| Tasdiknamenin düzenlenme Tarih ve Sayısı | 22 EKİM   2010 -  39185 |

RECAİ SÖKMEN
İSTANBUL TİCARET SİCİLİ
MEMURU YARDIMCISI

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 4

**Bove, Emil (USANYS)**

---

| | |
|---|---|
| **From:** | Bove, Emil (USANYS) |
| **Sent:** | Sunday, March 8, 2020 4:16 PM |
| **To:** | Krouse, Michael (USANYS); Crowley, Shawn (USANYS); Lake, Stephanie (USANYS); Kim, Jane (USANYS) 4 |
| **Subject:** | RE: Defense letter re curative instruction |

Thanks.  I dropped Garrett from this.  Can we please have the full thread with the January transmittal email + attachment?

---

**From:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 4:07 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Garrett Lynch <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** RE: Defense letter re curative instruction

---

**From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 4:04 PM
**To:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Garrett Lynch <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** RE: Defense letter re curative instruction

Thanks.  Can you send us the document itself?

---

**From:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Sent:** Sunday, March 08, 2020 4:04 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Garrett Lynch <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** Defense letter re curative instruction

This is what they filed.

Michael Krouse
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2279

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 5

| | |
|---|---|
| **From:** | Lake, Stephanie (USANYS) |
| **To:** | Bove, Emil (USANYS); Crowley, Shawn (USANYS) |
| **Cc:** | Krouse, Michael (USANYS); Kim, Jane (USANYS) 4 |
| **Subject:** | FW: Sadr - wire transfers |
| **Date:** | Sunday, March 8, 2020 4:20:00 PM |
| **Attachments:** | Commerz OFAC disclosure.pdf |

This is the chain. None of us responded. I briefly discussed it with Garrett.

**From:** Lynch, Garrett <LynchG@dany.nyc.gov>
**Sent:** Friday, January 10, 2020 4:52 PM
**To:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Cc:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Subject:** RE: Sadr - wire transfers

In the spirit of closing the loop on the $29M payment through Commerz, attached is the voluntary disclosure Commerze made to OFAC re: the payment.

**From:** Lake, Stephanie (USANYS) [mailto:Stephanie.Lake@usdoj.gov]
**Sent:** Friday, January 10, 2020 3:16 PM
**To:** Lynch, Garrett <LynchG@dany.nyc.gov>
**Cc:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** RE: Sadr - wire transfers

Closing the loop on this– I found a document in the material Fuenmayor gave us that discusses the $29 million transfer through Fondo Chino, and he also mentioned it in the last meeting. I think this should be helpful in tying the wire information we have showing the Fondo Chino transfer to PDVSA. The doc is attached, if anyone cares, but it's also en Espanol (I've requested translation). Pages 14-15.

**From:** Lynch, Garrett <LynchG@dany.nyc.gov>
**Sent:** Wednesday, January 08, 2020 12:46 PM
**To:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Cc:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Subject:** RE: Sadr - wire transfers

The Venezuelans used various state-owned "funds" and banks to fund various government projects, among them BANDES, the economic and social development bank (which, I believe made some early payments (not ours) related to the project), and Fondo Chino (the Chinese-Venezuelan Fund). Fondo Chino (at least ostensibly) was funded by oil sales to and loans from China (I think PDVSA and the government liberally moved money around). I forget exactly why Fondo Chino was used to make the first payment (or if we ever knew for sure) – my guess is that PDVSA, which controlled all oil-related funds (i.e., the Venezuelan purse), had adequate funds in the Fondo Chino account to make the payment from that account. I believe the money came from a Banco del Tesoro account in Venezuela, which had a correspondent relationship with Commerz in Germany. Thereafter, they

used PDVSA accounts at Banco Espirito Santo in Portugal.

**From:** Lake, Stephanie (USANYS) [mailto:Stephanie.Lake@usdoj.gov]
**Sent:** Wednesday, January 8, 2020 11:02 AM
**To:** Lynch, Garrett <LynchG@dany.nyc.gov>
**Cc:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Krouse, Michael (USANYS)
<Michael.Krouse@usdoj.gov>
**Subject:** RE: Sadr - wire transfers

Found the first one. Thanks. Do you know why it came from "Fondo Chino" / what that is?

That's fine on two. Just wanted to make sure I wasn't missing some other records that would show
that information.

Definitely agree on the third point.

Thank you!

**From:** Lynch, Garrett <LynchG@dany.nyc.gov>
**Sent:** Wednesday, January 08, 2020 10:04 AM
**To:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Cc:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Subject:** RE: Sadr - wire transfers


1. Re: the first payment, there should be a copy of the SWIFT message in the Commerzbank
production.  In my version of the subpoena compliance production it's a PDF titled "Copy".

2. Re: the identity of the intermediary bank, the bank whose business record the wire transfer
is is the intermediary bank, so the witness will be able to state that.

3. Also, for several of the payments, we have additional search warrant documents -- e.g.,
while we may just have the wire transfer record from the clearing bank, we may also have a
SWIFT message attached to an email, or a Hyposwiss record, or some other document which
identifies the payment route. When the dust settles on the SW docs, we can reconstruct my old
payments binders where I had all of the documents bundled together for each payment (the
payment instruction letter, the bank record(s), emails, attachments, etc.).  This is what we did
for the GJ.


**From:** Lake, Stephanie (USANYS) [mailto:Stephanie.Lake@usdoj.gov]
**Sent:** Tuesday, January 7, 2020 6:19 PM
**To:** Lynch, Garrett <LynchG@dany.nyc.gov>
**Subject:** FW: Sadr - wire transfers

My original email had three attachments, which had to be sent to you securely. So you should be getting a secure message with instructions on how to access it.

---

**From:** Lake, Stephanie (USANYS)
**Sent:** Tuesday, January 07, 2020 5:37 PM
**To:** Lynch, Garrett <LynchG@dany.nyc.gov>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Subject:** Sadr - wire transfers

See attached a spreadsheet (Payments) showing each transfer and where I found documentation. A few things:

1) I didn't find a wire confirmation for the 4/4/2011 $29 million transfer. I did find reference to it in the CHIPS subpoena returns. It seems to show that it went from "Fondo Chino-Venezolano" to Stratus International Contracting (see attached two spreadsheets that show this). Garrett – do you know if we have a wire confirmation for that transfer?

2) I noticed that the wire confirmations don't generally show the U.S. intermediary bank on them. Is there other documentation I'm missing that has this information?

*All documents are saved here: \\Usa.doj.gov\cloud\NYS\StAndrews\Shared\Iran_VEHousing-2017R01160\###Trial\Documents\Payment Records and here: \\Usa.doj.gov\cloud\NYS\StAndrews\Shared\Iran_VEHousing-2017R01160\Evidence [INT]\Discovery\#5 - Subpoena Returns\To Produce.

Also – Garrett, I was thinking that if you don't already have the ability to remotely login to our network, we should have that set up! That way the file paths above wouldn't be useless to you.

Thanks!

Stephanie Lake
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
Tel: (212) 637-1066

This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by

return email.



# COMMERZBANK

**NEW YORK BRANCH**

Department of the Treasury
Office of Foreign Assets Control
1500 Pennsylvania Avenue NW
Washington DC 20220

Vinay Jepal
2 World Financial Center, New York, NY 10281-1050
Telephone (212) 266-7200
Fax (212) 266-7235
vinay.jepal@commerzbank.com

June 16, 2011

## Re: Information Sharing – Stratus International Contracting Company

Dear Sir/Madam:

Commerzbank AG, New York Branch (CBNY) would like to share the following information with OFAC. On April 20, 2011 CBNY's AML transaction monitoring system generated an alert, which involved a transaction for USD 29,442,967.57 value April 4, 2011.

The transaction was originated by Banco Del Tesoro, CA Banco Universal Caracas for its client BT / Fideicomiso / Fondo Chino Venezolano in Caracas, Venezuela.  The beneficiary of the payment was Stratus International Contracting Company ("Stratus"), a client of Hyposwiss Privatbank AG, Zurich.

As per standard procedure, CBNY initiated a request for information to the remitting bank Banco Del Tesoro, CA Banco Universal Caracas, Venezuela to obtain details on both entities and their relationship. In the interim, CBNY conducted further due diligence and noted the following regarding Stratus from its website:

- Stratus  was founded in 1978 in Tehran, Iran
- Stratus International specializes in providing contracting services to infrastructure projects such as roads, railways, dams, tunnels, airports and buildings.
- Stratus is presently working on a 7000 Apartment Unit "New Ojeda" Housing Development Project in Venezuela

On May 12, 2011, CBNY received a response from the bank in Caracas indicating the following:

- Stratus's  physical address  is Gardenya Plaza 5, K:3 D:3 (Floor 3, Suite3) 34758 Atasehir, Istanbul, Turkey
- Stratus  is registered in Istanbul, Turkey (copy of the registration attached)
- Stratus provides construction services in Turkey, Dubai and Venezuela
- The purpose of the payment is for the construction of a 7000 apartment unit project "Proyecto Urbanismo Nueva Ciudad Fabricio Ojeda, in Cuidad Ojeda, Estado Zuila, Venezuela (same address as listed on Stratus' website)

Although Stratus is not listed as an SDN, and the payment does not indicate any direct involvement of Iran or with Iran, due to conflicting information between the website and the response forwarded by the bank in Caracas, CBNY believes it appropriate to share this information with OFAC since Stratus may be an Iranian Company.

Chairman of the Supervisory Board: Klaus-Peter Müller
Board of Managing Directors: Martin Blessing (Chairman),
Frank Annuscheit, Markus Beumer, Achim Kassow, Jochen Klösges,
Michael Reuther, Stefan Schmittmann, Ulrich Sieber, Eric Strutz, Martin Zielke

Commerzbank Aktiengesellschaft, Frankfurt am Main
Registered office: Frankfurt am Main Reg.No. 32000
VAT No. DE 114 103 514



**COMMERZBANK**

NEW YORK BRANCH

**Re: Information Sharing – Stratus International Contracting Company– Page 2**

We have added Stratus into our sanctions filter to monitor any future payments.  Please note that apart from this transaction, there have not been any other payments involving Stratus processed by CBNY to date.

The purpose of this letter is to report the good faith efforts of Commerzbank AG, New York Branch in complying with applicable OFAC requirements and voluntarily informing OFAC of any information received during its investigation into possible sanctions-related entities.

Should you have any further questions concerning this matter, please do not hesitate to contact the signatories below.

Respectfully,

Commerzbank AG
New York Branch

Deepa Keswani
Head of AML/Anti-Fraud/Sanctions Compliance

Vinay Jepal
Sanctions Compliance Officer

Encls.

                              stratus intl payment

        :LT Address                  :COBAUS3XA
        :transaction type            :202 COVER bank tfr favour 3rd bank
        :input from                  :COBADEFF
                                     COMMERZBANK AG FRANKFURT
                                     HEAD OFFICE
                                     32-36 NEUE MAINZERSTRASSE
                                     60261 FRANKFURT GERMANY
        :Validation Flag             :COV}
----------------------------------------------------------------------
{4: Text block:
        :20 /transaction reference number  :FAAS109400150500
        :21 /related reference       :FAAS109400150500
        :32A/value date              :040411 USD 29,442,967.57
        :52A/ordering institution - BIC    :COBADEFF
                                     COMMERZBANK AG
                                     FRANKFURT AM MAIN
        :57A/account with inst - BIC :CHASUS33
                                     JPMORGAN CHASE BANK, N.A.
                                     NEW YORK,NY
        :58A/beneficiary inst - BIC  :SHHBCHZZ
                                     HYPOSWISS PRIVATBANK AG, ZURICH
                                     ZURICH
        :50K/ordering customer       :/400887746602USD
                                     BT/ FIDEICOMISO / FONDO CHINO
                                     VENEZOLANO. AV GUICAIPURO. URB EL
                                     ROSAL. TORRE BANCO DEL TESORO.
                                     CARACAS - VENEZUELA.
        :52A/ordering institution - BIC    :BDTEVECA
                                     BANCO DEL TESORO, C.A. BANCO
                                      UNIVERSAL
                                      CARACAS
        :59 /beneficiary customer    :/CH7708530519663100203
                                     STRATUS INTERNATIONAL CONTRACTING
                                     J.S.
        :70 /details of payment      :REF: DESEMBOLSO NRO. 386 FONDO
                                     CHINO VENEZOLANO. CODIGO NRO.
                                     00579.
        :33B/amount                  :USD 29,442,967.57}
----------------------------------------------------------------------
 Entry    :          /SWIFT/ Date:110404 Time:02:44:17
                     Info:1111/001781

                                 Page 1





STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran, with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.

STRATUS is an Engineering, Construction, Management and Contracting Company by specializing in the field of Building Construction, Road Works and Water Works.
STRATUS is Graded in three major categories: Read more...

*Road & Railway*



STRATUS has succeeded to recieve ISO 9001-2000 certificate for Quality Management System from MIC registered under UKAS, United Kingdom from 2004 which upgraded recently to ISO 9001-2008 in 2010 and intending to extend it by OHSAS 18001:2007.  Read more...

*Dam*



Our memberships:
- Federation of Contractors of Islamic Countries (F.C.I.C.)
- Pakistan Engineering Council
- International Chamber of Commerce (I.C.C.)
- Iran – UK Chamber of Commerce
- Iran – Canada Chamber of Commerce    Read more...

*Building*



Copyright © 2010 Stratus Group Company. All rights reserved





STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran, with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.

**Contact Us**

**STRATUS International Contracting Co.**

Address: **No.35, Golestan St., Iran Zamin Ave., Shahrake Ghods, Tehran, Iran.**

Postal Code: **1465865187**

Tell: **(98) 21 8837 3100-6**

Fax: **(98) 21 8808 2882**

E-mail: **stratus@stratusgc.com**

Copyright © 2010 Stratus Group Company. All rights reserved



STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.



### Branch Offices

| **Middle East** | **CIS** | **South America** |
|---|---|---|
| Iran | Kazakhstan | Venezuela |
| Iraq | | |

Copyright © 2010 Stratus Group Company. All rights reserved



STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.

فارسی | Staff Login | Site Map | Hom

## Sister Companies List

 1.Samaneh Stratus (INVESTMENT CO.)

 2.Iran Construction Investment Co.

 3.Eghtesad - Novin Bank

4.Pishgaman Bazar Novin (BROKERAGE CO.)

 5.Novin Insurance Co.

 6.Pars Shahr Co.

 7.Global Petro Tech CO.

 8.Keyhan Tabadol Co.

 9.Pars Hanza Aluminium CO.

 10.Azarbaijan Industry Development Co.

11.Eghtesad Novin Investment CO.

 12.Samaneh Gostar Novin

Copyright © 2010 Stratus Group Company. All rights reserved





STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.

**7000 Units 'New Ojeda' Housing Development Project**

| | |
|---|---|
| Main Technical Features | Site Gross Area : 318 Hec.<br>Concrete works : 520,000 m³<br>Net Construction Area : 850.000 m²<br>Water & Sewage network : 150 Km<br>Electrical network : 200 Km<br>Communication network : 220 Km<br>Gas network : 30 Km |
| Location | Ciudad Ojeda, Zulia State, Venezuela |
| Employer | Ducolsa 'Urban Development S.A' |
| Contract Duration | 48 Months |
| Date of Award | September 2009 |
| Status | [ Under Construction ] |

  

[Back to list]

Copyright © 2010 Stratus Group Company. All rights reserved



STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.





**Dalbandin – Nokkundi Highway - Section III-B**                    Details >>

**Socotra Airport**                    Details >>

**Design & Construction of Parliament Building & Commercial Center in Djibouti City**                    Details >>

**7000 Units "New Ojeda" Housing Development Project**                    Details >>

Copyright © 2010 Stratus Group Company. All rights reserved

( K A D I K Ö Y )
370857 - 2010

T.C.
İ S T A N B U L
Ticaret Sicil Memurluğu

S İ C İ L    T A S D İ K N A M E S İ

| | |
|---|---|
| Ticaret Ünvanı | STRATUS INTERNATIONAL CONTRACTING İNŞAAT VE TAAHHÜT ANONİM ŞİRKETİ |
| Sicil No. | 751671 |
| Tescil Tarihi | 22 / 10 / 2010 |
| İşletme Merkezinin Adresi (Şubenin tescilinde şubenin Adresi ile beraber merkezin adresi de yazılır.) | GARDENYA PLAZA 5 K.3 D.3 ATAŞEHİR |
| İşletmenin uğraştığı işler | Ana sözleşmesinde yazılı olan işler |
| İşletme sahibinin hüviyeti (Hükmi şahıslarda, hükmi şahsın mahiyeti) | Anonim |
| İşletme temsilcileri | 38824643592 TC.No.lu CELAL TATLICIBAŞI |
| Tasdiknamenin düzenlenme Tarih ve Sayısı | 22 EKİM   2010 -  39185 |

RECAİ SÖKMEN
İSTANBUL TİCARET SİCİLİ
MEMURU YARDIMCISI

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 6

**From:** Bove, Emil (USANYS)
**To:** Lake, Stephanie (USANYS); Crowley, Shawn (USANYS)
**Cc:** Krouse, Michael (USANYS); Kim, Jane (USANYS) 4; Lynch, Garrett (USANYS) [Contractor]
**Subject:** RE: Defense witness letter
**Date:** Sunday, March 8, 2020 4:32:53 PM

I was totally going for helpful rather than chilling, sorry I screwed that up.  We're working through the summations, but let's circle up in 15-20 mins to talk strategy.

---

**From:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 4:29 PM
**To:** Bove, Emil (USANYS) <EBove@usa.doj.gov>; Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4
<JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** Defense witness letter

We filed the letter on the expert de-risking testimony this morning, but per the chilling conversation w/ Emil last night and the team this morning, did not file the cross portion of the letter. Based on our conversation with defense, who wants us to tee up these issues, we're looking to file the attached under seal. This contains what you looked at last night, plus a section on their character witness.

Stephanie Lake
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
Tel: (212) 637-1066

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 7

| | |
|---|---|
| **From:** | Bove, Emil (USANYS) |
| **To:** | Lake, Stephanie (USANYS); Crowley, Shawn (USANYS) |
| **Cc:** | Krouse, Michael (USANYS); Kim, Jane (USANYS) 4; Lynch, Garrett (USANYS) [Contractor] |
| **Subject:** | RE: Defense witness letter |
| **Date:** | Sunday, March 8, 2020 4:54:30 PM |

Can you guys please stop by?  We will not chill you.

---

**From:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 4:34 PM
**To:** Bove, Emil (USANYS) <EBove@usa.doj.gov>; Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4
<JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** RE: Defense witness letter

Ha. Shouldn't have used shorthand.

---

**From:** Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Sent:** Sunday, March 08, 2020 4:33 PM
**To:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Crowley, Shawn (USANYS)
<SCrowley@usa.doj.gov>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4
<JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** RE: Defense witness letter

I was totally going for helpful rather than chilling, sorry I screwed that up.  We're working through
the summations, but let's circle up in 15-20 mins to talk strategy.

---

**From:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 4:29 PM
**To:** Bove, Emil (USANYS) <EBove@usa.doj.gov>; Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4
<JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** Defense witness letter

We filed the letter on the expert de-risking testimony this morning, but per the chilling conversation
w/ Emil last night and the team this morning, did not file the cross portion of the letter. Based on our
conversation with defense, who wants us to tee up these issues, we're looking to file the attached
under seal. This contains what you looked at last night, plus a section on their character witness.

Stephanie Lake
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

Tel: (212) 637-1066

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 8

| | |
|---|---|
| **From:** | Lake, Stephanie (USANYS) |
| **To:** | Bove, Emil (USANYS); Crowley, Shawn (USANYS) |
| **Subject:** | Fwd: Order in 18cr224 |
| **Date:** | Sunday, March 8, 2020 5:03:17 PM |
| **Attachments:** | 18cr224 Order 03.8.20.pdf |
| | ATT00001.htm |

Begin forwarded message:

**From:** Nathan NYSD Chambers <NathanNYSDChambers@nysd.uscourts.gov>
**Date:** March 8, 2020 at 5:01:03 PM EDT
**To:** "Kim, Jane (USANYS) 4" <JKim4@usa.doj.gov>, "Lake, Stephanie (USANYS)" <SLake@usa.doj.gov>, "Bbishop_steptoe.com" <Bbishop@steptoe.com>, "Fragale, David" <DFragale@steptoe.com>, "Levin, Michelle" <mlevin@steptoe.com>, "Silverman, Nicholas" <nsilverman@steptoe.com>, "Weingarten, Reid" <RWeingarten@steptoe.com>, "Lynch, Garrett" <LynchG@dany.nyc.gov>, "Lynch, Garrett (USANYS) [Contractor]" <GLynch@usa.doj.gov>, "Heberlig, Brian" <BHeberlig@steptoe.com>, "Krouse, Michael (USANYS)" <MKrouse@usa.doj.gov>
**Subject: RE:  Order in 18cr224**

Counsel,

Attached please find a third Order from Judge Nathan that will appear on the docket on Monday.  Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 4:04 PM
**To:** 'Kim, Jane (USANYS) 4' <Jane.Kim@usdoj.gov>; 'Lake, Stephanie (USANYS)' <Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; 'Fragale, David' <DFragale@steptoe.com>; 'Levin, Michelle' <mlevin@steptoe.com>; 'Silverman, Nicholas' <nsilverman@steptoe.com>; 'Weingarten, Reid' <RWeingarten@steptoe.com>; 'Lynch, Garrett' <LynchG@dany.nyc.gov>; 'Lynch, Garrett (USANYS) [Contractor]' <Garrett.Lynch@usdoj.gov>; 'Heberlig, Brian' <BHeberlig@steptoe.com>; 'Krouse, Michael (USANYS)' <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Attached please find another Order from Judge Nathan that will appear on the docket on Monday.  Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 12:48 PM
**To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; Fragale, David <DFragale@steptoe.com>; Levin, Michelle <mlevin@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>; Weingarten, Reid <RWeingarten@steptoe.com>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Heberlig, Brian <BHeberlig@steptoe.com>; Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Please confirm receipt of this Order.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 12:41 PM
**To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; Fragale, David <DFragale@steptoe.com>; Levin, Michelle <mlevin@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>; Weingarten, Reid <RWeingarten@steptoe.com>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Heberlig, Brian <BHeberlig@steptoe.com>; Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** Order in 18cr224

Counsel,

Attached please find an Order from Judge Nathan that will appear on the docket on Monday.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

—v—

Ali Sadr Hashemi Nejad,

Defendant.

18-cr-224 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

In its response letter to be filed by 7 p.m., the Government shall include a detailed

representation to the Court that explains why Government Exhibit 411 was not previously

disclosed and what led to its disclosure for the first time yesterday.  That representation shall

further specify all attorneys involved in the decision-making with respect to both the non-

disclosure and the subsequent disclosure yesterday of this document.

SO ORDERED.

Dated: March ___8___, 2020
       New York, New York

_____
       ALISON J. NATHAN
       United States District Judge

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 9

**From:**       Bove, Emil (USANYS)
**To:**         Birger, Laura (USANYS)
**Cc:**         Crowley, Shawn (USANYS)
**Subject:**    Sadr Trial - disclosure issue
**Date:**       Sunday, March 8, 2020 5:20:00 PM
**Attachments:**  18cr224 Order 03.8.20.pdf

Hi Laura, a disclosure issue arose over the weekend in the Sadr trial before Judge Nathan.  In the attached order, AJN directed us to file a letter by 7pm tonight addressing the issue.  We're here with the team working through it, but were hoping to have a quick call to give you the context and make sure you're ok with the planned approach.  Thanks.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

—v—

Ali Sadr Hashemi Nejad,

                    Defendant.

18-cr-224 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

In its response letter to be filed by 7 p.m., the Government shall include a detailed

representation to the Court that explains why Government Exhibit 411 was not previously

disclosed and what led to its disclosure for the first time yesterday.  That representation shall

further specify all attorneys involved in the decision-making with respect to both the non-

disclosure and the subsequent disclosure yesterday of this document.

SO ORDERED.

Dated: March _____, 2020
       New York, New York

3/8/20

_____
        ALISON J. NATHAN
     United States District Judge

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 10

**From:** Crowley, Shawn (USANYS)
**To:** Birger, Laura (USANYS); Bove, Emil (USANYS)
**Subject:** RE: Sadr Trial - disclosure issue
**Date:** Sunday, March 8, 2020 5:36:18 PM

You can call my desk – 212-637-1034

**From:** Birger, Laura (USANYS) <LBirger@usa.doj.gov>
**Sent:** Sunday, March 08, 2020 5:35 PM
**To:** Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Cc:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Subject:** Re: Sadr Trial - disclosure issue

I can talk now if that works.  What number should I call?

Sent from my iPad


On Mar 8, 2020, at 5:20 PM, Bove, Emil (USANYS) <EBove@usa.doj.gov> wrote:


Hi Laura, a disclosure issue arose over the weekend in the Sadr trial before Judge Nathan.  In the attached order, AJN directed us to file a letter by 7pm tonight addressing the issue.  We're here with the team working through it, but were hoping to have a quick call to give you the context and make sure you're ok with the planned approach.  Thanks.
<18cr224 Order 03.8.20.pdf>

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 11

| | |
|---|---|
| **From:** | Lake, Stephanie (USANYS) |
| **To:** | Crowley, Shawn (USANYS); Bove, Emil (USANYS) |
| **Cc:** | Krouse, Michael (USANYS); Kim, Jane (USANYS) 4; Lynch, Garrett (USANYS) [Contractor] |
| **Subject:** | GX 411 response |
| **Date:** | Sunday, March 8, 2020 6:25:05 PM |
| **Attachments:** | 2020.03.08 Letter to Nathan re GX 411.docx |

I'm sorry – this is not very good. I'm not a fast writer, but didn't want to spend time revising and then have no time for your review.

Stephanie Lake

Assistant United States Attorney

Southern District of New York

One Saint Andrew's Plaza

New York, NY 10007

Tel: (212) 637-1066

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

    **Re:**    *United States* **v.** *Ali Sadr Hashemi Nejad*, 18 Cr. 224 (AJN)

Dear Judge Nathan:

    The Government respectfully submits this letter in response to the defendant's letter (Dkt. XX), and the Court's orders sent earlier today.

## I.    History of Government Exhibit 411

    This Office received Government Exhibit 411 from the Manhattan DA's Office on January 10, 2020, in the context of a discussion about one of the payments relevant to this case.

    Government Exhibit 411 is a voluntary disclosure that Commerzbank made to OFAC after clearing a payment from an entity affiliated with PDVSA in Venezuela to Stratus International Contracting (the "Payment"), which was one of the entities the defendant used to receive payments on behalf of IIHC.  In the voluntary disclosure, dated June 16, 2011, Commerzbank reported that its money laundering filter flagged the Payment after it was already processed.  The disclosure goes on to note that, after the Payment was alerted, Commerzbank investigated Stratus and learned that "Stratus was founded in 1978 in Tehran, Iran; Stratus International specializes in providing contracting services to infrastructure projects such as roads, railways, dams, tunnels, airports and buildings; Stratus is presently working on a 7000 Apartment Unit 'New Ojeda' Housing Development Project in Venezuela."

    It further reported that, on May 12, 2011, Commerzbank received a response to its inquiry to the remitter bank, stating, in sum and substance, that Stratus's address is in Turkey, it is registered in Turkey, it does construction in, among other places, Venezuela, and the payment was for the "construction of a 7000 apartment unit project" in Venezuela.

    Commerzbank concluded that "Although Stratus is not listed as an SDN, and the payment does not indicate any direct involvement of Iran or with Iran, due to conflicting information

The Honorable Alison J. Nathan, U.S.D.J.
March 8, 2020
Page 2

between the website and the response forwarded by the bank in Caracas, [Commerzbank] believes it appropriate to share this information with OFAC since Stratus may be an Iranian Company. We have added Stratus into our sanctions filter to monitor any future payments."

The Government viewed GX 411 as helpful to its case at trial, but unnecessary in light of GX 2032 and 2034. Those exhibits show that Commerzbank sent a series of questions to the remitter bank on April 27, 2011 related to the Payment. Those questions were ultimately forwarded to the defendant. The defendant responded with misleading information, including by failing to answer one of the questions posed about the identity of the beneficial owners and Citizenship of the owners of Stratus International Contracting.

Based on the availability of other, overlapping evidence, the Government did not extract GX 411 from its email and mark it as an exhibit. The members of the team from this Office wrongly assumed that the document had been part of the Commerzbank subpoena return and therefore had been produced to the defense in discovery in 2018. We erred in failing to confirm with the DA's office the source of the document, and in failing to confirm that it was in fact part of the Commerzbank discovery that had previously been produced. We now understand that GX 411 was obtained through an unrelated DANY investigation into Commerzbank and therefore had not previously been produced in discovery. There was no affirmative decision made not to produce GX 411 to the defense. Had we realized it was not part of an earlier discovery production, we would have provided it immediately upon receiving it.

This weekend, one of the members of the prosecution team came upon GX 411 in Outlook while organizing emails related to this case and others. Based on arguments the defense had made on Friday during Robert Peri's cross-examination, GX 411 now appeared useful to the Government's case, in addition to GX 2032 and 2034. For example, defense counsel asked Peri wither "Citigroup . . . conduct[ed] any research regarding the Iranian International Housing Company when it was reviewing" one of the transactions in the case. (Trial Tr. at 931.) GX 411 presented an example of a bank doing precisely what defense counsel had accused Citigroup of failing to do – it researched a flagged transaction, and then added the concerning party to its sanctions filter.

At that time, the Government realized that GX 411 had not in fact been part of the Commerzbank discovery. All members of the team agreed that the document should be produced to the defense. No member of the Government team anticipated that the defense would view GX 411 as helpful to the defense case.

## II.     The Defendant's *Brady* Claim

The defendant has stated that GX 411 is exculpatory evidence for three reasons. First, "because Stratus Turkey's affiliation with Stratus Iran was not material either to OFAC or the intermediary banks," second, because "the intermediary banks conducted independent investigation and could easily identify the affiliation between Stratus Turkey and Stratus Iran" and, third "neither the intermediary bank nor OFAC deemed the disparities in information about the

The Honorable Alison J. Nathan, U.S.D.J.
March 8, 2020
Page 3

two Stratus International Contractings working on the Ojeda project as important enough to stop U.S. dollar payments to Stratus International Contracting J.S."

The Government now understand how GX 411 could advance the defendant's claim that any decision by OFAC not to take enforcement action following this disclosure is probative of the risk of harm from OFAC enforcement that banks face when the process sanctions violative transactions. However, as the defense has identified, this is a point the defendant already elicited from Ted Kim's. Kim testified that, to his knowledge, OFAC did not investigate this case. The Government is seeking to confirm whether OFAC took any action based on the Commerzbank disclosure, and is willing to enter into a stipulation that it did not if and when it gets confirmation from OFAC.

However, the Government does not agree that GX 411 is helpful to the defense for the other reasons proffered. First, GX 411 shows that Stratus Turkey's affiliation with Stratus Iran was material to Commerzbank, as Commerzbank added Stratus International Contracting to its sanctions filter following its review of this transaction.

Second, Commerzbank was only able to identify the connection between Stratus Turkey and Iran because the transaction was flagged for money laundering and it then launched an investigation. Absent that flag, nobody would have known to look into the companies. In addition, the Court has precluded the defendant from arguing that the banks "could easily identify the affiliation between" the front companies and Iran. *See* Dkt. XX.

The Government regrets its error and is working to confirm that there is nothing else related to the Commerzbank investigation that has any bearing in this case, and that there have been no other omissions from the materials produced to the defense.

However, the Government does not believe that the proposed curative instruction is necessary. In our conversations with the defense, the defense explained that it sought the instruction because the jury would not understand why they are seeing GX 411 for the first time at the end of the trial. But, if it is admitted, the Government expects that GX 411 will be admitted as part of the evidence on the payments in this case, which is its logical place.[1] As stated above, the Government is also willing to enter a stipulation that OFAC did not take action regarding the disclosure, pending OFAC's confirmation of this point. The Government believes this will

---

[1] If the defendant determines that he does not want to admit GX 411, the Government has agreed not to offer it in light of the late disclosure.

The Honorable Alison J. Nathan, U.S.D.J.
March 8, 2020
Page 4

sufficiently cure any potential prejudice the defendant could have suffered through the Government's late disclosure of GX 411.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
Jane Kim / Michael Krouse / Stephanie Lake
    Assistant United States Attorneys
Garrett Lynch
    Special Assistant United States Attorney
(212) 637-2038 / 2279 / 1066

cc: Defense Counsel (by ECF)

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 12

**From:**        Crowley, Shawn (USANYS)
**To:**          Lake, Stephanie (USANYS); Krouse, Michael (USANYS); Kim, Jane (USANYS) 4; Garrett Lynch
**Cc:**          Bove, Emil (USANYS)
**Subject:**     2020.03.08 Letter to Nathan re GX 411 sgc.docx
**Date:**        Sunday, March 8, 2020 6:54:19 PM
**Attachments:** 2020.03.08 Letter to Nathan re GX 411 sgc.docx



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

    **Re:**    *United States* **v.** *Ali Sadr Hashemi Nejad*, **18 Cr. 224 (AJN)**

Dear Judge Nathan:

        The Government respectfully submits this letter in response to the defendant's letter (Dkt. XX), and the Court's orders sent earlier today. The Government concedes that it erroneously failed to timely disclose the document at issue, and apologizes to the Court and counsel for its error. As a result, the Government will not seek to offer the document in evidence and, to the extent the defense intends to offer it, will stipulate to its admission and to relevant facts relating to OFAC's handling of the letter.

## I.    Disclosure of Government Exhibit 411

        Government Exhibit 411 was first produced to the Manhattan DA's Office on [XX] in the course of a separate investigation of a particular bank ("Bank-1"). SAUSA Lynch emailed This Office received Government Exhibit 411 to AUSAs Kim, Krouse, and Lake from the Manhattan DA's Office on January 10, 2020, in the context of a discussion about one of the payments relevant to this case. The prosecution team wrongly assumed that Government Exhibit 411 had been produced to the defense, and failed to verify whether it had been. This was a mistake. The Government does not dispute that the document should have been disclosed along with its Rule 16 productions.

        This weekend, AUSA Lake came upon GX 411 in Outlook while organizing emails related to this case and others. At the time, AUSA Lake concluded that the Government may wish to offer GX 411 in its case in chief, consulted the other members of the prosecution team, marked GX 411 as an exhibit, and emailed it to defense counsel.[1]

---

[1] Based on arguments the defense had made on Friday during Robert Peri's cross-examination, GX 411 appeared useful to the Government's case, in addition to GX 2032 and 2034. For example, defense counsel asked Peri wither "Citigroup . . . conduct[ed] any research regarding the Iranian

The Honorable Alison J. Nathan, U.S.D.J.
March 8, 2020
Page 2

Government Exhibit 411 is a voluntary disclosure that Bank-1 made to OFAC after clearing a payment from an entity affiliated with PDVSA in Venezuela to Stratus International Contracting (the "Payment"), which was one of the entities the defendant used to receive payments on behalf of IIHC. In the voluntary disclosure, dated June 16, 2011, Bank-1processed. The disclosure goes on to note that, after the Payment was alerted, Bank-1 investigated Stratus and learned that "Stratus was founded in 1978 in Tehran, Iran; Stratus International specializes in providing contracting services to infrastructure projects such as roads, railways, dams, tunnels, airports and buildings; Stratus is presently working on a 7000 Apartment Unit 'New Ojeda' Housing Development Project in Venezuela."

It further reported that, on May 12, 2011, Bank-1 received a response to its inquiry to the remitter bank, stating, in sum and substance, that Stratus's address is in Turkey, it is registered in Turkey, it does construction in, among other places, Venezuela, and the payment was for the "construction of a 7000 apartment unit project" in Venezuela.

Bank-1 concluded that "Although Stratus is not listed as an SDN, and the payment does not indicate any direct involvement of Iran or with Iran, due to conflicting information between the website and the response forwarded by the bank in Caracas, [Bank-1] believes it appropriate to share this information with OFAC since Stratus may be an Iranian Company. We have added Stratus into our sanctions filter to monitor any future payments."

GX 2032 and 2034 show that Bank-1 sent a series of questions to the remitter bank on April 27, 2011 related to the Payment. Those questions were ultimately forwarded to the defendant. The defendant responded with misleading information, including by failing to answer one of the questions posed about the identity of the beneficial owners and Citizenship of the owners of Stratus International Contracting.

## II.     The Defendant's *Brady* Claim

Based on conversations the Government has had with defense counsel this weekend, the Government now understands how GX 411 could advance the defendant's claim that any decision by OFAC not to take enforcement action following this disclosure is probative of the risk of harm from OFAC enforcement that banks face when they process transactions in violation of the sanctions laws. The Government is currently seeking to confirm whether OFAC took any action based on Bank-1's disclosure, and is willing to enter to stipulate that OFAC did not take action against Bank-1, the Stratus entities, or the defendant.

The Government regrets its error and is working to confirm that there is nothing else related to the Bank-1 investigation that has any bearing in this case, and that there have been no other

International Housing Company when it was reviewing" one of the transactions in the case. (Trial Tr. at 931.) GX 411 presented an example of a bank doing precisely what defense counsel had accused Citigroup of failing to do – it researched a flagged transaction, and then added the concerning party to its sanctions filter.

The Honorable Alison J. Nathan, U.S.D.J.
March 8, 2020
Page 3

omissions from the materials produced to the defense, both at the U.S. Attorney's Office and DANY. And, in light of our late disclosure of GX 411, we will not seek to offer it at trial. To the extent the defense wishes to offer GX 411 in its case, the Government has no objection and will stipulate to its admissibility. As a result, the defendant is not prejudiced by the late disclosure, and in light of the fact that they have not begun to present evidence, no curative instruction is necessary.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
    Jane Kim / Michael Krouse / Stephanie Lake
        Assistant United States Attorneys
    Garrett Lynch
        Special Assistant United States Attorney
    (212) 637-2038 / 2279 / 1066

cc: Defense Counsel (by ECF)

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 13

| | |
|---|---|
| **From:** | Crowley, Shawn (USANYS) |
| **To:** | Lake, Stephanie (USANYS) |
| **Cc:** | Bove, Emil (USANYS) |
| **Subject:** | 2020.03.08 Letter to Nathan re GX 411 sgc2.docx |
| **Date:** | Sunday, March 8, 2020 7:01:07 PM |
| **Attachments:** | 2020.03.08 Letter to Nathan re GX 411 sgc2.docx |

A few typos



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

    **Re:**   *United States* **v.** *Ali Sadr Hashemi Nejad*, **18 Cr. 224 (AJN)**

Dear Judge Nathan:

    The Government respectfully submits this letter in response to the defendant's letter (Dkt. XX), and the Court's orders ~~sent earlier today~~from today.  The Government concedes that it erroneously failed to timely disclose the document at issue, and apologizes to the Court and counsel for its error.  As a result, the Government will not seek to offer the document in evidence and, to the extent the defense intends to offer it, will stipulate to its admission and to relevant facts relating to OFAC's handling of the letter.

**I.**    **Disclosure of Government Exhibit 411**

    Government Exhibit 411 was first produced to the Manhattan DA's Office on [XX] in the course of a separate investigation of a particular bank ("Bank-1").  SAUSA Lynch emailed Government Exhibit 411 to AUSAs Kim, Krouse, and Lake on January 10, 2020, in the context of a discussion about one of the payments relevant to this case.  The prosecution team wrongly assumed that Government Exhibit 411 had been produced to the defense, and failed to verify whether it had been.  This was a mistake.  The Government does not dispute that the document should have been disclosed along with its Rule 16 productions.

    This weekend, AUSA Lake came upon GX 411 in Outlook while organizing emails related to this case and others.  At the time, AUSA Lake concluded that the Government may wish to offer GX 411 in its case in chief, consulted the other members of the prosecution team, marked GX 411 as an exhibit, and emailed it to defense counsel.[1]

---

[1] Based on arguments the defense had made on Friday during Robert Peri's cross-examination, GX 411 appeared useful to the Government's case, in addition to GX 2032 and 2034.  For example, defense counsel asked Peri wither "Citigroup . . . conduct[ed] any research regarding the Iranian International Housing Company when it was reviewing" one of the transactions in the case.  (Trial

The Honorable Alison J. Nathan, U.S.D.J.
March 8, 2020
Page 2

Government Exhibit 411 is a voluntary disclosure that Bank-1 made to OFAC after clearing a payment from an entity affiliated with PDVSA in Venezuela to Stratus International Contracting (the "Payment"), which was one of the entities the defendant used to receive payments on behalf of IIHC. In the voluntary disclosure, dated June 16, 2011, Bank-1 processed1 noted . The disclosure goes on to note that, after the Payment was alertedprocessed, Bank-1 investigated Stratus and learned that "Stratus was founded in 1978 in Tehran, Iran; Stratus International specializes in providing contracting services to infrastructure projects such as roads, railways, dams, tunnels, airports and buildings; Stratus is presently working on a 7000 Apartment Unit 'New Ojeda' Housing Development Project in Venezuela."

It further reported that, on May 12, 2011, Bank-1 received a response to its inquiry to the remitter bank, stating, in sum and substance, that Stratus's address is in Turkey, it is registered in Turkey, it does construction in, among other places, Venezuela, and the payment was for the "construction of a 7000 apartment unit project" in Venezuela.

Bank-1 concluded that "Although Stratus is not listed as an SDN, and the payment does not indicate any direct involvement of Iran or with Iran, due to conflicting information between the website and the response forwarded by the bank in Caracas, [Bank-1] believes it appropriate to share this information with OFAC since Stratus may be an Iranian Company. We have added Stratus into our sanctions filter to monitor any future payments."

GX 2032 and 2034, which have been admitted in evidence, show that Bank-1 sent a series of questions to the remitter bank on April 27, 2011 related to the Payment. Those questions were ultimately forwarded to the defendant. The defendant responded with misleading information, including by failing to answer one of the questions posed about the identity of the beneficial owners and Citizenship of the owners of Stratus International Contracting.

## II.     The Defendant's *Brady* Claim

Based on conversations the Government has had with defense counsel this weekend, the Government now understands how GX 411 could advance the defendant's claim that any decision by OFAC not to take enforcement action following this disclosure is probative of the risk of harm from OFAC enforcement that banks face when they process transactions in violation of the sanctions laws. The Government is currently seeking to confirm whether OFAC took any action based on Bank-1's disclosure, and is willing to enter to stipulate that OFAC did not take action against Bank-1, the Stratus entities, or the defendant.

The Government regrets its error and is working to confirm that there is nothing else related to the Bank-1 investigation that has any bearing in this case, and that there have been no other omissions from the materials produced to the defense, both at the U.S. Attorney's Office and

Tr. at 931.) GX 411 presented an example of a bank doing precisely what defense counsel had accused Citigroup of failing to do – it researched a flagged transaction, and then added the concerning party to its sanctions filter.

The Honorable Alison J. Nathan, U.S.D.J.
March 8, 2020
Page 3

DANY.  ~~And, in~~In light of our late disclosure of GX 411, we will not seek to offer it at trial.  To the extent the defense wishes to offer GX 411 in its case, the Government has no objection and will stipulate to its admissibility.  As a result, the defendant is not prejudiced by the late disclosure, and in light of the fact that they have not begun to present evidence, no curative instruction is necessary.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
     Jane Kim / Michael Krouse / Stephanie Lake
        Assistant United States Attorneys
     Garrett Lynch
        Special Assistant United States Attorney
     (212) 637-2038 / 2279 / 1066

cc: Defense Counsel (by ECF)

# Exhibit 14



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

    Re:    *United States v. Ali Sadr Hashemi Nejad*, 18 Cr. 224 (AJN)

Dear Judge Nathan:

    The Government respectfully submits this letter in response to the defendant's letter (Dkt. XX), and the Court's orders sent earlier today. The Government concedes that it erroneously failed to timely disclose the document at issue, and apologizes to the Court and counsel for its error. As a result, the Government will not seek to offer the document in evidence and, to the extent the defense intends to offer it, will stipulate to its admission and to relevant facts relating to OFAC's handling of the letter.

I.    ~~History~~Disclosure of Government Exhibit 411

    ~~This Office received~~    Government Exhibit 411 ~~from~~was first produced to the Manhattan DA's Office on [XX] in the course of a separate investigation of a particular bank ("Bank-1"). SAUSA Lynch emailed Government Exhibit 411 to AUSAs Kim, Krouse, and Lake on January 10, 2020, in the context of a discussion about one of the payments relevant to this case. The prosecution team wrongly assumed that Government Exhibit 411 had been produced to the defense, and failed to verify whether it had been. This was a mistake. The Government does not dispute that the document should have been disclosed along with its Rule 16 productions.

> **Formatted:** Indent: Left: 0", First line: 0"

    This weekend, AUSA Lake came upon GX 411 in Outlook while organizing emails related to this case and others. At the time, AUSA Lake concluded that the Government may wish to offer GX 411 in its case in chief, consulted the other members of the prosecution team, marked GX 411 as an exhibit, and emailed it to defense counsel.[1]

---

[1] Based on arguments the defense had made on Friday during Robert Peri's cross-examination, GX 411 appeared useful to the Government's case, in addition to GX 2032 and 2034. For example, defense counsel asked Peri wither "Citigroup . . . conduct[ed] any research regarding the Iranian

The Honorable Alison J. Nathan, U.S.D.J.
March 8, 2020
Page 2

Government Exhibit 411 is a voluntary disclosure that ~~Commerzbank~~Bank-1 made to OFAC after clearing a payment from an entity affiliated with PDVSA in Venezuela to Stratus International Contracting (the "Payment"), which was one of the entities the defendant used to receive payments on behalf of IIHC. In the voluntary disclosure, dated June 16, 2011, ~~Commerzbank reported that its money laundering filter flagged the Payment after it was already processed.~~ Bank-1 processed. The disclosure goes on to note that, after the Payment was alerted, ~~Commerzbank~~Bank-1 investigated Stratus and learned that "Stratus was founded in 1978 in Tehran, Iran; Stratus International specializes in providing contracting services to infrastructure projects such as roads, railways, dams, tunnels, airports and buildings; Stratus is presently working on a 7000 Apartment Unit 'New Ojeda' Housing Development Project in Venezuela."

It further reported that, on May 12, 2011, ~~Commerzbank~~Bank-1 received a response to its inquiry to the remitter bank, stating, in sum and substance, that Stratus's address is in Turkey, it is registered in Turkey, it does construction in, among other places, Venezuela, and the payment was for the "construction of a 7000 apartment unit project" in Venezuela.

~~Commerzbank~~Bank-1 concluded that "Although Stratus is not listed as an SDN, and the payment does not indicate any direct involvement of Iran or with Iran, due to conflicting information between the website and the response forwarded by the bank in Caracas, [~~Commerzbank~~Bank-1] believes it appropriate to share this information with OFAC since Stratus may be an Iranian Company. We have added Stratus into our sanctions filter to monitor any future payments."

~~The Government viewed GX 411 as helpful to its case at trial, but unnecessary in light of~~ GX 2032 and 2034. ~~Those exhibits~~ show that ~~Commerzbank~~Bank-1 sent a series of questions to the remitter bank on April 27, 2011 related to the Payment. Those questions were ultimately forwarded to the defendant. The defendant responded with misleading information, including by failing to answer one of the questions posed about the identity of the beneficial owners and Citizenship of the owners of Stratus International Contracting.

~~Based on the availability of other, overlapping evidence, the Government did not extract GX 411 from its email and mark it as an exhibit. The members of the team from this Office wrongly assumed that the document had been part of the Commerzbank subpoena return and therefore had been produced to the defense in discovery in 2018. We erred in failing to confirm with the DA's office the source of the document, and in failing to confirm that it was in fact part of the Commerzbank discovery that had previously been produced. We now understand that GX 411 was obtained through an unrelated DANY investigation into Commerzbank and therefore had not previously been produced in discovery. There was no affirmative decision made not to produce~~

---

~~International Housing Company when it was reviewing" one of the transactions in the case. (Trial Tr. at 931.) GX 411 presented an example of a bank doing precisely what defense counsel had accused Citigroup of failing to do – it researched a flagged transaction, and then added the concerning party to its sanctions filter.~~

The Honorable Alison J. Nathan, U.S.D.J.
March 8, 2020
Page 3

~~GX 411 to the defense.  Had we realized it was not part of an earlier discovery production, we would have provided it immediately upon receiving it.~~

~~This weekend, one of the members of the prosecution team came upon GX 411 in Outlook while organizing emails related to this case and others.  Based on arguments the defense had made on Friday during Robert Peri's cross-examination, GX 411 now appeared useful to the Government's case, in addition to GX 2032 and 2034.  For example, defense counsel asked Peri wither "Citigroup . . . conduct[ed] any research regarding the Iranian International Housing Company when it was reviewing" one of the transactions in the case.  (Trial Tr. at 931.)  GX 411 presented an example of a bank doing precisely what defense counsel had accused Citigroup of failing to do — it researched a flagged transaction, and then added the concerning party to its sanctions filter.~~

~~At that time, the Government realized that GX 411 had not in fact been part of the Commerzbank discovery.  All members of the team agreed that the document should be produced to the defense.  No member of the Government team anticipated that the defense would view GX 411 as helpful to the defense case.~~

~~**II.     The Defendant's *Brady* Claim**~~

~~The defendant has stated that GX 411 is exculpatory evidence for three reasons.  First, "because Stratus Turkey's affiliation with Stratus Iran was not material either to OFAC or the intermediary banks," second, because "the intermediary banks conducted independent investigation and could easily identify the affiliation between Stratus Turkey and Stratus Iran" and, third "neither the intermediary bank nor OFAC deemed the disparities in information about the two Stratus International Contractings working on the Ojeda project as important enough to stop U.S. dollar payments to Stratus International Contracting J.S."~~

**II.     ~~The Government now understand~~<u>The Defendant's *Brady* Claim</u>**

<u>Based on conversations the Government has had with defense counsel this weekend, the Government now understands</u> how GX 411 could advance the defendant's claim that any decision by OFAC not to take enforcement action following this disclosure is probative of the risk of harm from OFAC enforcement that banks face when ~~the~~<u>they</u> process ~~sanctions violative~~ transactions~~.  However, as the defense has identified, this is a point the defendant already elicited from Ted Kim's.  Kim testified that, to his knowledge, OFAC did not investigate this case.~~ <u>in violation of the sanctions laws.</u>   The Government is <u>currently</u> seeking to confirm whether OFAC took any action based on ~~the Commerzbank~~<u>Bank-1's</u> disclosure, and is willing to enter ~~into a stipulation~~<u>to stipulate</u> that ~~it~~<u>OFAC</u> did not ~~if and when it gets confirmation from OFAC~~<u>take action against Bank-1, the Stratus entities, or the defendant</u>.

~~However, the Government does not agree that GX 411 is helpful to the defense for the other reasons proffered.  First, GX 411 shows that Stratus Turkey's affiliation with Stratus Iran was material to Commerzbank, as Commerzbank added Stratus International Contracting to its sanctions filter following its review of this transaction.~~

The Honorable Alison J. Nathan, U.S.D.J.
March 8, 2020
Page 4

~~Second, Commerzbank was only able to identify the connection between Stratus Turkey and Iran because the transaction was flagged for money laundering and it then launched an investigation. Absent that flag, nobody would have known to look into the companies.  In addition, the Court has precluded the defendant from arguing that the banks "could easily identify the affiliation between" the front companies and Iran.  *See* Dkt. XX.~~

        The Government regrets its error and is working to confirm that there is nothing else related to the ~~Commerzbank~~Bank-1 investigation that has any bearing in this case, and that there have been no other omissions from the materials produced to the defense~~.~~, both at the U.S. Attorney's Office and DANY.  And, in light of our late disclosure of GX 411, we will not seek to offer it at trial.  To the extent the defense wishes to offer GX 411 in its case, the Government has no objection and will stipulate to its admissibility.  As a result, the defendant is not prejudiced by the late disclosure, and in light of the fact that they have not begun to present evidence, no curative instruction is necessary.

~~        However, the Government does not believe that the proposed curative instruction is necessary.  In our conversations with the defense, the defense explained that it sought the instruction because the jury would not understand why they are seeing GX 411 for the first time at the end of the trial.  But, if it is admitted, the Government expects that GX 411 will be admitted as part of the evidence on the payments in this case, which is its logical place.³  As stated above, the Government is also willing to enter a stipulation that OFAC did not take action regarding the disclosure, pending OFAC's confirmation of this point.  The Government believes this will sufficiently cure any potential prejudice the defendant could have suffered through the Government's late disclosure of GX 411.~~

                                Respectfully submitted,

                                GEOFFREY S. BERMAN
                                United States Attorney

                        By:  _____/s/_____
                                Jane Kim / Michael Krouse / Stephanie Lake
                                  Assistant United States Attorneys
                                Garrett Lynch
                                  Special Assistant United States Attorney
                                (212) 637-2038 / 2279 / 1066

cc: Defense Counsel (by ECF)

---

~~³ If the defendant determines that he does not want to admit GX 411, the Government has agreed not to offer it in light of the late disclosure.~~

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 15

| | |
|---|---|
| **From:** | Crowley, Shawn (USANYS) |
| **To:** | Lake, Stephanie (USANYS); Bove, Emil (USANYS) |
| **Cc:** | Krouse, Michael (USANYS); Kim, Jane (USANYS) 4; Lynch, Garrett (USANYS) [Contractor] |
| **Subject:** | RE: GX 411 response |
| **Date:** | Sunday, March 8, 2020 7:08:19 PM |

Sorry, can you guys swing by my office once you've filed this letter? Thank you!

**From:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Sent:** Sunday, March 08, 2020 6:25 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4
<JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** GX 411 response

I'm sorry – this is not very good. I'm not a fast writer, but didn't want to spend time revising and
then have no time for your review.

Stephanie Lake
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
Tel: (212) 637-1066

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 16

| | |
|---|---|
| **From:** | Bove, Emil (USANYS) |
| **To:** | Kim, Jane (USANYS) 4; Crowley, Shawn (USANYS); Lake, Stephanie (USANYS) |
| **Cc:** | Krouse, Michael (USANYS); Lynch, Garrett (USANYS) [Contractor] |
| **Subject:** | RE: GX 411 response |
| **Date:** | Sunday, March 8, 2020 7:43:00 PM |

Great, thank you.

**From:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 7:43 PM
**To:** Bove, Emil (USANYS) <EBove@usa.doj.gov>; Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>;
Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor]
<GLynch@usa.doj.gov>
**Subject:** RE: GX 411 response

I emailed them.  I can call them now.

**From:** Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 7:32 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>; Lake, Stephanie (USANYS)
<SLake@usa.doj.gov>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4
<JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** RE: GX 411 response

Really sorry to be annoying, but want to make sure we've put down a call and an email to OFAC on
this issue – basically to the point in our letter about seeking to confirm their (non)response to the
letter.

**From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 7:08 PM
**To:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4
<JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** RE: GX 411 response

Sorry, can you guys swing by my office once you've filed this letter? Thank you!

**From:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Sent:** Sunday, March 08, 2020 6:25 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4
<JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** GX 411 response

I'm sorry – this is not very good. I'm not a fast writer, but didn't want to spend time revising and then have no time for your review.

Stephanie Lake
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
Tel: (212) 637-1066

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 17

| | |
|---|---|
| **From:** | Bove, Emil (USANYS) |
| **To:** | Berman, Geoffrey (USANYS); Strauss, Audrey (USANYS); Craig A. .Stewart (Craig.Stewart@usdoj.gov); Graff, Ilan (USANYS); Birger, Laura (USANYS) |
| **Cc:** | Crowley, Shawn (USANYS) |
| **Subject:** | Sadr trial - disclosure issue |
| **Date:** | Sunday, March 8, 2020 7:53:00 PM |
| **Attachments:** | Govt Letter.pdf |
| | GX 411.pdf |
| | Defense letter.pdf |

As discussed with Laura, we wanted to flag a disclosure issue that arose this weekend in the Sadr trial before Judge Nathan.  This is the Iranian sanctions case where DANY is a part of the prosecution team.

The issue relates to a document that DANY obtained in a separate investigation in 2015.  The document is attached as GX 411.  In January 2020, our DANY SAUSA emailed the document to the rest of the team during a discussion about a summary chart.  At that time, our folks assumed incorrectly, and did not verify, that the document had already been produced to the defense.  Late Saturday afternoon, a member of the team came across the document again, and viewed it as inculpatory to such an extent that the team emailed it to defense marked as a government exhibit, GX 411.  During subsequent communications last night and this morning, defense counsel explained how the document supports their defense.

This afternoon, the defense filed the attached letter with Judge Nathan seeking a jury instruction about the untimely disclosure.  Our response, which Judge Nathan directed us to file by 7, is also attached.  Although we opposed the requested instruction, we conceded error, agreed not to offer GX 411 (which we still think is, on balance, very helpful to our case), and offered related authenticity and factual stipulations to the extent the defense wants to use the letter.  Tonight, our team is scouring the case file -- here and at DANY -- to verify that we are in compliance with our disclosure obligations.  They are also preparing to answer detailed factual questions from Judge Nathan tomorrow morning about the situation, which we discussed during a team meeting after we filed the letter.

Sorry to be reporting this, especially on a Sunday night.  We'll be in court with the team at the start of the day tomorrow, and will keep you updated.  The team expects to rest tomorrow, and to do closings Tuesday or Wednesday depending on the length of the defense case and the scheduling of the charge conference.

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

    Re:    *United States* **v.** *Ali Sadr Hashemi Nejad*, **18 Cr. 224 (AJN)**

Dear Judge Nathan:

    The Government respectfully submits this letter in response to the defendant's letter (Dkt. 274), and the Court's orders sent earlier today. The Government concedes that it erroneously failed to timely disclose the document at issue, and apologizes to the Court and counsel for its error. As a result, the Government will not seek to offer the document in evidence and, to the extent the defense intends to offer it, will stipulate to its admission and to relevant facts relating to OFAC's handling of the letter.

**I.    Disclosure of Government Exhibit 411**

    Government Exhibit 411 was first produced to the Manhattan DA's Office in 2015 in the course of a separate investigation of a particular bank ("Bank-1"). SAUSA Lynch emailed Government Exhibit 411 to AUSAs Kim, Krouse, and Lake on January 10, 2020, in the context of a discussion about one of the payments relevant to this case. The prosecution team wrongly assumed that Government Exhibit 411 had been produced to the defense, and failed to verify whether it had been. This was a mistake. The Government does not dispute that the document should have been disclosed along with its Rule 16 productions.

    This weekend, AUSA Lake came upon GX 411 in Outlook while organizing emails related to this case and others. At the time, AUSA Lake concluded that the Government may wish to offer GX 411 in its case in chief, consulted the other members of the prosecution team, marked GX 411 as an exhibit, and emailed it to defense counsel.[1] It was only in the context of this process that the

---

[1] Based on arguments the defense had made on Friday during Robert Peri's cross-examination, GX 411 appeared useful to the Government's case, in addition to GX 2032 and 2034. For example, defense counsel asked Peri wither "Citigroup . . . conduct[ed] any research regarding the Iranian International Housing Company when it was reviewing" one of the transactions in the case. (Trial

The Honorable Alison J. Nathan, U.S.D.J.
March 8, 2020
Page 2

Government realized that GX 411 was not part of Bank-1's subpoena production, which had been provided to the defense in discovery.

Government Exhibit 411 is a voluntary disclosure that Bank-1 made to OFAC after clearing a payment from an entity affiliated with PDVSA in Venezuela to Stratus International Contracting (the "Payment"), which was one of the entities the defendant used to receive payments on behalf of IIHC. In the voluntary disclosure, dated June 16, 2011, Bank-1 noted that it had processed the Payment on April 4, 2011, but flagged it for potential money laundering after the fact, on April 20, 2011. The disclosure goes on to note that, after the Payment was alerted, Bank-1 investigated Stratus and learned that "Stratus was founded in 1978 in Tehran, Iran; Stratus International specializes in providing contracting services to infrastructure projects such as roads, railways, dams, tunnels, airports and buildings; Stratus is presently working on a 7000 Apartment Unit 'New Ojeda' Housing Development Project in Venezuela."

It further reported that, on May 12, 2011, Bank-1 received a response to its inquiry to the remitter bank, stating, in sum and substance, that Stratus's address is in Turkey, it is registered in Turkey, it does construction in, among other places, Venezuela, and the payment was for the "construction of a 7000 apartment unit project" in Venezuela.

Bank-1 concluded that "Although Stratus is not listed as an SDN, and the payment does not indicate any direct involvement of Iran or with Iran, due to conflicting information between the website and the response forwarded by the bank in Caracas, [Bank-1] believes it appropriate to share this information with OFAC since Stratus may be an Iranian Company. We have added Stratus into our sanctions filter to monitor any future payments."

GX 2032 and 2034 show that Bank-1 sent a series of questions to the remitter bank on April 27, 2011 related to the Payment. Those questions were ultimately forwarded to the defendant. The defendant responded with misleading information, including by failing to answer one of the questions posed about the identity of the beneficial owners and Citizenship of the owners of Stratus International Contracting.

## II.    The Defendant's *Brady* Claim

Based on conversations the Government has had with defense counsel this weekend, the Government now understands how GX 411 advances the defendant's claim that any decision by OFAC not to take enforcement action following this disclosure is probative of the risk of harm from OFAC enforcement that banks face when they process transactions in violation of the sanctions laws. The Government is currently seeking to confirm whether OFAC took any action based on Bank-1's disclosure, and is willing to stipulate that OFAC did not take action against Bank-1, the Stratus entities, or the defendant.

---

Tr. at 931.) GX 411 presented an example of a bank doing precisely what defense counsel had accused Citigroup of failing to do – it researched a flagged transaction, and then added the concerning party to its sanctions filter.

The Honorable Alison J. Nathan, U.S.D.J.
March 8, 2020
Page 3

      The Government regrets its error and is working to confirm that there is nothing else related to the Bank-1 investigation that has any bearing in this case, and that there have been no other omissions from the materials produced to the defense, both at the U.S. Attorney's Office and DANY.  And, in light of our late disclosure of GX 411, we will not seek to offer it at trial.  To the extent the defense wishes to offer GX 411 in its case, the Government has no objection and will stipulate to its admissibility.  As a result, the defendant is not prejudiced by the late disclosure, and in light of the fact that they have not begun to present evidence, no curative instruction relating to the timing of the Government's disclosure is necessary.

      Respectfully submitted,

      GEOFFREY S. BERMAN
      United States Attorney

By: _____/s/_____
      Jane Kim / Michael Krouse / Stephanie Lake
        Assistant United States Attorneys
      Garrett Lynch
        Special Assistant United States Attorney
      (212) 637-2038 / 2279 / 1066

cc: Defense Counsel (by ECF)



**COMMERZBANK**

NEW YORK BRANCH

Department of the Treasury
Office of Foreign Assets Control
1500 Pennsylvania Avenue NW
Washington DC 20220

**Vinay Jepal**
2 World Financial Center, New York, NY 10281-1050
Telephone (212) 266-7200
Fax (212) 266-7235
vinay.jepal@commerzbank.com

June 16, 2011

**Re: Information Sharing – Stratus International Contracting Company**

Dear Sir/Madam:

Commerzbank AG, New York Branch (CBNY) would like to share the following information with OFAC. On April 20, 2011 CBNY's AML transaction monitoring system generated an alert, which involved a transaction for USD 29,442,967.57 value April 4, 2011.

The transaction was originated by Banco Del Tesoro, CA Banco Universal Caracas for its client BT / Fideicomiso / Fondo Chino Venezolano in Caracas, Venezuela. The beneficiary of the payment was Stratus International Contracting Company ("Stratus"), a client of Hyposwiss Privatbank AG, Zurich.

As per standard procedure, CBNY initiated a request for information to the remitting bank Banco Del Tesoro, CA Banco Universal Caracas, Venezuela to obtain details on both entities and their relationship. In the interim, CBNY conducted further due diligence and noted the following regarding Stratus from its website:

- Stratus was founded in 1978 in Tehran, Iran
- Stratus International specializes in providing contracting services to infrastructure projects such as roads, railways, dams, tunnels, airports and buildings.
- Stratus is presently working on a 7000 Apartment Unit "New Ojeda" Housing Development Project in Venezuela

On May 12, 2011, CBNY received a response from the bank in Caracas indicating the following:

- Stratus's physical address is Gardenya Plaza 5, K:3 D:3 (Floor 3, Suite3) 34758 Atasehir, Istanbul, Turkey
- Stratus is registered in Istanbul, Turkey (copy of the registration attached)
- Stratus provides construction services in Turkey, Dubai and Venezuela
- The purpose of the payment is for the construction of a 7000 apartment unit project "Proyecto Urbanismo Nueva Ciudad Fabricio Ojeda, in Cuidad Ojeda, Estado Zulia, Venezuela (same address as listed on Stratus' website)

Although Stratus is not listed as an SDN, and the payment does not indicate any direct involvement of Iran or with Iran, due to conflicting information between the website and the response forwarded by the bank in Caracas, CBNY believes it appropriate to share this information with OFAC since Stratus may be an Iranian Company.

Chairman of the Supervisory Board: Klaus-Peter Müller
Board of Managing Directors: Martin Blessing (Chairman),
Frank Annuschett, Markus Beumer, Achim Kassow, Jochen Klösges,
Michael Reuther, Stefan Schmittmann, Ulrich Sieber, Eric Strutz, Martin Zielke

Commerzbank Aktiengesellschaft, Frankfurt am Main
Registered Office: Frankfurt am Main Reg.No. 32000
VAT No. DE 114 103 514



**GOVERNMENT EXHIBIT 411**
18 Cr. 224 (AJN)



**COMMERZBANK**

NEW YORK BRANCH

**Re: Information Sharing – Stratus International Contracting Company– Page 2**

We have added Stratus into our sanctions filter to monitor any future payments.  Please note that apart from this transaction, there have not been any other payments involving Stratus processed by CBNY to date.

The purpose of this letter is to report the good faith efforts of Commerzbank AG, New York Branch in complying with applicable OFAC requirements and voluntarily informing OFAC of any information received during its investigation into possible sanctions-related entities.

Should you have any further questions concerning this matter, please do not hesitate to contact the signatories below.


Respectfully,


Commerzbank AG
New York Branch

Deepa Keswani
Head of AML/Anti-Fraud/Sanctions Compliance

Vinay Jepal
Sanctions Compliance Officer

Encls.

stratus intl payment

```
:LT Address                     :COBAUS3XA
:transaction type               :202 COVER bank tfr favour 3rd bank
:input from                     :COBADEFF
                                COMMERZBANK AG FRANKFURT
                                HEAD OFFICE
                                32-36 NEUE MAINZERSTRASSE
                                60261 FRANKFURT GERMANY
:Validation Flag                :COV}
-------------------------------------------------------------------
{4: Text block:
:20 /transaction reference number :FAAS109400150500
:21 /related reference          :FAAS109400150500
:32A/value date                 :040411 USD 29,442,967.57
:52A/ordering institution - BIC :COBADEFF
                                COMMERZBANK AG
                                FRANKFURT AM MAIN
:57A/account with inst - BIC    :CHASUS33
                                JPMORGAN CHASE BANK, N.A.
                                NEW YORK,NY
:58A/beneficiary inst - BIC     :SHHBCHZZ
                                HYPOSWISS PRIVATBANK AG, ZURICH
                                ZURICH
:50K/ordering customer          :/400887746602USD
                                BT/ FIDEICOMISO / FONDO CHINO
                                VENEZOLANO. AV GUICAIPURO. URB EL
                                ROSAL. TORRE BANCO DEL TESORO.
                                CARACAS - VENEZUELA.
:52A/ordering institution - BIC :BDTEVECA
                                BANCO DEL TESORO, C.A. BANCO
                                 UNIVERSAL
                                 CARACAS
:59 /beneficiary customer       :/CH7708530519663100203
                                STRATUS INTERNATIONAL CONTRACTING
                                J.S.
:70 /details of payment         :REF: DESEMBOLSO NRO. 386 FONDO
                                CHINO VENEZOLANO. CODIGO NRO.
                                00579.
:33B/amount                     :USD 29,442,967.57}
-------------------------------------------------------------------
 Entry    :      /SWIFT/ Date:110404 Time:02:44:17
                 Info:1111/001781
```





فارسی | Staff Login | Site Map | Hom

STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran, with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.

STRATUS is an Engineering, Construction, Management and Contracting Company by specializing in the field of Building Construction, Road Works and Water Works.
STRATUS is Graded in three major categories: Read more...

*Road & Railway*



STRATUS has succeeded to recieve ISO 9001-2000 certificate for Quality Management System from MIC registered under UKAS, United Kingdom from 2004 which upgraded recently to ISO 9001-2008 in 2010 and intending to extend it by OHSAS 18001:2007. Read more...

*Dam*



Our memberships:
- Federation of Contractors of Islamic Countries (F.C.I.C.)
- Pakistan Engineering Council
- International Chamber of Commerce (I.C.C.)
- Iran – UK Chamber of Commerce
- Iran – Canada Chamber of Commerce    Read more...

*Building*



Copyright © 2010 Stratus Group Company. All rights reserved



فارسى | Staff Login | Site Map | Home



STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.

**Contact Us**

**STRATUS International Contracting Co.**

Address: **No.35, Golestan St., Iran Zamin Ave., Shahrake Ghods, Tehran, Iran.**

Postal Code: **1465865187**

Tell: **(98) 21 8837 3100-6**

Fax: **(98) 21 8808 2882**

E-mail: **stratus@stratusgc.com**

Copyright © 2010 Stratus Group Company. All rights reserved



فارسی | Staff Login | Site Map | Hom

STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran, with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.



**Branch Offices**

| **Middle East** | **CIS** | **South America** |
|:---:|:---:|:---:|
| **Iran** | Kazakhstan | **Venezuela** |
| **Iraq** | | |

Copyright © 2010 Stratus Group Company. All rights reserved



STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.

## Sister Companies List

 1.Samaneh Stratus (INVESTMENT CO.)

 2.Iran Construction Investment Co.

 3.Eghtesad - Novin Bank

4.Pishgaman Bazar Novin (BROKERAGE CO.)

 5.Novin Insurance Co.

 6.Pars Shahr Co.

 7.Global Petro Tech CO.

 8.Keyhan Tabadol Co.

 9.Pars Hanza Aluminium CO.

 10.Azarbaijan Industry Development Co.

11.Eghtesad Novin Investment CO.

 12.Samaneh Gostar Novin

Copyright © 2010 Stratus Group Company. All rights reserved



فارسی | Staff Login |  Site Map |  Hon



STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.

**7000 Units 'New Ojeda' Housing Development Project**

| | |
|---|---|
| Main Technical Features | Site Gross Area : 318 Hec. |
| | Concrete works : 520,000 m³ |
| | Net Construction Area : 850.000 m² |
| | Water & Sewage network : 150 Km |
| | Electrical network : 200 Km |
| | Communication network : 220 Km |
| | Gas network : 30 Km |
| Location | Ciudad Ojeda, Zulia State, Venezuela |
| Employer | Ducolsa 'Urban Development S.A' |
| Contract Duration | 48 Months |
| Date of Award | September 2009 |
| Status | [ Under Construction ] |

  

[Back to list]

Copyright © 2010 Stratus Group Company. All rights reserved

**Stratus International**
**Contracting Company**

فارسی | Staff Login | Site Map | Hom

STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.





**Dalbandin – Nokkundi Highway - Section III-B**          Details >>

**Socotra Airport**          Details >>

**Design & Construction of Parliament Building & Commercial Center in Djibouti City**          Details >>

**7000 Units "New Ojeda" Housing Development Project**          Details >>

Copyright © 2010 Stratus Group Company. All rights reserved

T.C.
İ S T A N B U L
Ticaret Sicil Memurluğu

# S İ C İ L   T A S D İ K N A M E S İ

| | |
|---|---|
| **Ticaret Ünvanı** | STRATUS INTERNATIONAL CONTRACTING İNŞAAT VE TAAHHÜT ANONİM ŞİRKETİ |
| **Sicil No.** | 751671 |
| **Tescil Tarihi** | 22 / 10 / 2010 |
| **İşletme Merkezinin Adresi (Şubenin tescilinde şubenin Adresi ile beraber merkezin adresi de yazılır.)** | GARDENYA PLAZA 5 K.3 D.3 ATAŞEHİR |
| **İşletmenin uğraştığı işler** | Ana sözleşmesinde yazılı olan işler |
| **İşletme sahibinin hüviyeti (Hükmi şahıslarda, hükmi şahsın mahiyeti)** | Anonim |
| **İşletme temsilcileri** | 38824643592 TC.No.lu CELAL TATLICIBAŞI |
| **Tasdiknamenin düzenlenme Tarih ve Sayısı** | 22 EKİM   2010 -  39185 |

RECAİ SÖKMEN
İSTANBUL TİCARET SİCİLİ
MEMURU YARDIMCISI

Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

March 8, 2020

<u>By ECF</u>

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

     Re:    *United States v. Ali Sadr Hashemi Nejad*, Case No. 18-cr-224 (AJN)

Dear Judge Nathan:

On behalf of Defendant Ali Sadr Hashemi Nejad, we write to request a curative instruction. We have conferred with the government who stated that it opposes this request.

On Saturday afternoon around 4:00 p.m., the government produced GX 411 (attached as Exhibit A), which had not been previously disclosed to the defense. GX 411 reveals that in connection with the first U.S. dollar payment in this case, the intermediary bank wrote a letter to OFAC disclosing certain information about the transactions. Among other things, the intermediary bank disclosed to OFAC that Stratus Turkey (Stratus International Contracting J.S.) was affiliated with Stratus Iran (Stratus International Contracting Company) and implied that the two companies were either unitary or cooperating on the Ojeda project in Venezuela. The intermediary bank attached Stratus Iran's website describing its ongoing work on the Ojeda project. The intermediary bank concluded that this information was not subject to mandatory disclosure as indicated by its note that it was "voluntarily informing OFAC." The government has not produced any response from OFAC and to defense counsel's knowledge, no response exists. *Cf.* Tr. 580, Test. of Ted Kim (Mar. 5, 2020) (agreeing that to his knowledge, "this matter was never investigated by OFAC").

GX 411 is exculpatory evidence that:

- Stratus Turkey's affiliation with Stratus Iran was not material either to OFAC or the intermediary banks;

- intermediary banks conducted independent investigation and could easily identify the affiliation between Stratus Turkey and Stratus Iran or even (erroneously)

The Honorable Alison J. Nathan
March 8, 2020
Page 2



> conclude that the two companies were a single entity that "may be an Iranian
> company"; and

- neither the intermediary bank nor OFAC deemed the disparities in information
  about the two Stratus International Contractings working on the Ojeda project as
  important enough to stop U.S. dollar payments to Stratus International
  Contracting J.S.

The government should have disclosed GX 411 under *Brady*, *Giglio*, and Rule 16.

In light of the government's failure to disclose this evidence before trial,[1] the defense
respectfully requests a curative instruction. Based on a similar mid-trial disclosure in *United
States v. Slough*, Judge Lamberth issued the curative instruction attached as Exhibit B. The
defense has pasted that instruction below, edited only to reflect the facts of this case:

> Government Exhibit 411 is a June 2011 letter regarding an April 2011 transaction
> involving Stratus International Contracting Company. You saw that evidence this
> morning instead of earlier in trial because the government failed to turn it over before
> trial as required by law. The defendant learned of that evidence on Saturday afternoon
> when the government disclosed it.

Tr. 6, *United States v. Slough*, No. 08-cr-360-RCL (D.D.C. Aug. 5, 2014) (relevant text
highlighted in Ex. B). The defense requests that this instruction be read to the jury on Monday
after GX 411 is admitted. The government opposes this request but does not object to the
defense admitting this document in its case if the government chooses not to offer it.

Respectfully submitted,

*/s/ Brian M. Heberlig*
Reid H. Weingarten
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
rweingarten@steptoe.com

---

[1] The government represents that it learned of this evidence in mid-January 2020 and that
it came from an unrelated DANY investigation. The government states that it believed this
document was part of the Commerzbank subpoena return that was produced in discovery. It was
not.



The Honorable Alison J. Nathan
March 8, 2020
Page 3

Brian M. Heberlig (*Pro Hac Vice*)
Bruce C. Bishop (*Pro Hac Vice*)
David M. Fragale
Nicholas P. Silverman (*Pro Hac Vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 429-3000Bishop
Fax: (202) 429-3902
bheberlig@steptoe.com

*Counsel for Defendant Ali Sadr Hashemi Nejad*

cc:     Counsel of Record (via ECF)

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 18

| From: | Bove, Emil (USANYS) |
|---|---|
| To: | Birger, Laura (USANYS) |
| Cc: | Crowley, Shawn (USANYS) |
| Subject: | Re: Sadr trial - disclosure issue |
| Date: | Sunday, March 8, 2020 8:25:17 PM |

Thank you. We'll definitely keep you updated.

On Mar 8, 2020, at 8:22 PM, Birger, Laura (USANYS) <LBirger@usa.doj.gov> wrote:

> Thanks.   I think the letter reads well (as does the email you sent below).  Good luck tomorrow, and keep me posted.
>
> Sent from my iPad
>
>> On Mar 8, 2020, at 7:53 PM, Bove, Emil (USANYS) <EBove@usa.doj.gov> wrote:
>>
>>
>> As discussed with Laura, we wanted to flag a disclosure issue that arose this weekend in the Sadr trial before Judge Nathan.  This is the Iranian sanctions case where DANY is a part of the prosecution team.
>>
>> The issue relates to a document that DANY obtained in a separate investigation in 2015.  The document is attached as GX 411.  In January 2020, our DANY SAUSA emailed the document to the rest of the team during a discussion about a summary chart.  At that time, our folks assumed incorrectly, and did not verify, that the document had already been produced to the defense.  Late Saturday afternoon, a member of the team came across the document again, and viewed it as inculpatory to such an extent that the team emailed it to defense marked as a government exhibit, GX 411.  During subsequent communications last night and this morning, defense counsel explained how the document supports their defense.
>>
>> This afternoon, the defense filed the attached letter with Judge Nathan seeking a jury instruction about the untimely disclosure.  Our response, which Judge Nathan directed us to file by 7, is also attached.  Although we opposed the requested instruction, we conceded error, agreed not to offer GX 411 (which we still think is, on balance, very helpful to our case), and offered related authenticity and factual stipulations to the extent the defense wants to use the letter.  Tonight, our team is scouring the case file -- here and at DANY -- to verify that we are in compliance with our disclosure obligations.  They are also preparing to answer detailed factual questions from Judge Nathan tomorrow morning about the situation,

which we discussed during a team meeting after we filed the letter.

Sorry to be reporting this, especially on a Sunday night.  We'll be in court with the team at the start of the day tomorrow, and will keep you updated.  The team expects to rest tomorrow, and to do closings Tuesday or Wednesday depending on the length of the defense case and the scheduling of the charge conference.


<Govt Letter.pdf>
<GX 411.pdf>
<Defense letter.pdf>

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 19

| From: | Kim, Jane (USANYS) 4 |
|---|---|
| To: | Bove, Emil (USANYS); Crowley, Shawn (USANYS) |
| Cc: | Lynch, Garrett; Lake, Stephanie (USANYS); Krouse, Michael (USANYS); Lynch, Garrett (USANYS) [Contractor] |
| Subject: | FW: Order in 18cr224 |
| Date: | Sunday, March 8, 2020 9:15:33 PM |
| Attachments: | 18cr224 Order 3.08.20.pdf |

**From:** Nathan NYSD Chambers <NathanNYSDChambers@nysd.uscourts.gov>
**Sent:** Sunday, March 8, 2020 9:05 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; Fragale, David <DFragale@steptoe.com>; Levin, Michelle <mlevin@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>; Weingarten, Reid <RWeingarten@steptoe.com>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Heberlig, Brian <BHeberlig@steptoe.com>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Attached please find another Order from Judge Nathan that will appear on the docket on Monday. Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 5:01 PM
**To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; Fragale, David <DFragale@steptoe.com>; Levin, Michelle <mlevin@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>; Weingarten, Reid <RWeingarten@steptoe.com>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Heberlig, Brian <BHeberlig@steptoe.com>; Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Attached please find a third Order from Judge Nathan that will appear on the docket on Monday. Please confirm receipt.

Sincerely,
Alyssa O'Gallagher

Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 4:04 PM
**To:** 'Kim, Jane (USANYS) 4' <Jane.Kim@usdoj.gov>; 'Lake, Stephanie (USANYS)'
<Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; 'Fragale, David'
<DFragale@steptoe.com>; 'Levin, Michelle' <mlevin@steptoe.com>; 'Silverman, Nicholas'
<nsilverman@steptoe.com>; 'Weingarten, Reid' <RWeingarten@steptoe.com>; 'Lynch, Garrett'
<LynchG@dany.nyc.gov>; 'Lynch, Garrett (USANYS) [Contractor]' <Garrett.Lynch@usdoj.gov>;
'Heberlig, Brian' <BHeberlig@steptoe.com>; 'Krouse, Michael (USANYS)'
<Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Attached please find another Order from Judge Nathan that will appear on the docket on Monday.
Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 12:48 PM
**To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lake, Stephanie (USANYS)
<Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; Fragale, David
<DFragale@steptoe.com>; Levin, Michelle <mlevin@steptoe.com>; Silverman, Nicholas
<nsilverman@steptoe.com>; Weingarten, Reid <RWeingarten@steptoe.com>; Lynch, Garrett
<LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>;
Heberlig, Brian <BHeberlig@steptoe.com>; Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Please confirm receipt of this Order.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 12:41 PM

**To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; Fragale, David <DFragale@steptoe.com>; Levin, Michelle <mlevin@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>; Weingarten, Reid <RWeingarten@steptoe.com>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Heberlig, Brian <BHeberlig@steptoe.com>; Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** Order in 18cr224

Counsel,

Attached please find an Order from Judge Nathan that will appear on the docket on Monday.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

           –v–

Ali Sadr Hashemi Nejad,

                    Defendants.

18-cr-224 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

In the letter filed this evening by the Government, Dkt. No. 275, the Government states that "It was only in the context of this process that the Government realized that GX 411 was not part of Bank-1's subpoena production, which had been provided to the defense in discovery."

The Court requires further explanation. Specifically, it is unclear from this sentence if the Government realized GX 411 had not been previously disclosed before or after the Government turned it over to the defense yesterday. Nor does this sentence indicate if, upon learning of the late disclosure, the Government informed defense counsel or not. The Government shall explain precisely when and how it realized that the document had erroneously been withheld and when, if at all, upon learning of the failure to disclose this was communicated to the defense.

Furthermore, the previously filed letter does not offer an explanation for how it came to be that GX 411 was not (though should have been) provided to the defense as part of Bank-1's subpoena production.

The Government is ordered to address these points by letter to be filed no later than 10 p.m. this evening. The defense may reply to the Government's letters by 11 p.m.

SO ORDERED.

Dated:  March 8, 2020
        New York, New York

3/8/20

_____
ALISON J. NATHAN
United States District Judge

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 20

**Exhibit 20.  March 8, 2020 Text Messages With Co-Chief Crowley Beginning at Approximately 9:16 p.m.**

| Crowley | This order from Nathan is ridiculous |
|---------|--------------------------------------|
| Bove | Jesus fucking Christ. |
| Bove | 55 minutes |