*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 22

**Exhibit 22.  March 8, 2020 Text Messages With Co-Chief Crowley Beginning at Approximately 9:40 p.m.**

| Bove | Ugh send the draft clowns |
|------|---------------------------|
| | *     *     * |
| Crowley | Ugh where is it |

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 23

| | |
|---|---|
| **From:** | Krouse, Michael (USANYS) |
| **To:** | Crowley, Shawn (USANYS); Bove, Emil (USANYS) |
| **Cc:** | Lake, Stephanie (USANYS); Kim, Jane (USANYS) 4 |
| **Subject:** | Draft |
| **Date:** | Sunday, March 8, 2020 9:49:51 PM |
| **Attachments:** | 2020.03.08 Letter to Nathan re GX 411 (2).docx |

Not sure Stephanie sent this to you.

---

**From:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 9:31 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** RE: Proofing and then I'll file these objections

Here's a shitty draft.

---

**From:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Sent:** Sunday, March 08, 2020 9:15 PM
**To:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** Proofing and then I'll file these objections

In 10 minutes unless anyone has objections.

Jane Kim
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Phone:  (212) 637-2038
Email:  jane.kim@usdoj.gov



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

_____

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

     **Re:**    *United States* **v.** *Ali Sadr Hashemi Nejad*, **18 Cr. 224 (AJN)**

Dear Judge Nathan:

     The Court writes in response to the Court's order from 9:00 this evening.  The Government apologizes for the lack of clarity in its prior email.

     The Government found GX 411 in its emails on Friday night, looked at the Commerzbank subpoena production, and did not find it.  The members of the team discussed the document the next morning and confirmed that it likely had not been produced to the defense previously. The Government had a paralegal stamp it later in the day, and produced it to the defense.  The Government did not specifically identify that GX 411 had not previously been produced in discovery.  Defense counsel responded shortly after the Government provided GX 411 and asked how long the Government had GX 411, and why they had not previously received it.  The Government responded and explained that we had been aware of the letter since mid-January, and had mistakenly believed that it was part of the discovery in the case.

     When SAUSA Lynch sent what is now GX 411 to the AUSAs in the case in January, the AUSAs assumed that this was a document that came from this case (specifically, the subpoena to Commerzbank), and that it was therefore a document that had been previously produced to the

The Honorable Alison J. Nathan, U.S.D.J.
March 8, 2020
Page 2

defense as part of discovery.  This was an incorrect assumption. The document in fact was obtained in an unrelated DANY investigation and was not provided to this Office before January 2020.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
Jane Kim / Michael Krouse / Stephanie Lake
    Assistant United States Attorneys
Garrett Lynch
    Special Assistant United States Attorney
(212) 637-2038 / 2279 / 1066

cc: Defense Counsel (by ECF)

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 24

| | |
|---|---|
| **From:** | Kim, Jane (USANYS) 4 |
| **To:** | Crowley, Shawn (USANYS) |
| **Cc:** | Krouse, Michael (USANYS); Bove, Emil (USANYS) |
| **Subject:** | RE: Draft |
| **Date:** | Sunday, March 8, 2020 11:15:23 PM |
| **Attachments:** | [279] Def resp re brady.pdf |
| | [279-1] Def resp re brady.pdf |

Minus Stephanie (don't want to stress her out/make her feel more sick).

**From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 11:03 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>;
Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Subject:** Re: Draft

Thanks guys. Can you forward along any reply? Thank you

On Mar 8, 2020, at 9:55 PM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:

And really sorry for the quick turnaround – the order said we had to file by 10.

**From:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 9:50 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>; Bove, Emil (USANYS)
<EBove@usa.doj.gov>
**Cc:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Kim, Jane (USANYS) 4
<JKim4@usa.doj.gov>
**Subject:** Draft

Not sure Stephanie sent this to you.

**From:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 9:31 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse, Michael (USANYS)
<MKrouse@usa.doj.gov>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett
(USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** RE: Proofing and then I'll file these objections

Here's a shitty draft.

**From:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Sent:** Sunday, March 08, 2020 9:15 PM
**To:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett
<LynchG@dany.nyc.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Lynch,
Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** Proofing and then I'll file these objections

In 10 minutes unless anyone has objections.

Jane Kim
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Phone:  (212) 637-2038
Email:  jane.kim@usdoj.gov

Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

March 8, 2020

<u>By ECF</u>

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

 Re: *United States v. Ali Sadr Hashemi Nejad*, Case No. 18-cr-224 (AJN)

Dear Judge Nathan:

 We respectfully reply to the government's 10 p.m. letter regarding the belated production of GX 411.  Dkt. No. 77.  We also note that whereas the government apparently has access to documents that Commerzbank produced in response to a subpoena in some other matter, the government produced to defense exactly four documents from Commerzbank's subpoena return in this matter (including a blank envelope and a duplicate).

 We attach the relevant correspondence between the parties that followed the first identification of GX 411 on Saturday March 7, 2020.  We will be prepared to address the matter in Court tomorrow.

 Respectfully submitted,

 */s/ Brian M. Heberlig*_____
 Reid H. Weingarten
 STEPTOE & JOHNSON LLP
 1114 Avenue of the Americas
 New York, NY 10036
 Tel: (212) 506-3900
 Fax: (212) 506-3950
 rweingarten@steptoe.com



The Honorable Alison J. Nathan
March 8, 2020
Page 2

Brian M. Heberlig (*Pro Hac Vice*)
Bruce C. Bishop (*Pro Hac Vice*)
David M. Fragale
Nicholas P. Silverman (*Pro Hac Vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 429-3000Bishop
Fax: (202) 429-3902
bheberlig@steptoe.com

*Counsel for Defendant Ali Sadr Hashemi Nejad*

cc:    Counsel of Record (via ECF)

# Exhibit A

| From: | Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov> |
|---|---|
| Sent: | Saturday, March 7, 2020 5:36 PM |
| To: | Heberlig, Brian; Lake, Stephanie (USANYS); Weingarten, Reid; Silverman, Nicholas |
| Cc: | Krouse, Michael (USANYS); Lynch, Garrett (USANYS) [Contractor]; Milione, Shawn (USANYS) [Contractor] |
| Subject: | RE: U.S. v. Sadr |

Brian,

We do not agree with your characterization of GX 430, 431, 432, or 411 as *Brady*.  These are all exhibits the Government has introduced or is seeking to introduce in our case.  Perhaps you can explain how it is you think GX 411 is helpful to your case.

In any event, we have been aware of the letter since mid-January. We thought it was part of the Commerzbank subpoena return that was produced in discovery.  We now understand that it came from an unrelated DANY investigation, and therefore was not in the Commerzbank subpoena return.

It is not clear to us how this document would have been relevant to the OFAC witness's testimony.

Jane

From: Heberlig, Brian <BHeberlig@steptoe.com>
Sent: Saturday, March 7, 2020 4:57 PM
To: Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
Cc: Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
Subject: RE: U.S. v. Sadr

We request immediate disclosure of (1) where GX411 came from, (2) how long it has been in the government's possession, (3) why we are only receiving it today.  This is the second episode—along with GX430, GX431, and GX432—of the government producing fundamentally exculpatory documents mid-trial.  In this instance, the document was produced after the government's OFAC witness, who would have been subject to cross-examination on this document.  Provide this information by 6 pm or we will see the intervention of the Court.

From: Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>
Sent: Saturday, March 7, 2020 4:24 PM
To: Weingarten, Reid <RWeingarten@steptoe.com>; Heberlig, Brian <BHeberlig@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
Cc: Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
Subject: RE: U.S. v. Sadr

Counsel,

We attempted to send you a number of attachments, which will not go through without encryption. It looks like Steptoe's servers are blocking the encrypted email. Shawn will upload the files to the link he has been using.  The descriptions are below.

Stephanie

---

**From:** Lake, Stephanie (USANYS)
**Sent:** Saturday, March 07, 2020 4:04 PM
**To:** Weingarten, Reid <RWeingarten@steptoe.com>; Heberlig, Brian <BHeberlig@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** U.S. v. Sadr

Counsel,

Mr. Dubowitz is still very ill. As a result, we do not intend to call him as a witness in our case-in-chief.  It's possible that, depending on the defense case, we will call him as a rebuttal witness.

In addition, we've attached the following documents:

- Updated GX 2284D – there were formatting problems with our version. We think the attached corrects them.
- 3508-08 – 3500 from today
- GX 411 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.
- GX 456 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.
- GX 495A & B – we intend to offer these on Monday (likely in redacted form), although think a stipulation that the defendant had bank accounts at HSBC from January 2010 through October 2013 might be simpler. Let us know how you prefer to proceed.
- GX 704 – this is the modified version of the travel chart. Please confirm whether you have any remaining concerns.
- GX 705A & B – these are summary charts reflecting the information in GX 2090A. Please confirm whether you have any objections.
- Updated GX 2304A – we enlarged some of the cells, as the formatting of the PDFd excel file was cutting off some of the data. The content is the same.
- 3504-10 – Peri 3500, which was provided in hard copy yesterday morning.
- 3505-06 – Blair 3500, which was provided in hard copy yesterday morning.
- 3513-02 – Paralegal 3500 for summary chart (you may already have this)
- 3513-03 – Paralegal 3500 for summary chart (you may already have this)

We are still working on one additional summary chart, which we expect to provide later today.

Stephanie Lake
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
Tel: (212) 637-1066

# Exhibit 25

**Exhibit 25.  March 8, 2020 Text Message to Co-Chief Crowley At Approximately 10:31 p.m.**

| Bove | I'm just waiting for the next ajn bomb right now |
|------|--------------------------------------------------|

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 26

| | |
|---|---|
| **From:** | Krouse, Michael (USANYS) |
| **To:** | Crowley, Shawn (USANYS); Bove, Emil (USANYS) |
| **Cc:** | Kim, Jane (USANYS) 4; Lake, Stephanie (USANYS) |
| **Subject:** | Here is the reply |
| **Date:** | Sunday, March 8, 2020 11:19:08 PM |
| **Attachments:** | Defense reply.pdf |
| | Defense reply (attachment).pdf |

Michael Krouse

Assistant United States Attorney

Southern District of New York

One St. Andrew's Plaza

New York, NY 10007

(212) 637-2279

Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

March 8, 2020

By ECF

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

     Re:    *United States v. Ali Sadr Hashemi Nejad*, Case No. 18-cr-224 (AJN)

Dear Judge Nathan:

     We respectfully reply to the government's 10 p.m. letter regarding the belated production of GX 411. Dkt. No. 77. We also note that whereas the government apparently has access to documents that Commerzbank produced in response to a subpoena in some other matter, the government produced to defense exactly four documents from Commerzbank's subpoena return in this matter (including a blank envelope and a duplicate).

     We attach the relevant correspondence between the parties that followed the first identification of GX 411 on Saturday March 7, 2020. We will be prepared to address the matter in Court tomorrow.

     Respectfully submitted,

     */s/ Brian M. Heberlig*_____
     Reid H. Weingarten
     STEPTOE & JOHNSON LLP
     1114 Avenue of the Americas
     New York, NY 10036
     Tel: (212) 506-3900
     Fax: (212) 506-3950
     rweingarten@steptoe.com



The Honorable Alison J. Nathan
March 8, 2020
Page 2

Brian M. Heberlig (*Pro Hac Vice*)
Bruce C. Bishop (*Pro Hac Vice*)
David M. Fragale
Nicholas P. Silverman (*Pro Hac Vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 429-3000Bishop
Fax: (202) 429-3902
bheberlig@steptoe.com

*Counsel for Defendant Ali Sadr Hashemi Nejad*

cc:     Counsel of Record (via ECF)

# Exhibit A

| From: | Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov> |
|---|---|
| Sent: | Saturday, March 7, 2020 5:36 PM |
| To: | Heberlig, Brian; Lake, Stephanie (USANYS); Weingarten, Reid; Silverman, Nicholas |
| Cc: | Krouse, Michael (USANYS); Lynch, Garrett (USANYS) [Contractor]; Milione, Shawn (USANYS) [Contractor] |
| Subject: | RE: U.S. v. Sadr |

Brian,

We do not agree with your characterization of GX 430, 431, 432, or 411 as *Brady*. These are all exhibits the Government has introduced or is seeking to introduce in our case. Perhaps you can explain how it is you think GX 411 is helpful to your case.

In any event, we have been aware of the letter since mid-January. We thought it was part of the Commerzbank subpoena return that was produced in discovery. We now understand that it came from an unrelated DANY investigation, and therefore was not in the Commerzbank subpoena return.

It is not clear to us how this document would have been relevant to the OFAC witness's testimony.

Jane

**From:** Heberlig, Brian <BHeberlig@steptoe.com>
**Sent:** Saturday, March 7, 2020 4:57 PM
**To:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** RE: U.S. v. Sadr

We request immediate disclosure of (1) where GX411 came from, (2) how long it has been in the government's possession, (3) why we are only receiving it today. This is the second episode—along with GX430, GX431, and GX432—of the government producing fundamentally exculpatory documents mid-trial. In this instance, the document was produced after the government's OFAC witness, who would have been subject to cross-examination on this document. Provide this information by 6 pm or we will see the intervention of the Court.

**From:** Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>
**Sent:** Saturday, March 7, 2020 4:24 PM
**To:** Weingarten, Reid <RWeingarten@steptoe.com>; Heberlig, Brian <BHeberlig@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Counsel,

We attempted to send you a number of attachments, which will not go through without encryption. It looks like Steptoe's servers are blocking the encrypted email. Shawn will upload the files to the link he has been using. The descriptions are below.

Stephanie

---

**From:** Lake, Stephanie (USANYS)
**Sent:** Saturday, March 07, 2020 4:04 PM
**To:** Weingarten, Reid <RWeingarten@steptoe.com>; Heberlig, Brian <BHeberlig@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** U.S. v. Sadr

Counsel,

Mr. Dubowitz is still very ill. As a result, we do not intend to call him as a witness in our case-in-chief. It's possible that, depending on the defense case, we will call him as a rebuttal witness.

In addition, we've attached the following documents:

- Updated GX 2284D – there were formatting problems with our version. We think the attached corrects them.
- 3508-08 – 3500 from today
- GX 411 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.
- GX 456 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.
- GX 495A & B – we intend to offer these on Monday (likely in redacted form), although think a stipulation that the defendant had bank accounts at HSBC from January 2010 through October 2013 might be simpler. Let us know how you prefer to proceed.
- GX 704 – this is the modified version of the travel chart. Please confirm whether you have any remaining concerns.
- GX 705A & B – these are summary charts reflecting the information in GX 2090A. Please confirm whether you have any objections.
- Updated GX 2304A – we enlarged some of the cells, as the formatting of the PDFd excel file was cutting off some of the data. The content is the same.
- 3504-10 – Peri 3500, which was provided in hard copy yesterday morning.
- 3505-06 – Blair 3500, which was provided in hard copy yesterday morning.
- 3513-02 – Paralegal 3500 for summary chart (you may already have this)
- 3513-03 – Paralegal 3500 for summary chart (you may already have this)

We are still working on one additional summary chart, which we expect to provide later today.

Stephanie Lake
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
Tel: (212) 637-1066

# Exhibit 27

**Exhibit 27.  March 8, 2020 Text Messages With Co-Chief Crowley Beginning At Approximately 11:05 p.m.**

| | |
|---|---|
| Bove | *Attaching file titled "127126528755.pdf," i.e., Dkt. No. 278* |
| Bove | Says he "will testify" |
| Crowley | I still don't believe it but we probably should have talked to Garrett about cross |
| Crowley | Also, is this in opposition to jane's letter last week? |
| Bove | No they filed objections tonight |
| Crowley | Oh sorry |
| Crowley | *Attaching file titled "127126528759.pdf," i.e., Dkt. No. 279-1* |
| Crowley | Oh man |
| Crowley | Is this what Jane sent before I couldn't open it? |
| Crowley | Oops no ? |
| Bove | Damn.  I did not see this. |
| Crowley | Ugh |
| Bove | "We now understand" |
| Bove | Flat lie. |
| Crowley | Did you see their letter? |
| Crowley | They may ask for a mistrial or adjournment |
| Crowley | (They didn't say this I'm just guessing) |
| Crowley | Teeing up that there's a whole Commerzbank database and we have no clue what's in it |
| Bove | Little speechless here.  Just have to weather it. |
| Bove | Is it crazy to respond to that email and ask that they stay on the case file review?  We said it once already.  Maybe too much |
| Crowley | I probably wouldn't.  We said it.  I am afraid Jane is also going to drop and we just need manpower at this point |

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 28

| | |
|---|---|
| **From:** | Kim, Jane (USANYS) 4 |
| **To:** | Bove, Emil (USANYS); Crowley, Shawn (USANYS) |
| **Cc:** | Krouse, Michael (USANYS) |
| **Subject:** | RE: Draft |
| **Date:** | Sunday, March 8, 2020 11:30:19 PM |
| **Attachments:** | [280] Def resp re brady.pdf |
| | [280-1] Def resp re brady.pdf |

Their second response.  Well, I'm glad Stephanie asked me to send the emails so this doesn't stress her more.

---

**From:** Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 11:28 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Cc:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Subject:** Re: Draft

We're going to smash these guys.

On Mar 8, 2020, at 11:23 PM, Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov> wrote:

> Thank you. We'll leave you guys alone tonight unless you need us. Hang in there—we'll get through this just fine. We're excited for your summations

>> On Mar 8, 2020, at 11:15 PM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:

>> Minus Stephanie (don't want to stress her out/make her feel more sick).

>> ---

>> **From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
>> **Sent:** Sunday, March 8, 2020 11:03 PM
>> **To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
>> **Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
>> **Subject:** Re: Draft

>> Thanks guys. Can you forward along any reply? Thank you

>>> On Mar 8, 2020, at 9:55 PM, Kim, Jane (USANYS) 4

<JKim4@usa.doj.gov> wrote:

And really sorry for the quick turnaround – the order said we had to file by 10.

---

**From:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 9:50 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>;
Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Cc:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Kim,
Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Subject:** Draft

Not sure Stephanie sent this to you.

---

**From:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 9:31 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse,
Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett
<LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS)
[Contractor] <GLynch@usa.doj.gov>
**Subject:** RE: Proofing and then I'll file these objections

Here's a shitty draft.

---

**From:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Sent:** Sunday, March 08, 2020 9:15 PM
**To:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>;
Lynch, Garrett <LynchG@dany.nyc.gov>; Lake, Stephanie
(USANYS) <SLake@usa.doj.gov>; Lynch, Garrett (USANYS)
[Contractor] <GLynch@usa.doj.gov>
**Subject:** Proofing and then I'll file these objections

In 10 minutes unless anyone has objections.

Jane Kim
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Phone:  (212) 637-2038
Email:  jane.kim@usdoj.gov

<[279] Def resp re brady.pdf>
<[279-1] Def resp re brady.pdf>

Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

March 8, 2020

<u>By ECF</u>

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re:    *United States v. Ali Sadr Hashemi Nejad*, Case No. 18-cr-224 (AJN)

Dear Judge Nathan:

We respectfully submit the attached Exhibit B to our letter response to the government's explanation for its Saturday afternoon production of GX 411.  Exhibit B is a more complete version of Exhibit A.

Respectfully submitted,

*/s/ Brian M. Heberlig*_____
Reid H. Weingarten
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
rweingarten@steptoe.com


Brian M. Heberlig (*Pro Hac Vice*)
Bruce C. Bishop (*Pro Hac Vice*)
David M. Fragale
Nicholas P. Silverman (*Pro Hac Vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 429-3000Bishop
Fax: (202) 429-3902



The Honorable Alison J. Nathan
March 8, 2020
Page 2

bheberlig@steptoe.com

*Counsel for Defendant Ali Sadr Hashemi Nejad*

cc:     Counsel of Record (via ECF)

# Exhibit B

| From: | Silverman, Nicholas |
|---|---|
| Sent: | Sunday, March 8, 2020 1:36 PM |
| To: | Kim, Jane (USANYS) 4; Heberlig, Brian; Lake, Stephanie (USANYS); Weingarten, Reid |
| Cc: | Krouse, Michael (USANYS); Lynch, Garrett (USANYS) [Contractor]; Milione, Shawn (USANYS) [Contractor] |
| Subject: | RE: U.S. v. Sadr |
| Attachments: | 092-1 2019-02-25 Pretrial Mem 6 - Exhibit A-c2.pdf |

Counsel:

(1) Are there any other documents in the government's possession that have not been produced?

(2) Is there any other *Brady* information in the government's possession that has not been produced?

(3) Is there any information in the government's possession, custody, or control showing OFAC's response to this letter? This is subject to production under *Giglio* and/or *Napue* because it would at a minimum undermine Ted Kim's testimony (A) that to his knowledge, nothing relating to this matter was investigated by OFAC, (B) that "it matters a lot" if Iranian involvement in a transaction is concealed, and (C) that hiding "Iranian connections … would make it very difficult for me to do my job."

(4) As we have said, our requests for *Brady* and *Giglio* are continuing in nature. I have attached our September 2018 letter in case you want a non-exclusive list of examples of the type of information covered by *Brady* and *Giglio* in this case. Obviously, any information contrary to government witness testimony would be another example.

(5) Regarding the authenticity of GX 411, we stipulate to authenticity.

(6) GX 704 – Please let us know what modifications have been made.

(7) GX 495A, 495B – What is the relevance of Sadr having bank accounts at HSBX from January 2010 through October 2013?

(8) GX 456 – We are reviewing and anticipate stipulating to authenticity.

(9) GX 705A & 705B – We are reviewing.

(10)    GX 2304A – Subject to our continuing objection (which we understand to have been overruled), no further objection.

**Nicholas P. Silverman**
Associate
nsilverman@steptoe.com

**Steptoe**

| | |
|---|---|
| +1 202 429 8096 direct | Steptoe & Johnson LLP |
| +1 617 595 6559 mobile | 1330 Connecticut Avenue, NW |
| +1 202 429 3902 fax | Washington, DC 20036 |
| | www.steptoe.com |

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>
**Sent:** Sunday, March 8, 2020 9:41 AM

**To:** Heberlig, Brian <BHeberlig@steptoe.com>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Brian, Reid, and Nick:

As I explained in my last email, when we first saw the document in mid-January, we thought it had been part of Commerzbank's subpoena return and had been produced.  We didn't think it would be necessary to use given our other evidence about that payment.  Given some of the arguments you made on Friday, we decided that we did want to introduce it at trial.

Again, we don't see this document as exculpatory, as we would like to offer it tomorrow.  Can you please let us know your position on an authenticity stipulation for this document and the other bank records we sent yesterday, as well as whether you have any issues with the summary charts?

Thanks,
Jane

---

**From:** Heberlig, Brian <BHeberlig@steptoe.com>
**Sent:** Saturday, March 7, 2020 10:09 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** RE: U.S. v. Sadr

If you have been aware of the letter since mid-January, why wasn't it on the government's pretrial exhibit list instead of appearing the day before the government rests its case?  The exculpatory nature of the exhibit is self-evident.

---

**From:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>
**Sent:** Saturday, March 7, 2020 5:36 PM
**To:** Heberlig, Brian <BHeberlig@steptoe.com>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Brian,

We do not agree with your characterization of GX 430, 431, 432, or 411 as *Brady*.  These are all exhibits the Government has introduced or is seeking to introduce in our case.  Perhaps you can explain how it is you think GX 411 is helpful to your case.

In any event, we have been aware of the letter since mid-January. We thought it was part of the Commerzbank subpoena return that was produced in discovery.  We now understand that it came from an unrelated DANY investigation, and therefore was not in the Commerzbank subpoena return.

It is not clear to us how this document would have been relevant to the OFAC witness's testimony.

Jane

---

**From:** Heberlig, Brian <BHeberlig@steptoe.com>
**Sent:** Saturday, March 7, 2020 4:57 PM
**To:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** RE: U.S. v. Sadr

We request immediate disclosure of (1) where GX411 came from, (2) how long it has been in the government's possession, (3) why we are only receiving it today.  This is the second episode—along with GX430, GX431, and GX432—of the government producing fundamentally exculpatory documents mid-trial.  In this instance, the document was produced after the government's OFAC witness, who would have been subject to cross-examination on this document.  Provide this information by 6 pm or we will see the intervention of the Court.

---

**From:** Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>
**Sent:** Saturday, March 7, 2020 4:24 PM
**To:** Weingarten, Reid <RWeingarten@steptoe.com>; Heberlig, Brian <BHeberlig@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Counsel,

We attempted to send you a number of attachments, which will not go through without encryption. It looks like Steptoe's servers are blocking the encrypted email. Shawn will upload the files to the link he has been using.  The descriptions are below.

Stephanie

---

**From:** Lake, Stephanie (USANYS)
**Sent:** Saturday, March 07, 2020 4:04 PM
**To:** Weingarten, Reid <RWeingarten@steptoe.com>; Heberlig, Brian <BHeberlig@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** U.S. v. Sadr

Counsel,

Mr. Dubowitz is still very ill. As a result, we do not intend to call him as a witness in our case-in-chief.  It's possible that, depending on the defense case, we will call him as a rebuttal witness.

In addition, we've attached the following documents:

- Updated GX 2284D – there were formatting problems with our version. We think the attached corrects them.
- 3508-08 – 3500 from today
- GX 411 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.
- GX 456 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.
- GX 495A & B – we intend to offer these on Monday (likely in redacted form), although think a stipulation that the defendant had bank accounts at HSBC from January 2010 through October 2013 might be simpler. Let us know how you prefer to proceed.
- GX 704 – this is the modified version of the travel chart. Please confirm whether you have any remaining concerns.
- GX 705A & B – these are summary charts reflecting the information in GX 2090A. Please confirm whether you have any objections.
- Updated GX 2304A – we enlarged some of the cells, as the formatting of the PDFd excel file was cutting off some of the data. The content is the same.
- 3504-10 – Peri 3500, which was provided in hard copy yesterday morning.
- 3505-06 – Blair 3500, which was provided in hard copy yesterday morning.
- 3513-02 – Paralegal 3500 for summary chart (you may already have this)
- 3513-03 – Paralegal 3500 for summary chart (you may already have this)

We are still working on one additional summary chart, which we expect to provide later today.

Stephanie Lake
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
Tel: (212) 637-1066

Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

September 25, 2018

<u>By Electronic Mail</u>

Andrew DeFilippis
Matthew Laroche
Rebekah Donaleski
Assistant United States Attorneys
Garrett Lynch
Special Assistant United States Attorney
U.S. Attorney's Office for the
Southern District of New York
1 St. Andrew's Plaza
New York, NY  10007

> Re:  *United States v. Ali Sadr Hashemi Nejad*, No. 18 Cr. 224 (ALC)
> **Request for Discovery, *Brady* Material, and Particulars**

Dear Counsel:

On behalf of defendant Ali Sadr Hashemi Nejad, we request that the government provide "open file" discovery in this case, including the prompt production of all of the documents and other evidence it has obtained in its investigation and all grand jury transcripts, FBI 302s, and interview memoranda.

In the event that you elect not to provide "open file" discovery, Sadr respectfully submits this formal request for discovery in this case, pursuant to the Fifth and Sixth Amendments to the United States Constitution; Rules 12, 16, and 26.2 of the Federal Rules of Criminal Procedure; *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and progeny; the Department of Justice's "Guidance for Prosecutors Regarding Criminal Discovery"; and the additional authority set forth below.

We understand that Sadr's prior counsel at Arnold & Porter made earlier discovery requests in this matter, including requests in letters and emails dated: March 21, March 25,

September 25, 2018
Page 2



March 29, April 3, May 15, July 5, July 10, July 26, August 2, August 23, and September 4, 2018. We adopt those requests and ask that you provide any future responsive material directly to us. Arnold & Porter has provided us with copies of your prior discovery letters and emails and the discovery productions to date, and we do not need you to reproduce them to us. Although some of these discovery requests overlap with prior requests by Arnold & Porter, we submit them to ensure that Sadr has fully protected his rights to discovery and *Brady/Giglio* material in this matter.

Sadr requests that you produce and/or permit him to inspect and copy or photograph the materials specified below. This request encompasses not only documents[1] and information in the possession, custody, or control of, or that have been reviewed by, the U.S. Attorney's Office for the Southern District of New York and the Federal Bureau of Investigation, but also documents and information in the possession, custody, and control of, or that have been reviewed by, the Manhattan District Attorney's Office, and any other federal, state or local agency allied with the prosecution or involved in any way in investigating the activities alleged in the Indictment or related conduct. As used in this letter, the words "government" and "you" include your office and the above-referenced federal, state, or local agencies.

Sadr requests that the government comply with all of its discovery obligations under federal law, including, but not limited to, the following:[2]

## I.    Search Warrant Returns

We request clarification of the government's position on the discoverability of the data and documents collected pursuant to search warrants in the investigation. It is our understanding that the government has produced the full and unfiltered email accounts of Sadr collected pursuant to search warrants. Arnold & Porter requested the "terabyte" of unfiltered data and documents from non-Sadr accounts obtained pursuant to search warrants, in an April 3, 2018 letter and an August 2, 2018 email. With respect to that data, it is our understanding that the government has produced only a subset of materials that it has deemed "pertinent." We reiterate Sadr's request for complete, unfiltered data and documents from all accounts obtained by the

---

[1] The word "documents" includes, but is not limited to, all books, papers, letters, correspondence, reports, memoranda, studies, calendars, appointment books, diaries, notes, messages, e-mail, text messages, instant messages, other computer facilitated or transmitted materials, images, photographs, polaroids, information in any computer database, audio and video tapes, recordings, transcripts, ledgers, printouts, contracts, checks, receipts, and all copies or portions thereof, and any other written, recorded, or memorialized material of any nature whatsoever.

[2] All of these requests are continuing in nature, requiring supplementation in accordance with Fed. R. Crim. P. 16(c).

September 25, 2018
Page 3



government pursuant to search warrants.  If you decline to provide these materials, please indicate:

1.     The search terms and/or other filtering process used by the government to identify the "pertinent" documents from the search warrant returns for the non-Sadr accounts; and

2.     How the government has satisfied its *Brady* obligations with respect to the purportedly non-pertinent data and documents from the search warrant returns for the non-Sadr accounts.

## II.     Statements of the Defendant

1.     Any written or recorded statements made by Sadr within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government.  *See* Fed. R. Crim. P. 16(a)(1)(B)(i).  This request includes, without limitation:

> a.     All notes, reports, and memoranda summarizing any statement by Sadr to law enforcement officials at the time of his arrest;
>
> b.     All transcripts and recordings of conversations in which Sadr was a participant;
>
> c.     All wire and oral communications made by Sadr that were transmitted to or intercepted by, for or on behalf of any government agent or employee or any agency or entity of the U.S. government;
>
> d.     All written and recorded statements of witnesses that reflect, relate, or incorporate any statements made by Sadr; and
>
> e.     All other documents that purport to reflect, relate, or incorporate any statements made by Sadr.

2.     The portion of any written record containing the substance of any oral statement made by Sadr, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a government agent.  *See* Fed. R. Crim. P. 16(a)(1)(B)(ii).  This request includes without limitation, all documents, including notes, prepared by any FBI employee or agent that contain the substance of any relevant statement made by Sadr.

3.     The substance of any other oral statement made by Sadr, whether before or after arrest, in response to interrogation by any person then known by Sadr to be a government agent. *See* Fed. R. Crim. P. 16(a)(1)(A).

September 25, 2018
Page 4



### III. Documents and Tangible Objects

1.      All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that were obtained from or belong to Sadr, or that belonged to Sadr at the time of the alleged offenses, or that belong or belonged to any agent of Sadr or any entity allegedly owned or controlled by Sadr.  *See* Fed. R. Crim. P. 16(a)(1)(E)(iii).  This request includes all documents as to which the government or any entity assigned Sadr as a custodian, whether hard copy or electronic records.

2.      All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that the government intends to use at trial in its case-in-chief.  *See* Fed. R. Crim. P. 16(a)(1)(E)(ii).  We request that any materials in this category be specifically identified from among the materials produced pursuant to the defendant's other Rule 16 and *Brady* requests, both to enable counsel to prepare effectively for trial and to afford Sadr an opportunity to move to suppress any evidence the prosecution intends to use in its case-in-chief. *See* Fed. R. Crim. P. 12(b)(3)(C) and 12(b)(4)(B).

3.      All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that are material to the preparation of Sadr's defense, *see* Fed. R. Crim. P. 16(a)(l)(E)(i), including, but not limited to, those items set forth in paragraphs III.4 to III.14 below.

4.      All documents reflecting the alleged specific "international financial transactions" at issue in Count Two of the indictment.  Indictment ¶ 19.

5.      All documents reflecting the alleged "financial transactions" at issue in Counts Three and Four of the indictment.  Indictment ¶¶ 23, 26.

6.      All documents reflecting the alleged false and fraudulent pretenses, representations and promises at issue in Counts Three and Four of the indictment.  Indictment ¶¶ 23, 26.

7.      All documents reflecting the alleged monetary transactions and transfers at issue in Counts Five and Six of the indictment.  Indictment ¶¶ 29, 32.

8.      All documents relating to Sadr or the conduct alleged in the indictment that were introduced as exhibits before the grand jury.  We request that any materials in this category be specifically identified from among the materials produced pursuant to the defendant's other Rule 16 and *Brady* requests.

9.      All documents relating to Sadr or the conduct alleged in the indictment that were obtained by or for the grand jury or pursuant to any grand jury or trial subpoena.  This request includes any documents furnished informally to prosecutors in lieu of formal compliance with a subpoena.

September 25, 2018
Page 5



10.      All documents relating to Sadr or the conduct alleged in the indictment obtained from any witness who testified before the grand jury, or who was interviewed or consulted during the course of the grand jury investigation.

11.      All documents relating to Sadr or the conduct alleged in the indictment that were obtained by any search or seizure pursuant to a search warrant or otherwise.

12.      All documents relating to Sadr or the conduct alleged in the indictment obtained from any federal, state or local governmental, regulatory or legislative body or agency.

13.      All documents relating to press releases or press conferences concerning Sadr or the investigation of the defendant, and all other documents relating to any contacts between the government and representatives of the media concerning Sadr or the investigation of the defendant.

14.      All documents relating to the reputation of Sadr, including, without limitation, any documents relating to Sadr's reputation for honesty, integrity, or competence.

## IV.    *Brady* and *Giglio* Material

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1985), *Kyles v. Whitney*, 514 U.S. 419 (1995), and New York Rule of Professional Conduct 3.8, Sadr requests immediate identification and disclosure of all documents and information (in whatever form) that are favorable to the defense or that would tend to exculpate Sadr or mitigate his culpability with respect to the charges in the indictment, that would tend to impeach any potential witness against Sadr, or that are relevant to the issue of sentencing, including but not limited to the following:

1.      Any document or information indicating or tending to establish that any of the allegations in the indictment are not true.

2.      Any document or information indicating or tending to establish that any meeting, conversation, use of words, practice, or conduct that is the subject of the indictment or forms the basis of the indictment did not violate government laws, regulations, standards or established business practices.

3.      Any document or information indicating or tending to establish that Sadr believed that any meeting, conversation, use of words, practice, or conduct that is the subject of the indictment or forms the basis of the indictment did not constitute a crime.

4.      Any document or information indicating or tending to establish that any other person (including but not limited to the alleged co-conspirators) believed that any meeting, conversation, use of words, practice, or conduct that is the subject of the indictment or forms the basis of the indictment did not constitute a crime.

September 25, 2018
Page 6



    5.     Any documents or information indicating or tending to establish that Sadr did not instigate, control, authorize, approve, or acquiesce in the practices that are the subject of the indictment.

    6.     Any documents or information indicating or tending to establish that the alleged false or fraudulent pretenses were not false.

    7.     Any documents or information indicating or tending to establish that the alleged false or fraudulent pretenses were not material.

    8.     Any documents or information indicating or tending to establish that a third person was responsible for the financial transactions at issue in any count of the indictment.

    9.     Any document or information indicating or tending to establish that Sadr engaged in any conduct that forms the basis of the indictment in reliance upon advice provided by counsel or accountants.

    10.     Any document or information (in whatever form) that could be used to impeach any potential government witness, or any person whose statements will be introduced pursuant to Fed. R. Evid. 801(d)(2)(C), (D), or (E), including but not limited to:

        a.     Any document or information relating to any conviction, arrest, or criminal record of, and any criminal charge brought against, any potential government witness;

        b.     Any document or information relating to promises, consideration, or inducements made to any potential government witness, whether directly to the witness or indirectly to the witness' attorney, friends, family, employer, business associates, or other culpable or at risk third-party. "Consideration" means anything of value or use, including immunity grants, whether formal or informal, witness fees, transportation or relocation assistance, money, dropped or reduced charges or suggestions of favorable treatment with respect to any federal, state or local criminal, civil, or administrative matter, expectations of downward departures or motions for reduction of sentence, considerations regarding forfeiture of assets, or stays of deportation or other immigration status considerations;

        c.     Any document or information tending to show the bias of a potential government witness, including animosity toward Sadr, animosity toward any group or entity of which Sadr is a member or with which Sadr is affiliated, a relationship with the alleged victim, or known but uncharged criminal conduct that may provide an incentive to curry favor with a prosecutor;

        d.     Any document or information affecting the reliability of a potential government witness's testimony, including known alcohol or substance



abuse, mental health issues or other issues that could affect the witness's ability to perceive and recall events;

e.   Any document or information relating to any inconsistency in statements given by any potential government witness;

f.   Any document or information relating to any inconsistency between agents' and/or prosecutors' rough notes and FBI 302s or other memoranda of interviews of any potential government witness;

g.   Any document or information bearing adversely on the character or reputation for truthfulness of any potential government witness; and

h.   Each specific instance of conduct from which it could be inferred that any potential government witness is untruthful.

11.   The date of and participants in each and every interview (including not only interviews conducted by the U.S. Attorney's Office or the Manhattan District Attorney's Office, but also interviews conducted by third parties), debriefing, "queen for a day" session, proffer, deposition, or other statement or description of the alleged facts made by each potential government witness (whether directly or indirectly, such as a proffer made by counsel). In addition, please specify, as to each such witness, the first date on which the witness made any allegation that Sadr engaged in any allegedly unlawful conduct or any conduct alleged in the indictment.

As you are aware, New York has adopted Rule of Professional Conduct 3.8, entitled "Special Responsibilities of Prosecutors and Other Government Lawyers," which provides that a prosecutor "shall make timely disclosure to [the defense] of evidence or information known to the prosecutor or other government lawyer that tends to negate the guilt of the accused, mitigate the degree of the offense, or reduce the sentence . . . ." Rule 3.8(b). The Supreme Court has recognized that Rule 3.8 imposes a higher standard on prosecutors than the standards mandating disclosure of exculpatory evidence under *Brady*. *See Kyles*, 514 U.S. at 437 ("[*Brady*] requires less of the prosecution than the ABA Standards for Criminal Justice, which call generally for prosecutorial disclosures of any evidence tending to exculpate or mitigate."); ABA Standards for Criminal Justice, Prosecution Function and Defense Function 3-3.11(a) (3d ed. 1993) ("A prosecutor should not intentionally fail to make timely disclosure to the defense, at the earliest feasible opportunity, of the existence of all evidence or information which tends to negate the guilt of the accused or mitigate the offense charged or which would tend to reduce the punishment of the accused"); ABA Model Rule of Professional Conduct 3.8(d) (1984) ("The prosecutor in a criminal case shall . . . make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense").

We contend that the foregoing categories of information constitute *Brady* and Rule 3.8(b) material, and that disclosure should take place immediately. Sadr further requests that the

September 25, 2018
Page 8



government identify with particularity and provide copies of all materials that qualify as *Brady* and Rule 3.8 material, as described above.  Please advise us promptly whether the government will be producing *Brady* material immediately even if it is contained in what might otherwise be considered as *Jencks* material, or whether you take the position that you are not obligated to produce such material at this time.

We also request the underlying source material for any *Brady* and Rule 3.8(d) information, as opposed to any summary letter or paraphrased description of the information.  Please advise us promptly whether the government will not be producing underlying source material.

For purposes of the *Brady* doctrine, "the format of the information does not determine whether it is discoverable."  U.S. Attorneys' Manual § 9-5.002.B.5 (2018).  For example, material exculpatory information that is provided "during a conversation with an agent or a witness is no less discoverable than if that same information were contained in an email."  *Id.*  We therefore request that all such information be memorialized and produced to Sadr.

## V.      Purportedly Privileged Material

Sadr specifically requests that the government produce all documents or information (in whatever form) produced to the government—or over which the government otherwise has custody, control, or possession—that are responsive to Sadr's discovery and *Brady/Giglio* requests contained herein or that the government would otherwise be legally required to produce, over which any individual or entity has asserted the attorney-client privilege and/or the attorney work product doctrine.  This request applies to all such documents produced pursuant to (a) a non-waiver agreement between any individual or entity and the government, (b) a court order pursuant to Fed. R. Evid. 502, or (c) a court order concluding that the documents are covered by the crime-fraud exception to the attorney-client privilege.

Sadr also requests that you identify any person or entity that has asserted any attorney-client privilege, work product privilege, common interest privilege, or any other privilege as the basis for withholding or not producing, in whole or in part, any documents to the government or the grand jury during the investigation.  Sadr further requests that you provide all documents (including all privilege logs) with respect to the assertion of or challenge to any such claimed privileges.  This request specifically encompasses all pleadings, court orders, correspondence, and other material related to any grand jury litigation by the government in which it challenged any assertion of any  privilege.

## VI.      Criminal Records

Pursuant to Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure, Sadr requests copies of his prior criminal record, if any.

September 25, 2018
Page 9



## VII.  *Jencks* Material

Pursuant to the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure, Sadr requests that the government provide a list of the names and addresses of all witnesses that the government intends to call in its case-in-chief and all statements of those witnesses in the possession, custody, or control of the government or any other government entity, including, but not limited to, notes of interviews, FBI 302s, or other summaries prepared by government attorneys or agents, and grand jury transcripts and any other witness statements. We request that the government begin providing this material as soon as possible, or in any event no later than ninety (90) days prior to the start of trial.

## VIII.  Scientific Evidence

Pursuant to Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure, Sadr requests documentation relating to all requests for, and the results of, physical or mental examinations, scientific tests, or experiments that were conducted in connection with the investigation of the charges contained in the indictment.  This includes, but is not limited to:

    a.    all forensic examinations of any computer hard drive, handheld cellular telephone or mobile device that Sadr possessed or to which Sadr had access;

    b.    all handwriting exemplars, handwriting samples, handwriting or document analyses, and all documents examined or used in or related to such analyses;

    c.    all fingerprint and palm print exemplars, fingerprint samples, comparisons, and opinions of fingerprint experts, and all documents examined or used in connection with, or that relate to, those opinions; and

    d.    all polygraph examinations, psychological stress examinations, hypnotic procedures, or any other scientific procedures devised to determine whether a subject is telling the truth, or to refresh a witness' memory, and all documents that refer or relate to such examinations.

## IX.  Other Crimes Evidence

Pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rules 403 and 404(b)(2) of the Federal Rules of Evidence, Sadr requests that the government disclose all evidence of similar crimes, wrongs, or acts, allegedly committed by Sadr (or any person alleged to have been acting pursuant to his instructions), upon which the government intends to rely on at trial.

September 25, 2018
Page 10



## X.  Suppression Issues

1.  As a predicate to potential motions pursuant to Rule 12(b) of the Federal Rules Of Criminal Procedure, *see* Rule 12(b)(4)(B), Sadr requests that he be informed:

> a.  Whether the government intends to offer into evidence any statement made by Sadr or any family member, and the substance of any such statement;

> b.  Whether any evidence in the government's possession, custody, or control was obtained by a search and seizure conducted by the government, and a description of such evidence;

> c.  Whether any evidence in the government's possession, custody, or control was obtained through electronic or mechanical surveillance, including without limitation, wiretaps, body wires, pen registers, and/or surveillance of telephone calls, and a description of such evidence;

> d.  Whether any evidence in the government's possession, custody, or control was obtained through the use of a beeper or other tracking device, and a description of such evidence;

> e.  In connection with any tape recording, wiretaps, or other surveillance of the defendant during the investigation of the allegations of the indictment or any related allegations, Sadr seeks:

>> i.  The names and addresses of all such persons whose personal or business telephones the government tapped or monitored, or whose conversations or actions the government monitored by other means without the person's knowledge;

>> ii.  Transcripts or other records of the statements or conversations monitored;

>> iii.  The original recorded tapes created during such surveillance;

>> iv.  The procedures used to conduct such surveillance; and

>> v.  The authority under which such surveillance was conducted.

> f.  Whether any evidence in the government's possession, custody, or control was obtained through a mail cover and/or trash cover and a description of such evidence; and

> g.  The identities of any informant or undercover agent employed by the government during its investigation of the charges of the indictment.

September 25, 2018
Page 11



    2.    Sadr requests that the prosecution disclose whether it intends to offer in its case-in-chief, as a statement by the defendant, any of the following, and that it provide the substance of any such statement:

        a.    Any statement as to which the defendant allegedly manifested his adoption or belief in its truth.  *See* Fed. R. Evid. 801(d)(2)(B).

        b.    Any statement made by another which was purportedly authorized by the defendant.  *See* Fed. R. Evid. 801(d)(2)(C).

        c.    Any statement made by an agent or servant of the defendant concerning a matter within the scope of his agency or employment made during the existence of such a relationship.  *See* Fed. R. Evid. 801(d)(2)(D).

        d.    Any statement made by an alleged co-conspirator of the defendant during the course and in furtherance of any alleged conspiracy.  *See* Fed. R. Evid. 801(d)(2)(E).

## XI.    Hearsay

    Sadr requests notice of any hearsay statement that the government plans to offer at trial under Federal Rule of Evidence 807, including its particulars, the declarant's name and address, and other information giving Sadr a fair opportunity to meet the statement.  Fed. R. Evid. 807(b).

## XII.    Charts and Summaries

    Pursuant to Fed. R. Evid. 1006, Sadr requests that he be advised whether the government will seek to offer any chart, summary, or calculation in evidence and, if so, (1) that all such charts, summaries, and calculations be produced, and (2) that all writings, recordings, or other information on which such charts, summaries, or calculations are based be made available for inspection and copying.

## XIII.    Electronically Stored Information

    Sadr requests that the government comply with the "Recommendations for Electronically Stored Information (ESI) Discovery Production in Federal Criminal Cases" issued by the Department of Justice and Administrative Office of the U.S. Courts Joint Working Group on Electronic Technology in the Criminal Justice System in February 2012.  To that end, Sadr requests the ability to "meet and confer" with the government as needed to discuss the nature, volume, and mechanics of the government's production of ESI discovery.  Among other things, Sadr makes the following requests:

        1.    The government should produce ESI received from third parties in the format it was received.  However, if the government has further processed ESI received from third parties, such as by adding load files, converting native files to TIFF images, extracting metadata or other coding, or making electronic files

September 25, 2018
Page 12



searchable, the government should produce such enhanced ESI in discovery to save Sadr the expense of replicating this work.  Sadr does not seek any government attorney work product by this request.

2.  The government should produce a table of contents describing the general categories of information available as ESI discovery in order to expedite Sadr's review of discovery and avoid discovery disputes, unnecessary expense, and undue delay.  Further, the government should produce the cover letters that accompanied and described the third party productions of ESI and other documents to facilitate Sadr's review.

3.  For all ESI produced from a seized, searched, or subpoenaed third-party digital device (e.g., computer, hard drive, thumb drive, CD, DVD, cell phone, Blackberry, iPhone, Android, smart phone, smart watch, or personal digital assistant), the government should identify the digital device that held the ESI, identify the device's owner or custodian, and identify the location where the device was seized, searched, or from where it was produced.

4.  The government should produce any materials received in paper form in converted digital files that can be viewed and searched.  These materials should be produced in multi-page TIFF and OCR format where each document is one file that may have multiple pages.  Alternatively, a less preferable option would be production in multi-page, searchable PDF format.  Under no circumstances should paper materials be converted into single-page TIFF images without document breaks.

5.  All production of ESI should maintain parent-child relationships between documents, such as where an email (the parent document) has attachments (the child documents).

## XIV.  Bill of Particulars

We also adopt Arnold & Porter's August 23, 2018 letter requesting a bill of particulars regarding the allegations in the indictment.  We need specification of those allegations in the indictment to permit Sadr to prepare to defend the charges against him.  Please advise us whether the government will provide the requested information so that we can determine whether it will be necessary to move for a bill of particulars under Federal Rule of Criminal Procedure 7(f).

September 25, 2018
Page 13



     Please let us know promptly whether there are any requests set forth in this letter with which you decline to comply.  We are available to discuss any of the foregoing requests at your convenience.  We reserve the right to supplement these requests as we continue to review the discovery material and prepare for trial.  Thank you for your consideration.

                    Sincerely,

                    Brian M. Heberlig

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 29

**Exhibit 29.  March 8, 2020 Text Messages With Co-Chief Crowley Beginning At Approximately 11:32 p.m.**

| | |
|---|---|
| Bove | It's like she has no role in any of this |
| Crowley | I'm going to respond to her |
| Crowley | I'm so mad |
| Bove | It's horrible wtf is wrong with her |
| Bove | I get she's stressed too but this stuff is trickling in and they aren't telling us |
| Bove | As in telling us the whole story |
| Crowley | That is such a fucking bitchy email |
| Bove | Yes I'm blacking ou[t] looking [a]t it |
| Crowley | This is now the third time we've learned a material fact about how this was turned over from Nathan or the defense |
| Bove | True story |

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 30

**Bove, Emil (USANYS)**

| | |
|---|---|
| **From:** | Crowley, Shawn (USANYS) |
| **Sent:** | Sunday, March 8, 2020 11:35 PM |
| **To:** | Kim, Jane (USANYS) 4 |
| **Cc:** | Bove, Emil (USANYS); Krouse, Michael (USANYS) |
| **Subject:** | Re: Draft |

Did we (it doesn't matter who) respond to their last email at 1:30? Can you guys please forward us all correspondence relating to this document?

On Mar 8, 2020, at 11:30 PM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:

Their second response.  Well, I'm glad Stephanie asked me to send the emails so this doesn't stress her more.

**From:** Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 11:28 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Cc:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Subject:** Re: Draft

We're going to smash these guys.

On Mar 8, 2020, at 11:23 PM, Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov> wrote:

Thank you. We'll leave you guys alone tonight unless you need us. Hang in there—we'll get through this just fine. We're excited for your summations

On Mar 8, 2020, at 11:15 PM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:

Minus Stephanie (don't want to stress her out/make her feel more sick).

**From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 11:03 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Subject:** Re: Draft

Thanks guys. Can you forward along any reply? Thank you

On Mar 8, 2020, at 9:55 PM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:

And really sorry for the quick turnaround – the order said we had to file by 10.

**From:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 9:50 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Cc:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Subject:** Draft

Not sure Stephanie sent this to you.

**From:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 9:31 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** RE: Proofing and then I'll file these objections

Here's a shitty draft.

**From:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Sent:** Sunday, March 08, 2020 9:15 PM
**To:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** Proofing and then I'll file these objections

In 10 minutes unless anyone has objections.

Jane Kim
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Phone:  (212) 637-2038
Email:  jane.kim@usdoj.gov

<[279] Def resp re brady.pdf>
<[279-1] Def resp re brady.pdf>

<[280] Def resp re brady.pdf>
<[280-1] Def resp re brady.pdf>

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 31

**Bove, Emil (USANYS)**

| | |
|---|---|
| **From:** | Kim, Jane (USANYS) 4 |
| **Sent:** | Sunday, March 8, 2020 11:36 PM |
| **To:** | Bove, Emil (USANYS) |
| **Cc:** | Crowley, Shawn (USANYS); Krouse, Michael (USANYS) |
| **Subject:** | Re: Draft |

We spoke to them by phone at 2:30 and walked through each category of their questions. I think this is it but will double check.

On Mar 8, 2020, at 11:27 PM, Bove, Emil (USANYS) <EBove@usa.doj.gov> wrote:

> We're going to smash these guys.
>
> On Mar 8, 2020, at 11:23 PM, Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov> wrote:
>
>> Thank you. We'll leave you guys alone tonight unless you need us. Hang in there—we'll get through this just fine. We're excited for your summations
>>
>>
>> On Mar 8, 2020, at 11:15 PM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:
>>
>>
>> Minus Stephanie (don't want to stress her out/make her feel more sick).
>>
>>
>> ---
>>
>> **From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
>> **Sent:** Sunday, March 8, 2020 11:03 PM
>> **To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
>> **Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
>> **Subject:** Re: Draft
>>
>> Thanks guys. Can you forward along any reply? Thank you
>>
>>
>>
>> On Mar 8, 2020, at 9:55 PM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:
>>
>>
>> And really sorry for the quick turnaround – the order said we had to file by 10.

**From:** Krouse, Michael (USANYS)
<MKrouse@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 9:50 PM
**To:** Crowley, Shawn (USANYS)
<SCrowley@usa.doj.gov>; Bove, Emil (USANYS)
<EBove@usa.doj.gov>
**Cc:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>;
Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Subject:** Draft

Not sure Stephanie sent this to you.

**From:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 9:31 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse,
Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch,
Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett
(USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** RE: Proofing and then I'll file these objections

Here's a shitty draft.

**From:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Sent:** Sunday, March 08, 2020 9:15 PM
**To:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>;
Lynch, Garrett <LynchG@dany.nyc.gov>; Lake,
Stephanie (USANYS) <SLake@usa.doj.gov>; Lynch,
Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** Proofing and then I'll file these objections

In 10 minutes unless anyone has objections.

Jane Kim
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Phone:  (212) 637-2038
Email:  jane.kim@usdoj.gov


<[279] Def resp re brady.pdf>
<[279-1] Def resp re brady.pdf>

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 32

**From:**      Bove, Emil (USANYS)
**To:**        Birger, Laura (USANYS)
**Cc:**        Crowley, Shawn (USANYS)
**Subject:**   Sadr
**Date:**      Monday, March 9, 2020 5:43:57 AM
**Attachments:** 127126528741.pdf
                ATT00001.htm
                18cr224 Order 3.08.20.pdf
                ATT00002.htm
                [280-1] Def resp re brady.pdf
                ATT00003.htm

Hi Laura,

Attached are additional filings from last night. We held off on distributing these more broadly because we weren't sure how much would come in, and didn't want to send 3-4 update emails. The defense ended up not saying much other than to file the attached correspondence with the team. Our plan is to send an internal update once we hear from AJN at 9 this morning, but we wanted you to have seen these documents before you call the court.

In these attachments, you'll see that AJN asked follow-up questions about our initial letter. We found the answers to the questions to be unfortunate, particularly the fact that the team did not flag for defense counsel that the document was being produced for the first time. We're going to talk to the unit about the disclosure issues here and in Schulte once the dust settles with the trials.

Thanks again for making this call.

Emil

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

      Re:    *United States* v. *Ali Sadr Hashemi Nejad*, 18 Cr. 224 (AJN)

Dear Judge Nathan:

      The Court writes in response to the Court's order from 9:00 this evening. The Government apologizes for the lack of clarity in its prior email.

      The Government found GX 411 in its emails on Friday night, looked at the Bank-1 subpoena production, and did not find it. The members of the team discussed the document the next morning and confirmed that it likely had not been produced to the defense previously. The Government promptly had a paralegal mark it as an exhibit and produced it to the defense along with other exhibits and 3500 materials. The Government made clear that GX 411 was a newly marked exhibit and that we intended to offer it, and asked the defense if they would stipulate to authenticity. Defense counsel responded shortly after the Government provided GX 411 and asked how long the Government had GX 411, and why they had not previously received it. The Government responded and explained that we had been aware of the letter since mid-January, and that, at the time, the Government had mistakenly believed it was part of the discovery in the case.

      When SAUSA Lynch sent what is now GX 411 to the AUSAs in the case in January, the AUSAs assumed that this was a document that came from this case (specifically, the subpoena to Bank-1), and that it was therefore a document that had been previously produced to the defense as part of the Rule 16 discovery. This was an incorrect assumption. The document in fact was

The Honorable Alison J. Nathan, U.S.D.J.
March 8, 2020
Page 2

obtained in an unrelated DANY investigation and was not provided to this Office before January 2020.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
Jane Kim / Michael Krouse / Stephanie Lake
   Assistant United States Attorneys
Garrett Lynch
   Special Assistant United States Attorney
(212) 637-2038 / 2279 / 1066

cc: Defense Counsel (by ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

               –v–

Ali Sadr Hashemi Nejad,

               Defendants.

18-cr-224 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

      In the letter filed this evening by the Government, Dkt. No. 275, the Government states that "It was only in the context of this process that the Government realized that GX 411 was not part of Bank-1's subpoena production, which had been provided to the defense in discovery."

      The Court requires further explanation. Specifically, it is unclear from this sentence if the Government realized GX 411 had not been previously disclosed before or after the Government turned it over to the defense yesterday. Nor does this sentence indicate if, upon learning of the late disclosure, the Government informed defense counsel or not. The Government shall explain precisely when and how it realized that the document had erroneously been withheld and when, if at all, upon learning of the failure to disclose this was communicated to the defense.

      Furthermore, the previously filed letter does not offer an explanation for how it came to be that GX 411 was not (though should have been) provided to the defense as part of Bank-1's subpoena production.

      The Government is ordered to address these points by letter to be filed no later than 10 p.m. this evening. The defense may reply to the Government's letters by 11 p.m.

1

SO ORDERED.

Dated:  March 8, 2020
        New York, New York

3/8/20

ALISON J. NATHAN
United States District Judge

# Exhibit B

| From: | Silverman, Nicholas |
|---|---|
| Sent: | Sunday, March 8, 2020 1:36 PM |
| To: | Kim, Jane (USANYS) 4; Heberlig, Brian; Lake, Stephanie (USANYS); Weingarten, Reid |
| Cc: | Krouse, Michael (USANYS); Lynch, Garrett (USANYS) [Contractor]; Milione, Shawn (USANYS) [Contractor] |
| Subject: | RE: U.S. v. Sadr |
| Attachments: | 092-1 2019-02-25 Pretrial Mem 6 - Exhibit A-c2.pdf |

Counsel:

(1) Are there any other documents in the government's possession that have not been produced?

(2) Is there any other *Brady* information in the government's possession that has not been produced?

(3) Is there any information in the government's possession, custody, or control showing OFAC's response to this letter? This is subject to production under *Giglio* and/or *Napue* because it would at a minimum undermine Ted Kim's testimony (A) that to his knowledge, nothing relating to this matter was investigated by OFAC, (B) that "it matters a lot" if Iranian involvement in a transaction is concealed, and (C) that hiding "Iranian connections … would make it very difficult for me to do my job."

(4) As we have said, our requests for *Brady* and *Giglio* are continuing in nature. I have attached our September 2018 letter in case you want a non-exclusive list of examples of the type of information covered by *Brady* and *Giglio* in this case. Obviously, any information contrary to government witness testimony would be another example.

(5) Regarding the authenticity of GX 411, we stipulate to authenticity.

(6) GX 704 – Please let us know what modifications have been made.

(7) GX 495A, 495B – What is the relevance of Sadr having bank accounts at HSBX from January 2010 through October 2013?

(8) GX 456 – We are reviewing and anticipate stipulating to authenticity.

(9) GX 705A & 705B – We are reviewing.

(10)     GX 2304A – Subject to our continuing objection (which we understand to have been overruled), no further objection.


**Nicholas P. Silverman**
Associate
nsilverman@steptoe.com

**Steptoe**

+1 202 429 8096 direct     Steptoe & Johnson LLP
+1 617 595 6559 mobile     1330 Connecticut Avenue, NW
+1 202 429 3902 fax          Washington, DC 20036
                                        www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>
**Sent:** Sunday, March 8, 2020 9:41 AM

**To:** Heberlig, Brian <BHeberlig@steptoe.com>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Brian, Reid, and Nick:

As I explained in my last email, when we first saw the document in mid-January, we thought it had been part of Commerzbank's subpoena return and had been produced. We didn't think it would be necessary to use given our other evidence about that payment. Given some of the arguments you made on Friday, we decided that we did want to introduce it at trial.

Again, we don't see this document as exculpatory, as we would like to offer it tomorrow. Can you please let us know your position on an authenticity stipulation for this document and the other bank records we sent yesterday, as well as whether you have any issues with the summary charts?

Thanks,
Jane

---

**From:** Heberlig, Brian <BHeberlig@steptoe.com>
**Sent:** Saturday, March 7, 2020 10:09 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** RE: U.S. v. Sadr

If you have been aware of the letter since mid-January, why wasn't it on the government's pretrial exhibit list instead of appearing the day before the government rests its case? The exculpatory nature of the exhibit is self-evident.

---

**From:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>
**Sent:** Saturday, March 7, 2020 5:36 PM
**To:** Heberlig, Brian <BHeberlig@steptoe.com>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Brian,

We do not agree with your characterization of GX 430, 431, 432, or 411 as *Brady*. These are all exhibits the Government has introduced or is seeking to introduce in our case. Perhaps you can explain how it is you think GX 411 is helpful to your case.

In any event, we have been aware of the letter since mid-January. We thought it was part of the Commerzbank subpoena return that was produced in discovery. We now understand that it came from an unrelated DANY investigation, and therefore was not in the Commerzbank subpoena return.

It is not clear to us how this document would have been relevant to the OFAC witness's testimony.

Jane

---

**From:** Heberlig, Brian <BHeberlig@steptoe.com>
**Sent:** Saturday, March 7, 2020 4:57 PM
**To:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** RE: U.S. v. Sadr

We request immediate disclosure of (1) where GX411 came from, (2) how long it has been in the government's possession, (3) why we are only receiving it today. This is the second episode—along with GX430, GX431, and GX432—of the government producing fundamentally exculpatory documents mid-trial. In this instance, the document was produced after the government's OFAC witness, who would have been subject to cross-examination on this document. Provide this information by 6 pm or we will see the intervention of the Court.

---

**From:** Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>
**Sent:** Saturday, March 7, 2020 4:24 PM
**To:** Weingarten, Reid <RWeingarten@steptoe.com>; Heberlig, Brian <BHeberlig@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Counsel,

We attempted to send you a number of attachments, which will not go through without encryption. It looks like Steptoe's servers are blocking the encrypted email. Shawn will upload the files to the link he has been using. The descriptions are below.

Stephanie

---

**From:** Lake, Stephanie (USANYS)
**Sent:** Saturday, March 07, 2020 4:04 PM
**To:** Weingarten, Reid <RWeingarten@steptoe.com>; Heberlig, Brian <BHeberlig@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** U.S. v. Sadr

Counsel,

Mr. Dubowitz is still very ill. As a result, we do not intend to call him as a witness in our case-in-chief. It's possible that, depending on the defense case, we will call him as a rebuttal witness.

In addition, we've attached the following documents:

- Updated GX 2284D – there were formatting problems with our version. We think the attached corrects them.
- 3508-08 – 3500 from today
- GX 411 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.
- GX 456 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.
- GX 495A & B – we intend to offer these on Monday (likely in redacted form), although think a stipulation that the defendant had bank accounts at HSBC from January 2010 through October 2013 might be simpler. Let us know how you prefer to proceed.
- GX 704 – this is the modified version of the travel chart. Please confirm whether you have any remaining concerns.
- GX 705A & B – these are summary charts reflecting the information in GX 2090A. Please confirm whether you have any objections.
- Updated GX 2304A – we enlarged some of the cells, as the formatting of the PDFd excel file was cutting off some of the data. The content is the same.
- 3504-10 – Peri 3500, which was provided in hard copy yesterday morning.
- 3505-06 – Blair 3500, which was provided in hard copy yesterday morning.
- 3513-02 – Paralegal 3500 for summary chart (you may already have this)
- 3513-03 – Paralegal 3500 for summary chart (you may already have this)

We are still working on one additional summary chart, which we expect to provide later today.

Stephanie Lake
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
Tel: (212) 637-1066

Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

September 25, 2018

<u>By Electronic Mail</u>

Andrew DeFilippis
Matthew Laroche
Rebekah Donaleski
Assistant United States Attorneys
Garrett Lynch
Special Assistant United States Attorney
U.S. Attorney's Office for the
Southern District of New York
1 St. Andrew's Plaza
New York, NY  10007

     Re:    *United States v. Ali Sadr Hashemi Nejad*, No. 18 Cr. 224 (ALC)
            **Request for Discovery, *Brady* Material, and Particulars**

Dear Counsel:

On behalf of defendant Ali Sadr Hashemi Nejad, we request that the government provide "open file" discovery in this case, including the prompt production of all of the documents and other evidence it has obtained in its investigation and all grand jury transcripts, FBI 302s, and interview memoranda.

In the event that you elect not to provide "open file" discovery, Sadr respectfully submits this formal request for discovery in this case, pursuant to the Fifth and Sixth Amendments to the United States Constitution; Rules 12, 16, and 26.2 of the Federal Rules of Criminal Procedure; *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and progeny; the Department of Justice's "Guidance for Prosecutors Regarding Criminal Discovery"; and the additional authority set forth below.

We understand that Sadr's prior counsel at Arnold & Porter made earlier discovery requests in this matter, including requests in letters and emails dated: March 21, March 25,

September 25, 2018
Page 2



March 29, April 3, May 15, July 5, July 10, July 26, August 2, August 23, and September 4, 2018. We adopt those requests and ask that you provide any future responsive material directly to us. Arnold & Porter has provided us with copies of your prior discovery letters and emails and the discovery productions to date, and we do not need you to reproduce them to us. Although some of these discovery requests overlap with prior requests by Arnold & Porter, we submit them to ensure that Sadr has fully protected his rights to discovery and *Brady/Giglio* material in this matter.

Sadr requests that you produce and/or permit him to inspect and copy or photograph the materials specified below. This request encompasses not only documents[1] and information in the possession, custody, or control of, or that have been reviewed by, the U.S. Attorney's Office for the Southern District of New York and the Federal Bureau of Investigation, but also documents and information in the possession, custody, and control of, or that have been reviewed by, the Manhattan District Attorney's Office, and any other federal, state or local agency allied with the prosecution or involved in any way in investigating the activities alleged in the Indictment or related conduct. As used in this letter, the words "government" and "you" include your office and the above-referenced federal, state, or local agencies.

Sadr requests that the government comply with all of its discovery obligations under federal law, including, but not limited to, the following:[2]

## I.    Search Warrant Returns

We request clarification of the government's position on the discoverability of the data and documents collected pursuant to search warrants in the investigation. It is our understanding that the government has produced the full and unfiltered email accounts of Sadr collected pursuant to search warrants. Arnold & Porter requested the "terabyte" of unfiltered data and documents from non-Sadr accounts obtained pursuant to search warrants, in an April 3, 2018 letter and an August 2, 2018 email. With respect to that data, it is our understanding that the government has produced only a subset of materials that it has deemed "pertinent." We reiterate Sadr's request for complete, unfiltered data and documents from all accounts obtained by the

---

[1] The word "documents" includes, but is not limited to, all books, papers, letters, correspondence, reports, memoranda, studies, calendars, appointment books, diaries, notes, messages, e-mail, text messages, instant messages, other computer facilitated or transmitted materials, images, photographs, polaroids, information in any computer database, audio and video tapes, recordings, transcripts, ledgers, printouts, contracts, checks, receipts, and all copies or portions thereof, and any other written, recorded, or memorialized material of any nature whatsoever.

[2] All of these requests are continuing in nature, requiring supplementation in accordance with Fed. R. Crim. P. 16(c).

September 25, 2018
Page 3



government pursuant to search warrants.  If you decline to provide these materials, please indicate:

     1.     The search terms and/or other filtering process used by the government to identify the "pertinent" documents from the search warrant returns for the non-Sadr accounts; and

     2.     How the government has satisfied its *Brady* obligations with respect to the purportedly non-pertinent data and documents from the search warrant returns for the non-Sadr accounts.

## II.     Statements of the Defendant

     1.     Any written or recorded statements made by Sadr within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government.  *See* Fed. R. Crim. P. 16(a)(1)(B)(i).  This request includes, without limitation:

     a.     All notes, reports, and memoranda summarizing any statement by Sadr to law enforcement officials at the time of his arrest;

     b.     All transcripts and recordings of conversations in which Sadr was a participant;

     c.     All wire and oral communications made by Sadr that were transmitted to or intercepted by, for or on behalf of any government agent or employee or any agency or entity of the U.S. government;

     d.     All written and recorded statements of witnesses that reflect, relate, or incorporate any statements made by Sadr; and

     e.     All other documents that purport to reflect, relate, or incorporate any statements made by Sadr.

     2.     The portion of any written record containing the substance of any oral statement made by Sadr, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a government agent.  *See* Fed. R. Crim. P. 16(a)(1)(B)(ii).  This request includes without limitation, all documents, including notes, prepared by any FBI employee or agent that contain the substance of any relevant statement made by Sadr.

     3.     The substance of any other oral statement made by Sadr, whether before or after arrest, in response to interrogation by any person then known by Sadr to be a government agent. *See* Fed. R. Crim. P. 16(a)(1)(A).

September 25, 2018
Page 4



## III.  Documents and Tangible Objects

1.      All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that were obtained from or belong to Sadr, or that belonged to Sadr at the time of the alleged offenses, or that belong or belonged to any agent of Sadr or any entity allegedly owned or controlled by Sadr.  *See* Fed. R. Crim. P. 16(a)(1)(E)(iii).  This request includes all documents as to which the government or any entity assigned Sadr as a custodian, whether hard copy or electronic records.

2.      All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that the government intends to use at trial in its case-in-chief.  *See* Fed. R. Crim. P. 16(a)(1)(E)(ii).  We request that any materials in this category be specifically identified from among the materials produced pursuant to the defendant's other Rule 16 and *Brady* requests, both to enable counsel to prepare effectively for trial and to afford Sadr an opportunity to move to suppress any evidence the prosecution intends to use in its case-in-chief. *See* Fed. R. Crim. P. 12(b)(3)(C) and 12(b)(4)(B).

3.      All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that are material to the preparation of Sadr's defense, *see* Fed. R. Crim. P. 16(a)(l)(E)(i), including, but not limited to, those items set forth in paragraphs III.4 to III.14 below.

4.      All documents reflecting the alleged specific "international financial transactions" at issue in Count Two of the indictment.  Indictment ¶ 19.

5.      All documents reflecting the alleged "financial transactions" at issue in Counts Three and Four of the indictment.  Indictment ¶¶ 23, 26.

6.      All documents reflecting the alleged false and fraudulent pretenses, representations and promises at issue in Counts Three and Four of the indictment.  Indictment ¶¶ 23, 26.

7.      All documents reflecting the alleged monetary transactions and transfers at issue in Counts Five and Six of the indictment.  Indictment ¶¶ 29, 32.

8.      All documents relating to Sadr or the conduct alleged in the indictment that were introduced as exhibits before the grand jury.  We request that any materials in this category be specifically identified from among the materials produced pursuant to the defendant's other Rule 16 and *Brady* requests.

9.      All documents relating to Sadr or the conduct alleged in the indictment that were obtained by or for the grand jury or pursuant to any grand jury or trial subpoena.  This request includes any documents furnished informally to prosecutors in lieu of formal compliance with a subpoena.



10.    All documents relating to Sadr or the conduct alleged in the indictment obtained from any witness who testified before the grand jury, or who was interviewed or consulted during the course of the grand jury investigation.

11.    All documents relating to Sadr or the conduct alleged in the indictment that were obtained by any search or seizure pursuant to a search warrant or otherwise.

12.    All documents relating to Sadr or the conduct alleged in the indictment obtained from any federal, state or local governmental, regulatory or legislative body or agency.

13.    All documents relating to press releases or press conferences concerning Sadr or the investigation of the defendant, and all other documents relating to any contacts between the government and representatives of the media concerning Sadr or the investigation of the defendant.

14.    All documents relating to the reputation of Sadr, including, without limitation, any documents relating to Sadr's reputation for honesty, integrity, or competence.

## IV.    *Brady* and *Giglio* Material

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1985), *Kyles v. Whitney*, 514 U.S. 419 (1995), and New York Rule of Professional Conduct 3.8, Sadr requests immediate identification and disclosure of all documents and information (in whatever form) that are favorable to the defense or that would tend to exculpate Sadr or mitigate his culpability with respect to the charges in the indictment, that would tend to impeach any potential witness against Sadr, or that are relevant to the issue of sentencing, including but not limited to the following:

1.    Any document or information indicating or tending to establish that any of the allegations in the indictment are not true.

2.    Any document or information indicating or tending to establish that any meeting, conversation, use of words, practice, or conduct that is the subject of the indictment or forms the basis of the indictment did not violate government laws, regulations, standards or established business practices.

3.    Any document or information indicating or tending to establish that Sadr believed that any meeting, conversation, use of words, practice, or conduct that is the subject of the indictment or forms the basis of the indictment did not constitute a crime.

4.    Any document or information indicating or tending to establish that any other person (including but not limited to the alleged co-conspirators) believed that any meeting, conversation, use of words, practice, or conduct that is the subject of the indictment or forms the basis of the indictment did not constitute a crime.

September 25, 2018
Page 6



    5.    Any documents or information indicating or tending to establish that Sadr did not instigate, control, authorize, approve, or acquiesce in the practices that are the subject of the indictment.

    6.    Any documents or information indicating or tending to establish that the alleged false or fraudulent pretenses were not false.

    7.    Any documents or information indicating or tending to establish that the alleged false or fraudulent pretenses were not material.

    8.    Any documents or information indicating or tending to establish that a third person was responsible for the financial transactions at issue in any count of the indictment.

    9.    Any document or information indicating or tending to establish that Sadr engaged in any conduct that forms the basis of the indictment in reliance upon advice provided by counsel or accountants.

    10.    Any document or information (in whatever form) that could be used to impeach any potential government witness, or any person whose statements will be introduced pursuant to Fed. R. Evid. 801(d)(2)(C), (D), or (E), including but not limited to:

    a.    Any document or information relating to any conviction, arrest, or criminal record of, and any criminal charge brought against, any potential government witness;

    b.    Any document or information relating to promises, consideration, or inducements made to any potential government witness, whether directly to the witness or indirectly to the witness' attorney, friends, family, employer, business associates, or other culpable or at risk third-party. "Consideration" means anything of value or use, including immunity grants, whether formal or informal, witness fees, transportation or relocation assistance, money, dropped or reduced charges or suggestions of favorable treatment with respect to any federal, state or local criminal, civil, or administrative matter, expectations of downward departures or motions for reduction of sentence, considerations regarding forfeiture of assets, or stays of deportation or other immigration status considerations;

    c.    Any document or information tending to show the bias of a potential government witness, including animosity toward Sadr, animosity toward any group or entity of which Sadr is a member or with which Sadr is affiliated, a relationship with the alleged victim, or known but uncharged criminal conduct that may provide an incentive to curry favor with a prosecutor;

    d.    Any document or information affecting the reliability of a potential government witness's testimony, including known alcohol or substance

September 25, 2018
Page 7



abuse, mental health issues or other issues that could affect the witness's ability to perceive and recall events;

e.  Any document or information relating to any inconsistency in statements given by any potential government witness;

f.  Any document or information relating to any inconsistency between agents' and/or prosecutors' rough notes and FBI 302s or other memoranda of interviews of any potential government witness;

g.  Any document or information bearing adversely on the character or reputation for truthfulness of any potential government witness; and

h.  Each specific instance of conduct from which it could be inferred that any potential government witness is untruthful.

11.  The date of and participants in each and every interview (including not only interviews conducted by the U.S. Attorney's Office or the Manhattan District Attorney's Office, but also interviews conducted by third parties), debriefing, "queen for a day" session, proffer, deposition, or other statement or description of the alleged facts made by each potential government witness (whether directly or indirectly, such as a proffer made by counsel). In addition, please specify, as to each such witness, the first date on which the witness made any allegation that Sadr engaged in any allegedly unlawful conduct or any conduct alleged in the indictment.

As you are aware, New York has adopted Rule of Professional Conduct 3.8, entitled "Special Responsibilities of Prosecutors and Other Government Lawyers," which provides that a prosecutor "shall make timely disclosure to [the defense] of evidence or information known to the prosecutor or other government lawyer that tends to negate the guilt of the accused, mitigate the degree of the offense, or reduce the sentence . . . ." Rule 3.8(b). The Supreme Court has recognized that Rule 3.8 imposes a higher standard on prosecutors than the standards mandating disclosure of exculpatory evidence under *Brady*. *See Kyles*, 514 U.S. at 437 ("[*Brady*] requires less of the prosecution than the ABA Standards for Criminal Justice, which call generally for prosecutorial disclosures of any evidence tending to exculpate or mitigate."); ABA Standards for Criminal Justice, Prosecution Function and Defense Function 3-3.11(a) (3d ed. 1993) ("A prosecutor should not intentionally fail to make timely disclosure to the defense, at the earliest feasible opportunity, of the existence of all evidence or information which tends to negate the guilt of the accused or mitigate the offense charged or which would tend to reduce the punishment of the accused"); ABA Model Rule of Professional Conduct 3.8(d) (1984) ("The prosecutor in a criminal case shall . . . make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense").

We contend that the foregoing categories of information constitute *Brady* and Rule 3.8(b) material, and that disclosure should take place immediately. Sadr further requests that the

September 25, 2018
Page 8



government identify with particularity and provide copies of all materials that qualify as *Brady* and Rule 3.8 material, as described above. Please advise us promptly whether the government will be producing *Brady* material immediately even if it is contained in what might otherwise be considered as *Jencks* material, or whether you take the position that you are not obligated to produce such material at this time.

We also request the underlying source material for any *Brady* and Rule 3.8(d) information, as opposed to any summary letter or paraphrased description of the information. Please advise us promptly whether the government will not be producing underlying source material.

For purposes of the *Brady* doctrine, "the format of the information does not determine whether it is discoverable." U.S. Attorneys' Manual § 9-5.002.B.5 (2018). For example, material exculpatory information that is provided "during a conversation with an agent or a witness is no less discoverable than if that same information were contained in an email." *Id.* We therefore request that all such information be memorialized and produced to Sadr.

## V.    Purportedly Privileged Material

Sadr specifically requests that the government produce all documents or information (in whatever form) produced to the government—or over which the government otherwise has custody, control, or possession—that are responsive to Sadr's discovery and *Brady/Giglio* requests contained herein or that the government would otherwise be legally required to produce, over which any individual or entity has asserted the attorney-client privilege and/or the attorney work product doctrine. This request applies to all such documents produced pursuant to (a) a non-waiver agreement between any individual or entity and the government, (b) a court order pursuant to Fed. R. Evid. 502, or (c) a court order concluding that the documents are covered by the crime-fraud exception to the attorney-client privilege.

Sadr also requests that you identify any person or entity that has asserted any attorney-client privilege, work product privilege, common interest privilege, or any other privilege as the basis for withholding or not producing, in whole or in part, any documents to the government or the grand jury during the investigation. Sadr further requests that you provide all documents (including all privilege logs) with respect to the assertion of or challenge to any such claimed privileges. This request specifically encompasses all pleadings, court orders, correspondence, and other material related to any grand jury litigation by the government in which it challenged any assertion of any  privilege.

## VI.    Criminal Records

Pursuant to Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure, Sadr requests copies of his prior criminal record, if any.

September 25, 2018
Page 9



## VII. *Jencks* Material

Pursuant to the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure, Sadr requests that the government provide a list of the names and addresses of all witnesses that the government intends to call in its case-in-chief and all statements of those witnesses in the possession, custody, or control of the government or any other government entity, including, but not limited to, notes of interviews, FBI 302s, or other summaries prepared by government attorneys or agents, and grand jury transcripts and any other witness statements. We request that the government begin providing this material as soon as possible, or in any event no later than ninety (90) days prior to the start of trial.

## VIII. Scientific Evidence

Pursuant to Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure, Sadr requests documentation relating to all requests for, and the results of, physical or mental examinations, scientific tests, or experiments that were conducted in connection with the investigation of the charges contained in the indictment. This includes, but is not limited to:

    a.    all forensic examinations of any computer hard drive, handheld cellular telephone or mobile device that Sadr possessed or to which Sadr had access;

    b.    all handwriting exemplars, handwriting samples, handwriting or document analyses, and all documents examined or used in or related to such analyses;

    c.    all fingerprint and palm print exemplars, fingerprint samples, comparisons, and opinions of fingerprint experts, and all documents examined or used in connection with, or that relate to, those opinions; and

    d.    all polygraph examinations, psychological stress examinations, hypnotic procedures, or any other scientific procedures devised to determine whether a subject is telling the truth, or to refresh a witness' memory, and all documents that refer or relate to such examinations.

## IX. Other Crimes Evidence

Pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rules 403 and 404(b)(2) of the Federal Rules of Evidence, Sadr requests that the government disclose all evidence of similar crimes, wrongs, or acts, allegedly committed by Sadr (or any person alleged to have been acting pursuant to his instructions), upon which the government intends to rely on at trial.

September 25, 2018
Page 10



## X.    Suppression Issues

1.      As a predicate to potential motions pursuant to Rule 12(b) of the Federal Rules Of Criminal Procedure, *see* Rule 12(b)(4)(B), Sadr requests that he be informed:

   a.      Whether the government intends to offer into evidence any statement made by Sadr or any family member, and the substance of any such statement;

   b.      Whether any evidence in the government's possession, custody, or control was obtained by a search and seizure conducted by the government, and a description of such evidence;

   c.      Whether any evidence in the government's possession, custody, or control was obtained through electronic or mechanical surveillance, including without limitation, wiretaps, body wires, pen registers, and/or surveillance of telephone calls, and a description of such evidence;

   d.      Whether any evidence in the government's possession, custody, or control was obtained through the use of a beeper or other tracking device, and a description of such evidence;

   e.      In connection with any tape recording, wiretaps, or other surveillance of the defendant during the investigation of the allegations of the indictment or any related allegations, Sadr seeks:

   i.      The names and addresses of all such persons whose personal or business telephones the government tapped or monitored, or whose conversations or actions the government monitored by other means without the person's knowledge;

   ii.      Transcripts or other records of the statements or conversations monitored;

   iii.      The original recorded tapes created during such surveillance;

   iv.      The procedures used to conduct such surveillance; and

   v.      The authority under which such surveillance was conducted.

   f.      Whether any evidence in the government's possession, custody, or control was obtained through a mail cover and/or trash cover and a description of such evidence; and

   g.      The identities of any informant or undercover agent employed by the government during its investigation of the charges of the indictment.

Case 1:18-cr-00224-AJN  Document 199-1  Filed 02/28/20  Page 80 of 296

September 25, 2018
Page 11



2.      Sadr requests that the prosecution disclose whether it intends to offer in its case-in-chief, as a statement by the defendant, any of the following, and that it provide the substance of any such statement:

      a.      Any statement as to which the defendant allegedly manifested his adoption or belief in its truth.  *See* Fed. R. Evid. 801(d)(2)(B).

      b.      Any statement made by another which was purportedly authorized by the defendant.  *See* Fed. R. Evid. 801(d)(2)(C).

      c.      Any statement made by an agent or servant of the defendant concerning a matter within the scope of his agency or employment made during the existence of such a relationship.  *See* Fed. R. Evid. 801(d)(2)(D).

      d.      Any statement made by an alleged co-conspirator of the defendant during the course and in furtherance of any alleged conspiracy.  *See* Fed. R. Evid. 801(d)(2)(E).

## XI.      Hearsay

Sadr requests notice of any hearsay statement that the government plans to offer at trial under Federal Rule of Evidence 807, including its particulars, the declarant's name and address, and other information giving Sadr a fair opportunity to meet the statement.  Fed. R. Evid. 807(b).

## XII.      Charts and Summaries

Pursuant to Fed. R. Evid. 1006, Sadr requests that he be advised whether the government will seek to offer any chart, summary, or calculation in evidence and, if so, (1) that all such charts, summaries, and calculations be produced, and (2) that all writings, recordings, or other information on which such charts, summaries, or calculations are based be made available for inspection and copying.

## XIII.      Electronically Stored Information

Sadr requests that the government comply with the "Recommendations for Electronically Stored Information (ESI) Discovery Production in Federal Criminal Cases" issued by the Department of Justice and Administrative Office of the U.S. Courts Joint Working Group on Electronic Technology in the Criminal Justice System in February 2012.  To that end, Sadr requests the ability to "meet and confer" with the government as needed to discuss the nature, volume, and mechanics of the government's production of ESI discovery.  Among other things, Sadr makes the following requests:

      1.      The government should produce ESI received from third parties in the format it was received.  However, if the government has further processed ESI received from third parties, such as by adding load files, converting native files to TIFF images, extracting metadata or other coding, or making electronic files

September 25, 2018
Page 12



searchable, the government should produce such enhanced ESI in discovery to save Sadr the expense of replicating this work. Sadr does not seek any government attorney work product by this request.

2.    The government should produce a table of contents describing the general categories of information available as ESI discovery in order to expedite Sadr's review of discovery and avoid discovery disputes, unnecessary expense, and undue delay. Further, the government should produce the cover letters that accompanied and described the third party productions of ESI and other documents to facilitate Sadr's review.

3.    For all ESI produced from a seized, searched, or subpoenaed third-party digital device (e.g., computer, hard drive, thumb drive, CD, DVD, cell phone, Blackberry, iPhone, Android, smart phone, smart watch, or personal digital assistant), the government should identify the digital device that held the ESI, identify the device's owner or custodian, and identify the location where the device was seized, searched, or from where it was produced.

4.    The government should produce any materials received in paper form in converted digital files that can be viewed and searched. These materials should be produced in multi-page TIFF and OCR format where each document is one file that may have multiple pages. Alternatively, a less preferable option would be production in multi-page, searchable PDF format. Under no circumstances should paper materials be converted into single-page TIFF images without document breaks.

5.    All production of ESI should maintain parent-child relationships between documents, such as where an email (the parent document) has attachments (the child documents).

## XIV. Bill of Particulars

We also adopt Arnold & Porter's August 23, 2018 letter requesting a bill of particulars regarding the allegations in the indictment. We need specification of those allegations in the indictment to permit Sadr to prepare to defend the charges against him. Please advise us whether the government will provide the requested information so that we can determine whether it will be necessary to move for a bill of particulars under Federal Rule of Criminal Procedure 7(f).

September 25, 2018
Page 13



      Please let us know promptly whether there are any requests set forth in this letter with which you decline to comply.  We are available to discuss any of the foregoing requests at your convenience.  We reserve the right to supplement these requests as we continue to review the discovery material and prepare for trial.  Thank you for your consideration.

            Sincerely,

            Brian M. Heberlig

# Exhibit 33

**Bove, Emil (USANYS)**

| | |
|---|---|
| **From:** | Crowley, Shawn (USANYS) |
| **Sent:** | Monday, March 9, 2020 6:57 AM |
| **To:** | Birger, Laura (USANYS) |
| **Cc:** | Bove, Emil (USANYS) |
| **Subject:** | Fwd: Order in 18cr224 |
| **Attachments:** | 18cr224 Order 3.9.20.pdf; ATT00001.htm |

For timing purposes, Judge Nathan issued this order saying we are starting this morning at 8:30 and should be prepared to address a representation we made in an earlier filing.

Begin forwarded message:

> **From:** "Kim, Jane (USANYS) 4" <JKim4@usa.doj.gov>
> **Date:** March 9, 2020 at 5:48:11 AM EDT
> **To:** "Bove, Emil (USANYS)" <EBove@usa.doj.gov>, "Crowley, Shawn (USANYS)" <SCrowley@usa.doj.gov>
> **Cc:** "Krouse, Michael (USANYS)" <MKrouse@usa.doj.gov>
> **Subject: Fwd:  Order in 18cr224**
>
>> Begin forwarded message:
>>
>> **From:** Nathan NYSD Chambers <NathanNYSDChambers@nysd.uscourts.gov>
>> **Date:** March 9, 2020 at 1:08:53 AM EDT
>> **To:** "Kim, Jane (USANYS) 4" <Jane.Kim@usdoj.gov>, "Lake, Stephanie (USANYS)" <Stephanie.Lake@usdoj.gov>, "Bbishop_steptoe.com" <Bbishop@steptoe.com>, "Fragale, David" <DFragale@steptoe.com>, "Levin, Michelle" <mlevin@steptoe.com>, "Silverman, Nicholas" <nsilverman@steptoe.com>, "Weingarten, Reid" <RWeingarten@steptoe.com>, "Lynch, Garrett" <LynchG@dany.nyc.gov>, "Lynch, Garrett (USANYS) [Contractor]" <Garrett.Lynch@usdoj.gov>, "Heberlig, Brian" <BHeberlig@steptoe.com>, "Krouse, Michael (USANYS)" <Michael.Krouse@usdoj.gov>
>> **Subject: RE: Order in 18cr224**
>>
>> Counsel,
>>
>> Attached please find an Order from Judge Nathan that will appear on the docket today.  Please confirm receipt.
>>
>> Sincerely,
>> Alyssa O'Gallagher
>> Law Clerk to the Hon. Alison J. Nathan
>>
>> ---
>>
>> **From:** Nathan NYSD Chambers
>> **Sent:** Sunday, March 8, 2020 9:42 PM
>> **To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lake, Stephanie (USANYS)

<Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; Fragale, David <DFragale@steptoe.com>; Levin, Michelle <mlevin@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>; Weingarten, Reid <RWeingarten@steptoe.com>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Heberlig, Brian <BHeberlig@steptoe.com>; Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Attached please find another Order from Judge Nathan that will appear on the docket on Monday.  Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 9:06 PM
**To:** 'Kim, Jane (USANYS) 4' <Jane.Kim@usdoj.gov>; 'Lake, Stephanie (USANYS)' <Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; 'Fragale, David' <DFragale@steptoe.com>; 'Levin, Michelle' <mlevin@steptoe.com>; 'Silverman, Nicholas' <nsilverman@steptoe.com>; 'Weingarten, Reid' <RWeingarten@steptoe.com>; 'Lynch, Garrett' <LynchG@dany.nyc.gov>; 'Lynch, Garrett (USANYS) [Contractor]' <Garrett.Lynch@usdoj.gov>; 'Heberlig, Brian' <BHeberlig@steptoe.com>; 'Krouse, Michael (USANYS)' <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Attached please find another Order from Judge Nathan that will appear on the docket on Monday.  Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 5:01 PM
**To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; Fragale, David <DFragale@steptoe.com>; Levin, Michelle <mlevin@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>; Weingarten, Reid <RWeingarten@steptoe.com>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Heberlig, Brian <BHeberlig@steptoe.com>; Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Attached please find a third Order from Judge Nathan that will appear on the docket on Monday.  Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 4:04 PM
**To:** 'Kim, Jane (USANYS) 4' <Jane.Kim@usdoj.gov>; 'Lake, Stephanie (USANYS)' <Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; 'Fragale, David' <DFragale@steptoe.com>; 'Levin, Michelle' <mlevin@steptoe.com>; 'Silverman, Nicholas' <nsilverman@steptoe.com>; 'Weingarten, Reid' <RWeingarten@steptoe.com>; 'Lynch, Garrett' <LynchG@dany.nyc.gov>; 'Lynch, Garrett (USANYS) [Contractor]' <Garrett.Lynch@usdoj.gov>; 'Heberlig, Brian' <BHeberlig@steptoe.com>; 'Krouse, Michael (USANYS)' <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Attached please find another Order from Judge Nathan that will appear on the docket on Monday.  Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 12:48 PM
**To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; Fragale, David <DFragale@steptoe.com>; Levin, Michelle <mlevin@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>; Weingarten, Reid <RWeingarten@steptoe.com>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Heberlig, Brian <BHeberlig@steptoe.com>; Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Please confirm receipt of this Order.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 12:41 PM
**To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lake, Stephanie (USANYS)

<Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; Fragale, David <DFragale@steptoe.com>; Levin, Michelle <mlevin@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>; Weingarten, Reid <RWeingarten@steptoe.com>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Heberlig, Brian <BHeberlig@steptoe.com>; Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** Order in 18cr224

Counsel,

Attached please find an Order from Judge Nathan that will appear on the docket on Monday.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

   –v–

Ali Sadr Hashemi Nejad,

    Defendant.

18-cr-224 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

   The parties shall be ready to begin today, March 9, 2020, at 8:30 a.m.  The Government

shall be prepared to discuss, among other matters, its representation to the Court (in response to

the Court's March 8, 2020 Order) that it "made clear" in its March 7 correspondence with Mr.

Sadr's counsel "that GX 411 was a newly marked exhibit."  *See* Dkt. No. 277.

   SO ORDERED.

Dated: March ___9___, 2020
   New York, New York

_____
   ALISON J. NATHAN
   United States District Judge

# Exhibit 34

**Exhibit 34.  March 9, 2020 Text Messages With Co-Chief Crowley Beginning At Approximately 7:13 a.m.**

| Crowley | Ugh.  These poor guys.  This is going to be a bloodbath |
|---------|--------------------------------------------------------|
| Bove | Definitely a blood bath.  I have mixed feelings about sympathy.  AJN's orders are nuts, especially this last one, and the 45 min response time is impossible to deal with.  But they've done some pretty aggressive stuff here over the last few days.  I still figure worst case scenario is the instruction, and it's not like the defense has the moral high ground in the jury's eyes given all their theatrics |
| Crowley | Yeah we lied in that letter |

# Exhibit 35

| | |
|---|---|
| **From:** | Kim, Jane (USANYS) 4 |
| **To:** | Krouse, Michael (USANYS) |
| **Cc:** | Crowley, Shawn (USANYS); Bove, Emil (USANYS) |
| **Subject:** | Re: Order in 18cr224 |
| **Date:** | Monday, March 9, 2020 7:38:12 AM |

I've already stabbed myself.

On Mar 9, 2020, at 7:34 AM, Krouse, Michael (USANYS) <MKrouse@usa.doj.gov> wrote:

> I'm ready to fall. I'm here if you'd like to discuss.
>
> Sent from my iPhone
>
> On Mar 9, 2020, at 7:24 AM, Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov> wrote:
>
>> Thanks guys. I know you've got this, but I think we need to fall on our sword big time here. We didn't make that clear in the transmittal email and shouldn't have represented that we did. We'll see you soon. It's going to be ok.
>>
>> On Mar 9, 2020, at 5:48 AM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:
>>
>>> Begin forwarded message:
>>>
>>> **From:** Nathan NYSD Chambers <NathanNYSDChambers@nysd.uscourts.gov>
>>> **Date:** March 9, 2020 at 1:08:53 AM EDT
>>> **To:** "Kim, Jane (USANYS) 4" <Jane.Kim@usdoj.gov>, "Lake, Stephanie (USANYS)" <Stephanie.Lake@usdoj.gov>, "Bbishop_steptoe.com" <Bbishop@steptoe.com>, "Fragale, David" <DFragale@steptoe.com>, "Levin, Michelle" <mlevin@steptoe.com>, "Silverman, Nicholas" <nsilverman@steptoe.com>, "Weingarten, Reid" <RWeingarten@steptoe.com>, "Lynch, Garrett" <LynchG@dany.nyc.gov>, "Lynch, Garrett (USANYS) [Contractor]"

<Garrett.Lynch@usdoj.gov>, "Heberlig,
Brian" <BHeberlig@steptoe.com>, "Krouse,
Michael (USANYS)"
<Michael.Krouse@usdoj.gov>
**Subject: RE: Order in 18cr224**


Counsel,
Attached please find an Order from Judge
Nathan that will appear on the docket today.
Please confirm receipt.
Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 9:42 PM
**To:** Kim, Jane (USANYS) 4
<Jane.Kim@usdoj.gov>; Lake, Stephanie
(USANYS) <Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>; Fragale, David
<DFragale@steptoe.com>; Levin, Michelle
<mlevin@steptoe.com>; Silverman, Nicholas
<nsilverman@steptoe.com>; Weingarten, Reid
<RWeingarten@steptoe.com>; Lynch, Garrett
<LynchG@dany.nyc.gov>; Lynch, Garrett
(USANYS) [Contractor]
<Garrett.Lynch@usdoj.gov>; Heberlig, Brian
<BHeberlig@steptoe.com>; Krouse, Michael
(USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224
Counsel,
Attached please find another Order from Judge
Nathan that will appear on the docket on
Monday. Please confirm receipt.
Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 9:06 PM
**To:** 'Kim, Jane (USANYS) 4'
<Jane.Kim@usdoj.gov>; 'Lake, Stephanie
(USANYS)' <Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>; 'Fragale, David'
<DFragale@steptoe.com>; 'Levin, Michelle'

<mlevin@steptoe.com>; 'Silverman, Nicholas'
<nsilverman@steptoe.com>; 'Weingarten,
Reid' <RWeingarten@steptoe.com>; 'Lynch,
Garrett' <LynchG@dany.nyc.gov>; 'Lynch,
Garrett (USANYS) [Contractor]'
<Garrett.Lynch@usdoj.gov>; 'Heberlig, Brian'
<BHeberlig@steptoe.com>; 'Krouse, Michael
(USANYS)' <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224
Counsel,
Attached please find another Order from Judge
Nathan that will appear on the docket on
Monday. Please confirm receipt.
Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 5:01 PM
**To:** Kim, Jane (USANYS) 4
<Jane.Kim@usdoj.gov>; Lake, Stephanie
(USANYS) <Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>; Fragale, David
<DFragale@steptoe.com>; Levin, Michelle
<mlevin@steptoe.com>; Silverman, Nicholas
<nsilverman@steptoe.com>; Weingarten, Reid
<RWeingarten@steptoe.com>; Lynch, Garrett
<LynchG@dany.nyc.gov>; Lynch, Garrett
(USANYS) [Contractor]
<Garrett.Lynch@usdoj.gov>; Heberlig, Brian
<BHeberlig@steptoe.com>; Krouse, Michael
(USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224
Counsel,
Attached please find a third Order from Judge
Nathan that will appear on the docket on
Monday. Please confirm receipt.
Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 4:04 PM
**To:** 'Kim, Jane (USANYS) 4'
<Jane.Kim@usdoj.gov>; 'Lake, Stephanie
(USANYS)' <Stephanie.Lake@usdoj.gov>;

Bbishop_steptoe.com
<Bbishop@steptoe.com>; 'Fragale, David'
<DFragale@steptoe.com>; 'Levin, Michelle'
<mlevin@steptoe.com>; 'Silverman, Nicholas'
<nsilverman@steptoe.com>; 'Weingarten,
Reid' <RWeingarten@steptoe.com>; 'Lynch,
Garrett' <LynchG@dany.nyc.gov>; 'Lynch,
Garrett (USANYS) [Contractor]'
<Garrett.Lynch@usdoj.gov>; 'Heberlig, Brian'
<BHeberlig@steptoe.com>; 'Krouse, Michael
(USANYS)' <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224
Counsel,
Attached please find another Order from Judge
Nathan that will appear on the docket on
Monday. Please confirm receipt.
Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 12:48 PM
**To:** Kim, Jane (USANYS) 4
<Jane.Kim@usdoj.gov>; Lake, Stephanie
(USANYS) <Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>; Fragale, David
<DFragale@steptoe.com>; Levin, Michelle
<mlevin@steptoe.com>; Silverman, Nicholas
<nsilverman@steptoe.com>; Weingarten, Reid
<RWeingarten@steptoe.com>; Lynch, Garrett
<LynchG@dany.nyc.gov>; Lynch, Garrett
(USANYS) [Contractor]
<Garrett.Lynch@usdoj.gov>; Heberlig, Brian
<BHeberlig@steptoe.com>; Krouse, Michael
(USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224
Counsel,
Please confirm receipt of this Order.
Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 12:41 PM
**To:** Kim, Jane (USANYS) 4
<Jane.Kim@usdoj.gov>; Lake, Stephanie

(USANYS) <Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>; Fragale, David
<DFragale@steptoe.com>; Levin, Michelle
<mlevin@steptoe.com>; Silverman, Nicholas
<nsilverman@steptoe.com>; Weingarten, Reid
<RWeingarten@steptoe.com>; Lynch, Garrett
<LynchG@dany.nyc.gov>; Lynch, Garrett
(USANYS) [Contractor]
<Garrett.Lynch@usdoj.gov>; Heberlig, Brian
<BHeberlig@steptoe.com>; Krouse, Michael
(USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** Order in 18cr224
Counsel,
Attached please find an Order from Judge
Nathan that will appear on the docket on
Monday.
Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

<18cr224 Order 3.9.20.pdf>

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 36

**From:** Birger, Laura (USANYS)
**To:** Crowley, Shawn (USANYS)
**Cc:** Bove, Emil (USANYS)
**Subject:** Re: Order in 18cr224
**Date:** Monday, March 9, 2020 8:31:53 AM

Ok. I'd come too but I am still on this stopped train.

> On Mar 9, 2020, at 8:30 AM, Crowley, Shawn (USANYS)
> <SCrowley@usa.doj.gov> wrote:
>
>
> No problem. I spoke to her. I think she appreciated the heads up, but also made
> clear that this morning is going to be unpleasant. She asked if we were aware of
> the disclosure issues. I assured her that we are and have been working with the
> team on them all weekend. I also said we'd be in court this morning and she said
> something like "yes I'd hope so." It seems important to her that this has been
> elevated.
>
> > On Mar 9, 2020, at 8:09 AM, Birger, Laura (USANYS)
> > <LBirger@usa.doj.gov> wrote:
> >
> >
> > Thanks. I'm so sorry.
> >
> > > On Mar 9, 2020, at 8:08 AM, Crowley, Shawn
> > > (USANYS) <SCrowley@usa.doj.gov> wrote:
> > >
> > >
> > > No problem. Will call now
> > >
> > > > On Mar 9, 2020, at 8:03 AM, Birger, Laura
> > > > (USANYS) <LBirger@usa.doj.gov> wrote:
> > > >
> > > >
> > > > I am stuck on a train. This is not a call I
> > > > want to make from the train, both due to
> > > > sensitivity and connection problems. At this
> > > > point, I don't see how I can get to a place
> > > > from which I can call before an 8:30
> > > > appearance. I'm so sorry but can one of you
> > > > call? Just say you are her supervisor and you
> > > > wanted the court to know why she isn't

there.

On Mar 9, 2020, at 6:56 AM, Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov> wrote:

For timing purposes, Judge Nathan issued this order saying we are starting this morning at 8:30 and should be prepared to address a representation we made in an earlier filing.

Begin forwarded message:

**From:** "Kim, Jane (USANYS) 4" <JKim4@usa.doj.gov>
**Date:** March 9, 2020 at 5:48:11 AM EDT
**To:** "Bove, Emil (USANYS)" <EBove@usa.doj.gov>, "Crowley, Shawn (USANYS)" <SCrowley@usa.doj.gov>
**Cc:** "Krouse, Michael (USANYS)" <MKrouse@usa.doj.gov>
**Subject: Fwd: Order in 18cr224**

Begin forwarded message:

**From:** Nathan

NYSD
Chambers
<[NathanNYSDChambers@nysd.uscourts.gov](mailto:NathanNYSDChambers@nysd.uscourts.gov)>
**Date:**
March
9, 2020
at
1:08:53
AM
EDT
**To:**
"Kim,
Jane
(USANYS)
4"
<[Jane.Kim@usdoj.gov](mailto:Jane.Kim@usdoj.gov)>,
"Lake,
Stephanie
(USANYS)"
<[Stephanie.Lake@usdoj.gov](mailto:Stephanie.Lake@usdoj.gov)>,
"[Bbishop_steptoe.com](mailto:Bbishop_steptoe.com)"
<[Bbishop@steptoe.com](mailto:Bbishop@steptoe.com)>,
"Fragale,
David"
<[DFragale@steptoe.com](mailto:DFragale@steptoe.com)>,
"Levin,
Michelle"
<[mlevin@steptoe.com](mailto:mlevin@steptoe.com)>,
"Silverman,
Nicholas"
<[nsilverman@steptoe.com](mailto:nsilverman@steptoe.com)>,
"Weingarten,
Reid"
<[RWeingarten@steptoe.com](mailto:RWeingarten@steptoe.com)>,
"Lynch,
Garrett"
<[LynchG@dany.nyc.gov](mailto:LynchG@dany.nyc.gov)>,
"Lynch,
Garrett
(USANYS)
[Contractor]"
<[Garrett.Lynch@usdoj.gov](mailto:Garrett.Lynch@usdoj.gov)>,
"Heberlig,
Brian"
<[BHeberlig@steptoe.com](mailto:BHeberlig@steptoe.com)>,
"Krouse,
Michael
(USANYS)"
<[Michael.Krouse@usdoj.gov](mailto:Michael.Krouse@usdoj.gov)>
**Subject:**

**RE: Order in 18cr224**

Counsel, Attached please find an Order from Judge Nathan that will appear on the docket today. Please confirm receipt. Sincerely, Alyssa O'Gallagher Law Clerk to the Hon. Alison J. Nathan

**From:** Nathan NYSD Chambers

**Sent:** Sunday, March 8, 2020 9:42 PM

**To:** Kim, Jane

(USANYS)
4
<Jane.Kim@usdoj.gov>;
Lake,
Stephanie
(USANYS)
<Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>;
Fragale,
David
<DFragale@steptoe.com>;
Levin,
Michelle
<mlevin@steptoe.com>;
Silverman,
Nicholas
<nsilverman@steptoe.com>;
Weingarten,
Reid
<RWeingarten@steptoe.com>;
Lynch,
Garrett
<LynchG@dany.nyc.gov>;
Lynch,
Garrett
(USANYS)
[Contractor]
<Garrett.Lynch@usdoj.gov>;
Heberlig,
Brian
<BHeberlig@steptoe.com>;
Krouse,
Michael
(USANYS)
<Michael.Krouse@usdoj.gov>
**Subject:**
RE:
Order
in
18cr224
Counsel,
Attached
please
find

another
Order
from
Judge
Nathan
that
will
appear
on the
docket
on
Monday.
Please
confirm
receipt.
Sincerely,
Alyssa
O'Gallagher
Law
Clerk to
the
Hon.
Alison
J.
Nathan

**From:**
Nathan
NYSD
Chambers
**Sent:**
Sunday,
March
8, 2020
9:06
PM
**To:**
'Kim,
Jane
(USANYS)
4'
<Jane.Kim@usdoj.gov>;
'Lake,
Stephanie
(USANYS)'
<Stephanie.Lake@usdoj.gov>;

Bbishop_steptoe.com
<Bbishop@steptoe.com>;
'Fragale,
David'
<DFragale@steptoe.com>;
'Levin,
Michelle'
<mlevin@steptoe.com>;
'Silverman,
Nicholas'
<nsilverman@steptoe.com>;
'Weingarten,
Reid'
<RWeingarten@steptoe.com>;
'Lynch,
Garrett'
<LynchG@dany.nyc.gov>;
'Lynch,
Garrett
(USANYS)
[Contractor]'
<Garrett.Lynch@usdoj.gov>;
'Heberlig,
Brian'
<BHeberlig@steptoe.com>;
'Krouse,
Michael
(USANYS)'
<Michael.Krouse@usdoj.gov>
**Subject:**
RE:
Order
in
18cr224
Counsel,
Attached
please
find
another
Order
from
Judge
Nathan
that
will

appear
on the
docket
on
Monday.
Please
confirm
receipt.
Sincerely,
Alyssa
O'Gallagher
Law
Clerk to
the
Hon.
Alison
J.
Nathan

**From:**
Nathan
NYSD
Chambers
**Sent:**
Sunday,
March
8, 2020
5:01
PM
**To:**
Kim,
Jane
(USANYS)
4
<Jane.Kim@usdoj.gov>;
Lake,
Stephanie
(USANYS)
<Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>;
Fragale,
David
<DFragale@steptoe.com>;
Levin,
Michelle

<mlevin@steptoe.com>;
Silverman,
Nicholas
<nsilverman@steptoe.com>;
Weingarten,
Reid
<RWeingarten@steptoe.com>;
Lynch,
Garrett
<LynchG@dany.nyc.gov>;
Lynch,
Garrett
(USANYS)
[Contractor]
<Garrett.Lynch@usdoj.gov>;
Heberlig,
Brian
<BHeberlig@steptoe.com>;
Krouse,
Michael
(USANYS)
<Michael.Krouse@usdoj.gov>
**Subject:**
RE:
Order
in
18cr224
Counsel,
Attached
please
find a
third
Order
from
Judge
Nathan
that
will
appear
on the
docket
on
Monday.
Please
confirm

receipt.

Sincerely,

Alyssa

O'Gallagher

Law

Clerk to

the

Hon.

Alison

J.

Nathan

**From:**
Nathan
NYSD
Chambers
**Sent:**
Sunday,
March
8, 2020
4:04
PM
**To:**
'Kim,
Jane
(USANYS)
4'
<Jane.Kim@usdoj.gov>;
'Lake,
Stephanie
(USANYS)'
<Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>;
'Fragale,
David'
<DFragale@steptoe.com>;
'Levin,
Michelle'
<mlevin@steptoe.com>;
'Silverman,
Nicholas'
<nsilverman@steptoe.com>;
'Weingarten,
Reid'
<RWeingarten@steptoe.com>;

'Lynch,
Garrett'
<LynchG@dany.nyc.gov>;
'Lynch,
Garrett
(USANYS)
[Contractor]'
<Garrett.Lynch@usdoj.gov>;
'Heberlig,
Brian'
<BHeberlig@steptoe.com>;
'Krouse,
Michael
(USANYS)'
<Michael.Krouse@usdoj.gov>
**Subject:**
RE:
Order
in
18cr224
Counsel,
Attached
please
find
another
Order
from
Judge
Nathan
that
will
appear
on the
docket
on
Monday.
Please
confirm
receipt.
Sincerely,
Alyssa
O'Gallagher
Law
Clerk to
the

Hon.
Alison
J.
Nathan

**From:**
Nathan
NYSD
Chambers
**Sent:**
Sunday,
March
8, 2020
12:48
PM
**To:**
Kim,
Jane
(USANYS)
4
<Jane.Kim@usdoj.gov>;
Lake,
Stephanie
(USANYS)
<Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>;
Fragale,
David
<DFragale@steptoe.com>;
Levin,
Michelle
<mlevin@steptoe.com>;
Silverman,
Nicholas
<nsilverman@steptoe.com>;
Weingarten,
Reid
<RWeingarten@steptoe.com>;
Lynch,
Garrett
<LynchG@dany.nyc.gov>;
Lynch,
Garrett
(USANYS)
[Contractor]

<Garrett.Lynch@usdoj.gov>;
Heberlig,
Brian
<BHeberlig@steptoe.com>;
Krouse,
Michael
(USANYS)
<Michael.Krouse@usdoj.gov>

**Subject:**
RE:
Order
in
18cr224
Counsel,
Please
confirm
receipt
of this
Order.
Sincerely,
Alyssa
O'Gallagher
Law
Clerk to
the
Hon.
Alison
J.
Nathan

**From:**
Nathan
NYSD
Chambers
**Sent:**
Sunday,
March
8, 2020
12:41
PM
**To:**
Kim,
Jane
(USANYS)
4
<Jane.Kim@usdoj.gov>;

Lake,
Stephanie
(USANYS)
<Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>;
Fragale,
David
<DFragale@steptoe.com>;
Levin,
Michelle
<mlevin@steptoe.com>;
Silverman,
Nicholas
<nsilverman@steptoe.com>;
Weingarten,
Reid
<RWeingarten@steptoe.com>;
Lynch,
Garrett
<LynchG@dany.nyc.gov>;
Lynch,
Garrett
(USANYS)
[Contractor]
<Garrett.Lynch@usdoj.gov>;
Heberlig,
Brian
<BHeberlig@steptoe.com>;
Krouse,
Michael
(USANYS)
<Michael.Krouse@usdoj.gov>
**Subject:**
Order
in
18cr224
Counsel,
Attached
please
find an
Order
from
Judge
Nathan

that
will
appear
on the
docket
on
Monday.
Sincerely,
Alyssa
O'Gallagher
Law
Clerk to
the
Hon.
Alison
J.
Nathan

<18cr224 Order 3.9.20.pdf>

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 37

**Exhibit 37.  March 9, 2020 Text Messages With Co-Chief Crowley Beginning At Approximately 9:28 a.m.**

| Bove | I feel like this is going to be a mistrial |
|------|--------------------------------------------|
| Crowley | Yes |

# Exhibit 38

**Exhibit 38.  March 9, 2020 Text Messages With Co-Chief Crowley and AUSA Krouse Beginning At Approximately 10:10 a.m.**

| | |
|---|---|
| Krouse | Sorry guys. |
| Crowley | Do not worry about it.  You did as well as possible in that situation |
| Bove | Seriously.  Hang in there. |
| Krouse | Thanks for the support. But that was rough. |
| Krouse | I guess we need [Andrew DeFilippis], [Rebekah Donaleski], [Matthew] Laroche, and [David] Denton to provide a declaration on whether or not they asked OFAC if they did anything in this case / in response to that letter (and if they ever saw the letter) |
| Crowley | Yep we are talking to them |
| Bove | if there's any point the disclosure stuff comes up, pls shoot us a text and we'll get over there |
| Krouse | Yep |

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 39

| | |
|---|---|
| **From:** | Birger, Laura (USANYS) |
| **To:** | Crowley, Shawn (USANYS); Strauss, Audrey (USANYS) |
| **Cc:** | Bove, Emil (USANYS) |
| **Subject:** | RE: Order in 18cr224 |
| **Date:** | Monday, March 9, 2020 9:45:35 AM |

Sure.

---

**From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Sent:** Monday, March 9, 2020 9:44 AM
**To:** Birger, Laura (USANYS) <LBirger@usa.doj.gov>; Strauss, Audrey (USANYS) <AStrauss@usa.doj.gov>
**Cc:** Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Subject:** Re: Order in 18cr224

We just left court. Are you available to discuss briefly? Thanks.


On Mar 9, 2020, at 8:31 AM, Birger, Laura (USANYS) <LBirger@usa.doj.gov> wrote:


Ok. I'd come too but I am still on this stopped train.


On Mar 9, 2020, at 8:30 AM, Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov> wrote:


No problem. I spoke to her. I think she appreciated the heads up, but also made clear that this morning is going to be unpleasant. She asked if we were aware of the disclosure issues. I assured her that we are and have been working with the team on them all weekend. I also said we'd be in court this morning and she said something like "yes I'd hope so." It seems important to her that this has been elevated.


On Mar 9, 2020, at 8:09 AM, Birger, Laura (USANYS) <LBirger@usa.doj.gov> wrote:


Thanks.   I'm so sorry.


On Mar 9, 2020, at 8:08 AM, Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov> wrote:

No problem. Will call now

On Mar 9, 2020, at 8:03 AM,
Birger, Laura (USANYS)
<LBirger@usa.doj.gov> wrote:

I am stuck on a train.  This is not a
call I want to make from the train,
both due to sensitivity and
connection problems.  At this
point, I don't see how I can get to
a place from which I can call
before an 8:30 appearance.   I'm
so sorry but can one of you call?
Just say you are her supervisor
and you wanted the court to
know why she isn't there.

On Mar 9, 2020, at
6:56 AM, Crowley,
Shawn (USANYS)
<SCrowley@usa.doj.gov>
wrote:

For timing purposes,
Judge Nathan issued
this order saying we
are starting this
morning at 8:30 and
should be prepared
to address a
representation we
made in an earlier
filing.

Begin forwarded
message:

**From:**
"Kim,
Jane
(USANYS)
4"
<JKim4@usa.doj.gov>
**Date:**
March
9, 2020
at
5:48:11
AM
EDT
**To:**
"Bove,
Emil
(USANYS)"
<EBove@usa.doj.gov>,
"Crowley,
Shawn
(USANYS)"
<SCrowley@usa.doj.gov>
**Cc:**
"Krouse,
Michael
(USANYS)"
<MKrouse@usa.doj.gov>
**Subject:**
**Fwd:**
**Order**
**in**
**18cr224**

Begin
forwarded
message:

**From:**
Nathan
NYSD
Chambers
<NathanNYSDChambers@nysd.uscourts.gov>

**Date:**
March
9,
2020
at
1:08:53
AM
EDT
**To:**
"Kim,
Jane
(USANYS)
4"
<Jane.Kim@usdoj.gov>,
"Lake,
Stephanie
(USANYS)"
<Stephanie.Lake@usdoj.gov>,
"Bbishop_steptoe.com"
<Bbishop@steptoe.com>,
"Fragale,
David"
<DFragale@steptoe.com>,
"Levin,
Michelle"
<mlevin@steptoe.com>,
"Silverman,
Nicholas"
<nsilverman@steptoe.com>,
"Weingarten,
Reid"
<RWeingarten@steptoe.com>,
"Lynch,
Garrett"
<LynchG@dany.nyc.gov>,
"Lynch,
Garrett
(USANYS)
[Contractor]"
<Garrett.Lynch@usdoj.gov>,
"Heberlig,
Brian"
<BHeberlig@steptoe.com>,
"Krouse,
Michael

(USANYS)"
<[Michael.Krouse@usdoj.gov](mailto:Michael.Krouse@usdoj.gov)>

**Subject:**
**RE:**
**Order**
**in**
**18cr224**

Counsel,

Attached
please
find
an
Order
from
Judge
Nathan
that
will
appear
on
the
docket
today.
Please
confirm
receipt.

Sincerely,
Alyssa
O'Gallagher
Law
Clerk
to
the
Hon.
Alison
J.
Nathan

**From:**
Nathan
NYSD
Chambers

**Sent:**
Sunday,
March
8,
2020
9:42
PM
**To:**
Kim,
Jane
(USANYS)
4
<Jane.Kim@usdoj.gov>;
Lake,
Stephanie
(USANYS)
<Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>;
Fragale,
David
<DFragale@steptoe.com>;
Levin,
Michelle
<mlevin@steptoe.com>;
Silverman,
Nicholas
<nsilverman@steptoe.com>;
Weingarten,
Reid
<RWeingarten@steptoe.com>;
Lynch,
Garrett
<LynchG@dany.nyc.gov>;
Lynch,
Garrett
(USANYS)
[Contractor]
<Garrett.Lynch@usdoj.gov>;
Heberlig,
Brian
<BHeberlig@steptoe.com>;
Krouse,
Michael
(USANYS)

<[Michael.Krouse@usdoj.gov](mailto:Michael.Krouse@usdoj.gov)>

**Subject:**
RE:
Order
in
18cr224

Counsel,

Attached
please
find
another
Order
from
Judge
Nathan
that
will
appear
on
the
docket
on
Monday.
Please
confirm
receipt.

Sincerely,
Alyssa
O'Gallagher
Law
Clerk
to
the
Hon.
Alison
J.
Nathan

**From:**
Nathan
NYSD

Chambers
**Sent:**
Sunday,
March
8,
2020
9:06
PM
**To:**
'Kim,
Jane
(USANYS)
4'
<Jane.Kim@usdoj.gov>;
'Lake,
Stephanie
(USANYS)'
<Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>;
'Fragale,
David'
<DFragale@steptoe.com>;
'Levin,
Michelle'
<mlevin@steptoe.com>;
'Silverman,
Nicholas'
<nsilverman@steptoe.com>;
'Weingarten,
Reid'
<RWeingarten@steptoe.com>;
'Lynch,
Garrett'
<LynchG@dany.nyc.gov>;
'Lynch,
Garrett
(USANYS)
[Contractor]'
<Garrett.Lynch@usdoj.gov>;
'Heberlig,
Brian'
<BHeberlig@steptoe.com>;
'Krouse,
Michael

(USANYS)'
<[Michael.Krouse@usdoj.gov](mailto:Michael.Krouse@usdoj.gov)>

**Subject:**
RE:
Order
in
18cr224

Counsel,

Attached
please
find
another
Order
from
Judge
Nathan
that
will
appear
on
the
docket
on
Monday.
Please
confirm
receipt.

Sincerely,
Alyssa
O'Gallagher
Law
Clerk
to
the
Hon.
Alison
J.
Nathan


**From:**
Nathan

NYSD
Chambers
**Sent:**
Sunday,
March
8,
2020
5:01
PM
**To:**
Kim,
Jane
(USANYS)
4
<[Jane.Kim@usdoj.gov](mailto:Jane.Kim@usdoj.gov)>;
Lake,
Stephanie
(USANYS)
<[Stephanie.Lake@usdoj.gov](mailto:Stephanie.Lake@usdoj.gov)>;
[Bbishop_steptoe.com](mailto:Bbishop_steptoe.com)
<[Bbishop@steptoe.com](mailto:Bbishop@steptoe.com)>;
Fragale,
David
<[DFragale@steptoe.com](mailto:DFragale@steptoe.com)>;
Levin,
Michelle
<[mlevin@steptoe.com](mailto:mlevin@steptoe.com)>;
Silverman,
Nicholas
<[nsilverman@steptoe.com](mailto:nsilverman@steptoe.com)>;
Weingarten,
Reid
<[RWeingarten@steptoe.com](mailto:RWeingarten@steptoe.com)>;
Lynch,
Garrett
<[LynchG@dany.nyc.gov](mailto:LynchG@dany.nyc.gov)>;
Lynch,
Garrett
(USANYS)
[Contractor]
<[Garrett.Lynch@usdoj.gov](mailto:Garrett.Lynch@usdoj.gov)>;
Heberlig,
Brian
<[BHeberlig@steptoe.com](mailto:BHeberlig@steptoe.com)>;
Krouse,

Michael (USANYS) <[Michael.Krouse@usdoj.gov](mailto:Michael.Krouse@usdoj.gov)>

**Subject:** RE: Order in 18cr224

Counsel,

Attached please find a third Order from Judge Nathan that will appear on the docket on Monday. Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

**From:**
Nathan
NYSD
Chambers
**Sent:**
Sunday,
March
8,
2020
4:04
PM
**To:**
'Kim,
Jane
(USANYS)
4'
<Jane.Kim@usdoj.gov>;
'Lake,
Stephanie
(USANYS)'
<Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>;
'Fragale,
David'
<DFragale@steptoe.com>;
'Levin,
Michelle'
<mlevin@steptoe.com>;
'Silverman,
Nicholas'
<nsilverman@steptoe.com>;
'Weingarten,
Reid'
<RWeingarten@steptoe.com>;
'Lynch,
Garrett'
<LynchG@dany.nyc.gov>;
'Lynch,
Garrett
(USANYS)
[Contractor]'
<Garrett.Lynch@usdoj.gov>;
'Heberlig,
Brian'

<BHeberlig@steptoe.com>;
'Krouse,
Michael
(USANYS)'
<Michael.Krouse@usdoj.gov>
**Subject:**
RE:
Order
in
18cr224

Counsel,

Attached
please
find
another
Order
from
Judge
Nathan
that
will
appear
on
the
docket
on
Monday.
Please
confirm
receipt.

Sincerely,
Alyssa
O'Gallagher
Law
Clerk
to
the
Hon.
Alison
J.
Nathan

**From:**
Nathan
NYSD
Chambers
**Sent:**
Sunday,
March
8,
2020
12:48
PM
**To:**
Kim,
Jane
(USANYS)
4
<[Jane.Kim@usdoj.gov](mailto:Jane.Kim@usdoj.gov)>;
Lake,
Stephanie
(USANYS)
<[Stephanie.Lake@usdoj.gov](mailto:Stephanie.Lake@usdoj.gov)>;
Bbishop_steptoe.com
<[Bbishop@steptoe.com](mailto:Bbishop@steptoe.com)>;
Fragale,
David
<[DFragale@steptoe.com](mailto:DFragale@steptoe.com)>;
Levin,
Michelle
<[mlevin@steptoe.com](mailto:mlevin@steptoe.com)>;
Silverman,
Nicholas
<[nsilverman@steptoe.com](mailto:nsilverman@steptoe.com)>;
Weingarten,
Reid
<[RWeingarten@steptoe.com](mailto:RWeingarten@steptoe.com)>;
Lynch,
Garrett
<[LynchG@dany.nyc.gov](mailto:LynchG@dany.nyc.gov)>;
Lynch,
Garrett
(USANYS)
[Contractor]
<[Garrett.Lynch@usdoj.gov](mailto:Garrett.Lynch@usdoj.gov)>;
Heberlig,
Brian

<[BHeberlig@steptoe.com](mailto:BHeberlig@steptoe.com)>;
Krouse,
Michael
(USANYS)
<[Michael.Krouse@usdoj.gov](mailto:Michael.Krouse@usdoj.gov)>
**Subject:**
RE:
Order
in
18cr224

Counsel,

Please
confirm
receipt
of
this
Order.

Sincerely,
Alyssa
O'Gallagher
Law
Clerk
to
the
Hon.
Alison
J.
Nathan

**From:**
Nathan
NYSD
Chambers
**Sent:**
Sunday,
March
8,
2020
12:41
PM
**To:**

Kim,
Jane
(USANYS)
4
<Jane.Kim@usdoj.gov>;
Lake,
Stephanie
(USANYS)
<Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>;
Fragale,
David
<DFragale@steptoe.com>;
Levin,
Michelle
<mlevin@steptoe.com>;
Silverman,
Nicholas
<nsilverman@steptoe.com>;
Weingarten,
Reid
<RWeingarten@steptoe.com>;
Lynch,
Garrett
<LynchG@dany.nyc.gov>;
Lynch,
Garrett
(USANYS)
[Contractor]
<Garrett.Lynch@usdoj.gov>;
Heberlig,
Brian
<BHeberlig@steptoe.com>;
Krouse,
Michael
(USANYS)
<Michael.Krouse@usdoj.gov>
**Subject:**
Order
in
18cr224

Counsel,

Attached
please
find
an
Order
from
Judge
Nathan
that
will
appear
on
the
docket
on
Monday.

Sincerely,
Alyssa
O'Gallagher
Law
Clerk
to
the
Hon.
Alison
J.
Nathan

<18cr224 Order
3.9.20.pdf>

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 40

| | |
|---|---|
| **From:** | Strauss, Audrey (USANYS) |
| **To:** | Crowley, Shawn (USANYS); Birger, Laura (USANYS) |
| **Cc:** | Bove, Emil (USANYS) |
| **Subject:** | RE: Order in 18cr224 |
| **Date:** | Monday, March 9, 2020 9:49:14 AM |

Yes.

---

**From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Sent:** Monday, March 9, 2020 9:44 AM
**To:** Birger, Laura (USANYS) <LBirger@usa.doj.gov>; Strauss, Audrey (USANYS) <AStrauss@usa.doj.gov>
**Cc:** Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Subject:** Re: Order in 18cr224

We just left court. Are you available to discuss briefly? Thanks.


On Mar 9, 2020, at 8:31 AM, Birger, Laura (USANYS) <LBirger@usa.doj.gov> wrote:


Ok. I'd come too but I am still on this stopped train.


On Mar 9, 2020, at 8:30 AM, Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov> wrote:


No problem. I spoke to her. I think she appreciated the heads up, but also made clear that this morning is going to be unpleasant. She asked if we were aware of the disclosure issues. I assured her that we are and have been working with the team on them all weekend. I also said we'd be in court this morning and she said something like "yes I'd hope so." It seems important to her that this has been elevated.


On Mar 9, 2020, at 8:09 AM, Birger, Laura (USANYS) <LBirger@usa.doj.gov> wrote:


Thanks.   I'm so sorry.


On Mar 9, 2020, at 8:08 AM, Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov> wrote:

No problem. Will call now

> On Mar 9, 2020, at 8:03 AM,
> Birger, Laura (USANYS)
> <LBirger@usa.doj.gov> wrote:
>
>> I am stuck on a train.  This is not a
>> call I want to make from the train,
>> both due to sensitivity and
>> connection problems.  At this
>> point, I don't see how I can get to
>> a place from which I can call
>> before an 8:30 appearance.   I'm
>> so sorry but can one of you call?
>> Just say you are her supervisor
>> and you wanted the court to
>> know why she isn't there.
>>
>>> On Mar 9, 2020, at
>>> 6:56 AM, Crowley,
>>> Shawn (USANYS)
>>> <SCrowley@usa.doj.gov>
>>> wrote:
>>>
>>>> For timing purposes,
>>>> Judge Nathan issued
>>>> this order saying we
>>>> are starting this
>>>> morning at 8:30 and
>>>> should be prepared
>>>> to address a
>>>> representation we
>>>> made in an earlier
>>>> filing.
>>>>
>>>> Begin forwarded
>>>> message:

**From:**
"Kim,
Jane
(USANYS)
4"
<JKim4@usa.doj.gov>
**Date:**
March
9, 2020
at
5:48:11
AM
EDT
**To:**
"Bove,
Emil
(USANYS)"
<EBove@usa.doj.gov>,
"Crowley,
Shawn
(USANYS)"
<SCrowley@usa.doj.gov>
**Cc:**
"Krouse,
Michael
(USANYS)"
<MKrouse@usa.doj.gov>
**Subject:**
**Fwd:**
**Order**
**in**
**18cr224**

Begin
forwarded
message:

**From:**
Nathan
NYSD
Chambers
<NathanNYSDChambers@nysd.uscourts.gov>

**Date:**
March
9,
2020
at
1:08:53
AM
EDT
**To:**
"Kim,
Jane
(USANYS)
4"
<Jane.Kim@usdoj.gov>,
"Lake,
Stephanie
(USANYS)"
<Stephanie.Lake@usdoj.gov>,
"Bbishop_steptoe.com"
<Bbishop@steptoe.com>,
"Fragale,
David"
<DFragale@steptoe.com>,
"Levin,
Michelle"
<mlevin@steptoe.com>,
"Silverman,
Nicholas"
<nsilverman@steptoe.com>,
"Weingarten,
Reid"
<RWeingarten@steptoe.com>,
"Lynch,
Garrett"
<LynchG@dany.nyc.gov>,
"Lynch,
Garrett
(USANYS)
[Contractor]"
<Garrett.Lynch@usdoj.gov>,
"Heberlig,
Brian"
<BHeberlig@steptoe.com>,
"Krouse,
Michael

(USANYS)"
<[Michael.Krouse@usdoj.gov](mailto:Michael.Krouse@usdoj.gov)>
**Subject:**
**RE:**
**Order**
**in**
**18cr224**

Counsel,

Attached
please
find
an
Order
from
Judge
Nathan
that
will
appear
on
the
docket
today.
Please
confirm
receipt.

Sincerely,
Alyssa
O'Gallagher
Law
Clerk
to
the
Hon.
Alison
J.
Nathan

**From:**
Nathan
NYSD
Chambers

**Sent:**
Sunday,
March
8,
2020
9:42
PM
**To:**
Kim,
Jane
(USANYS)
4
<Jane.Kim@usdoj.gov>;
Lake,
Stephanie
(USANYS)
<Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>;
Fragale,
David
<DFragale@steptoe.com>;
Levin,
Michelle
<mlevin@steptoe.com>;
Silverman,
Nicholas
<nsilverman@steptoe.com>;
Weingarten,
Reid
<RWeingarten@steptoe.com>;
Lynch,
Garrett
<LynchG@dany.nyc.gov>;
Lynch,
Garrett
(USANYS)
[Contractor]
<Garrett.Lynch@usdoj.gov>;
Heberlig,
Brian
<BHeberlig@steptoe.com>;
Krouse,
Michael
(USANYS)

<Michael.Krouse@usdoj.gov>

**Subject:**
RE: Order in 18cr224

Counsel,

Attached please find another Order from Judge Nathan that will appear on the docket on Monday. Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

**From:** Nathan NYSD

Chambers

**Sent:**
Sunday,
March
8,
2020
9:06
PM

**To:**
'Kim,
Jane
(USANYS)
4'
<Jane.Kim@usdoj.gov>;
'Lake,
Stephanie
(USANYS)'
<Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>;
'Fragale,
David'
<DFragale@steptoe.com>;
'Levin,
Michelle'
<mlevin@steptoe.com>;
'Silverman,
Nicholas'
<nsilverman@steptoe.com>;
'Weingarten,
Reid'
<RWeingarten@steptoe.com>;
'Lynch,
Garrett'
<LynchG@dany.nyc.gov>;
'Lynch,
Garrett
(USANYS)
[Contractor]'
<Garrett.Lynch@usdoj.gov>;
'Heberlig,
Brian'
<BHeberlig@steptoe.com>;
'Krouse,
Michael

(USANYS)'
<[Michael.Krouse@usdoj.gov](mailto:Michael.Krouse@usdoj.gov)>
**Subject:**
RE:
Order
in
18cr224

Counsel,

Attached
please
find
another
Order
from
Judge
Nathan
that
will
appear
on
the
docket
on
Monday.
Please
confirm
receipt.

Sincerely,
Alyssa
O'Gallagher
Law
Clerk
to
the
Hon.
Alison
J.
Nathan

**From:**
Nathan

NYSD
Chambers
**Sent:**
Sunday,
March
8,
2020
5:01
PM
**To:**
Kim,
Jane
(USANYS)
4
<[Jane.Kim@usdoj.gov](mailto:Jane.Kim@usdoj.gov)>;
Lake,
Stephanie
(USANYS)
<[Stephanie.Lake@usdoj.gov](mailto:Stephanie.Lake@usdoj.gov)>;
[Bbishop_steptoe.com](mailto:Bbishop_steptoe.com)
<[Bbishop@steptoe.com](mailto:Bbishop@steptoe.com)>;
Fragale,
David
<[DFragale@steptoe.com](mailto:DFragale@steptoe.com)>;
Levin,
Michelle
<[mlevin@steptoe.com](mailto:mlevin@steptoe.com)>;
Silverman,
Nicholas
<[nsilverman@steptoe.com](mailto:nsilverman@steptoe.com)>;
Weingarten,
Reid
<[RWeingarten@steptoe.com](mailto:RWeingarten@steptoe.com)>;
Lynch,
Garrett
<[LynchG@dany.nyc.gov](mailto:LynchG@dany.nyc.gov)>;
Lynch,
Garrett
(USANYS)
[Contractor]
<[Garrett.Lynch@usdoj.gov](mailto:Garrett.Lynch@usdoj.gov)>;
Heberlig,
Brian
<[BHeberlig@steptoe.com](mailto:BHeberlig@steptoe.com)>;
Krouse,

Michael
(USANYS)
<[Michael.Krouse@usdoj.gov](mailto:Michael.Krouse@usdoj.gov)>
**Subject:**
RE:
Order
in
18cr224

Counsel,

Attached
please
find
a
third
Order
from
Judge
Nathan
that
will
appear
on
the
docket
on
Monday.
Please
confirm
receipt.

Sincerely,
Alyssa
O'Gallagher
Law
Clerk
to
the
Hon.
Alison
J.
Nathan

**From:**
Nathan
NYSD
Chambers
**Sent:**
Sunday,
March
8,
2020
4:04
PM
**To:**
'Kim,
Jane
(USANYS)
4'
<Jane.Kim@usdoj.gov>;
'Lake,
Stephanie
(USANYS)'
<Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>;
'Fragale,
David'
<DFragale@steptoe.com>;
'Levin,
Michelle'
<mlevin@steptoe.com>;
'Silverman,
Nicholas'
<nsilverman@steptoe.com>;
'Weingarten,
Reid'
<RWeingarten@steptoe.com>;
'Lynch,
Garrett'
<LynchG@dany.nyc.gov>;
'Lynch,
Garrett
(USANYS)
[Contractor]'
<Garrett.Lynch@usdoj.gov>;
'Heberlig,
Brian'

<BHeberlig@steptoe.com>;
'Krouse,
Michael
(USANYS)'
<Michael.Krouse@usdoj.gov>
**Subject:**
RE:
Order
in
18cr224

Counsel,

Attached
please
find
another
Order
from
Judge
Nathan
that
will
appear
on
the
docket
on
Monday.
Please
confirm
receipt.

Sincerely,
Alyssa
O'Gallagher
Law
Clerk
to
the
Hon.
Alison
J.
Nathan

**From:**
Nathan
NYSD
Chambers
**Sent:**
Sunday,
March
8,
2020
12:48
PM
**To:**
Kim,
Jane
(USANYS)
4
<Jane.Kim@usdoj.gov>;
Lake,
Stephanie
(USANYS)
<Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>;
Fragale,
David
<DFragale@steptoe.com>;
Levin,
Michelle
<mlevin@steptoe.com>;
Silverman,
Nicholas
<nsilverman@steptoe.com>;
Weingarten,
Reid
<RWeingarten@steptoe.com>;
Lynch,
Garrett
<LynchG@dany.nyc.gov>;
Lynch,
Garrett
(USANYS)
[Contractor]
<Garrett.Lynch@usdoj.gov>;
Heberlig,
Brian

<[BHeberlig@steptoe.com](mailto:BHeberlig@steptoe.com)>;
Krouse,
Michael
(USANYS)
<[Michael.Krouse@usdoj.gov](mailto:Michael.Krouse@usdoj.gov)>

**Subject:**
RE:
Order
in
18cr224

Counsel,

Please
confirm
receipt
of
this
Order.

Sincerely,
Alyssa
O'Gallagher
Law
Clerk
to
the
Hon.
Alison
J.
Nathan

**From:**
Nathan
NYSD
Chambers
**Sent:**
Sunday,
March
8,
2020
12:41
PM
**To:**

Kim,
Jane
(USANYS)
4
<Jane.Kim@usdoj.gov>;
Lake,
Stephanie
(USANYS)
<Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>;
Fragale,
David
<DFragale@steptoe.com>;
Levin,
Michelle
<mlevin@steptoe.com>;
Silverman,
Nicholas
<nsilverman@steptoe.com>;
Weingarten,
Reid
<RWeingarten@steptoe.com>;
Lynch,
Garrett
<LynchG@dany.nyc.gov>;
Lynch,
Garrett
(USANYS)
[Contractor]
<Garrett.Lynch@usdoj.gov>;
Heberlig,
Brian
<BHeberlig@steptoe.com>;
Krouse,
Michael
(USANYS)
<Michael.Krouse@usdoj.gov>
**Subject:**
Order
in
18cr224

Counsel,

Attached
please
find
an
Order
from
Judge
Nathan
that
will
appear
on
the
docket
on
Monday.

Sincerely,
Alyssa
O'Gallagher
Law
Clerk
to
the
Hon.
Alison
J.
Nathan

<18cr224 Order
3.9.20.pdf>

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 41

Sat                                                        3/9

Moved to preclude enforcement action     DE 248
D opposed                                 DE 250

                                   - what are we doing w/
                                     the passports
AFF
- diligence prior to court
- diligence after court            - GOI involvement
- DANY email?
          didn't verify disp       69 - Huge Farm in IRAN

- emailed/ OFAC to ask on Sunday   CX - walk through Loan
/called                                   contracts email

News seen 6 x 411          I couldn't   Reb "Obama changed the
                           print               world"

                                          CISADA

                                   86 - Many banks have gotten
                                        clobbered

.involvemnt

- diligence ff
- renewed 6x  9/11 , not seen b/f _____ unaware of te eport
- did you comn  w/ OFAC as desc.

4

Pretrial                                    Emails
Asylum   +/-                                Passport   [Obama not enough]
Removal proceedings/ marries 18 yo                     [ to do Iran ppT)
                    Marriage fraud
Fees for 1 hr   50 trips  b/w 2010 - 2012
Green card

Pilatus - revoked Nov 18                    OFAC designated  for CICADA
Malta  for plan

charges brought in SDNY culmination decades long inv.

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 42

**From:** Laroche, Matthew (USANYS)
**To:** Bove, Emil (USANYS); Crowley, Shawn (USANYS)
**Subject:** OFAC Emails
**Date:** Monday, March 9, 2020 10:27:44 AM
**Attachments:** RE Case.msg.msg
   .msg.msg
   RE Sadr.msg.msg

These are the only three emails I could find re OFAC.  The first one is what I mentioned but I can't find any follow-up after that one.

| **From:** | Michael.Dondarski@treasury.gov |
| **To:** | LynchG@dany.nyc.gov |
| **Cc:** | Laroche, Matthew (USANYS); Ethan.Walpole@treasury.gov; Rosanna.Wells@treasury.gov |
| **Subject:** | RE: Case |
| **Date:** | Tuesday, September 26, 2017 4:00:00 PM |

Garrett,

Thanks again for speaking last week and for passing along the slide deck. I'm copying Ethan Walpole and Rosie Wells from OFAC Enforcement on this email so they can coordinate with you on next steps or follow-up with any questions they have.

Best,

Mike

**From:** Lynch, Garrett [mailto:LynchG@dany.nyc.gov]
**Sent:** Friday, September 22, 2017 3:12 PM
**To:** Dondarski, Michael
**Cc:** Laroche, Matthew (USANYS)
**Subject:** Case

Michael,

Thanks for the call yesterday. As always, great to chat with you. Attached is the powerpoint I mentioned which gives a rough sketch of the case, the players, and the evidence. Obviously, it's the tip of the iceberg – we're happy to share more information, records, etc.

Have a great weekend. Who know…maybe you'll be a father the next time we speak!

Garrett A. Lynch
Deputy Bureau Chief
Major Economic Crimes Bureau
New York County District Attorney's Office
(212) 335-4335
lynchg@dany.nyc.gov

This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

**From:**   Lynch, Garrett
**To:**   DeFilippis, Andrew (USANYS); Laroche, Matthew (USANYS)
**Date:**   Thursday, March 28, 2019 12:31:50 PM

FYI – I just spoke to a guy I know who's the director of enforcement at OFAC to run by him the arguments they raise in their first motion about the applicability of the ITSR language (in effect at the time) to the conduct here. Confirmed the thoughts I had – we can chat whenever you guys have a chance.

Garrett A. Lynch

Deputy Bureau Chief

Major Economic Crimes Bureau

New York County District Attorney's Office

(212) 335-4335

lynchg@dany.nyc.gov

This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

| | |
|---|---|
| **From:** | Denton, David (USANYS) |
| **To:** | Laroche, Matthew (USANYS); DeFilippis, Andrew (USANYS) |
| **Cc:** | Kim, Jane (USANYS) 4; Krouse, Michael (USANYS) |
| **Subject:** | RE: Sadr |
| **Date:** | Monday, June 24, 2019 9:52:39 AM |

Figured that they weren't licensed, we just had an issue come up during Atilla jury deliberations about the proof on the lack of licenses, so it's probably just worth asking OFAC to write us one of those letters, and we can have Lisa Palluconi or whoever ends up being our OFAC witness offer it as an official record.

**From:** Laroche, Matthew (USANYS)
**Sent:** Monday, June 24, 2019 9:49 AM
**To:** DeFilippis, Andrew (USANYS) ; Denton, David (USANYS)
**Cc:** Kim, Jane (USANYS) 4 ; Krouse, Michael (USANYS)
**Subject:** RE: Sadr

Also, if the question is whether the relevant entities ever got licenses, they didn't. But if you're looking for something formal from OFAC on the shared, we don't have it.

**From:** Laroche, Matthew (USANYS)
**Sent:** Monday, June 24, 2019 9:40 AM
**To:** DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>; Denton, David (USANYS) <DDenton@usa.doj.gov>
**Cc:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Subject:** RE: Sadr

We had a few calls with Michael Dondarski at OFAC who is familiar with the case but I don't remember running license checks.

**From:** DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>
**Sent:** Monday, June 24, 2019 9:37 AM
**To:** Denton, David (USANYS) <DDenton@usa.doj.gov>
**Cc:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov>
**Subject:** RE: Sadr

I don't remember if we did...copying in Laroche. Matt, did we run any OFAC license checks in Sadr?

**From:** Denton, David (USANYS) <DDenton@usa.doj.gov>
**Sent:** Monday, June 24, 2019 9:31 AM
**To:** DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>
**Cc:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Subject:** Sadr

Flip,

Did you guys have OFAC run a formal license check on the various individuals/entities here? Didn't see one on the shared, but wasn't sure if I was just looking in the wrong place.

Thanks,

Dave

David W. Denton, Jr.

Assistant U.S. Attorney

U.S. Attorney's Office

Southern District of New York
(212) 637-2744

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 43

**From:**          Denton, David (USANYS)
**To:**            Bove, Emil (USANYS); Crowley, Shawn (USANYS)
**Subject:**       OFAC Comms re Sadr
**Date:**          Monday, March 9, 2020 10:30:36 AM
**Attachments:**   RE OFAC Witness Help - SDNY Nejad Prosecution.msg.msg
                   Resume.msg.msg
                   RE OFAC Witness Help - SDNY Nejad Prosecution.msg.msg
                   RE OFAC Witness Help - SDNY Nejad Prosecution.msg.msg
                   RE OFAC Witness Help - SDNY Nejad Prosecution.msg.msg
                   FW OFAC Witness Help - SDNY Nejad Prosecution.msg.msg
                   RE OFAC Witness Help - SDNY Nejad Prosecution.msg.msg
                   RE OFAC Witness Help - SDNY Nejad Prosecution.msg.msg
                   Re OFAC Witness Help - SDNY Nejad Prosecution.msg.msg
                   OFAC Witness Help - SDNY Nejad Prosecution.msg.msg
                   RE OFAC Witness Help.msg.msg
                   OFAC.msg.msg

Attached are my emails with OFAC, which are all ministerial related to getting a formal license check and trial witness.  I had one call with Frank Swerda and Maria van Wagenberg just to explain what we were looking for in terms of testimony, and referencing the testimony Lisa Pallucconi gave in the Atilla trial as an example, without discussing particulars of entities or regs, which is reflected in a short summary email to the team also attached.  I left the team at the end of July before a license check request was sent, so I don't know exactly what was asked for there.


David W. Denton, Jr.
Assistant U.S. Attorney
U.S. Attorney's Office
Southern District of New York
(212) 637-2744

| | |
|---|---|
| **From:** | Samantha.Sultoon@treasury.gov |
| **To:** | Denton, David (USANYS) |
| **Cc:** | MariaHelene.VanWagenberg@treasury.gov |
| **Subject:** | RE: OFAC Witness Help - SDNY Nejad Prosecution |
| **Date:** | Friday, January 3, 2020 2:58:41 PM |

David –

My colleagues had been in touch with you regarding your request to have an OFAC witness testify on various regulations in the prosecution of Hashemi Nejad. I understand that the trial has been delayed. As we have had some personnel changes, I wanted to check with you regarding the schedule for the trial before reassigning staff to assist. Also, can you kindly confirm the anticipated location of the trial?

Thank you,

Samantha

*Samantha Sultoon*
*Section Chief, Enforcement*
*Office of Foreign Assets Control (OFAC)*
*U.S. Department of the Treasury*
*Samantha.Sultoon@treasury.gov*

**From:** Denton, David (USANYS) <David.Denton@usdoj.gov>
**Sent:** Thursday, July 18, 2019 10:18 AM
**To:** Malec, Julie <Julie.Malec@treasury.gov>
**Cc:** David.Denton@usdoj.gov <'David.Denton@usdoj.gov'>; Van Wagenberg, Maria-Helene <MariaHelene.VanWagenberg@treasury.gov>
**Subject:** Re: OFAC Witness Help - SDNY Nejad Prosecution

Sure. The trial is scheduled to start October 21, and while I can't be that precise, I think it's safe to say that the OFAC witness will be on in the first week. Happy to jump on a call today or tomorrow if it would help to just explain a little more of the lay of the land.

David W. Denton, Jr.
Assistant U.S. Attorney
Southern District of New York
(212) 637-2744

On Jul 18, 2019, at 10:15 AM, "Julie.Malec@treasury.gov" <Julie.Malec@treasury.gov> wrote:

David

Do you have any rough estimate of a timeline for testimony on this matter?

Julie M. Malec
Acting Assistant Director for Enforcement
Office of Foreign Assets Control
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220
202.622.1984
Julie.Malec@treasury.gov (unclassified)

malecj@tsdn.treasury.sgov.gov (SIPR)

malecj@treasury.ic.gov (JWICS)

**From:** Van Wagenberg, Maria-Helene <MariaHelene.VanWagenberg@treasury.gov>
**Sent:** Wednesday, July 17, 2019 3:12 PM
**To:** Malec, Julie <Julie.Malec@treasury.gov>; Miremadi, Kaveh <Kaveh.Miremadi@treasury.gov>;
Wells, Rosanna <Rosanna.Wells@treasury.gov>
**Cc:** <David.Denton@usdoj.gov>
**Subject:** OFAC Witness Help - SDNY Nejad Prosecution

Hi Julie, Kaveh, and Rosie,

I'm putting you in touch with Dave Denton, an AUSA in the SDNY (copied here), who has asked about
a potential OFAC witness for their prosecution of Ali Sadr Hashemi Nejad for sanctions violations:
https://www.justice.gov/opa/pr/iranian-national-arrested-scheme-evade-us-economic-sanctions-
illicitly-sending-more-115. I think SDNY will be asking ENF to run a license check on the various
entities and people involved (SDNY had previously been in touch with Mike Dondarski and confirmed
that there were no licenses in place, but still needs to obtain a formal license check), as well as for an
OFAC witness to testify on the various regulations. I'll let Dave follow up with you on the specifics,
but please feel free to keep us looped in to the extent our legal authorities are involved. Thanks all!

Best regards,

Maria

Maria H. van Wagenberg
Attorney-Advisor
Office of the Chief Counsel (Foreign Assets Control)
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, DC 20220
Email: mariahelene.vanwagenberg@treasury.gov
Tel: 202-622-2070

------

This message is from an attorney and may contain information that is legally privileged. If you are not the intended recipient,
please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete
this e-mail from your system. Thank you for your cooperation.

| | |
|---|---|
| **From:** | Frank.Swerda@treasury.gov |
| **To:** | Denton, David (USANYS) |
| **Subject:** | Resume |
| **Date:** | Friday, July 26, 2019 3:37:41 PM |
| **Attachments:** | swerda resume.pdf |

Mr. Denton, as requested, please find my resume attached. This is from USAJobs – let me know if you need something formatted a bit more formally.

Thank you,

Frank

Frank Swerda

Enforcement Officer

Office of Foreign Assets Control

U.S. Department of the Treasury

1500 Pennsylvania Avenue, N.W.

Washington, D.C. 20220

202-622-0092

frank.swerda@treasury.gov

**Frank T Swerda**
250 Thumper Drive
Ranson, WV  25438 United States
Mobile: 240-604-7721  - Ext:
Evening Phone: 304-724-6698 - Ext:
Email: frankswerda@gmail.com

**Availability:**
**Job Type:** Permanent
**Work Schedule:** Full-Time

---

**Desired locations:**
United States - DC United States - MD - Montgomery County

---

**Work Experience:**
**Office of Foreign Assets Control**
1500 Pennsylvania Ave
Washington DC, DC   20220 United States

**01/2018 - Present**
**Salary:** 122,310.00  USD Per Year
**Hours per week:** 40
**Series:** 1801 **Pay Plan:** GS **Grade:** 13
**Enforcement Officer** (This is a federal job)
**Duties, Accomplishments and Related Skills:**
As an Enforcement Officer with the Office of Foreign Assets Control (OFAC), I conduct a wide variety of investigations of possible violations of the economic sanctions programs administered by OFAC. I compile and analyze information collected during the course of investigations and make oral and written recommendations with respect to the proper disposition of cases. I coordinate with persons in the Intelligence Community, Federal Law Enforcement, and other Divisions within OFAC, including Licensing, Compliance, Counter-Narcotics and Trans-national Threats, and Policy, to ensure that related matters are handled in a coordinated and holistic manner. I manage negotiations between OFAC and potential sanctions violators regarding settlements of civil liability and the administration of other penalties. I represent OFAC and the Office of Enforcement by participation in meetings with potential violators, targets or other companies, as well as industry representatives. I frequently speak at public and U.S. government-sponsored training events concerning OFAC's enforcement program.

I have received the highest poss ble performance evaluation every year since joining OFAC, and was awarded Employee of the Year in 2015.

I currently hold a U.S. Government clearance at the TS/SCI level, re-certified on March 13, 2017.

---

**Office of Foreign Assets Control**
1500 Pennsylvania Ave. NW
Washington DC, DC   20220 United States

**06/2010 - 01/2018**
**Salary:** 113,755.00  USD Per Year
**Hours per week:** 40
**Pay Plan:** GS **Grade:** 13
**Sanctions Licensing Officer** (This is a federal job)
**Duties, Accomplishments and Related Skills:**
As a Sanctions Licensing Officer for the Office of Foreign Assets Control (OFAC), I reviewed and analyzed complex transactional matters from the public, the U.S. Government and the Intelligence Community. I worked closely with the various divisions of OFAC, including Enforcement, Compliance, and Chief Counsel's Office, to apply the appropriate licensing, foreign policy, and national security principles to each case.

While my primary focus was the Iranian sanctions program, I also handled cases from nearly every program administered by OFAC, including the North Korean, Sudanese, Syrian and Cuban sanctions regulations, as well as those programs related to the control of the proliferation of weapons of mass destruction and the targeting of global terrorist organizations. My duties included the preparation of specific authorizations, denials, and interpretive guidance related to the exportation, re-exportation, or transfer of goods, services and technology to countries or entities sanctioned by the United States. In addition, I provided subject matter expertise for cases involving information technology, telecommunications, and other related technical matters. I provided guidance for the drafting and implementation of general licenses and other regulatory changes and amendments to the Iranian Transactions and Sanctions Regulations. I provided sanctions training and education to the general public via U.S. Government-sponsored seminars and performed outreach via speaking engagements with industry trade groups in Washington, DC. I provided analysis to senior officials, both within OFAC and other U.S. Government agencies, and frequently coordinated with the U.S. State Department to obtain foreign policy guidance related to complex transactions under review by OFAC. I provided subject matter expertise and investigations assistance to OFAC's Enforcement and targeting divisions, as well as intra- and inter-agency intelligence operations and agencies.

I have received the highest poss ble performance evaluation every year since joining OFAC, and was awarded Employee of the Year in 2015.

I currently hold a U.S. Government clearance at the TS/SCI level, re-certified on March 13, 2017.
**Supervisor:** Jeanette Miller (202-622-2480)
**Okay to contact this Supervisor:** Yes

---

**International Business Machines (IBM)**
1301 K Street, NW
Washington DC, DC   20005 United States

**07/2004 - 06/2010**
**Salary:** 90,000.00  USD Per Year
**Hours per week:** 50
**Governmental Programs Executive - Export Regulation Office**
**Duties, Accomplishments and Related Skills:**

Provided policy guidance to IBM business units worldwide on compliance with US Export Regulations. Acted as focal point for Europe, Middle East, and Africa compliance programs and implementation. Conducted worldwide export compliance reviews and support visits for IBM's overseas branches, subsidiaries, and holdings. Directed and maintained IBM's compliance with the US Treasury Department Office of Foreign Assets Control (OFAC) regulations. Prepared and submitted license requests to the U.S. Commerce Department's Bureau of Industry and Security (BIS), OFAC, and the US State Department's Directorate of Defense Trade Controls (DDTC). Prepared and submitted Commodity Jurisdiction Requests to DDTC. Ensured continued compliance with all provisos, license conditions, and Security and Safeguard Protocols for all authorizations as applicable. Directed and maintained compliance with US Anti-Boycott Regulations found in both the Export Administration Regulations and the US Treasury Department tax code, including all related reporting. Prepared and submitted Commodity Classification requests, for both hardware and software, to the US Department of Commerce, Bureau of Industry and Security (BIS). Prepared and submitted semi-annual cryptographic delivery reports as required by BIS. Performed due diligence on acquisitions and divestitures to ensure compliance with US export regulations. Served as an Empowered Official of the IBM Corporation and held a US Government Secret Clearance.
**Supervisor:** Edward Bond (202-551-9315)
**Okay to contact this Supervisor:** Contact me first

---

**International Business Machines (IBM)**
1301 K Street, NW
Suite 1200
Washington DC, DC   20005 United States

**12/1996 - 07/2004**
**Salary:** 75,000.00  USD Per Year
**Hours per week:** 50
**Technology Specialist**
**Duties, Accomplishments and Related Skills:**
Provided Information Technology infrastructure support for the IBM Governmental Programs (GP) Office, reporting directly to the GP Vice President. Acted as IT procurement officer and IT strategy director for the GP function. Provided network and database administration for the GP Office. Developed reporting tools to generate required lobbying disclosure reports. Developed and maintained databases, collaborative applications, and other tools to support GP, as well as specific initiatives from the IBM CEO. Developed and maintained websites for the Global GP Function. Provided graphics and multimedia support for the Global GP Function. Planned and managed IT support for worldwide events and on Capitol Hill.

---

**Education:**
**University of Maryland University College** College Park, MD  United States
Some College Coursework Completed 05/2010

**Major:** Business

---

**Job Related Training:**
Completed both government-sponsored and private training relative to compliance with the Export Administration Regulations, the International Traffic in Arms Regulations, and related subjects. Training has included various public and private sector sponsored seminars, as well as internal U.S. Government training relevant to my positions as a Sanctions Licensing Officer and an Enforcement Officer.

---

**References:**

| Name | Employer | Title | Phone | Email |
|------|----------|-------|-------|-------|
| Marcus Pressl | Orbital Sciences Corporation | Sr. Principal Engineer | 304-945-3489 | mpressl@gmail.com |
| Edward Bond (*) | IBM | Director, Export Regulation Office | 202-251-7918 | edbond@us.ibm.com |

(*) Indicates professional reference

| | |
|---|---|
| **From:** | Frank.Swerda@treasury.gov |
| **To:** | Denton, David (USANYS); MariaHelene.VanWagenberg@treasury.gov |
| **Subject:** | RE: OFAC Witness Help - SDNY Nejad Prosecution |

Dial in numbers*:

Country

Local/Toll Number

Freephone/Toll Free Number

USA

1-202-927-2255

866-341-2255

Passcodes:

Participant: 708787

| From: | Frank.Swerda@treasury.gov |
|---|---|
| To: | Denton, David (USANYS) |
| Cc: | MariaHelene.VanWagenberg@treasury.gov |
| Subject: | RE: OFAC Witness Help - SDNY Nejad Prosecution |
| Date: | Wednesday, July 24, 2019 3:20:10 PM |

David, thanks. I think that works for us. I'll send an invitation.

Frank

**From:** Denton, David (USANYS)
**Sent:** Wednesday, July 24, 2019 1:38 PM
**To:** Swerda, Frank
**Cc:** Van Wagenberg, Maria-Helene
**Subject:** RE: OFAC Witness Help - SDNY Nejad Prosecution

That's fine – can we talk at 930 or 10 tomorrow?

**From:** Frank.Swerda@treasury.gov <Frank.Swerda@treasury.gov>
**Sent:** Wednesday, July 24, 2019 1:31 PM
**To:** Denton, David (USANYS) <DDenton@usa.doj.gov>
**Cc:** MariaHelene.VanWagenberg@treasury.gov
**Subject:** RE: OFAC Witness Help - SDNY Nejad Prosecution

David, I'm afraid my morning meetings ran long, and the afternoon subsequently became less convenient for everyone. Would you have some time tomorrow? Maria and I are both free until 2pm.

Frank

**From:** Denton, David (USANYS) <David.Denton@usdoj.gov>
**Sent:** Wednesday, July 24, 2019 8:48 AM
**To:** Swerda, Frank <Frank.Swerda@treasury.gov>
**Cc:** Van Wagenberg, Maria-Helene <MariaHelene.VanWagenberg@treasury.gov>
**Subject:** Re: OFAC Witness Help - SDNY Nejad Prosecution

Thanks Frank, this afternoon works— let me know a good time for you and I can give you a ring.

On Jul 24, 2019, at 7:54 AM, "Frank.Swerda@treasury.gov" <Frank.Swerda@treasury.gov> wrote:

Mr. Denton, Julie Malec has asked me to handle this request on behalf of OFAC Enforcement. Would you have a few minutes to discuss this week? I'm free this afternoon, tomorrow AM, and all day Friday.

Thank you,

Frank

Frank Swerda
Enforcement Officer
Office of Foreign Assets Control
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220
202-622-0092
frank.swerda@treasury.gov

**From:** Denton, David (USANYS) <David.Denton@usdoj.gov>
**Sent:** Thursday, July 18, 2019 10:18 AM
**To:** Malec, Julie <Julie.Malec@treasury.gov>
**Cc:** David.Denton@usdoj.gov <'David.Denton@usdoj.gov'>; Van Wagenberg, Maria-Helene <MariaHelene.VanWagenberg@treasury.gov>
**Subject:** Re: OFAC Witness Help - SDNY Nejad Prosecution

Sure. The trial is scheduled to start October 21, and while I can't be that precise, I think it's safe to say that the OFAC witness will be on in the first week. Happy to jump on a call today or tomorrow if it would help to just explain a little more of the lay of the land.

David W. Denton, Jr.
Assistant U.S. Attorney
Southern District of New York
(212) 637-2744

On Jul 18, 2019, at 10:15 AM, "Julie.Malec@treasury.gov" <Julie.Malec@treasury.gov> wrote:

David

Do you have any rough estimate of a timeline for testimony on this matter?

Julie M. Malec
Acting Assistant Director for Enforcement
Office of Foreign Assets Control
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220
202.622.1984
Julie.Malec@treasury.gov (unclassified)
malecj@tsdn.treasury.sgov.gov (SIPR)
malecj@treasury.ic.gov (JWICS)

**From:** Van Wagenberg, Maria-Helene <MariaHelene.VanWagenberg@treasury.gov>
**Sent:** Wednesday, July 17, 2019 3:12 PM
**To:** Malec, Julie <Julie.Malec@treasury.gov>; Miremadi, Kaveh <Kaveh.Miremadi@treasury.gov>; Wells, Rosanna <Rosanna.Wells@treasury.gov>
**Cc:** <David.Denton@usdoj.gov>
**Subject:** OFAC Witness Help - SDNY Nejad Prosecution

Hi Julie, Kaveh, and Rosie,

I'm putting you in touch with Dave Denton, an AUSA in the SDNY (copied here), who has asked about a potential OFAC witness for their prosecution of Ali Sadr Hashemi Nejad for sanctions violations: https://www.justice.gov/opa/pr/iranian-national-arrested-scheme-evade-us-economic-sanctions-illicitly-sending-more-115. I think SDNY will be asking ENF to run a license check on the various entities and people involved (SDNY had previously been in touch with Mike Dondarski and confirmed that there were no licenses in place, but still needs to obtain a formal license check), as well as for an OFAC witness to testify on the various regulations. I'll let Dave follow up with you on the specifics, but please feel free to keep us looped in to the extent our legal authorities are involved. Thanks all!

Best regards,

Maria

Maria H. van Wagenberg

Attorney-Advisor

Office of the Chief Counsel (Foreign Assets Control)

U.S. Department of the Treasury

1500 Pennsylvania Avenue, N.W.

Washington, DC 20220

Email: mariahelene.vanwagenberg@treasury.gov

Tel: 202-622-2070

------

This message is from an attorney and may contain information that is legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

David W. Denton, Jr.

Assistant U.S. Attorney

Southern District of New York

(212) 637-2744

| | |
|---|---|
| **From:** | Frank.Swerda@treasury.gov |
| **To:** | Denton, David (USANYS) |
| **Cc:** | MariaHelene.VanWagenberg@treasury.gov |
| **Subject:** | RE: OFAC Witness Help - SDNY Nejad Prosecution |
| **Date:** | Wednesday, July 24, 2019 1:32:12 PM |

David, I'm afraid my morning meetings ran long, and the afternoon subsequently became less convenient for everyone. Would you have some time tomorrow? Maria and I are both free until 2pm.

Frank

**From:** Denton, David (USANYS)
**Sent:** Wednesday, July 24, 2019 8:48 AM
**To:** Swerda, Frank
**Cc:** Van Wagenberg, Maria-Helene
**Subject:** Re: OFAC Witness Help - SDNY Nejad Prosecution

Thanks Frank, this afternoon works— let me know a good time for you and I can give you a ring.


On Jul 24, 2019, at 7:54 AM, "Frank.Swerda@treasury.gov" <Frank.Swerda@treasury.gov> wrote:

Mr. Denton, Julie Malec has asked me to handle this request on behalf of OFAC Enforcement. Would you have a few minutes to discuss this week? I'm free this afternoon, tomorrow AM, and all day Friday.

Thank you,

Frank

Frank Swerda
Enforcement Officer
Office of Foreign Assets Control
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220
202-622-0092
frank.swerda@treasury.gov

**From:** Denton, David (USANYS) <David.Denton@usdoj.gov>
**Sent:** Thursday, July 18, 2019 10:18 AM
**To:** Malec, Julie <Julie.Malec@treasury.gov>
**Cc:** David.Denton@usdoj.gov <'David.Denton@usdoj.gov'>; Van Wagenberg, Maria-Helene <MariaHelene.VanWagenberg@treasury.gov>
**Subject:** Re: OFAC Witness Help - SDNY Nejad Prosecution

Sure. The trial is scheduled to start October 21, and while I can't be that precise, I think it's safe to say that the OFAC witness will be on in the first week. Happy to jump on a call today or tomorrow if it would help to just explain a little more of the lay of the land.

David W. Denton, Jr.
Assistant U.S. Attorney
Southern District of New York
(212) 637-2744

On Jul 18, 2019, at 10:15 AM, "Julie.Malec@treasury.gov" <Julie.Malec@treasury.gov> wrote:

David

Do you have any rough estimate of a timeline for testimony on this matter?

Julie M. Malec

Acting Assistant Director for Enforcement

Office of Foreign Assets Control

U.S. Department of the Treasury

1500 Pennsylvania Avenue, N.W.

Washington, D.C. 20220

202.622.1984

Julie.Malec@treasury.gov (unclassified)

malecj@tsdn.treasury.sgov.gov (SIPR)

malecj@treasury.ic.gov (JWICS)

**From:** Van Wagenberg, Maria-Helene <MariaHelene.VanWagenberg@treasury.gov>
**Sent:** Wednesday, July 17, 2019 3:12 PM
**To:** Malec, Julie <Julie.Malec@treasury.gov>; Miremadi, Kaveh <Kaveh.Miremadi@treasury.gov>; Wells, Rosanna <Rosanna.Wells@treasury.gov>
**Cc:** <David.Denton@usdoj.gov>
**Subject:** OFAC Witness Help - SDNY Nejad Prosecution

Hi Julie, Kaveh, and Rosie,

I'm putting you in touch with Dave Denton, an AUSA in the SDNY (copied here), who has asked about a potential OFAC witness for their prosecution of Ali Sadr Hashemi Nejad for sanctions violations: https://www.justice.gov/opa/pr/iranian-national-arrested-scheme-evade-us-economic-sanctions-illicitly-sending-more-115. I think SDNY will be asking ENF to run a license check on the various entities and people involved (SDNY had previously been in touch with Mike Dondarski and confirmed that there were no licenses in place, but still needs to obtain a formal license check), as well as for an OFAC witness to testify on the various regulations. I'll let Dave follow up with you on the specifics, but please feel free to keep us looped in to the extent our legal authorities are involved. Thanks all!

Best regards,

Maria

Maria H. van Wagenberg

Attorney-Advisor

Office of the Chief Counsel (Foreign Assets Control)

U.S. Department of the Treasury

1500 Pennsylvania Avenue, N.W.

Washington, DC 20220

Email: mariahelene.vanwagenberg@treasury.gov

Tel: 202-622-2070

------

This message is from an attorney and may contain information that is legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

David W. Denton, Jr.

Assistant U.S. Attorney
Southern District of New York
(212) 637-2744

| | |
|---|---|
| **From:** | Frank.Swerda@treasury.gov |
| **To:** | Denton, David (USANYS) |
| **Cc:** | MariaHelene.VanWagenberg@treasury.gov |
| **Subject:** | FW: OFAC Witness Help - SDNY Nejad Prosecution |
| **Date:** | Wednesday, July 24, 2019 7:54:13 AM |

Mr. Denton, Julie Malec has asked me to handle this request on behalf of OFAC Enforcement. Would you have a few minutes to discuss this week? I'm free this afternoon, tomorrow AM, and all day Friday.

Thank you,

Frank

Frank Swerda
Enforcement Officer
Office of Foreign Assets Control
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220
202-622-0092
frank.swerda@treasury.gov

**From:** Denton, David (USANYS) <David.Denton@usdoj.gov>
**Sent:** Thursday, July 18, 2019 10:18 AM
**To:** Malec, Julie <Julie.Malec@treasury.gov>
**Cc:** David.Denton@usdoj.gov <'David.Denton@usdoj.gov'>; Van Wagenberg, Maria-Helene <MariaHelene.VanWagenberg@treasury.gov>
**Subject:** Re: OFAC Witness Help - SDNY Nejad Prosecution

Sure. The trial is scheduled to start October 21, and while I can't be that precise, I think it's safe to say that the OFAC witness will be on in the first week. Happy to jump on a call today or tomorrow if it would help to just explain a little more of the lay of the land.

David W. Denton, Jr.
Assistant U.S. Attorney
Southern District of New York
(212) 637-2744

On Jul 18, 2019, at 10:15 AM, "Julie.Malec@treasury.gov" <Julie.Malec@treasury.gov> wrote:

David

Do you have any rough estimate of a timeline for testimony on this matter?

Julie M. Malec
Acting Assistant Director for Enforcement
Office of Foreign Assets Control
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220
202.622.1984

Julie.Malec@treasury.gov (unclassified)
malecj@tsdn.treasury.sgov.gov (SIPR)
malecj@treasury.ic.gov (JWICS)

**From:** Van Wagenberg, Maria-Helene <MariaHelene.VanWagenberg@treasury.gov>
**Sent:** Wednesday, July 17, 2019 3:12 PM
**To:** Malec, Julie <Julie.Malec@treasury.gov>; Miremadi, Kaveh <Kaveh.Miremadi@treasury.gov>; Wells, Rosanna <Rosanna.Wells@treasury.gov>
**Cc:** <David.Denton@usdoj.gov>
**Subject:** OFAC Witness Help - SDNY Nejad Prosecution

Hi Julie, Kaveh, and Rosie,

I'm putting you in touch with Dave Denton, an AUSA in the SDNY (copied here), who has asked about a potential OFAC witness for their prosecution of Ali Sadr Hashemi Nejad for sanctions violations: https://www.justice.gov/opa/pr/iranian-national-arrested-scheme-evade-us-economic-sanctions-illicitly-sending-more-115. I think SDNY will be asking ENF to run a license check on the various entities and people involved (SDNY had previously been in touch with Mike Dondarski and confirmed that there were no licenses in place, but still needs to obtain a formal license check), as well as for an OFAC witness to testify on the various regulations. I'll let Dave follow up with you on the specifics, but please feel free to keep us looped in to the extent our legal authorities are involved. Thanks all!

Best regards,

Maria

Maria H. van Wagenberg
Attorney-Advisor
Office of the Chief Counsel (Foreign Assets Control)
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, DC 20220
Email: mariahelene.vanwagenberg@treasury.gov
Tel: 202-622-2070

------

This message is from an attorney and may contain information that is legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

| From: | Julie.Malec@treasury.gov |
|---|---|
| To: | Denton, David (USANYS) |
| Subject: | RE: OFAC Witness Help - SDNY Nejad Prosecution |
| Date: | Thursday, July 18, 2019 10:37:19 AM |

Thanks, David. The person I have in mind is out this week on vacation, but I will circle up with him on Monday with Maria and we can plan from there.

**From:** Denton, David (USANYS)
**Sent:** Thursday, July 18, 2019 10:18 AM
**To:** Malec, Julie
**Cc:** David.Denton@usdoj.gov <'David.Denton@usdoj.gov'>; Van Wagenberg, Maria-Helene
**Subject:** Re: OFAC Witness Help - SDNY Nejad Prosecution
Sure. The trial is scheduled to start October 21, and while I can't be that precise, I think it's safe to say that the OFAC witness will be on in the first week. Happy to jump on a call today or tomorrow if it would help to just explain a little more of the lay of the land.

David W. Denton, Jr.
Assistant U.S. Attorney
Southern District of New York
(212) 637-2744

On Jul 18, 2019, at 10:15 AM, "Julie.Malec@treasury.gov" <Julie.Malec@treasury.gov> wrote:

David
Do you have any rough estimate of a timeline for testimony on this matter?
Julie M. Malec
Acting Assistant Director for Enforcement
Office of Foreign Assets Control
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220
202.622.1984
Julie.Malec@treasury.gov (unclassified)
malecj@tsdn.treasury.sgov.gov (SIPR)
malecj@treasury.ic.gov (JWICS)

**From:** Van Wagenberg, Maria-Helene <MariaHelene.VanWagenberg@treasury.gov>
**Sent:** Wednesday, July 17, 2019 3:12 PM
**To:** Malec, Julie <Julie.Malec@treasury.gov>; Miremadi, Kaveh <Kaveh.Miremadi@treasury.gov>; Wells, Rosanna <Rosanna.Wells@treasury.gov>
**Cc:** <David.Denton@usdoj.gov>
**Subject:** OFAC Witness Help - SDNY Nejad Prosecution
Hi Julie, Kaveh, and Rosie,
I'm putting you in touch with Dave Denton, an AUSA in the SDNY (copied here), who has asked about a potential OFAC witness for their prosecution of Ali Sadr Hashemi Nejad for sanctions violations:

https://www.justice.gov/opa/pr/iranian-national-arrested-scheme-evade-us-economic-sanctions-illicitly-sending-more-115. I think SDNY will be asking ENF to run a license check on the various entities and people involved (SDNY had previously been in touch with Mike Dondarski and confirmed that there were no licenses in place, but still needs to obtain a formal license check), as well as for an OFAC witness to testify on the various regulations. I'll let Dave follow up with you on the specifics, but please feel free to keep us looped in to the extent our legal authorities are involved. Thanks all!

Best regards,

Maria

Maria H. van Wagenberg

Attorney-Advisor

Office of the Chief Counsel (Foreign Assets Control)

U.S. Department of the Treasury

1500 Pennsylvania Avenue, N.W.

Washington, DC 20220

Email: mariahelene.vanwagenberg@treasury.gov

Tel: 202-622-2070

------

This message is from an attorney and may contain information that is legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

| From: | Julie.Malec@treasury.gov |
|---|---|
| To: | "David.Denton@usdoj.gov" |
| Cc: | MariaHelene.VanWagenberg@treasury.gov |
| Subject: | RE: OFAC Witness Help - SDNY Nejad Prosecution |
| Date: | Thursday, July 18, 2019 10:15:33 AM |

David

Do you have any rough estimate of a timeline for testimony on this matter?

Julie M. Malec

Acting Assistant Director for Enforcement

Office of Foreign Assets Control

U.S. Department of the Treasury

1500 Pennsylvania Avenue, N.W.

Washington, D.C. 20220

202.622.1984

Julie.Malec@treasury.gov (unclassified)

malecj@tsdn.treasury.sgov.gov (SIPR)

malecj@treasury.ic.gov (JWICS)

**From:** Van Wagenberg, Maria-Helene
**Sent:** Wednesday, July 17, 2019 3:12 PM
**To:** Malec, Julie ; Miremadi, Kaveh ; Wells, Rosanna
**Cc:**
**Subject:** OFAC Witness Help - SDNY Nejad Prosecution

Hi Julie, Kaveh, and Rosie,

I'm putting you in touch with Dave Denton, an AUSA in the SDNY (copied here), who has asked about a potential OFAC witness for their prosecution of Ali Sadr Hashemi Nejad for sanctions violations: https://www.justice.gov/opa/pr/iranian-national-arrested-scheme-evade-us-economic-sanctions-illicitly-sending-more-115. I think SDNY will be asking ENF to run a license check on the various entities and people involved (SDNY had previously been in touch with Mike Dondarski and confirmed that there were no licenses in place, but still needs to obtain a formal license check), as well as for an OFAC witness to testify on the various regulations. I'll let Dave follow up with you on the specifics, but please feel free to keep us looped in to the extent our legal authorities are involved. Thanks all!

Best regards,

Maria

Maria H. van Wagenberg

Attorney-Advisor

Office of the Chief Counsel (Foreign Assets Control)

U.S. Department of the Treasury

1500 Pennsylvania Avenue, N.W.

Washington, DC 20220

Email: mariahelene.vanwagenberg@treasury.gov

Tel: 202-622-2070

------

This message is from an attorney and may contain information that is legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

| From: | Julie.Malec@treasury.gov |
|---|---|
| To: | MariaHelene.VanWagenberg@treasury.gov; Kaveh.Miremadi@treasury.gov; Rosanna.Wells@treasury.gov |
| Cc: | Denton, David (USANYS) |
| Subject: | Re: OFAC Witness Help - SDNY Nejad Prosecution |
| Date: | Wednesday, July 17, 2019 4:21:42 PM |

Thank you, Maria. David we will touch base with you this week.

Thanks

Julie

---

**From:** Van Wagenberg, Maria-Helene
**Date:** July 17, 2019 at 3:11:57 PM EDT
**To:** Malec, Julie , Miremadi, Kaveh , Wells, Rosanna
**Cc:** 'David.Denton@usdoj.gov'
**Subject:** OFAC Witness Help - SDNY Nejad Prosecution

Hi Julie, Kaveh, and Rosie,

I'm putting you in touch with Dave Denton, an AUSA in the SDNY (copied here), who has asked about a potential OFAC witness for their prosecution of Ali Sadr Hashemi Nejad for sanctions violations: https://www.justice.gov/opa/pr/iranian-national-arrested-scheme-evade-us-economic-sanctions-illicitly-sending-more-115. I think SDNY will be asking ENF to run a license check on the various entities and people involved (SDNY had previously been in touch with Mike Dondarski and confirmed that there were no licenses in place, but still needs to obtain a formal license check), as well as for an OFAC witness to testify on the various regulations. I'll let Dave follow up with you on the specifics, but please feel free to keep us looped in to the extent our legal authorities are involved. Thanks all!
Best regards,
Maria

Maria H. van Wagenberg
Attorney-Advisor
Office of the Chief Counsel (Foreign Assets Control)
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, DC 20220
Email: mariahelene.vanwagenberg@treasury.gov
Tel: 202-622-2070
------
This message is from an attorney and may contain information that is legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

| From: | MariaHelene.VanWagenberg@treasury.gov |
|---|---|
| To: | Julie.Malec@treasury.gov; Kaveh.Miremadi@treasury.gov; Rosanna.Wells@treasury.gov |
| Cc: | Denton, David (USANYS) |
| Subject: | OFAC Witness Help - SDNY Nejad Prosecution |
| Date: | Wednesday, July 17, 2019 3:12:30 PM |

Hi Julie, Kaveh, and Rosie,

I'm putting you in touch with Dave Denton, an AUSA in the SDNY (copied here), who has asked about a potential OFAC witness for their prosecution of Ali Sadr Hashemi Nejad for sanctions violations: https://www.justice.gov/opa/pr/iranian-national-arrested-scheme-evade-us-economic-sanctions-illicitly-sending-more-115. I think SDNY will be asking ENF to run a license check on the various entities and people involved (SDNY had previously been in touch with Mike Dondarski and confirmed that there were no licenses in place, but still needs to obtain a formal license check), as well as for an OFAC witness to testify on the various regulations. I'll let Dave follow up with you on the specifics, but please feel free to keep us looped in to the extent our legal authorities are involved. Thanks all!

Best regards,

Maria

Maria H. van Wagenberg

Attorney-Advisor

Office of the Chief Counsel (Foreign Assets Control)

U.S. Department of the Treasury

1500 Pennsylvania Avenue, N.W.

Washington, DC 20220

Email: mariahelene.vanwagenberg@treasury.gov

Tel: 202-622-2070

------

This message is from an attorney and may contain information that is legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

| | |
|---|---|
| **From:** | MariaHelene.VanWagenberg@treasury.gov |
| **To:** | Denton, David (USANYS) |
| **Subject:** | RE: OFAC Witness Help |
| **Date:** | Wednesday, July 17, 2019 3:02:33 PM |

Hi Dave,

Apologies for the delay. Hope everything is going well with you too, and please send Corinne my regards. We generally route any OFAC witness requests through our Enforcement division, with our office playing a consulting role in the process. Since Mike is out on paternity leave, I'll direct you to the three chiefs in that division, who should be able to set you up with the appropriate OFAC witness. (And agree that hopefully the testimony can be at a much lower level of complexity this time!). Thanks, and feel free to give me a call if you'd like to discuss.

All best,

Maria

Maria H. van Wagenberg
Attorney-Advisor
Office of the Chief Counsel (Foreign Assets Control)
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, DC 20220
Email: mariahelene.vanwagenberg@treasury.gov
Tel: 202-622-2070
------
This message is from an attorney and may contain information that is legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Denton, David (USANYS)
**Sent:** Tuesday, July 9, 2019 8:45 AM
**To:** Van Wagenberg, Maria-Helene
**Subject:** OFAC Witness Help

Maria,

Long time! Hope all's going well at Treasury.

I was hoping I could enlist your help regarding another Iranian sanctions trial we have coming up. It's this case, involving Ali Sadr Hashemi Nejad, https://www.justice.gov/opa/pr/iranian-national-arrested-scheme-evade-us-economic-sanctions-illicitly-sending-more-115. We're going to need some of the same help that we needed in the Zarrab/Atilla case, though I hope at a much lower level of complexity. Specifically, we'll need to run a license check on the various entities and people involved (the team had previously been in touch with Mike Dondarski, and I gather we know that there are no licenses, but we didn't do the formal check with a letter and all that), and then we'll need someone from OFAC to be our witness about the various regs, much like Lisa Palluconi was in the Atilla trial.

Do you have a minute sometime this week to talk about it? If this isn't really your bailiwick, I'd be super grateful if there was someone else that you thought you could put us in touch with to get this stuff set up – trial is scheduled for October 21, so not right around the corner, but we also don't have tons of lead time either.

Thanks much,

Dave

David W. Denton, Jr.
Assistant U.S. Attorney
U.S. Attorney's Office
Southern District of New York
(212) 637-2744

| | |
|---|---|
| **From:** | Denton, David (USANYS) |
| **To:** | Kim, Jane (USANYS) 4; Krouse, Michael (USANYS) |
| **Subject:** | OFAC |

My friend Maria in their OGC just called, together with a guy from Enforcement named Frank Swerda who's going to be our witness. I explained roughly what we were looking for (Maria was also the OGC lawyer on Atilla, so she's got Lisa's testimony there as well), Frank is going to send us a resume so that we can give expert notice, and we're going to send him the list of entities that we need a license check on. Frank's got some commitments over the next couple weeks, but is around reliably starting in the back half of August, so I told them that we'd get through the license check issue, and then we'd set up a time to meet down at Treasury around then.

David W. Denton, Jr.

Assistant U.S. Attorney

U.S. Attorney's Office

Southern District of New York

(212) 637-2744

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 44

| | |
|---|---|
| **From:** | Crowley, Shawn (USANYS) |
| **To:** | Donaleski, Rebekah (USANYS) |
| **Cc:** | Bove, Emil (USANYS) |
| **Subject:** | Sadr |
| **Date:** | Monday, March 9, 2020 10:36:10 AM |

Hey—can you give us a quick call on Sadr when you get a min?  Thanks

Shawn G. Crowley

Co-Chief, Terrorism and International Narcotics Unit

United States Attorney's Office

Southern District of New York

212-637-1034 (o)

347-880-1399 (c)

# Exhibit 45

| | |
|---|---|
| **From:** | Kaveh.Miremadi@treasury.gov |
| **To:** | Bove, Emil (USANYS); Kim, Jane (USANYS) 4 |
| **Cc:** | MariaHelene.VanWagenberg@treasury.gov; Jacqueline.Brewer@treasury.gov; Lake, Stephanie (USANYS); Krouse, Michael (USANYS); LynchG@dany.nyc.gov; Lynch, Garrett (USANYS) [Contractor]; Crowley, Shawn (USANYS) |
| **Subject:** | RE: Time Sensitive Question |
| **Date:** | Monday, March 9, 2020 10:50:38 AM |

Cell: 202-746-4485

---

**From:** Bove, Emil (USANYS) <Emil.Bove@usdoj.gov>
**Sent:** Monday, March 9, 2020 10:25 AM
**To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>
**Cc:** Miremadi, Kaveh <Kaveh.Miremadi@treasury.gov>; Van Wagenberg, Maria-Helene <MariaHelene.VanWagenberg@treasury.gov>; Brewer, Jacqueline <Jacqueline.Brewer@treasury.gov>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; LynchG@dany.nyc.gov; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Crowley, Shawn (USANYS) <Shawn.Crowley@usdoj.gov>
**Subject:** Re: Time Sensitive Question

**\*\* Caution:** External email. Pay attention to suspicious links and attachments. Send suspicious email to suspect@treasury.gov **\*\***

Hi Kaveh, what number can we reach you at?

On Mar 9, 2020, at 10:04 AM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:

> I don't. I'm adding my Chiefs to this chain.
>
> On Mar 9, 2020, at 9:23 AM, "Kaveh.Miremadi@treasury.gov" <Kaveh.Miremadi@treasury.gov> wrote:
>
>> Hi Jane,
>>
>> Do you know who or what division in OFAC this letter was sent to?  I'm searching our records now.  We may not be able to get you a comprehensive answer this morning.
>>
>> Kaveh
>>
>> ---
>> **From:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>

**Sent:** Sunday, March 8, 2020 5:58 PM
**To:** Miremadi, Kaveh <Kaveh.Miremadi@treasury.gov>; Van Wagenberg, Maria-Helene <MariaHelene.VanWagenberg@treasury.gov>; Brewer, Jacqueline <Jacqueline.Brewer@treasury.gov>
**Cc:** Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>
**Subject:** Time Sensitive Question

**\*\* Caution:** External email. Pay attention to suspicious links and attachments. Send suspicious email to suspect@treasury.gov **\*\***

Kaveh, Maria, and Jacqui:

I'm attaching a letter dated June 16, 2011, from Commerzbank to OFAC concerning a specific payment.  Could you please let us know what actions OFAC took in response to this letter?  We need to update the Court on this issue tomorrow morning, so any information would be hugely appreciated.

Thank you in advance,
Jane

Jane Kim
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Phone:  (212) 637-2038
Email:  jane.kim@usdoj.gov

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 46

| | |
|---|---|
| **From:** | Jankowski, Lou (USANYS) |
| **To:** | DeFilippis, Andrew (USANYS); Soto, Grace (USANYS) |
| **Cc:** | Crowley, Shawn (USANYS); Bove, Emil (USANYS) |
| **Subject:** | RE: Share Drive |
| **Date:** | Monday, March 9, 2020 10:54:30 AM |

A shortcut has been placed under your N drive for the requested shared folder, please logoff the network and logon again to gain access.

---

**From:** DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>
**Sent:** Monday, March 09, 2020 10:51 AM
**To:** Soto, Grace (USANYS) <GSoto@usa.doj.gov>; Jankowski, Lou (USANYS) <LJankowski1@usa.doj.gov>
**Cc:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Subject:** Share Drive


Can you please provide Shawn Crowley and Emil Bove access to the shared drive Iran_VEHousing-2017R01160 as soon as possible?  Thank you.

Andrew J. DeFilippis
Assistant United States Attorney
Southern District of New York
1 St. Andrew's Plaza
New York, NY 10007
(212) 637-2231

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 47

**From:**        DeFilippis, Andrew (USANYS)
**To:**          Bove, Emil (USANYS); Crowley, Shawn (USANYS)
**Subject:**     Emails
**Date:**        Monday, March 9, 2020 11:40:08 AM
**Attachments:** RE OFAC.msg.msg
                 RE OFAC.msg.msg
                 RE OFAC.msg.msg
                 RE OFAC.msg.msg
                 RE OFAC.msg.msg
                 RE OFAC.msg.msg
                 RE OFAC.msg.msg
                 OFAC.msg.msg

---

Andrew J. DeFilippis

Assistant United States Attorney

Southern District of New York

1 St. Andrew's Plaza

New York, NY 10007

(212) 637-2231

| | |
|---|---|
| **From:** | Laroche, Matthew (USANYS) |
| **To:** | Lynch, Garrett; DeFilippis, Andrew (USANYS) |
| **Subject:** | RE: OFAC |
| **Date:** | Monday, July 31, 2017 6:46:10 PM |

My fault, sorry I missed you. My Wednesday is wide open if you have some time. Thanks for the CD and binders.

**From:** Lynch, Garrett [mailto:LynchG@dany.nyc.gov]
**Sent:** Monday, July 31, 2017 3:50 PM
**To:** Laroche, Matthew (USANYS) ; DeFilippis, Andrew (USANYS)
**Subject:** RE: OFAC

I stopped around 3:00, but neither of you was in. I dropped off a CD with all the warrants as well as the binders with all the docs relevant to the USD payments – they're on a chair in Andrew's office.

**From:** Laroche, Matthew (USANYS) [mailto:Matthew.Laroche@usdoj.gov]
**Sent:** Friday, July 28, 2017 12:36 PM
**To:** Lynch, Garrett <LynchG@dany.nyc.gov>; DeFilippis, Andrew (USANYS) <Andrew.DeFilippis@usdoj.gov>
**Subject:** RE: OFAC

Same!

**From:** Lynch, Garrett [mailto:LynchG@dany.nyc.gov]
**Sent:** Friday, July 28, 2017 11:57 AM
**To:** Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov>; DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>
**Subject:** RE: OFAC

I sent Kaufmann an email about the week of 8/21 – I'll let you know what I hear. He told me his guy shouldn't have a problem coming to the U.S. (I sort of wanted him to say he'd only agree to meet in the Caribbean).

**From:** Laroche, Matthew (USANYS) [mailto:Matthew.Laroche@usdoj.gov]
**Sent:** Friday, July 28, 2017 11:26 AM
**To:** Lynch, Garrett <LynchG@dany.nyc.gov>; DeFilippis, Andrew (USANYS) <Andrew.DeFilippis@usdoj.gov>
**Subject:** RE: OFAC

Sounds good. I'm free until 4 or so and then again after 5:30.

**From:** Lynch, Garrett [mailto:LynchG@dany.nyc.gov]
**Sent:** Friday, July 28, 2017 11:14 AM
**To:** Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov>; DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>
**Subject:** RE: OFAC

Ok, Mike is free after 3:00 on Monday. Maybe I'll come down to you guys just to check in and grab that ID.

**From:** Laroche, Matthew (USANYS) [mailto:Matthew.Laroche@usdoj.gov]
**Sent:** Thursday, July 27, 2017 6:18 PM
**To:** Lynch, Garrett <LynchG@dany.nyc.gov>; DeFilippis, Andrew (USANYS) <Andrew.DeFilippis@usdoj.gov>

**Subject:** RE: OFAC

Monday is good except for 10am and 4:30. I'm also fine scheduling Kaufman's guy for whenever is convenient in August. Maybe sometime during the week of August 21?

---

**From:** Lynch, Garrett [mailto:LynchG@dany.nyc.gov]
**Sent:** Thursday, July 27, 2017 11:24 AM
**To:** Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov>; DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>
**Subject:** OFAC

Dondarski is free for a call next week if you all are interested in talking to OFAC (I'll be around Monday and Tuesday, then leaving on vacation on Wednesday).

Garrett A. Lynch
Deputy Bureau Chief
Major Economic Crimes Bureau
New York County District Attorney's Office
(212) 335-4335
lynchg@dany.nyc.gov

This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

| | |
|---|---|
| **From:** | Lynch, Garrett |
| **To:** | Laroche, Matthew (USANYS); DeFilippis, Andrew (USANYS) |
| **Subject:** | RE: OFAC |
| **Date:** | Monday, July 31, 2017 3:50:53 PM |

I stopped around 3:00, but neither of you was in. I dropped off a CD with all the warrants as well as the binders with all the docs relevant to the USD payments – they're on a chair in Andrew's office.

**From:** Laroche, Matthew (USANYS) [mailto:Matthew.Laroche@usdoj.gov]
**Sent:** Friday, July 28, 2017 12:36 PM
**To:** Lynch, Garrett ; DeFilippis, Andrew (USANYS)
**Subject:** RE: OFAC

Same!

**From:** Lynch, Garrett [mailto:LynchG@dany.nyc.gov]
**Sent:** Friday, July 28, 2017 11:57 AM
**To:** Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov>; DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>
**Subject:** RE: OFAC

I sent Kaufmann an email about the week of 8/21 – I'll let you know what I hear. He told me his guy shouldn't have a problem coming to the U.S. (I sort of wanted him to say he'd only agree to meet in the Caribbean.)

**From:** Laroche, Matthew (USANYS) [mailto:Matthew.Laroche@usdoj.gov]
**Sent:** Friday, July 28, 2017 11:26 AM
**To:** Lynch, Garrett <LynchG@dany.nyc.gov>; DeFilippis, Andrew (USANYS) <Andrew.DeFilippis@usdoj.gov>
**Subject:** RE: OFAC

Sounds good. I'm free until 4 or so and then again after 5:30.

**From:** Lynch, Garrett [mailto:LynchG@dany.nyc.gov]
**Sent:** Friday, July 28, 2017 11:14 AM
**To:** Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov>; DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>
**Subject:** RE: OFAC

Ok, Mike is free after 3:00 on Monday. Maybe I'll come down to you guys just to check in and grab that ID.

**From:** Laroche, Matthew (USANYS) [mailto:Matthew.Laroche@usdoj.gov]
**Sent:** Thursday, July 27, 2017 6:18 PM
**To:** Lynch, Garrett <LynchG@dany.nyc.gov>; DeFilippis, Andrew (USANYS) <Andrew.DeFilippis@usdoj.gov>
**Subject:** RE: OFAC

Monday is good except for 10am and 4:30. I'm also fine scheduling Kaufman's guy for whenever is convenient in August. Maybe sometime during the week of August 21?

**From:** Lynch, Garrett [mailto:LynchG@dany.nyc.gov]
**Sent:** Thursday, July 27, 2017 11:24 AM
**To:** Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov>; DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>

**Subject:** OFAC

Dondarski is free for a call next week if you all are interested in talking to OFAC (I'll be around Monday and Tuesday, then leaving on vacation on Wednesday).

Garrett A. Lynch

Deputy Bureau Chief

Major Economic Crimes Bureau

New York County District Attorney's Office

(212) 335-4335

lynchg@dany.nyc.gov

This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

| | |
|---|---|
| **From:** | Laroche, Matthew (USANYS) |
| **To:** | Lynch, Garrett; DeFilippis, Andrew (USANYS) |
| **Subject:** | RE: OFAC |
| **Date:** | Friday, July 28, 2017 12:36:28 PM |

Same!

**From:** Lynch, Garrett [mailto:LynchG@dany.nyc.gov]
**Sent:** Friday, July 28, 2017 11:57 AM
**To:** Laroche, Matthew (USANYS) ; DeFilippis, Andrew (USANYS)
**Subject:** RE: OFAC

I sent Kaufmann an email about the week of 8/21 – I'll let you know what I hear. He told me his guy shouldn't have a problem coming to the U.S. (I sort of wanted him to say he'd only agree to meet in the Caribbean).

**From:** Laroche, Matthew (USANYS) [mailto:Matthew.Laroche@usdoj.gov]
**Sent:** Friday, July 28, 2017 11:26 AM
**To:** Lynch, Garrett <LynchG@dany.nyc.gov>; DeFilippis, Andrew (USANYS) <Andrew.DeFilippis@usdoj.gov>
**Subject:** RE: OFAC

Sounds good. I'm free until 4 or so and then again after 5:30.

**From:** Lynch, Garrett [mailto:LynchG@dany.nyc.gov]
**Sent:** Friday, July 28, 2017 11:14 AM
**To:** Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov>; DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>
**Subject:** RE: OFAC

Ok, Mike is free after 3:00 on Monday. Maybe I'll come down to you guys just to check in and grab that ID.

**From:** Laroche, Matthew (USANYS) [mailto:Matthew.Laroche@usdoj.gov]
**Sent:** Thursday, July 27, 2017 6:18 PM
**To:** Lynch, Garrett <LynchG@dany.nyc.gov>; DeFilippis, Andrew (USANYS) <Andrew.DeFilippis@usdoj.gov>
**Subject:** RE: OFAC

Monday is good except for 10am and 4:30. I'm also fine scheduling Kaufman's guy for whenever is convenient in August. Maybe sometime during the week of August 21?

**From:** Lynch, Garrett [mailto:LynchG@dany.nyc.gov]
**Sent:** Thursday, July 27, 2017 11:24 AM
**To:** Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov>; DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>
**Subject:** OFAC

Dondarski is free for a call next week if you all are interested in talking to OFAC (I'll be around Monday and Tuesday, then leaving on vacation on Wednesday).
Garrett A. Lynch
Deputy Bureau Chief
Major Economic Crimes Bureau
New York County District Attorney's Office

(212) 335-4335
lynchg@dany.nyc.gov

This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

**From:** Lynch, Garrett
**To:** Laroche, Matthew (USANYS); DeFilippis, Andrew (USANYS)
**Subject:** RE: OFAC
**Date:** Friday, July 28, 2017 11:56:26 AM

I sent Kaufmann an email about the week of 8/21 – I'll let you know what I hear. He told me his guy shouldn't have a problem coming to the U.S. (I sort of wanted him to say he'd only agree to meet in the Caribbean).

**From:** Laroche, Matthew (USANYS) [mailto:Matthew.Laroche@usdoj.gov]
**Sent:** Friday, July 28, 2017 11:26 AM
**To:** Lynch, Garrett ; DeFilippis, Andrew (USANYS)
**Subject:** RE: OFAC

Sounds good. I'm free until 4 or so and then again after 5:30.

**From:** Lynch, Garrett [mailto:LynchG@dany.nyc.gov]
**Sent:** Friday, July 28, 2017 11:14 AM
**To:** Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov>; DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>
**Subject:** RE: OFAC

Ok, Mike is free after 3:00 on Monday. Maybe I'll come down to you guys just to check in and grab that ID.

**From:** Laroche, Matthew (USANYS) [mailto:Matthew.Laroche@usdoj.gov]
**Sent:** Thursday, July 27, 2017 6:18 PM
**To:** Lynch, Garrett <LynchG@dany.nyc.gov>; DeFilippis, Andrew (USANYS) <Andrew.DeFilippis@usdoj.gov>
**Subject:** RE: OFAC

Monday is good except for 10am and 4:30. I'm also fine scheduling Kaufman's guy for whenever is convenient in August. Maybe sometime during the week of August 21?

**From:** Lynch, Garrett [mailto:LynchG@dany.nyc.gov]
**Sent:** Thursday, July 27, 2017 11:24 AM
**To:** Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov>; DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>
**Subject:** OFAC

Dondarski is free for a call next week if you all are interested in talking to OFAC (I'll be around Monday and Tuesday, then leaving on vacation on Wednesday).
Garrett A. Lynch
Deputy Bureau Chief
Major Economic Crimes Bureau
New York County District Attorney's Office
(212) 335-4335
lynchg@dany.nyc.gov

This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

| | |
|---|---|
| **From:** | Laroche, Matthew (USANYS) |
| **To:** | Lynch, Garrett; DeFilippis, Andrew (USANYS) |
| **Subject:** | RE: OFAC |
| **Date:** | Friday, July 28, 2017 11:25:50 AM |

Sounds good. I'm free until 4 or so and then again after 5:30.

**From:** Lynch, Garrett [mailto:LynchG@dany.nyc.gov]
**Sent:** Friday, July 28, 2017 11:14 AM
**To:** Laroche, Matthew (USANYS) ; DeFilippis, Andrew (USANYS)
**Subject:** RE: OFAC

Ok, Mike is free after 3:00 on Monday. Maybe I'll come down to you guys just to check in and grab that ID.

**From:** Laroche, Matthew (USANYS) [mailto:Matthew.Laroche@usdoj.gov]
**Sent:** Thursday, July 27, 2017 6:18 PM
**To:** Lynch, Garrett <LynchG@dany.nyc.gov>; DeFilippis, Andrew (USANYS)
<Andrew.DeFilippis@usdoj.gov>
**Subject:** RE: OFAC

Monday is good except for 10am and 4:30. I'm also fine scheduling Kaufman's guy for whenever is convenient in August. Maybe sometime during the week of August 21?

**From:** Lynch, Garrett [mailto:LynchG@dany.nyc.gov]
**Sent:** Thursday, July 27, 2017 11:24 AM
**To:** Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov>; DeFilippis, Andrew (USANYS)
<ADeFilippis@usa.doj.gov>
**Subject:** OFAC

Dondarski is free for a call next week if you all are interested in talking to OFAC (I'll be around Monday and Tuesday, then leaving on vacation on Wednesday).

Garrett A. Lynch
Deputy Bureau Chief
Major Economic Crimes Bureau
New York County District Attorney's Office
(212) 335-4335
lynchg@dany.nyc.gov

This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

| | |
|---|---|
| **From:** | Lynch, Garrett |
| **To:** | Laroche, Matthew (USANYS); DeFilippis, Andrew (USANYS) |
| **Subject:** | RE: OFAC |
| **Date:** | Friday, July 28, 2017 11:13:43 AM |

Ok, Mike is free after 3:00 on Monday. Maybe I'll come down to you guys just to check in and grab that ID.

**From:** Laroche, Matthew (USANYS) [mailto:Matthew.Laroche@usdoj.gov]
**Sent:** Thursday, July 27, 2017 6:18 PM
**To:** Lynch, Garrett ; DeFilippis, Andrew (USANYS)
**Subject:** RE: OFAC

Monday is good except for 10am and 4:30. I'm also fine scheduling Kaufman's guy for whenever is convenient in August. Maybe sometime during the week of August 21?

**From:** Lynch, Garrett [mailto:LynchG@dany.nyc.gov]
**Sent:** Thursday, July 27, 2017 11:24 AM
**To:** Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov>; DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>
**Subject:** OFAC

Dondarski is free for a call next week if you all are interested in talking to OFAC (I'll be around Monday and Tuesday, then leaving on vacation on Wednesday).

Garrett A. Lynch
Deputy Bureau Chief
Major Economic Crimes Bureau
New York County District Attorney's Office
(212) 335-4335
lynchg@dany.nyc.gov

This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

| | |
|---|---|
| **From:** | Laroche, Matthew (USANYS) |
| **To:** | Lynch, Garrett; DeFilippis, Andrew (USANYS) |
| **Subject:** | RE: OFAC |
| **Date:** | Thursday, July 27, 2017 6:17:35 PM |

Monday is good except for 10am and 4:30. I'm also fine scheduling Kaufman's guy for whenever is convenient in August. Maybe sometime during the week of August 21?

**From:** Lynch, Garrett [mailto:LynchG@dany.nyc.gov]
**Sent:** Thursday, July 27, 2017 11:24 AM
**To:** Laroche, Matthew (USANYS) ; DeFilippis, Andrew (USANYS)
**Subject:** OFAC
Dondarski is free for a call next week if you all are interested in talking to OFAC (I'll be around Monday and Tuesday, then leaving on vacation on Wednesday).
Garrett A. Lynch
Deputy Bureau Chief
Major Economic Crimes Bureau
New York County District Attorney's Office
(212) 335-4335
lynchg@dany.nyc.gov

This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

**From:** Lynch, Garrett
**To:** Laroche, Matthew (USANYS); DeFilippis, Andrew (USANYS)
**Subject:** OFAC
**Date:** Thursday, July 27, 2017 11:24:12 AM

Dondarski is free for a call next week if you all are interested in talking to OFAC (I'll be around Monday and Tuesday, then leaving on vacation on Wednesday).

Garrett A. Lynch

Deputy Bureau Chief

Major Economic Crimes Bureau

New York County District Attorney's Office

(212) 335-4335

lynchg@dany.nyc.gov

This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 48

**From:** Crowley, Shawn (USANYS)
**To:** DeFilippis, Andrew (USANYS)
**Cc:** Bove, Emil (USANYS)
**Subject:** GX 411 (002).pdf
**Date:** Monday, March 9, 2020 11:47:52 AM
**Attachments:** GX 411 (002).pdf



**COMMERZBANK**

NEW YORK BRANCH

Department of the Treasury
Office of Foreign Assets Control
1500 Pennsylvania Avenue NW
Washington DC 20220

**Vinay Jepal**
2 World Financial Center, New York, NY 10281-1050
Telephone (212) 266-7200
Fax (212) 266-7235
vinay.jepal@commerzbank.com

June 16, 2011

## Re: Information Sharing – Stratus International Contracting Company

Dear Sir/Madam:

Commerzbank AG, New York Branch (CBNY) would like to share the following information with OFAC. On April 20, 2011 CBNY's AML transaction monitoring system generated an alert, which involved a transaction for USD 29,442,967.57 value April 4, 2011.

The transaction was originated by Banco Del Tesoro, CA Banco Universal Caracas for its client BT / Fideicomiso / Fondo Chino Venezolano in Caracas, Venezuela. The beneficiary of the payment was Stratus International Contracting Company ("Stratus"), a client of Hyposwiss Privatbank AG, Zurich.

As per standard procedure, CBNY initiated a request for information to the remitting bank Banco Del Tesoro, CA Banco Universal Caracas, Venezuela to obtain details on both entities and their relationship. In the interim, CBNY conducted further due diligence and noted the following regarding Stratus from its website:

- Stratus  was founded in 1978 in Tehran, Iran
- Stratus International specializes in providing contracting services to infrastructure projects such as roads, railways, dams, tunnels, airports and buildings.
- Stratus is presently working on a 7000 Apartment Unit "New Ojeda" Housing Development Project in Venezuela

On May 12, 2011, CBNY received a response from the bank in Caracas indicating the following:

- Stratus's  physical address  is Gardenya Plaza 5, K:3 D:3 (Floor 3, Suite3) 34758 Atasehir, Istanbul, Turkey
- Stratus  is registered in Istanbul, Turkey (copy of the registration attached)
- Stratus provides construction services in Turkey, Dubai and Venezuela
- The purpose of the payment is for the construction of a 7000 apartment unit project "Proyecto Urbanismo Nueva Ciudad Fabricio Ojeda, in Cuidad Ojeda, Estado Zuila, Venezuela (same address as listed on Stratus' website)

Although Stratus is not listed as an SDN, and the payment does not indicate any direct involvement of Iran or with Iran, due to conflicting information between the website and the response forwarded by the bank in Caracas, CBNY believes it appropriate to share this information with OFAC since Stratus may be an Iranian Company.

Chairman of the Supervisory Board: Klaus-Peter Müller
Board of Managing Directors: Martin Blessing (Chairman),
Frank Annuschelt, Markus Beumer, Achim Kassow, Jochen Klösges,
Michael Reuther, Stefan Schmittmann, Ulrich Sieber, Eric Strutz, Martin Zielke

Commerzbank Aktiengesellschaft, Frankfurt am Main
Registered Office: Frankfurt am Main Reg.No. 32000
VAT No. DE 114 103 514



GOVERNMENT
EXHIBIT
411
18 Cr. 224 (AJN)



**COMMERZBANK**

NEW YORK BRANCH

**Re: Information Sharing – Stratus International Contracting Company– Page 2**

We have added Stratus into our sanctions filter to monitor any future payments.  Please note that apart from this transaction, there have not been any other payments involving Stratus processed by CBNY to date.

The purpose of this letter is to report the good faith efforts of Commerzbank AG, New York Branch in complying with applicable OFAC requirements and voluntarily informing OFAC of any information received during its investigation into possible sanctions-related entities.

Should you have any further questions concerning this matter, please do not hesitate to contact the signatories below.

Respectfully,

Commerzbank AG
New York Branch

Deepa Keswani
Head of AML/Anti-Fraud/Sanctions Compliance

Vinay Jepal
Sanctions Compliance Officer

Encls.

```
                              stratus intl payment
      :LT Address                 :COBAUS3XA
      :transaction type           :202 COVER bank tfr favour 3rd bank
      :input from                 :COBADEFF
                                  COMMERZBANK AG FRANKFURT
                                  HEAD OFFICE
                                  32-36 NEUE MAINZERSTRASSE
                                  60261 FRANKFURT GERMANY
      :Validation Flag            :COV}
------------------------------------------------------------------------
{4: Text block:
      :20 /transaction reference number :FAAS109400150500
      :21 /related reference      :FAAS109400150500
      :32A/value date             :040411 USD 29,442,967.57
      :52A/ordering institution - BIC  :COBADEFF
                                  COMMERZBANK AG
                                  FRANKFURT AM MAIN
      :57A/account with inst - BIC  :CHASUS33
                                  JPMORGAN CHASE BANK, N.A.
                                  NEW YORK,NY
      :58A/beneficiary inst - BIC  :SHHBCHZZ
                                  HYPOSWISS PRIVATBANK AG, ZURICH
                                  ZURICH
      :50K/ordering customer      :/400887746602USD
                                  BT/ FIDEICOMISO / FONDO CHINO
                                  VENEZOLANO. AV GUICAIPURO. URB EL
                                  ROSAL. TORRE BANCO DEL TESORO.
                                  CARACAS - VENEZUELA.
      :52A/ordering institution - BIC  :BDTEVECA
                                  BANCO DEL TESORO, C.A. BANCO
                                   UNIVERSAL
                                   CARACAS
      :59 /beneficiary customer   :/CH7708530519663100203
                                  STRATUS INTERNATIONAL CONTRACTING
                                  J.S.
      :70 /details of payment     :REF: DESEMBOLSO NRO. 386 FONDO
                                  CHINO VENEZOLANO. CODIGO NRO.
                                  00579.
      :33B/amount                 :USD 29,442,967.57}
------------------------------------------------------------------------
  Entry   :      /SWIFT/ Date:110404 Time:02:44:17
                 Info:1111/001781
```

**Stratus International**
*Contracting Company*



STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.

▶ STRATUS is an Engineering, Construction, Management and Contracting Company by specializing in the field of Building Construction, Road Works and Water Works.
STRATUS is Graded in three major categories: Read more...

▶ STRATUS has succeeded to recieve ISO 9001-2000 certificate for Quality Management System from MIC registered under UKAS, United Kingdom from 2004 which upgraded recently to ISO 9001-2008 in 2010 and intending to extend it by OHSAS 18001:2007.  Read more...

▶ Our memberships:
  • Federation of Contractors of Islamic Countries (F.C.I.C.)
  • Pakistan Engineering Council
  • International Chamber of Commerce (I.C.C.)
  • Iran – UK Chamber of Commerce
  • Iran – Canada Chamber of Commerce    Read more...

*Road & Railway*



*Dam*



*Building*



Copyright © 2010 Stratus Group Company. All rights reserved



فارسی | Staff Login | Site Map | Hom



STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.

**Contact Us**

**STRATUS International Contracting Co.**

Address: **No.35, Golestan St., Iran Zamin Ave., Shahrake Ghods, Tehran, Iran.**

Postal Code: **1465865187**

Tell: **(98) 21 8837 3100-6**

Fax: **(98) 21 8808 2882**

E-mail: **stratus@stratusgc.com**

Copyright © 2010 Stratus Group Company. All rights reserved



ﻓﺎﺭﺳﯽ | Staff Login | Site Map | Hon

STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran, with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.



**Branch Offices**

| **Middle East** | **CIS** | **South America** |
| --- | --- | --- |
| Iran | Kazakhstan | Venezuela |
| Iraq | | |

Copyright © 2010 Stratus Group Company. All rights reserved



STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.



## Sister Companies List

 1.Samaneh Stratus (INVESTMENT CO.)

 2.Iran Construction Investment Co.

 3.Eghtesad - Novin Bank

4.Pishgaman Bazar Novin (BROKERAGE CO.)

 5.Novin Insurance Co.

 6.Pars Shahr Co.

 7.Global Petro Tech CO.

 8.Keyhan Tabadol Co.

 9.Pars Hanza Aluminium CO.

 10.Azarbaijan Industry Development Co.

11.Eghtesad Novin Investment CO.

 12.Samaneh Gostar Novin

Copyright © 2010 Stratus Group Company. All rights reserved



فارسی | Staff Login | Site Map | Hom



STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran, with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.

### 7000 Units 'New Ojeda' Housing Development Project

| Main Technical Features | Site Gross Area : 318 Hec.<br>Concrete works : 520,000 m³<br>Net Construction Area : 850.000 m²<br>Water & Sewage network : 150 Km<br>Electrical network : 200 Km<br>Communication network : 220 Km<br>Gas network : 30 Km |
|---|---|
| Location | Ciudad Ojeda, Zulia State, Venezuela |
| Employer | Ducolsa 'Urban Development S.A' |
| Contract Duration | 48 Months |
| Date of Award | September 2009 |
| Status | [ Under Construction ] |

  

[Back to list]

Copyright © 2010 Stratus Group Company. All rights reserved





STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran, with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.



**Dalbandin – Nokkundi Highway - Section III-B**                 Details >>

**Socotra Airport**                 Details >>

**Design & Construction of Parliament Building & Commercial Center in Djibouti City**                 Details >>

**7000 Units "New Ojeda" Housing Development Project**                 Details >>

Copyright © 2010 Stratus Group Company. All rights reserved

T.C.
İSTANBUL
Ticaret Sicil Memurluğu

( K A D I K Ö Y )
370857 - 2010

S İ C İ L    T A S D İ K N A M E S İ

| | |
|---|---|
| Ticaret Ünvanı | STRATUS INTERNATIONAL CONTRACTING İNŞAAT VE TAAHHÜT ANONİM ŞİRKETİ |
| Sicil No. | 751671 |
| Tescil Tarihi | 22 / 10 / 2010 |
| İşletme Merkezinin Adresi (Şubenin tescilinde şubenin Adresi ile beraber merkezin adresi de yazılır.) | GARDENYA PLAZA 5 K.3 D.3 ATAŞEHİR |
| İşletmenin uğraştığı işler | Ana sözleşmesinde yazılı olan işler |
| İşletme sahibinin hüviyeti (Hükmi şahıslarda, hükmi şahsın mahiyeti) | Anonim |
| İşletme temsilcileri | 38824643592 TC.No.lu CELAL TATLICIBAŞI |
| Tasdiknamenin düzenlenme Tarih ve Sayısı | 22 EKİM    2010 -  39185 |

RECAİ SÖKMEN
İSTANBUL TİCARET SİCİLİ
MEMURU YARDIMCISI

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 49

| | |
|---|---|
| **From:** | DeFilippis, Andrew (USANYS) |
| **To:** | Bove, Emil (USANYS); Crowley, Shawn (USANYS) |
| **Subject:** | FW: |
| **Date:** | Monday, March 9, 2020 12:05:26 PM |

Also just came across this one.


Andrew J. DeFilippis
Assistant United States Attorney
Southern District of New York
1 St. Andrew's Plaza
New York, NY 10007
(212) 637-2231

---

**From:** DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>
**Sent:** Monday, April 1, 2019 7:14 AM
**To:** Lynch, Garrett <LynchG@dany.nyc.gov>
**Subject:** Re:

Thanks.  Would you have time for call today or tomorrow with Reid/Brian to clarify their position re a possible resolution?  Let me know some good times and I'll email them to propose something. Will also call you this morning re the motions.



On Mar 28, 2019, at 12:31 PM, Lynch, Garrett <LynchG@dany.nyc.gov> wrote:

> FYI – I just spoke to a guy I know who's the director of enforcement at OFAC to run by him the arguments they raise in their first motion about the applicability of the ITSR language (in effect at the time) to the conduct here.  Confirmed the thoughts I had – we can chat whenever you guys have a chance.
>
> Garrett A. Lynch
> Deputy Bureau Chief
> Major Economic Crimes Bureau
> New York County District Attorney's Office
> (212) 335-4335
> lynchg@dany.nyc.gov



This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been

addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 50

| | |
|---|---|
| **From:** | DeFilippis, Andrew (USANYS) |
| **To:** | Bove, Emil (USANYS); Crowley, Shawn (USANYS) |
| **Subject:** | Draft Declaration |
| **Date:** | Monday, March 9, 2020 12:20:19 PM |
| **Attachments:** | Draft-Declaration.docx |

From approximately April 2017 through approximately May 2019, I was one of the Assistant United States Attorneys assigned to this case.

I have conducted a diligent review of my files (including, but not limited to, emails, hard copy correspondence, hard copy files, and notes) for any materials reflecting communications or correspondence between the prosecution team and the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") concerning the issues set forth in the document marked as Government Exhibit 411.  I have located no such materials.

I do not recall conducting any communications with a representative of OFAC on this case.  The aforementioned search of my files did identify eight email messages (on which I was copied) in which Special Assistant United States Attorney Garrett Lynch and United States Attorney Matthew Laroche discussed scheduling a potential call between our team and a representative of OFAC in July 2017.  I do not recall, and the emails do not reflect, the intended subject of the call.  It appears from the emails that Special Assistant United States Attorney Lynch made initial contact with OFAC regarding available times for such a call.  It also appears from the emails that the call did not go forward at the tentatively scheduled time.  I do not recall any subsequent call or communications with OFAC on this case.

I do not believe I engaged in any communications with OFAC regarding the disclosure to OFAC set forth in Government Exhibit 411.  I am currently unaware of any efforts by OFAC to investigate, or take enforcement action against, the defendant and/or his companies, nor am I aware of any decision by OFAC to decline to do so.

I became aware during my involvement in this case that certain entities relevant to the charged conduct were previously designated by OFAC, but I do not recall any communications with OFAC on that issue.

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 51

| | |
|---|---|
| **From:** | Birger, Laura (USANYS) |
| **To:** | Crowley, Shawn (USANYS); Bove, Emil (USANYS) |
| **Subject:** | RE: |
| **Date:** | Monday, March 9, 2020 12:22:07 PM |

OK.  I know this is obvious, but these declarations will be scrutinized for inaccuracies.  We must be accurate.

---

**From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Sent:** Monday, March 9, 2020 12:19 PM
**To:** Birger, Laura (USANYS) <LBirger@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Subject:** RE:

Will do.  We've spoken with each of the AUSAs on the case who are not in the courtroom (Denton, Laroche, Steph, Donaleski, and DeFilippis) and they're doing comprehensive searches of their files for any correspondence with or about OFAC.  They're also working on draft declarations.  We'll send you the transcript from this morning when we get it.

---

**From:** Birger, Laura (USANYS) <LBirger@usa.doj.gov>
**Sent:** Monday, March 09, 2020 12:16 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Subject:**

I know you are handling a million different things.  But, please remember to keep me and Audrey informed on Sadr developments as the day proceeds.  There is intense interest in each step that is being taken.

Laura Grossfield Birger
Chief, Criminal Division
United States Attorney's Office, SDNY
(212) 637-1117
Laura.Birger@usdoj.gov

# Exhibit 52

**From:**         Crowley, Shawn (USANYS)
**To:**           Bove, Emil (USANYS)
**Subject:**      Draft-Declaration. sgc.docx
**Date:**         Monday, March 9, 2020 12:35:32 PM
**Attachments:**  Draft-Declaration. sgc.docx

From approximately April 2017 through approximately May 2019, I was one of the Assistant United States Attorneys assigned to this case.

I have conducted a ~~diligen~~ comprehensive~~t~~ review of my files (including, but not limited to, emails, hard copy correspondence, hard copy files, and notes) for any materials reflecting communications or correspondence between the prosecution team and the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") concerning the issues set forth in the document marked as Government Exhibit 411.  I have located no such materials.

I do not recall conducting any communications with a representative of OFAC on this case.  The aforementioned search of my files ~~did identify~~ identified eight email messages (on which I was copied) in which Special Assistant United States Attorney Garrett Lynch and Assistant United States Attorney Matthew Laroche discussed scheduling a potential call between our team and a representative of OFAC in July 2017.  I do not recall, and the emails do not reflect, the intended subject of the call.  It appears from the emails that S~~pecial Assistant United States Attorney~~AUSA Lynch made initial contact with OFAC regarding available times for such a call.  It also appears from the emails that the call did not go forward at the tentatively scheduled time.  I do not recall any subsequent call or communications with OFAC on this case.

I do not believe I engaged in any communications with OFAC regarding the disclosure to OFAC set forth in Government Exhibit 411, or any other decision or action taken by OFAC regarding the defendant and/or his companies.  I am currently unaware of any efforts by OFAC to investigate, or take enforcement action against, the defendant and/or his companies, nor am I aware of any decision by OFAC to decline to do so.

I became aware during my involvement in this case that certain entities relevant to the charged conduct were previously designated by OFAC, but I do not recall any communications with OFAC on that issue.

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 53

**Exhibit 53.  March 9, 2020 Text Messages With Co-Chief Crowley and AUSA Kim Beginning at Approximately 12:40 p.m.**

| Kim | Back on Brady arg |
|---|---|
| Kim | Her qs aren't great |
| Kim | Asking whether Heberlig understood our email as flagging that the doc was new |
| Kim | Order for all prosecutors and agents on case |
| Crowley | Tell her we've already relayed to prosecutors and discussed w OFAC |
| Kim | Now Heberglig is talking about Fuenmayor as paid informant and bombshell Brady |
| Kim | They're going thru their files |
| Kim | We did |
| Kim | Heberlig is saying has serious concerns about DANY disclosures |
| Kim | She wants any info from OFAc to our prosecution team about Sadr and related entities/connections to Iran? |
| Kim | She's now asking if our representation that we learned abt doc in Jan 2020 if they understood that to includ[e] Garrett |
| Kim | She's saying curative instruction or recall Ted Kim |
| Crowley | We're here |
| Kim | Reid saying but Kim said he didn't know |
| Kim | Oh hah |

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 54

| | |
|---|---|
| **From:** | Crowley, Shawn (USANYS) |
| **To:** | Strauss, Audrey (USANYS); Birger, Laura (USANYS) |
| **Cc:** | Bove, Emil (USANYS) |
| **Subject:** | Fwd: Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN) |
| **Date:** | Monday, March 9, 2020 2:21:45 PM |
| **Attachments:** | K39TSADE.pdf |
| | ATT00001.htm |

This is the transcript from this morning before Judge Nathan. As Laura knows, the AUSAs are scrubbing their files and drafting their declarations.

Begin forwarded message:

> **From:** "DeLuca, Michael (USANYS) [Contractor]" <MDeLuca@usa.doj.gov>
> **Date:** March 9, 2020 at 2:05:16 PM EDT
> **To:** "Bove, Emil (USANYS)" <EBove@usa.doj.gov>, "Crowley, Shawn (USANYS)" <SCrowley@usa.doj.gov>
> **Subject: FW:  Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)**
>
>
> **From:** Goretti Moya <gmoya@sdreporters.com>
> **Sent:** Monday, March 9, 2020 2:05 PM
> **To:** DeLuca, Michael (USANYS) [Contractor] <MDeLuca@usa.doj.gov>
> **Subject:** RE: Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)
>
>
> **From:** DeLuca, Michael (USANYS) [Contractor] <Michael.DeLuca@usdoj.gov>
> **Sent:** Monday, March 09, 2020 10:43 AM
> **To:** Info <Info@sdreporters.com>; reporters <reporters@sdreporters.com>
> **Subject:** Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)
>
> Good morning – We have a time-sensitive request for this morning's transcript in the ongoing trial in front of Judge Nathan, US v. Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN). We are requesting a copy of this morning's transcript (from before the jury entered the courtroom) as soon as possible, and will pay any fees associated with the expedited request.
>
> Could you please let me know when we would be able to get this? I'm sorry for the urgent request and I appreciate your help.
>
> Thank you,

Michael

Michael DeLuca
Paralegal, Terrorism & International Narcotics Unit
U.S. Attorney's Office, SDNY
Desk: (212) 637-2248
Cell: (646) 265-8172

K39TSADE                    EXCERPT

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4            v.                           18 CR 224 (AJN)

5   ALI SADR HASHEMI NEJAD,

6                Defendant.

7   ------------------------------x

8                                       New York, N.Y.
                                        March 9, 2020
9                                       8:45 a.m.

10

    Before:
11
                        HON. ALISON J. NATHAN,
12
                                          District Judge
13

14                        APPEARANCES

15  GEOFFREY S. BERMAN
         United States Attorney for the
16       Southern District of New York
    JANE KIM
17  MICHAEL KROUSE
    GARRETT LYNCH
18       Assistant United States Attorneys

19  STEPTOE & JOHNSON
         Attorneys for Defendant
20  REID WEINGARTEN
    BRIAN HEBERLIG
21  NICHOLAS SILVERMAN

22

23

24

25

1          (Case called)

2          THE COURT:  Good morning, counsel, good morning,

3     Mr. Sadr.

4          We're getting started earlier in light of what

5     developed over the weekend, but here we are.  We have some

6     amount of time we'll take.  I think the immediate need is to

7     deal with the late disclosure of GX411.

8          Who wants to begin?

9          MR. KROUSE:  Your Honor, the government filed letters,

10    the defense filed letters.  I want to stress from the outset

11    the government takes this very seriously.  We made a mistake,

12    we own that mistake, and it's an unfortunate situation.  We

13    acknowledge that, and it's our fault.  So I want to put that

14    out first.

15         I also want to stress that -- and I don't think the

16    defense is saying otherwise, I think the Court understands that

17    mistake was inadvertent entirely.  Nothing was purposely

18    withheld from the defense.  There was no conversation about

19    withholding anything from the defense.  That's not what

20    happened here.  It was a mistake.  And like I said, we're not

21    minimizing anything, but that was an oversight, and we're very

22    sorry to the Court and the defense for that oversight.

23         I also want to stress for the Court, each member of

24    the prosecution team has gone through its files one more time

25    to make sure there's nothing else like this, that this is the

1    only document that relates to the case that hasn't been turned

2    over to defense, and we can make that affirmation to the Court.

3            This really was sort of an anomalous situation where

4    DANY had a separate investigation into Commerzbank.  That

5    investigation into Commerzbank was for conduct that well

6    preceded this case, but in the course of that investigation,

7    Commerzbank turned over a number of documents to DANY, and in

8    the course of that one of the documents that was found was this

9    document, GX411, that did relate to this case.

10           The government had never seen that document before

11   January of this year.  It was sent to us by a member of our

12   team, by Garrett Lynch, that was during the time that the

13   government was going through a lot of evidence, was going

14   through and figuring out --

15           THE COURT:  Clarification, so I understand, because I

16   understand Mr. Lynch is a special assistant --

17           MR. KROUSE:  Yes, your Honor.

18           THE COURT:  -- when you say we weren't aware of it

19   before January, and it was sent to the team by Mr. Lynch, at

20   what point is Mr. Lynch part of the team so that his awareness

21   of it is relevant to what the team is aware of?

22           MR. KROUSE:  Mr. Lynch is a SAUSA appointed to this

23   team.

24           THE COURT:  As of?

25           MR. KROUSE:  I'm not sure, but before the case was

1    charged, so for the entire relevant period he has been.

2              THE COURT:  When you say we were not aware of it

3    before January, is that a representation that Mr. Lynch was not

4    aware of it before -- what was the date, January '20?

5              MR. KROUSE:  That is not a representation, that

6    Mr. Lynch was not aware of it.

7              THE COURT:  And when did Mr. Lynch become aware of it?

8              MR. KROUSE:  If I may have just a moment.

9              Mr. Lynch -- this is my understanding from prior

10   conversations -- had seen the document before in the context of

11   the Commerzbank investigation, later recalled that he had seen

12   that document in the unrelated investigation, went and found

13   the document, and sent it to the rest of the team in January of

14   2020.

15             THE COURT:  Okay.  And is the representation that

16   you've checked and there's nothing else dependent on

17   Mr. Lynch's recall after the fact as to what may be relevant,

18   or there's been an independent analysis of the Commerzbank

19   documents?

20             MR. KROUSE:  Mr. Lynch went back over the weekend to

21   his office and to the DANY offices and went through the file of

22   the Commerzbank investigation.  Most of that investigation, as

23   I said, relates to conduct that well preceded this case, I

24   believe it was 2002 to 2007 conduct, and so I think in an

25   abundance of caution we have reviewed that.  Commerzbank, also

1    in an abundance of caution, was producing a lot of documents to

2    DANY.

3             I will say Commerzbank, in relation to conduct in this

4    case, related to the single payment, so the payment that this

5    GX411 relates to.  So it's not a situation where Commerzbank

6    had a large role in the conduct of this case and we would have

7    an expectation that there would be a lot of other documents

8    related to this case.  It was just this single transaction.

9    But we had made an independent review to make sure there's

10   nothing else that needs to be turned over to the defense.

11            THE COURT:  So for purposes -- there's the question of

12   the timeframe with respect to this document and all of the

13   issues that now are encompassed in its failed disclosure and

14   then disclosure and representations about the disclosure.  We

15   need to deal with those.

16            We also need -- I need assurance, defense needs

17   assurance, as to the certainty and the carefulness and the

18   process by which the government has reviewed the potential

19   relevant documents, because this has a bit of a tip-of-the-

20   iceberg feeling to it, not only because of what appears to may

21   be a lack of candor about it.

22            And so for timeline purposes with respect to this

23   document, the team, including Mr. Lynch, has been part of the

24   prosecution team for a period of time, was aware of this

25   document from before the case was charged, but thought of it at

1   some point in January.

2          MR. KROUSE:  Yes, your Honor.

3          THE COURT:  Of 2020.

4          MR. KROUSE:  Yes, your Honor.

5          THE COURT:  In thinking of it and realizing its

6   potential relevance, that's the process that's been described

7   so far for assessment at that point, emailed it to the other

8   members of the team, and the team -- the other members of the

9   team, although Mr. Lynch is part of the team and remembers this

10  document --

11         MR. KROUSE:  Yes.

12         THE COURT:     -- and emails it, but somehow at that

13  point the whole team says, oh, we don't need to worry about it

14  because it's already been turned over.

15         MR. KROUSE:  I wouldn't take that last step as that

16  was an affirmative decision by the team.

17         THE COURT:  Mr. Lynch flagged it as something

18  potentially new, right, from what you're saying?

19         MR. KROUSE:  He hasn't flagged it as something new, he

20  flagged it as this is another piece of evidence for -- as we're

21  going through all the evidence, this is another good piece of

22  evidence for the government.

23         Now again, the government made a mistake, we should

24  have --

25         THE COURT:  On its face, it's not a good piece of

K39TSADE                    EXCERPT

1    evidence for the government.

2              MR. KROUSE:  Your Honor, we could address that.

3              THE COURT:  We'll get to that.

4              MR. KROUSE:  We can get to that.

5              THE COURT:  I sat through trial for a week.  I

6    understand the defense case, I think I understand the

7    government's case.  So that's in the background here, because

8    part of the representation --

9              We'll get to it.  Let's do it a step at a time because

10   it's important, and precision is important.

11             MR. KROUSE:  Yes, your Honor.

12             THE COURT:  So I'm responding to what you said.

13             Mr. Lynch remembered the document, something about the

14   document -- something caused him to say oh, this might be

15   helpful to us, send it over.  And the understanding at that

16   point, "Hey, this might be helpful to us, do we need to

17   disclose it," that thought doesn't happen?

18             MR. KROUSE:  No, and let me address that directly and

19   explain why.  This was during a time when a lot of emails were

20   going around; this is a good piece of evidence, this is a good

21   piece of evidence, in the context of everything that had

22   already been disclosed in discovery.

23             THE COURT:  Boy, have I heard this song before.

24             MR. KROUSE:  Your Honor --

25             THE COURT:  I'm just --

K39TSADE                      EXCERPT

1              MR. KROUSE:  If I may.

2              THE COURT:  Fool me once.  Go ahead.

3              MR. KROUSE:  Your Honor, again, I don't think anyone

4    is saying that this wasn't a mistake or that we shouldn't

5    have --

6              THE COURT:  I need to understand what happened.

7              MR. KROUSE:  That's what I'm trying to do.  We were

8    going through the evidence, it was a painstaking process, there

9    were a lot of documents, a lot of emails going around, this is

10   a nice piece of evidence, this is a nice piece of evidence.

11             Mr. Lynch sent the email about what was later marked

12   Government Exhibit 411:  This is a nice piece of evidence.

13             In the course of those discussions, it didn't occur to

14   the rest of the team that this particular piece of evidence

15   wasn't like every other piece of evidence that was being

16   discussed and had already been produced in the Rule 16

17   discovery.

18             We should have at that time --

19             THE COURT:  How is that point consistent with the

20   notion that Mr. Lynch remembered something that triggered him

21   to retrieve this document and send it along?

22             Maybe I don't understand the process or the piece of

23   that that you described, but they don't appear to be consistent

24   statements.

25             MR. KROUSE:  Respectfully, your Honor, if I could just

1   explain.

2              THE COURT:  Please.

3              MR. KROUSE:  Mr. Lynch had been on the case for longer

4   than the rest of the team.  He had the institutional knowledge

5   about the evidence.  So it was frequent that Mr. Lynch would

6   say, in the context of preparing for trial, this is a nice

7   piece of evidence, this is a nice piece of evidence.

8              The government -- the rest of the team hadn't charged

9   the case, wasn't involved in the discovery, didn't realize on

10  its face when we got that email that it wasn't clear that this

11  was somehow new, it was:  This is a nice piece of evidence that

12  we could use in our case.

13             I believe there was a short conversation between

14  Mr. Lynch and Ms. Lake about the evidence.  This kind of goes a

15  little bit to why the government at the time, and even as

16  recently as yesterday --

17             THE COURT:  Sorry, I want to pause on that

18  conversation.  Is that by email?

19             MR. KROUSE:  I believe it was a phone call

20  conversation or in-person conversation --

21             Phone call conversation between Mr. Lynch and

22  Ms. Lake.

23             THE COURT:  And the nature of that conversation?

24             MR. KROUSE:  About the document and how it fits in the

25  rest of the case.

1                So on that point --

2                THE COURT:  And if this is a question for Mr. Lynch,

3      that's fine, but it's helpful to have one person providing the

4      information.

5                The representation is that at that point Mr. Lynch's

6      understanding was that this document had been produced to the

7      defense?

8                Take your time if you need it, because I think that's

9      important.

10               (Pause)

11               MR. KROUSE:  The representation is that Mr. Lynch did

12     not know at the time that it had not been produced to defense,

13     that his understanding at that time in sending it, when he sent

14     it to the government -- or I don't mean to use "government" as

15     somehow excluding Mr. Lynch, he's parts of the team, but

16     sending it to the three AUSAs who were on the case with him,

17     his understanding was it had been produced in discovery.  It

18     wasn't represented to us -- and nobody realized at that time in

19     January -- that it hadn't been produced in discovery.

20               In the context of the exhibit fitting into the rest of

21     the government's case, I think part of it is that those other

22     documents haven't yet been introduced.  Those will be

23     introduced today.  But the reason why the government viewed it

24     as a wholly inculpatory document on its face was that there are

25     emails between Commerzbank that find their way to Mr. Sadr

1     where Commerzbank is asking very pointed questions about the

2     ownership structure and the beneficial owners of Stratus

3     Turkey.  And Mr. Sadr then responds to those questions with

4     what the government views as misrepresentations or omissions

5     about those owners.

6            And so in the government's view, the emails were

7     always going to come in as part of the government's case as

8     part of the story of misrepresentations by Ms. Sadr, and we're

9     still intending to introduce those emails today and to argue

10    them to the jury.

11           So this document, Government Exhibit 411, closes the

12    loop on that story but isn't a document that the government

13    necessarily needed for its case in chief because it has the

14    emails from Commerzbank to Mr. Sadr.

15           So on the face of the document -- and maybe this was

16    just blinders, but from the government's perspective, this was

17    an inculpatory document, it's Commerzbank asking questions

18    about a payment that they processed and looking back and saying

19    maybe that payment was to an Iranian entity, and going forward

20    Commerzbank saying we'll put that entity on our list and filter

21    for it.

22           And this sort of dovetails into the next part of what

23    happened.  Ms. Lake, over the weekend, went back into her

24    emails and was looking through various documents and stumbled

25    across this January email from Mr. Lynch, opened the document,

1    and in the context of how the trial developed, thought it would

2    be helpful for the government to close the loop on that story

3    of why Commerzbank was asking the questions of Mr. Sadr after

4    having processed the transactions.  And seeing that document,

5    Ms. Lake proposed to the team that we produce it -- that we

6    introduce it at trial, mark it as a new exhibit.

7         THE COURT:  In the course of this discussion was there

8    any notion as to its potential use to the defense case, having

9    yourselves sat through a week of trial, heard rulings on

10   objections, heard the defendant's opening, in any of that

11   discussion, right at the moment you're talking about, is there

12   the thought:  Whether we want to use this or not, it needs to

13   be turned over?

14        MR. KROUSE:  Candidly, your Honor, no, there was not

15   that discussion.  The discussion was solely about how

16   inculpatory the government viewed the document.

17        Now in conversations -- and the defense has been very

18   available to talk about this, and the government does

19   appreciate that, we had conversations about the document, and

20   we now understand much better what the -- how the defense would

21   seek to use this document.  And I think the correspondence that

22   was sent to the Court reflects that the government was

23   genuinely confused or unsure about how the document would be

24   used -- how it would be helpful to defense.

25        It's, in many, many ways, a very inculpatory document.

K39TSADE                    EXCERPT

1  I'm sure the defense would concede that.  It's also, in the

2  defense's theory, there is -- it does support aspects of the

3  defense theory.  We addressed this a little bit in our letter,

4  and I'm happy to address it further if the Court has questions

5  about it.

6           THE COURT:  We'll get to it.  Continue on the

7  timeline.  So you have this moment of finding it in the

8  emails --

9           MR. KROUSE:  Yes.

10          THE COURT:  -- thinking it's helpful to the

11 government's case.

12          MR. KROUSE:  Yes.

13          THE COURT:  And then what, in terms of the realization

14 of the failure to disclose it previously?

15          MR. KROUSE:  Ms. Lake then, in an abundance of

16 caution, reviewed and realized it hadn't been produced to the

17 defense.

18          THE COURT:  Did anything trigger that, or that was her

19 normal process:  I got to make sure, even though, boy, I know

20 we turned over everything, I got to make sure this document was

21 turned over.

22          That's normal standard process, or something triggered

23 the second look?

24          MR. KROUSE:  It wasn't anything in particular that

25 triggered that other than what your Honor is saying, the fact

1    that it was a newly marked exhibit, that it hadn't been marked

2    before, it wasn't in our stipulation.

3            THE COURT:  Step back.  Newly marked because Ms. Lake

4    asked -- you asked the paralegal to newly mark it?

5            MR. KROUSE:  Ms. Lake asked the paralegal.

6            THE COURT:  Not previously marked.

7            MR. KROUSE:  Not a previously marked trial exhibit.

8            THE COURT:  In the context of the discussions about --

9    the many discussions about the scope of the trial exhibits, and

10   the government was, out of an abundance of caution, going to

11   overmark --

12           MR. KROUSE:  In the email context, yes, entirely, and

13   we have done that.

14           THE COURT:  So this is a different context because you

15   thought a subpoena -- well, because it's a subpoena return?

16           MR. KROUSE:  Because it's a bank record, which we

17   understood to have been all obtained by subpoena.

18           And so --

19           THE COURT:  And the other subpoena returns, the

20   emails, for example, those had been premarked as trial exhibits

21   and disclosed to the defense?

22           MR. KROUSE:  Yes, and all of those banking documents,

23   those financial documents that had been marked had been put

24   into a stipulation as to their authenticity.  And your Honor

25   has seen a bunch of those banking exhibits introduced.

K39TSADE                    EXCERPT

1          So this is a bank exhibit that Ms. Lake came across

2   and thought had we marked this before, realized we hadn't.  She

3   looked back and realized that it hadn't.  She went into the

4   Commerzbank folder in the shared drive for the documents that

5   had been produced and realized those weren't among the

6   documents.

7          THE COURT:  This is Friday?

8          MR. KROUSE:  Friday night is when she found it -- I

9   don't know if it was Friday or Saturday morning that she

10  realized it hadn't been.

11         THE COURT:  But by Saturday morning, and before it was

12  sent to the defense, the government is aware that it's not been

13  premarked as a trial exhibit and never been previously

14  disclosed to defense.

15         MR. KROUSE:  Yes.

16         THE COURT:  That gets us to communications.  At that

17  point it's sent via email from Ms. Lake to the defense.

18         MR. KROUSE:  Yes.

19         THE COURT:  In an email that says that we don't think

20  Mr. Dubowitz will be able to testify.

21         MR. KROUSE:  Yes.

22         THE COURT:  Attached are the following, and there's 12

23  bullet points, includes 3500 unmaterial, exhibits, summary

24  charts, and the like.

25         MR. KROUSE:  Yes.

K39TSADE                    EXCERPT

1        THE COURT:  It's number 3 in the bullet points --

2        MR. KROUSE:  Yes.

3        THE COURT:  -- out of those 12 bullet points.

4        Bullet point 3:  GX411, we intend to use this on

5   Monday.  Will you stipulate to its authenticity?

6        MR. KROUSE:  Yes.

7        THE COURT:  You do not identify -- as far as I can

8   tell, I'm happy to hear -- that this has not previously been

9   disclosed.

10        MR. KROUSE:  That's correct.  And that is a mistake, a

11   hundred percent.

12        The reason for that mistake, and not making excuses in

13   the least, we should have flagged in that email this is a new

14   document, period.

15        THE COURT:  At a minimum you should have flagged in

16   the email this is a new document.  Responsibly, you should have

17   said this is a new email, here's what happened, we thought it

18   had been disclosed, we realized it, and here's why we made our

19   mistake.

20        MR. KROUSE:  Agreed.

21        THE COURT:  I felt enormous relief, though you should

22   have done that, that you did the minimum.  And that's what you

23   told me you did expressly last night, correct?

24        MR. KROUSE:  Yes, your Honor.

25        THE COURT:  And I felt that relief because the letter

K39TSADE                    EXCERPT

1   to me asking precisely this question assured me you had done

2   the minimum.  I won't quote it, but you know what it says.

3           MR. KROUSE:  I understand, your Honor.

4           THE COURT:  That was false.

5           MR. KROUSE:  I think it was imprecise, and here's why:

6   The government has had -- this is in the context of many, many

7   discussions with the defense.  And again, we were disclosing

8   this is a newly marked exhibit, that we need an authenticity

9   stipulation to it, and we were intending to offer it.

10          Of course in the benefit of hindsight we should have

11  done a lot more, but part of it was, at least in the

12  government's mind -- this goes back to what we talked about

13  earlier, in the government's mind at the time -- it had not

14  entered the government's mind that this was potentially Brady

15  material or that this was helpful to the defense.

16          It was solely in our mind, and maybe this was just

17  trial blinders --

18          THE COURT:  It is.

19          MR. KROUSE:  I think that's fair, but in the

20  government's mind, I can affirm as an officer of the Court that

21  what we were thinking was:  This is a good piece of evidence

22  for the government.  It's Commerzbank asking the questions that

23  the defense has been crossing the other bank witnesses on.  Why

24  didn't they do these things?  It's Commerzbank actually doing

25  those things.  It's Commerzbank then saying, based on that

1      investigation, we're no longer going to process transactions

2      for this entity, and in the overall context of the evidence, no

3      other transaction is processed by Commerzbank going forward.

4              So it is inculpatory, just to be clear, and it's a

5      mistake.  With the benefit of hindsight, if we had thought

6      there was Brady material in this, if that had been in our

7      heads, we would have structured that correspondence with the

8      defense much, much differently.  And for that, that's on us, we

9      apologize for that.

10             The document was produced to the defense.  They

11     realized almost immediately, based on the chronology of events,

12     that because this was a newly-marked exhibit, we're asking for

13     authenticity, they went back and looked, I'm assuming, at the

14     discovery productions and realized that it hadn't been

15     produced.  And they asked the question, and immediately the

16     government responded with the truth.

17             We weren't trying to hide anything.  We could have

18     been more proactive in communicating that information, a

19     hundred percent.

20             THE COURT:  When you say -- and you're saying it

21     again -- that you identified it as a newly-marked exhibit when

22     you produced it in the email on Saturday around 4:00, what do

23     you mean?

24             MR. KROUSE:  That it's an exhibit that we're asking

25     for a new stipulation of authenticity for.  And government's

1    view, wrongly or rightly, was that the defense would realize

2    that this was a new exhibit because we had never produced it

3    and never marked it and never asked for the authenticity for

4    it.

5             THE COURT:  So bullet number 4, GX456, exact same

6    sentence.  GX456, we intend to offer this on Monday.  Let us

7    know if you're willing to stipulate to authenticity.

8             That, too, had never been produced to the defense?

9             MR. KROUSE:  No.

10            THE COURT:  Same for GX495A and B?

11            MR. KROUSE:  No, this was the only document, your

12   Honor.

13            THE COURT:  I'm sorry, then I misunderstood your

14   answer on GX456, which is structured -- GX456 had been produced

15   to the defense before this weekend or no?

16            MR. KROUSE:  Yes, it had.

17            THE COURT:  Mr. Krouse --

18            MR. KROUSE:  Your Honor, I am not saying that that was

19   a good way to communicate the information.

20            THE COURT:  I'm talking about what you said to the

21   Court last night and what you are continuing to maintain in the

22   face of evidence that it's false.

23            MR. KROUSE:  Let me step back then.

24            THE COURT:  Because -- well, yes, let me ask you

25   again:  When this was disclosed to the defense Saturday around

1    4:00, did you identify it as a newly-marked document?

2              MR. KROUSE:  No.

3              THE COURT:  Okay.  So when you said to me -- aside

4    from what you said a moment ago, when you said to me in

5    response to an order asking precisely this timeline -- because

6    the vagueness with which it was described in the government's

7    original letter was a blinking red light to me:  They're

8    intentionally not telling me what was happening in this

9    process.

10             So I asked specifically, and you said the members of

11   the team -- Ms. Lake found it in her emails, the members of the

12   team discussed the document the next morning and confirmed it

13   likely had not been produced to the defense previously.  The

14   government promptly had a paralegal mark it as an exhibit and

15   produced it to defense along with other exhibits of 3500

16   material.  The government made clear this is -- I'm bolding in

17   my tone -- the government made clear that GX411 was a newly

18   marked exhibit, and that we intend to offer it, and asked the

19   defense if they would stipulate to its authenticity.  End of

20   bolding, in my head.

21             MR. KROUSE:  Yes, your Honor.

22             THE COURT:  Defense counsel responded shortly after

23   the government provided GX411 and asked how long the government

24   had GX411 and why they never previously received it.

25             Sure, competent counsel saw a document that they

1  thought helpful to them that the government slipped in on this

2  list without identifying it, as a government told me last

3  night, that it was a newly marked exhibit, never previously

4  disclosed, and asked what the heck it was.  And you're acting

5  like you identified it as such, and you misrepresented to Court

6  last night.

7          MR. KROUSE:  I apologize for the imprecision of the

8  language.  I'm not acting like this had never been produced to

9  the defense, I believe the Court asked -- and I apologize if

10 the language was imprecise in court or in the letter --

11         THE COURT:  Mr. Krouse, you understood my order last

12 night, the supplemental order was asking precisely this

13 question, did you not?

14         MR. KROUSE:  Yes.

15         THE COURT:  And yet I will be frank, I don't

16 understand how this is not an OPR referral.

17         MR. KROUSE:  Your Honor --

18         THE COURT:  Is your unit chief here?

19         MR. KROUSE:  He is and she is, they're both here.

20         THE COURT:  Have them come forward, please.

21         Would you enter your names.

22         MS. CROWLEY:  Shawn Crowley.

23         MR. BOVE:  Emil Bove.

24         THE COURT:  Mr. Bove, have you looked at the course of

25 conduct that happened last night?

1          MR. BOVE:  We have, Judge.

2          THE COURT:  What do you intend to do about this?

3          MR. BOVE:  So far we asked the team -- and you heard

4    this part this morning -- to go back to the files and make sure

5    there are no similar issues in this case.

6          Following the conclusion of this case -- this has also

7    been discussed and briefed up to the level of the U.S.

8    Attorney, there have been conversations with the chief of the

9    criminal division as recently as this morning.  So everyone is

10   taking this extremely seriously.

11         At the conclusion of the trial we'll look back on this

12   and see if there are any other similar issues in this trial or

13   any other trials in the unit, sit down with the unit to discuss

14   how this was handled.

15         So I don't think it mitigates -- I'm not intending it

16   to mitigate what is discussed here now, but this is being taken

17   extremely seriously.

18         THE COURT:  As it should be and as it needs to be.

19   And as Mr. Berman, who I have an enormous respect for, has

20   promised me with respect to, as you well know, the last trial I

21   had with the office, a Brady issue that was not the day before

22   the government rested, that was at the final pretrial

23   conference, and we delayed it as a result.

24         The disclosure issue is a problem, and what would

25   allow me to get to a comfortable place on it is the

1    representations from the lawyers from the office that they have

2    served that they're confident that there's nothing else.  And

3    it is hard, in light of the misrepresentation to the Court last

4    night, to accept that.  That's the problem.

5            MR. BOVE:  I understand your point, Judge.  We

6    apologize.  We take this seriously.

7            I do think that this arises from a lack of precision,

8    as Mr. Krouse said, this morning as opposed to an intentional

9    issue.  I'm not sure that that -- that is not going to address

10   the concerns that you have, nor should it, but I think the

11   inadvertence is relevant as you analyze the situation, and that

12   is what you have here.

13           I think the point being discussed now about the

14   language in that letter last night -- Ms. Crowley and I

15   reviewed that letter in realtime before it was filed -- our

16   understanding in submitting that language to your Honor was

17   that this clearly marked language that has been addressed here

18   this morning related to the fact that the document had been

19   marked as a government exhibit with a yellow government

20   sticker.  That is what we intended to convey with that.  Again,

21   the language should have been more precise, and it has been --

22   and you pointed out exactly why, and it was an error.  I think

23   that was the intent of the language, we're correcting it now,

24   and I don't think there's much more for us to do on that point

25   other than to apologize for that error.

1          THE COURT:  I think that's right.  In light of the

2     order I put out seeking information on this precise timeline,

3     in light of the fact that there were other exhibits that had

4     been previously disclosed, that were indicated in precisely the

5     same way in the transmittal email, it's very difficult to see

6     this as anything other than maybe "blinders" is the right word,

7     but it's blinders to the point of misrepresentation, and it's

8     deeply concerning.  And we will, aside from the what's

9     happening in this trial, address it.

10          My concern is the tip-of-the-iceberg concern.  What

11     else is there?  And I'm sure that's the defense's concern as

12     well.  For me to be able to have confidence, credibility with

13     respect to this is important, and you don't have it right now.

14          So Mr. Bove, Ms. Crowley, this will be addressed no

15     matter what the resolution is with respect to case.  I don't

16     think I'm having blinders on about this, I'm not coming to any

17     determinative conclusions yet, but it's hard to understand this

18     to be anything other than a misrepresentation.

19          Thank you.

20          And with respect to how to handle this document, I'm

21     going to hear from the defense.

22          MR. KROUSE:  Thank you, your Honor.

23          THE COURT:  Mr. Weingarten.  The request is for a

24     curative instruction, that you will seek to admit, that is your

25     desire?

1          MR. WEINGARTEN:  Could I make a preliminary

2     observation?

3          THE COURT:  Sure.

4          MR. WEINGARTEN:  I think the most useful way is to do

5     the chronology as you did.  So we get it at 4:00 on Saturday.

6     Yes, we're shocked.  We allow for the possibility of mistakes

7     were made.  That happens.

8          We get the government's response saying it's not

9     exculpatory.  We think that's ridiculous, but we say fine, and

10    we sort of continue along.  It is a hundred percent clear to me

11    that if I had that document, and I should have, my opening

12    would have been different and my cross-examination of the OFAC

13    guy would have been very, very different.  Just to emphasize

14    that, the government's opening was:  We tricked OFAC.  OFAC

15    couldn't stop this until $115 million passed, an elaborate

16    scheme to trick OFAC.  Obviously, if I had that document and

17    OFAC knew the first dollar payment of $29 million, that's a

18    huge point for us.

19         But here's the part that you've not yet addressed that

20    really troubles us, the issue is:  Did the government, in the

21    course of this investigation, ask OFAC what they did?  We never

22    received information about that.  It is against human nature

23    for prosecutors like the prosecutors to my left not going to a

24    sister government agency and asking them if they investigated

25    the case, particularly when they have Government Exhibit 411.

1    Obviously, the first dollar payment, $29 million, was sent.

2    What did they do with it?

3             THE COURT:  Count One charges conspiracy to defraud

4    the United States by interfering and obstructing OFAC.

5             MR. WEINGARTEN:  That's exactly right.

6             So Mr. Kim is on the stand and I'm crossing him, and I

7    asked him those question.  And you may recall -- I didn't have

8    411, so I had no idea about this, but I did know about the

9    $6,000 payment to the Persian guy who testified, Mr. Kazerani.

10   You may recall a $6,000 check or payment was stopped, and in

11   the government exhibit it makes reference to the fact this went

12   to OFAC.

13            So when Kim was on the stand I asked him about that,

14   and I had a funny feeling when I was standing here, and then I

15   read the testimony, and if I may just make reference to it

16   briefly, so I say to Kim:

17            Did it come to your attention that there was an

18   allegation made relating to anything having to do with this

19   case?

20            And he said:  Not until I got instruction to get

21   involved with this.

22            So to your knowledge, this matter was never

23   investigated by OFAC, correct?

24            Objection, your Honor.

25            Overruled.

1            In my knowledge, no.

2            And I go:  To your knowledge, was there ever a

3  referral made by JP Morgan to OFAC relating to this case?

4            In my knowledge, no.

5            Then I ask him:  How long have you been working on

6  this case?

7            He goes:  I started to work with the prosecutors from

8  the end of February, like twelve months, six or seven meetings.

9            I submit it's impossible for me to believe that the

10  subject of what OFAC did when they received information

11  relating to my client did not come up in conversations between

12  competent prosecutors and OFAC.

13            But it continues.  During that period of time, it

14  never came to your attention that OFAC had received a referral

15  from JP Morgan that has to do with this case, is that fair?

16            And he goes:  I cannot say that.

17            I go:  Well, is it true or is it not true?

18            He goes:  I don't know.

19            Question:  So you have no knowledge that that

20  occurred, right, no one has brought that to your attention?

21            Not to my attention.

22            Well, to OFAC's attention.

23            That I don't know.

24            So the answer is no?

25            That I don't know.

1          The point is I had a gut at the time that there had

2    been relationships on this particular subject between OFAC and

3    the U.S. Attorney's Office that I didn't know.

4          Okay.  So now we have the correspondence from the

5    government about this issue.  And, of course, we read it with

6    great attention, and they say -- and I think the language is

7    important, so heaven knows I don't want to misquote, this is on

8    page 2 of their letter to you on March 8:  The government is

9    currently seeking to confirm whether OFAC took any action based

10   on Bank 1's disclosure, and is willing to stipulate that OFAC

11   did not take action against Bank 1, the Stratus entities, or

12   the defendant.

13         I'm not saying that's a cute answer, but that's not an

14   answer saying we never had any business with OFAC, we had no

15   idea.

16         If in fact -- I think here's the deal, here's the real

17   deal on this matter:  If in fact they dealt with OFAC and they

18   learned that there was a declamation where OFAC did nothing and

19   they didn't share with us that point, and then they opened the

20   way they did and they elicited the information from Mr. Kim

21   that they elicited, we are in mistrial with prejudice

22   territory.

23         THE COURT:  What's the application?

24         MR. WEINGARTEN:  That's my application.  I would like

25   to know -- I would like for them to stand up and say -- if they

1    say, "Look, maybe we're not as great as everybody thinks we

2    are, we just missed that, we didn't care whether or not OFAC

3    actually did anything even after they got a letter from

4    Commerzbank saying $29 million went to this potentially Iranian

5    company, maybe we just weren't interested," and that's just the

6    truth, then we have an application for a stipulation that I

7    will submit to Court.

8           But if they actually knew that OFAC did nothing,

9    behaved the way they behaved in this Court, we are in mistrial

10   with prejudice territory.

11          THE COURT:  All right.  Mr. Krouse.

12          MR. KROUSE:  Yes, your Honor, I can address that

13   point.  Mr. Kim -- just factually, Mr. Kim, his answer was

14   February of this year when the government started preparing him

15   as an expert witness.  He wasn't the OFAC person, to the extent

16   there was an OFAC person dealing with this case, he was called

17   as an expert witness to testify about OFAC general processes

18   and procedures.

19          The government's understanding has always been that

20   OFAC did do nothing in this case for the conduct that's being

21   charged.  There was no OFAC finding, there was no is

22   investigation.

23          Now, of course, with this letter we are asking that

24   question, but again, there is nothing willful about what

25   happened here.  The government learned about this, or members

K39TSADE                    EXCERPT

1    of the team were informed about -- I can only speak for myself

2    and the rest of the team here -- about this letter to OFAC from

3    Commerzbank in January of 2020.

4              THE COURT:  No, that's not true, because the team

5    includes Mr. Lynch.

6              MR. KROUSE:  Yes, so Mr. Lynch also.  But my

7    understanding is there's never been any disclosure from OFAC --

8    and we're running this down, we're talking to them -- that they

9    did anything with this letter, that there is any investigation

10   open or anything like that.

11             And so we are happy, once we confirm that, to

12   stipulate to that point.  And if the defense introduces this

13   letter along with the stipulation, they can -- they are in a

14   position, I think powerfully, to argue that you heard that

15   Commerzbank sent this referral or sent this letter to OFAC and

16   they did nothing, you can infer from that that this was conduct

17   that OFAC didn't care about.

18             But there isn't any --

19             THE COURT:  And that does appear to be information the

20   team has had in its possession for a date unspecified but for a

21   long period of time.

22             MR. KROUSE:  The letter, yes, and the fact that OFAC

23   did nothing I think the defense has known for a period of time

24   as well.

25             MR. WEINGARTEN:  That's just not true.

1     MR. KROUSE:  There's nothing in the discovery that

2     indicates that they did anything.

3          THE COURT:  Did the government, anyone on the team,

4     inquire of OFAC as to what they did upon learning?

5          MR. KROUSE:  No.  We have now.  Now that we understand

6     the potentially exculpatory aspect of this letter from

7     Commerzbank, we have asked that question.  We haven't received

8     an answer yet since it occurred over the weekend, but our

9     strong suspicion is, as OFAC has -- that OFAC did nothing with

10    this letter.  So once we confirm that, we will be in a position

11    to stipulate to that fact.

12         THE COURT:  Mr. Weingarten.

13         MR. WEINGARTEN:  That's not enough.  There are other

14    prosecutors on this case.  It is inconceivable to us that there

15    was never occasions in the years of this investigation that

16    OFAC wasn't inquired about what they did and didn't do in

17    reference to my client and the companies that you are familiar

18    with.  We want declarations from every prosecutor who worked on

19    this case.  If they're incompetent enough to not make those

20    inquiries, I will live with that, but I don't believe it.

21         THE COURT:  I will grant that application.

22         So we have to proceed now.  I have all my jurors.

23    This is not resolved.  I think the question is:  Can we proceed

24    with Peri and the documents and continue to deal with this?

25         MR. WEINGARTEN:  We're capable of finishing the

1    government's case, if that's the Court's wish.  We had

2    resolved, before this nightmare, that we were going to put the

3    client on, and we're prepared to do that.  We think this is a

4    huge issue, and we think this really has the potential to end

5    this trial.

6              I think when all the prosecutors are quizzed about

7    this, including members of the district attorney's office and

8    the prosecutors who worked on this case before, there is no

9    chance that there's not going to be a positive response to the

10   Court that they made inquiry.  There is no chance in the world.

11   If they told us, it would have been profoundly exculpatory

12   information.  They opened completely inconsistent with that and

13   elicited information from the OFAC guy completely inconsistent

14   with that.

15             This case should be dismissed with prejudice.  And

16   that's where we're going to end up.  We would respectfully

17   request that the prosecutors are required to make presentations

18   to you by the end of the day, and if they pass muster, we'll be

19   prepared to put the client on tomorrow.

20             THE COURT:  There are many ways to cure problems, and

21   we'll get to curing the problem when we have all of the

22   information.  We don't have all the information yet, but we'll

23   get it, and then the question of cure, which may include things

24   like recalling Kim or otherwise, there are possibilities that

25   we have not yet explored, so we're not anywhere close to there

K39TSADE                        EXCERPT

1    yet.

2              As I said, a problem in this is the Court's specific

3    concern as to the credibility in light of what additionally

4    occurred last night and in the nature in which this late

5    disclosure was noticed.  So it concerns me, clearly.

6              The immediate question is:  Can we proceed with the

7    remainder of the government's case in light of lack of

8    resolution, and then before requiring the defense to proceed

9    with its case, continue to explore this?

10             MR. WEINGARTEN:  Okay, that's fine, your Honor.

11             THE COURT:  Okay.

12             (Continued on next page)

13

14

15

16

17

18

19

20

21

22

23

24

25

# Exhibit 55

| | |
|---|---|
| **From:** | Lynch, Garrett |
| **To:** | Bove, Emil (USANYS) |
| **Subject:** | RE: Time Sensitive Question |
| **Date:** | Monday, March 9, 2020 2:54:59 PM |

That's fine.  And sorry for any confusion in my wording – I obviously meant consistency in formatting, not substance.

The DANY people are scattered all over.  We've spoken to all but one.  It may be challenging to get signed declarations from each (one is in Ireland), so we may want to think about whether I can attest that I spoke to people.

What's your direct dial?  My desk is 212-335-4335.

**From:** Bove, Emil (USANYS) [mailto:Emil.Bove@usdoj.gov]
**Sent:** Monday, March 9, 2020 2:52 PM
**To:** Lynch, Garrett <LynchG@dany.nyc.gov>
**Subject:** RE: Time Sensitive Question

Let's talk before anyone puts pen to paper.  I'm reading this morning's transcript now.  Plan on 330 if that's ok.

**From:** Lynch, Garrett <LynchG@dany.nyc.gov>
**Sent:** Monday, March 9, 2020 1:58 PM
**To:** Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Subject:** RE: Time Sensitive Question

Emil, can you send me your format for a declaration/affirmation so we have folks here submit consistent documents?  Thanks.

**From:** Bove, Emil (USANYS) [mailto:Emil.Bove@usdoj.gov]
**Sent:** Monday, March 9, 2020 10:25 AM
**To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>
**Cc:** Kaveh.Miremadi@treasury.gov; MariaHelene.VanWagenberg@treasury.gov; Jacqueline.Brewer@treasury.gov; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Crowley, Shawn (USANYS) <Shawn.Crowley@usdoj.gov>
**Subject:** Re: Time Sensitive Question

Hi Kaveh, what number can we reach you at?

On Mar 9, 2020, at 10:04 AM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:

   I don't. I'm adding my Chiefs to this chain.

On Mar 9, 2020, at 9:23 AM, "Kaveh.Miremadi@treasury.gov"
<Kaveh.Miremadi@treasury.gov> wrote:

Hi Jane,

Do you know who or what division in OFAC this letter was sent to?  I'm
searching our records now.  We may not be able to get you a
comprehensive answer this morning.

Kaveh

---

**From:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>
**Sent:** Sunday, March 8, 2020 5:58 PM
**To:** Miremadi, Kaveh <Kaveh.Miremadi@treasury.gov>; Van Wagenberg,
Maria-Helene <MariaHelene.VanWagenberg@treasury.gov>; Brewer,
Jacqueline <Jacqueline.Brewer@treasury.gov>
**Cc:** Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Krouse,
Michael (USANYS) <Michael.Krouse@usdoj.gov>; Lynch, Garrett
<LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor]
<Garrett.Lynch@usdoj.gov>
**Subject:** Time Sensitive Question


** **Caution:** External email. Pay attention to suspicious links and
attachments. Send suspicious email to suspect@treasury.gov ****




Kaveh, Maria, and Jacqui:

I'm attaching a letter dated June 16, 2011, from Commerzbank to OFAC
concerning a specific payment.  Could you please let us know what actions
OFAC took in response to this letter?  We need to update the Court on
this issue tomorrow morning, so any information would be hugely
appreciated.

Thank you in advance,
Jane


Jane Kim
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza

New York, New York 10007
Phone:  (212) 637-2038
Email:  jane.kim@usdoj.gov

This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

*United States v. Sadr*, No. 18 Cr. 224 (AJN)

Exhibits to the October 16, 2020 Declaration of Emil J. Bove III

# Exhibit 56

| | |
|---|---|
| **From:** | Crowley, Shawn (USANYS) |
| **To:** | Strauss, Audrey (USANYS); Bove, Emil (USANYS) |
| **Cc:** | Birger, Laura (USANYS) |
| **Subject:** | RE: Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN) |
| **Date:** | Monday, March 9, 2020 3:24:14 PM |
| **Attachments:** | 127126528741.pdf |
| | [280-1] Def resp re brady.pdf |

Thanks.  Attaching the email chain in which we produce GX 411 (Saturday at 4:04 p.m.) as well as the letter we filed with Judge Nathan in which we represent that we "made clear that GX 411 was a newly marked exhibit and that we intended to offer it."

---

**From:** Strauss, Audrey (USANYS) <AStrauss@usa.doj.gov>
**Sent:** Monday, March 09, 2020 3:17 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Cc:** Birger, Laura (USANYS) <LBirger@usa.doj.gov>
**Subject:** RE: Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)

I am trying to review this transcript but I think I am missing a document--- our letter to the defense that the judge views as not fully candid.
Would you pls send?
Thanks.

---

**From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Sent:** Monday, March 9, 2020 2:22 PM
**To:** Strauss, Audrey (USANYS) <AStrauss@usa.doj.gov>; Birger, Laura (USANYS) <LBirger@usa.doj.gov>
**Cc:** Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Subject:** Fwd: Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)

This is the transcript from this morning before Judge Nathan. As Laura knows, the AUSAs are scrubbing their files and drafting their declarations.


Begin forwarded message:

> **From:** "DeLuca, Michael (USANYS) [Contractor]" <MDeLuca@usa.doj.gov>
> **Date:** March 9, 2020 at 2:05:16 PM EDT
> **To:** "Bove, Emil (USANYS)" <EBove@usa.doj.gov>, "Crowley, Shawn (USANYS)" <SCrowley@usa.doj.gov>
> **Subject: FW:  Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)**


---

> **From:** Goretti Moya <gmoya@sdreporters.com>
> **Sent:** Monday, March 9, 2020 2:05 PM

**To:** DeLuca, Michael (USANYS) [Contractor] <MDeLuca@usa.doj.gov>
**Subject:** RE: Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)

---

**From:** DeLuca, Michael (USANYS) [Contractor] <Michael.DeLuca@usdoj.gov>
**Sent:** Monday, March 09, 2020 10:43 AM
**To:** Info <Info@sdreporters.com>; reporters <reporters@sdreporters.com>
**Subject:** Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)

Good morning – We have a time-sensitive request for this morning's transcript in the ongoing trial in front of Judge Nathan, US v. Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN). We are requesting a copy of this morning's transcript (from before the jury entered the courtroom) as soon as possible, and will pay any fees associated with the expedited request.

Could you please let me know when we would be able to get this? I'm sorry for the urgent request and I appreciate your help.

Thank you,
Michael

Michael DeLuca
Paralegal, Terrorism & International Narcotics Unit
U.S. Attorney's Office, SDNY
Desk: (212) 637-2248
Cell: (646) 265-8172

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

    Re:    *United States* v. *Ali Sadr Hashemi Nejad*, 18 Cr. 224 (AJN)

Dear Judge Nathan:

    The Court writes in response to the Court's order from 9:00 this evening. The Government apologizes for the lack of clarity in its prior email.

    The Government found GX 411 in its emails on Friday night, looked at the Bank-1 subpoena production, and did not find it. The members of the team discussed the document the next morning and confirmed that it likely had not been produced to the defense previously. The Government promptly had a paralegal mark it as an exhibit and produced it to the defense along with other exhibits and 3500 materials. The Government made clear that GX 411 was a newly marked exhibit and that we intended to offer it, and asked the defense if they would stipulate to authenticity. Defense counsel responded shortly after the Government provided GX 411 and asked how long the Government had GX 411, and why they had not previously received it. The Government responded and explained that we had been aware of the letter since mid-January, and that, at the time, the Government had mistakenly believed it was part of the discovery in the case.

    When SAUSA Lynch sent what is now GX 411 to the AUSAs in the case in January, the AUSAs assumed that this was a document that came from this case (specifically, the subpoena to Bank-1), and that it was therefore a document that had been previously produced to the defense as part of the Rule 16 discovery. This was an incorrect assumption. The document in fact was

The Honorable Alison J. Nathan, U.S.D.J.
March 8, 2020
Page 2

obtained in an unrelated DANY investigation and was not provided to this Office before January 2020.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
Jane Kim / Michael Krouse / Stephanie Lake
    Assistant United States Attorneys
Garrett Lynch
    Special Assistant United States Attorney
(212) 637-2038 / 2279 / 1066

cc: Defense Counsel (by ECF)

# Exhibit B

| From: | Silverman, Nicholas |
|---|---|
| Sent: | Sunday, March 8, 2020 1:36 PM |
| To: | Kim, Jane (USANYS) 4; Heberlig, Brian; Lake, Stephanie (USANYS); Weingarten, Reid |
| Cc: | Krouse, Michael (USANYS); Lynch, Garrett (USANYS) [Contractor]; Milione, Shawn (USANYS) [Contractor] |
| Subject: | RE: U.S. v. Sadr |
| Attachments: | 092-1 2019-02-25 Pretrial Mem 6 - Exhibit A-c2.pdf |

Counsel:

(1) Are there any other documents in the government's possession that have not been produced?

(2) Is there any other *Brady* information in the government's possession that has not been produced?

(3) Is there any information in the government's possession, custody, or control showing OFAC's response to this letter? This is subject to production under *Giglio* and/or *Napue* because it would at a minimum undermine Ted Kim's testimony (A) that to his knowledge, nothing relating to this matter was investigated by OFAC, (B) that "it matters a lot" if Iranian involvement in a transaction is concealed, and (C) that hiding "Iranian connections … would make it very difficult for me to do my job."

(4) As we have said, our requests for *Brady* and *Giglio* are continuing in nature. I have attached our September 2018 letter in case you want a non-exclusive list of examples of the type of information covered by *Brady* and *Giglio* in this case. Obviously, any information contrary to government witness testimony would be another example.

(5) Regarding the authenticity of GX 411, we stipulate to authenticity.

(6) GX 704 – Please let us know what modifications have been made.

(7) GX 495A, 495B – What is the relevance of Sadr having bank accounts at HSBX from January 2010 through October 2013?

(8) GX 456 – We are reviewing and anticipate stipulating to authenticity.

(9) GX 705A & 705B – We are reviewing.

(10)     GX 2304A – Subject to our continuing objection (which we understand to have been overruled), no further objection.

**Nicholas P. Silverman**
Associate
nsilverman@steptoe.com

<span style="color:darkred">**Steptoe**</span>

| +1 202 429 8096 direct | Steptoe & Johnson LLP |
|---|---|
| +1 617 595 6559 mobile | 1330 Connecticut Avenue, NW |
| +1 202 429 3902 fax | Washington, DC 20036 |
| | www.steptoe.com |

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>
**Sent:** Sunday, March 8, 2020 9:41 AM

**To:** Heberlig, Brian <BHeberlig@steptoe.com>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Brian, Reid, and Nick:

As I explained in my last email, when we first saw the document in mid-January, we thought it had been part of Commerzbank's subpoena return and had been produced. We didn't think it would be necessary to use given our other evidence about that payment. Given some of the arguments you made on Friday, we decided that we did want to introduce it at trial.

Again, we don't see this document as exculpatory, as we would like to offer it tomorrow. Can you please let us know your position on an authenticity stipulation for this document and the other bank records we sent yesterday, as well as whether you have any issues with the summary charts?

Thanks,
Jane

---

**From:** Heberlig, Brian <BHeberlig@steptoe.com>
**Sent:** Saturday, March 7, 2020 10:09 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** RE: U.S. v. Sadr

If you have been aware of the letter since mid-January, why wasn't it on the government's pretrial exhibit list instead of appearing the day before the government rests its case? The exculpatory nature of the exhibit is self-evident.

---

**From:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>
**Sent:** Saturday, March 7, 2020 5:36 PM
**To:** Heberlig, Brian <BHeberlig@steptoe.com>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Brian,

We do not agree with your characterization of GX 430, 431, 432, or 411 as *Brady*. These are all exhibits the Government has introduced or is seeking to introduce in our case. Perhaps you can explain how it is you think GX 411 is helpful to your case.

In any event, we have been aware of the letter since mid-January. We thought it was part of the Commerzbank subpoena return that was produced in discovery. We now understand that it came from an unrelated DANY investigation, and therefore was not in the Commerzbank subpoena return.

It is not clear to us how this document would have been relevant to the OFAC witness's testimony.

Jane

**From:** Heberlig, Brian <BHeberlig@steptoe.com>
**Sent:** Saturday, March 7, 2020 4:57 PM
**To:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** RE: U.S. v. Sadr

We request immediate disclosure of (1) where GX411 came from, (2) how long it has been in the government's possession, (3) why we are only receiving it today. This is the second episode—along with GX430, GX431, and GX432—of the government producing fundamentally exculpatory documents mid-trial. In this instance, the document was produced after the government's OFAC witness, who would have been subject to cross-examination on this document. Provide this information by 6 pm or we will see the intervention of the Court.

**From:** Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>
**Sent:** Saturday, March 7, 2020 4:24 PM
**To:** Weingarten, Reid <RWeingarten@steptoe.com>; Heberlig, Brian <BHeberlig@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Counsel,

We attempted to send you a number of attachments, which will not go through without encryption. It looks like Steptoe's servers are blocking the encrypted email. Shawn will upload the files to the link he has been using. The descriptions are below.

Stephanie

**From:** Lake, Stephanie (USANYS)
**Sent:** Saturday, March 07, 2020 4:04 PM
**To:** Weingarten, Reid <RWeingarten@steptoe.com>; Heberlig, Brian <BHeberlig@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** U.S. v. Sadr

Counsel,

Mr. Dubowitz is still very ill. As a result, we do not intend to call him as a witness in our case-in-chief. It's possible that, depending on the defense case, we will call him as a rebuttal witness.

In addition, we've attached the following documents:

- Updated GX 2284D – there were formatting problems with our version. We think the attached corrects them.
- 3508-08 – 3500 from today
- GX 411 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.
- GX 456 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.
- GX 495A & B – we intend to offer these on Monday (likely in redacted form), although think a stipulation that the defendant had bank accounts at HSBC from January 2010 through October 2013 might be simpler. Let us know how you prefer to proceed.
- GX 704 – this is the modified version of the travel chart. Please confirm whether you have any remaining concerns.
- GX 705A & B – these are summary charts reflecting the information in GX 2090A. Please confirm whether you have any objections.
- Updated GX 2304A – we enlarged some of the cells, as the formatting of the PDFd excel file was cutting off some of the data. The content is the same.
- 3504-10 – Peri 3500, which was provided in hard copy yesterday morning.
- 3505-06 – Blair 3500, which was provided in hard copy yesterday morning.
- 3513-02 – Paralegal 3500 for summary chart (you may already have this)
- 3513-03 – Paralegal 3500 for summary chart (you may already have this)

We are still working on one additional summary chart, which we expect to provide later today.

Stephanie Lake
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
Tel: (212) 637-1066

Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

September 25, 2018

<u>By Electronic Mail</u>

Andrew DeFilippis
Matthew Laroche
Rebekah Donaleski
Assistant United States Attorneys
Garrett Lynch
Special Assistant United States Attorney
U.S. Attorney's Office for the
Southern District of New York
1 St. Andrew's Plaza
New York, NY  10007

> Re:  *United States v. Ali Sadr Hashemi Nejad*, No. 18 Cr. 224 (ALC)
> **Request for Discovery, *Brady* Material, and Particulars**

Dear Counsel:

On behalf of defendant Ali Sadr Hashemi Nejad, we request that the government provide "open file" discovery in this case, including the prompt production of all of the documents and other evidence it has obtained in its investigation and all grand jury transcripts, FBI 302s, and interview memoranda.

In the event that you elect not to provide "open file" discovery, Sadr respectfully submits this formal request for discovery in this case, pursuant to the Fifth and Sixth Amendments to the United States Constitution; Rules 12, 16, and 26.2 of the Federal Rules of Criminal Procedure; *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and progeny; the Department of Justice's "Guidance for Prosecutors Regarding Criminal Discovery"; and the additional authority set forth below.

We understand that Sadr's prior counsel at Arnold & Porter made earlier discovery requests in this matter, including requests in letters and emails dated: March 21, March 25,

September 25, 2018
Page 2



March 29, April 3, May 15, July 5, July 10, July 26, August 2, August 23, and September 4,
2018.  We adopt those requests and ask that you provide any future responsive material directly
to us.  Arnold & Porter has provided us with copies of your prior discovery letters and emails
and the discovery productions to date, and we do not need you to reproduce them to us.
Although some of these discovery requests overlap with prior requests by Arnold & Porter, we
submit them to ensure that Sadr has fully protected his rights to discovery and *Brady*/*Giglio*
material in this matter.

Sadr requests that you produce and/or permit him to inspect and copy or photograph the
materials specified below.  This request encompasses not only documents[1] and information in the
possession, custody, or control of, or that have been reviewed by, the U.S. Attorney's Office for
the Southern District of New York and the Federal Bureau of Investigation, but also documents
and information in the possession, custody, and control of, or that have been reviewed by, the
Manhattan District Attorney's Office, and any other federal, state or local agency allied with the
prosecution or involved in any way in investigating the activities alleged in the Indictment or
related conduct.  As used in this letter, the words "government" and "you" include your office
and the above-referenced federal, state, or local agencies.

Sadr requests that the government comply with all of its discovery obligations under
federal law, including, but not limited to, the following:[2]

## I.       Search Warrant Returns

We request clarification of the government's position on the discoverability of the data
and documents collected pursuant to search warrants in the investigation.  It is our understanding
that the government has produced the full and unfiltered email accounts of Sadr collected
pursuant to search warrants.  Arnold & Porter requested the "terabyte" of unfiltered data and
documents from non-Sadr accounts obtained pursuant to search warrants, in an April 3, 2018
letter and an August 2, 2018 email.  With respect to that data, it is our understanding that the
government has produced only a subset of materials that it has deemed "pertinent."  We reiterate
Sadr's request for complete, unfiltered data and documents from all accounts obtained by the

---

[1] The word "documents" includes, but is not limited to, all books, papers, letters,
correspondence, reports, memoranda, studies, calendars, appointment books, diaries, notes,
messages, e-mail, text messages, instant messages, other computer facilitated or transmitted
materials, images, photographs, polaroids, information in any computer database, audio and
video tapes, recordings, transcripts, ledgers, printouts, contracts, checks, receipts, and all copies
or portions thereof, and any other written, recorded, or memorialized material of any nature
whatsoever.

[2] All of these requests are continuing in nature, requiring supplementation in accordance
with Fed. R. Crim. P. 16(c).

September 25, 2018
Page 3



government pursuant to search warrants.  If you decline to provide these materials, please indicate:

      1.     The search terms and/or other filtering process used by the government to identify the "pertinent" documents from the search warrant returns for the non-Sadr accounts; and

      2.     How the government has satisfied its *Brady* obligations with respect to the purportedly non-pertinent data and documents from the search warrant returns for the non-Sadr accounts.

## II.     Statements of the Defendant

      1.     Any written or recorded statements made by Sadr within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government.  *See* Fed. R. Crim. P. 16(a)(1)(B)(i).  This request includes, without limitation:

          a.     All notes, reports, and memoranda summarizing any statement by Sadr to law enforcement officials at the time of his arrest;

          b.     All transcripts and recordings of conversations in which Sadr was a participant;

          c.     All wire and oral communications made by Sadr that were transmitted to or intercepted by, for or on behalf of any government agent or employee or any agency or entity of the U.S. government;

          d.     All written and recorded statements of witnesses that reflect, relate, or incorporate any statements made by Sadr; and

          e.     All other documents that purport to reflect, relate, or incorporate any statements made by Sadr.

      2.     The portion of any written record containing the substance of any oral statement made by Sadr, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a government agent.  *See* Fed. R. Crim. P. 16(a)(1)(B)(ii).  This request includes without limitation, all documents, including notes, prepared by any FBI employee or agent that contain the substance of any relevant statement made by Sadr.

      3.     The substance of any other oral statement made by Sadr, whether before or after arrest, in response to interrogation by any person then known by Sadr to be a government agent. *See* Fed. R. Crim. P. 16(a)(1)(A).

September 25, 2018
Page 4



### III.    Documents and Tangible Objects

1.    All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that were obtained from or belong to Sadr, or that belonged to Sadr at the time of the alleged offenses, or that belong or belonged to any agent of Sadr or any entity allegedly owned or controlled by Sadr.  *See* Fed. R. Crim. P. 16(a)(1)(E)(iii).  This request includes all documents as to which the government or any entity assigned Sadr as a custodian, whether hard copy or electronic records.

2.    All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that the government intends to use at trial in its case-in-chief.  *See* Fed. R. Crim. P. 16(a)(1)(E)(ii).  We request that any materials in this category be specifically identified from among the materials produced pursuant to the defendant's other Rule 16 and *Brady* requests, both to enable counsel to prepare effectively for trial and to afford Sadr an opportunity to move to suppress any evidence the prosecution intends to use in its case-in-chief. *See* Fed. R. Crim. P. 12(b)(3)(C) and 12(b)(4)(B).

3.    All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that are material to the preparation of Sadr's defense, *see* Fed. R. Crim. P. 16(a)(l)(E)(i), including, but not limited to, those items set forth in paragraphs III.4 to III.14 below.

4.    All documents reflecting the alleged specific "international financial transactions" at issue in Count Two of the indictment.  Indictment ¶ 19.

5.    All documents reflecting the alleged "financial transactions" at issue in Counts Three and Four of the indictment.  Indictment ¶¶ 23, 26.

6.    All documents reflecting the alleged false and fraudulent pretenses, representations and promises at issue in Counts Three and Four of the indictment.  Indictment ¶¶ 23, 26.

7.    All documents reflecting the alleged monetary transactions and transfers at issue in Counts Five and Six of the indictment.  Indictment ¶¶ 29, 32.

8.    All documents relating to Sadr or the conduct alleged in the indictment that were introduced as exhibits before the grand jury.  We request that any materials in this category be specifically identified from among the materials produced pursuant to the defendant's other Rule 16 and *Brady* requests.

9.    All documents relating to Sadr or the conduct alleged in the indictment that were obtained by or for the grand jury or pursuant to any grand jury or trial subpoena.  This request includes any documents furnished informally to prosecutors in lieu of formal compliance with a subpoena.



10.    All documents relating to Sadr or the conduct alleged in the indictment obtained from any witness who testified before the grand jury, or who was interviewed or consulted during the course of the grand jury investigation.

11.    All documents relating to Sadr or the conduct alleged in the indictment that were obtained by any search or seizure pursuant to a search warrant or otherwise.

12.    All documents relating to Sadr or the conduct alleged in the indictment obtained from any federal, state or local governmental, regulatory or legislative body or agency.

13.    All documents relating to press releases or press conferences concerning Sadr or the investigation of the defendant, and all other documents relating to any contacts between the government and representatives of the media concerning Sadr or the investigation of the defendant.

14.    All documents relating to the reputation of Sadr, including, without limitation, any documents relating to Sadr's reputation for honesty, integrity, or competence.

## IV.    *Brady* and *Giglio* Material

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1985), *Kyles v. Whitney*, 514 U.S. 419 (1995), and New York Rule of Professional Conduct 3.8, Sadr requests immediate identification and disclosure of all documents and information (in whatever form) that are favorable to the defense or that would tend to exculpate Sadr or mitigate his culpability with respect to the charges in the indictment, that would tend to impeach any potential witness against Sadr, or that are relevant to the issue of sentencing, including but not limited to the following:

1.    Any document or information indicating or tending to establish that any of the allegations in the indictment are not true.

2.    Any document or information indicating or tending to establish that any meeting, conversation, use of words, practice, or conduct that is the subject of the indictment or forms the basis of the indictment did not violate government laws, regulations, standards or established business practices.

3.    Any document or information indicating or tending to establish that Sadr believed that any meeting, conversation, use of words, practice, or conduct that is the subject of the indictment or forms the basis of the indictment did not constitute a crime.

4.    Any document or information indicating or tending to establish that any other person (including but not limited to the alleged co-conspirators) believed that any meeting, conversation, use of words, practice, or conduct that is the subject of the indictment or forms the basis of the indictment did not constitute a crime.

September 25, 2018
Page 6



5.      Any documents or information indicating or tending to establish that Sadr did not instigate, control, authorize, approve, or acquiesce in the practices that are the subject of the indictment.

6.      Any documents or information indicating or tending to establish that the alleged false or fraudulent pretenses were not false.

7.      Any documents or information indicating or tending to establish that the alleged false or fraudulent pretenses were not material.

8.      Any documents or information indicating or tending to establish that a third person was responsible for the financial transactions at issue in any count of the indictment.

9.      Any document or information indicating or tending to establish that Sadr engaged in any conduct that forms the basis of the indictment in reliance upon advice provided by counsel or accountants.

10.     Any document or information (in whatever form) that could be used to impeach any potential government witness, or any person whose statements will be introduced pursuant to Fed. R. Evid. 801(d)(2)(C), (D), or (E), including but not limited to:

    a.      Any document or information relating to any conviction, arrest, or criminal record of, and any criminal charge brought against, any potential government witness;

    b.      Any document or information relating to promises, consideration, or inducements made to any potential government witness, whether directly to the witness or indirectly to the witness' attorney, friends, family, employer, business associates, or other culpable or at risk third-party. "Consideration" means anything of value or use, including immunity grants, whether formal or informal, witness fees, transportation or relocation assistance, money, dropped or reduced charges or suggestions of favorable treatment with respect to any federal, state or local criminal, civil, or administrative matter, expectations of downward departures or motions for reduction of sentence, considerations regarding forfeiture of assets, or stays of deportation or other immigration status considerations;

    c.      Any document or information tending to show the bias of a potential government witness, including animosity toward Sadr, animosity toward any group or entity of which Sadr is a member or with which Sadr is affiliated, a relationship with the alleged victim, or known but uncharged criminal conduct that may provide an incentive to curry favor with a prosecutor;

    d.      Any document or information affecting the reliability of a potential government witness's testimony, including known alcohol or substance



abuse, mental health issues or other issues that could affect the witness's ability to perceive and recall events;

e.     Any document or information relating to any inconsistency in statements given by any potential government witness;

f.     Any document or information relating to any inconsistency between agents' and/or prosecutors' rough notes and FBI 302s or other memoranda of interviews of any potential government witness;

g.     Any document or information bearing adversely on the character or reputation for truthfulness of any potential government witness; and

h.     Each specific instance of conduct from which it could be inferred that any potential government witness is untruthful.

11.     The date of and participants in each and every interview (including not only interviews conducted by the U.S. Attorney's Office or the Manhattan District Attorney's Office, but also interviews conducted by third parties), debriefing, "queen for a day" session, proffer, deposition, or other statement or description of the alleged facts made by each potential government witness (whether directly or indirectly, such as a proffer made by counsel). In addition, please specify, as to each such witness, the first date on which the witness made any allegation that Sadr engaged in any allegedly unlawful conduct or any conduct alleged in the indictment.

As you are aware, New York has adopted Rule of Professional Conduct 3.8, entitled "Special Responsibilities of Prosecutors and Other Government Lawyers," which provides that a prosecutor "shall make timely disclosure to [the defense] of evidence or information known to the prosecutor or other government lawyer that tends to negate the guilt of the accused, mitigate the degree of the offense, or reduce the sentence . . . ." Rule 3.8(b). The Supreme Court has recognized that Rule 3.8 imposes a higher standard on prosecutors than the standards mandating disclosure of exculpatory evidence under *Brady*. *See Kyles*, 514 U.S. at 437 ("[*Brady*] requires less of the prosecution than the ABA Standards for Criminal Justice, which call generally for prosecutorial disclosures of any evidence tending to exculpate or mitigate."); ABA Standards for Criminal Justice, Prosecution Function and Defense Function 3-3.11(a) (3d ed. 1993) ("A prosecutor should not intentionally fail to make timely disclosure to the defense, at the earliest feasible opportunity, of the existence of all evidence or information which tends to negate the guilt of the accused or mitigate the offense charged or which would tend to reduce the punishment of the accused"); ABA Model Rule of Professional Conduct 3.8(d) (1984) ("The prosecutor in a criminal case shall . . . make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense").

We contend that the foregoing categories of information constitute *Brady* and Rule 3.8(b) material, and that disclosure should take place immediately. Sadr further requests that the

September 25, 2018
Page 8



government identify with particularity and provide copies of all materials that qualify as *Brady* and Rule 3.8 material, as described above. Please advise us promptly whether the government will be producing *Brady* material immediately even if it is contained in what might otherwise be considered as *Jencks* material, or whether you take the position that you are not obligated to produce such material at this time.

We also request the underlying source material for any *Brady* and Rule 3.8(d) information, as opposed to any summary letter or paraphrased description of the information. Please advise us promptly whether the government will not be producing underlying source material.

For purposes of the *Brady* doctrine, "the format of the information does not determine whether it is discoverable." U.S. Attorneys' Manual § 9-5.002.B.5 (2018). For example, material exculpatory information that is provided "during a conversation with an agent or a witness is no less discoverable than if that same information were contained in an email." *Id.* We therefore request that all such information be memorialized and produced to Sadr.

## V.     Purportedly Privileged Material

Sadr specifically requests that the government produce all documents or information (in whatever form) produced to the government—or over which the government otherwise has custody, control, or possession—that are responsive to Sadr's discovery and *Brady/Giglio* requests contained herein or that the government would otherwise be legally required to produce, over which any individual or entity has asserted the attorney-client privilege and/or the attorney work product doctrine. This request applies to all such documents produced pursuant to (a) a non-waiver agreement between any individual or entity and the government, (b) a court order pursuant to Fed. R. Evid. 502, or (c) a court order concluding that the documents are covered by the crime-fraud exception to the attorney-client privilege.

Sadr also requests that you identify any person or entity that has asserted any attorney-client privilege, work product privilege, common interest privilege, or any other privilege as the basis for withholding or not producing, in whole or in part, any documents to the government or the grand jury during the investigation. Sadr further requests that you provide all documents (including all privilege logs) with respect to the assertion of or challenge to any such claimed privileges. This request specifically encompasses all pleadings, court orders, correspondence, and other material related to any grand jury litigation by the government in which it challenged any assertion of any  privilege.

## VI.    Criminal Records

Pursuant to Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure, Sadr requests copies of his prior criminal record, if any.

September 25, 2018
Page 9



## VII.  *Jencks* Material

Pursuant to the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure, Sadr requests that the government provide a list of the names and addresses of all witnesses that the government intends to call in its case-in-chief and all statements of those witnesses in the possession, custody, or control of the government or any other government entity, including, but not limited to, notes of interviews, FBI 302s, or other summaries prepared by government attorneys or agents, and grand jury transcripts and any other witness statements. We request that the government begin providing this material as soon as possible, or in any event no later than ninety (90) days prior to the start of trial.

## VIII.  Scientific Evidence

Pursuant to Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure, Sadr requests documentation relating to all requests for, and the results of, physical or mental examinations, scientific tests, or experiments that were conducted in connection with the investigation of the charges contained in the indictment.  This includes, but is not limited to:

      a.      all forensic examinations of any computer hard drive, handheld cellular telephone or mobile device that Sadr possessed or to which Sadr had access;

      b.      all handwriting exemplars, handwriting samples, handwriting or document analyses, and all documents examined or used in or related to such analyses;

      c.      all fingerprint and palm print exemplars, fingerprint samples, comparisons, and opinions of fingerprint experts, and all documents examined or used in connection with, or that relate to, those opinions; and

      d.      all polygraph examinations, psychological stress examinations, hypnotic procedures, or any other scientific procedures devised to determine whether a subject is telling the truth, or to refresh a witness' memory, and all documents that refer or relate to such examinations.

## IX.  Other Crimes Evidence

Pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rules 403 and 404(b)(2) of the Federal Rules of Evidence, Sadr requests that the government disclose all evidence of similar crimes, wrongs, or acts, allegedly committed by Sadr (or any person alleged to have been acting pursuant to his instructions), upon which the government intends to rely on at trial.

September 25, 2018
Page 10



## X.  Suppression Issues

1.      As a predicate to potential motions pursuant to Rule 12(b) of the Federal Rules Of Criminal Procedure, *see* Rule 12(b)(4)(B), Sadr requests that he be informed:

      a.      Whether the government intends to offer into evidence any statement made by Sadr or any family member, and the substance of any such statement;

      b.      Whether any evidence in the government's possession, custody, or control was obtained by a search and seizure conducted by the government, and a description of such evidence;

      c.      Whether any evidence in the government's possession, custody, or control was obtained through electronic or mechanical surveillance, including without limitation, wiretaps, body wires, pen registers, and/or surveillance of telephone calls, and a description of such evidence;

      d.      Whether any evidence in the government's possession, custody, or control was obtained through the use of a beeper or other tracking device, and a description of such evidence;

      e.      In connection with any tape recording, wiretaps, or other surveillance of the defendant during the investigation of the allegations of the indictment or any related allegations, Sadr seeks:

           i.      The names and addresses of all such persons whose personal or business telephones the government tapped or monitored, or whose conversations or actions the government monitored by other means without the person's knowledge;

           ii.     Transcripts or other records of the statements or conversations monitored;

           iii.    The original recorded tapes created during such surveillance;

           iv.     The procedures used to conduct such surveillance; and

           v.      The authority under which such surveillance was conducted.

      f.      Whether any evidence in the government's possession, custody, or control was obtained through a mail cover and/or trash cover and a description of such evidence; and

      g.      The identities of any informant or undercover agent employed by the government during its investigation of the charges of the indictment.

September 25, 2018
Page 11



    2.    Sadr requests that the prosecution disclose whether it intends to offer in its case-in-chief, as a statement by the defendant, any of the following, and that it provide the substance of any such statement:

        a.    Any statement as to which the defendant allegedly manifested his adoption or belief in its truth. *See* Fed. R. Evid. 801(d)(2)(B).

        b.    Any statement made by another which was purportedly authorized by the defendant. *See* Fed. R. Evid. 801(d)(2)(C).

        c.    Any statement made by an agent or servant of the defendant concerning a matter within the scope of his agency or employment made during the existence of such a relationship. *See* Fed. R. Evid. 801(d)(2)(D).

        d.    Any statement made by an alleged co-conspirator of the defendant during the course and in furtherance of any alleged conspiracy. *See* Fed. R. Evid. 801(d)(2)(E).

## XI.    Hearsay

    Sadr requests notice of any hearsay statement that the government plans to offer at trial under Federal Rule of Evidence 807, including its particulars, the declarant's name and address, and other information giving Sadr a fair opportunity to meet the statement. Fed. R. Evid. 807(b).

## XII.    Charts and Summaries

    Pursuant to Fed. R. Evid. 1006, Sadr requests that he be advised whether the government will seek to offer any chart, summary, or calculation in evidence and, if so, (1) that all such charts, summaries, and calculations be produced, and (2) that all writings, recordings, or other information on which such charts, summaries, or calculations are based be made available for inspection and copying.

## XIII.    Electronically Stored Information

    Sadr requests that the government comply with the "Recommendations for Electronically Stored Information (ESI) Discovery Production in Federal Criminal Cases" issued by the Department of Justice and Administrative Office of the U.S. Courts Joint Working Group on Electronic Technology in the Criminal Justice System in February 2012. To that end, Sadr requests the ability to "meet and confer" with the government as needed to discuss the nature, volume, and mechanics of the government's production of ESI discovery. Among other things, Sadr makes the following requests:

        1.    The government should produce ESI received from third parties in the format it was received. However, if the government has further processed ESI received from third parties, such as by adding load files, converting native files to TIFF images, extracting metadata or other coding, or making electronic files

September 25, 2018
Page 12



searchable, the government should produce such enhanced ESI in discovery to save Sadr the expense of replicating this work. Sadr does not seek any government attorney work product by this request.

2.  The government should produce a table of contents describing the general categories of information available as ESI discovery in order to expedite Sadr's review of discovery and avoid discovery disputes, unnecessary expense, and undue delay. Further, the government should produce the cover letters that accompanied and described the third party productions of ESI and other documents to facilitate Sadr's review.

3.  For all ESI produced from a seized, searched, or subpoenaed third-party digital device (e.g., computer, hard drive, thumb drive, CD, DVD, cell phone, Blackberry, iPhone, Android, smart phone, smart watch, or personal digital assistant), the government should identify the digital device that held the ESI, identify the device's owner or custodian, and identify the location where the device was seized, searched, or from where it was produced.

4.  The government should produce any materials received in paper form in converted digital files that can be viewed and searched. These materials should be produced in multi-page TIFF and OCR format where each document is one file that may have multiple pages. Alternatively, a less preferable option would be production in multi-page, searchable PDF format. Under no circumstances should paper materials be converted into single-page TIFF images without document breaks.

5.  All production of ESI should maintain parent-child relationships between documents, such as where an email (the parent document) has attachments (the child documents).

## XIV.  Bill of Particulars

We also adopt Arnold & Porter's August 23, 2018 letter requesting a bill of particulars regarding the allegations in the indictment. We need specification of those allegations in the indictment to permit Sadr to prepare to defend the charges against him. Please advise us whether the government will provide the requested information so that we can determine whether it will be necessary to move for a bill of particulars under Federal Rule of Criminal Procedure 7(f).

September 25, 2018
Page 13



     Please let us know promptly whether there are any requests set forth in this letter with which you decline to comply.  We are available to discuss any of the foregoing requests at your convenience.  We reserve the right to supplement these requests as we continue to review the discovery material and prepare for trial.  Thank you for your consideration.

                Sincerely,

                Brian M. Heberlig