**HSBC**

HSBC PREMIER WORLD MASTERCARD

Page 2 of 2

HSBC Premier World MasterCard Account Statement
Account Number 5451-9846-6573-9288
From December 28, 2012 to January 28, 2013

| 01/18/13 | 01/19/13 | CAFE PRESSE CLUB    ZUERICH CHE | MT130190118000010153259 | $86.99 |
|---|---|---|---|---|
| | | 01/18/13    81.30 CHF | | |
| | | **Total Purchases For This Period** | | **$1,909.90** |

### Fees

| Trans Date | Post Date | Description of Fees | Reference Number | Amount |
|---|---|---|---|---|
| 01/22/13 | 01/22/13 | LATE CHARGE ASSESSMENT | 100000041101222999632180 | $25.00 |
| | | **Total Fees for This Period** | | **$25.00** |

### Interest Charged

| Description of Interest Charge | Amount |
|---|---|
| INTEREST CHARGE ON CASH ADVANCES | $0.00 |
| INTEREST CHARGE ON PURCHASES | $168.06 |
| INTEREST CHARGE ON BALANCE TRANSFERS | $0.00 |
| **Total Interest For This Period** | **$168.06** |

| 2013 Totals Year to Date | |
|---|---|
| Total fees charged in 2013 | $25.00 |
| Total interest charged in 2013 | $168.06 |

### Interest Charge Calculation

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| PURCHASES 00001 | 27.24% (v) | $7,264.21 | $168.06 |
| CASH ADVANCES 80001 | 27.24% (v) | $0.00 | $0.00 |
| BALANCE TRANSFER 71111 | 27.24% (v) | $0.00 | $0.00 |

*v=Variable Rate*

### HSBC PREMIER REWARDS Summary

| Previous Points | 181,243 |
|---|---|
| Points | 1,910 |
| Total Points | 183,153 |

Travel on your terms. HSBC Premier World MasterCard travel rewards have no blackout dates, booking fees or seating restrictions.

### Customer News

Whether you're shopping in Bhutan or Bermuda, you pay no Foreign Transaction Fees with the HSBC Premier World MasterCard. So wherever you travel, be sure to travel with your Premier credit card.

140850 4  27  0000000411    87MT66  D  8  492 PME1

# HSBC

## HSBC PREMIER WORLD MASTERCARD

HSBC Premier World MasterCard Account Statement
Account Number 5451-9846-6573-9288
From January 28, 2013 to February 25, 2013

Page 1 of 3.

### Summary of Account Activity

| | |
|---|---|
| Previous Balance | $7,627.47 |
| Payments | - $0.00 |
| Other Credits | - $0.00 |
| Purchases/Debits | + $474.76 |
| Balance Transfers | + $0.00 |
| Cash Advances | + $0.00 |
| Past Due Amount | $326.00 |
| **Fees Charged** | + **$25.00** |
| **Interest Charged** | + **$165.36** |
| New Balance | $8,292.59 |
| | |
| Revolving Credit Limit | $11,500.00 |
| Revolving Credit Available | $0.00 |
| Statement Closing Date | February 25, 2013 |
| Days in Billing Cycle | 28 |

### Payment Information

| | |
|---|---|
| New Balance | $8,292.59 |
| Minimum Payment Due | $600.00 |
| Payment Due Date | March 22, 2013 |

**Late Payment Warning :** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $25.00 and your APRs may be increased to the Penalty APR of 27.24%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum Payment | 23 Years | $24,803 |
| $340 | 3 Years | $12,226 (Savings = $12,577 ) |

If you would like information about credit counseling services call 1-866-569-2227

### Questions?

| | |
|---|---|
| 24-Hour Customer Service | 1-888-662-4722 |
| Lost or Stolen Card | 1-800-327-4214 |
| Outside USA Collect | 1-716-841-6866 |
| TDD/Hearing Impaired | 1-800-655-9392 |

**Payment Address:** HSBC Card Services, PO Box 5255, Carol Stream, IL 60197-5255
**Billing Inquiries:** HSBC Card Services, PO Box 80029, Salinas, CA 93912 -0029
**Manage Your account online at www.HSBCPREMIERUSA.com**

### Important Information

As a reminder, you may pay your credit card bill online or through our automated phone system for no fee.

### Transactions

#### Purchases/Debits

| Trans Date | Post Date | Description of Transaction or Credit | Purchase Type | Reference Number | Amount |
|---|---|---|---|---|---|
| 02/05/13 | 02/06/13 | FH TAXI GMBH       MUENCHEN   DEU | | MT13037011900010161148 | $208.11 |
| | | 02/05/13     154,50 EUR | | | |
| 02/21/13 | 02/23/13 | RYANAIR       DUBLIN    IRL | | MT13054011800010152783 | |
| | | NAME: BACCIFAVA/MEDEA | | | |
| | | CTY OF ORGN: BGY   TRVL DT: 022513 | | | |
| | | CTY DEST: BUD   SVC PRVDR: FR | | | |
| | | FARE TYPE: C STOPOVER: | | | |
| | | **Transaction Total** | | | **$122.75** |
| | | 02/21/13 000000008586  978 | | | |
| | | NAME: BACCIFAVA/MEDEA | | | |
| | | CTY OF ORGN: BGY   TRVL DT: 022513 | | | |
| | | CTY DEST: BUD   SVC PRVDR: FR | | | |
| | | FARE TYPE: C STOPOVER: | | | |
| | | **Transaction Total** | | | **$0.00** |
| 02/21/13 | 02/23/13 | RYANAIR       DUBLIN    IRL | | MT13054011800010152784 | |
| | | NAME: BACCIFAVA/MEDEA | | | |

Detach and return bottom portion with your payment.    140830 4 A 27  0000000411    STMT66  D 8 473 PMEI    See reverse side for important information

# HSBC 

| | |
|---|---|
| Account Number: | 5451-9846-6573-9288 |
| New Balance | $8,292.59 |
| Minimum Payment Due | $600.00 |
| Payment Due Date | 03/22/2013 |

Include account number on check to HSBC Card Services.  Do not send cash.  Please send your payment 7 to 10 days prior to the payment due date to ensure timely delivery.

140    AMOUNT ENCLOSED

ALI SADR
6445 ROCK FOREST DR
APT 209
BETHESDA MD 20817-8802

HSBC CARD SERVICES
PO BOX 5255
CAROL STREAM IL 60197-5255

# HSBC ◆◆◆

## HSBC PREMIER WORLD MASTERCARD

HSBC Premier World MasterCard Account Statement
Account Number 5451-9846-6573-9288
Page 2 of 3
From January 28, 2013 to February 25, 2013

| Trans Date | Post Date | | | Reference Number | Amount |
|---|---|---|---|---|---|
| | | CTY OF ORGN: BGY    TRVL DT: 022513 | | | |
| | | CTY DEST: BUD    SVC PRVDR: FR | | | |
| | | FARE TYPE: C STOPOVER: | | | |
| | | **Transaction Total** | | | $14.30 |
| | | 02/21/13 000000001000   978 | | | |
| | | NAME: BACCIFAVA/MEDEA | | | |
| | | CTY OF ORGN: BGY    TRVL DT: 022513 | | | |
| | | CTY DEST: BUD    SVC PRVDR: FR | | | |
| | | FARE TYPE: C STOPOVER: | | | |
| | | **Transaction Total** | | | $0.00 |
| 02/21/13 | 02/25/13 | WIZZ AIR 920WZZV59RFC  BUDAPEST HUN | | MT1305601180000010171535 | |
| | | NAME: BACCIFAVA/MEDEA | | | |
| | | CTY OF ORGN: BUD    TRVL DT: 000000 | | | |
| | | CTY DEST: MXP    SVC PRVDR: W6 | | | |
| | | FARE TYPE: Y STOPOVER: | | | |
| | | **Transaction Total** | | | $129.60 |
| | | **Total Purchases For This Period** | | | $474.76 |

### Fees

| Trans Date | Post Date | Description of Fees | Reference Number | Amount |
|---|---|---|---|---|
| 02/22/13 | 02/22/13 | LATE CHARGE ASSESSMENT | 1000000411022299623940 | $25.00 |
| | | **Total Fees for This Period** | | $25.00 |

### Interest Charged

| Description of Interest Charge | Amount |
|---|---|
| INTEREST CHARGE ON CASH ADVANCES | $0.00 |
| INTEREST CHARGE ON PURCHASES | $165.36 |
| INTEREST CHARGE ON BALANCE TRANSFERS | $0.00 |
| **Total Interest For This Period** | $165.36 |

#### 2013 Totals Year to Date

| | |
|---|---|
| Total fees charged in 2013 | $50.00 |
| Total interest charged in 2013 | $333.42 |

### Interest Charge Calculation

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| PURCHASES 00001 | 27.24% (v) | $7,913.32 | $165.36 |
| CASH ADVANCES 80001 | 27.24% (v) | $0.00 | $0.00 |
| BALANCE TRANSFER 71111 | 27.24% (v) | $0.00 | $0.00 |

*v=Variable Rate*

# HSBC

**HSBC PREMIER WORLD MASTERCARD**

HSBC Premier World MasterCard Account Statement
Account Number 5451-9846-6573-9288
From January 28, 2013 to February 25, 2013

Page 3 of 3

| HSBC PREMIER REWARDS Summary | | |
|---|---|---|
| Previous Points | 183,153 | Travel on your terms. HSBC Premier World MasterCard travel rewards have no blackout dates, booking fees or seating restrictions |
| Points | 345 | |
| Total Points | 183,498 | |

**Customer News**

Whether you're shopping in Bhutan or Bermuda, you pay no Foreign Transaction Fees with the HSBC Premier World MasterCard. So wherever you travel, be sure to travel with your Premier credit card.

**Customer News**

Effective January 1, 2013, Price Protection coverage on your Premier World MasterCard® will be increasing from 60 days to 120 days from the date of purchase. Please call 1-800-MC-ASSIST to obtain full terms, conditions and exclusions that may apply.



**HSBC**

HSBC PREMIER WORLD MASTERCARD

HSBC Premier World MasterCard Account Statement
Account Number 5451-9846-6573-9288
From February 25, 2013 to March 28, 2013

Page 1 of 2

## Summary of Account Activity

| | | |
|---|---|---|
| Previous Balance | | $8,292.59 |
| Payments | – | $600.00 |
| Other Credits | – | $0.00 |
| Purchases/Debits | + | $0.00 |
| Balance Transfers | + | $0.00 |
| Cash Advances | + | $0.00 |
| Past Due Amount | | $0.00 |
| **Fees Charged** | + | **$0.00** |
| **Interest Charged** | + | **$189.52** |
| New Balance | | $7,882.11 |
| | | |
| Revolving Credit Limit | | $11,500.00 |
| Revolving Credit Available | | $3,617.89 |
| Statement Closing Date | | March 28, 2013 |
| Days in Billing Cycle | | 31 |

## Payment Information

| | |
|---|---|
| New Balance | $7,882.11 |
| Minimum Payment Due | $269.00 |
| Payment Due Date | April 22, 2013 |

**Late Payment Warning** : If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $25.00 and your APRs may be increased to the Penalty APR of 27.24%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum Payment | 23 Years | $24,202 |
| $323 | 3 Years | $11,621 (Savings = $12,581 ) |

If you would like information about credit counseling services call 1-866-569-2227

### Questions?
| | |
|---|---|
| 24-Hour Customer Service | 1-888-662-4722 |
| Lost or Stolen Card | 1-800-327-4214 |
| Outside USA Collect | 1-716-841-6866 |
| TDD/Hearing Impaired | 1-800-655-9392 |

**Payment Address:** HSBC Card Services, PO Box 5255, Carol Stream, IL 60197 -5255
**Billing Inquiries:** HSBC Card Services, PO Box 80029, Salinas, CA 93912 -0029
**Manage Your account online at www.HSBCPREMIERUSA.com**

## Important Information

As a reminder, you may pay your credit card bill online or through our automated phone system for no fee.

## Transactions

### Payments/Returns/Credits

| Trans Date | Post Date | Description of Transaction or Credit | Reference Number | Amount |
|---|---|---|---|---|
| 03/19/13 | 03/19/13 | PAYMENT BY PHONE - THANK YOU | 65451983078196ZH3Z81DFK | -$600.00 |
| | | Total Payment For This Period | | -$600.00 |

### Fees

| Trans Date | Post Date | Description of Fees | Reference Number | Amount |
|---|---|---|---|---|
| | | Total Fees For This Period | | $0.00 |

### Interest Charged

| Description of Interest Charge | Amount |
|---|---|
| INTEREST CHARGE ON CASH ADVANCES | $0.00 |
| INTEREST CHARGE ON PURCHASES | $189.52 |
| INTEREST CHARGE ON BALANCE TRANSFERS | $0.00 |
| Total Interest For This Period | $189.52 |

---

Detach and return bottom portion with your payment.    140832-4  27  0000000411    STMT66  D 8 306 FME1    See reverse side for important information



**HSBC**

| | |
|---|---|
| Account Number: | 5451-9846-6573-9288 |
| New Balance | $7,882.11 |
| Minimum Payment Due | $269.00 |
| Payment Due Date | 04/22/2013 |

Include account number on check to HSBC Card Services. Do not send cash. Please send your payment 7 to 10 days prior to the payment due date to ensure timely delivery.

140    AMOUNT ENCLOSED

ALI SADR
6445 ROCK FOREST DR
APT 209
BETHESDA MD 20817-8802

HSBC CARD SERVICES
PO BOX 5255
CAROL STREAM IL 60197-5255

0078821100026900005451984665739288001405

# HSBC

HSBC PREMIER WORLD MASTERCARD

HSBC Premier World MasterCard Account Statement
Account Number 5451-9846-6573-9288
From February 25, 2013 to March 28, 2013

| 2013 Totals Year to Date | |
|---|---|
| Total fees charged in 2013 | $50.00 |
| Total interest charged in 2013 | $522.94 |

## Interest Charge Calculation

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| PURCHASES 00001 | 27.24% (v) | $8,191.88 | $189.52 |
| CASH ADVANCES 80001 | 27.24% (v) | $0.00 | $0.00 |
| BALANCE TRANSFER 71111 | 27.24% (v) | $0.00 | $0.00 |

v=Variable Rate

## HSBC PREMIER REWARDS Summary

| | | |
|---|---|---|
| Previous  Points | 182,498 | Travel on your terms. HSBC Premier World MasterCard travel rewards have no blackout dates, booking fees or seating restrictions. |
| Points | 0 | |
| Total Points | 182,498 | |

## Customer News

Whether you're shopping in Bhutan or Bermuda, you pay no Foreign Transaction Fees with the HSBC Premier World MasterCard. So wherever you travel, be sure to travel with your Premier credit card.

## Customer News

Effective January 1, 2013, Price Protection coverage on your Premier World MasterCard® will be increasing from 60 days to 120 days from the date of purchase. Please call 1-800-MC-ASSIST to obtain full terms, conditions and exclusions that may apply.

# HSBC ✕✕

HSBC PREMIER WORLD MASTERCARD

HSBC Premier World MasterCard Account Statement
Account Number 5451-9846-6573-9288
From March 28, 2013 to April 26, 2013

Page 1 of 2

## Summary of Account Activity

| | |
|---|---|
| Previous Balance | $7,882.11 |
| Payments | – $7,882.11 |
| Other Credits | – $0.00 |
| Purchases/Debits | + $720.90 |
| Balance Transfers | + $0.00 |
| Cash Advances | + $0.00 |
| Past Due Amount | $0.00 |
| **Fees Charged** | + **$0.00** |
| **Interest Charged** | + **$0.00** |
| New Balance | $720.90 |
| | |
| Revolving Credit Limit | $11,500.00 |
| Revolving Credit Available | $10,779.10 |
| Statement Closing Date | April 26, 2013 |
| Days in Billing Cycle | 29 |

## Payment Information

| | |
|---|---|
| New Balance | $720.90 |
| Minimum Payment Due | $25.00 |
| Payment Due Date | May 22, 2013 |

**Late Payment Warning** : If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $25.00 and your APRs may be increased to the Penalty APR of 27.24%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum Payment | 4 Years | $1,183 |
| $30 | 3 Years | $1,063 (Savings = $120 ) |

If you would like information about credit counseling services call 1-866-569-2227

### Questions?

| | |
|---|---|
| 24-Hour Customer Service | 1-888-662-4722 |
| Lost or Stolen Card | 1-800-327-4214 |
| Outside USA Collect | 1-716-841-6866 |
| TDD/Hearing Impaired | 1-800-655-9392 |

**Payment Address:** HSBC Card Services, PO Box 5255, Carol Stream, IL 60197 -5255
**Billing Inquiries:** HSBC Card Services, PO Box 80029, Salinas, CA 93912 -0029
**Manage Your account online at www.HSBCPREMIERUSA.com**

## Important Information

**As a reminder, you may pay your credit card bill online or through our automated phone system for no fee.**

## Transactions

### Payments/Returns/Credits

| Trans Date | Post Date | Description of Transaction or Credit | Reference Number | Amount |
|---|---|---|---|---|
| 04/05/13 | 04/05/13 | PAYMENT - THANK YOU | 6545198309501ONC1DGK0D7 | -$7,882.11 |
| | | **Total Payment For This Period** | | -$7,882.11 |

### Purchases/Debits

| Trans Date | Post Date | Description of Transaction or Credit | Purchase Type | Reference Number | Amount |
|---|---|---|---|---|---|
| 04/08/13 | 04/10/13 | J CHOWS - MONTGOMERY M BETHESDA MD | | MT131000117000010154259 | $16.41 |
| 04/09/13 | 04/11/13 | STARBUCKS NJ-T10911501 MILLTOWN NJ | | MT131010116000010151008 | $4.49 |
| 04/09/13 | 04/11/13 | ANNAPOLIS SAILING SCHO 800-6389192 MD | | MT131010117000010079875 | $700.00 |
| | | **Total Purchases For This Period** | | | $720.90 |

### Fees

| Trans Date | Post Date | Description of Fees | Reference Number | Amount |
|---|---|---|---|---|
| | | **Total Fees For This Period** | | $0.00 |

Detach and return bottom portion with your payment.     140850 4  27  0000000411     STMT66  D 6 939 FMEI     See reverse side for important information

---

# HSBC ✕✕

| | |
|---|---|
| Account Number: | 5451-9846-6573-9288 |
| New Balance | $720.90 |
| Minimum Payment Due | $25.00 |
| Payment Due Date | 05/22/2013 |

Include account number on check to HSBC Card Services. Do not send cash. Please send your payment 7 to 10 days prior to the payment due date to ensure timely delivery.

140   AMOUNT
ENCLOSED

ALI SADR
6445 ROCK FOREST DR
APT 209
BETHESDA MD 20817-8802

HSBC CARD SERVICES
PO BOX 5255
CAROL STREAM IL 60197-5255



0007209000002500000545198466573928800 1404

# HSBC

## HSBC PREMIER WORLD MASTERCARD

Page 2 of 2

HSBC Premier World MasterCard Account Statement
Account Number 5451-9846-6573-9288
From March 28, 2013 to April 26, 2013

### Interest Charged

| Description of Interest Charge | Amount |
|---|---|
| INTEREST CHARGE ON CASH ADVANCES | $0.00 |
| INTEREST CHARGE ON PURCHASES | $0.00 |
| INTEREST CHARGE ON BALANCE TRANSFERS | $0.00 |
| **Total Interest For This Period** | $0.00 |

| 2013 Totals Year to Date | |
|---|---|
| Total fees charged in 2013 | $50.00 |
| Total interest charged in 2013 | $522.94 |

### Interest Charge Calculation

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| PURCHASES 00001 | 27.24% (v) | $0.00 | $0.00 |
| CASH ADVANCES 80001 | 27.24% (v) | $0.00 | $0.00 |
| BALANCE TRANSFER 71111 | 27.24% (v) | $0.00 | $0.00 |

v=Variable Rate

### HSBC PREMIER REWARDS Summary

| | | |
|---|---|---|
| Previous Points | 183,498 | Travel on your terms. HSBC Premier World MasterCard travel rewards have no blackout dates, booking fees or seating restrictions. |
| Points | 720 | |
| Total Points | 184,218 | |

### Customer News

Whether you're shopping in Bhutan or Bermuda, you pay no Foreign Transaction Fees with the HSBC Premier World MasterCard. So wherever you travel, be sure to travel with your Premier credit card.

160830 4  27  0000000411    STMT66  D 8 939 PME1

# HSBC ✕

**HSBC PREMIER WORLD MASTERCARD**

HSBC Premier World MasterCard Account Statement
Account Number 5451-9846-6573-9288
From April 26, 2013 to May 28, 2013

Page 1 of 2

## Summary of Account Activity

| | |
|---|---|
| Previous Balance | $720.90 |
| Payments | − $0.00 |
| Other Credits | − $0.00 |
| Purchases/Debits | + $73.72 |
| Balance Transfers | + $0.00 |
| Cash Advances | + $0.00 |
| Past Due Amount | $25.00 |
| **Fees Charged** | + $25.00 |
| **Interest Charged** | + $19.30 |
| New Balance | $838.92 |

| | |
|---|---|
| Revolving Credit Limit | $11,500.00 |
| Revolving Credit Available | $10,661.08 |
| Statement Closing Date | May 28, 2013 |
| Days in Billing Cycle | 32 |

## Payment Information

| | |
|---|---|
| New Balance | $838.92 |
| Minimum Payment Due | $78.00 |
| Payment Due Date | June 22, 2013 |

**Late Payment Warning :** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $25.00 and your APRs may be increased to the Penalty APR of 29.99%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum Payment | 5 Years | $1,444 |
| $34 | 3 Years | $1,237 *(Savings = $207 )* |

If you would like information about credit counseling services call 1-866-569-2227.

### Questions?

| | |
|---|---|
| 24-Hour Customer Service | 1-888-662-4722 |
| Lost or Stolen Card | 1-800-327-4214 |
| Outside USA Collect | 1-716-841-6866 |
| TDD/Hearing Impaired | 1-800-655-9392 |

**Payment Address:** HSBC Card Services, PO Box 5255, Carol Stream, IL 60197-5255
**Billing Inquiries:** HSBC Card Services, PO Box 80029, Salinas, CA 93912-0029
**Manage Your account online at www.HSBCPREMIERUSA.com**

## Important Information

As a reminder, you may pay your credit card bill online or through our automated phone system for no fee.

## Transactions

### Purchases/Debits

| Trans Date | Post Date | Description of Transaction or Credit | Purchase Type | Reference Number | Amount |
|---|---|---|---|---|---|
| 04/27/13 | 04/29/13 | CAPTAIN'S MARKET    CABIN JOHN  MD | | MT131190114000010603720 | $19.71 |
| 04/27/13 | 04/29/13 | MY SUSHI       CABIN JOHN  MD | | MT131190114000010614224 | $48.06 |
| 04/30/13 | 05/02/13 | DC PARKING METERS    WASHINGTON DC | | MT131220119000010176082 | $4.00 |
| 05/08/13 | 05/09/13 | KARBUD GIDA    ISTANBUL   TUR | | MT131290116000010166743 | $1.95 |
| | | 05/08/13     3.50 TRY | | | |
| | | **Total Purchases For This Period** | | | **$73.72** |

### Fees

| Trans Date | Post Date | Description of Fees | | Reference Number | Amount |
|---|---|---|---|---|---|
| 05/22/13 | 05/22/13 | LATE CHARGE ASSESSMENT | | 10000004110522995131950 | $25.00 |
| | | **Total Fees for This Period** | | | **$25.00** |

### Interest Charged

| Description of Interest Charge | Amount |
|---|---|
| INTEREST CHARGE ON CASH ADVANCES | $0.00 |

Detach and return bottom portion with your payment.        140830 4  27  000000041        STMT66  D 8 520 PME1        See reverse side for important information

---


# HSBC ✕

| | |
|---|---|
| Account Number: | 5451-9846-6573-9288 |
| New Balance | $838.92 |
| Minimum Payment Due | $78.00 |
| Payment Due Date | 06/22/2013 |

Include account number on check to HSBC Card Services  Do not send cash.  Please send your payment 7 to 10 days prior to the payment due date to ensure timely delivery.

140     AMOUNT
        ENCLOSED

ALI SADR
6445 ROCK FOREST DR
APT 209
BETHESDA MD 20817-8802

HSBC CARD SERVICES
PO BOX 5255
CAROL STREAM IL 60197-5255

00083892000078000005451984665739288001400

# HSBC

## HSBC PREMIER WORLD MASTERCARD

Page 2 of 2

HSBC Premier World MasterCard Account Statement
Account Number 5451-9846-6573-9288
From April 26, 2013 to May 28, 2013

| | |
|---|---|
| INTEREST CHARGE ON PURCHASES | $19.30 |
| INTEREST CHARGE ON BALANCE TRANSFERS | $0.00 |
| **Total Interest For This Period** | $19.30 |

| 2013 Totals Year to Date | |
|---|---|
| Total fees charged in 2013 | $75.00 |
| Total interest charged in 2013 | $542.24 |

## Interest Charge Calculation

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| PURCHASES 00001 | 27.24% (v) | $808.29 | $19.30 |
| CASH ADVANCES 80001 | 27.24% (v) | $0.00 | $0.00 |
| BALANCE TRANSFER 71111 | 27.24% (v) | $0.00 | $0.00 |

v=Variable Rate

## HSBC PREMIER REWARDS Summary

| | |
|---|---|
| Previous Points | 184,218 |
| Points | 74 |
| Total Points | 184,292 |

Travel on your terms. HSBC Premier World MasterCard travel rewards have no blackout dates, booking fees or seating restrictions.

## Customer News

Whether you're shopping in Bhutan or Bermuda, you pay no Foreign Transaction Fees with the HSBC Premier World MasterCard. So wherever you travel, be sure to travel with your Premier credit card.

## Customer News

As a valued Premier client, **Concierge Services** will now be part of your HSBC Premier World MasterCard®. The MasterCard Concierge can make your dinner reservations, purchase tickets to events, and much more. The cost of goods or services can be billed to your HSBC Premier World MasterCard®. To learn more, call **1-888-314-5132**.

HSBC

**HSBC PREMIER WORLD MASTERCARD**

Page 1 of 2

HSBC Premier World MasterCard Account Statement
Account Number 5451-9846-6573-9288
From May 28, 2013 to June 27, 2013

### Summary of Account Activity

| | |
|---|---|
| Previous Balance | $838.92 |
| Payments | - $0.00 |
| Other Credits | - $0.00 |
| Purchases/Debits | + $669.33 |
| Balance Transfers | + $0.00 |
| Cash Advances | + $0.00 |
| Past Due Amount | $78.00 |
| **Fees Charged** | + **$25.00** |
| **Interest Charged** | + **$20.92** |
| New Balance | $1,554.17 |
| | |
| Revolving Credit Limit | $11,500.00 |
| Revolving Credit Available | $0.00 |
| Statement Closing Date | June 27, 2013 |
| Days in Billing Cycle | 30 |

### Payment Information

| | |
|---|---|
| New Balance | $1,554.17 |
| Minimum Payment Due | $140.00 |
| Payment Due Date | July 22, 2013 |

**Late Payment Warning :** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $25.00 and your APRs may be increased to the Penalty APR of 29.99%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum Payment | 10 Years | $3,658 |
| $64 | 3 Years | $2,291 (Savings = $1,367) |

If you would like information about credit counseling services call 1-866-569-2227.

### Questions?

| | |
|---|---|
| 24-Hour Customer Service | 1-888-662-4722 |
| Lost or Stolen Card | 1-800-327-4214 |
| Outside USA Collect | 1-716-841-6866 |
| TDD/Hearing Impaired | 1-800-655-9392 |

**Payment Address:** HSBC Card Services, PO Box 5255, Carol Stream, IL 60197 -5255
**Billing Inquiries:** HSBC Card Services, PO Box 80029, Salinas, CA 93912 -0029
**Manage Your account online at www.HSBCPREMIERUSA.com**

### Important Information

**As a reminder, you may pay your credit card bill online or through our automated phone system for no fee.**

### Transactions

#### Purchases/Debits

| Trans Date | Post Date | Description of Transaction or Credit | Purchase Type | Reference Number | Amount |
|---|---|---|---|---|---|
| 06/22/13 | 06/24/13 | STARBUCKS BAGG10561538 DULLES VA | | MT1317501140000105601B0 | $3.47 |
| 06/22/13 | 06/24/13 | STARBUCKS #00747 BETHE Bethesda MD | | MT1317501140001057622B | $3.45 |
| 06/22/13 | 06/24/13 | CVS PHARMACY #1475 Q03 BETHESDA MD | | MT1317501140000105B7704 | $59.28 |
| 06/22/13 | 06/24/13 | WALGREENS #11123    POTOMAC MD | | MT1317501140000105B9408 | $9.99 |
| 06/24/13 | 06/25/13 | JOHN EDWARD KELLY MD P ROCKVILLE MD | | MT1317601190000101B4159 | $155.00 |
| 06/24/13 | 06/25/13 | HUDSON TRAIL OUTFITTER WASHINGTON  DC | | MT1317601270000101B2925 | $41.34 |
| 06/25/13 | 06/26/13 | COLONIAL PARKING # QPS WASHINGTON  DC | | MT1317701250000101B5394 | $7.00 |
| 06/25/13 | 06/27/13 | SUNOCO 0175100700    ROCKVILLE  MD | | MT1317801160000100B6084 | $21.25 |
| 06/25/13 | 06/27/13 | HERTZ RENT-A-CAR    WASHINGTON DC | | MT1317801160000100B9877 | |

Detach and return bottom portion with your payment.    149830 5 A 27  0000000413    87MT766  D 8 1199 PME1    See reverse side for important information

HSBC



| | |
|---|---|
| Account Number: | 5451-9846-6573-9288 |
| New Balance | $1,554.17 |
| Minimum Payment Due | $140.00 |
| Payment Due Date | 07/22/2013 |

Include account number on check to HSBC Card Services.  Do not send cash.  Please send your payment 7 to 10 days prior to the payment due date to ensure timely delivery

140    AMOUNT
ENCLOSED

ALI SADR
6445 ROCK FOREST DR APT 209
BETHESDA MD 20817-8802

HSBC CARD SERVICES
PO BOX 5255
CAROL STREAM IL 60197-5255

# HSBC

## HSBC PREMIER WORLD MASTERCARD

| | | | | |
|---|---|---|---|---|
| | | AGRMNT#: 126608031 CK OUT DT: 062213 | | |
| | | RTRN LOC: ROCKVILLE         MD | | |
| | | RTRN DT:062513 MRCH PH:8006544173 | | |
| | | SADR /ALI | | |
| | | **Transaction Total** | | $91.05 |
| 06/25/13 | 06/27/13 | WASHINGTON FLYING C | MT131780117000010190097 | $277.50 |
| | | GAITHERSBURG  MD | | |
| | | **Total Purchases For This Period** | | $669.33 |

### Fees

| Trans Date | Post Date | Description of Fees | Reference Number | Amount |
|---|---|---|---|---|
| 06/22/13 | 06/22/13 | LATE CHARGE ASSESSMENT | 1000000041106222999513260 | $25.00 |
| | | **Total Fees for This Period** | | $25.00 |

### Interest Charged

| Description of Interest Charge | Amount |
|---|---|
| INTEREST CHARGE ON CASH ADVANCES | $0.00 |
| INTEREST CHARGE ON PURCHASES | $20.92 |
| INTEREST CHARGE ON BALANCE TRANSFERS | $0.00 |
| **Total Interest For This Period** | $20.92 |

### 2013 Totals Year to Date

| | |
|---|---|
| Total fees charged in 2013 | $100.00 |
| Total interest charged in 2013 | $563.16 |

### Interest Charge Calculation

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| PURCHASES 00001 | 27.24% (v) | $934.25 | $20.92 |
| CASH ADVANCES 80001 | 27.24% (v) | $0.00 | $0.00 |
| BALANCE TRANSFER 71111 | 27.24% (v) | $0.00 | $0.00 |

v=Variable Rate

### HSBC PREMIER REWARDS Summary

| | |
|---|---|
| Previous Points | 184,292 |
| Points | 278 |
| Total Points | 184,570 |

Travel on your terms. HSBC Premier World MasterCard travel rewards have no blackout dates, booking fees or seating restrictions.

### Customer News

Whether you're shopping in Bhutan or Bermuda, you pay no Foreign Transaction Fees with the HSBC Premier World MasterCard. So wherever you travel, be sure to travel with your Premier credit card.

140850 5 A 27  0000000411      STMT66  D 8 1199 PMEI

# HSBC PREMIER WORLD MASTERCARD

HSBC Premier World MasterCard Account Statement
Account Number 5451-9846-6573-9288
From June 27, 2013 to July 28, 2013

Page 1 of 3

## Summary of Account Activity

| | |
|---|---|
| Previous Balance | $1,554.17 |
| Payments | - $838.92 |
| Other Credits | - $206.29 |
| Purchases/Debits | + $2,832.60 |
| Balance Transfers | + $0.00 |
| Cash Advances | + $0.00 |
| Past Due Amount | $0.00 |
| **Fees Charged** | + **$0.00** |
| **Interest Charged** | + **$67.62** |
| New Balance | $3,409.18 |
| | |
| Revolving Credit Limit | $11,500.00 |
| Revolving Credit Available | $8,090.82 |
| Statement Closing Date | July 28, 2013 |
| Days in Billing Cycle | 31 |

## Payment Information

| | |
|---|---|
| New Balance | $3,409.18 |
| Minimum Payment Due | $102.00 |
| Payment Due Date | August 22, 2013 |

**Late Payment Warning :** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $25.00 and your APRs may be increased to the Penalty APR of 29.99%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum Payment | 17 Years | $9,853 |
| $140 | 3 Years | $5,026 (Savings = $4,827 ) |

If you would like information about credit counseling services call 1-866-569-2227

**Questions?**

| | |
|---|---|
| 24-Hour Customer Service | 1-888-662-4722 |
| Lost or Stolen Card | 1-800-327-4214 |
| Outside USA Collect | 1-716-841-6866 |
| TDD/Hearing Impaired | 1-800-655-9392 |

**Payment Address:** HSBC Card Services, PO Box 5255, Carol Stream, IL 60197-5255
**Billing Inquiries:** HSBC Card Services, PO Box 80029, Salinas, CA 93912 -0029
**Manage Your account online at www.HSBCPREMIERUSA.com**

## Important Information

As a reminder, you may pay your credit card bill online or through our automated phone system for no fee.

## Transactions

### Payments/Returns/Credits

| Trans Date | Post Date | Description of Transaction or Credit | Reference Number | Amount |
|---|---|---|---|---|
| 06/28/13 | 06/29/13 | PAYMENT THANK YOU | 454519831800259732 68633 | -$838.92 |
| 07/02/13 | 07/03/13 | NATIONAL CAR RENTAL   ATLANTA GA | MT131840118000010185305 | -$206.29 |
| | | **Total Payment For This Period** | | **-$1,045.21** |

### Purchases/Debits

| Trans Date | Post Date | Description of Transaction or Credit | Purchase Type | Reference Number | Amount |
|---|---|---|---|---|---|
| 06/26/13 | 06/28/13 | DC PARKING METERS   WASHINGTON DC | | MT131790116000010180174 | $2.00 |
| 06/27/13 | 06/28/13 | EXXONMOBIL   47848643 VIENNA   VA | | MT131790123000010142906 | $72.00 |
| 06/27/13 | 06/29/13 | PF CHANGS #3000   MCLEAN   VA | | MT131800114000010153146 | $104.57 |
| 06/27/13 | 06/29/13 | MONTBLANC TYSONS 21  MCLEAN VA | | MT131800114000010158092 | $435.75 |
| 06/27/13 | 06/29/13 | J CREW RETAIL #793  MCLEAN   VA | | MT131800116000010184005 | $281.40 |
| 06/28/13 | 06/29/13 | PUBLIX #569   DACULA   GA | | MT131800120000010140638 | $35.37 |
| 06/29/13 | 07/01/13 | FEDEXOFFICE   00008268 BUFORD   GA | | MT131820114000010527264 | $3.69 |

Detach and return bottom portion with your payment.          140820 5 27  000000411          STMT66  D  8 1198 PMEi          See reverse side for important information



| | |
|---|---|
| Account Number: | 5451-9846-6573-9288 |
| New Balance | $3,409.18 |
| Minimum Payment Due | $102.00 |
| Payment Due Date | 08/22/2013 |

Include account number on check to HSBC Card Services.  Do not send cash.  Please send your payment 7 to 10 days prior to the payment due date to ensure timely delivery.

| | |
|---|---|
| 140 | AMOUNT ENCLOSED |

ALI SADR
6445 ROCK FOREST DR APT 209
BETHESDA MD 20817-8802

HSBC CARD SERVICES
PO BOX 5255
CAROL STREAM IL 60197-5255

**HSBC**

HSBC PREMIER WORLD MASTERCARD

HSBC Premier World MasterCard Account Statement
Account Number 5451-9846-6573-9288
Page 2 of 3
From June 27, 2013 to July 28, 2013

| | | | | |
|---|---|---|---|---|
| 06/29/13 | 07/01/13 | PUBLIX #569       DACULA       GA | MT131820114000010549652 | $112.69 |
| 06/30/13 | 07/02/13 | DELTA00601756745760  ATLANTA TUR | MT131830115000010081684 | |
| | | NAME: PHILLIPS/MARYBE | | |
| | | CTY OF ORGN: LAX    TRVL DT: 063013 | | |
| | | CTY DEST: LAX       SVC PRVDR: DL | | |
| | | FARE TYPE:  STOPOVER: | | |
| | | **Transaction Total** | | $29.63 |
| | | 06/30/13   57.00 TRY | | |
| | | NAME: PHILLIPS/MARYBE | | |
| | | CTY OF ORGN: LAX    TRVL DT: 063013 | | |
| | | CTY DEST: LAX       SVC PRVDR: DL | | |
| | | FARE TYPE:  STOPOVER: | | |
| | | **Transaction Total** | | $0.00 |
| 06/30/13 | 07/02/13 | WASHINGTON FLYING C GAITHERSBURG  MD | MT131830116000010196485 | $198.00 |
| 07/01/13 | 07/02/13 | NATIONAL CAR RENTAL   ATLANTA GA | MT131830116000010175034 | |
| | | AGRMNT#: 324030177 CK OUT DT: 062813 | | |
| | | RTRN LOC: COLLEGE PARK      GA | | |
| | | RTRN DT:070113 MRCH PH:8004683334 | | |
| | | SADR ALI | | |
| | | **Transaction Total** | | $206.29 |
| 07/01/13 | 07/03/13 | SHELL OIL 216852204QPS HAPEVILLE GA | MT131840116000010149382 | $31.38 |
| 07/02/13 | 07/03/13 | NATIONAL CAR RENTAL   ATLANTA GA | MT131840118000010185304 | |
| | | AGRMNT#: 324030113 CK OUT DT: 062813 | | |
| | | RTRN LOC: COLLEGE PARK      GA | | |
| | | RTRN DT:070113 MRCH PH:8004683334 | | |
| | | SADR ALI | | |
| | | **Transaction Total** | | $524.96 |
| 07/02/13 | 07/03/13 | COLUMBIA EYE ASSOCIATE WASHINGTON  DC | MT131840126000010146706 | $240.00 |
| 07/03/13 | 07/04/13 | LEBANESE TAVERNA TYSON MCLEAN VA | MT131850117000010196538 | $36.74 |
| 07/04/13 | 07/06/13 | COLONIAL PARKING #6QPS CHEVY CHASE  MD | MT131870116000010122992 | $3.00 |
| 07/17/13 | 07/18/13 | MALATA RESTAURANT    VALLETTA MLT | MT131990127000010035368 | $129.98 |
| | | 07/17/13    98,65 EUR | | |
| 07/18/13 | 07/18/13 | MALATA RESTAURANT    VALLETTA MLT | MT131990127000010035367 | $26.35 |
| | | 07/18/13    20,00 EUR | | |
| 07/18/13 | 07/19/13 | BAR SATELLITE PANE 249 GALLARATE ITA | MT132000119000010063115 | $5.64 |
| | | 07/18/13     4,30 EUR | | |
| 07/18/13 | 07/19/13 | BAR SATELLITE MALP 903 FERNO ITA | MT132000119000010063122 | $9.71 |

# HSBC

## HSBC PREMIER WORLD MASTERCARD

MasterCard

Page 3 of 3

HSBC Premier World MasterCard Account Statement
Account Number 5451-9846-6573-9288
From June 27, 2013 to July 28, 2013

| | | | | |
|---|---|---|---|---|
| | | 07/18/13    7,40 EUR | | |
| 07/18/13 | 07/19/13 | THE WESTIN DRAGONARA   ST JULIANS MLT | MT132000127000010038451 | $143.29 |
| | | 07/18/13    109,20 EUR | | |
| 07/18/13 | 07/20/13 | MARISCO NA DOCA LDA   LISBOA PRT | MT132010115000010027819 | $184.76 |
| | | 07/18/13    140,50 EUR | | |
| 07/19/13 | 07/20/13 | PLATEPASS HERTZ TOLLS  8774114300 AZ | MT132010120000010045166 | $15.40 |
| | | **Total Purchases For This Period** | | **$2,832.60** |

### Fees

| Trans Date | Post Date | Description of Fees | Reference Number | Amount |
|---|---|---|---|---|
| | | **Total Fees For This Period** | | **$0.00** |

### Interest Charged

| Description of Interest Charge | Amount |
|---|---|
| INTEREST CHARGE ON CASH ADVANCES | $0.00 |
| INTEREST CHARGE ON PURCHASES | $67.62 |
| INTEREST CHARGE ON BALANCE TRANSFERS | $0.00 |
| **Total Interest For This Period** | **$67.62** |

| 2013 Totals Year to Date | |
|---|---|
| Total fees charged in 2013 | $100.00 |
| Total interest charged in 2013 | $630.78 |

### Interest Charge Calculation

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| PURCHASES 00001 | 27.24% (v) | $2,922.85 | $67.62 |
| CASH ADVANCES 80001 | 27.24% (v) | $0.00 | $0.00 |
| BALANCE TRANSFER 71111 | 27.24% (v) | $0.00 | $0.00 |

v=Variable Rate

### HSBC PREMIER REWARDS Summary

| | |
|---|---|
| Previous  Points | 184,570 |
| Points | 2,627 |
| **Total Points** | **187,197** |

Travel on your terms. HSBC Premier World MasterCard travel rewards have no blackout dates, booking fees or seating restrictions.

### Customer News

Whether you're shopping in Bhutan or Bermuda, you pay no Foreign Transaction Fees with the HSBC Premier World MasterCard. So wherever you travel, be sure to travel with your Premier credit card.

# HSBC 

**HSBC PREMIER WORLD MASTERCARD**

HSBC Premier World MasterCard Account Statement
Account Number 5451-9846-6573-9288
From July 28, 2013 to August 28, 2013

Page 1 of 2

| Summary of Account Activity | |
| --- | --- |
| Previous Balance | $3,409.18 |
| Payments | - $0.00 |
| Other Credits | - $0.00 |
| Purchases/Debits | + $15.00 |
| Balance Transfers | + $0.00 |
| Cash Advances | + $0.00 |
| Past Due Amount | $102.00 |
| **Fees Charged** | + **$25.00** |
| **Interest Charged** | + **$80.24** |
| New Balance | $3,529.42 |
| | |
| Revolving Credit Limit | $11,500.00 |
| Revolving Credit Available | $7,970.58 |
| Statement Closing Date | August 28, 2013 |
| Days in Billing Cycle | 31 |

| Payment Information | |
| --- | --- |
| New Balance | $3,529.42 |
| Minimum Payment Due | $243.00 |
| Payment Due Date | September 22, 2013 |

**Late Payment Warning :** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $25.00 and your APRs may be increased to the Penalty APR of 27.24%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about ... | And you will end up paying an estimated total of... |
| --- | --- | --- |
| Only the minimum Payment | 17 Years | $9,930 |
| $145 | 3 Years | $5,203 *(Savings = $4,727 )* |

If you would like information about credit counseling services call
1-866-569-2227

**Questions?**
| | |
| --- | --- |
| 24-Hour Customer Service | 1-888-662-4722 |
| Lost or Stolen Card | 1-800-327-4214 |
| Outside USA Collect | 1-716-841-6866 |
| TDD/Hearing Impaired | 1-800-655-9392 |

**Payment Address:** HSBC Card Services, PO Box 5255, Carol Stream, IL 60197-5255
**Billing Inquiries:** HSBC Card Services, PO Box 80029, Salinas, CA 93912-0029
**Manage Your account online at www.HSBCPREMIERUSA.com**

**Important Information**

As a reminder, you may pay your credit card bill online or through our automated phone system for no fee.

**Transactions**

**Purchases/Debits**

| Trans Date | Post Date | Description of Transaction or Credit | Purchase Type | Reference Number | Amount |
| --- | --- | --- | --- | --- | --- |
| 07/29/13 | 07/31/13 | NOTARY COMM AND AUTH S WASHINGTON  DC | | MT132120116000010062643 | $15.00 |
| | | **Total Purchases For This Period** | | | **$15.00** |

**Fees**

| Trans Date | Post Date | Description of Fees | | Reference Number | Amount |
| --- | --- | --- | --- | --- | --- |
| 08/22/13 | 08/22/13 | LATE CHARGE ASSESSMENT | | 1000000411082299843000 | $25.00 |
| | | **Total Fees for This Period** | | | **$25.00** |

**Interest Charged**

| Description of Interest Charge | Amount |
| --- | --- |
| INTEREST CHARGE ON CASH ADVANCES | $0.00 |
| INTEREST CHARGE ON PURCHASES | $80.24 |
| INTEREST CHARGE ON BALANCE TRANSFERS | $0.00 |
| **Total Interest For This Period** | **$80.24** |

---

Detach and return bottom portion with your payment.    140850 5 27  0000000411    STMT66  D 8 1172 FME1    See reverse side for important information

# HSBC 

| | |
| --- | --- |
| Account Number: | 5451-9846-6573-9288 |
| New Balance | $3,529.42 |
| Minimum Payment Due | $243.00 |
| Payment Due Date | 09/22/2013 |

Include account number on check to HSBC Card Services.  Do not send cash.  Please send your payment 7 to 10 days prior to the payment due date to ensure timely delivery.

140    AMOUNT
ENCLOSED

ALI SADR
6445 ROCK FOREST DR APT 209
BETHESDA MD 20817-8802

HSBC CARD SERVICES
PO BOX 5255
CAROL STREAM IL 60197-5255

00352942000243000005451984665739288001406

 HSBC 

HSBC PREMIER WORLD MASTERCARD

HSBC Premier World MasterCard Account Statement
Account Number 5451-9846-6573-9288
From July 28, 2013 to August 28, 2013

Page 2 of 2

| 2013 Totals Year to Date | |
|---|---|
| Total fees charged in 2013 | $125.00 |
| Total interest charged in 2013 | $711.02 |

### Interest Charge Calculation

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| PURCHASES 00001 | 27.24% (v) | $3,447.61 | $79.76 |
| PURCHASES 00001 | 27.24% (v) | $20.82 | $0.48 |
| CASH ADVANCES 80001 | 27.24% (v) | $0.00 | $0.00 |
| BALANCE TRANSFER 71111 | 27.24% (v) | $0.00 | $0.00 |

*v=Variable Rate*

### HSBC PREMIER REWARDS Summary

| | | |
|---|---|---|
| Previous Points | 187,197 | Travel on your terms. HSBC Premier World MasterCard travel rewards have no blackout dates, booking fees or seating restrictions. |
| Points | 15 | |
| Total Points | 187,212 | |

### Customer News

Whether you're shopping in Bhutan or Bermuda, you pay no Foreign Transaction Fees with the HSBC Premier World MasterCard. So wherever you travel, be sure to travel with your Premier credit card.

140850 3  27  0000000411      STMT66  D  6  1172 PME1

MasterCard

MasterCard Account Statement
Account Number 5451-9846-6573-9288
From August 28, 2013 to October 2, 2013

Page 1 of 2

## Summary of Account Activity

| | | |
|---|---|---|
| Previous Balance | | $3,529.42 |
| Payments | - | $0.00 |
| Other Credits | - | $0.00 |
| Purchases/Debits | + | $0.00 |
| Balance Transfers | + | $0.00 |
| Cash Advances | + | $0.00 |
| Past Due Amount | | $243.00 |
| **Fees Charged** | + | **$25.00** |
| **Interest Charged** | + | **$0.00** |
| New Balance | | $3,554.42 |
| | | |
| Credit Limit | | $11,500.00 |
| Credit Available | | $0.00 |
| Statement Closing Date | | October 2, 2013 |
| Days in Billing Cycle | | 35 |

## Payment Information

| | |
|---|---|
| New Balance | $3,554.42 |
| Minimum Payment Due | $304.00 |
| Payment Due Date | October 22, 2013 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $25.00.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum Payment | 16 Years | $9,873 |
| $146 | 3 Years | $5,240 (Savings = $4,633 ) |

If you would like information about credit counseling services call 1-866-569-2227.

### Questions?

| | |
|---|---|
| 24-Hour Customer Service | 1-888-385-8916 |
| Lost or Stolen Card | 1-800-441-0604 |
| Outside USA Collect | 1-716-841-7141 |
| TDD/Hearing Impaired | 1-800-655-9392 |

**Payment Address:** HSBC Bank USA N.A., PO Box 5255, Carol Stream, IL 60197-5255
**Billing Inquiries:** HSBC Bank USA N.A., PO Box 80026, Salinas, CA 93912-0026
**Manage Your account online at www.us.hsbc.com**

## Important Information

As a reminder, you may pay your credit card bill online or through our automated phone system for no fee.

## Transactions

### Purchases/Debits

| Trans Date | Post Date | Description of Transaction or Credit | Purchase Type | Reference Number | Amount |
|---|---|---|---|---|---|

### Fees

| Trans Date | Post Date | Description of Fees | | Reference Number | Amount |
|---|---|---|---|---|---|
| 09/22/13 | 09/22/13 | LATE CHARGE ASSESSMENT | | 100000041109212999842950 | $25.00 |
| | | **Total Fees for This Period** | | | $25.00 |

### Interest Charged

| Description of Interest Charge | Amount |
|---|---|
| INTEREST CHARGE ON CASH ADVANCES | $0.00 |
| INTEREST CHARGE ON PURCHASES | $0.00 |
| INTEREST CHARGE ON BALANCE TRANSFERS | $0.00 |
| **Total Interest For This Period** | $0.00 |

### 2013 Totals Year to Date

| | |
|---|---|
| Total fees charged in 2013 | $150.00 |
| Total interest charged in 2013 | $711.02 |

---

Detach and return bottom portion with your payment.    140097 5 U 27 0000000411    STMTX6 E 8 22230 EXCPT    See reverse side for important information



| | |
|---|---|
| Account Number: | 5451-9846-6573-9288 |
| New Balance | $3,554.42 |
| Minimum Payment Due | $304.00 |
| Payment Due Date | 10/22/2013 |

Include account number on check to HSBC Bank USA N.A.. Do not send cash. Please send your payment 7 to 10 days prior to the payment due date to ensure timely delivery.

140    AMOUNT
ENCLOSED

ALI SADR
6445 ROCK FOREST DR APT 209
BETHESDA MD 20817-8802

HSBC BANK USA N A
PO BOX 5255
CAROL STREAM IL 60197-5255

0035544200030400000545198466573928800 1403

**Capital**One®

MasterCard

Page 2 of 2

MasterCard Account Statement
Account Number 5451-9846-6573-9288
From August 28, 2013 to October 2, 2013

## Interest Charge Calculation

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| PURCHASES 00001 | 27.24% (v) | $0.00 | $0.00 |
| PURCHASES 00001 | 27.24% (v) | $0.00 | $0.00 |
| CASH ADVANCES 80001 | 27.24% (v) | $0.00 | $0.00 |
| BALANCE TRANSFER 71111 | 27.24% (v) | $0.00 | $0.00 |

v=Variable Rate

140997 3 U  27  0000000411      STMTX6  E  8  22230 EXCPT

MasterCard

MasterCard Account Statement
Account Number 5451-9846-6573-9288
From October 2, 2013 to October 28, 2013

Page 1 of 2

### Summary of Account Activity

| | | |
|---|---|---|
| Previous Balance | | $3,554.42 |
| Payments | − | $3,554.42 |
| Other Credits | − | $0.00 |
| Purchases/Debits | + | $0.00 |
| Balance Transfers | + | $0.00 |
| Cash Advances | + | $0.00 |
| Past Due Amount | | $0.00 |
| **Fees Charged** | + | **$0.00** |
| **Interest Charged** | + | **$0.00** |
| New Balance | | $0.00 |
| | | |
| Credit Limit | | $11,500.00 |
| Credit Available | | $0.00 |
| Statement Closing Date | | October 28, 2013 |
| Days in Billing Cycle | | 26 |

### Payment Information

| | |
|---|---|
| New Balance | $0.00 |
| Minimum Payment Due | $0.00 |
| Payment Due Date | November 22, 2013 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $25.00.

### Questions?

| | |
|---|---|
| 24-Hour Customer Service | 1-888-385-8916 |
| Lost or Stolen Card | 1-800-441-0604 |
| Outside USA Collect | 1-716-841-7141 |
| TDD/Hearing Impaired | 1-800-655-9392 |

**Payment Address:** HSBC Bank USA N.A., PO Box 5255, Carol Stream, IL 60197 -5255
**Billing Inquiries:** HSBC Bank USA N.A., PO Box 80026, Salinas, CA 93912 -0026
Manage Your account online at www.us.hsbc.com

### Important Information

As a reminder, you may pay your credit card bill online or through our automated phone system for no fee.

### Transactions

#### Payments/Returns/Credits

| Trans Date | Post Date | Description of Transaction or Credit | Reference Number | Amount |
|---|---|---|---|---|
| 10/03/13 | 10/03/13 | CONV CRED ADJ | 0999999998100300393210 0 | -$3,554.42 |
| | | **Total Payment For This Period** | | **-$3,554.42** |

#### Fees

| Trans Date | Post Date | Description of Fees | Reference Number | Amount |
|---|---|---|---|---|
| | | **Total Fees For This Period** | | **$0.00** |

#### Interest Charged

| Description of Interest Charge | Amount |
|---|---|
| INTEREST CHARGE ON CASH ADVANCES | $0.00 |
| INTEREST CHARGE ON PURCHASES | $0.00 |
| INTEREST CHARGE ON BALANCE TRANSFERS | $0.00 |
| **Total Interest For This Period** | **$0.00** |

| 2013 Totals Year to Date | |
|---|---|
| Total fees charged in 2013 | $150.00 |
| Total interest charged in 2013 | $711.02 |

Detach and return bottom portion with your payment.       14099 7 5 U 27 0000000411       STMTX6  E 8 8311 EXCPT                See reverse side for important information



| | |
|---|---|
| Account Number: | 5451-9846-6573-9288 |
| New Balance | $0.00 |
| Minimum Payment Due | $0.00 |
| Payment Due Date | 11/22/2013 |

Include account number on check to HSBC Bank USA N.A. Do not send cash. Please send your payment 7 to 10 days prior to the payment due date to ensure timely delivery.

140

AMOUNT
ENCLOSED

ALI SADR
6445 ROCK FOREST DR APT 209
BETHESDA MD 20817-8802

HSBC BANK USA N.A
PO BOX 5255
CAROL STREAM IL 60197-5255

0000000000000000000545198466573928800 1401

**Capital One**

MasterCard

Page 2 of 2

MasterCard Account Statement
Account Number 5451-9846-6573-9288
From October 2, 2013 to October 28, 2013

## Interest Charge Calculation

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| PURCHASES 00001 | 27.24% (v) | $0.00 | $0.00 |
| PURCHASES 00001 | 27.24% (v) | $0.00 | $0.00 |
| CASH ADVANCES 80001 | 27.24% (v) | $0.00 | $0.00 |
| BALANCE TRANSFER 71111 | 27.24% (v) | $0.00 | $0.00 |

v=Variable Rate

140997 5 U 27  0000000411     STMTX6  E 8 8311 EXCPT

## 2010-2014

| Date | From | To | Source |
|---|---|---|---|
| 8/12/2010 | Dubai, United Arab Emirates | Tehran, Iran | Email - Electronic Ticket (GX2202) |
| 11/11/2010 | Tehran, Iran | Istanbul, Turkey | Email - Electronic Ticket (GX2222) |
| 11/12/2010 | Istanbul, Turkey | Tehran, Iran | Email - Electronic Ticket (GX2222) |
| 11/15/2010 | Tehran, Iran | Istanbul, Turkey | Email - Electronic Ticket (GX2227) |
| 12/11/2010 | Istanbul, Turkey | Tehran, Iran | Email - Electronic Ticket (GX2235) |
| 12/15/2010 | Istanbul, Turkey | Tehran, Iran | Email - Electronic Ticket (GX2227) |
| 2/8/2011 | London, UK | Tehran, Iran | Email - Electronic Ticket (GX2010) |
| 2/17/2011 | Tehran, Iran | Dubai, United Arab Emirates | Email - Electronic Ticket (GX2012) |
| 2/17/2011 | Dubai, United Arab Emirates | Tehran, Iran | Email - Electronic Ticket (GX2013) |
| 2/19/2011 | Dubai, United Arab Emirates | Tehran, Iran | Email - Electronic Ticket (GX2012) |
| 2/21/2011 | Frankfurt, Germany | Tehran, Iran | Email - Electronic Ticket (GX2209) |
| 4/26/2011 | Tehran, Iran | Dubai, United Arab Emirates | Email - Electronic Ticket (GX2029) |
| 4/30/2011 | Dubai, United Arab Emirates | Tehran, Iran | Email - Electronic Ticket (GX2029) |
| 5/4/2011 | Istanbul, Turkey | Tehran, Iran | Email - Electronic Ticket (GX2035) |
| 5/14/2011 | Dubai, United Arab Emirates | Tehran, Iran | Email - Electronic Ticket (GX2039) |
| 5/18/2011 | Tehran, Iran | Frankfurt, Germany | Email - Electronic Ticket (GX1104) |
| 5/31/2011 | Tehran, Iran | Frankfurt, Germany | Email - Electronic Ticket (GX1105) |
| 6/19/2011 | Frankfurt, Germany | Tehran, Iran | Email - Electronic Ticket (GX1104) |
| 6/24/2011 | Istanbul, Turkey | Tehran, Iran | Email - Electronic Ticket (GX2045) |
| 6/28/2011 | Tehran, Iran | Frankfurt, Germany | Email - Electronic Ticket (GX1106) |
| 7/17/2011 | Istanbul, Turkey | Tehran, Iran | Email - Electronic Ticket (GX2053) |
| 7/31/2011 | Frankfurt, Germany | Tehran, Iran | Email - Electronic Ticket (GX1105) |
| 8/28/2011 | Frankfurt, Germany | Tehran, Iran | Email - Electronic Ticket (GX1106) |
| 9/17/2011 | Istanbul, Turkey | Tehran, Iran | Email - Electronic Ticket (GX2067) |
| 9/19/2011 | Tehran, Iran | Frankfurt, Germany | Email - Electronic Ticket (GX1107) |
| 9/28/2011 | Frankfurt, Germany | Tehran, Iran | Email - Electronic Ticket (GX1107) |
| 10/10/2011 | Tehran, Iran | Frankfurt, Germany | Email - Electronic Ticket (GX1108) |

GOVERNMENT EXHIBIT 704
18 Cr. 224 (AJN)

| 2010-2014 | | | |
|---|---|---|---|
| Date | From | To | Source |
| 10/11/2011 | Tehran, Iran | Istanbul, Turkey | Email - Electronic Ticket (GX1109) |
| 10/11/2011 | Frankfurt, Germany | Tehran, Iran | Email - Electronic Ticket (GX1108) |
| 10/12/2011 | Istanbul, Turkey | Tehran, Iran | Email - Electronic Ticket (GX1109) |
| 10/13/2011 | Tehran, Iran | Vienna, Austria | Email - Electronic Ticket (GX1110) |
| 10/14/2011 | Vienna, Austria | Tehran, Iran | Email - Electronic Ticket (GX1110) |
| 11/10/2011 | Istanbul, Turkey | Tehran, Iran | Email - Electronic Ticket (GX2079) |
| 12/2/2011 | Tehran, Iran | Istanbul, Turkey | Email - Electronic Ticket (GX2085) |
| 12/10/2011 | Istanbul, Turkey | Tehran, Iran | Email - Electronic Ticket (GX2085) |
| 4/10/2012 | | Tehran, Iran | Passport P95427954 (GX205A-T) |
| 4/11/2012 | Tehran, Iran | | Passport P95427954 (GX205A-T) |
| 5/9/2012 | | Tehran, Iran | Passport P95427954 (GX205A-T) |
| 5/14/2012 | Tehran, Iran | | Passport P95427954 (GX205A-T) |
| 2/9/2014 | | Tehran, Iran | Passport H95647761 (GX206A-T) |
| 2/12/2014 | Tehran, Iran | | Passport H95647761 (GX206A-T) |
| 10/8/2014 | | Tehran, Iran | Passport H95647761 (GX206A-T) |
| 10/10/2014 | Tehran, Iran | | Passport H95647761 (GX206A-T) |
| 12/13/2014 | | Tehran, Iran | Passport H95647761 (GX206A-T) |
| 12/15/2014 | Tehran, Iran | | Passport H95647761 (GX206A-T) |

| | | Clarity Fund Transvers via Stratus Global Investments | Nov 24, 2011 - Dec 12, 2011 | | | | | |
|---|---|---|---|---|---|---|---|---|
| | **DATE** | **ORIGINATING PARTY** | **INTERMEDIARY PARTY** | **BENEFICIARY PARTY** | **CITY** | **COUNTRY** | **STATED PURPOSE** | **AMOUNT (USD)** |
| 1 | November 24, 2011 | Clarity | Stratus Global Investments | GFH Short Interest Private Fund, Inc | Panama City | Panama | Exchange of funds for Client 0045-7 | $ 241,650.00 |
| 2 | November 24, 2011 | Clarity | Stratus Global Investments | GFH Short Interest Private Fund, Inc | Panama City | Panama | Exchange of funds for Client 0045-7 | $ 238,155.00 |
| 3 | November 24, 2011 | Clarity | Stratus Global Investments | Flores-Hidalgo Sociedades e Inversiones, S.L. | Barcelona | Spain | Exchange of funds | $ 439,150.50 |
| 4 | November 25, 2011 | Clarity | Stratus Global Investments | Apolo Zona Libre | Panama City | Panama | Legal Fees-Claims Management-IPC19 | $ 150,000.00 |
| 5 | November 25, 2011 | Clarity | Stratus Global Investments | Samuel Carciente Sananes | Panama City | Panama | Legal Fees-Claims Management-IPC20 | $ 100,000.00 |
| 6 | November 25, 2011 | Clarity | Stratus Global Investments | Senzani International C.A. | Willestadstad | Curacao | Legal Fees-Claims Management-IPC21 | $ 100,000.00 |
| 7 | November 25, 2011 | Clarity | Stratus Global Investments | Maruja Ayala de Morales | Los Angeles (CA) | USA | Legal Fees-Claims Management-IPC22 | $ 100,000.00 |
| 8 | November 25, 2011 | Clarity | Stratus Global Investments | Kam Pong Cheung | Enping | China | Legal Fees-Claims Management-IPC23 | $ 100,000.00 |
| 9 | November 25, 2011 | Clarity | Stratus Global Investments | Agustin Gonzalez | Maracay | Venezuela | Legal Fees-Claims Management-IPC24 | $ 70,000.00 |
| 10 | November 28, 2011 | Clarity | Stratus Global Investments | Healy Consultants (Hong Kong) Limited | Hong Kong | China | Establishment fee of the company "Perse VIP" | $ 4,800.00 |
| 11 | December 1, 2011 | Clarity | Stratus Global Investments | America Economia 2021, C.A | Panama City | Panama | Doors for Venezuela Project | $ 200,000.00 |
| 12 | December 1, 2011 | Clarity | Stratus Global Investments | Corporacion Corriager C.A. LLC | Miami (FL) | USA | Equipment for trucks / Venezuela Project | $ 220,000.00 |
| 13 | December 1, 2011 | Clarity | Stratus Global Investments | Profit Finacial INC | Panama City | Panama | Bricks for Venezuela Project | $ 178,550.00 |
| 14 | December 1, 2011 | Clarity | Stratus Global Investments | Lennox Parts LLC | Doral (FL) | USA | Spare parts for vehicles for Venezuela Project | $ 300,000.00 |
| 15 | December 1, 2011 | Clarity | Stratus Global Investments | Tania Dos Santos | Weston (FL) | USA | Legal Fees-Claims Management-IPC25 | $ 100,000.00 |
| 16 | December 1, 2011 | Clarity | Stratus Global Investments | Venezolana de Control Intermodal, C.A. | Caracas | Venezuela | Legal Fees-Claims Management-IPC26 | $ 500,000.00 |
| 17 | December 1, 2011 | Clarity | Stratus Global Investments | Pablo Alejandro Fernandes Martins | Weston (FL) | USA | Legal Fees-Claims Management-IPC27 | $ 150,000.00 |
| 18 | December 1, 2011 | Clarity | Stratus Global Investments | Virginland Technology Co. Limited | Guangzhou | China | Legal Fees-Claims Management-IPC28 | $ 40,000.00 |



GOVERNMENT EXHIBIT
705A
18 Cr. 224 (AJN)

| 19 | December 1, 2011 | Clarity | Stratus Global Investments | Pablo Fernandes | Weston (FL) | USA | Legal Fees-Claims Management-IPC29 | $ | 90,000.00 |
|---|---|---|---|---|---|---|---|---|---|
| 20 | December 1, 2011 | Clarity | Stratus Global Investments | Games Plus Electronic C.A. | Caracas | Venezuela | Legal Fees-Claims Management-IPC30 | $ | 100,000.00 |
| 21 | December 1, 2011 | Clarity | Stratus Global Investments | 1. Totalbank Curacao N.V. 2. Inversiones Keromuchi CA | Willestamstad | Curacao | Legal Fees-Claims Management-IPC31 | $ | 100,000.00 |
| 22 | December 1, 2011 | Clarity | Stratus Global Investments | Irene Vianello | Caracas | Venezuela | Legal Fees-Claims Management-IPC32 | $ | 126,000.00 |
| 23 | December 1, 2011 | Clarity | Stratus Global Investments | Jumbo Zona Libre, S.A | Colon | Panama | Legal Fees-Claims Management-IPC33 | $ | 103,642.00 |
| 24 | December 1, 2011 | Clarity | Stratus Global Investments | 1. Banesco S.A. 2. Inversiones A.M. Canaima C.A | Panama City | Panama | Legal Fees-Claims Management-IPC34 | $ | 115,507.00 |
| 25 | December 1, 2011 | Clarity | Stratus Global Investments | Jumbo Zona Libre, S.A | Colon | Panama | Legal Fees-Claims Management-IPC35 | $ | 96,358.00 |
| 26 | December 1, 2011 | Clarity | Stratus Global Investments | Global Morgan Group (HK) Limited | Hong Kong | China | Legal Fees-Claims Management-IPC36 | $ | 115,000.00 |
| 27 | December 1, 2011 | Clarity | Stratus Global Investments | Fernando Padron | Caracas | Venezuela | Legal Fees-Claims Management-IPC37 | $ | 28,500.00 |
| 28 | December 6, 2011 | Clarity | Stratus Global Investments | Ricardo Antonio Fernandes Sarrico | Aveiro | Portugal | Legal Fees-Claims Management-IPC38 | $ | 145,000.00 |
| 29 | December 6, 2011 | Clarity | Stratus Global Investments | Franca Cravino | Varazze | Italy | Legal Fees-Claims Management-IPC39 | $ | 55,000.00 |
| 30 | December 6, 2011 | Clarity | Stratus Global Investments | Vincenzo Conte and Alessandra Conte | Staten Island (NY) | USA | Legal Fees-Claims Management-IPC40 | $ | 60,000.00 |
| 31 | December 6, 2011 | Clarity | Stratus Global Investments | Pablo Alejandro Fernandes Martins | Aveiro | Portugal | Legal Fees-Claims Management-IPC41 | $ | 50,000.00 |
| 32 | December 6, 2011 | Clarity | Stratus Global Investments | Senzani International C.A. | Willestamstad | Curacao | Legal Fees-Claims Management-IPC42 | $ | 200,000.00 |
| 33 | December 6, 2011 | Clarity | Stratus Global Investments | Global Morgan Group (HK) Limited | Hong Kong | China | Legal Fees-Claims Management-IPC43 | $ | 170,000.00 |
| 34 | December 6, 2011 | Clarity | Stratus Global Investments | Jeancenter Corporation S.A | Colon | Panama | Legal Fees-Claims Management-IPC44 | $ | 250,000.00 |
| 35 | December 6, 2011 | Clarity | Stratus Global Investments | Jumbo Zona Libre, S.A | Colon | Panama | Legal Fees-Claims Management-IPC45 | $ | 115,839.00 |
| 36 | December 6, 2011 | Clarity | Stratus Global Investments | AA Group Limited | Guangzhou | China | Legal Fees-Claims Management-IPC46 | $ | 325,000.00 |
| 37 | December 6, 2011 | Clarity | Stratus Global Investments | 1. Totalbank Curacao N.V. 2. Inversiones Keromuchi CA | Willestamstad | Curacao | Legal Fees-Claims Management-IPC47 | $ | 100,000.00 |
| 38 | December 6, 2011 | Clarity | Stratus Global Investments | Senzani International C.A. | Willestamstad | Curacao | Legal Fees-Claims Management-IPC48 | $ | 100,000.00 |
| 39 | December 7, 2011 | Clarity | Stratus Global Investments | Flores-Hidalgo Sociedades e Inversiones, S.L. | Barcelona | Spain | Exchange of Funds | $ | 438,650.00 |

| 40 | December 7, 2011 | Clarity | Stratus Global Investments | GFH Short Interest Private Fund, Inc | Panama City | Panama | Exchange of Funds for Client 0045-7 | $ | 240,550.50 |
|----|------------------|---------|----------------------------|--------------------------------------|-------------|--------|-------------------------------------|---|-----------|
| 41 | December 7, 2011 | Clarity | Stratus Global Investments | GFH Short Interest Private Fund, Inc | Panama City | Panama | Exchange of Funds for Client 0045-7 | $ | 242,100.00 |
| 42 | December 8, 2011 | Clarity | Stratus Global Investments | 1. Banesco S.A<br>2. Inversiones A.M. Canaima C.A | Panama City | Panama | Legal Fees-Claims Management IPC49 | $ | 25,000.00 |
| 43 | December 9, 2011 | Clarity | Stratus Global Investments | Lennox Parts LLC | Doral (FL) | USA | Spare parts for vehicles / Venezuela Project | $ | 450,000.00 |
| 44 | December 9, 2011 | Clarity | Stratus Global Investments | Tecnoser SRL | Modena | Italy | Tale Provider / Venezuela Project | $ | 200,000.00 |
| 45 | December 9, 2011 | Clarity | Stratus Global Investments | May's Zona Libre, S.A | Colon | Panama | Legal Fees- Claims Management-IPC49 | $ | 350,000.00 |
| 46 | December 12, 2011 | Clarity | Stratus Global Investments | Global Morgan Group (HK) Lim. | Hong Kong | China | Legal Fees- Claims Management-IPC50 | $ | 180,000.00 |
| 47 | December 12, 2011 | Clarity | Stratus Global Investments | Ricardo Antonio FernandesSarrico | Aveiro | Portugal | Legal Fees-Claims Management-IPC51 | $ | 150,000.00 |
| 48 | December 12, 2011 | Clarity | Stratus Global Investments | Marsicano Tafuri Emilio | Guatire | Venezuela | Legal Fees-Claims Management-IPC52 | $ | 100,000.00 |
| 49 | December 12, 2011 | Clarity | Stratus Global Investments | 1. Banesco S.A.<br>2. Inversiones A.M. Canaima C.A | Panama City | Panama | Legal Fees-Claims Management-IPC53 | $ | 117,365.00 |
| **TOTAL:** | | | | | | | | **$** | **8,171,817.00** |

| BY PURPOSE | | |
|---|---|---|
| Purpose | Count | Sum of Amount |
| Establishment Fee | 1 | $ 4,800.00 |
| Exchange of funds | 6 | $ 1,840,256.00 |
| Legal fees - Claims Management | 36 | $ 4,778,211.00 |
| Venezuela Project | 6 | $ 1,548,550.00 |
| **TOTAL:** | **49** | **$ 8,171,817.00** |

| BY COUNTRY | | |
|---|---|---|
| Country | Count | Sum of Amount |
| China | 7 | $ 934,800.00 |
| Curacao | 5 | $ 600,000.00 |
| Italy | 2 | $ 255,000.00 |
| Panama | 16 | $ 2,764,716.50 |
| Portugal | 3 | $ 345,000.00 |
| Spain | 2 | $ 877,800.50 |
| USA | 8 | $ 1,470,000.00 |
| Venezuela | 6 | $ 924,500.00 |
| **TOTAL:** | **49** | **$ 8,171,817.00** |

| BY BENEFICIARY | | |
|---|---|---|
| Beneficiary | Count | Sum of Amount |
| GFH Short Interest Private Fund, Inc | 4 | $ 962,455.50 |
| 1. Banesco S.A 2. Inversiones A.M. Canaima C.A | 3 | $ 257,872.00 |
| Global Morgan Group (HK) Lim. | 3 | $ 465,000.00 |
| Jumbo Zona Libre, S.A | 3 | $ 315,839.00 |
| Senzani International C.A. | 3 | $ 400,000.00 |
| 1. Totalbank Curacao N.V. 2. Inversiones Keromuchi CA | 2 | $ 200,000.00 |
| Flores-Hidalgo Sociedades e Inversiones, S.L. | 2 | $ 877,800.50 |
| Lennox Parts LLC | 2 | $ 750,000.00 |
| Pablo Alejandro Fernandes Martins | 2 | $ 200,000.00 |
| Ricardo Antonio Fernandes Sarrico | 2 | $ 295,000.00 |
| AA Group Limited | 1 | $ 325,000.00 |
| Agustin Gonzalez | 1 | $ 70,000.00 |
| America Economia 2021, C.A | 1 | $ 200,000.00 |
| Apolo Zona Libre | 1 | $ 150,000.00 |
| Corporacion Corriager C.A. LLC | 1 | $ 220,000.00 |
| Fernando Padron | 1 | $ 28,500.00 |
| Franca Cravino | 1 | $ 55,000.00 |
| Games Plus Electronic C.A. | 1 | $ 100,000.00 |
| Healy Consultants (Hong Kong) Limited | 1 | $ 4,800.00 |
| Irene Vianello | 1 | $ 126,000.00 |
| Jeancenter Corporation S.A | 1 | $ 250,000.00 |
| Kam Pong Cheung | 1 | $ 100,000.00 |
| Marsicano Tafuri Emilio | 1 | $ 100,000.00 |
| Maruja Ayala de Morales | 1 | $ 100,000.00 |
| May's Zona Libre, S.A | 1 | $ 350,000.00 |
| Pablo Fernandes | 1 | $ 90,000.00 |
| Profit Finacial INC | 1 | $ 178,550.00 |
| Samuel Carciente Sananes | 1 | $ 100,000.00 |
| Tania Dos Santos | 1 | $ 100,000.00 |
| Tecnoser SRL | 1 | $ 200,000.00 |
| Venezolana de Control Intermodal, C.A. | 1 | $ 500,000.00 |
| Vincenzo Conte and Alessandra Conte | 1 | $ 60,000.00 |
| Virginland Technology Co. Limited | 1 | $ 40,000.00 |
| **TOTAL:** | **49** | **$ 8,171,817.00** |

GOVERNMENT EXHIBIT 705B

18 Cr. 224 (AJN)

# HYPOSWISS
## PRIVATE BANK

**Clarity Trade & Finance SA**
Current account USD 5182061.203
IBAN CH80 0853 0518 2061 0020 3

Hyposwiss Private Bank Ltd.
Stauffacherstrasse 41
CH-8004 Zurich
Phone +41 (0)44 214 31 11
Fax +41 (0)44 211 52 23
www.hyposwiss.ch
BIC SHHBCHZZ

Clarity Trade & Finance SA
Wächlenstrasse 5
8832 Wollerau

Your contact person:
Marchetti Luca
Direct +41 (0) 44 214 32 50
luca.marchetti@hyposwiss.ch

Zurich, June 26, 2012

## USD Account statement 01.01.2012 - 25.06.2012

| Date | Text | Debit | Credit | Value date | Balance |
|------|------|-------|--------|------------|---------|
| 01.01. | Balance carried forward | | | | 3,804,704.63 |
| 04.01. | Credit advice / Ref. no. 335408743<br>1/PDVSA PETROLEOSA<br>2/AV LIBERTADOR ED PDVSA T EST PISO<br>2/TESOURARIA APARTADO 169 A LA CAMP<br>3/VE/CARACAS 1060 VENEZUELA<br>1501958361<br>ZP 8021  CTY ZURICH DDA 000000000<br>11835873 CHPU 059242  DIR BAHNHO<br>FSTRASSESCHUETZENGASSE 4 DIR1 POSTF | | 6,704,753.09 | 30.12.11 | 10,509,457.72 |
| 05.01. | Debit advice / Ref. no. 335575588<br>Stratus Global Investments Ltd | 1,006,414.25 | | 05.01.12 | 9,503,043.47 |
| 09.01. | Debit advice / Ref. no. 336096647<br>Stratus Global Investments Ltd | 228,747.95 | | 09.01.12 | 9,274,295.52 |
| 16.01. | Debit advice / Ref. no. 337121029<br>Clarity Trade & Finance SA | 657,456.42 | | 16.01.12 | 8,616,839.10 |
| 18.01. | Debit advice / Ref. no. 337608857<br>Clarity Trade & Finance SA | 3,850,200.00 | | 18.01.12 | 4,766,639.10 |
| 24.01. | Debit advice / Ref. no. 338662584<br>A+R CAPITAL PARTNERS LLC<br>SOLE OWNER: ALI SADR<br>7117 NATELLI WOODS LANE<br>BETHESDA MD 20817 USA<br>Cost: USD 20.00 | 1,000,020.00 | | 24.01.12 | 3,766,619.10 |
| 01.02. | Debit advice / Ref. no. 340660144<br>FIDELITY NATIONAL TITLE COMPANY<br>8050 N.PALM AVENUE, SUITE 110<br>FRESNO, CA 93711<br>Cost: USD 20.00 | 2,226,020.00 | | 01.02.12 | 1,540,599.10 |
| 02.02. | Debit advice / Ref. no. 340865894<br>Stratus Global Investments Ltd | 312,252.80 | | 02.02.12 | 1,228,346.30 |
| 03.02. | Debit advice / Ref. no. 341091335<br>Stratus Global Investments Ltd | 45,020.00 | | 03.02.12 | 1,183,326.30 |

GOVERNMENT
EXHIBIT
2284D
18 Cr. 224 (AJN)



**HYPOSWISS**
**P R I V A T E   B A N K**

**Clarity Trade & Finance SA**
Current account USD 5182061.203
IBAN CH80 0853 0518 2061 0020 3

| Date | Text | Debit | Credit | Value date | Balance |
|---|---|---|---|---|---|
| 06.02. | Debit advice / Ref. no. 341397968<br>Stratus Global Investments Ltd | 45,020.00 | | 06.02.12 | 1,138,306.30 |
| 07.02. | Debit Forex Spot USD/CHF 0.904352 on February 7, 2012<br>CHF 46,377.45<br>Exchange rate: 1.105764 (CHF/USD) | 51,282.52 | | 09.02.12 | 1,087,023.78 |
| 07.02. | Debit advice / Ref. no. 341555765<br>Stratus Global Investments Ltd | 25,020.00 | | 07.02.12 | 1,062,003.78 |
| 09.02. | Debit Forex Spot USD/CHF 0.900946 on February 9, 2012<br>CHF 7,376.75<br>Exchange rate: 1.109945 (CHF/USD) | 8,187.78 | | 13.02.12 | 1,053,816.00 |
| 13.02. | Debit advice / Ref. no. 342310384<br>Stratus Global Investments Ltd | 45,020.00 | | 13.02.12 | 1,008,796.00 |
| 28.02. | Debit Forex Spot EUR/USD 1.345500 on February 28,<br>2012<br>EUR 250,000.00<br>Exchange rate: 1.3455 (EUR/USD) | 336,375.00 | | 28.02.12 | 672,421.00 |
| 28.02. | Debit advice / Ref. no. 344773308<br>Stratus Global Investments Ltd | 142,000.00 | | 28.02.12 | 530,421.00 |
| 01.03. | Debit advice / Ref. no. 345434097<br>Stratus Global Investments Ltd | 47,957.14 | | 01.03.12 | 482,463.86 |
| 05.03. | Debit advice / Ref. no. 346025962<br>Stratus Global Investments Ltd | 90,471.33 | | 05.03.12 | 391,992.53 |
| 06.03. | Incoming Payment / Ref. no. 346230844<br>A R CAPITAL PARTNERS LLC<br>7117 NATELLI WOODS LN<br>BETHESDA MD 20817-3927<br>BETHESDA<br>Information: /RFB/BI11176720650002 | | 999,980.00 | 06.03.12 | 1,391,972.53 |
| 07.03. | Debit advice / Ref. no. 346385767<br>Stratus Global Investments Ltd | 101,431.00 | | 07.03.12 | 1,290,541.53 |
| 07.03. | Debit advice / Ref. no. 346408745<br>Stratus Global Investments Ltd | 520.00 | | 07.03.12 | 1,290,021.53 |
| 07.03. | Debit Forex Spot USD/CHF 0.906624 on March 7, 2012<br>CHF 285.00<br>Exchange rate: 1.102993 (CHF/USD) | 314.35 | | 09.03.12 | 1,289,707.18 |
| 21.03. | Debit Forex Spot USD/CHF 0.896699 on March 21, 2012<br>CHF 27,379.40<br>Exchange rate: 1.115201 (CHF/USD) | 30,533.55 | | 23.03.12 | 1,259,173.63 |
| 23.03. | Debit advice  / Ref. no. 348778399<br>Yasemin Cetinel<br>Valikonagi Cad. Prof. Dr. Muefide<br>Kueley Sok. Camlibel Apt 51/3<br>Nisantasi / Istanbul TURKIYE<br>Amount: TRY 2,500.00<br>Cost: TRY 40.00<br>Exchange rate: 0.565271 (TRY/USD) | 1,435.79 | | 23.03.12 | 1,257,737.84 |


**HYPOSWISS**
P R I V A T E   B A N K

**Clarity Trade & Finance SA**
Current account USD 5182061.203
IBAN CH80 0853 0518 2061 0020 3

| Date | Text | Debit | Credit | Value date | Balance |
|------|------|-------|--------|-----------|---------|
| 02.04. | Debit Forex Spot USD/CHF 0.893589 on April 2, 2012<br>CHF 105.31<br>Exchange rate: 1.119083 (CHF/USD) | 117.85 | | 04.04.12 | 1,257,619.99 |
| 02.04. | Debit Forex Spot USD/CHF 0.893441 on April 2, 2012<br>CHF 8.47<br>Exchange rate: 1.119269 (CHF/USD) | 9.48 | | 02.04.12 | 1,257,610.51 |
| 11.04. | Debit advice / Ref. no. 352398458<br>Stratus Global Investments Ltd | 39,621.00 | | 11.04.12 | 1,217,989.51 |
| 11.04. | Debit advice  / Ref. no. 352410809<br>Malibu Escrow Corp.<br>22241 Pacific Coast Highway<br>Malibu, CA 90265<br>Cost: USD 20.00 | 920,020.00 | | 11.04.12 | 297,969.51 |
| 12.04. | Debit Forex Spot USD/CHF 0.903414 on April 12, 2012<br>CHF 6,463.55<br>Exchange rate: 1.106912 (CHF/USD) | 7,154.58 | | 12.04.12 | 290,814.93 |
| 13.04. | Credit advice / Ref. no. 352735783<br>Clarity Trade & Finance SA | | 209,205.07 | 13.04.12 | 500,020.00 |
| 13.04. | Debit advice / Ref. no. 352760348<br>Stratus Global Investments Ltd | 500,020.00 | | 13.04.12 | 0.00 |
| 19.04. | Debit advice / Ref. no. 353758782<br>YASEMIN CETINEL<br>Valikonagi Cad.Prof.Dr. Muefide<br>Kueley Sok., Camlibel Apt 51/3<br>Nisantasi/Istanbul/Turkuye<br>Amount: TRY 2,500.00<br>Cost: TRY 40.00<br>Exchange rate: 0.567372 (TRY/USD) | 1,441.12 | | 19.04.12 | -1,441.12 |
| 20.04. | Credit advice / Ref. no. 353845677<br>Clarity Trade & Finance SA | | 1,441.12 | 19.04.12 | 0.00 |
| 27.04. | Credit advice / Ref. no. 355619871<br>Clarity Trade & Finance SA | | 2,000,000.00 | 27.04.12 | 2,000,000.00 |
| 30.04. | Debit advice  / Ref. no. 356117327<br>Sapene LLC<br>1134 Alta Loma rd 303<br>W. Hollywood CA 90069<br>Cost: USD 20.00 | 1,089,020.00 | | 30.04.12 | 910,980.00 |
| 07.05. | Debit advice / Ref. no. 357428326<br>Stratus Global Investments Ltd | 500,000.00 | | 07.05.12 | 410,980.00 |
| 07.05. | Debit Forex Spot USD/CHF 0.912450 on May 7, 2012<br>CHF 13,675.22<br>Exchange rate: 1.095950 (CHF/USD) | 14,987.36 | | 07.05.12 | 395,992.64 |
| 07.05. | Debit Forex Spot EUR/USD 1.323153 on May 7, 2012<br>EUR 1,760.00<br>Exchange rate: 1.323153 (EUR/USD) | 2,328.75 | | 07.05.12 | 393,663.89 |
| 09.05. | Debit Forex Spot USD/CHF 0.915709 on May 9, 2012<br>CHF 3,941.55<br>Exchange rate: 1.092050 (CHF/USD) | 4,304.37 | | 09.05.12 | 389,359.52 |

*[handwritten annotation: "Bon to P. Sadr own transaction ✓"]*



# HYPOSWISS
## P R I V A T E   B A N K

**Clarity Trade & Finance SA**
Current account USD 5182061.203
IBAN CH80 0853 0518 2061 0020 3

| Date | Text | Debit | Credit | Value date | Balance |
|------|------|-------|--------|-----------|---------|
| 10.05. | Debit Forex Spot EUR/USD 1.310825 on May 10, 2012<br>EUR 1,107.00<br>Exchange rate: 1.310825 (EUR/USD) | 1,451.08 | | 10.05.12 | 387,908.44 |
| 11.05. | Debit advice  / Ref. no.  358142982<br>Damon Chung<br>Cost: USD 20.00 | 6,020.00 | | 11.05.12 | 381,888.44 |
| 21.05. | Debit advice  / Ref. no.  359196048<br>A + R Capital Partners, LLC<br>7117 Natelli Woods Lane<br>Bethesda, MD 20817 USA<br>Cost: USD 20.00 | 64,320.00 | | 21.05.12 | 317,568.44 |
| 01.06. | Debit Forex Spot EUR/USD 1.239065 on June 1, 2012<br>EUR 35,000.00<br>Exchange rate: 1.239065 (EUR/USD) | 43,367.28 | | 01.06.12 | 274,201.16 |
| 08.06. | Debit Forex Spot USD/CHF 0.958500 on June 8, 2012<br>CHF 26,929.05<br>Exchange rate: 1.043297 (CHF/USD) | 28,094.99 | | 08.06.12 | 246,106.17 |
| 12.06. | Debit Forex Spot USD/CHF 0.949333 on June 12, 2012<br>CHF 5,952.35<br>Exchange rate: 1.053371 (CHF/USD) | 6,270.03 | | 12.06.12 | 239,836.14 |
| 18.06. | Debit Forex Spot USD/CHF 0.941828 on June 18, 2012<br>CHF 196.00<br>Exchange rate: 1.061765 (CHF/USD) | 208.11 | | 18.06.12 | 239,628.03 |
| | Volume of transactions | 13,480,455.88 | 9,915,379.28 | | |
| **25.06.** | **Balance** | | | | **239,628.03** |

Please check this statement carefully. Should you find any discrepancies, please contact us within 30 days.

**Payment to Management 1**

| Date | From | Amount | Description |
|---|---|---|---|
| 10.04.2011 | Stratus Int. | USD305.885,- | Annual salary |
| 22.08.2011 | SG | USD36.611,- | Tuition fee |
| 30.09.2011 | SG | USD172.000,- | Compensation/Salary+Bonus |
| 21.11.2011 | SG | USD35.901,- | Salaries Sept/Oct11 |
| 09.01.2012 | SG | USD24.000,- | Salaries Nov/Dec11 |
| 18.04.2012 | SG | USD36.000,- | Salaries Jan/Feb/Mar12 |
| 13.06.2012 | SG | USD24.000,- | Salaries Apr/May12 |
| 25.09.2012 | SG | USD36.000,- | Salaries Jun/Jul/Aug12 |
| 25.12.2012 | Ali Sadr | CAD65.779,38 | Final Clearance for Venz project |

**Payment to Bahram Karimi**

| 21.05.2013 | SG | TRY15.000,- | Salaries Mar/Apr13 Akbank |
|---|---|---|---|
| 13.08.2013 | Straturk | USD11.685,28 | Salaries May/Jun/Jul13 Akbank |
| 27.11.2013 | Straturk | USD25.000,- | Advance payment |
| 31.01.2014 | Straturk | TRY50.000 | Remaining payment for clearance the salary and partial bonuses till end of Dec13 |
| 14.05.2014 | Straturk | USD32.000 | Salaries Jan/Feb/Mar/Apr14 |
| 14.08.2014 | Straturk | TRY34.382,40 | Salaries May/Jun14 USD16K |
| 21.10.2014 | Straturk | TRY71.974,40 | Salaries Jul/Aug/Sept/Oct USD32K |

**Payment to Ekrem Cinar**

| Date | From | Amount | Description |
|---|---|---|---|
| 05.03.2013 | SG | TRY75.717,60 | Salaries Dec12, Jan,Feb13 USD42K |
| 21.05.2013 | SG | USD28.000 | Salaries Mar,Apr13 |
| 05.06.2013 | Straturk | USD10.000 | Monthly advance |
| 08.07.2013 | Ali Sadr-S | USD10.000 | Salary Jun13 |
| 15.08.2013 | Straturk | USD10.000 | Salary Jul13 |
| 19.09.2013 | Ali Sadr-S | USD10.000 | Salary Aug13 |
| 18.10.2013 | Ali Sadr-S | USD10.000 | Salary Sept13 |
| 13.12.2013 | Straturk | USD30.000 | Salaries Oct-Nov-Dec13 |
| 07.03.2014 | Straturk | USD20.000 | Salaries Jan-Feb14 |
| 05.05.2014 | Straturk | USD20.000 | Salaries Mar-Apr14 |
| 09.05.2014 | Straturk | USD45.000 | Salary Compensation and performance bonus |
| 15.07.2014 | Straturk | TRY21.000 | Last payment USD10K |

**Payment to Mustafa Cetinel**

| Date | From | Amount | Description |
|---|---|---|---|
| 05.06.2013 | Straturk | USD10.000 | Monthly advance |
| 05.06.2013 | Straturk | USD29.500 | Close of Venezuela |
| 08.07.2013 | Ali Sadr-S | USD10.000 | Salary Jun13 |
| 15.08.2013 | Straturk | USD10.000 | Salary Jul13 |
| 19.09.2013 | Ali Sadr-S | USD10.000 | Salary Aug13 |
| 18.10.2013 | Ali Sadr-S | USD10.000 | Salary Sept13 |
| 13.12.2013 | Straturk | USD30.000 | Salaries Oct-Nov-Dec13 |
| 07.03.2014 | Straturk | USD20.000 | Salaries Jan-Feb14 |
| 05.05.2014 | Straturk | USD20.000 | Salaries Mar-Apr14 |
| 14.07.2014 | Brittstone | USD20.000 | Salaries May-Jun14 |
| 29.08.2014 | Ali Sadr-S | USD20.000 | Salaries Jul-Aug14 |
| 28.11.2014 | Ali Sadr-S | USD30.000 | Salaries Sept-Oct-Nov14 |

**Payment to Mohammad Hajigolam**

| Date | From | Amount | Description |
|---|---|---|---|
| 09.10.2013 | Straturk | USD12.000 | Salaries Jul,Aug,Sept13 |
| 11.12.2013 | Straturk | USD8.000 | Salaries Oct,Nov13 |
| 07.03.2014 | Straturk | USD8.000 | Salaries Dec13,Jan14 |
| 09.05.2014 | Straturk | USD8.000 | Salaries Feb,Mar14 |
| 11.08.2014 | Brittstone | USD12.747.82 | Salaries Apr,May,Jun14 |
| 08.09.2014 | Brittstone | USD8.000 | Salaries Jul,Aug14 |

**Payment to Tekyen - Semih Arslan**

| Date | From | Amount | Description |
|---|---|---|---|
| 05.03.2013 | SG | TRY122.050,05 | IPC9-10 For the total of USD66.700,27 |
| 08.08.2013 | SG | USD35.353,46 | IPC11 |
| 24.09.2013 | SG | USD32.000 | IPC12-1st installment |
| 30.09.2013 | SG | USD31.550,64 | IPC12-2nd installment |
| 12.12.2013 | Straturk | USD56.254 | IPC13 |
| 09.05.2014 | Straturk | USD50.000 | Final IPC-1st installment |
| 13.08.2014 | Straturk | TRY125.349,60 | Final IPC-2nd and last installment USD58K |

GOVERNMENT EXHIBIT 2304A

18 Cr. 224 (AJN)

| From: | Lake, Stephanie (USANYS) |
|---|---|
| To: | Weingarten, Reid; Heberlig, Brian; Silverman, Nicholas |
| Cc: | Krouse, Michael (USANYS); Kim, Jane (USANYS) 4; Lynch, Garrett (USANYS) [Contractor]; Milione, Shawn (USANYS) [Contractor] |
| Subject: | U.S. v. Sadr |
| Date: | Saturday, March 07, 2020 4:04:18 PM |
| Attachments: | GX 2284D.pdf |
| | 3508-008.pdf |
| | GX 411.pdf |
| | GX 456.pdf |
| | GX 495A 2280 Statements.pdf |
| | GX 495B 9288 Statements.pdf |
| | GX 704_Redacted.pdf |
| | GX 705A.pdf |
| | GX 705B.pdf |
| | GX 2304A (rev"d 2020.3.7).pdf |
| | 3504-10.pdf |
| | 3505-06.pdf |
| | 3513-02.pdf |
| | 3513-03.pdf |

Counsel,

Mr. Dubowitz is still very ill. As a result, we do not intend to call him as a witness in our case-in-chief. It's possible that, depending on the defense case, we will call him as a rebuttal witness.

In addition, we've attached the following documents:

- Updated GX 2284D – there were formatting problems with our version. We think the attached corrects them.

- 3508-08 – 3500 from today

- GX 411 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.

- GX 456 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.

- GX 495A & B – we intend to offer these on Monday (likely in redacted form), although think a stipulation that the defendant had bank accounts at HSBC from January 2010 through October 2013 might be simpler. Let us know how you prefer to proceed.

- GX 704 – this is the modified version of the travel chart. Please confirm whether you have any remaining concerns.

- GX 705A & B – these are summary charts reflecting the information in GX 2090A. Please confirm whether you have any objections.

- Updated GX 2304A – we enlarged some of the cells, as the formatting of the PDFd excel file was cutting off some of the data. The content is the same.

- 3504-10 – Peri 3500, which was provided in hard copy yesterday morning.

- 3505-06 – Blair 3500, which was provided in hard copy yesterday morning.

- 3513-02 – Paralegal 3500 for summary chart (you may already have this)

- 3513-03 – Paralegal 3500 for summary chart (you may already have this)

We are still working on one additional summary chart, which we expect to provide later today.

Stephanie Lake

Assistant United States Attorney

Southern District of New York

One Saint Andrew's Plaza

New York, NY 10007

Tel: (212) 637-1066

# EXHIBIT 28

| | |
|---|---|
| **From:** | Krouse, Michael (USANYS) |
| **To:** | Crowley, Shawn (USANYS); Bove, Emil (USANYS) |
| **Cc:** | Lake, Stephanie (USANYS); Kim, Jane (USANYS) 4 |
| **Subject:** | Draft |
| **Date:** | Sunday, March 08, 2020 9:49:51 PM |
| **Attachments:** | 2020.03.08 Letter to Nathan re GX 411 (2).docx |

Not sure Stephanie sent this to you.

**From:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 9:31 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse, Michael (USANYS)
<MKrouse@usa.doj.gov>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS)
[Contractor] <GLynch@usa.doj.gov>
**Subject:** RE: Proofing and then I'll file these objections

Here's a shitty draft.

**From:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Sent:** Sunday, March 08, 2020 9:15 PM
**To:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett <LynchG@dany.nyc.gov>;
Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor]
<GLynch@usa.doj.gov>
**Subject:** Proofing and then I'll file these objections

In 10 minutes unless anyone has objections.

Jane Kim
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Phone:  (212) 637-2038
Email:  jane.kim@usdoj.gov

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

  **Re:**   *United States* **v.** *Ali Sadr Hashemi Nejad*, 18 Cr. 224 (AJN)

Dear Judge Nathan:

  The Court writes in response to the Court's order from 9:00 this evening. The Government apologizes for the lack of clarity in its prior email.

  The Government found GX 411 in its emails on Friday night, looked at the Commerzbank subpoena production, and did not find it. The members of the team discussed the document the next morning and confirmed that it likely had not been produced to the defense previously. The Government had a paralegal stamp it later in the day, and produced it to the defense. The Government did not specifically identify that GX 411 had not previously been produced in discovery. Defense counsel responded shortly after the Government provided GX 411 and asked how long the Government had GX 411, and why they had not previously received it. The Government responded and explained that we had been aware of the letter since mid-January, and had mistakenly believed that it was part of the discovery in the case.

  When SAUSA Lynch sent what is now GX 411 to the AUSAs in the case in January, the AUSAs assumed that this was a document that came from this case (specifically, the subpoena to Commerzbank), and that it was therefore a document that had been previously produced to the

The Honorable Alison J. Nathan, U.S.D.J.
March 8, 2020
Page 2

defense as part of discovery.  This was an incorrect assumption. The document in fact was obtained
in an unrelated DANY investigation and was not provided to this Office before January 2020.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
Jane Kim / Michael Krouse / Stephanie Lake
   Assistant United States Attorneys
Garrett Lynch
   Special Assistant United States Attorney
(212) 637-2038 / 2279 / 1066

cc: Defense Counsel (by ECF)

# EXHIBIT 29

| | |
|---|---|
| **From:** | Kim, Jane (USANYS) 4 |
| **To:** | Krouse, Michael (USANYS); Crowley, Shawn (USANYS); Bove, Emil (USANYS) |
| **Cc:** | Lake, Stephanie (USANYS) |
| **Subject:** | RE: Draft |
| **Date:** | Sunday, March 08, 2020 9:55:55 PM |

And really sorry for the quick turnaround – the order said we had to file by 10.

---

**From:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 9:50 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Cc:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Subject:** Draft

Not sure Stephanie sent this to you.

---

**From:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 9:31 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** RE: Proofing and then I'll file these objections

Here's a shitty draft.

---

**From:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Sent:** Sunday, March 08, 2020 9:15 PM
**To:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** Proofing and then I'll file these objections

In 10 minutes unless anyone has objections.

Jane Kim
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Phone:  (212) 637-2038
Email:  jane.kim@usdoj.gov

# EXHIBIT 30

Company Name: US GOVT
User name: harry  calventas
Structure name: Default
Position: 987298206-00001

Report Name: Call detail - wireless number detail

Date from: Feb-20  Date to: Mar-20

Call detail - local calls

| Date | Time | In/Out number | Rate | Usage type | Account authorization code | Origination | | Destination | | International call type | Duration | Airtime charges | Long distance/Other charges | Total call detail |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3/6/2020 | 8:41 AM | 3479201412 | Peak | M2MAllow | | New York | NY | Incoming | CL | N/A | 1 | 0 | 0 | 0 |
| 3/7/2020 | 9:23 AM | 3479201412 | Off-Peak | N&W | | Brooklyn | NY | Incoming | CL | N/A | 26 | 0 | 0 | 0 |
| 3/8/2020 | 9:49 AM | 3479201412 | Off-Peak | N&W | | Brooklyn | NY | Incoming | CL | N/A | 6 | 0 | 0 | 0 |
| 3/8/2020 | 8:44 AM | 6468773221 | Off-Peak | M2MAllow | | New York | NY | Nwyrcyzn01 | NY | N/A | 3 | 0 | 0 | 0 |
| 3/8/2020 | 9:33 AM | 3478801399 | Off-Peak | N&W | | New York | NY | Incoming | CL | N/A | 1 | 0 | 0 | 0 |
| 3/8/2020 | 9:52 AM | 3478801399 | Off-Peak | N&W | | New York | NY | Incoming | CL | N/A | 1 | 0 | 0 | 0 |
| 3/9/2020 | 8:08 AM | 3478801399 | Peak | M2MAllow | | New York | NY | Incoming | CL | N/A | 1 | 0 | 0 | 0 |
| 3/9/2020 | 8:29 AM | 2128050278 | Peak | PlanAllow | | New York | NY | New York | NY | N/A | 1 | 0 | 0 | 0 |
| 3/9/2020 | 8:36 AM | 9175964282 | Peak | M2MAllow | | New York | NY | Vm Deposit | CL | N/A | 1 | 0 | 0 | 0 |
| 3/9/2020 | 8:38 AM | 9175964282 | Peak | M2MAllow | | New York | NY | New York | NY | N/A | 1 | 0 | 0 | 0 |
| 3/9/2020 | 1:14 PM | 6463060300 | Peak | M2MAllow | | New York | NY | Nwyrcyzn01 | NY | N/A | 1 | 0 | 0 | 0 |
| 3/9/2020 | 4:43 PM | 2027464485 | Peak | M2MAllow | | New York | NY | Washington | DC | N/A | 4 | 0 | 0 | 0 |
| 3/9/2020 | 5:49 PM | 3479201412 | Peak | M2MAllow | | New York | NY | Nwyrcyzn05 | NY | N/A | 1 | 0 | 0 | 0 |
| 3/9/2020 | 5:50 PM | 3479201412 | Peak | M2MAllow | | New York | NY | Incoming | CL | N/A | 7 | 0 | 0 | 0 |
| 3/9/2020 | 6:17 PM | 9175964282 | Peak | M2MAllow | | New York | NY | New York | NY | N/A | 2 | 0 | 0 | 0 |
| 3/10/2020 | 3:12 PM | 9175964282 | Peak | M2MAllow | | New York | NY | Vm Deposit | CL | N/A | 1 | 0 | 0 | 0 |

Company Name: US GOVT
User name: harry  calventas
Structure name: Default
Position: 987298206-00001

Report Name: Call detail - wireless number detail

Call detail - roaming calls

| Date | Time | In/Out number | Rate | Usage type | Account authorization code | Origination | Destination | International call type | Duration | Airtime charges | Long distance/Other charges | Total call detail |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Roaming Calls Total | | | | | | | | | 0 | 0 | 0 | 0 |

# EXHIBIT 31

Company Name: US GOVT
User name: harry  calventas
Structure name: Default
Position: 987298206-00001

Report Name: Call detail - wireless number detail

Date from: Feb-20  Date to: Mar-20

Call detail - local calls

| Date | Time | In/Out number | Rate | Usage type | Account authorization code | Origination | | Destination | | International call type | Duration | Airtime charges | Long dista | Total call detail |
|------|------|---------------|------|------------|----------------------------|-------------|--|-------------|--|------------------------|----------|-----------------|------------|-------------------|
| 3/6/2020 | 10:29 AM | 5188522641 | Peak | M2MAllow | | New York | NY | Albany | NY | N/A | 4 | 0 | 0 | 0 |
| 3/6/2020 | 11:56 AM | 3475043360 | Peak | M2MAllow | | New York | NY | Nwyrcyzn05 | NY | N/A | 2 | 0 | 0 | 0 |
| 3/6/2020 | 11:58 AM | 3475043360 | Peak | M2MAllow | | New York | NY | Incoming | CL | N/A | 9 | 0 | 0 | 0 |
| 3/6/2020 | 1:29 PM | 6465294221 | Peak | M2MAllow | | New York | NY | Nwyrcyzn01 | NY | N/A | 2 | 0 | 0 | 0 |
| 3/6/2020 | 6:38 PM | 3019439078 | Peak | M2MAllow | | New York | NY | Incoming | CL | N/A | 1 | 0 | 0 | 0 |
| 3/7/2020 | 10:54 AM | 5712450226 | Off-Peak | M2MAllow | | Brooklyn | NY | Vm Deposit | CL | N/A | 1 | 0 | 0 | 0 |
| 3/7/2020 | 10:55 AM | 6157672100 | Off-Peak | M2MAllow | | Brooklyn | NY | Nashville | TN | N/A | 2 | 0 | 0 | 0 |
| 3/7/2020 | 10:56 AM | 5712450226 | Off-Peak | N&W | | Brooklyn | NY | Incoming | CL | N/A | 6 | 0 | 0 | 0 |
| 3/7/2020 | 10:08 PM | 3479201412 | Off-Peak | N&W | | Brooklyn | NY | Incoming | CL | N/A | 9 | 0 | 0 | 0 |
| 3/8/2020 | 9:27 PM | 3478801399 | Off-Peak | N&W | | Brooklyn | NY | Incoming | CL | N/A | 3 | 0 | 0 | 0 |
| 3/8/2020 | 9:35 PM | 3478801399 | Off-Peak | N&W | | Brooklyn | NY | Incoming | CL | N/A | 2 | 0 | 0 | 0 |
| 3/8/2020 | 9:53 PM | 3478801399 | Off-Peak | M2MAllow | | Brooklyn | NY | Nwyrcyzn04 | NY | N/A | 6 | 0 | 0 | 0 |
| 3/8/2020 | 10:04 PM | 3478801399 | Off-Peak | M2MAllow | | Brooklyn | NY | Nwyrcyzn04 | NY | N/A | 15 | 0 | 0 | 0 |
| 3/8/2020 | 10:19 PM | 3478801399 | Off-Peak | M2MAllow | | Brooklyn | NY | Nwyrcyzn04 | NY | N/A | 3 | 0 | 0 | 0 |
| 3/9/2020 | 8:16 AM | 3478801399 | Peak | M2MAllow | | Brooklyn | NY | Incoming | CL | N/A | 2 | 0 | 0 | 0 |
| 3/9/2020 | 10:54 AM | 2027464485 | Peak | M2MAllow | | New York | NY | Washington | DC | N/A | 4 | 0 | 0 | 0 |
| 3/9/2020 | 7:24 PM | 3472543679 | Peak | M2MAllow | | New York | NY | New York | NY | N/A | 1 | 0 | 0 | 0 |
| 3/9/2020 | 9:20 PM | 3472139637 | Off-Peak | M2MAllow | | New York | NY | Nwyrcyzn03 | NY | N/A | 8 | 0 | 0 | 0 |
| 3/9/2020 | 9:27 PM | 3478801399 | Off-Peak | M2MAllow | | New York | NY | Nwyrcyzn04 | NY | N/A | 2 | 0 | 0 | 0 |
| 3/9/2020 | 9:40 PM | 5188522641 | Off-Peak | M2MAllow | | New York | NY | Albany | NY | N/A | 1 | 0 | 0 | 0 |
| 3/10/2020 | 10:49 PM | 3478801399 | Off-Peak | M2MAllow | | New York | NY | Nwyrcyzn04 | NY | N/A | 3 | 0 | 0 | 0 |

Company Name: US GOVT
User name: harry  calventas
Structure name: Default
Position: 987298206-00001

Report Name: Call detail - wireless number detail

Call detail - roaming calls

| Date | Time | In/Out number | Rate | Usage type | Account authorization code | Origination | Destination | International call type | Duration | Airtime charges | Long dista | Total call detail |
|------|------|---------------|------|------------|----------------------------|-------------|-------------|------------------------|----------|-----------------|------------|-------------------|
| Roaming Calls Total | | | | | | | | | 0 | 0 | 0 | 0 |

# EXHIBIT 32

**From:**     Kim, Jane (USANYS) 4
**To:**       Crowley, Shawn (USANYS)
**Cc:**       Krouse, Michael (USANYS); Bove, Emil (USANYS)
**Subject:**  RE: Draft
**Date:**    Sunday, March 08, 2020 11:15:23 PM
**Attachments:** [279] Def resp re brady.pdf
               [279-1] Def resp re brady.pdf

Minus Stephanie (don't want to stress her out/make her feel more sick).

**From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 11:03 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Subject:** Re: Draft

Thanks guys. Can you forward along any reply? Thank you

On Mar 8, 2020, at 9:55 PM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:

And really sorry for the quick turnaround – the order said we had to file by 10.

**From:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 9:50 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Cc:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Subject:** Draft

Not sure Stephanie sent this to you.

**From:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 9:31 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** RE: Proofing and then I'll file these objections

Here's a shitty draft.

**From:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Sent:** Sunday, March 08, 2020 9:15 PM
**To:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** Proofing and then I'll file these objections

In 10 minutes unless anyone has objections.

Jane Kim
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Phone:  (212) 637-2038
Email:  jane.kim@usdoj.gov

Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

March 8, 2020

<u>By ECF</u>

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re: *United States v. Ali Sadr Hashemi Nejad*, Case No. 18-cr-224 (AJN)

Dear Judge Nathan:

We respectfully reply to the government's 10 p.m. letter regarding the belated production of GX 411. Dkt. No. 77. We also note that whereas the government apparently has access to documents that Commerzbank produced in response to a subpoena in some other matter, the government produced to defense exactly four documents from Commerzbank's subpoena return in this matter (including a blank envelope and a duplicate).

We attach the relevant correspondence between the parties that followed the first identification of GX 411 on Saturday March 7, 2020. We will be prepared to address the matter in Court tomorrow.

Respectfully submitted,

*/s/ Brian M. Heberlig*
Reid H. Weingarten
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
rweingarten@steptoe.com



The Honorable Alison J. Nathan
March 8, 2020
Page 2

Brian M. Heberlig (*Pro Hac Vice*)
Bruce C. Bishop (*Pro Hac Vice*)
David M. Fragale
Nicholas P. Silverman (*Pro Hac Vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 429-3000Bishop
Fax: (202) 429-3902
bheberlig@steptoe.com

*Counsel for Defendant Ali Sadr Hashemi Nejad*

cc:     Counsel of Record (via ECF)

# Exhibit A

| | |
|---|---|
| **From:** | Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov> |
| **Sent:** | Saturday, March 7, 2020 5:36 PM |
| **To:** | Heberlig, Brian; Lake, Stephanie (USANYS); Weingarten, Reid; Silverman, Nicholas |
| **Cc:** | Krouse, Michael (USANYS); Lynch, Garrett (USANYS) [Contractor]; Milione, Shawn (USANYS) [Contractor] |
| **Subject:** | RE: U.S. v. Sadr |

Brian,

We do not agree with your characterization of GX 430, 431, 432, or 411 as *Brady*.  These are all exhibits the Government has introduced or is seeking to introduce in our case.  Perhaps you can explain how it is you think GX 411 is helpful to your case.

In any event, we have been aware of the letter since mid-January. We thought it was part of the Commerzbank subpoena return that was produced in discovery.  We now understand that it came from an unrelated DANY investigation, and therefore was not in the Commerzbank subpoena return.

It is not clear to us how this document would have been relevant to the OFAC witness's testimony.

Jane

**From:** Heberlig, Brian <BHeberlig@steptoe.com>
**Sent:** Saturday, March 7, 2020 4:57 PM
**To:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** RE: U.S. v. Sadr

We request immediate disclosure of (1) where GX411 came from, (2) how long it has been in the government's possession, (3) why we are only receiving it today.  This is the second episode—along with GX430, GX431, and GX432—of the government producing fundamentally exculpatory documents mid-trial.  In this instance, the document was produced after the government's OFAC witness, who would have been subject to cross-examination on this document.  Provide this information by 6 pm or we will see the intervention of the Court.

**From:** Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>
**Sent:** Saturday, March 7, 2020 4:24 PM
**To:** Weingarten, Reid <RWeingarten@steptoe.com>; Heberlig, Brian <BHeberlig@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Counsel,

We attempted to send you a number of attachments, which will not go through without encryption. It looks like Steptoe's servers are blocking the encrypted email. Shawn will upload the files to the link he has been using. The descriptions are below.

Stephanie

---

**From:** Lake, Stephanie (USANYS)
**Sent:** Saturday, March 07, 2020 4:04 PM
**To:** Weingarten, Reid <RWeingarten@steptoe.com>; Heberlig, Brian <BHeberlig@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** U.S. v. Sadr

Counsel,

Mr. Dubowitz is still very ill. As a result, we do not intend to call him as a witness in our case-in-chief. It's possible that, depending on the defense case, we will call him as a rebuttal witness.

In addition, we've attached the following documents:

- Updated GX 2284D – there were formatting problems with our version. We think the attached corrects them.
- 3508-08 – 3500 from today
- GX 411 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.
- GX 456 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.
- GX 495A & B – we intend to offer these on Monday (likely in redacted form), although think a stipulation that the defendant had bank accounts at HSBC from January 2010 through October 2013 might be simpler. Let us know how you prefer to proceed.
- GX 704 – this is the modified version of the travel chart. Please confirm whether you have any remaining concerns.
- GX 705A & B – these are summary charts reflecting the information in GX 2090A. Please confirm whether you have any objections.
- Updated GX 2304A – we enlarged some of the cells, as the formatting of the PDFd excel file was cutting off some of the data. The content is the same.
- 3504-10 – Peri 3500, which was provided in hard copy yesterday morning.
- 3505-06 – Blair 3500, which was provided in hard copy yesterday morning.
- 3513-02 – Paralegal 3500 for summary chart (you may already have this)
- 3513-03 – Paralegal 3500 for summary chart (you may already have this)

We are still working on one additional summary chart, which we expect to provide later today.

Stephanie Lake
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
Tel: (212) 637-1066

# EXHIBIT 33

| | |
|---|---|
| **From:** | Krouse, Michael (USANYS) |
| **To:** | Crowley, Shawn (USANYS); Bove, Emil (USANYS) |
| **Cc:** | Kim, Jane (USANYS) 4; Lake, Stephanie (USANYS) |
| **Subject:** | Here is the reply |
| **Date:** | Sunday, March 08, 2020 11:19:08 PM |
| **Attachments:** | Defense reply.pdf |
| | Defense reply (attachment).pdf |

Michael Krouse

Assistant United States Attorney

Southern District of New York

One St. Andrew's Plaza

New York, NY 10007

(212) 637-2279

Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

March 8, 2020

<u>By ECF</u>

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

> Re:  *United States v. Ali Sadr Hashemi Nejad*, Case No. 18-cr-224 (AJN)

Dear Judge Nathan:

We respectfully reply to the government's 10 p.m. letter regarding the belated production of GX 411.  Dkt. No. 77.  We also note that whereas the government apparently has access to documents that Commerzbank produced in response to a subpoena in some other matter, the government produced to defense exactly four documents from Commerzbank's subpoena return in this matter (including a blank envelope and a duplicate).

We attach the relevant correspondence between the parties that followed the first identification of GX 411 on Saturday March 7, 2020.  We will be prepared to address the matter in Court tomorrow.

Respectfully submitted,

*/s/ Brian M. Heberlig_____*
Reid H. Weingarten
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
rweingarten@steptoe.com



The Honorable Alison J. Nathan
March 8, 2020
Page 2

Brian M. Heberlig (*Pro Hac Vice*)
Bruce C. Bishop (*Pro Hac Vice*)
David M. Fragale
Nicholas P. Silverman (*Pro Hac Vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 429-3000Bishop
Fax: (202) 429-3902
bheberlig@steptoe.com

*Counsel for Defendant Ali Sadr Hashemi Nejad*

cc:     Counsel of Record (via ECF)

# Exhibit A

| | |
|---|---|
| **From:** | Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov> |
| **Sent:** | Saturday, March 7, 2020 5:36 PM |
| **To:** | Heberlig, Brian; Lake, Stephanie (USANYS); Weingarten, Reid; Silverman, Nicholas |
| **Cc:** | Krouse, Michael (USANYS); Lynch, Garrett (USANYS) [Contractor]; Milione, Shawn (USANYS) [Contractor] |
| **Subject:** | RE: U.S. v. Sadr |

Brian,

We do not agree with your characterization of GX 430, 431, 432, or 411 as *Brady*. These are all exhibits the Government has introduced or is seeking to introduce in our case. Perhaps you can explain how it is you think GX 411 is helpful to your case.

In any event, we have been aware of the letter since mid-January. We thought it was part of the Commerzbank subpoena return that was produced in discovery. We now understand that it came from an unrelated DANY investigation, and therefore was not in the Commerzbank subpoena return.

It is not clear to us how this document would have been relevant to the OFAC witness's testimony.

Jane

**From:** Heberlig, Brian <BHeberlig@steptoe.com>
**Sent:** Saturday, March 7, 2020 4:57 PM
**To:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** RE: U.S. v. Sadr

We request immediate disclosure of (1) where GX411 came from, (2) how long it has been in the government's possession, (3) why we are only receiving it today. This is the second episode—along with GX430, GX431, and GX432—of the government producing fundamentally exculpatory documents mid-trial. In this instance, the document was produced after the government's OFAC witness, who would have been subject to cross-examination on this document. Provide this information by 6 pm or we will see the intervention of the Court.

**From:** Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>
**Sent:** Saturday, March 7, 2020 4:24 PM
**To:** Weingarten, Reid <RWeingarten@steptoe.com>; Heberlig, Brian <BHeberlig@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Counsel,

We attempted to send you a number of attachments, which will not go through without encryption. It looks like Steptoe's servers are blocking the encrypted email. Shawn will upload the files to the link he has been using.  The descriptions are below.

Stephanie

---

**From:** Lake, Stephanie (USANYS)
**Sent:** Saturday, March 07, 2020 4:04 PM
**To:** Weingarten, Reid <RWeingarten@steptoe.com>; Heberlig, Brian <BHeberlig@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** U.S. v. Sadr

Counsel,

Mr. Dubowitz is still very ill. As a result, we do not intend to call him as a witness in our case-in-chief.  It's possible that, depending on the defense case, we will call him as a rebuttal witness.

In addition, we've attached the following documents:

- Updated GX 2284D – there were formatting problems with our version. We think the attached corrects them.
- 3508-08 – 3500 from today
- GX 411 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.
- GX 456 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.
- GX 495A & B – we intend to offer these on Monday (likely in redacted form), although think a stipulation that the defendant had bank accounts at HSBC from January 2010 through October 2013 might be simpler. Let us know how you prefer to proceed.
- GX 704 – this is the modified version of the travel chart. Please confirm whether you have any remaining concerns.
- GX 705A & B – these are summary charts reflecting the information in GX 2090A. Please confirm whether you have any objections.
- Updated GX 2304A – we enlarged some of the cells, as the formatting of the PDFd excel file was cutting off some of the data. The content is the same.
- 3504-10 – Peri 3500, which was provided in hard copy yesterday morning.
- 3505-06 – Blair 3500, which was provided in hard copy yesterday morning.
- 3513-02 – Paralegal 3500 for summary chart (you may already have this)
- 3513-03 – Paralegal 3500 for summary chart (you may already have this)

We are still working on one additional summary chart, which we expect to provide later today.

Stephanie Lake
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
Tel: (212) 637-1066

# EXHIBIT 34

| | |
|---|---|
| **From:** | Kim, Jane (USANYS) 4 |
| **To:** | Bove, Emil (USANYS); Crowley, Shawn (USANYS) |
| **Cc:** | Krouse, Michael (USANYS) |
| **Subject:** | RE: Draft |
| **Date:** | Sunday, March 08, 2020 11:30:19 PM |
| **Attachments:** | [280] Def resp re brady.pdf |
| | [280-1] Def resp re brady.pdf |

Their second response.  Well, I'm glad Stephanie asked me to send the emails so this doesn't stress her more.

---

**From:** Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 11:28 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Cc:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Subject:** Re: Draft

We're going to smash these guys.

On Mar 8, 2020, at 11:23 PM, Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov> wrote:

> Thank you. We'll leave you guys alone tonight unless you need us. Hang in there—we'll get through this just fine. We're excited for your summations
>
>
> On Mar 8, 2020, at 11:15 PM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:
>
>
> Minus Stephanie (don't want to stress her out/make her feel more sick).
>
>
> ---
>
> **From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
> **Sent:** Sunday, March 8, 2020 11:03 PM
> **To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
> **Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
> **Subject:** Re: Draft
>
> Thanks guys. Can you forward along any reply? Thank you
>
>
> On Mar 8, 2020, at 9:55 PM, Kim, Jane (USANYS) 4

<JKim4@usa.doj.gov> wrote:

And really sorry for the quick turnaround – the order said we had to file by 10.

**From:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 9:50 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>;
Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Cc:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Kim,
Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Subject:** Draft

Not sure Stephanie sent this to you.

**From:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 9:31 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse,
Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett
<LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS)
[Contractor] <GLynch@usa.doj.gov>
**Subject:** RE: Proofing and then I'll file these objections

Here's a shitty draft.

**From:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Sent:** Sunday, March 08, 2020 9:15 PM
**To:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>;
Lynch, Garrett <LynchG@dany.nyc.gov>; Lake, Stephanie
(USANYS) <SLake@usa.doj.gov>; Lynch, Garrett (USANYS)
[Contractor] <GLynch@usa.doj.gov>
**Subject:** Proofing and then I'll file these objections

In 10 minutes unless anyone has objections.

Jane Kim
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Phone:  (212) 637-2038
Email:  jane.kim@usdoj.gov

<[279] Def resp re brady.pdf>
<[279-1] Def resp re brady.pdf>

Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

March 8, 2020

<u>By ECF</u>

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

 Re: *United States v. Ali Sadr Hashemi Nejad*, Case No. 18-cr-224 (AJN)

Dear Judge Nathan:

 We respectfully submit the attached Exhibit B to our letter response to the government's explanation for its Saturday afternoon production of GX 411. Exhibit B is a more complete version of Exhibit A.

   Respectfully submitted,

   */s/ Brian M. Heberlig*
   Reid H. Weingarten
   STEPTOE & JOHNSON LLP
   1114 Avenue of the Americas
   New York, NY 10036
   Tel: (212) 506-3900
   Fax: (212) 506-3950
   rweingarten@steptoe.com

   Brian M. Heberlig (*Pro Hac Vice*)
   Bruce C. Bishop (*Pro Hac Vice*)
   David M. Fragale
   Nicholas P. Silverman (*Pro Hac Vice*)
   STEPTOE & JOHNSON LLP
   1330 Connecticut Avenue, N.W.
   Washington, DC 20036
   Tel: (202) 429-3000Bishop
   Fax: (202) 429-3902



The Honorable Alison J. Nathan
March 8, 2020
Page 2

bheberlig@steptoe.com

*Counsel for Defendant Ali Sadr Hashemi Nejad*

cc:      Counsel of Record (via ECF)

# Exhibit B

| From: | Silverman, Nicholas |
|---|---|
| Sent: | Sunday, March 8, 2020 1:36 PM |
| To: | Kim, Jane (USANYS) 4; Heberlig, Brian; Lake, Stephanie (USANYS); Weingarten, Reid |
| Cc: | Krouse, Michael (USANYS); Lynch, Garrett (USANYS) [Contractor]; Milione, Shawn (USANYS) [Contractor] |
| Subject: | RE: U.S. v. Sadr |
| Attachments: | 092-1 2019-02-25 Pretrial Mem 6 - Exhibit A-c2.pdf |

Counsel:

(1) Are there any other documents in the government's possession that have not been produced?

(2) Is there any other *Brady* information in the government's possession that has not been produced?

(3) Is there any information in the government's possession, custody, or control showing OFAC's response to this letter?  This is subject to production under *Giglio* and/or *Napue* because it would at a minimum undermine Ted Kim's testimony (A) that to his knowledge, nothing relating to this matter was investigated by OFAC, (B) that "it matters a lot" if Iranian involvement in a transaction is concealed, and (C) that hiding "Iranian connections … would make it very difficult for me to do my job."

(4) As we have said, our requests for *Brady* and *Giglio* are continuing in nature.  I have attached our September 2018 letter in case you want a non-exclusive list of examples of the type of information covered by *Brady* and *Giglio* in this case.  Obviously, any information contrary to government witness testimony would be another example.

(5) Regarding the authenticity of GX 411, we stipulate to authenticity.

(6) GX 704 – Please let us know what modifications have been made.

(7) GX 495A, 495B – What is the relevance of Sadr having bank accounts at HSBX from January 2010 through October 2013?

(8) GX 456 – We are reviewing and anticipate stipulating to authenticity.

(9) GX 705A & 705B – We are reviewing.

(10)        GX 2304A – Subject to our continuing objection (which we understand to have been overruled), no further objection.

**Nicholas P. Silverman**
Associate
nsilverman@steptoe.com

## Steptoe

| +1 202 429 8096 direct | Steptoe & Johnson LLP |
|---|---|
| +1 617 595 6559 mobile | 1330 Connecticut Avenue, NW |
| +1 202 429 3902 fax | Washington, DC 20036 |
| | www.steptoe.com |

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>
**Sent:** Sunday, March 8, 2020 9:41 AM

**To:** Heberlig, Brian <BHeberlig@steptoe.com>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Brian, Reid, and Nick:

As I explained in my last email, when we first saw the document in mid-January, we thought it had been part of Commerzbank's subpoena return and had been produced.  We didn't think it would be necessary to use given our other evidence about that payment.  Given some of the arguments you made on Friday, we decided that we did want to introduce it at trial.

Again, we don't see this document as exculpatory, as we would like to offer it tomorrow.  Can you please let us know your position on an authenticity stipulation for this document and the other bank records we sent yesterday, as well as whether you have any issues with the summary charts?

Thanks,
Jane

---

**From:** Heberlig, Brian <BHeberlig@steptoe.com>
**Sent:** Saturday, March 7, 2020 10:09 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** RE: U.S. v. Sadr

If you have been aware of the letter since mid-January, why wasn't it on the government's pretrial exhibit list instead of appearing the day before the government rests its case?  The exculpatory nature of the exhibit is self-evident.

---

**From:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>
**Sent:** Saturday, March 7, 2020 5:36 PM
**To:** Heberlig, Brian <BHeberlig@steptoe.com>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Brian,

We do not agree with your characterization of GX 430, 431, 432, or 411 as *Brady*.  These are all exhibits the Government has introduced or is seeking to introduce in our case.  Perhaps you can explain how it is you think GX 411 is helpful to your case.

In any event, we have been aware of the letter since mid-January. We thought it was part of the Commerzbank subpoena return that was produced in discovery.  We now understand that it came from an unrelated DANY investigation, and therefore was not in the Commerzbank subpoena return.

It is not clear to us how this document would have been relevant to the OFAC witness's testimony.

2

Jane

---

**From:** Heberlig, Brian <BHeberlig@steptoe.com>
**Sent:** Saturday, March 7, 2020 4:57 PM
**To:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** RE: U.S. v. Sadr

We request immediate disclosure of (1) where GX411 came from, (2) how long it has been in the government's possession, (3) why we are only receiving it today. This is the second episode—along with GX430, GX431, and GX432—of the government producing fundamentally exculpatory documents mid-trial. In this instance, the document was produced after the government's OFAC witness, who would have been subject to cross-examination on this document. Provide this information by 6 pm or we will see the intervention of the Court.

---

**From:** Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>
**Sent:** Saturday, March 7, 2020 4:24 PM
**To:** Weingarten, Reid <RWeingarten@steptoe.com>; Heberlig, Brian <BHeberlig@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Counsel,

We attempted to send you a number of attachments, which will not go through without encryption. It looks like Steptoe's servers are blocking the encrypted email. Shawn will upload the files to the link he has been using. The descriptions are below.

Stephanie

---

**From:** Lake, Stephanie (USANYS)
**Sent:** Saturday, March 07, 2020 4:04 PM
**To:** Weingarten, Reid <RWeingarten@steptoe.com>; Heberlig, Brian <BHeberlig@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** U.S. v. Sadr

Counsel,

Mr. Dubowitz is still very ill. As a result, we do not intend to call him as a witness in our case-in-chief. It's possible that, depending on the defense case, we will call him as a rebuttal witness.

In addition, we've attached the following documents:

- Updated GX 2284D – there were formatting problems with our version. We think the attached corrects them.
- 3508-08 – 3500 from today
- GX 411 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.
- GX 456 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.
- GX 495A & B – we intend to offer these on Monday (likely in redacted form), although think a stipulation that the defendant had bank accounts at HSBC from January 2010 through October 2013 might be simpler. Let us know how you prefer to proceed.
- GX 704 – this is the modified version of the travel chart. Please confirm whether you have any remaining concerns.
- GX 705A & B – these are summary charts reflecting the information in GX 2090A. Please confirm whether you have any objections.
- Updated GX 2304A – we enlarged some of the cells, as the formatting of the PDFd excel file was cutting off some of the data. The content is the same.
- 3504-10 – Peri 3500, which was provided in hard copy yesterday morning.
- 3505-06 – Blair 3500, which was provided in hard copy yesterday morning.
- 3513-02 – Paralegal 3500 for summary chart (you may already have this)
- 3513-03 – Paralegal 3500 for summary chart (you may already have this)

We are still working on one additional summary chart, which we expect to provide later today.

Stephanie Lake
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
Tel: (212) 637-1066

Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

September 25, 2018

<u>By Electronic Mail</u>

Andrew DeFilippis
Matthew Laroche
Rebekah Donaleski
Assistant United States Attorneys
Garrett Lynch
Special Assistant United States Attorney
U.S. Attorney's Office for the
Southern District of New York
1 St. Andrew's Plaza
New York, NY  10007

Re:     *United States v. Ali Sadr Hashemi Nejad*, No. 18 Cr. 224 (ALC)
        **Request for Discovery, *Brady* Material, and Particulars**

Dear Counsel:

On behalf of defendant Ali Sadr Hashemi Nejad, we request that the government provide "open file" discovery in this case, including the prompt production of all of the documents and other evidence it has obtained in its investigation and all grand jury transcripts, FBI 302s, and interview memoranda.

In the event that you elect not to provide "open file" discovery, Sadr respectfully submits this formal request for discovery in this case, pursuant to the Fifth and Sixth Amendments to the United States Constitution; Rules 12, 16, and 26.2 of the Federal Rules of Criminal Procedure; *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and progeny; the Department of Justice's "Guidance for Prosecutors Regarding Criminal Discovery"; and the additional authority set forth below.

We understand that Sadr's prior counsel at Arnold & Porter made earlier discovery requests in this matter, including requests in letters and emails dated: March 21, March 25,

September 25, 2018
Page 2



March 29, April 3, May 15, July 5, July 10, July 26, August 2, August 23, and September 4, 2018.  We adopt those requests and ask that you provide any future responsive material directly to us.  Arnold & Porter has provided us with copies of your prior discovery letters and emails and the discovery productions to date, and we do not need you to reproduce them to us.  Although some of these discovery requests overlap with prior requests by Arnold & Porter, we submit them to ensure that Sadr has fully protected his rights to discovery and *Brady*/*Giglio* material in this matter.

Sadr requests that you produce and/or permit him to inspect and copy or photograph the materials specified below.  This request encompasses not only documents[1] and information in the possession, custody, or control of, or that have been reviewed by, the U.S. Attorney's Office for the Southern District of New York and the Federal Bureau of Investigation, but also documents and information in the possession, custody, and control of, or that have been reviewed by, the Manhattan District Attorney's Office, and any other federal, state or local agency allied with the prosecution or involved in any way in investigating the activities alleged in the Indictment or related conduct.  As used in this letter, the words "government" and "you" include your office and the above-referenced federal, state, or local agencies.

Sadr requests that the government comply with all of its discovery obligations under federal law, including, but not limited to, the following:[2]

## I.     Search Warrant Returns

We request clarification of the government's position on the discoverability of the data and documents collected pursuant to search warrants in the investigation.  It is our understanding that the government has produced the full and unfiltered email accounts of Sadr collected pursuant to search warrants.  Arnold & Porter requested the "terabyte" of unfiltered data and documents from non-Sadr accounts obtained pursuant to search warrants, in an April 3, 2018 letter and an August 2, 2018 email.  With respect to that data, it is our understanding that the government has produced only a subset of materials that it has deemed "pertinent."  We reiterate Sadr's request for complete, unfiltered data and documents from all accounts obtained by the

---

[1] The word "documents" includes, but is not limited to, all books, papers, letters, correspondence, reports, memoranda, studies, calendars, appointment books, diaries, notes, messages, e-mail, text messages, instant messages, other computer facilitated or transmitted materials, images, photographs, polaroids, information in any computer database, audio and video tapes, recordings, transcripts, ledgers, printouts, contracts, checks, receipts, and all copies or portions thereof, and any other written, recorded, or memorialized material of any nature whatsoever.

[2] All of these requests are continuing in nature, requiring supplementation in accordance with Fed. R. Crim. P. 16(c).

September 25, 2018
Page 3



government pursuant to search warrants.  If you decline to provide these materials, please indicate:

1.   The search terms and/or other filtering process used by the government to identify the "pertinent" documents from the search warrant returns for the non-Sadr accounts; and

2.   How the government has satisfied its *Brady* obligations with respect to the purportedly non-pertinent data and documents from the search warrant returns for the non-Sadr accounts.

## II.   Statements of the Defendant

1.   Any written or recorded statements made by Sadr within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government.  *See* Fed. R. Crim. P. 16(a)(1)(B)(i).  This request includes, without limitation:

    a.   All notes, reports, and memoranda summarizing any statement by Sadr to law enforcement officials at the time of his arrest;

    b.   All transcripts and recordings of conversations in which Sadr was a participant;

    c.   All wire and oral communications made by Sadr that were transmitted to or intercepted by, for or on behalf of any government agent or employee or any agency or entity of the U.S. government;

    d.   All written and recorded statements of witnesses that reflect, relate, or incorporate any statements made by Sadr; and

    e.   All other documents that purport to reflect, relate, or incorporate any statements made by Sadr.

2.   The portion of any written record containing the substance of any oral statement made by Sadr, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a government agent.  *See* Fed. R. Crim. P. 16(a)(1)(B)(ii).  This request includes without limitation, all documents, including notes, prepared by any FBI employee or agent that contain the substance of any relevant statement made by Sadr.

3.   The substance of any other oral statement made by Sadr, whether before or after arrest, in response to interrogation by any person then known by Sadr to be a government agent. *See* Fed. R. Crim. P. 16(a)(1)(A).

September 25, 2018
Page 4



## III.    Documents and Tangible Objects

1.      All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that were obtained from or belong to Sadr, or that belonged to Sadr at the time of the alleged offenses, or that belong or belonged to any agent of Sadr or any entity allegedly owned or controlled by Sadr.  *See* Fed. R. Crim. P. 16(a)(1)(E)(iii).  This request includes all documents as to which the government or any entity assigned Sadr as a custodian, whether hard copy or electronic records.

2.      All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that the government intends to use at trial in its case-in-chief.  *See* Fed. R. Crim. P. 16(a)(1)(E)(ii).  We request that any materials in this category be specifically identified from among the materials produced pursuant to the defendant's other Rule 16 and *Brady* requests, both to enable counsel to prepare effectively for trial and to afford Sadr an opportunity to move to suppress any evidence the prosecution intends to use in its case-in-chief. *See* Fed. R. Crim. P. 12(b)(3)(C) and 12(b)(4)(B).

3.      All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that are material to the preparation of Sadr's defense, *see* Fed. R. Crim. P. 16(a)(l)(E)(i), including, but not limited to, those items set forth in paragraphs III.4 to III.14 below.

4.      All documents reflecting the alleged specific "international financial transactions" at issue in Count Two of the indictment.  Indictment ¶ 19.

5.      All documents reflecting the alleged "financial transactions" at issue in Counts Three and Four of the indictment.  Indictment ¶¶ 23, 26.

6.      All documents reflecting the alleged false and fraudulent pretenses, representations and promises at issue in Counts Three and Four of the indictment.  Indictment ¶¶ 23, 26.

7.      All documents reflecting the alleged monetary transactions and transfers at issue in Counts Five and Six of the indictment.  Indictment ¶¶ 29, 32.

8.      All documents relating to Sadr or the conduct alleged in the indictment that were introduced as exhibits before the grand jury.  We request that any materials in this category be specifically identified from among the materials produced pursuant to the defendant's other Rule 16 and *Brady* requests.

9.      All documents relating to Sadr or the conduct alleged in the indictment that were obtained by or for the grand jury or pursuant to any grand jury or trial subpoena.  This request includes any documents furnished informally to prosecutors in lieu of formal compliance with a subpoena.

September 25, 2018
Page 5



10.     All documents relating to Sadr or the conduct alleged in the indictment obtained from any witness who testified before the grand jury, or who was interviewed or consulted during the course of the grand jury investigation.

11.     All documents relating to Sadr or the conduct alleged in the indictment that were obtained by any search or seizure pursuant to a search warrant or otherwise.

12.     All documents relating to Sadr or the conduct alleged in the indictment obtained from any federal, state or local governmental, regulatory or legislative body or agency.

13.     All documents relating to press releases or press conferences concerning Sadr or the investigation of the defendant, and all other documents relating to any contacts between the government and representatives of the media concerning Sadr or the investigation of the defendant.

14.     All documents relating to the reputation of Sadr, including, without limitation, any documents relating to Sadr's reputation for honesty, integrity, or competence.

## IV.     *Brady* and *Giglio* Material

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1985), *Kyles v. Whitney*, 514 U.S. 419 (1995), and New York Rule of Professional Conduct 3.8, Sadr requests immediate identification and disclosure of all documents and information (in whatever form) that are favorable to the defense or that would tend to exculpate Sadr or mitigate his culpability with respect to the charges in the indictment, that would tend to impeach any potential witness against Sadr, or that are relevant to the issue of sentencing, including but not limited to the following:

1.     Any document or information indicating or tending to establish that any of the allegations in the indictment are not true.

2.     Any document or information indicating or tending to establish that any meeting, conversation, use of words, practice, or conduct that is the subject of the indictment or forms the basis of the indictment did not violate government laws, regulations, standards or established business practices.

3.     Any document or information indicating or tending to establish that Sadr believed that any meeting, conversation, use of words, practice, or conduct that is the subject of the indictment or forms the basis of the indictment did not constitute a crime.

4.     Any document or information indicating or tending to establish that any other person (including but not limited to the alleged co-conspirators) believed that any meeting, conversation, use of words, practice, or conduct that is the subject of the indictment or forms the basis of the indictment did not constitute a crime.

September 25, 2018
Page 6



    5.       Any documents or information indicating or tending to establish that Sadr did not instigate, control, authorize, approve, or acquiesce in the practices that are the subject of the indictment.

    6.       Any documents or information indicating or tending to establish that the alleged false or fraudulent pretenses were not false.

    7.       Any documents or information indicating or tending to establish that the alleged false or fraudulent pretenses were not material.

    8.       Any documents or information indicating or tending to establish that a third person was responsible for the financial transactions at issue in any count of the indictment.

    9.       Any document or information indicating or tending to establish that Sadr engaged in any conduct that forms the basis of the indictment in reliance upon advice provided by counsel or accountants.

    10.     Any document or information (in whatever form) that could be used to impeach any potential government witness, or any person whose statements will be introduced pursuant to Fed. R. Evid. 801(d)(2)(C), (D), or (E), including but not limited to:

        a.      Any document or information relating to any conviction, arrest, or criminal record of, and any criminal charge brought against, any potential government witness;

        b.      Any document or information relating to promises, consideration, or inducements made to any potential government witness, whether directly to the witness or indirectly to the witness' attorney, friends, family, employer, business associates, or other culpable or at risk third-party. "Consideration" means anything of value or use, including immunity grants, whether formal or informal, witness fees, transportation or relocation assistance, money, dropped or reduced charges or suggestions of favorable treatment with respect to any federal, state or local criminal, civil, or administrative matter, expectations of downward departures or motions for reduction of sentence, considerations regarding forfeiture of assets, or stays of deportation or other immigration status considerations;

        c.      Any document or information tending to show the bias of a potential government witness, including animosity toward Sadr, animosity toward any group or entity of which Sadr is a member or with which Sadr is affiliated, a relationship with the alleged victim, or known but uncharged criminal conduct that may provide an incentive to curry favor with a prosecutor;

        d.      Any document or information affecting the reliability of a potential government witness's testimony, including known alcohol or substance



abuse, mental health issues or other issues that could affect the witness's ability to perceive and recall events;

e.      Any document or information relating to any inconsistency in statements given by any potential government witness;

f.      Any document or information relating to any inconsistency between agents' and/or prosecutors' rough notes and FBI 302s or other memoranda of interviews of any potential government witness;

g.      Any document or information bearing adversely on the character or reputation for truthfulness of any potential government witness; and

h.      Each specific instance of conduct from which it could be inferred that any potential government witness is untruthful.

11.      The date of and participants in each and every interview (including not only interviews conducted by the U.S. Attorney's Office or the Manhattan District Attorney's Office, but also interviews conducted by third parties), debriefing, "queen for a day" session, proffer, deposition, or other statement or description of the alleged facts made by each potential government witness (whether directly or indirectly, such as a proffer made by counsel).  In addition, please specify, as to each such witness, the first date on which the witness made any allegation that Sadr engaged in any allegedly unlawful conduct or any conduct alleged in the indictment.

As you are aware, New York has adopted Rule of Professional Conduct 3.8, entitled "Special Responsibilities of Prosecutors and Other Government Lawyers," which provides that a prosecutor "shall make timely disclosure to [the defense] of evidence or information known to the prosecutor or other government lawyer that tends to negate the guilt of the accused, mitigate the degree of the offense, or reduce the sentence . . . ."  Rule 3.8(b).  The Supreme Court has recognized that Rule 3.8 imposes a higher standard on prosecutors than the standards mandating disclosure of exculpatory evidence under *Brady*.  *See Kyles*, 514 U.S. at 437 ("[*Brady*] requires less of the prosecution than the ABA Standards for Criminal Justice, which call generally for prosecutorial disclosures of any evidence tending to exculpate or mitigate."); ABA Standards for Criminal Justice, Prosecution Function and Defense Function 3-3.11(a) (3d ed. 1993) ("A prosecutor should not intentionally fail to make timely disclosure to the defense, at the earliest feasible opportunity, of the existence of all evidence or information which tends to negate the guilt of the accused or mitigate the offense charged or which would tend to reduce the punishment of the accused"); ABA Model Rule of Professional Conduct 3.8(d) (1984) ("The prosecutor in a criminal case shall . . . make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense").

We contend that the foregoing categories of information constitute *Brady* and Rule 3.8(b) material, and that disclosure should take place immediately.  Sadr further requests that the

September 25, 2018
Page 8



government identify with particularity and provide copies of all materials that qualify as *Brady* and Rule 3.8 material, as described above. Please advise us promptly whether the government will be producing *Brady* material immediately even if it is contained in what might otherwise be considered as *Jencks* material, or whether you take the position that you are not obligated to produce such material at this time.

We also request the underlying source material for any *Brady* and Rule 3.8(d) information, as opposed to any summary letter or paraphrased description of the information. Please advise us promptly whether the government will not be producing underlying source material.

For purposes of the *Brady* doctrine, "the format of the information does not determine whether it is discoverable." U.S. Attorneys' Manual § 9-5.002.B.5 (2018). For example, material exculpatory information that is provided "during a conversation with an agent or a witness is no less discoverable than if that same information were contained in an email." *Id.* We therefore request that all such information be memorialized and produced to Sadr.

## V. Purportedly Privileged Material

Sadr specifically requests that the government produce all documents or information (in whatever form) produced to the government—or over which the government otherwise has custody, control, or possession—that are responsive to Sadr's discovery and *Brady/Giglio* requests contained herein or that the government would otherwise be legally required to produce, over which any individual or entity has asserted the attorney-client privilege and/or the attorney work product doctrine. This request applies to all such documents produced pursuant to (a) a non-waiver agreement between any individual or entity and the government, (b) a court order pursuant to Fed. R. Evid. 502, or (c) a court order concluding that the documents are covered by the crime-fraud exception to the attorney-client privilege.

Sadr also requests that you identify any person or entity that has asserted any attorney-client privilege, work product privilege, common interest privilege, or any other privilege as the basis for withholding or not producing, in whole or in part, any documents to the government or the grand jury during the investigation. Sadr further requests that you provide all documents (including all privilege logs) with respect to the assertion of or challenge to any such claimed privileges. This request specifically encompasses all pleadings, court orders, correspondence, and other material related to any grand jury litigation by the government in which it challenged any assertion of any privilege.

## VI. Criminal Records

Pursuant to Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure, Sadr requests copies of his prior criminal record, if any.

September 25, 2018
Page 9



## VII.  *Jencks* Material

Pursuant to the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure, Sadr requests that the government provide a list of the names and addresses of all witnesses that the government intends to call in its case-in-chief and all statements of those witnesses in the possession, custody, or control of the government or any other government entity, including, but not limited to, notes of interviews, FBI 302s, or other summaries prepared by government attorneys or agents, and grand jury transcripts and any other witness statements. We request that the government begin providing this material as soon as possible, or in any event no later than ninety (90) days prior to the start of trial.

## VIII.  Scientific Evidence

Pursuant to Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure, Sadr requests documentation relating to all requests for, and the results of, physical or mental examinations, scientific tests, or experiments that were conducted in connection with the investigation of the charges contained in the indictment.  This includes, but is not limited to:

  a.   all forensic examinations of any computer hard drive, handheld cellular telephone or mobile device that Sadr possessed or to which Sadr had access;

  b.   all handwriting exemplars, handwriting samples, handwriting or document analyses, and all documents examined or used in or related to such analyses;

  c.   all fingerprint and palm print exemplars, fingerprint samples, comparisons, and opinions of fingerprint experts, and all documents examined or used in connection with, or that relate to, those opinions; and

  d.   all polygraph examinations, psychological stress examinations, hypnotic procedures, or any other scientific procedures devised to determine whether a subject is telling the truth, or to refresh a witness' memory, and all documents that refer or relate to such examinations.

## IX.  Other Crimes Evidence

Pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rules 403 and 404(b)(2) of the Federal Rules of Evidence, Sadr requests that the government disclose all evidence of similar crimes, wrongs, or acts, allegedly committed by Sadr (or any person alleged to have been acting pursuant to his instructions), upon which the government intends to rely on at trial.

September 25, 2018
Page 10



## X.    Suppression Issues

1.      As a predicate to potential motions pursuant to Rule 12(b) of the Federal Rules Of Criminal Procedure, *see* Rule 12(b)(4)(B), Sadr requests that he be informed:

    a.     Whether the government intends to offer into evidence any statement made by Sadr or any family member, and the substance of any such statement;

    b.     Whether any evidence in the government's possession, custody, or control was obtained by a search and seizure conducted by the government, and a description of such evidence;

    c.     Whether any evidence in the government's possession, custody, or control was obtained through electronic or mechanical surveillance, including without limitation, wiretaps, body wires, pen registers, and/or surveillance of telephone calls, and a description of such evidence;

    d.     Whether any evidence in the government's possession, custody, or control was obtained through the use of a beeper or other tracking device, and a description of such evidence;

    e.     In connection with any tape recording, wiretaps, or other surveillance of the defendant during the investigation of the allegations of the indictment or any related allegations, Sadr seeks:

        i.     The names and addresses of all such persons whose personal or business telephones the government tapped or monitored, or whose conversations or actions the government monitored by other means without the person's knowledge;

        ii.    Transcripts or other records of the statements or conversations monitored;

        iii.   The original recorded tapes created during such surveillance;

        iv.    The procedures used to conduct such surveillance; and

        v.     The authority under which such surveillance was conducted.

    f.     Whether any evidence in the government's possession, custody, or control was obtained through a mail cover and/or trash cover and a description of such evidence; and

    g.     The identities of any informant or undercover agent employed by the government during its investigation of the charges of the indictment.

September 25, 2018
Page 11



2.     Sadr requests that the prosecution disclose whether it intends to offer in its case-in-chief, as a statement by the defendant, any of the following, and that it provide the substance of any such statement:

a.     Any statement as to which the defendant allegedly manifested his adoption or belief in its truth.  *See* Fed. R. Evid. 801(d)(2)(B).

b.     Any statement made by another which was purportedly authorized by the defendant.  *See* Fed. R. Evid. 801(d)(2)(C).

c.     Any statement made by an agent or servant of the defendant concerning a matter within the scope of his agency or employment made during the existence of such a relationship.  *See* Fed. R. Evid. 801(d)(2)(D).

d.     Any statement made by an alleged co-conspirator of the defendant during the course and in furtherance of any alleged conspiracy.  *See* Fed. R. Evid. 801(d)(2)(E).

## XI.     Hearsay

Sadr requests notice of any hearsay statement that the government plans to offer at trial under Federal Rule of Evidence 807, including its particulars, the declarant's name and address, and other information giving Sadr a fair opportunity to meet the statement.  Fed. R. Evid. 807(b).

## XII.     Charts and Summaries

Pursuant to Fed. R. Evid. 1006, Sadr requests that he be advised whether the government will seek to offer any chart, summary, or calculation in evidence and, if so, (1) that all such charts, summaries, and calculations be produced, and (2) that all writings, recordings, or other information on which such charts, summaries, or calculations are based be made available for inspection and copying.

## XIII.     Electronically Stored Information

Sadr requests that the government comply with the "Recommendations for Electronically Stored Information (ESI) Discovery Production in Federal Criminal Cases" issued by the Department of Justice and Administrative Office of the U.S. Courts Joint Working Group on Electronic Technology in the Criminal Justice System in February 2012.  To that end, Sadr requests the ability to "meet and confer" with the government as needed to discuss the nature, volume, and mechanics of the government's production of ESI discovery.  Among other things, Sadr makes the following requests:

1.     The government should produce ESI received from third parties in the format it was received.  However, if the government has further processed ESI received from third parties, such as by adding load files, converting native files to TIFF images, extracting metadata or other coding, or making electronic files

September 25, 2018
Page 12



searchable, the government should produce such enhanced ESI in discovery to save Sadr the expense of replicating this work. Sadr does not seek any government attorney work product by this request.

2.  The government should produce a table of contents describing the general categories of information available as ESI discovery in order to expedite Sadr's review of discovery and avoid discovery disputes, unnecessary expense, and undue delay. Further, the government should produce the cover letters that accompanied and described the third party productions of ESI and other documents to facilitate Sadr's review.

3.  For all ESI produced from a seized, searched, or subpoenaed third-party digital device (e.g., computer, hard drive, thumb drive, CD, DVD, cell phone, Blackberry, iPhone, Android, smart phone, smart watch, or personal digital assistant), the government should identify the digital device that held the ESI, identify the device's owner or custodian, and identify the location where the device was seized, searched, or from where it was produced.

4.  The government should produce any materials received in paper form in converted digital files that can be viewed and searched. These materials should be produced in multi-page TIFF and OCR format where each document is one file that may have multiple pages. Alternatively, a less preferable option would be production in multi-page, searchable PDF format. Under no circumstances should paper materials be converted into single-page TIFF images without document breaks.

5.  All production of ESI should maintain parent-child relationships between documents, such as where an email (the parent document) has attachments (the child documents).

## XIV. Bill of Particulars

We also adopt Arnold & Porter's August 23, 2018 letter requesting a bill of particulars regarding the allegations in the indictment. We need specification of those allegations in the indictment to permit Sadr to prepare to defend the charges against him. Please advise us whether the government will provide the requested information so that we can determine whether it will be necessary to move for a bill of particulars under Federal Rule of Criminal Procedure 7(f).

September 25, 2018
Page 13



  Please let us know promptly whether there are any requests set forth in this letter with which you decline to comply.  We are available to discuss any of the foregoing requests at your convenience.  We reserve the right to supplement these requests as we continue to review the discovery material and prepare for trial.  Thank you for your consideration.

        Sincerely,

        Brian M. Heberlig

# EXHIBIT 36

| | |
|---|---|
| **From:** | Crowley, Shawn (USANYS) |
| **To:** | Kim, Jane (USANYS) 4 |
| **Cc:** | Bove, Emil (USANYS); Krouse, Michael (USANYS) |
| **Subject:** | Re: Draft |
| **Date:** | Sunday, March 08, 2020 11:34:54 PM |

Did we (it doesn't matter who) respond to their last email at 1:30? Can you guys please forward us all correspondence relating to this document?

On Mar 8, 2020, at 11:30 PM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:

Their second response.  Well, I'm glad Stephanie asked me to send the emails so this doesn't stress her more.

**From:** Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 11:28 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Cc:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Subject:** Re: Draft

We're going to smash these guys.

On Mar 8, 2020, at 11:23 PM, Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov> wrote:

Thank you. We'll leave you guys alone tonight unless you need us. Hang in there—we'll get through this just fine. We're excited for your summations

On Mar 8, 2020, at 11:15 PM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:

Minus Stephanie (don't want to stress her out/make her feel more sick).

**From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 11:03 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>

**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>;
Bove, Emil (USANYS) <EBove@usa.doj.gov>; Lake, Stephanie
(USANYS) <SLake@usa.doj.gov>
**Subject:** Re: Draft

Thanks guys. Can you forward along any reply? Thank you

On Mar 8, 2020, at 9:55 PM, Kim, Jane
(USANYS) 4 <JKim4@usa.doj.gov> wrote:

And really sorry for the quick turnaround – the
order said we had to file by 10.

---

**From:** Krouse, Michael (USANYS)
<MKrouse@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 9:50 PM
**To:** Crowley, Shawn (USANYS)
<SCrowley@usa.doj.gov>; Bove, Emil (USANYS)
<EBove@usa.doj.gov>
**Cc:** Lake, Stephanie (USANYS)
<SLake@usa.doj.gov>; Kim, Jane (USANYS) 4
<JKim4@usa.doj.gov>
**Subject:** Draft

Not sure Stephanie sent this to you.

---

**From:** Lake, Stephanie (USANYS)
<SLake@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 9:31 PM
**To:** Kim, Jane (USANYS) 4
<JKim4@usa.doj.gov>; Krouse, Michael
(USANYS) <MKrouse@usa.doj.gov>; Lynch,
Garrett <LynchG@dany.nyc.gov>; Lynch,
Garrett (USANYS) [Contractor]
<GLynch@usa.doj.gov>
**Subject:** RE: Proofing and then I'll file these
objections

Here's a shitty draft.

---

**From:** Kim, Jane (USANYS) 4

<JKim4@usa.doj.gov>
**Sent:** Sunday, March 08, 2020 9:15 PM
**To:** Krouse, Michael (USANYS)
<MKrouse@usa.doj.gov>; Lynch, Garrett
<LynchG@dany.nyc.gov>; Lake, Stephanie
(USANYS) <SLake@usa.doj.gov>; Lynch, Garrett
(USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** Proofing and then I'll file these
objections

In 10 minutes unless anyone has objections.

Jane Kim
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Phone:  (212) 637-2038
Email:  jane.kim@usdoj.gov


<[279] Def resp re brady.pdf>
<[279-1] Def resp re brady.pdf>

<[280] Def resp re brady.pdf>
<[280-1] Def resp re brady.pdf>

| | |
|---|---|
| **From:** | Kim, Jane (USANYS) 4 |
| **To:** | Bove, Emil (USANYS) |
| **Cc:** | Crowley, Shawn (USANYS); Krouse, Michael (USANYS) |
| **Subject:** | Re: Draft |
| **Date:** | Sunday, March 08, 2020 11:35:53 PM |

We spoke to them by phone at 2:30 and walked through each category of their questions. I think this is it but will double check.

On Mar 8, 2020, at 11:27 PM, Bove, Emil (USANYS) <EBove@usa.doj.gov> wrote:

> We're going to smash these guys.
>
> On Mar 8, 2020, at 11:23 PM, Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov> wrote:
>
>> Thank you. We'll leave you guys alone tonight unless you need us. Hang in there—we'll get through this just fine. We're excited for your summations
>>
>> On Mar 8, 2020, at 11:15 PM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:
>>
>>> Minus Stephanie (don't want to stress her out/make her feel more sick).
>>>
>>> ---
>>>
>>> **From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
>>> **Sent:** Sunday, March 8, 2020 11:03 PM
>>> **To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
>>> **Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
>>> **Subject:** Re: Draft
>>>
>>> Thanks guys. Can you forward along any reply? Thank you
>>>
>>>> On Mar 8, 2020, at 9:55 PM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:

And really sorry for the quick turnaround – the order said we had to file by 10.

---

**From:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 9:50 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Cc:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Subject:** Draft

Not sure Stephanie sent this to you.

---

**From:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>
**Sent:** Sunday, March 8, 2020 9:31 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** RE: Proofing and then I'll file these objections

Here's a shitty draft.

---

**From:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>
**Sent:** Sunday, March 08, 2020 9:15 PM
**To:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>
**Subject:** Proofing and then I'll file these objections

In 10 minutes unless anyone has objections.

Jane Kim

Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Phone:  (212) 637-2038
Email:  jane.kim@usdoj.gov

<[279] Def resp re brady.pdf>
<[279-1] Def resp re brady.pdf>

# EXHIBIT 37

| | |
|---|---|
| **From:** | Bove, Emil (USANYS) |
| **To:** | Birger, Laura (USANYS) |
| **Cc:** | Crowley, Shawn (USANYS) |
| **Subject:** | Sadr |
| **Date:** | Monday, March 09, 2020 5:43:57 AM |
| **Attachments:** | 127126528741.pdf |
| | ATT00001.htm |
| | 18cr224 Order 3.08.20.pdf |
| | ATT00002.htm |
| | [280-1] Def resp re brady.pdf |
| | ATT00003.htm |

Hi Laura,

Attached are additional filings from last night. We held off on distributing these more broadly because we weren't sure how much would come in, and didn't want to send 3-4 update emails. The defense ended up not saying much other than to file the attached correspondence with the team. Our plan is to send an internal update once we hear from AJN at 9 this morning, but we wanted you to have seen these documents before you call the court.

In these attachments, you'll see that AJN asked follow-up questions about our initial letter. We found the answers to the questions to be unfortunate, particularly the fact that the team did not flag for defense counsel that the document was being produced for the first time. We're going to talk to the unit about the disclosure issues here and in Schulte once the dust settles with the trials.

Thanks again for making this call.

Emil

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

 Re:  *United States* v. *Ali Sadr Hashemi Nejad*, 18 Cr. 224 (AJN)

Dear Judge Nathan:

 The Court writes in response to the Court's order from 9:00 this evening.  The Government apologizes for the lack of clarity in its prior email.

 The Government found GX 411 in its emails on Friday night, looked at the Bank-1 subpoena production, and did not find it.  The members of the team discussed the document the next morning and confirmed that it likely had not been produced to the defense previously.  The Government promptly had a paralegal mark it as an exhibit and produced it to the defense along with other exhibits and 3500 materials.  The Government made clear that GX 411 was a newly marked exhibit and that we intended to offer it, and asked the defense if they would stipulate to authenticity.  Defense counsel responded shortly after the Government provided GX 411 and asked how long the Government had GX 411, and why they had not previously received it.  The Government responded and explained that we had been aware of the letter since mid-January, and that, at the time, the Government had mistakenly believed it was part of the discovery in the case.

 When SAUSA Lynch sent what is now GX 411 to the AUSAs in the case in January, the AUSAs assumed that this was a document that came from this case (specifically, the subpoena to Bank-1), and that it was therefore a document that had been previously produced to the defense as part of the Rule 16 discovery.  This was an incorrect assumption.  The document in fact was

The Honorable Alison J. Nathan, U.S.D.J.
March 8, 2020
Page 2

obtained in an unrelated DANY investigation and was not provided to this Office before January 2020.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
Jane Kim / Michael Krouse / Stephanie Lake
Assistant United States Attorneys
Garrett Lynch
Special Assistant United States Attorney
(212) 637-2038 / 2279 / 1066

cc: Defense Counsel (by ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>      –v–<br><br>Ali Sadr Hashemi Nejad,<br><br>            Defendants. | 18-cr-224 (AJN)<br><br>ORDER |

ALISON J. NATHAN, District Judge:

In the letter filed this evening by the Government, Dkt. No. 275, the Government states that "It was only in the context of this process that the Government realized that GX 411 was not part of Bank-1's subpoena production, which had been provided to the defense in discovery."

The Court requires further explanation. Specifically, it is unclear from this sentence if the Government realized GX 411 had not been previously disclosed before or after the Government turned it over to the defense yesterday. Nor does this sentence indicate if, upon learning of the late disclosure, the Government informed defense counsel or not. The Government shall explain precisely when and how it realized that the document had erroneously been withheld and when, if at all, upon learning of the failure to disclose this was communicated to the defense.

Furthermore, the previously filed letter does not offer an explanation for how it came to be that GX 411 was not (though should have been) provided to the defense as part of Bank-1's subpoena production.

The Government is ordered to address these points by letter to be filed no later than 10 p.m. this evening. The defense may reply to the Government's letters by 11 p.m.

SO ORDERED.

Dated:  March 8, 2020
        New York, New York

3/8/20

_____
ALISON J. NATHAN
United States District Judge

# Exhibit B

| From: | Silverman, Nicholas |
|---|---|
| Sent: | Sunday, March 8, 2020 1:36 PM |
| To: | Kim, Jane (USANYS) 4; Heberlig, Brian; Lake, Stephanie (USANYS); Weingarten, Reid |
| Cc: | Krouse, Michael (USANYS); Lynch, Garrett (USANYS) [Contractor]; Milione, Shawn (USANYS) [Contractor] |
| Subject: | RE: U.S. v. Sadr |
| Attachments: | 092-1 2019-02-25 Pretrial Mem 6 - Exhibit A-c2.pdf |

Counsel:

(1) Are there any other documents in the government's possession that have not been produced?

(2) Is there any other *Brady* information in the government's possession that has not been produced?

(3) Is there any information in the government's possession, custody, or control showing OFAC's response to this letter? This is subject to production under *Giglio* and/or *Napue* because it would at a minimum undermine Ted Kim's testimony (A) that to his knowledge, nothing relating to this matter was investigated by OFAC, (B) that "it matters a lot" if Iranian involvement in a transaction is concealed, and (C) that hiding "Iranian connections … would make it very difficult for me to do my job."

(4) As we have said, our requests for *Brady* and *Giglio* are continuing in nature. I have attached our September 2018 letter in case you want a non-exclusive list of examples of the type of information covered by *Brady* and *Giglio* in this case. Obviously, any information contrary to government witness testimony would be another example.

(5) Regarding the authenticity of GX 411, we stipulate to authenticity.

(6) GX 704 – Please let us know what modifications have been made.

(7) GX 495A, 495B – What is the relevance of Sadr having bank accounts at HSBX from January 2010 through October 2013?

(8) GX 456 – We are reviewing and anticipate stipulating to authenticity.

(9) GX 705A & 705B – We are reviewing.

(10)      GX 2304A – Subject to our continuing objection (which we understand to have been overruled), no further objection.

**Nicholas P. Silverman**
Associate
nsilverman@steptoe.com

## Steptoe

| +1 202 429 8096 direct | Steptoe & Johnson LLP |
|---|---|
| +1 617 595 6559 mobile | 1330 Connecticut Avenue, NW |
| +1 202 429 3902 fax | Washington, DC 20036 |
| | www.steptoe.com |

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>
**Sent:** Sunday, March 8, 2020 9:41 AM

**To:** Heberlig, Brian <BHeberlig@steptoe.com>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Brian, Reid, and Nick:

As I explained in my last email, when we first saw the document in mid-January, we thought it had been part of Commerzbank's subpoena return and had been produced. We didn't think it would be necessary to use given our other evidence about that payment. Given some of the arguments you made on Friday, we decided that we did want to introduce it at trial.

Again, we don't see this document as exculpatory, as we would like to offer it tomorrow. Can you please let us know your position on an authenticity stipulation for this document and the other bank records we sent yesterday, as well as whether you have any issues with the summary charts?

Thanks,
Jane

---

**From:** Heberlig, Brian <BHeberlig@steptoe.com>
**Sent:** Saturday, March 7, 2020 10:09 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** RE: U.S. v. Sadr

If you have been aware of the letter since mid-January, why wasn't it on the government's pretrial exhibit list instead of appearing the day before the government rests its case? The exculpatory nature of the exhibit is self-evident.

---

**From:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>
**Sent:** Saturday, March 7, 2020 5:36 PM
**To:** Heberlig, Brian <BHeberlig@steptoe.com>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Brian,

We do not agree with your characterization of GX 430, 431, 432, or 411 as *Brady*. These are all exhibits the Government has introduced or is seeking to introduce in our case. Perhaps you can explain how it is you think GX 411 is helpful to your case.

In any event, we have been aware of the letter since mid-January. We thought it was part of the Commerzbank subpoena return that was produced in discovery. We now understand that it came from an unrelated DANY investigation, and therefore was not in the Commerzbank subpoena return.

It is not clear to us how this document would have been relevant to the OFAC witness's testimony.

Jane

---

**From:** Heberlig, Brian <BHeberlig@steptoe.com>
**Sent:** Saturday, March 7, 2020 4:57 PM
**To:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** RE: U.S. v. Sadr

We request immediate disclosure of (1) where GX411 came from, (2) how long it has been in the government's possession, (3) why we are only receiving it today.  This is the second episode—along with GX430, GX431, and GX432—of the government producing fundamentally exculpatory documents mid-trial.  In this instance, the document was produced after the government's OFAC witness, who would have been subject to cross-examination on this document.  Provide this information by 6 pm or we will see the intervention of the Court.

---

**From:** Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>
**Sent:** Saturday, March 7, 2020 4:24 PM
**To:** Weingarten, Reid <RWeingarten@steptoe.com>; Heberlig, Brian <BHeberlig@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Counsel,

We attempted to send you a number of attachments, which will not go through without encryption. It looks like Steptoe's servers are blocking the encrypted email. Shawn will upload the files to the link he has been using.  The descriptions are below.

Stephanie

---

**From:** Lake, Stephanie (USANYS)
**Sent:** Saturday, March 07, 2020 4:04 PM
**To:** Weingarten, Reid <RWeingarten@steptoe.com>; Heberlig, Brian <BHeberlig@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** U.S. v. Sadr

Counsel,

Mr. Dubowitz is still very ill. As a result, we do not intend to call him as a witness in our case-in-chief.  It's possible that, depending on the defense case, we will call him as a rebuttal witness.

In addition, we've attached the following documents:

3

- Updated GX 2284D – there were formatting problems with our version. We think the attached corrects them.
- 3508-08 – 3500 from today
- GX 411 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.
- GX 456 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.
- GX 495A & B – we intend to offer these on Monday (likely in redacted form), although think a stipulation that the defendant had bank accounts at HSBC from January 2010 through October 2013 might be simpler. Let us know how you prefer to proceed.
- GX 704 – this is the modified version of the travel chart. Please confirm whether you have any remaining concerns.
- GX 705A & B – these are summary charts reflecting the information in GX 2090A. Please confirm whether you have any objections.
- Updated GX 2304A – we enlarged some of the cells, as the formatting of the PDFd excel file was cutting off some of the data. The content is the same.
- 3504-10 – Peri 3500, which was provided in hard copy yesterday morning.
- 3505-06 – Blair 3500, which was provided in hard copy yesterday morning.
- 3513-02 – Paralegal 3500 for summary chart (you may already have this)
- 3513-03 – Paralegal 3500 for summary chart (you may already have this)

We are still working on one additional summary chart, which we expect to provide later today.


Stephanie Lake
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
Tel: (212) 637-1066

Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

September 25, 2018

<u>By Electronic Mail</u>

Andrew DeFilippis
Matthew Laroche
Rebekah Donaleski
Assistant United States Attorneys
Garrett Lynch
Special Assistant United States Attorney
U.S. Attorney's Office for the
Southern District of New York
1 St. Andrew's Plaza
New York, NY  10007

     Re:    *United States v. Ali Sadr Hashemi Nejad*, No. 18 Cr. 224 (ALC)
                  **Request for Discovery, *Brady* Material, and Particulars**

Dear Counsel:

       On behalf of defendant Ali Sadr Hashemi Nejad, we request that the government provide "open file" discovery in this case, including the prompt production of all of the documents and other evidence it has obtained in its investigation and all grand jury transcripts, FBI 302s, and interview memoranda.

       In the event that you elect not to provide "open file" discovery, Sadr respectfully submits this formal request for discovery in this case, pursuant to the Fifth and Sixth Amendments to the United States Constitution; Rules 12, 16, and 26.2 of the Federal Rules of Criminal Procedure; *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and progeny; the Department of Justice's "Guidance for Prosecutors Regarding Criminal Discovery"; and the additional authority set forth below.

       We understand that Sadr's prior counsel at Arnold & Porter made earlier discovery requests in this matter, including requests in letters and emails dated: March 21, March 25,



March 29, April 3, May 15, July 5, July 10, July 26, August 2, August 23, and September 4, 2018.  We adopt those requests and ask that you provide any future responsive material directly to us.  Arnold & Porter has provided us with copies of your prior discovery letters and emails and the discovery productions to date, and we do not need you to reproduce them to us.  Although some of these discovery requests overlap with prior requests by Arnold & Porter, we submit them to ensure that Sadr has fully protected his rights to discovery and *Brady*/*Giglio* material in this matter.

Sadr requests that you produce and/or permit him to inspect and copy or photograph the materials specified below.  This request encompasses not only documents[1] and information in the possession, custody, or control of, or that have been reviewed by, the U.S. Attorney's Office for the Southern District of New York and the Federal Bureau of Investigation, but also documents and information in the possession, custody, and control of, or that have been reviewed by, the Manhattan District Attorney's Office, and any other federal, state or local agency allied with the prosecution or involved in any way in investigating the activities alleged in the Indictment or related conduct.  As used in this letter, the words "government" and "you" include your office and the above-referenced federal, state, or local agencies.

Sadr requests that the government comply with all of its discovery obligations under federal law, including, but not limited to, the following:[2]

## I.      Search Warrant Returns

We request clarification of the government's position on the discoverability of the data and documents collected pursuant to search warrants in the investigation.  It is our understanding that the government has produced the full and unfiltered email accounts of Sadr collected pursuant to search warrants.  Arnold & Porter requested the "terabyte" of unfiltered data and documents from non-Sadr accounts obtained pursuant to search warrants, in an April 3, 2018 letter and an August 2, 2018 email.  With respect to that data, it is our understanding that the government has produced only a subset of materials that it has deemed "pertinent."  We reiterate Sadr's request for complete, unfiltered data and documents from all accounts obtained by the

---

[1] The word "documents" includes, but is not limited to, all books, papers, letters, correspondence, reports, memoranda, studies, calendars, appointment books, diaries, notes, messages, e-mail, text messages, instant messages, other computer facilitated or transmitted materials, images, photographs, polaroids, information in any computer database, audio and video tapes, recordings, transcripts, ledgers, printouts, contracts, checks, receipts, and all copies or portions thereof, and any other written, recorded, or memorialized material of any nature whatsoever.

[2] All of these requests are continuing in nature, requiring supplementation in accordance with Fed. R. Crim. P. 16(c).

September 25, 2018
Page 3



government pursuant to search warrants.  If you decline to provide these materials, please indicate:

      1.     The search terms and/or other filtering process used by the government to identify the "pertinent" documents from the search warrant returns for the non-Sadr accounts; and

      2.     How the government has satisfied its *Brady* obligations with respect to the purportedly non-pertinent data and documents from the search warrant returns for the non-Sadr accounts.

## II.     Statements of the Defendant

      1.     Any written or recorded statements made by Sadr within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government.  *See* Fed. R. Crim. P. 16(a)(1)(B)(i).  This request includes, without limitation:

          a.     All notes, reports, and memoranda summarizing any statement by Sadr to law enforcement officials at the time of his arrest;

          b.     All transcripts and recordings of conversations in which Sadr was a participant;

          c.     All wire and oral communications made by Sadr that were transmitted to or intercepted by, for or on behalf of any government agent or employee or any agency or entity of the U.S. government;

          d.     All written and recorded statements of witnesses that reflect, relate, or incorporate any statements made by Sadr; and

          e.     All other documents that purport to reflect, relate, or incorporate any statements made by Sadr.

      2.     The portion of any written record containing the substance of any oral statement made by Sadr, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a government agent.  *See* Fed. R. Crim. P. 16(a)(1)(B)(ii).  This request includes without limitation, all documents, including notes, prepared by any FBI employee or agent that contain the substance of any relevant statement made by Sadr.

      3.     The substance of any other oral statement made by Sadr, whether before or after arrest, in response to interrogation by any person then known by Sadr to be a government agent. *See* Fed. R. Crim. P. 16(a)(1)(A).

September 25, 2018
Page 4



## III.  Documents and Tangible Objects

1.      All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that were obtained from or belong to Sadr, or that belonged to Sadr at the time of the alleged offenses, or that belong or belonged to any agent of Sadr or any entity allegedly owned or controlled by Sadr.  *See* Fed. R. Crim. P. 16(a)(1)(E)(iii).  This request includes all documents as to which the government or any entity assigned Sadr as a custodian, whether hard copy or electronic records.

2.      All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that the government intends to use at trial in its case-in-chief.  *See* Fed. R. Crim. P. 16(a)(1)(E)(ii).  We request that any materials in this category be specifically identified from among the materials produced pursuant to the defendant's other Rule 16 and *Brady* requests, both to enable counsel to prepare effectively for trial and to afford Sadr an opportunity to move to suppress any evidence the prosecution intends to use in its case-in-chief. *See* Fed. R. Crim. P. 12(b)(3)(C) and 12(b)(4)(B).

3.      All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that are material to the preparation of Sadr's defense, *see* Fed. R. Crim. P. 16(a)(l)(E)(i), including, but not limited to, those items set forth in paragraphs III.4 to III.14 below.

4.      All documents reflecting the alleged specific "international financial transactions" at issue in Count Two of the indictment.  Indictment ¶ 19.

5.      All documents reflecting the alleged "financial transactions" at issue in Counts Three and Four of the indictment.  Indictment ¶¶ 23, 26.

6.      All documents reflecting the alleged false and fraudulent pretenses, representations and promises at issue in Counts Three and Four of the indictment.  Indictment ¶¶ 23, 26.

7.      All documents reflecting the alleged monetary transactions and transfers at issue in Counts Five and Six of the indictment.  Indictment ¶¶ 29, 32.

8.      All documents relating to Sadr or the conduct alleged in the indictment that were introduced as exhibits before the grand jury.  We request that any materials in this category be specifically identified from among the materials produced pursuant to the defendant's other Rule 16 and *Brady* requests.

9.      All documents relating to Sadr or the conduct alleged in the indictment that were obtained by or for the grand jury or pursuant to any grand jury or trial subpoena.  This request includes any documents furnished informally to prosecutors in lieu of formal compliance with a subpoena.

September 25, 2018
Page 5



10.     All documents relating to Sadr or the conduct alleged in the indictment obtained from any witness who testified before the grand jury, or who was interviewed or consulted during the course of the grand jury investigation.

11.     All documents relating to Sadr or the conduct alleged in the indictment that were obtained by any search or seizure pursuant to a search warrant or otherwise.

12.     All documents relating to Sadr or the conduct alleged in the indictment obtained from any federal, state or local governmental, regulatory or legislative body or agency.

13.     All documents relating to press releases or press conferences concerning Sadr or the investigation of the defendant, and all other documents relating to any contacts between the government and representatives of the media concerning Sadr or the investigation of the defendant.

14.     All documents relating to the reputation of Sadr, including, without limitation, any documents relating to Sadr's reputation for honesty, integrity, or competence.

## IV.    *Brady* and *Giglio* Material

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1985), *Kyles v. Whitney*, 514 U.S. 419 (1995), and New York Rule of Professional Conduct 3.8, Sadr requests immediate identification and disclosure of all documents and information (in whatever form) that are favorable to the defense or that would tend to exculpate Sadr or mitigate his culpability with respect to the charges in the indictment, that would tend to impeach any potential witness against Sadr, or that are relevant to the issue of sentencing, including but not limited to the following:

1.     Any document or information indicating or tending to establish that any of the allegations in the indictment are not true.

2.     Any document or information indicating or tending to establish that any meeting, conversation, use of words, practice, or conduct that is the subject of the indictment or forms the basis of the indictment did not violate government laws, regulations, standards or established business practices.

3.     Any document or information indicating or tending to establish that Sadr believed that any meeting, conversation, use of words, practice, or conduct that is the subject of the indictment or forms the basis of the indictment did not constitute a crime.

4.     Any document or information indicating or tending to establish that any other person (including but not limited to the alleged co-conspirators) believed that any meeting, conversation, use of words, practice, or conduct that is the subject of the indictment or forms the basis of the indictment did not constitute a crime.



5.      Any documents or information indicating or tending to establish that Sadr did not instigate, control, authorize, approve, or acquiesce in the practices that are the subject of the indictment.

6.      Any documents or information indicating or tending to establish that the alleged false or fraudulent pretenses were not false.

7.      Any documents or information indicating or tending to establish that the alleged false or fraudulent pretenses were not material.

8.      Any documents or information indicating or tending to establish that a third person was responsible for the financial transactions at issue in any count of the indictment.

9.      Any document or information indicating or tending to establish that Sadr engaged in any conduct that forms the basis of the indictment in reliance upon advice provided by counsel or accountants.

10.     Any document or information (in whatever form) that could be used to impeach any potential government witness, or any person whose statements will be introduced pursuant to Fed. R. Evid. 801(d)(2)(C), (D), or (E), including but not limited to:

>    a.      Any document or information relating to any conviction, arrest, or criminal record of, and any criminal charge brought against, any potential government witness;

>    b.      Any document or information relating to promises, consideration, or inducements made to any potential government witness, whether directly to the witness or indirectly to the witness' attorney, friends, family, employer, business associates, or other culpable or at risk third-party. "Consideration" means anything of value or use, including immunity grants, whether formal or informal, witness fees, transportation or relocation assistance, money, dropped or reduced charges or suggestions of favorable treatment with respect to any federal, state or local criminal, civil, or administrative matter, expectations of downward departures or motions for reduction of sentence, considerations regarding forfeiture of assets, or stays of deportation or other immigration status considerations;

>    c.      Any document or information tending to show the bias of a potential government witness, including animosity toward Sadr, animosity toward any group or entity of which Sadr is a member or with which Sadr is affiliated, a relationship with the alleged victim, or known but uncharged criminal conduct that may provide an incentive to curry favor with a prosecutor;

>    d.      Any document or information affecting the reliability of a potential government witness's testimony, including known alcohol or substance

September 25, 2018
Page 7



abuse, mental health issues or other issues that could affect the witness's
ability to perceive and recall events;

e.  Any document or information relating to any inconsistency in statements
given by any potential government witness;

f.  Any document or information relating to any inconsistency between
agents' and/or prosecutors' rough notes and FBI 302s or other memoranda
of interviews of any potential government witness;

g.  Any document or information bearing adversely on the character or
reputation for truthfulness of any potential government witness; and

h.  Each specific instance of conduct from which it could be inferred that any
potential government witness is untruthful.

11.  The date of and participants in each and every interview (including not only
interviews conducted by the U.S. Attorney's Office or the Manhattan District Attorney's Office,
but also interviews conducted by third parties), debriefing, "queen for a day" session, proffer,
deposition, or other statement or description of the alleged facts made by each potential
government witness (whether directly or indirectly, such as a proffer made by counsel).  In
addition, please specify, as to each such witness, the first date on which the witness made any
allegation that Sadr engaged in any allegedly unlawful conduct or any conduct alleged in the
indictment.

As you are aware, New York has adopted Rule of Professional Conduct 3.8, entitled
"Special Responsibilities of Prosecutors and Other Government Lawyers," which provides that a
prosecutor "shall make timely disclosure to [the defense] of evidence or information known to
the prosecutor or other government lawyer that tends to negate the guilt of the accused, mitigate
the degree of the offense, or reduce the sentence . . . ."  Rule 3.8(b).  The Supreme Court has
recognized that Rule 3.8 imposes a higher standard on prosecutors than the standards mandating
disclosure of exculpatory evidence under *Brady*.  *See Kyles*, 514 U.S. at 437 ("[*Brady*] requires
less of the prosecution than the ABA Standards for Criminal Justice, which call generally for
prosecutorial disclosures of any evidence tending to exculpate or mitigate."); ABA Standards for
Criminal Justice, Prosecution Function and Defense Function 3-3.11(a) (3d ed. 1993) ("A
prosecutor should not intentionally fail to make timely disclosure to the defense, at the earliest
feasible opportunity, of the existence of all evidence or information which tends to negate the
guilt of the accused or mitigate the offense charged or which would tend to reduce the
punishment of the accused"); ABA Model Rule of Professional Conduct 3.8(d) (1984) ("The
prosecutor in a criminal case shall . . . make timely disclosure to the defense of all evidence or
information known to the prosecutor that tends to negate the guilt of the accused or mitigates the
offense").

We contend that the foregoing categories of information constitute *Brady* and Rule 3.8(b)
material, and that disclosure should take place immediately.  Sadr further requests that the

September 25, 2018
Page 8



government identify with particularity and provide copies of all materials that qualify as *Brady* and Rule 3.8 material, as described above. Please advise us promptly whether the government will be producing *Brady* material immediately even if it is contained in what might otherwise be considered as *Jencks* material, or whether you take the position that you are not obligated to produce such material at this time.

We also request the underlying source material for any *Brady* and Rule 3.8(d) information, as opposed to any summary letter or paraphrased description of the information. Please advise us promptly whether the government will not be producing underlying source material.

For purposes of the *Brady* doctrine, "the format of the information does not determine whether it is discoverable." U.S. Attorneys' Manual § 9-5.002.B.5 (2018). For example, material exculpatory information that is provided "during a conversation with an agent or a witness is no less discoverable than if that same information were contained in an email." *Id.* We therefore request that all such information be memorialized and produced to Sadr.

## V.     Purportedly Privileged Material

Sadr specifically requests that the government produce all documents or information (in whatever form) produced to the government—or over which the government otherwise has custody, control, or possession—that are responsive to Sadr's discovery and *Brady/Giglio* requests contained herein or that the government would otherwise be legally required to produce, over which any individual or entity has asserted the attorney-client privilege and/or the attorney work product doctrine. This request applies to all such documents produced pursuant to (a) a non-waiver agreement between any individual or entity and the government, (b) a court order pursuant to Fed. R. Evid. 502, or (c) a court order concluding that the documents are covered by the crime-fraud exception to the attorney-client privilege.

Sadr also requests that you identify any person or entity that has asserted any attorney-client privilege, work product privilege, common interest privilege, or any other privilege as the basis for withholding or not producing, in whole or in part, any documents to the government or the grand jury during the investigation. Sadr further requests that you provide all documents (including all privilege logs) with respect to the assertion of or challenge to any such claimed privileges. This request specifically encompasses all pleadings, court orders, correspondence, and other material related to any grand jury litigation by the government in which it challenged any assertion of any privilege.

## VI.     Criminal Records

Pursuant to Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure, Sadr requests copies of his prior criminal record, if any.

September 25, 2018
Page 9



## VII. *Jencks* Material

Pursuant to the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure, Sadr requests that the government provide a list of the names and addresses of all witnesses that the government intends to call in its case-in-chief and all statements of those witnesses in the possession, custody, or control of the government or any other government entity, including, but not limited to, notes of interviews, FBI 302s, or other summaries prepared by government attorneys or agents, and grand jury transcripts and any other witness statements. We request that the government begin providing this material as soon as possible, or in any event no later than ninety (90) days prior to the start of trial.

## VIII. Scientific Evidence

Pursuant to Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure, Sadr requests documentation relating to all requests for, and the results of, physical or mental examinations, scientific tests, or experiments that were conducted in connection with the investigation of the charges contained in the indictment. This includes, but is not limited to:

    a.    all forensic examinations of any computer hard drive, handheld cellular telephone or mobile device that Sadr possessed or to which Sadr had access;

    b.    all handwriting exemplars, handwriting samples, handwriting or document analyses, and all documents examined or used in or related to such analyses;

    c.    all fingerprint and palm print exemplars, fingerprint samples, comparisons, and opinions of fingerprint experts, and all documents examined or used in connection with, or that relate to, those opinions; and

    d.    all polygraph examinations, psychological stress examinations, hypnotic procedures, or any other scientific procedures devised to determine whether a subject is telling the truth, or to refresh a witness' memory, and all documents that refer or relate to such examinations.

## IX. Other Crimes Evidence

Pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rules 403 and 404(b)(2) of the Federal Rules of Evidence, Sadr requests that the government disclose all evidence of similar crimes, wrongs, or acts, allegedly committed by Sadr (or any person alleged to have been acting pursuant to his instructions), upon which the government intends to rely on at trial.

Case 1:18-cr-00224-AJN Document 152-1 Filed 02/26/20 Page 110 of 124

September 25, 2018
Page 10



## X.    Suppression Issues

1.    As a predicate to potential motions pursuant to Rule 12(b) of the Federal Rules Of Criminal Procedure, *see* Rule 12(b)(4)(B), Sadr requests that he be informed:

    a.    Whether the government intends to offer into evidence any statement made by Sadr or any family member, and the substance of any such statement;

    b.    Whether any evidence in the government's possession, custody, or control was obtained by a search and seizure conducted by the government, and a description of such evidence;

    c.    Whether any evidence in the government's possession, custody, or control was obtained through electronic or mechanical surveillance, including without limitation, wiretaps, body wires, pen registers, and/or surveillance of telephone calls, and a description of such evidence;

    d.    Whether any evidence in the government's possession, custody, or control was obtained through the use of a beeper or other tracking device, and a description of such evidence;

    e.    In connection with any tape recording, wiretaps, or other surveillance of the defendant during the investigation of the allegations of the indictment or any related allegations, Sadr seeks:

        i.    The names and addresses of all such persons whose personal or business telephones the government tapped or monitored, or whose conversations or actions the government monitored by other means without the person's knowledge;

        ii.    Transcripts or other records of the statements or conversations monitored;

        iii.    The original recorded tapes created during such surveillance;

        iv.    The procedures used to conduct such surveillance; and

        v.    The authority under which such surveillance was conducted.

    f.    Whether any evidence in the government's possession, custody, or control was obtained through a mail cover and/or trash cover and a description of such evidence; and

    g.    The identities of any informant or undercover agent employed by the government during its investigation of the charges of the indictment.



2.      Sadr requests that the prosecution disclose whether it intends to offer in its case-in-chief, as a statement by the defendant, any of the following, and that it provide the substance of any such statement:

a.      Any statement as to which the defendant allegedly manifested his adoption or belief in its truth.  *See* Fed. R. Evid. 801(d)(2)(B).

b.      Any statement made by another which was purportedly authorized by the defendant.  *See* Fed. R. Evid. 801(d)(2)(C).

c.      Any statement made by an agent or servant of the defendant concerning a matter within the scope of his agency or employment made during the existence of such a relationship.  *See* Fed. R. Evid. 801(d)(2)(D).

d.      Any statement made by an alleged co-conspirator of the defendant during the course and in furtherance of any alleged conspiracy.  *See* Fed. R. Evid. 801(d)(2)(E).

## XI.     Hearsay

Sadr requests notice of any hearsay statement that the government plans to offer at trial under Federal Rule of Evidence 807, including its particulars, the declarant's name and address, and other information giving Sadr a fair opportunity to meet the statement.  Fed. R. Evid. 807(b).

## XII.    Charts and Summaries

Pursuant to Fed. R. Evid. 1006, Sadr requests that he be advised whether the government will seek to offer any chart, summary, or calculation in evidence and, if so, (1) that all such charts, summaries, and calculations be produced, and (2) that all writings, recordings, or other information on which such charts, summaries, or calculations are based be made available for inspection and copying.

## XIII.   Electronically Stored Information

Sadr requests that the government comply with the "Recommendations for Electronically Stored Information (ESI) Discovery Production in Federal Criminal Cases" issued by the Department of Justice and Administrative Office of the U.S. Courts Joint Working Group on Electronic Technology in the Criminal Justice System in February 2012.  To that end, Sadr requests the ability to "meet and confer" with the government as needed to discuss the nature, volume, and mechanics of the government's production of ESI discovery.  Among other things, Sadr makes the following requests:

1.      The government should produce ESI received from third parties in the format it was received.  However, if the government has further processed ESI received from third parties, such as by adding load files, converting native files to TIFF images, extracting metadata or other coding, or making electronic files

September 25, 2018
Page 12



searchable, the government should produce such enhanced ESI in discovery to save Sadr the expense of replicating this work. Sadr does not seek any government attorney work product by this request.

2.   The government should produce a table of contents describing the general categories of information available as ESI discovery in order to expedite Sadr's review of discovery and avoid discovery disputes, unnecessary expense, and undue delay. Further, the government should produce the cover letters that accompanied and described the third party productions of ESI and other documents to facilitate Sadr's review.

3.   For all ESI produced from a seized, searched, or subpoenaed third-party digital device (e.g., computer, hard drive, thumb drive, CD, DVD, cell phone, Blackberry, iPhone, Android, smart phone, smart watch, or personal digital assistant), the government should identify the digital device that held the ESI, identify the device's owner or custodian, and identify the location where the device was seized, searched, or from where it was produced.

4.   The government should produce any materials received in paper form in converted digital files that can be viewed and searched. These materials should be produced in multi-page TIFF and OCR format where each document is one file that may have multiple pages. Alternatively, a less preferable option would be production in multi-page, searchable PDF format. Under no circumstances should paper materials be converted into single-page TIFF images without document breaks.

5.   All production of ESI should maintain parent-child relationships between documents, such as where an email (the parent document) has attachments (the child documents).

## XIV.   Bill of Particulars

We also adopt Arnold & Porter's August 23, 2018 letter requesting a bill of particulars regarding the allegations in the indictment. We need specification of those allegations in the indictment to permit Sadr to prepare to defend the charges against him. Please advise us whether the government will provide the requested information so that we can determine whether it will be necessary to move for a bill of particulars under Federal Rule of Criminal Procedure 7(f).

September 25, 2018
Page 13



     Please let us know promptly whether there are any requests set forth in this letter with which you decline to comply.  We are available to discuss any of the foregoing requests at your convenience.  We reserve the right to supplement these requests as we continue to review the discovery material and prepare for trial.  Thank you for your consideration.

                        Sincerely,

                        Brian M. Heberlig

# EXHIBIT 38

| | |
|---|---|
| **From:** | Kim, Jane (USANYS) 4 |
| **To:** | Bove, Emil (USANYS); Crowley, Shawn (USANYS) |
| **Cc:** | Krouse, Michael (USANYS) |
| **Subject:** | Fwd: Order in 18cr224 |
| **Date:** | Monday, March 09, 2020 5:48:07 AM |
| **Attachments:** | 18cr224 Order 3.9.20.pdf |
| | ATT00001.htm |

Begin forwarded message:

**From:** Nathan NYSD Chambers <NathanNYSDChambers@nysd.uscourts.gov>
**Date:** March 9, 2020 at 1:08:53 AM EDT
**To:** "Kim, Jane (USANYS) 4" <Jane.Kim@usdoj.gov>, "Lake, Stephanie (USANYS)" <Stephanie.Lake@usdoj.gov>, "Bbishop_steptoe.com" <Bbishop@steptoe.com>, "Fragale, David" <DFragale@steptoe.com>, "Levin, Michelle" <mlevin@steptoe.com>, "Silverman, Nicholas" <nsilverman@steptoe.com>, "Weingarten, Reid" <RWeingarten@steptoe.com>, "Lynch, Garrett" <LynchG@dany.nyc.gov>, "Lynch, Garrett (USANYS) [Contractor]" <Garrett.Lynch@usdoj.gov>, "Heberlig, Brian" <BHeberlig@steptoe.com>, "Krouse, Michael (USANYS)" <Michael.Krouse@usdoj.gov>
**Subject: RE: Order in 18cr224**

Counsel,

Attached please find an Order from Judge Nathan that will appear on the docket today.  Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 9:42 PM
**To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; Fragale, David <DFragale@steptoe.com>; Levin, Michelle <mlevin@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>; Weingarten, Reid <RWeingarten@steptoe.com>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Heberlig, Brian <BHeberlig@steptoe.com>; Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Attached please find another Order from Judge Nathan that will appear on the docket on Monday.  Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 9:06 PM
**To:** 'Kim, Jane (USANYS) 4' <Jane.Kim@usdoj.gov>; 'Lake, Stephanie (USANYS)'
<Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>;
'Fragale, David' <DFragale@steptoe.com>; 'Levin, Michelle' <mlevin@steptoe.com>;
'Silverman, Nicholas' <nsilverman@steptoe.com>; 'Weingarten, Reid'
<RWeingarten@steptoe.com>; 'Lynch, Garrett' <LynchG@dany.nyc.gov>; 'Lynch,
Garrett (USANYS) [Contractor]' <Garrett.Lynch@usdoj.gov>; 'Heberlig, Brian'
<BHeberlig@steptoe.com>; 'Krouse, Michael (USANYS)' <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Attached please find another Order from Judge Nathan that will appear on the docket on Monday.  Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 5:01 PM
**To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lake, Stephanie (USANYS)
<Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; Fragale,
David <DFragale@steptoe.com>; Levin, Michelle <mlevin@steptoe.com>; Silverman,
Nicholas <nsilverman@steptoe.com>; Weingarten, Reid <RWeingarten@steptoe.com>;
Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor]
<Garrett.Lynch@usdoj.gov>; Heberlig, Brian <BHeberlig@steptoe.com>; Krouse,
Michael (USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Attached please find a third Order from Judge Nathan that will appear on the docket on Monday.  Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 4:04 PM
**To:** 'Kim, Jane (USANYS) 4' <Jane.Kim@usdoj.gov>; 'Lake, Stephanie (USANYS)'
<Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>;
'Fragale, David' <DFragale@steptoe.com>; 'Levin, Michelle' <mlevin@steptoe.com>;
'Silverman, Nicholas' <nsilverman@steptoe.com>; 'Weingarten, Reid'
<RWeingarten@steptoe.com>; 'Lynch, Garrett' <LynchG@dany.nyc.gov>; 'Lynch,
Garrett (USANYS) [Contractor]' <Garrett.Lynch@usdoj.gov>; 'Heberlig, Brian'
<BHeberlig@steptoe.com>; 'Krouse, Michael (USANYS)' <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Attached please find another Order from Judge Nathan that will appear on the docket
on Monday.  Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 12:48 PM
**To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lake, Stephanie (USANYS)
<Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; Fragale,
David <DFragale@steptoe.com>; Levin, Michelle <mlevin@steptoe.com>; Silverman,
Nicholas <nsilverman@steptoe.com>; Weingarten, Reid <RWeingarten@steptoe.com>;
Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor]
<Garrett.Lynch@usdoj.gov>; Heberlig, Brian <BHeberlig@steptoe.com>; Krouse,
Michael (USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Please confirm receipt of this Order.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 12:41 PM
**To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; Fragale, David <DFragale@steptoe.com>; Levin, Michelle <mlevin@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>; Weingarten, Reid <RWeingarten@steptoe.com>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Heberlig, Brian <BHeberlig@steptoe.com>; Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** Order in 18cr224

Counsel,

Attached please find an Order from Judge Nathan that will appear on the docket on Monday.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>                  –v–<br><br>  Ali Sadr Hashemi Nejad,<br><br>                         Defendant. | 18-cr-224 (AJN)<br><br>ORDER |

ALISON J. NATHAN, District Judge:

      The parties shall be ready to begin today, March 9, 2020, at 8:30 a.m.  The Government

shall be prepared to discuss, among other matters, its representation to the Court (in response to

the Court's March 8, 2020 Order) that it "made clear" in its March 7 correspondence with Mr.

Sadr's counsel "that GX 411 was a newly marked exhibit."  *See* Dkt. No. 277.

      SO ORDERED.

Dated: March ___9___, 2020
      New York, New York

_____
         ALISON J. NATHAN
       United States District Judge

# EXHIBIT 39

Emil >

Mon, Mar 9, 7:13 AM

Ugh. These poor guys. This is going to be a bloodbath

7:13 AM

Definitely a blood bath. I have mixed feelings about sympathy.  AJN's orders are nuts, especially this last one, and the 45 min response time is impossible to deal with. But they've done some pretty aggressive stuff here over the last few days. I still figure worst case is the instruction, and it's not like the defense has the moral high ground in the jury's eyes given all their theatrics

7:20 AM

Yeah we lied in that letter

7:24 AM

1:23

**Emil** ›

I feel like this is going to be mistrial · 9:28 AM

Yes · 9:28 AM

Mon, Mar 9, 12:52 PM

She's not gonna give us time · 12:52 PM

Mon, Mar 9, 2:16 PM

Do we need decl from Ilan mike Buckley · 2:16 PM

Should we transfer TP bomber to bane · 2:18 PM

Good call. If the compl survives · 2:19 PM

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

29

K39TSADE                    EXCERPT

say, "Look, maybe we're not as great as everybody thinks we
are, we just missed that, we didn't care whether or not OFAC
actually did anything even after they got a letter from
Commerzbank saying $29 million went to this potentially Iranian
company, maybe we just weren't interested," and that's just the
truth, then we have an application for a stipulation that I
will submit to Court.

But if they actually knew that OFAC did nothing,
behaved the way they behaved in this Court, we are in mistrial
with prejudice territory.

THE COURT:  All right.  Mr. Krouse.

MR. KROUSE:  Yes, your Honor, I can address that
point.  Mr. Kim -- just factually, Mr. Kim, his answer was
February of this year when the government started preparing him

· 2:20 PM

iMessage

Emil

K39TSADE            EXCERPT

say, "Look, maybe we're not as great as everybody thinks we

are, we just missed that, we didn't care whether or not OFAC

actually did anything even after they got a letter from

Commerzbank saying $29 million went to this potentially Iranian

company, maybe we just weren't interested," and that's just the

truth, then we have an application for a stipulation that I

will submit to Court.

2:20 PM

       But if they actually knew that OFAC did nothing,

behaved the way they behaved in this Court, we are in mistrial

with prejudice territory.

            THE COURT:  All right.  Mr. Krouse.

            MR. KROUSE:  Yes, your Honor, I can address that

point.  Mr. Kim -- just factually, Mr. Kim, his answer was

February of this year when the government started preparing him

as an expert witness.  He wasn't the OFAC person, to the extent

there was an OFAC person dealing with this case, he was called

as an expert witness to testify about OFAC general processes

and procedures.

            The government's understanding has always been that

was never occasions in the years of this investigation that

OFAC wasn't inquired about what they did and didn't do in

reference to my client and the companies that you are familiar

with.  We want declarations from every prosecutor who worked on

this case.  If they're incompetent enough to not make those

inquiries, I will live with that, but I don't believe it.

            THE COURT:  I will grant that application.

            So we have to proceed now.  I have all my jurors.

This is not resolved.  I think the question is:  Can we proceed

with Peri and the documents and continue to deal with this?

            MR. WEINGARTEN:  We're capable of finishing the

2:20 PM

K39TSADE            EXCERPT

government's case, if that's the Court's wish.  We had

resolved, before this nightmare, that we were going to put the

client on, and we're prepared to do that.  We think this is a

huge issue, and we think this really has the potential to end

this trial.

       I think when all the prosecutors are quizzed about

5:06 PM

I have to fucking leave to set up for this thing in like 5 mins

5:06 PM

Can we talk briefly?

5:06 PM

I'm so sorry. I will absolutely come back

5:06 PM

I'm coming in

5:06 PM

Mon, Mar 9, 7:36 PM

Is this as bad as it seems?

7:36 PM

I am so sorry

7:36 PM

No worries we're tag teaming it will be fine

8:02 PM

I just gave Garrett an hour long cx tutorial

8:08 PM

Krouse is sending me the draft letter in 10

8:08 PM

# EXHIBIT 40

| | |
|---|---|
| **From:** | Crowley, Shawn (USANYS) |
| **To:** | Kim, Jane (USANYS) 4 |
| **Cc:** | Bove, Emil (USANYS); Krouse, Michael (USANYS) |
| **Subject:** | Re: Order in 18cr224 |
| **Date:** | Monday, March 09, 2020 7:24:04 AM |

Thanks guys. I know you've got this, but I think we need to fall on our sword big time here. We didn't make that clear in the transmittal email and shouldn't have represented that we did. We'll see you soon. It's going to be ok.

> On Mar 9, 2020, at 5:48 AM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:

> Begin forwarded message:

>> **From:** Nathan NYSD Chambers <NathanNYSDChambers@nysd.uscourts.gov>
>> **Date:** March 9, 2020 at 1:08:53 AM EDT
>> **To:** "Kim, Jane (USANYS) 4" <Jane.Kim@usdoj.gov>, "Lake, Stephanie (USANYS)" <Stephanie.Lake@usdoj.gov>, "Bbishop_steptoe.com" <Bbishop@steptoe.com>, "Fragale, David" <DFragale@steptoe.com>, "Levin, Michelle" <mlevin@steptoe.com>, "Silverman, Nicholas" <nsilverman@steptoe.com>, "Weingarten, Reid" <RWeingarten@steptoe.com>, "Lynch, Garrett" <LynchG@dany.nyc.gov>, "Lynch, Garrett (USANYS) [Contractor]" <Garrett.Lynch@usdoj.gov>, "Heberlig, Brian" <BHeberlig@steptoe.com>, "Krouse, Michael (USANYS)" <Michael.Krouse@usdoj.gov>
>> **Subject: RE: Order in 18cr224**

>> Counsel,

>> Attached please find an Order from Judge Nathan that will appear on the docket today.  Please confirm receipt.

>> Sincerely,
>> Alyssa O'Gallagher
>> Law Clerk to the Hon. Alison J. Nathan

>> **From:** Nathan NYSD Chambers
>> **Sent:** Sunday, March 8, 2020 9:42 PM

**To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; Fragale, David <DFragale@steptoe.com>; Levin, Michelle <mlevin@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>; Weingarten, Reid <RWeingarten@steptoe.com>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Heberlig, Brian <BHeberlig@steptoe.com>; Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Attached please find another Order from Judge Nathan that will appear on the docket on Monday.  Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 9:06 PM
**To:** 'Kim, Jane (USANYS) 4' <Jane.Kim@usdoj.gov>; 'Lake, Stephanie (USANYS)' <Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; 'Fragale, David' <DFragale@steptoe.com>; 'Levin, Michelle' <mlevin@steptoe.com>; 'Silverman, Nicholas' <nsilverman@steptoe.com>; 'Weingarten, Reid' <RWeingarten@steptoe.com>; 'Lynch, Garrett' <LynchG@dany.nyc.gov>; 'Lynch, Garrett (USANYS) [Contractor]' <Garrett.Lynch@usdoj.gov>; 'Heberlig, Brian' <BHeberlig@steptoe.com>; 'Krouse, Michael (USANYS)' <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Attached please find another Order from Judge Nathan that will appear on the docket on Monday.  Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers

**Sent:** Sunday, March 8, 2020 5:01 PM
**To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lake, Stephanie
(USANYS) <Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com
<Bbishop@steptoe.com>; Fragale, David <DFragale@steptoe.com>; Levin,
Michelle <mlevin@steptoe.com>; Silverman, Nicholas
<nsilverman@steptoe.com>; Weingarten, Reid
<RWeingarten@steptoe.com>; Lynch, Garrett <LynchG@dany.nyc.gov>;
Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>;
Heberlig, Brian <BHeberlig@steptoe.com>; Krouse, Michael (USANYS)
<Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Attached please find a third Order from Judge Nathan that will appear on
the docket on Monday.  Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 4:04 PM
**To:** 'Kim, Jane (USANYS) 4' <Jane.Kim@usdoj.gov>; 'Lake, Stephanie
(USANYS)' <Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com
<Bbishop@steptoe.com>; 'Fragale, David' <DFragale@steptoe.com>;
'Levin, Michelle' <mlevin@steptoe.com>; 'Silverman, Nicholas'
<nsilverman@steptoe.com>; 'Weingarten, Reid'
<RWeingarten@steptoe.com>; 'Lynch, Garrett' <LynchG@dany.nyc.gov>;
'Lynch, Garrett (USANYS) [Contractor]' <Garrett.Lynch@usdoj.gov>;
'Heberlig, Brian' <BHeberlig@steptoe.com>; 'Krouse, Michael (USANYS)'
<Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Attached please find another Order from Judge Nathan that will appear
on the docket on Monday.  Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers

**Sent:** Sunday, March 8, 2020 12:48 PM
**To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lake, Stephanie
(USANYS) <Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com
<Bbishop@steptoe.com>; Fragale, David <DFragale@steptoe.com>; Levin,
Michelle <mlevin@steptoe.com>; Silverman, Nicholas
<nsilverman@steptoe.com>; Weingarten, Reid
<RWeingarten@steptoe.com>; Lynch, Garrett <LynchG@dany.nyc.gov>;
Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>;
Heberlig, Brian <BHeberlig@steptoe.com>; Krouse, Michael (USANYS)
<Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Please confirm receipt of this Order.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 12:41 PM
**To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lake, Stephanie
(USANYS) <Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com
<Bbishop@steptoe.com>; Fragale, David <DFragale@steptoe.com>; Levin,
Michelle <mlevin@steptoe.com>; Silverman, Nicholas
<nsilverman@steptoe.com>; Weingarten, Reid
<RWeingarten@steptoe.com>; Lynch, Garrett <LynchG@dany.nyc.gov>;
Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>;
Heberlig, Brian <BHeberlig@steptoe.com>; Krouse, Michael (USANYS)
<Michael.Krouse@usdoj.gov>
**Subject:** Order in 18cr224

Counsel,

Attached please find an Order from Judge Nathan that will appear on the
docket on Monday.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

<18cr224 Order 3.9.20.pdf>

# EXHIBIT 41

| | |
|---|---|
| **From:** | Kim, Jane (USANYS) 4 |
| **To:** | Krouse, Michael (USANYS) |
| **Cc:** | Crowley, Shawn (USANYS); Bove, Emil (USANYS) |
| **Subject:** | Re: Order in 18cr224 |
| **Date:** | Monday, March 09, 2020 7:38:09 AM |

I've already stabbed myself.

On Mar 9, 2020, at 7:34 AM, Krouse, Michael (USANYS) <MKrouse@usa.doj.gov> wrote:

> I'm ready to fall.  I'm here if you'd like to discuss.
>
> Sent from my iPhone
>
> On Mar 9, 2020, at 7:24 AM, Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov> wrote:
>
>> Thanks guys. I know you've got this, but I think we need to fall on our sword big time here. We didn't make that clear in the transmittal email and shouldn't have represented that we did. We'll see you soon. It's going to be ok.
>>
>> On Mar 9, 2020, at 5:48 AM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:
>>
>>> Begin forwarded message:
>>>
>>>> **From:** Nathan NYSD Chambers <NathanNYSDChambers@nysd.uscourts.gov>
>>>> **Date:** March 9, 2020 at 1:08:53 AM EDT
>>>> **To:** "Kim, Jane (USANYS) 4" <Jane.Kim@usdoj.gov>, "Lake, Stephanie (USANYS)" <Stephanie.Lake@usdoj.gov>, "Bbishop_steptoe.com" <Bbishop@steptoe.com>, "Fragale, David" <DFragale@steptoe.com>, "Levin, Michelle" <mlevin@steptoe.com>, "Silverman, Nicholas" <nsilverman@steptoe.com>, "Weingarten, Reid" <RWeingarten@steptoe.com>, "Lynch, Garrett" <LynchG@dany.nyc.gov>, "Lynch, Garrett (USANYS) [Contractor]"

<[Garrett.Lynch@usdoj.gov](mailto:Garrett.Lynch@usdoj.gov)>, "Heberlig, Brian" <[BHeberlig@steptoe.com](mailto:BHeberlig@steptoe.com)>, "Krouse, Michael (USANYS)" <[Michael.Krouse@usdoj.gov](mailto:Michael.Krouse@usdoj.gov)>

**Subject: RE: Order in 18cr224**

Counsel,

Attached please find an Order from Judge Nathan that will appear on the docket today. Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 9:42 PM
**To:** Kim, Jane (USANYS) 4 <[Jane.Kim@usdoj.gov](mailto:Jane.Kim@usdoj.gov)>; Lake, Stephanie (USANYS) <[Stephanie.Lake@usdoj.gov](mailto:Stephanie.Lake@usdoj.gov)>; [Bbishop_steptoe.com](mailto:Bbishop_steptoe.com) <[Bbishop@steptoe.com](mailto:Bbishop@steptoe.com)>; Fragale, David <[DFragale@steptoe.com](mailto:DFragale@steptoe.com)>; Levin, Michelle <[mlevin@steptoe.com](mailto:mlevin@steptoe.com)>; Silverman, Nicholas <[nsilverman@steptoe.com](mailto:nsilverman@steptoe.com)>; Weingarten, Reid <[RWeingarten@steptoe.com](mailto:RWeingarten@steptoe.com)>; Lynch, Garrett <[LynchG@dany.nyc.gov](mailto:LynchG@dany.nyc.gov)>; Lynch, Garrett (USANYS) [Contractor] <[Garrett.Lynch@usdoj.gov](mailto:Garrett.Lynch@usdoj.gov)>; Heberlig, Brian <[BHeberlig@steptoe.com](mailto:BHeberlig@steptoe.com)>; Krouse, Michael (USANYS) <[Michael.Krouse@usdoj.gov](mailto:Michael.Krouse@usdoj.gov)>
**Subject:** RE: Order in 18cr224

Counsel,

Attached please find another Order from Judge Nathan that will appear on the docket on Monday.  Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 9:06 PM
**To:** 'Kim, Jane (USANYS) 4'
<Jane.Kim@usdoj.gov>; 'Lake, Stephanie
(USANYS)' <Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>; 'Fragale, David'
<DFragale@steptoe.com>; 'Levin, Michelle'
<mlevin@steptoe.com>; 'Silverman, Nicholas'
<nsilverman@steptoe.com>; 'Weingarten,
Reid' <RWeingarten@steptoe.com>; 'Lynch,
Garrett' <LynchG@dany.nyc.gov>; 'Lynch,
Garrett (USANYS) [Contractor]'
<Garrett.Lynch@usdoj.gov>; 'Heberlig, Brian'
<BHeberlig@steptoe.com>; 'Krouse, Michael
(USANYS)' <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Attached please find another Order from Judge
Nathan that will appear on the docket on
Monday.  Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 5:01 PM
**To:** Kim, Jane (USANYS) 4
<Jane.Kim@usdoj.gov>; Lake, Stephanie
(USANYS) <Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>; Fragale, David
<DFragale@steptoe.com>; Levin, Michelle
<mlevin@steptoe.com>; Silverman, Nicholas
<nsilverman@steptoe.com>; Weingarten, Reid
<RWeingarten@steptoe.com>; Lynch, Garrett
<LynchG@dany.nyc.gov>; Lynch, Garrett
(USANYS) [Contractor]
<Garrett.Lynch@usdoj.gov>; Heberlig, Brian
<BHeberlig@steptoe.com>; Krouse, Michael
(USANYS) <Michael.Krouse@usdoj.gov>

**Subject:** RE: Order in 18cr224

Counsel,

Attached please find a third Order from Judge Nathan that will appear on the docket on Monday.  Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 4:04 PM
**To:** 'Kim, Jane (USANYS) 4' <Jane.Kim@usdoj.gov>; 'Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Bbishop_steptoe.com <Bbishop@steptoe.com>; 'Fragale, David' <DFragale@steptoe.com>; 'Levin, Michelle' <mlevin@steptoe.com>; 'Silverman, Nicholas' <nsilverman@steptoe.com>; 'Weingarten, Reid' <RWeingarten@steptoe.com>; 'Lynch, Garrett' <LynchG@dany.nyc.gov>; 'Lynch, Garrett (USANYS) [Contractor]' <Garrett.Lynch@usdoj.gov>; 'Heberlig, Brian' <BHeberlig@steptoe.com>; 'Krouse, Michael (USANYS)' <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Attached please find another Order from Judge Nathan that will appear on the docket on Monday.  Please confirm receipt.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 12:48 PM
**To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lake, Stephanie

(USANYS) <Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>; Fragale, David
<DFragale@steptoe.com>; Levin, Michelle
<mlevin@steptoe.com>; Silverman, Nicholas
<nsilverman@steptoe.com>; Weingarten, Reid
<RWeingarten@steptoe.com>; Lynch, Garrett
<LynchG@dany.nyc.gov>; Lynch, Garrett
(USANYS) [Contractor]
<Garrett.Lynch@usdoj.gov>; Heberlig, Brian
<BHeberlig@steptoe.com>; Krouse, Michael
(USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** RE: Order in 18cr224

Counsel,

Please confirm receipt of this Order.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

---

**From:** Nathan NYSD Chambers
**Sent:** Sunday, March 8, 2020 12:41 PM
**To:** Kim, Jane (USANYS) 4
<Jane.Kim@usdoj.gov>; Lake, Stephanie
(USANYS) <Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>; Fragale, David
<DFragale@steptoe.com>; Levin, Michelle
<mlevin@steptoe.com>; Silverman, Nicholas
<nsilverman@steptoe.com>; Weingarten, Reid
<RWeingarten@steptoe.com>; Lynch, Garrett
<LynchG@dany.nyc.gov>; Lynch, Garrett
(USANYS) [Contractor]
<Garrett.Lynch@usdoj.gov>; Heberlig, Brian
<BHeberlig@steptoe.com>; Krouse, Michael
(USANYS) <Michael.Krouse@usdoj.gov>
**Subject:** Order in 18cr224

Counsel,

Attached please find an Order from Judge
Nathan that will appear on the docket on

Monday.

Sincerely,
Alyssa O'Gallagher
Law Clerk to the Hon. Alison J. Nathan

&lt;18cr224 Order 3.9.20.pdf&gt;

# EXHIBIT 42

| | |
|---|---|
| **From:** | Strauss, Audrey (USANYS) |
| **To:** | Crowley, Shawn (USANYS); Birger, Laura (USANYS) |
| **Cc:** | Bove, Emil (USANYS) |
| **Subject:** | RE: Order in 18cr224 |
| **Date:** | Monday, March 09, 2020 9:49:14 AM |

Yes.

**From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Sent:** Monday, March 9, 2020 9:44 AM
**To:** Birger, Laura (USANYS) <LBirger@usa.doj.gov>; Strauss, Audrey (USANYS) <AStrauss@usa.doj.gov>
**Cc:** Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Subject:** Re: Order in 18cr224

We just left court. Are you available to discuss briefly? Thanks.


On Mar 9, 2020, at 8:31 AM, Birger, Laura (USANYS) <LBirger@usa.doj.gov> wrote:


Ok. I'd come too but I am still on this stopped train.


On Mar 9, 2020, at 8:30 AM, Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov> wrote:


No problem. I spoke to her. I think she appreciated the heads up, but also made clear that this morning is going to be unpleasant. She asked if we were aware of the disclosure issues. I assured her that we are and have been working with the team on them all weekend. I also said we'd be in court this morning and she said something like "yes I'd hope so." It seems important to her that this has been elevated.


On Mar 9, 2020, at 8:09 AM, Birger, Laura (USANYS) <LBirger@usa.doj.gov> wrote:


Thanks.   I'm so sorry.


On Mar 9, 2020, at 8:08 AM, Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov> wrote:

No problem. Will call now

On Mar 9, 2020, at 8:03 AM,
Birger, Laura (USANYS)
<LBirger@usa.doj.gov> wrote:

I am stuck on a train.  This is not a
call I want to make from the train,
both due to sensitivity and
connection problems.  At this
point, I don't see how I can get to
a place from which I can call
before an 8:30 appearance.   I'm
so sorry but can one of you call?
Just say you are her supervisor
and you wanted the court to
know why she isn't there.

On Mar 9, 2020, at
6:56 AM, Crowley,
Shawn (USANYS)
<SCrowley@usa.doj.gov>
wrote:

For timing purposes,
Judge Nathan issued
this order saying we
are starting this
morning at 8:30 and
should be prepared
to address a
representation we
made in an earlier
filing.

Begin forwarded
message:

**From:**
"Kim,
Jane
(USANYS)
4"
<JKim4@usa.doj.gov>
**Date:**
March
9, 2020
at
5:48:11
AM
EDT
**To:**
"Bove,
Emil
(USANYS)"
<EBove@usa.doj.gov>,
"Crowley,
Shawn
(USANYS)"
<SCrowley@usa.doj.gov>
**Cc:**
"Krouse,
Michael
(USANYS)"
<MKrouse@usa.doj.gov>
**Subject:
Fwd:
Order
in
18cr224**


Begin
forwarded
message:

> **From:**
> Nathan
> NYSD
> Chambers
> <NathanNYSDChambers@nysd.uscourts.gov>

**Date:**
March
9,
2020
at
1:08:53
AM
EDT
**To:**
"Kim,
Jane
(USANYS)
4"
<Jane.Kim@usdoj.gov>,
"Lake,
Stephanie
(USANYS)"
<Stephanie.Lake@usdoj.gov>,
"Bbishop_steptoe.com"
<Bbishop@steptoe.com>,
"Fragale,
David"
<DFragale@steptoe.com>,
"Levin,
Michelle"
<mlevin@steptoe.com>,
"Silverman,
Nicholas"
<nsilverman@steptoe.com>,
"Weingarten,
Reid"
<RWeingarten@steptoe.com>,
"Lynch,
Garrett"
<LynchG@dany.nyc.gov>,
"Lynch,
Garrett
(USANYS)
[Contractor]"
<Garrett.Lynch@usdoj.gov>,
"Heberlig,
Brian"
<BHeberlig@steptoe.com>,
"Krouse,
Michael

(USANYS)"
<[Michael.Krouse@usdoj.gov](mailto:Michael.Krouse@usdoj.gov)>
**Subject:**
**RE:**
**Order**
**in**
**18cr224**

Counsel,

Attached
please
find
an
Order
from
Judge
Nathan
that
will
appear
on
the
docket
today.
Please
confirm
receipt.

Sincerely,
Alyssa
O'Gallagher
Law
Clerk
to
the
Hon.
Alison
J.
Nathan

**From:**
Nathan
NYSD
Chambers

**Sent:**
Sunday,
March
8,
2020
9:42
PM
**To:**
Kim,
Jane
(USANYS)
4
<Jane.Kim@usdoj.gov>;
Lake,
Stephanie
(USANYS)
<Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>;
Fragale,
David
<DFragale@steptoe.com>;
Levin,
Michelle
<mlevin@steptoe.com>;
Silverman,
Nicholas
<nsilverman@steptoe.com>;
Weingarten,
Reid
<RWeingarten@steptoe.com>;
Lynch,
Garrett
<LynchG@dany.nyc.gov>;
Lynch,
Garrett
(USANYS)
[Contractor]
<Garrett.Lynch@usdoj.gov>;
Heberlig,
Brian
<BHeberlig@steptoe.com>;
Krouse,
Michael
(USANYS)

<Michael.Krouse@usdoj.gov>

**Subject:**
RE:
Order
in
18cr224

Counsel,

Attached
please
find
another
Order
from
Judge
Nathan
that
will
appear
on
the
docket
on
Monday.
Please
confirm
receipt.

Sincerely,
Alyssa
O'Gallagher
Law
Clerk
to
the
Hon.
Alison
J.
Nathan

**From:**
Nathan
NYSD

Chambers

**Sent:**
Sunday,
March
8,
2020
9:06
PM

**To:**
'Kim,
Jane
(USANYS)
4'
<Jane.Kim@usdoj.gov>;
'Lake,
Stephanie
(USANYS)'
<Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>;
'Fragale,
David'
<DFragale@steptoe.com>;
'Levin,
Michelle'
<mlevin@steptoe.com>;
'Silverman,
Nicholas'
<nsilverman@steptoe.com>;
'Weingarten,
Reid'
<RWeingarten@steptoe.com>;
'Lynch,
Garrett'
<LynchG@dany.nyc.gov>;
'Lynch,
Garrett
(USANYS)
[Contractor]'
<Garrett.Lynch@usdoj.gov>;
'Heberlig,
Brian'
<BHeberlig@steptoe.com>;
'Krouse,
Michael

(USANYS)'
<[Michael.Krouse@usdoj.gov](mailto:Michael.Krouse@usdoj.gov)>

**Subject:**
RE:
Order
in
18cr224

Counsel,

Attached
please
find
another
Order
from
Judge
Nathan
that
will
appear
on
the
docket
on
Monday.
Please
confirm
receipt.

Sincerely,
Alyssa
O'Gallagher
Law
Clerk
to
the
Hon.
Alison
J.
Nathan

**From:**
Nathan

NYSD
Chambers
**Sent:**
Sunday,
March
8,
2020
5:01
PM
**To:**
Kim,
Jane
(USANYS)
4
<[Jane.Kim@usdoj.gov](mailto:Jane.Kim@usdoj.gov)>;
Lake,
Stephanie
(USANYS)
<[Stephanie.Lake@usdoj.gov](mailto:Stephanie.Lake@usdoj.gov)>;
[Bbishop_steptoe.com](mailto:Bbishop_steptoe.com)
<[Bbishop@steptoe.com](mailto:Bbishop@steptoe.com)>;
Fragale,
David
<[DFragale@steptoe.com](mailto:DFragale@steptoe.com)>;
Levin,
Michelle
<[mlevin@steptoe.com](mailto:mlevin@steptoe.com)>;
Silverman,
Nicholas
<[nsilverman@steptoe.com](mailto:nsilverman@steptoe.com)>;
Weingarten,
Reid
<[RWeingarten@steptoe.com](mailto:RWeingarten@steptoe.com)>;
Lynch,
Garrett
<[LynchG@dany.nyc.gov](mailto:LynchG@dany.nyc.gov)>;
Lynch,
Garrett
(USANYS)
[Contractor]
<[Garrett.Lynch@usdoj.gov](mailto:Garrett.Lynch@usdoj.gov)>;
Heberlig,
Brian
<[BHeberlig@steptoe.com](mailto:BHeberlig@steptoe.com)>;
Krouse,

Michael
(USANYS)
<[Michael.Krouse@usdoj.gov](mailto:Michael.Krouse@usdoj.gov)>
**Subject:**
RE:
Order
in
18cr224

Counsel,

Attached
please
find
a
third
Order
from
Judge
Nathan
that
will
appear
on
the
docket
on
Monday.
Please
confirm
receipt.

Sincerely,
Alyssa
O'Gallagher
Law
Clerk
to
the
Hon.
Alison
J.
Nathan

**From:**
Nathan
NYSD
Chambers
**Sent:**
Sunday,
March
8,
2020
4:04
PM
**To:**
'Kim,
Jane
(USANYS)
4'
<Jane.Kim@usdoj.gov>;
'Lake,
Stephanie
(USANYS)'
<Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>;
'Fragale,
David'
<DFragale@steptoe.com>;
'Levin,
Michelle'
<mlevin@steptoe.com>;
'Silverman,
Nicholas'
<nsilverman@steptoe.com>;
'Weingarten,
Reid'
<RWeingarten@steptoe.com>;
'Lynch,
Garrett'
<LynchG@dany.nyc.gov>;
'Lynch,
Garrett
(USANYS)
[Contractor]'
<Garrett.Lynch@usdoj.gov>;
'Heberlig,
Brian'

<BHeberlig@steptoe.com>;
'Krouse,
Michael
(USANYS)'
<Michael.Krouse@usdoj.gov>
**Subject:**
RE:
Order
in
18cr224

Counsel,

Attached
please
find
another
Order
from
Judge
Nathan
that
will
appear
on
the
docket
on
Monday.
Please
confirm
receipt.

Sincerely,
Alyssa
O'Gallagher
Law
Clerk
to
the
Hon.
Alison
J.
Nathan

**From:**
Nathan
NYSD
Chambers
**Sent:**
Sunday,
March
8,
2020
12:48
PM
**To:**
Kim,
Jane
(USANYS)
4
<Jane.Kim@usdoj.gov>;
Lake,
Stephanie
(USANYS)
<Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>;
Fragale,
David
<DFragale@steptoe.com>;
Levin,
Michelle
<mlevin@steptoe.com>;
Silverman,
Nicholas
<nsilverman@steptoe.com>;
Weingarten,
Reid
<RWeingarten@steptoe.com>;
Lynch,
Garrett
<LynchG@dany.nyc.gov>;
Lynch,
Garrett
(USANYS)
[Contractor]
<Garrett.Lynch@usdoj.gov>;
Heberlig,
Brian

<[BHeberlig@steptoe.com](mailto:BHeberlig@steptoe.com)>;
Krouse,
Michael
(USANYS)
<[Michael.Krouse@usdoj.gov](mailto:Michael.Krouse@usdoj.gov)>

**Subject:**
RE:
Order
in
18cr224

Counsel,

Please
confirm
receipt
of
this
Order.

Sincerely,
Alyssa
O'Gallagher
Law
Clerk
to
the
Hon.
Alison
J.
Nathan

**From:**
Nathan
NYSD
Chambers
**Sent:**
Sunday,
March
8,
2020
12:41
PM
**To:**

Kim,
Jane
(USANYS)
4
<Jane.Kim@usdoj.gov>;
Lake,
Stephanie
(USANYS)
<Stephanie.Lake@usdoj.gov>;
Bbishop_steptoe.com
<Bbishop@steptoe.com>;
Fragale,
David
<DFragale@steptoe.com>;
Levin,
Michelle
<mlevin@steptoe.com>;
Silverman,
Nicholas
<nsilverman@steptoe.com>;
Weingarten,
Reid
<RWeingarten@steptoe.com>;
Lynch,
Garrett
<LynchG@dany.nyc.gov>;
Lynch,
Garrett
(USANYS)
[Contractor]
<Garrett.Lynch@usdoj.gov>;
Heberlig,
Brian
<BHeberlig@steptoe.com>;
Krouse,
Michael
(USANYS)
<Michael.Krouse@usdoj.gov>
**Subject:**
Order
in
18cr224

Counsel,

Attached
please
find
an
Order
from
Judge
Nathan
that
will
appear
on
the
docket
on
Monday.

Sincerely,
Alyssa
O'Gallagher
Law
Clerk
to
the
Hon.
Alison
J.
Nathan

<18cr224 Order
3.9.20.pdf>

# EXHIBIT 43

1:46

 2      **2 People** ›

iMessage
Mon, Mar 9, 10:10 AM

Michael K. .Krouse

 Sorry guys.

> Do not worry about it. You did as well as possible in that situation

Emil J. .Bove

 Seriously. Hang in there.

Michael K. .Krouse

 Thanks for the support. But that was rough.

I guess we need Flip, Bekah, Laroche, and Denton to provide a declaration on whether or not they asked OFAC if they did anything in this case / in response to that letter (and if they ever saw the letter)



> Yep we are talking to them

Emil J. .Bove

if there's any point the disclosure stuff comes up, pls shoot us a text and we'll get over there



Michael K. .Krouse

 Yep

Mon, Mar 9, 12:38 PM

     iMessage    

     

# EXHIBIT 44

| | |
|---|---|
| **From:** | Bove, Emil (USANYS) |
| **To:** | Kim, Jane (USANYS) 4 |
| **Cc:** | Kaveh.Miremadi@treasury.gov; MariaHelene.VanWagenberg@treasury.gov; Jacqueline.Brewer@treasury.gov; Lake, Stephanie (USANYS); Krouse, Michael (USANYS); LynchG@dany.nyc.gov; Lynch, Garrett (USANYS) [Contractor]; Crowley, Shawn (USANYS) |
| **Subject:** | Re: Time Sensitive Question |
| **Date:** | Monday, March 09, 2020 10:25:13 AM |

Hi Kaveh, what number can we reach you at?

On Mar 9, 2020, at 10:04 AM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:

> I don't. I'm adding my Chiefs to this chain.
>
> On Mar 9, 2020, at 9:23 AM, "Kaveh.Miremadi@treasury.gov" <Kaveh.Miremadi@treasury.gov> wrote:
>
>> Hi Jane,
>>
>> Do you know who or what division in OFAC this letter was sent to? I'm searching our records now. We may not be able to get you a comprehensive answer this morning.
>>
>> Kaveh
>>
>> ---
>>
>> **From:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>
>> **Sent:** Sunday, March 8, 2020 5:58 PM
>> **To:** Miremadi, Kaveh <Kaveh.Miremadi@treasury.gov>; Van Wagenberg, Maria-Helene <MariaHelene.VanWagenberg@treasury.gov>; Brewer, Jacqueline <Jacqueline.Brewer@treasury.gov>
>> **Cc:** Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Lynch, Garrett <LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>
>> **Subject:** Time Sensitive Question
>>
>>
>> ** Caution:** External email. Pay attention to suspicious links and attachments. Send suspicious email to suspect@treasury.gov **
>>
>>
>>
>> Kaveh, Maria, and Jacqui:

I'm attaching a letter dated June 16, 2011, from Commerzbank to OFAC concerning a specific payment.  Could you please let us know what actions OFAC took in response to this letter?  We need to update the Court on this issue tomorrow morning, so any information would be hugely appreciated.

Thank you in advance,
Jane


Jane Kim
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Phone:  (212) 637-2038
Email:  jane.kim@usdoj.gov

# EXHIBIT 45

**From:** Laroche, Matthew (USANYS)
**To:** Bove, Emil (USANYS); Crowley, Shawn (USANYS)
**Subject:** OFAC Emails
**Date:** Monday, March 09, 2020 10:27:44 AM
**Attachments:** RE Case.msg.msg
.msg.msg
RE Sadr.msg.msg

---

These are the only three emails I could find re OFAC.  The first one is what I mentioned but I can't find any follow-up after that one.

| | |
|---|---|
| **From:** | Michael.Dondarski@treasury.gov |
| **To:** | LynchG@dany.nyc.gov |
| **Cc:** | Laroche, Matthew (USANYS); Ethan.Walpole@treasury.gov; Rosanna.Wells@treasury.gov |
| **Subject:** | RE: Case |
| **Date:** | Tuesday, September 26, 2017 4:00:00 PM |

Garrett,

Thanks again for speaking last week and for passing along the slide deck. I'm copying Ethan Walpole and Rosie Wells from OFAC Enforcement on this email so they can coordinate with you on next steps or follow-up with any questions they have.

Best,

Mike

**From:** Lynch, Garrett [mailto:LynchG@dany.nyc.gov]
**Sent:** Friday, September 22, 2017 3:12 PM
**To:** Dondarski, Michael
**Cc:** Laroche, Matthew (USANYS)
**Subject:** Case

Michael,

Thanks for the call yesterday. As always, great to chat with you. Attached is the powerpoint I mentioned which gives a rough sketch of the case, the players, and the evidence. Obviously, it's the tip of the iceberg – we're happy to share more information, records, etc.

Have a great weekend. Who know...maybe you'll be a father the next time we speak!

Garrett A. Lynch

Deputy Bureau Chief

Major Economic Crimes Bureau

New York County District Attorney's Office

(212) 335-4335

lynchg@dany.nyc.gov

This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

| | |
|---|---|
| **From:** | Lynch, Garrett |
| **To:** | DeFilippis, Andrew (USANYS); Laroche, Matthew (USANYS) |
| **Date:** | Thursday, March 28, 2019 12:31:50 PM |

FYI – I just spoke to a guy I know who's the director of enforcement at OFAC to run by him the arguments they raise in their first motion about the applicability of the ITSR language (in effect at the time) to the conduct here. Confirmed the thoughts I had – we can chat whenever you guys have a chance.

Garrett A. Lynch

Deputy Bureau Chief

Major Economic Crimes Bureau

New York County District Attorney's Office

(212) 335-4335

lynchg@dany.nyc.gov

This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

| | |
|---|---|
| **From:** | Denton, David (USANYS) |
| **To:** | Laroche, Matthew (USANYS); DeFilippis, Andrew (USANYS) |
| **Cc:** | Kim, Jane (USANYS) 4; Krouse, Michael (USANYS) |
| **Subject:** | RE: Sadr |
| **Date:** | Monday, June 24, 2019 9:52:39 AM |

Figured that they weren't licensed, we just had an issue come up during Atilla jury deliberations about the proof on the lack of licenses, so it's probably just worth asking OFAC to write us one of those letters, and we can have Lisa Palluconi or whoever ends up being our OFAC witness offer it as an official record.

**From:** Laroche, Matthew (USANYS)
**Sent:** Monday, June 24, 2019 9:49 AM
**To:** DeFilippis, Andrew (USANYS) ; Denton, David (USANYS)
**Cc:** Kim, Jane (USANYS) 4 ; Krouse, Michael (USANYS)
**Subject:** RE: Sadr

Also, if the question is whether the relevant entities ever got licenses, they didn't. But if you're looking for something formal from OFAC on the shared, we don't have it.

**From:** Laroche, Matthew (USANYS)
**Sent:** Monday, June 24, 2019 9:40 AM
**To:** DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>; Denton, David (USANYS) <DDenton@usa.doj.gov>
**Cc:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Subject:** RE: Sadr

We had a few calls with Michael Dondarski at OFAC who is familiar with the case but I don't remember running license checks.

**From:** DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>
**Sent:** Monday, June 24, 2019 9:37 AM
**To:** Denton, David (USANYS) <DDenton@usa.doj.gov>
**Cc:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov>
**Subject:** RE: Sadr

I don't remember if we did…copying in Laroche. Matt, did we run any OFAC license checks in Sadr?

**From:** Denton, David (USANYS) <DDenton@usa.doj.gov>
**Sent:** Monday, June 24, 2019 9:31 AM
**To:** DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>
**Cc:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>
**Subject:** Sadr

Flip,

Did you guys have OFAC run a formal license check on the various individuals/entities here? Didn't see one on the shared, but wasn't sure if I was just looking in the wrong place.

Thanks,

Dave

David W. Denton, Jr.

Assistant U.S. Attorney

U.S. Attorney's Office

Southern District of New York
(212) 637-2744

# EXHIBIT 46

**From:**      Denton, David (USANYS)
**To:**        Bove, Emil (USANYS); Crowley, Shawn (USANYS)
**Subject:**   OFAC Comms re Sadr
**Date:**      Monday, March 09, 2020 10:30:36 AM
**Attachments:**   RE OFAC Witness Help - SDNY Nejad Prosecution.msg.msg
               Resume.msg.msg
               RE OFAC Witness Help - SDNY Nejad Prosecution.msg.msg
               RE OFAC Witness Help - SDNY Nejad Prosecution.msg.msg
               RE OFAC Witness Help - SDNY Nejad Prosecution.msg.msg
               FW OFAC Witness Help - SDNY Nejad Prosecution.msg.msg
               RE OFAC Witness Help - SDNY Nejad Prosecution.msg.msg
               RE OFAC Witness Help - SDNY Nejad Prosecution.msg.msg
               Re OFAC Witness Help - SDNY Nejad Prosecution.msg.msg
               OFAC Witness Help - SDNY Nejad Prosecution.msg.msg
               RE OFAC Witness Help.msg.msg
               OFAC.msg.msg

---

Attached are my emails with OFAC, which are all ministerial related to getting a formal license check and trial witness.  I had one call with Frank Swerda and Maria van Wagenberg just to explain what we were looking for in terms of testimony, and referencing the testimony Lisa Pallucconi gave in the Atilla trial as an example, without discussing particulars of entities or regs, which is reflected in a short summary email to the team also attached.  I left the team at the end of July before a license check request was sent, so I don't know exactly what was asked for there.


David W. Denton, Jr.
Assistant U.S. Attorney
U.S. Attorney's Office
Southern District of New York
(212) 637-2744

# EXHIBIT 47

| | |
|---|---|
| **From:** | Crowley, Shawn (USANYS) |
| **To:** | Donaleski, Rebekah (USANYS) |
| **Cc:** | Bove, Emil (USANYS) |
| **Subject:** | Sadr |
| **Date:** | Monday, March 09, 2020 10:36:10 AM |

Hey—can you give us a quick call on Sadr when you get a min?  Thanks

Shawn G. Crowley

Co-Chief, Terrorism and International Narcotics Unit

United States Attorney's Office

Southern District of New York

212-637-1034 (o)

347-880-1399 (c)

# EXHIBIT 48

| From: | Kaveh.Miremadi@treasury.gov |
|---|---|
| To: | Bove, Emil (USANYS); Kim, Jane (USANYS) 4 |
| Cc: | MariaHelene.VanWagenberg@treasury.gov; Jacqueline.Brewer@treasury.gov; Lake, Stephanie (USANYS); Krouse, Michael (USANYS); LynchG@dany.nyc.gov; Lynch, Garrett (USANYS) [Contractor]; Crowley, Shawn (USANYS) |
| Subject: | RE: Time Sensitive Question |
| Date: | Monday, March 09, 2020 10:50:09 AM |

Cell: 202-746-4485

---

**From:** Bove, Emil (USANYS) <Emil.Bove@usdoj.gov>
**Sent:** Monday, March 9, 2020 10:25 AM
**To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>
**Cc:** Miremadi, Kaveh <Kaveh.Miremadi@treasury.gov>; Van Wagenberg, Maria-Helene <MariaHelene.VanWagenberg@treasury.gov>; Brewer, Jacqueline <Jacqueline.Brewer@treasury.gov>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; LynchG@dany.nyc.gov; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Crowley, Shawn (USANYS) <Shawn.Crowley@usdoj.gov>
**Subject:** Re: Time Sensitive Question


**\*\* Caution:** External email. Pay attention to suspicious links and attachments. Send suspicious email to suspect@treasury.gov **\*\***




Hi Kaveh, what number can we reach you at?

On Mar 9, 2020, at 10:04 AM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:

> I don't. I'm adding my Chiefs to this chain.
>
> On Mar 9, 2020, at 9:23 AM, "Kaveh.Miremadi@treasury.gov" <Kaveh.Miremadi@treasury.gov> wrote:
>
>> Hi Jane,
>>
>> Do you know who or what division in OFAC this letter was sent to?  I'm searching our records now.  We may not be able to get you a comprehensive answer this morning.
>>
>> Kaveh
>>
>> ---
>>
>> **From:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>

**Sent:** Sunday, March 8, 2020 5:58 PM
**To:** Miremadi, Kaveh <Kaveh.Miremadi@treasury.gov>; Van Wagenberg,
Maria-Helene <MariaHelene.VanWagenberg@treasury.gov>; Brewer,
Jacqueline <Jacqueline.Brewer@treasury.gov>
**Cc:** Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Krouse,
Michael (USANYS) <Michael.Krouse@usdoj.gov>; Lynch, Garrett
<LynchG@dany.nyc.gov>; Lynch, Garrett (USANYS) [Contractor]
<Garrett.Lynch@usdoj.gov>
**Subject:** Time Sensitive Question


** **Caution:** External email. Pay attention to suspicious links and
attachments. Send suspicious email to suspect@treasury.gov **




Kaveh, Maria, and Jacqui:

I'm attaching a letter dated June 16, 2011, from Commerzbank to OFAC
concerning a specific payment.  Could you please let us know what actions
OFAC took in response to this letter?  We need to update the Court on
this issue tomorrow morning, so any information would be hugely
appreciated.

Thank you in advance,
Jane


Jane Kim
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Phone:  (212) 637-2038
Email:  jane.kim@usdoj.gov

# EXHIBIT 49

| | |
|---|---|
| **From:** | DeFilippis, Andrew (USANYS) |
| **To:** | Bove, Emil (USANYS); Crowley, Shawn (USANYS) |
| **Subject:** | Emails |
| **Date:** | Monday, March 09, 2020 11:40:08 AM |
| **Attachments:** | RE OFAC.msg.msg |
| | RE OFAC.msg.msg |
| | RE OFAC.msg.msg |
| | RE OFAC.msg.msg |
| | RE OFAC.msg.msg |
| | RE OFAC.msg.msg |
| | RE OFAC.msg.msg |
| | OFAC.msg.msg |

Andrew J. DeFilippis

Assistant United States Attorney

Southern District of New York

1 St. Andrew's Plaza

New York, NY 10007

(212) 637-2231

# EXHIBIT 50

1:52

**2 People** >

iMessage
Mon, Mar 9, 12:40 PM

Jane .Kim

Back on Brady arg

Her qs aren't great

Asking whether Heberlig understood our email as flagging that the doc was new

Order for all prosecutors and agents on case

Tell her we've already relayed to prosecutors and discussed w OFAC

Jane .Kim

Now Heberlig is talking about Fuenmayor as paid informant and bombshell Brady

They're going thru their files

Jane .Kim

We did

Heberlig is saying has serious concerns about DANY disclosures

She wants any info from OFAc to our prosecution team about Sadr and related entities/connections to

iMessage

1:52

**2 People** >

She wants any info from OFAc to our prosecution team about Sadr and related entities/connections to Iran?

She's now asking if our representation that we learned abt doc in Jan 2020 if they understood that to includr Garrett

She's saying curative instruction or recall Ted Kim

We're here

Jane .Kim

Reid saying but Kim said he didn't know

Oh hah

Mon, Mar 9, 3:50 PM

Jane .Kim

Rested

Court wondering when we can get her answers

Reid arguing rule 29

Emil J. .Bove

Jane, could you please step out and call Kaveh to see where ofac is on

iMessage

1:52

## 2 People >

that to includr Garrett

She's saying curative instruction or recall Ted Kim

We're here

Jane .Kim

Reid saying but Kim said he didn't know

Oh hah

Mon, Mar 9, 3:50 PM

Jane .Kim

Rested

Court wondering when we can get her answers

Reid arguing rule 29

Emil J. .Bove

Jane, could you please step out and call Kaveh to see where ofac is on tracking the gx 411 letter?

Jane .Kim

Yes

Mon, Mar 9, 5:47 PM

Jane .Kim

We're back

iMessage

# EXHIBIT 51



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :         TRIAL STIPULATION

-v.-                                        :         18 Cr. 224 (AJN)

ALI SADR HASHEMI NEJAD,                     :

                    Defendant.              :

- - - - - - - - - - - - - - - - - - x

IT IS HEREBY STIPULATED AND AGREED by and between the United
States of America, by Geoffrey S. Berman, United States Attorney for the Southern District
of New York, Jane Kim, Michael Krouse, Stephanie Lake, Assistant United States Attorneys,
and Garrett Lynch, Special Assistant United States Attorney, and ALI SADR HASHEMI
NEJAD, by his attorneys Reid Weingarten and Brian Heberlig, that:

1.    One of the transactions at issue in this case is an April 4, 2011 payment
("the April 4 payment") from a Venezuelan bank to a Swiss bank on behalf of Stratus
International Contracting Company J.S. ("Stratus Turkey").

2.    On June 16, 2011, one of the U.S. financial institutions that processed
the payment notified OFAC that it had obtained through its due diligence process information
indicating that Stratus Turkey was associated with Stratus International Contracting
Company of Iran ("Stratus Iran"), including evidence that both Stratus Turkey and Stratus
Iran were working on the same 7000-apartment New Ojeda construction project in
Venezuela. The U.S. financial institution also provided information that Stratus Iran was
affiliated with EN Bank.

1

 Paragraph 5 suggests Ted Kim

Def testifying

 Direct to go all day through tomorrow

Def raised that we haven't produced Brady via rcmp audio recordings

 I assured court we produced all notes and have asked for the recording

iMessage

1:44

2

**4 People** ›

recording



Back to request to charge

Michael K. .Krouse



Still starting court at 1?

Jane .Kim

Yes



We revised stip and agreed to it

Michael K. .Krouse

No closing today.  They affirmatively told the court they are calling the defendant after this reader

They admitted GX 411 and judge read the curative



Emil J. .Bove

Sounds good – thank you. We'll get over to watch the direct.



Michael K. .Krouse

Stip is in and read.  reader still on. We'll let you know when Sadr takes the stand



Defendant testifying

He's taking the stand



Wed, Mar 11, 10:35 AM

Jane .Kim

  iMessage 

     

# EXHIBIT 52

**From:**          Crowley, Shawn (USANYS)
**To:**            DeFilippis, Andrew (USANYS)
**Cc:**            Bove, Emil (USANYS)
**Subject:**       GX 411 (002).pdf
**Date:**          Monday, March 09, 2020 11:47:52 AM
**Attachments:**   GX 411 (002).pdf



# COMMERZBANK

**NEW YORK BRANCH**

Department of the Treasury
Office of Foreign Assets Control
1500 Pennsylvania Avenue NW
Washington DC 20220

Vinay Jepal
2 World Financial Center, New York, NY 10281-1050
Telephone (212) 266-7200
Fax (212) 266-7235
vinay.jepal@commerzbank.com

June 16, 2011

## Re: Information Sharing – Stratus International Contracting Company

Dear Sir/Madam:

Commerzbank AG, New York Branch (CBNY) would like to share the following information with OFAC. On April 20, 2011 CBNY's AML transaction monitoring system generated an alert, which involved a transaction for USD 29,442,967.57 value April 4, 2011.

The transaction was originated by Banco Del Tesoro, CA Banco Universal Caracas for its client BT / Fideicomiso / Fondo Chino Venezolano in Caracas, Venezuela.  The beneficiary of the payment was Stratus International Contracting Company ("Stratus"), a client of Hyposwiss Privatbank AG, Zurich.

As per standard procedure, CBNY initiated a request for information to the remitting bank Banco Del Tesoro, CA Banco Universal Caracas, Venezuela to obtain details on both entities and their relationship. In the interim, CBNY conducted further due diligence and noted the following regarding Stratus from its website:

- Stratus  was founded in 1978 in Tehran, Iran
- Stratus International specializes in providing contracting services to infrastructure projects such as roads, railways, dams, tunnels, airports and buildings.
- Stratus is presently working on a 7000 Apartment Unit "New Ojeda" Housing Development Project in Venezuela

On May 12, 2011, CBNY received a response from the bank in Caracas indicating the following:

- Stratus's  physical address  is Gardenya Plaza 5, K:3 D:3 (Floor 3, Suite3) 34758 Atasehir, Istanbul, Turkey
- Stratus  is registered in Istanbul, Turkey (copy of the registration attached)
- Stratus provides construction services in Turkey, Dubai and Venezuela
- The purpose of the payment is for the construction of a 7000 apartment unit project "Proyecto Urbanismo Nueva Ciudad Fabricio Ojeda, in Cuidad Ojeda, Estado Zuila, Venezuela (same address as listed on Stratus' website)

Although Stratus is not listed as an SDN, and the payment does not indicate any direct involvement of Iran or with Iran, due to conflicting information between the website and the response forwarded by the bank in Caracas, CBNY believes it appropriate to share this information with OFAC since Stratus may be an Iranian Company.

Chairman of the Supervisory Board: Klaus-Peter Müller
Board of Managing Directors: Martin Blessing (Chairman),
Frank Annuscheit, Markus Beumer, Achim Kassow, Jochen Klösges,
Michael Reuther, Stefan Schmittmann, Ulrich Sieber, Eric Strutz, Martin Zielke

Commerzbank Aktiengesellschaft, Frankfurt am Main
Registered Office: Frankfurt am Main Reg.No. 32000
VAT No. DE 114 103 514



GOVERNMENT
EXHIBIT
411
18 Cr. 224 (AJN)



**COMMERZBANK**

NEW YORK BRANCH

**Re: Information Sharing – Stratus International Contracting Company– Page 2**

We have added Stratus into our sanctions filter to monitor any future payments.  Please note that apart from this transaction, there have not been any other payments involving Stratus processed by CBNY to date.

The purpose of this letter is to report the good faith efforts of Commerzbank AG, New York Branch in complying with applicable OFAC requirements and voluntarily informing OFAC of any information received during its investigation into possible sanctions-related entities.

Should you have any further questions concerning this matter, please do not hesitate to contact the signatories below.


Respectfully,


Commerzbank AG
New York Branch

Deepa Keswani
Head of AML/Anti-Fraud/Sanctions Compliance

Vinay Jepal
Sanctions Compliance Officer

Encls.

stratus intl payment

```
:LT Address                      :COBAUS3XA
:transaction type                :202 COVER bank tfr favour 3rd bank
:input from                      :COBADEFF
                                 COMMERZBANK AG FRANKFURT
                                 HEAD OFFICE
                                 32-36 NEUE MAINZERSTRASSE
                                 60261 FRANKFURT GERMANY
:Validation Flag                 :COV}
-----------------------------------------------------------------
{4: Text block:
:20 /transaction reference number :FAAS109400150500
:21 /related reference            :FAAS109400150500
:32A/value date                   :040411 USD 29,442,967.57
:52A/ordering institution - BIC   :COBADEFF
                                  COMMERZBANK AG
                                  FRANKFURT AM MAIN
:57A/account with inst - BIC      :CHASUS33
                                  JPMORGAN CHASE BANK, N.A.
                                  NEW YORK,NY
:58A/beneficiary inst - BIC       :SHHBCHZZ
                                  HYPOSWISS PRIVATBANK AG, ZURICH
                                  ZURICH
:50K/ordering customer            :/400887746602USD
                                  BT/ FIDEICOMISO / FONDO CHINO
                                  VENEZOLANO. AV GUICAIPURO. URB EL
                                  ROSAL. TORRE BANCO DEL TESORO.
                                  CARACAS - VENEZUELA.
:52A/ordering institution - BIC   :BDTEVECA
                                  BANCO DEL TESORO, C.A. BANCO
                                   UNIVERSAL
                                   CARACAS
:59 /beneficiary customer         :/CH7708530519663100203
                                  STRATUS INTERNATIONAL CONTRACTING
                                  J.S.
:70 /details of payment           :REF: DESEMBOLSO NRO. 386 FONDO
                                  CHINO VENEZOLANO. CODIGO NRO.
                                  00579.
:33B/amount                       :USD 29,442,967.57}
-----------------------------------------------------------------
Entry    :      /SWIFT/ Date:110404 Time:02:44:17
                Info:1111/001781
```

Page 1

**Stratus International**
*Contracting Company*



STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.

---

STRATUS is an Engineering, Construction, Management and Contracting Company by specializing in the field of Building Construction, Road Works and Water Works.
STRATUS is Graded in three major categories: Read more...

STRATUS has succeeded to recieve ISO 9001-2000 certificate for Quality Management System from MIC registered under UKAS, United Kingdom from 2004 which upgraded recently to ISO 9001-2008 in 2010 and intending to extend it by OHSAS 18001:2007.  Read more...

Our memberships:
- Federation of Contractors of Islamic Countries (F.C.I.C.)
- Pakistan Engineering Council
- International Chamber of Commerce (I.C.C.)
- Iran – UK Chamber of Commerce
- Iran – Canada Chamber of Commerce    Read more...

*Road & Railway*



*Dam*



*Building*



---

Copyright © 2010 Stratus Group Company. All rights reserved



فارسی | Staff Login | Site Map | Hom

STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran, with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.



**Contact Us**

**STRATUS International Contracting Co.**

Address: **No.35, Golestan St., Iran Zamin Ave., Shahrake Ghods, Tehran, Iran.**

Postal Code: **1465865187**

Tell: **(98) 21 8837 3100-6**

Fax: **(98) 21 8808 2882**

E-mail: **stratus@stratusgc.com**

Copyright © 2010 Stratus Group Company. All rights reserved



فارسی | Staff Login | Site Map | Hom



STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran, with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.

**Branch Offices**

| **Middle East** | **CIS** | **South America** |
|---|---|---|
| Iran | Kazakhstan | Venezuela |
| Iraq | | |

Copyright © 2010 Stratus Group Company. All rights reserved



STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.



## Sister Companies List

 1.Samaneh Stratus (INVESTMENT CO.)

 2.Iran Construction Investment Co.

 3.Eghtesad - Novin Bank

4.Pishgaman Bazar Novin (BROKERAGE CO.)

 5.Novin Insurance Co.

 6.Pars Shahr Co.

 7.Global Petro Tech CO.

 8.Keyhan Tabadol Co.

 9.Pars Hanza Aluminium CO.

 10.Azarbaijan Industry Development Co.

11.Eghtesad Novin Investment CO.

 12.Samaneh Gostar Novin

Copyright © 2010 Stratus Group Company. All rights reserved



STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran, with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.



### 7000 Units 'New Ojeda' Housing Development Project

| Main Technical Features | Site Gross Area : 318 Hec.<br>Concrete works : 520,000 m³<br>Net Construction Area : 850.000 m²<br>Water & Sewage network : 150 Km<br>Electrical network : 200 Km<br>Communication network : 220 Km<br>Gas network : 30 Km |
|---|---|
| Location | Ciudad Ojeda, Zulia State, Venezuela |
| Employer | Ducolsa 'Urban Development S.A' |
| Contract Duration | 48 Months |
| Date of Award | September 2009 |
| Status | [ Under Construction ] |

  

[Back to list]

Copyright © 2010 Stratus Group Company. All rights reserved



فارسی | Staff Login | Site Map | Hon

STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received "**Exemplary Exporters**" of the year 1999 from his excellency Mr.president.



**Dalbandin – Nokkundi Highway - Section III-B**          Details >>

**Socotra Airport**          Details >>

**Design & Construction of Parliament Building & Commercial Center in Djibouti City**          Details >>

**7000 Units "New Ojeda" Housing Development Project**          Details >>

Copyright © 2010 Stratus Group Company. All rights reserved

(K A D I K Ö Y)
370857 - 2010

T.C.
İ S T A N B U L
Ticaret Sicil Memurluğu

S İ C İ L     T A S D İ K N A M E S İ

| | |
|---|---|
| Ticaret Ünvanı | STRATUS INTERNATIONAL CONTRACTING İNŞAAT VE TAAHHÜT ANONİM ŞİRKETİ |
| Sicil No. | 751671 |
| Tescil Tarihi | 22 / 10 / 2010 |
| İşletme Merkezinin Adresi (Şubenin tescilinde şubenin Adresi ile beraber merkezin adresi de yazılır.) | GARDENYA PLAZA 5 K.3 D.3 ATAŞEHİR |
| İşletmenin uğraştığı işler | Ana sözleşmesinde yazılı olan işler |
| İşletme sahibinin hüviyeti (Hükmi şahıslarda, hükmi şahsın mahiyeti) | Anonim |
| İşletme temsilcileri | 38824643592 TC.No.lu CELAL TATLICIBAŞI |
| Tasdiknamenin düzenlenme Tarih ve Sayısı | 22 EKİM    2010 -  39185 |

RECAİ SÖKMEN
İSTANBUL TİCARET SİCİLİ
MEMURU YARDIMCISI

# EXHIBIT 53

| From: | DeFilippis, Andrew (USANYS) |
|---|---|
| To: | Bove, Emil (USANYS); Crowley, Shawn (USANYS) |
| Subject: | FW: |
| Date: | Monday, March 09, 2020 12:05:26 PM |

Also just came across this one.


Andrew J. DeFilippis
Assistant United States Attorney
Southern District of New York
1 St. Andrew's Plaza
New York, NY 10007
(212) 637-2231

---

**From:** DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>
**Sent:** Monday, April 1, 2019 7:14 AM
**To:** Lynch, Garrett <LynchG@dany.nyc.gov>
**Subject:** Re:

Thanks.  Would you have time for call today or tomorrow with Reid/Brian to clarify their position re a possible resolution?  Let me know some good times and I'll email them to propose something. Will also call you this morning re the motions.



On Mar 28, 2019, at 12:31 PM, Lynch, Garrett <LynchG@dany.nyc.gov> wrote:

> FYI – I just spoke to a guy I know who's the director of enforcement at OFAC to run by him the arguments they raise in their first motion about the applicability of the ITSR language (in effect at the time) to the conduct here.  Confirmed the thoughts I had – we can chat whenever you guys have a chance.
>
> Garrett A. Lynch
> Deputy Bureau Chief
> Major Economic Crimes Bureau
> New York County District Attorney's Office
> (212) 335-4335
> lynchg@dany.nyc.gov



This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been

addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

# EXHIBIT 54

**From:** DeFilippis, Andrew (USANYS)
**To:** Bove, Emil (USANYS); Crowley, Shawn (USANYS)
**Subject:** Draft Declaration
**Date:** Monday, March 09, 2020 12:20:19 PM
**Attachments:** Draft-Declaration.docx

From approximately April 2017 through approximately May 2019, I was one of the Assistant United States Attorneys assigned to this case.

I have conducted a diligent review of my files (including, but not limited to, emails, hard copy correspondence, hard copy files, and notes) for any materials reflecting communications or correspondence between the prosecution team and the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") concerning the issues set forth in the document marked as Government Exhibit 411.  I have located no such materials.

I do not recall conducting any communications with a representative of OFAC on this case.  The aforementioned search of my files did identify eight email messages (on which I was copied) in which Special Assistant United States Attorney Garrett Lynch and United States Attorney Matthew Laroche discussed scheduling a potential call between our team and a representative of OFAC in July 2017.  I do not recall, and the emails do not reflect, the intended subject of the call.  It appears from the emails that Special Assistant United States Attorney Lynch made initial contact with OFAC regarding available times for such a call.  It also appears from the emails that the call did not go forward at the tentatively scheduled time.  I do not recall any subsequent call or communications with OFAC on this case.

I do not believe I engaged in any communications with OFAC regarding the disclosure to OFAC set forth in Government Exhibit 411.  I am currently unaware of any efforts by OFAC to investigate, or take enforcement action against, the defendant and/or his companies, nor am I aware of any decision by OFAC to decline to do so.

I became aware during my involvement in this case that certain entities relevant to the charged conduct were previously designated by OFAC, but I do not recall any communications with OFAC on that issue.

# EXHIBIT 55

| | |
|---|---|
| **From:** | Birger, Laura (USANYS) |
| **To:** | Crowley, Shawn (USANYS); Bove, Emil (USANYS) |
| **Subject:** | RE: |
| **Date:** | Monday, March 09, 2020 12:22:07 PM |

OK.  I know this is obvious, but these declarations will be scrutinized for inaccuracies.  We must be accurate.

---

**From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Sent:** Monday, March 9, 2020 12:19 PM
**To:** Birger, Laura (USANYS) <LBirger@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Subject:** RE:

Will do.  We've spoken with each of the AUSAs on the case who are not in the courtroom (Denton, Laroche, Steph, Donaleski, and DeFilippis) and they're doing comprehensive searches of their files for any correspondence with or about OFAC.  They're also working on draft declarations.  We'll send you the transcript from this morning when we get it.

---

**From:** Birger, Laura (USANYS) <LBirger@usa.doj.gov>
**Sent:** Monday, March 9, 2020 12:16 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Subject:**

I know you are handling a million different things.  But, please remember to keep me and Audrey informed on Sadr developments as the day proceeds.  There is intense interest in each step that is being taken.

Laura Grossfield Birger
Chief, Criminal Division
United States Attorney's Office, SDNY
(212) 637-1117
Laura.Birger@usdoj.gov

# EXHIBIT 56

| **From:** | Crowley, Shawn (USANYS) |
| **To:** | Bove, Emil (USANYS) |
| **Subject:** | Draft-Declaration. sgc.docx |
| **Date:** | Monday, March 09, 2020 12:35:32 PM |
| **Attachments:** | Draft-Declaration. sgc.docx |

From approximately April 2017 through approximately May 2019, I was one of the Assistant United States Attorneys assigned to this case.

I have conducted a ~~diligen~~ comprehensive~~t~~ review of my files (including, but not limited to, emails, hard copy correspondence, hard copy files, and notes) for any materials reflecting communications or correspondence between the prosecution team and the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") concerning the issues set forth in the document marked as Government Exhibit 411.  I have located no such materials.

I do not recall conducting any communications with a representative of OFAC on this case.  The aforementioned search of my files ~~did identify~~ identified eight email messages (on which I was copied) in which Special Assistant United States Attorney Garrett Lynch and Assistant United States Attorney Matthew Laroche discussed scheduling a potential call between our team and a representative of OFAC in July 2017.  I do not recall, and the emails do not reflect, the intended subject of the call.  It appears from the emails that S~~pecial Assistant United States Attorney~~AUSA Lynch made initial contact with OFAC regarding available times for such a call.  It also appears from the emails that the call did not go forward at the tentatively scheduled time.  I do not recall any subsequent call or communications with OFAC on this case.

I do not believe I engaged in any communications with OFAC regarding the disclosure to OFAC set forth in Government Exhibit 411, or any other decision or action taken by OFAC regarding the defendant and/or his companies.  I am currently unaware of any efforts by OFAC to investigate, or take enforcement action against, the defendant and/or his companies, nor am I aware of any decision by OFAC to decline to do so.

I became aware during my involvement in this case that certain entities relevant to the charged conduct were previously designated by OFAC, but I do not recall any communications with OFAC on that issue.

# EXHIBIT 57

| | |
|---|---|
| **From:** | Crowley, Shawn (USANYS) |
| **To:** | Strauss, Audrey (USANYS); Birger, Laura (USANYS) |
| **Cc:** | Bove, Emil (USANYS) |
| **Subject:** | Fwd: Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN) |
| **Date:** | Monday, March 09, 2020 2:21:45 PM |
| **Attachments:** | K39TSADE.pdf |
| | ATT00001.htm |

This is the transcript from this morning before Judge Nathan. As Laura knows, the AUSAs are scrubbing their files and drafting their declarations.

Begin forwarded message:

> **From:** "DeLuca, Michael (USANYS) [Contractor]" <MDeLuca@usa.doj.gov>
> **Date:** March 9, 2020 at 2:05:16 PM EDT
> **To:** "Bove, Emil (USANYS)" <EBove@usa.doj.gov>, "Crowley, Shawn (USANYS)" <SCrowley@usa.doj.gov>
> **Subject: FW:  Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)**
>
>
> **From:** Goretti Moya <gmoya@sdreporters.com>
> **Sent:** Monday, March 9, 2020 2:05 PM
> **To:** DeLuca, Michael (USANYS) [Contractor] <MDeLuca@usa.doj.gov>
> **Subject:** RE: Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)
>
>
> **From:** DeLuca, Michael (USANYS) [Contractor] <Michael.DeLuca@usdoj.gov>
> **Sent:** Monday, March 09, 2020 10:43 AM
> **To:** Info <Info@sdreporters.com>; reporters <reporters@sdreporters.com>
> **Subject:** Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)
>
> Good morning – We have a time-sensitive request for this morning's transcript in the ongoing trial in front of Judge Nathan, US v. Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN). We are requesting a copy of this morning's transcript (from before the jury entered the courtroom) as soon as possible, and will pay any fees associated with the expedited request.
>
> Could you please let me know when we would be able to get this? I'm sorry for the urgent request and I appreciate your help.
>
> Thank you,

Michael

Michael DeLuca
Paralegal, Terrorism & International Narcotics Unit
U.S. Attorney's Office, SDNY
Desk: (212) 637-2248
Cell: (646) 265-8172

# EXHIBIT 58

**From:**  DeFilippis, Andrew (USANYS)
**To:**   Donaleski, Rebekah (USANYS)
**Cc:**   Crowley, Shawn (USANYS)
**Subject:**  Draft-Declaration-DeFilippis.docx
**Date:**   Monday, March 09, 2020 3:19:41 PM
**Attachments:** Draft-Declaration-DeFilippis.docx

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

ALI SADR HASHEMI NEJAD,

                                    Defendant.

DECLARATION

18 CR 224 (ALC)

I, ANDREW J. DeFILIPPIS, pursuant to Title 28, United States Code, Section 1746, declare under penalty of perjury:

1.      I am an attorney admitted to the bar of the State of New York and the bar of this Court, and one of the Assistant United States Attorneys for the Southern District of New York previously responsible for this matter.

2.      From approximately April 2017 through approximately May 2019, I was one of the Assistant United States Attorneys assigned to this case.

3.      I have conducted a diligent review of my files (including, but not limited to, emails, hard copy correspondence, hard copy files, and notes) for any materials reflecting communications or correspondence between the prosecution team and the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") concerning the issues set forth in the document marked as Government Exhibit 411.  I have located no such materials.

4.      I do not recall conducting any communications with a representative of OFAC on this case.  The aforementioned search of my files did identify eight email messages (on which I was copied) in which Special Assistant United States Attorney Garrett Lynch and United States Attorney Matthew Laroche discussed scheduling a potential call between our team and a

1

representative of OFAC in July 2017.  I do not recall, and the emails do not reflect, the intended

subject of the call.  It appears from the emails that Special Assistant United States Attorney Lynch

made initial contact with OFAC regarding available times for such a call.  It also appears from the

emails that the call did not go forward at the tentatively scheduled time.  I do not recall any

subsequent call or communications with OFAC on this case.

        5.     I do not recall, nor have I located any materials that reflect, that I engaged

in any communications with OFAC regarding (1) the disclosure to OFAC set forth in Government

Exhibit 411, (2) any efforts by OFAC to investigate, or take enforcement action against, the

defendant and/or his companies, or (3) any decision by OFAC to decline to investigate, or take

enforcement action against, the defendant and/or his companies.

        6.     I became aware during my involvement in this case that certain entities

relevant to the charged conduct were previously designated by OFAC, but I do not recall having

any communications with OFAC on that issue, nor have I located any materials reflecting such

communications.

        I declare under penalty of perjury that, to the best of my knowledge, the foregoing
information is true and correct.

Dated:       New York, New York
              March 9, 2020

                                    _____

                                      Andrew J. DeFilippis
                                      Assistant United States Attorney

# EXHIBIT 59

| | |
|---|---|
| **From:** | Crowley, Shawn (USANYS) |
| **To:** | Strauss, Audrey (USANYS); Bove, Emil (USANYS) |
| **Cc:** | Birger, Laura (USANYS) |
| **Subject:** | RE: Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN) |
| **Date:** | Monday, March 09, 2020 3:24:14 PM |
| **Attachments:** | 127126528741.pdf |
| | [280-1] Def resp re brady.pdf |

Thanks.  Attaching the email chain in which we produce GX 411 (Saturday at 4:04 p.m.) as well as the letter we filed with Judge Nathan in which we represent that we "made clear that GX 411 was a newly marked exhibit and that we intended to offer it."

**From:** Strauss, Audrey (USANYS) <AStrauss@usa.doj.gov>
**Sent:** Monday, March 09, 2020 3:17 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Cc:** Birger, Laura (USANYS) <LBirger@usa.doj.gov>
**Subject:** RE: Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)

I am trying to review this transcript but I think I am missing a document--- our letter to the defense that the judge views as not fully candid.
Would you pls send?
Thanks.

**From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Sent:** Monday, March 9, 2020 2:22 PM
**To:** Strauss, Audrey (USANYS) <AStrauss@usa.doj.gov>; Birger, Laura (USANYS) <LBirger@usa.doj.gov>
**Cc:** Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Subject:** Fwd: Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)

This is the transcript from this morning before Judge Nathan. As Laura knows, the AUSAs are scrubbing their files and drafting their declarations.


Begin forwarded message:

> **From:** "DeLuca, Michael (USANYS) [Contractor]" <MDeLuca@usa.doj.gov>
> **Date:** March 9, 2020 at 2:05:16 PM EDT
> **To:** "Bove, Emil (USANYS)" <EBove@usa.doj.gov>, "Crowley, Shawn (USANYS)" <SCrowley@usa.doj.gov>
> **Subject: FW:  Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)**


> **From:** Goretti Moya <gmoya@sdreporters.com>
> **Sent:** Monday, March 9, 2020 2:05 PM

**To:** DeLuca, Michael (USANYS) [Contractor] <MDeLuca@usa.doj.gov>
**Subject:** RE: Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)

---

**From:** DeLuca, Michael (USANYS) [Contractor] <Michael.DeLuca@usdoj.gov>
**Sent:** Monday, March 09, 2020 10:43 AM
**To:** Info <Info@sdreporters.com>; reporters <reporters@sdreporters.com>
**Subject:** Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)

Good morning – We have a time-sensitive request for this morning's transcript in the ongoing trial in front of Judge Nathan, US v. Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN). We are requesting a copy of this morning's transcript (from before the jury entered the courtroom) as soon as possible, and will pay any fees associated with the expedited request.

Could you please let me know when we would be able to get this? I'm sorry for the urgent request and I appreciate your help.

Thank you,
Michael

Michael DeLuca
Paralegal, Terrorism & International Narcotics Unit
U.S. Attorney's Office, SDNY
Desk: (212) 637-2248
Cell: (646) 265-8172

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2020

**FILED BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

   Re:   *United States* v. *Ali Sadr Hashemi Nejad*, 18 Cr. 224 (AJN)

Dear Judge Nathan:

   The Court writes in response to the Court's order from 9:00 this evening.  The Government apologizes for the lack of clarity in its prior email.

   The Government found GX 411 in its emails on Friday night, looked at the Bank-1 subpoena production, and did not find it.  The members of the team discussed the document the next morning and confirmed that it likely had not been produced to the defense previously.  The Government promptly had a paralegal mark it as an exhibit and produced it to the defense along with other exhibits and 3500 materials.  The Government made clear that GX 411 was a newly marked exhibit and that we intended to offer it, and asked the defense if they would stipulate to authenticity.  Defense counsel responded shortly after the Government provided GX 411 and asked how long the Government had GX 411, and why they had not previously received it.  The Government responded and explained that we had been aware of the letter since mid-January, and that, at the time, the Government had mistakenly believed it was part of the discovery in the case.

   When SAUSA Lynch sent what is now GX 411 to the AUSAs in the case in January, the AUSAs assumed that this was a document that came from this case (specifically, the subpoena to Bank-1), and that it was therefore a document that had been previously produced to the defense as part of the Rule 16 discovery.  This was an incorrect assumption.  The document in fact was

The Honorable Alison J. Nathan, U.S.D.J.
March 8, 2020
Page 2

obtained in an unrelated DANY investigation and was not provided to this Office before January 2020.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
    Jane Kim / Michael Krouse / Stephanie Lake
       Assistant United States Attorneys
    Garrett Lynch
       Special Assistant United States Attorney
    (212) 637-2038 / 2279 / 1066

cc: Defense Counsel (by ECF)

# Exhibit B

| From: | Silverman, Nicholas |
|---|---|
| Sent: | Sunday, March 8, 2020 1:36 PM |
| To: | Kim, Jane (USANYS) 4; Heberlig, Brian; Lake, Stephanie (USANYS); Weingarten, Reid |
| Cc: | Krouse, Michael (USANYS); Lynch, Garrett (USANYS) [Contractor]; Milione, Shawn (USANYS) [Contractor] |
| Subject: | RE: U.S. v. Sadr |
| Attachments: | 092-1 2019-02-25 Pretrial Mem 6 - Exhibit A-c2.pdf |

Counsel:

(1) Are there any other documents in the government's possession that have not been produced?

(2) Is there any other *Brady* information in the government's possession that has not been produced?

(3) Is there any information in the government's possession, custody, or control showing OFAC's response to this letter? This is subject to production under *Giglio* and/or *Napue* because it would at a minimum undermine Ted Kim's testimony (A) that to his knowledge, nothing relating to this matter was investigated by OFAC, (B) that "it matters a lot" if Iranian involvement in a transaction is concealed, and (C) that hiding "Iranian connections ... would make it very difficult for me to do my job."

(4) As we have said, our requests for *Brady* and *Giglio* are continuing in nature. I have attached our September 2018 letter in case you want a non-exclusive list of examples of the type of information covered by *Brady* and *Giglio* in this case. Obviously, any information contrary to government witness testimony would be another example.

(5) Regarding the authenticity of GX 411, we stipulate to authenticity.

(6) GX 704 – Please let us know what modifications have been made.

(7) GX 495A, 495B – What is the relevance of Sadr having bank accounts at HSBX from January 2010 through October 2013?

(8) GX 456 – We are reviewing and anticipate stipulating to authenticity.

(9) GX 705A & 705B – We are reviewing.

(10)     GX 2304A – Subject to our continuing objection (which we understand to have been overruled), no further objection.


**Nicholas P. Silverman**
Associate
nsilverman@steptoe.com

<span style="color:darkred">**Steptoe**</span>

+1 202 429 8096 direct     Steptoe & Johnson LLP
+1 617 595 6559 mobile    1330 Connecticut Avenue, NW
+1 202 429 3902 fax        Washington, DC 20036
                          www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>
**Sent:** Sunday, March 8, 2020 9:41 AM

**To:** Heberlig, Brian <BHeberlig@steptoe.com>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Brian, Reid, and Nick:

As I explained in my last email, when we first saw the document in mid-January, we thought it had been part of Commerzbank's subpoena return and had been produced. We didn't think it would be necessary to use given our other evidence about that payment. Given some of the arguments you made on Friday, we decided that we did want to introduce it at trial.

Again, we don't see this document as exculpatory, as we would like to offer it tomorrow. Can you please let us know your position on an authenticity stipulation for this document and the other bank records we sent yesterday, as well as whether you have any issues with the summary charts?

Thanks,
Jane

---

**From:** Heberlig, Brian <BHeberlig@steptoe.com>
**Sent:** Saturday, March 7, 2020 10:09 PM
**To:** Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** RE: U.S. v. Sadr

If you have been aware of the letter since mid-January, why wasn't it on the government's pretrial exhibit list instead of appearing the day before the government rests its case? The exculpatory nature of the exhibit is self-evident.

---

**From:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>
**Sent:** Saturday, March 7, 2020 5:36 PM
**To:** Heberlig, Brian <BHeberlig@steptoe.com>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Brian,

We do not agree with your characterization of GX 430, 431, 432, or 411 as *Brady*. These are all exhibits the Government has introduced or is seeking to introduce in our case. Perhaps you can explain how it is you think GX 411 is helpful to your case.

In any event, we have been aware of the letter since mid-January. We thought it was part of the Commerzbank subpoena return that was produced in discovery. We now understand that it came from an unrelated DANY investigation, and therefore was not in the Commerzbank subpoena return.

It is not clear to us how this document would have been relevant to the OFAC witness's testimony.

Jane

**From:** Heberlig, Brian <BHeberlig@steptoe.com>
**Sent:** Saturday, March 7, 2020 4:57 PM
**To:** Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Weingarten, Reid <RWeingarten@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** RE: U.S. v. Sadr

We request immediate disclosure of (1) where GX411 came from, (2) how long it has been in the government's possession, (3) why we are only receiving it today. This is the second episode—along with GX430, GX431, and GX432—of the government producing fundamentally exculpatory documents mid-trial. In this instance, the document was produced after the government's OFAC witness, who would have been subject to cross-examination on this document. Provide this information by 6 pm or we will see the intervention of the Court.

**From:** Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>
**Sent:** Saturday, March 7, 2020 4:24 PM
**To:** Weingarten, Reid <RWeingarten@steptoe.com>; Heberlig, Brian <BHeberlig@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lynch, Garrett (USANYS) [Contractor] <Garrett.Lynch@usdoj.gov>; Milione, Shawn (USANYS) [Contractor] <Shawn.Milione@usdoj.gov>
**Subject:** RE: U.S. v. Sadr

Counsel,

We attempted to send you a number of attachments, which will not go through without encryption. It looks like Steptoe's servers are blocking the encrypted email. Shawn will upload the files to the link he has been using. The descriptions are below.

Stephanie

**From:** Lake, Stephanie (USANYS)
**Sent:** Saturday, March 07, 2020 4:04 PM
**To:** Weingarten, Reid <RWeingarten@steptoe.com>; Heberlig, Brian <BHeberlig@steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Lynch, Garrett (USANYS) [Contractor] <GLynch@usa.doj.gov>; Milione, Shawn (USANYS) [Contractor] <SMilione@usa.doj.gov>
**Subject:** U.S. v. Sadr

Counsel,

Mr. Dubowitz is still very ill. As a result, we do not intend to call him as a witness in our case-in-chief. It's possible that, depending on the defense case, we will call him as a rebuttal witness.

In addition, we've attached the following documents:

3

- Updated GX 2284D – there were formatting problems with our version. We think the attached corrects them.
- 3508-08 – 3500 from today
- GX 411 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.
- GX 456 – we intend to offer this on Monday. Let us know if you will stipulate to authenticity.
- GX 495A & B – we intend to offer these on Monday (likely in redacted form), although think a stipulation that the defendant had bank accounts at HSBC from January 2010 through October 2013 might be simpler. Let us know how you prefer to proceed.
- GX 704 – this is the modified version of the travel chart. Please confirm whether you have any remaining concerns.
- GX 705A & B – these are summary charts reflecting the information in GX 2090A. Please confirm whether you have any objections.
- Updated GX 2304A – we enlarged some of the cells, as the formatting of the PDFd excel file was cutting off some of the data. The content is the same.
- 3504-10 – Peri 3500, which was provided in hard copy yesterday morning.
- 3505-06 – Blair 3500, which was provided in hard copy yesterday morning.
- 3513-02 – Paralegal 3500 for summary chart (you may already have this)
- 3513-03 – Paralegal 3500 for summary chart (you may already have this)

We are still working on one additional summary chart, which we expect to provide later today.

Stephanie Lake
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
Tel: (212) 637-1066

Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

September 25, 2018

<u>By Electronic Mail</u>

Andrew DeFilippis
Matthew Laroche
Rebekah Donaleski
Assistant United States Attorneys
Garrett Lynch
Special Assistant United States Attorney
U.S. Attorney's Office for the
Southern District of New York
1 St. Andrew's Plaza
New York, NY  10007

      Re:    *United States v. Ali Sadr Hashemi Nejad*, No. 18 Cr. 224 (ALC)
              **Request for Discovery, *Brady* Material, and Particulars**

Dear Counsel:

On behalf of defendant Ali Sadr Hashemi Nejad, we request that the government provide "open file" discovery in this case, including the prompt production of all of the documents and other evidence it has obtained in its investigation and all grand jury transcripts, FBI 302s, and interview memoranda.

In the event that you elect not to provide "open file" discovery, Sadr respectfully submits this formal request for discovery in this case, pursuant to the Fifth and Sixth Amendments to the United States Constitution; Rules 12, 16, and 26.2 of the Federal Rules of Criminal Procedure; *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and progeny; the Department of Justice's "Guidance for Prosecutors Regarding Criminal Discovery"; and the additional authority set forth below.

We understand that Sadr's prior counsel at Arnold & Porter made earlier discovery requests in this matter, including requests in letters and emails dated: March 21, March 25,

September 25, 2018
Page 2



March 29, April 3, May 15, July 5, July 10, July 26, August 2, August 23, and September 4, 2018. We adopt those requests and ask that you provide any future responsive material directly to us. Arnold & Porter has provided us with copies of your prior discovery letters and emails and the discovery productions to date, and we do not need you to reproduce them to us. Although some of these discovery requests overlap with prior requests by Arnold & Porter, we submit them to ensure that Sadr has fully protected his rights to discovery and *Brady/Giglio* material in this matter.

Sadr requests that you produce and/or permit him to inspect and copy or photograph the materials specified below. This request encompasses not only documents[1] and information in the possession, custody, or control of, or that have been reviewed by, the U.S. Attorney's Office for the Southern District of New York and the Federal Bureau of Investigation, but also documents and information in the possession, custody, and control of, or that have been reviewed by, the Manhattan District Attorney's Office, and any other federal, state or local agency allied with the prosecution or involved in any way in investigating the activities alleged in the Indictment or related conduct. As used in this letter, the words "government" and "you" include your office and the above-referenced federal, state, or local agencies.

Sadr requests that the government comply with all of its discovery obligations under federal law, including, but not limited to, the following:[2]

## I.       Search Warrant Returns

We request clarification of the government's position on the discoverability of the data and documents collected pursuant to search warrants in the investigation. It is our understanding that the government has produced the full and unfiltered email accounts of Sadr collected pursuant to search warrants. Arnold & Porter requested the "terabyte" of unfiltered data and documents from non-Sadr accounts obtained pursuant to search warrants, in an April 3, 2018 letter and an August 2, 2018 email. With respect to that data, it is our understanding that the government has produced only a subset of materials that it has deemed "pertinent." We reiterate Sadr's request for complete, unfiltered data and documents from all accounts obtained by the

---

[1] The word "documents" includes, but is not limited to, all books, papers, letters, correspondence, reports, memoranda, studies, calendars, appointment books, diaries, notes, messages, e-mail, text messages, instant messages, other computer facilitated or transmitted materials, images, photographs, polaroids, information in any computer database, audio and video tapes, recordings, transcripts, ledgers, printouts, contracts, checks, receipts, and all copies or portions thereof, and any other written, recorded, or memorialized material of any nature whatsoever.

[2] All of these requests are continuing in nature, requiring supplementation in accordance with Fed. R. Crim. P. 16(c).

September 25, 2018
Page 3



government pursuant to search warrants.  If you decline to provide these materials, please indicate:

     1.     The search terms and/or other filtering process used by the government to identify the "pertinent" documents from the search warrant returns for the non-Sadr accounts; and

     2.     How the government has satisfied its *Brady* obligations with respect to the purportedly non-pertinent data and documents from the search warrant returns for the non-Sadr accounts.

## II.     Statements of the Defendant

     1.     Any written or recorded statements made by Sadr within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government.  *See* Fed. R. Crim. P. 16(a)(1)(B)(i).  This request includes, without limitation:

          a.     All notes, reports, and memoranda summarizing any statement by Sadr to law enforcement officials at the time of his arrest;

          b.     All transcripts and recordings of conversations in which Sadr was a participant;

          c.     All wire and oral communications made by Sadr that were transmitted to or intercepted by, for or on behalf of any government agent or employee or any agency or entity of the U.S. government;

          d.     All written and recorded statements of witnesses that reflect, relate, or incorporate any statements made by Sadr; and

          e.     All other documents that purport to reflect, relate, or incorporate any statements made by Sadr.

     2.     The portion of any written record containing the substance of any oral statement made by Sadr, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a government agent.  *See* Fed. R. Crim. P. 16(a)(1)(B)(ii).  This request includes without limitation, all documents, including notes, prepared by any FBI employee or agent that contain the substance of any relevant statement made by Sadr.

     3.     The substance of any other oral statement made by Sadr, whether before or after arrest, in response to interrogation by any person then known by Sadr to be a government agent. *See* Fed. R. Crim. P. 16(a)(1)(A).

September 25, 2018
Page 4



### III.  Documents and Tangible Objects

1.     All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that were obtained from or belong to Sadr, or that belonged to Sadr at the time of the alleged offenses, or that belong or belonged to any agent of Sadr or any entity allegedly owned or controlled by Sadr.  *See* Fed. R. Crim. P. 16(a)(1)(E)(iii).  This request includes all documents as to which the government or any entity assigned Sadr as a custodian, whether hard copy or electronic records.

2.     All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that the government intends to use at trial in its case-in-chief.  *See* Fed. R. Crim. P. 16(a)(1)(E)(ii).  We request that any materials in this category be specifically identified from among the materials produced pursuant to the defendant's other Rule 16 and *Brady* requests, both to enable counsel to prepare effectively for trial and to afford Sadr an opportunity to move to suppress any evidence the prosecution intends to use in its case-in-chief.  *See* Fed. R. Crim. P. 12(b)(3)(C) and 12(b)(4)(B).

3.     All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that are material to the preparation of Sadr's defense, *see* Fed. R. Crim. P. 16(a)(l)(E)(i), including, but not limited to, those items set forth in paragraphs III.4 to III.14 below.

4.     All documents reflecting the alleged specific "international financial transactions" at issue in Count Two of the indictment.  Indictment ¶ 19.

5.     All documents reflecting the alleged "financial transactions" at issue in Counts Three and Four of the indictment.  Indictment ¶¶ 23, 26.

6.     All documents reflecting the alleged false and fraudulent pretenses, representations and promises at issue in Counts Three and Four of the indictment.  Indictment ¶¶ 23, 26.

7.     All documents reflecting the alleged monetary transactions and transfers at issue in Counts Five and Six of the indictment.  Indictment ¶¶ 29, 32.

8.     All documents relating to Sadr or the conduct alleged in the indictment that were introduced as exhibits before the grand jury.  We request that any materials in this category be specifically identified from among the materials produced pursuant to the defendant's other Rule 16 and *Brady* requests.

9.     All documents relating to Sadr or the conduct alleged in the indictment that were obtained by or for the grand jury or pursuant to any grand jury or trial subpoena.  This request includes any documents furnished informally to prosecutors in lieu of formal compliance with a subpoena.



10.     All documents relating to Sadr or the conduct alleged in the indictment obtained from any witness who testified before the grand jury, or who was interviewed or consulted during the course of the grand jury investigation.

11.     All documents relating to Sadr or the conduct alleged in the indictment that were obtained by any search or seizure pursuant to a search warrant or otherwise.

12.     All documents relating to Sadr or the conduct alleged in the indictment obtained from any federal, state or local governmental, regulatory or legislative body or agency.

13.     All documents relating to press releases or press conferences concerning Sadr or the investigation of the defendant, and all other documents relating to any contacts between the government and representatives of the media concerning Sadr or the investigation of the defendant.

14.     All documents relating to the reputation of Sadr, including, without limitation, any documents relating to Sadr's reputation for honesty, integrity, or competence.

## IV.     *Brady* and *Giglio* Material

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1985), *Kyles v. Whitney*, 514 U.S. 419 (1995), and New York Rule of Professional Conduct 3.8, Sadr requests immediate identification and disclosure of all documents and information (in whatever form) that are favorable to the defense or that would tend to exculpate Sadr or mitigate his culpability with respect to the charges in the indictment, that would tend to impeach any potential witness against Sadr, or that are relevant to the issue of sentencing, including but not limited to the following:

1.     Any document or information indicating or tending to establish that any of the allegations in the indictment are not true.

2.     Any document or information indicating or tending to establish that any meeting, conversation, use of words, practice, or conduct that is the subject of the indictment or forms the basis of the indictment did not violate government laws, regulations, standards or established business practices.

3.     Any document or information indicating or tending to establish that Sadr believed that any meeting, conversation, use of words, practice, or conduct that is the subject of the indictment or forms the basis of the indictment did not constitute a crime.

4.     Any document or information indicating or tending to establish that any other person (including but not limited to the alleged co-conspirators) believed that any meeting, conversation, use of words, practice, or conduct that is the subject of the indictment or forms the basis of the indictment did not constitute a crime.

Case 1:18-cr-00224-ALC Document 420-1 Filed 02/26/19 Page 23 of 48

September 25, 2018
Page 6



     5.     Any documents or information indicating or tending to establish that Sadr did not instigate, control, authorize, approve, or acquiesce in the practices that are the subject of the indictment.

     6.     Any documents or information indicating or tending to establish that the alleged false or fraudulent pretenses were not false.

     7.     Any documents or information indicating or tending to establish that the alleged false or fraudulent pretenses were not material.

     8.     Any documents or information indicating or tending to establish that a third person was responsible for the financial transactions at issue in any count of the indictment.

     9.     Any document or information indicating or tending to establish that Sadr engaged in any conduct that forms the basis of the indictment in reliance upon advice provided by counsel or accountants.

     10.     Any document or information (in whatever form) that could be used to impeach any potential government witness, or any person whose statements will be introduced pursuant to Fed. R. Evid. 801(d)(2)(C), (D), or (E), including but not limited to:

          a.     Any document or information relating to any conviction, arrest, or criminal record of, and any criminal charge brought against, any potential government witness;

          b.     Any document or information relating to promises, consideration, or inducements made to any potential government witness, whether directly to the witness or indirectly to the witness' attorney, friends, family, employer, business associates, or other culpable or at risk third-party. "Consideration" means anything of value or use, including immunity grants, whether formal or informal, witness fees, transportation or relocation assistance, money, dropped or reduced charges or suggestions of favorable treatment with respect to any federal, state or local criminal, civil, or administrative matter, expectations of downward departures or motions for reduction of sentence, considerations regarding forfeiture of assets, or stays of deportation or other immigration status considerations;

          c.     Any document or information tending to show the bias of a potential government witness, including animosity toward Sadr, animosity toward any group or entity of which Sadr is a member or with which Sadr is affiliated, a relationship with the alleged victim, or known but uncharged criminal conduct that may provide an incentive to curry favor with a prosecutor;

          d.     Any document or information affecting the reliability of a potential government witness's testimony, including known alcohol or substance



abuse, mental health issues or other issues that could affect the witness's
ability to perceive and recall events;

e.      Any document or information relating to any inconsistency in statements
given by any potential government witness;

f.      Any document or information relating to any inconsistency between
agents' and/or prosecutors' rough notes and FBI 302s or other memoranda
of interviews of any potential government witness;

g.      Any document or information bearing adversely on the character or
reputation for truthfulness of any potential government witness; and

h.      Each specific instance of conduct from which it could be inferred that any
potential government witness is untruthful.

11.     The date of and participants in each and every interview (including not only
interviews conducted by the U.S. Attorney's Office or the Manhattan District Attorney's Office,
but also interviews conducted by third parties), debriefing, "queen for a day" session, proffer,
deposition, or other statement or description of the alleged facts made by each potential
government witness (whether directly or indirectly, such as a proffer made by counsel). In
addition, please specify, as to each such witness, the first date on which the witness made any
allegation that Sadr engaged in any allegedly unlawful conduct or any conduct alleged in the
indictment.

As you are aware, New York has adopted Rule of Professional Conduct 3.8, entitled
"Special Responsibilities of Prosecutors and Other Government Lawyers," which provides that a
prosecutor "shall make timely disclosure to [the defense] of evidence or information known to
the prosecutor or other government lawyer that tends to negate the guilt of the accused, mitigate
the degree of the offense, or reduce the sentence . . . ." Rule 3.8(b). The Supreme Court has
recognized that Rule 3.8 imposes a higher standard on prosecutors than the standards mandating
disclosure of exculpatory evidence under *Brady*. *See Kyles*, 514 U.S. at 437 ("[*Brady*] requires
less of the prosecution than the ABA Standards for Criminal Justice, which call generally for
prosecutorial disclosures of any evidence tending to exculpate or mitigate."); ABA Standards for
Criminal Justice, Prosecution Function and Defense Function 3-3.11(a) (3d ed. 1993) ("A
prosecutor should not intentionally fail to make timely disclosure to the defense, at the earliest
feasible opportunity, of the existence of all evidence or information which tends to negate the
guilt of the accused or mitigate the offense charged or which would tend to reduce the
punishment of the accused"); ABA Model Rule of Professional Conduct 3.8(d) (1984) ("The
prosecutor in a criminal case shall . . . make timely disclosure to the defense of all evidence or
information known to the prosecutor that tends to negate the guilt of the accused or mitigates the
offense").

We contend that the foregoing categories of information constitute *Brady* and Rule 3.8(b)
material, and that disclosure should take place immediately. Sadr further requests that the

September 25, 2018
Page 8



government identify with particularity and provide copies of all materials that qualify as *Brady* and Rule 3.8 material, as described above. Please advise us promptly whether the government will be producing *Brady* material immediately even if it is contained in what might otherwise be considered as *Jencks* material, or whether you take the position that you are not obligated to produce such material at this time.

We also request the underlying source material for any *Brady* and Rule 3.8(d) information, as opposed to any summary letter or paraphrased description of the information. Please advise us promptly whether the government will not be producing underlying source material.

For purposes of the *Brady* doctrine, "the format of the information does not determine whether it is discoverable." U.S. Attorneys' Manual § 9-5.002.B.5 (2018). For example, material exculpatory information that is provided "during a conversation with an agent or a witness is no less discoverable than if that same information were contained in an email." *Id.* We therefore request that all such information be memorialized and produced to Sadr.

## V.    Purportedly Privileged Material

Sadr specifically requests that the government produce all documents or information (in whatever form) produced to the government—or over which the government otherwise has custody, control, or possession—that are responsive to Sadr's discovery and *Brady/Giglio* requests contained herein or that the government would otherwise be legally required to produce, over which any individual or entity has asserted the attorney-client privilege and/or the attorney work product doctrine. This request applies to all such documents produced pursuant to (a) a non-waiver agreement between any individual or entity and the government, (b) a court order pursuant to Fed. R. Evid. 502, or (c) a court order concluding that the documents are covered by the crime-fraud exception to the attorney-client privilege.

Sadr also requests that you identify any person or entity that has asserted any attorney-client privilege, work product privilege, common interest privilege, or any other privilege as the basis for withholding or not producing, in whole or in part, any documents to the government or the grand jury during the investigation. Sadr further requests that you provide all documents (including all privilege logs) with respect to the assertion of or challenge to any such claimed privileges. This request specifically encompasses all pleadings, court orders, correspondence, and other material related to any grand jury litigation by the government in which it challenged any assertion of any  privilege.

## VI.    Criminal Records

Pursuant to Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure, Sadr requests copies of his prior criminal record, if any.

September 25, 2018
Page 9



## VII. *Jencks* Material

Pursuant to the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure, Sadr requests that the government provide a list of the names and addresses of all witnesses that the government intends to call in its case-in-chief and all statements of those witnesses in the possession, custody, or control of the government or any other government entity, including, but not limited to, notes of interviews, FBI 302s, or other summaries prepared by government attorneys or agents, and grand jury transcripts and any other witness statements. We request that the government begin providing this material as soon as possible, or in any event no later than ninety (90) days prior to the start of trial.

## VIII. Scientific Evidence

Pursuant to Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure, Sadr requests documentation relating to all requests for, and the results of, physical or mental examinations, scientific tests, or experiments that were conducted in connection with the investigation of the charges contained in the indictment. This includes, but is not limited to:

    a.    all forensic examinations of any computer hard drive, handheld cellular telephone or mobile device that Sadr possessed or to which Sadr had access;

    b.    all handwriting exemplars, handwriting samples, handwriting or document analyses, and all documents examined or used in or related to such analyses;

    c.    all fingerprint and palm print exemplars, fingerprint samples, comparisons, and opinions of fingerprint experts, and all documents examined or used in connection with, or that relate to, those opinions; and

    d.    all polygraph examinations, psychological stress examinations, hypnotic procedures, or any other scientific procedures devised to determine whether a subject is telling the truth, or to refresh a witness' memory, and all documents that refer or relate to such examinations.

## IX. Other Crimes Evidence

Pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rules 403 and 404(b)(2) of the Federal Rules of Evidence, Sadr requests that the government disclose all evidence of similar crimes, wrongs, or acts, allegedly committed by Sadr (or any person alleged to have been acting pursuant to his instructions), upon which the government intends to rely on at trial.

September 25, 2018
Page 10



## X.    Suppression Issues

1.       As a predicate to potential motions pursuant to Rule 12(b) of the Federal Rules Of Criminal Procedure, *see* Rule 12(b)(4)(B), Sadr requests that he be informed:

   a.       Whether the government intends to offer into evidence any statement made by Sadr or any family member, and the substance of any such statement;

   b.       Whether any evidence in the government's possession, custody, or control was obtained by a search and seizure conducted by the government, and a description of such evidence;

   c.       Whether any evidence in the government's possession, custody, or control was obtained through electronic or mechanical surveillance, including without limitation, wiretaps, body wires, pen registers, and/or surveillance of telephone calls, and a description of such evidence;

   d.       Whether any evidence in the government's possession, custody, or control was obtained through the use of a beeper or other tracking device, and a description of such evidence;

   e.       In connection with any tape recording, wiretaps, or other surveillance of the defendant during the investigation of the allegations of the indictment or any related allegations, Sadr seeks:

   i.       The names and addresses of all such persons whose personal or business telephones the government tapped or monitored, or whose conversations or actions the government monitored by other means without the person's knowledge;

   ii.       Transcripts or other records of the statements or conversations monitored;

   iii.       The original recorded tapes created during such surveillance;

   iv.       The procedures used to conduct such surveillance; and

   v.       The authority under which such surveillance was conducted.

   f.       Whether any evidence in the government's possession, custody, or control was obtained through a mail cover and/or trash cover and a description of such evidence; and

   g.       The identities of any informant or undercover agent employed by the government during its investigation of the charges of the indictment.

September 25, 2018
Page 11



     2.     Sadr requests that the prosecution disclose whether it intends to offer in its case-in-chief, as a statement by the defendant, any of the following, and that it provide the substance of any such statement:

> a.     Any statement as to which the defendant allegedly manifested his adoption or belief in its truth. *See* Fed. R. Evid. 801(d)(2)(B).
>
> b.     Any statement made by another which was purportedly authorized by the defendant. *See* Fed. R. Evid. 801(d)(2)(C).
>
> c.     Any statement made by an agent or servant of the defendant concerning a matter within the scope of his agency or employment made during the existence of such a relationship. *See* Fed. R. Evid. 801(d)(2)(D).
>
> d.     Any statement made by an alleged co-conspirator of the defendant during the course and in furtherance of any alleged conspiracy. *See* Fed. R. Evid. 801(d)(2)(E).

## XI.    Hearsay

     Sadr requests notice of any hearsay statement that the government plans to offer at trial under Federal Rule of Evidence 807, including its particulars, the declarant's name and address, and other information giving Sadr a fair opportunity to meet the statement. Fed. R. Evid. 807(b).

## XII.    Charts and Summaries

     Pursuant to Fed. R. Evid. 1006, Sadr requests that he be advised whether the government will seek to offer any chart, summary, or calculation in evidence and, if so, (1) that all such charts, summaries, and calculations be produced, and (2) that all writings, recordings, or other information on which such charts, summaries, or calculations are based be made available for inspection and copying.

## XIII.    Electronically Stored Information

     Sadr requests that the government comply with the "Recommendations for Electronically Stored Information (ESI) Discovery Production in Federal Criminal Cases" issued by the Department of Justice and Administrative Office of the U.S. Courts Joint Working Group on Electronic Technology in the Criminal Justice System in February 2012. To that end, Sadr requests the ability to "meet and confer" with the government as needed to discuss the nature, volume, and mechanics of the government's production of ESI discovery. Among other things, Sadr makes the following requests:

> 1.     The government should produce ESI received from third parties in the format it was received. However, if the government has further processed ESI received from third parties, such as by adding load files, converting native files to TIFF images, extracting metadata or other coding, or making electronic files

Case 1:18-cr-00224-AJN  Document 125-1  Filed 02/26/20  Page 35 of 46

September 25, 2018
Page 12



searchable, the government should produce such enhanced ESI in discovery to save Sadr the expense of replicating this work. Sadr does not seek any government attorney work product by this request.

2.  The government should produce a table of contents describing the general categories of information available as ESI discovery in order to expedite Sadr's review of discovery and avoid discovery disputes, unnecessary expense, and undue delay. Further, the government should produce the cover letters that accompanied and described the third party productions of ESI and other documents to facilitate Sadr's review.

3.  For all ESI produced from a seized, searched, or subpoenaed third-party digital device (e.g., computer, hard drive, thumb drive, CD, DVD, cell phone, Blackberry, iPhone, Android, smart phone, smart watch, or personal digital assistant), the government should identify the digital device that held the ESI, identify the device's owner or custodian, and identify the location where the device was seized, searched, or from where it was produced.

4.  The government should produce any materials received in paper form in converted digital files that can be viewed and searched. These materials should be produced in multi-page TIFF and OCR format where each document is one file that may have multiple pages. Alternatively, a less preferable option would be production in multi-page, searchable PDF format. Under no circumstances should paper materials be converted into single-page TIFF images without document breaks.

5.  All production of ESI should maintain parent-child relationships between documents, such as where an email (the parent document) has attachments (the child documents).

## XIV.  Bill of Particulars

We also adopt Arnold & Porter's August 23, 2018 letter requesting a bill of particulars regarding the allegations in the indictment. We need specification of those allegations in the indictment to permit Sadr to prepare to defend the charges against him. Please advise us whether the government will provide the requested information so that we can determine whether it will be necessary to move for a bill of particulars under Federal Rule of Criminal Procedure 7(f).

September 25, 2018
Page 13



      Please let us know promptly whether there are any requests set forth in this letter with which you decline to comply.  We are available to discuss any of the foregoing requests at your convenience.  We reserve the right to supplement these requests as we continue to review the discovery material and prepare for trial.  Thank you for your consideration.

Sincerely,

Brian M. Heberlig

# EXHIBIT 60

**From:** Crowley, Shawn (USANYS)
**To:** Laroche, Matthew (USANYS); Denton, David (USANYS); Donaleski, Rebekah (USANYS)
**Cc:** Bove, Emil (USANYS)
**Subject:** FW: GX 411 (002).pdf
**Date:** Monday, March 09, 2020 3:33:58 PM
**Attachments:** GX 411 (002).pdf



**COMMERZBANK**

NEW YORK BRANCH

Department of the Treasury
Office of Foreign Assets Control
1500 Pennsylvania Avenue NW
Washington DC 20220

Vinay Jepal
2 World Financial Center, New York, NY 10281-1050
Telephone (212) 266-7200
Fax (212) 266-7235
vinay.jepal@commerzbank.com

June 16, 2011

## Re: Information Sharing – Stratus International Contracting Company

Dear Sir/Madam:

Commerzbank AG, New York Branch (CBNY) would like to share the following information with OFAC. On April 20, 2011 CBNY's AML transaction monitoring system generated an alert, which involved a transaction for USD 29,442,967.57 value April 4, 2011.

The transaction was originated by Banco Del Tesoro, CA Banco Universal Caracas for its client BT / Fideicomiso / Fondo Chino Venezolano in Caracas, Venezuela.  The beneficiary of the payment was Stratus International Contracting Company ("Stratus"), a client of Hyposwiss Privatbank AG, Zurich.

As per standard procedure, CBNY initiated a request for information to the remitting bank Banco Del Tesoro, CA Banco Universal Caracas, Venezuela to obtain details on both entities and their relationship. In the interim, CBNY conducted further due diligence and noted the following regarding Stratus from its website:

- Stratus  was founded in 1978 in Tehran, Iran
- Stratus International specializes in providing contracting services to infrastructure projects such as roads, railways, dams, tunnels, airports and buildings.
- Stratus is presently working on a 7000 Apartment Unit "New Ojeda" Housing Development Project in Venezuela

On May 12, 2011, CBNY received a response from the bank in Caracas indicating the following:

- Stratus's  physical address  is Gardenya Plaza 5, K:3 D:3 (Floor 3, Suite3) 34758 Atasehir, Istanbul, Turkey
- Stratus  is registered in Istanbul, Turkey (copy of the registration attached)
- Stratus provides construction services in Turkey, Dubai and Venezuela
- The purpose of the payment is for the construction of a 7000 apartment unit project "Proyecto Urbanismo Nueva Ciudad Fabricio Ojeda, in Cuidad Ojeda, Estado Zuila, Venezuela (same address as listed on Stratus' website)

Although Stratus is not listed as an SDN, and the payment does not indicate any direct involvement of Iran or with Iran, due to conflicting information between the website and the response forwarded by the bank in Caracas, CBNY believes it appropriate to share this information with OFAC since Stratus may be an Iranian Company.

Chairman of the Supervisory Board: Klaus-Peter Müller
Board of Managing Directors: Martin Blessing (Chairman),
Frank Annuscheit, Markus Beumer, Achim Kassow, Jochen Klösges,
Michael Reuther, Stefan Schmittmann, Ulrich Sieber, Eric Strutz, Martin Zielke

Commerzbank Aktiengesellschaft, Frankfurt am Main
Registered Office: Frankfurt am Main Reg.No. 32000
VAT No. DE 114 103 514

Page 1 of 2



GOVERNMENT
EXHIBIT
411

18 Cr. 224 (AJN)



**COMMERZBANK**

NEW YORK BRANCH

### Re: Information Sharing – Stratus International Contracting Company– Page 2

We have added Stratus into our sanctions filter to monitor any future payments.  Please note that apart from this transaction, there have not been any other payments involving Stratus processed by CBNY to date.

The purpose of this letter is to report the good faith efforts of Commerzbank AG, New York Branch in complying with applicable OFAC requirements and voluntarily informing OFAC of any information received during its investigation into possible sanctions-related entities.

Should you have any further questions concerning this matter, please do not hesitate to contact the signatories below.

Respectfully,

Commerzbank AG
New York Branch

Deepa Keswani
Head of AML/Anti-Fraud/Sanctions Compliance

Vinay Jepal
Sanctions Compliance Officer

Encls.

```
                              stratus intl payment

    :LT Address                  :COBAUS3XA
    :transaction type            :202 COVER bank tfr favour 3rd bank
    :input from                  :COBADEFF
                                 COMMERZBANK AG FRANKFURT
                                 HEAD OFFICE
                                 32-36 NEUE MAINZERSTRASSE
                                 60261 FRANKFURT GERMANY
    :Validation Flag             :COV}
--------------------------------------------------------------------
{4: Text block:
    :20 /transaction reference number  :FAAS109400150500
    :21 /related reference             :FAAS109400150500
    :32A/value date                    :040411 USD 29,442,967.57
    :52A/ordering institution - BIC    :COBADEFF
                                       COMMERZBANK AG
                                       FRANKFURT AM MAIN
    :57A/account with inst - BIC       :CHASUS33
                                       JPMORGAN CHASE BANK, N.A.
                                       NEW YORK,NY
    :58A/beneficiary inst - BIC        :SHHBCHZZ
                                       HYPOSWISS PRIVATBANK AG, ZURICH
                                       ZURICH
    :50K/ordering customer             :/400887746602USD
                                       BT/ FIDEICOMISO / FONDO CHINO
                                       VENEZOLANO. AV GUICAIPURO. URB EL
                                       ROSAL. TORRE BANCO DEL TESORO.
                                       CARACAS - VENEZUELA.
    :52A/ordering institution - BIC    :BDTEVECA
                                       BANCO DEL TESORO, C.A. BANCO
                                        UNIVERSAL
                                        CARACAS
    :59 /beneficiary customer          :/CH7708530519663100203
                                       STRATUS INTERNATIONAL CONTRACTING
                                       J.S.
    :70 /details of payment            :REF: DESEMBOLSO NRO. 386 FONDO
                                       CHINO VENEZOLANO. CODIGO NRO.
                                       00579.
    :33B/amount                        :USD 29,442,967.57}
--------------------------------------------------------------------
  Entry    :       /SWIFT/ Date:110404 Time:02:44:17
                Info:1111/001781
```



فارسی | Staff Login | Site Map | Hon



STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.

*Road & Railway*



STRATUS is an Engineering, Construction, Management and Contracting Company by specializing in the field of Building Construction, Road Works and Water Works.
STRATUS is Graded in three major categories: Read more...

*Dam*



STRATUS has succeeded to recieve ISO 9001-2000 certificate for Quality Management System from MIC registered under UKAS, United Kingdom from 2004 which upgraded recently to ISO 9001-2008 in 2010 and intending to extend it by OHSAS 18001:2007.  Read more...

*Building*



Our memberships:
  • Federation of Contractors of Islamic Countries (F.C.I.C.)
  • Pakistan Engineering Council
  • International Chamber of Commerce (I.C.C.)
  • Iran – UK Chamber of Commerce
  • Iran – Canada Chamber of Commerce    Read more...

Copyright © 2010 Stratus Group Company. All rights reserved



فارسی | Staff Login | Site Map | Hom



STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.

**Contact Us**

**STRATUS International Contracting Co.**

Address: **No.35, Golestan St., Iran Zamin Ave., Shahrake Ghods, Tehran, Iran.**

Postal Code: **1465865187**

Tell: **(98) 21 8837 3100-6**

Fax: **(98) 21 8808 2882**

E-mail: **stratus@stratusgc.com**

Copyright © 2010 Stratus Group Company. All rights reserved



STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.



**Branch Offices**

| **Middle East** | **CIS** | **South America** |
|:---:|:---:|:---:|
| Iran | Kazakhstan | Venezuela |
| Iraq | | |

Copyright © 2010 Stratus Group Company. All rights reserved





STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.

#### Sister Companies List

 1.Samaneh Stratus (INVESTMENT CO.)

 2.Iran Construction Investment Co.

 3.Eghtesad - Novin Bank

4.Pishgaman Bazar Novin (BROKERAGE CO.)

 5.Novin Insurance Co.

 6.Pars Shahr Co.

 7.Global Petro Tech CO.

 8.Keyhan Tabadol Co.

 9.Pars Hanza Aluminium CO.

 10.Azarbaijan Industry Development Co.

11.Eghtesad Novin Investment CO.

 12.Samaneh Gostar Novin

Copyright © 2010 Stratus Group Company. All rights reserved





  فارسی | Staff Login |  Site Map |  Hon

STRATUS International Contracting Company has been
founded in 1978 in Tehran, Iran, with registered paid up share
capital of Rls 100 billions. STRATUS provides contracting
services to infrastructure projects such as Roads, Railways,
Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS
has been the first pioneered company in exporting Engineering
and Technical Services in Iran and received **"Exemplary
Exporters"** of the year 1999 from his excellency Mr.president.

### 7000 Units 'New Ojeda' Housing Development Project

| Main Technical Features | Site Gross Area : 318 Hec.<br>Concrete works : 520,000 m³<br>Net Construction Area : 850.000 m²<br>Water & Sewage network : 150 Km<br>Electrical network : 200 Km<br>Communication network : 220 Km<br>Gas network : 30 Km |
|---|---|
| Location | Ciudad Ojeda, Zulia State, Venezuela |
| Employer | Ducolsa 'Urban Development S.A' |
| Contract Duration | 48 Months |
| Date of Award | September 2009 |
| Status | [ Under Construction ] |

  

[Back to list]

Copyright © 2010 Stratus Group Company. All rights reserved

**Stratus International**
Contracting Company

STRATUS International Contracting Company has been founded in 1978 in Tehran, Iran,with registered paid up share capital of Rls 100 billions. STRATUS provides contracting services to infrastructure projects such as Roads, Railways, Dams, Tunnels, Airports and Buildings. Since 1994, STRATUS has been the first pioneered company in exporting Engineering and Technical Services in Iran and received **"Exemplary Exporters"** of the year 1999 from his excellency Mr.president.





| | | |
|---|---|---|
| | **Dalbandin – Nokkundi Highway - Section III-B** | Details >> |
| | **Socotra Airport** | Details >> |
| | **Design & Construction of Parliament Building & Commercial Center in Djibouti City** | Details >> |
| | **7000 Units "New Ojeda" Housing Development Project** | Details >> |

Copyright © 2010 Stratus Group Company. All rights reserved

( K A D I K Ö Y )
370857 - 2010

**T.C.**
**İ S T A N B U L**
Ticaret Sicil Memurluğu

## S İ C İ L    T A S D İ K N A M E S İ

| | |
|---|---|
| Ticaret Ünvanı | STRATUS INTERNATIONAL CONTRACTING İNŞAAT VE TAAHHÜT ANONİM ŞİRKETİ |
| Sicil No. | 751671 |
| Tescil Tarihi | 22 / 10 / 2010 |
| İşletme Merkezinin Adresi (Şubenin tescilinde şubenin Adresi ile beraber merkezin adresi de yazılır.) | GARDENYA PLAZA 5 K.3 D.3 ATAŞEHİR |
| İşletmenin uğraştığı işler | Ana sözleşmesinde yazılı olan işler |
| İşletme sahibinin hüviyeti (Hükmi şahıslarda, hükmi şahsın mahiyeti) | Anonim |
| İşletme temsilcileri | 38824643592 TC.No.lu CELAL TATLICIBAŞI |
| Tasdiknamenin düzenlenme Tarih ve Sayısı | 22 EKİM   2010 -  39185 |

RECAİ SÖKMEN
İSTANBUL TİCARET SİCİLİ
MEMURU YARDIMCISI

# EXHIBIT 61

**From:**        Crowley, Shawn (USANYS)
**To:**            Laroche, Matthew (USANYS); Denton, David (USANYS); Lake, Stephanie (USANYS); Krouse, Michael (USANYS); Kim, Jane (USANYS) 4; Garrett Lynch; DeFilippis, Andrew (USANYS)
**Subject:**     Draft-Declaration-Template.docx
**Date:**        Monday, March 09, 2020 3:38:06 PM
**Attachments:**  Draft-Declaration-Template.docx

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

ALI SADR HASHEMI NEJAD,


Defendant.

DECLARATION

18 CR 224 (ALC)

I, , pursuant to Title 28, United States Code, Section 1746, declare under penalty of perjury:

1.    I am an attorney admitted to the bar of the State of New York and the bar of this Court, and one of the Assistant United States Attorneys for the Southern District of New York previously responsible for this matter.

2.    From approximately XX through approximately XX, I was one of the Assistant United States Attorneys assigned to this case.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing information is true and correct.

Dated:       New York, New York
              March 9, 2020


                                    _____
                                    Andrew J. DeFilippis
                                    Assistant United States Attorney

1

# EXHIBIT 62

| | |
|---|---|
| **From:** | Crowley, Shawn (USANYS) |
| **To:** | Lynch, Garrett |
| **Subject:** | RE: Draft-Declaration-Template.docx |
| **Date:** | Monday, March 09, 2020 3:44:18 PM |

Can you call my desk?  212-637-1034

---

**From:** Lynch, Garrett <LynchG@dany.nyc.gov>
**Sent:** Monday, March 09, 2020 3:43 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Subject:** RE: Draft-Declaration-Template.docx

Shawn, we've spoken to four out of the five other people who ever touched this case.  They're all over the place (including Ireland), and only one still works here (but is out of the office).  Can I represent in my declaration that we spoke with them?

---

**From:** Crowley, Shawn (USANYS) [mailto:Shawn.Crowley@usdoj.gov]
**Sent:** Monday, March 9, 2020 3:38 PM
**To:** Laroche, Matthew (USANYS) <Matthew.Laroche@usdoj.gov>; Denton, David (USANYS) <David.Denton@usdoj.gov>; Lake, Stephanie (USANYS) <Stephanie.Lake@usdoj.gov>; Krouse, Michael (USANYS) <Michael.Krouse@usdoj.gov>; Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>; Lynch, Garrett <LynchG@dany.nyc.gov>; DeFilippis, Andrew (USANYS) <Andrew.DeFilippis@usdoj.gov>
**Subject:** Draft-Declaration-Template.docx

This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

# EXHIBIT 63

| | |
|---|---|
| **From:** | Crowley, Shawn (USANYS) |
| **To:** | Strauss, Audrey (USANYS) |
| **Subject:** | RE: Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN) |
| **Date:** | Monday, March 09, 2020 3:49:25 PM |
| **Attachments:** | 18cr224 Order 3.08.20.pdf |
| | 18cr224 Order 3.9.20.pdf |

Here is the order referred to in the letter (3.08.20), and the subsequent order asking us to be prepared to explain how we made clear that GX 411 had been newly marked (3.9.20).

**From:** Strauss, Audrey (USANYS) <AStrauss@usa.doj.gov>
**Sent:** Monday, March 09, 2020 3:47 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Subject:** RE: Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)

Pls also send the court's order referred to in letter you just sent.
Thanks

**From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Sent:** Monday, March 9, 2020 3:24 PM
**To:** Strauss, Audrey (USANYS) <AStrauss@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Cc:** Birger, Laura (USANYS) <LBirger@usa.doj.gov>
**Subject:** RE: Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)

Thanks.  Attaching the email chain in which we produce GX 411 (Saturday at 4:04 p.m.) as well as the letter we filed with Judge Nathan in which we represent that we "made clear that GX 411 was a newly marked exhibit and that we intended to offer it."

**From:** Strauss, Audrey (USANYS) <AStrauss@usa.doj.gov>
**Sent:** Monday, March 09, 2020 3:17 PM
**To:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>; Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Cc:** Birger, Laura (USANYS) <LBirger@usa.doj.gov>
**Subject:** RE: Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)

I am trying to review this transcript but I think I am missing a document--- our letter to the defense that the judge views as not fully candid.
Would you pls send?
Thanks.

**From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Sent:** Monday, March 9, 2020 2:22 PM
**To:** Strauss, Audrey (USANYS) <AStrauss@usa.doj.gov>; Birger, Laura (USANYS) <LBirger@usa.doj.gov>
**Cc:** Bove, Emil (USANYS) <EBove@usa.doj.gov>
**Subject:** Fwd: Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)

This is the transcript from this morning before Judge Nathan. As Laura knows, the AUSAs are scrubbing their files and drafting their declarations.


Begin forwarded message:

**From:** "DeLuca, Michael (USANYS) [Contractor]" <MDeLuca@usa.doj.gov>
**Date:** March 9, 2020 at 2:05:16 PM EDT
**To:** "Bove, Emil (USANYS)" <EBove@usa.doj.gov>, "Crowley, Shawn (USANYS)" <SCrowley@usa.doj.gov>
**Subject: FW:  Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)**


**From:** Goretti Moya <gmoya@sdreporters.com>
**Sent:** Monday, March 9, 2020 2:05 PM
**To:** DeLuca, Michael (USANYS) [Contractor] <MDeLuca@usa.doj.gov>
**Subject:** RE: Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)


**From:** DeLuca, Michael (USANYS) [Contractor] <Michael.DeLuca@usdoj.gov>
**Sent:** Monday, March 09, 2020 10:43 AM
**To:** Info <Info@sdreporters.com>; reporters <reporters@sdreporters.com>
**Subject:** Transcript - Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN)

Good morning – We have a time-sensitive request for this morning's transcript in the ongoing trial in front of Judge Nathan, US v. Ali Sadr Hashemi Nejad, Case No. 18-cr-224 (AJN). We are requesting a copy of this morning's transcript (from before the jury entered the courtroom) as soon as possible, and will pay any fees associated with the expedited request.

Could you please let me know when we would be able to get this? I'm sorry for the urgent request and I appreciate your help.

Thank you,
Michael

Michael DeLuca
Paralegal, Terrorism & International Narcotics Unit
U.S. Attorney's Office, SDNY
Desk: (212) 637-2248
Cell: (646) 265-8172

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Ali Sadr Hashemi Nejad,

Defendant.

18-cr-224 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

The parties shall be ready to begin today, March 9, 2020, at 8:30 a.m.  The Government

shall be prepared to discuss, among other matters, its representation to the Court (in response to

the Court's March 8, 2020 Order) that it "made clear" in its March 7 correspondence with Mr.

Sadr's counsel "that GX 411 was a newly marked exhibit."  *See* Dkt. No. 277.

SO ORDERED.

Dated: March ___9___, 2020
       New York, New York

_____
            ALISON J. NATHAN
          United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| United States of America, |
| —v— |
| Ali Sadr Hashemi Nejad, |
| Defendants. |

18-cr-224 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

In the letter filed this evening by the Government, Dkt. No. 275, the Government states

that "It was only in the context of this process that the Government realized that GX 411 was not

part of Bank-1's subpoena production, which had been provided to the defense in discovery."

The Court requires further explanation. Specifically, it is unclear from this sentence if

the Government realized GX 411 had not been previously disclosed before or after the

Government turned it over to the defense yesterday. Nor does this sentence indicate if, upon

learning of the late disclosure, the Government informed defense counsel or not. The

Government shall explain precisely when and how it realized that the document had erroneously

been withheld and when, if at all, upon learning of the failure to disclose this was communicated

to the defense.

Furthermore, the previously filed letter does not offer an explanation for how it came to

be that GX 411 was not (though should have been) provided to the defense as part of Bank-1's

subpoena production.

The Government is ordered to address these points by letter to be filed no later than 10

p.m. this evening. The defense may reply to the Government's letters by 11 p.m.

1

SO ORDERED.

Dated:  March 8, 2020
        New York, New York

3/8/20

_____
ALISON J. NATHAN
United States District Judge

# EXHIBIT 64

| | |
|---|---|
| **From:** | Denton, David (USANYS) |
| **To:** | Crowley, Shawn (USANYS); Bove, Emil (USANYS) |
| **Subject:** | RE: Draft-Declaration-Template.docx |
| **Date:** | Monday, March 09, 2020 3:59:33 PM |
| **Attachments:** | 2020.03.09 Denton Sadr Declaration.docx |

See if this does the trick.

---

**From:** Crowley, Shawn (USANYS) <SCrowley@usa.doj.gov>
**Sent:** Monday, March 9, 2020 3:38 PM
**To:** Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov>; Denton, David (USANYS) <DDenton@usa.doj.gov>; Lake, Stephanie (USANYS) <SLake@usa.doj.gov>; Krouse, Michael (USANYS) <MKrouse@usa.doj.gov>; Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov>; Garrett Lynch <LynchG@dany.nyc.gov>; DeFilippis, Andrew (USANYS) <ADeFilippis@usa.doj.gov>
**Subject:** Draft-Declaration-Template.docx

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-                                                            DECLARATION

ALI SADR HASHEMI NEJAD,                                        18 CR 224 (AJN)


        Defendant.

I, , pursuant to Title 28, United States Code, Section 1746, declare under penalty

of perjury:

        1.      I am an attorney admitted to the bar of the State of New York and the bar

of this Court, and one of the Assistant United States Attorneys for the Southern District of New

York previously responsible for this matter.

        2.      From approximately June 25, 2019 through approximately August 30, 2019,

I was one of the Assistant United States Attorneys assigned to this case.

        3.      On this date, March 9, 2020, I have reviewed the document marked for

identification as Government Exhibit 411, consisting of a letter from Commerzbank AG to the

Department of the Treasury, Office of Foreign Assets Control ("OFAC") dated June 16, 2011.  To

the best of my recollection, I have not seen this document prior to today.  I first learned of the

existence of this document and of its general content yesterday, March 8, 2020, during a casual

conversation with one of the Assistant United States Attorneys currently responsible for handling

this matter.

        4.      During the course of my participation in this matter, I communicated with

OFAC representatives on approximately twelve occasions via email and phone.   My

1

communications with OFAC pertained solely to securing (1) the testimony of an OFAC witness at trial in this matter regarding the applicable Iranian sanctions regulations, and (2) formal documentation of the fact that the defendant and any entities related to the conduct charged in this case had not been licensed by OFAC to engage in transactions through the United States for the benefit of Iran.  My involvement with the case ended before any formal list of the relevant entities had been transmitted to OFAC for a "license check."

        5.      I did not learn, at any point during my involvement with the case or any of my communications with OFAC, anything about the status or existence of any OFAC investigation, inquiry, subpoena, enforcement action, or other matter related to the defendant, his family, or any entity associated with the defendant or his family.  On the contrary, during my communications with OFAC, I gave a brief description of the charges against the defendant in order to assist OFAC in identifying an OFAC official with appropriate expertise to testify as a witness in this case.  It was my understanding that the OFAC personnel with whom I communicated were not familiar with the case beyond the brief description that I provided.

        I declare under penalty of perjury that, to the best of my knowledge, the foregoing information is true and correct.

Dated:      New York, New York
               March 9, 2020

                                           _____
                                           David W. Denton, Jr.
                                         Assistant United States Attorney

# EXHIBIT 65

| | |
|---|---|
| **From:** | Kim, Jane (USANYS) 4 |
| **To:** | Kaveh.Miremadi@treasury.gov |
| **Cc:** | Bove, Emil (USANYS); MariaHelene.VanWagenberg@treasury.gov; Jacqueline.Brewer@treasury.gov; Lake, Stephanie (USANYS); Krouse, Michael (USANYS); LynchG@dany.nyc.gov; Lynch, Garrett (USANYS) [Contractor]; Crowley, Shawn (USANYS) |
| **Subject:** | Re: Time Sensitive Question |
| **Date:** | Monday, March 09, 2020 4:06:51 PM |

Kaveh, just tried your cell. Please let me know when you're free to talk. Thanks.

On Mar 9, 2020, at 10:50 AM, "Kaveh.Miremadi@treasury.gov"
<Kaveh.Miremadi@treasury.gov> wrote:

> Cell: 202-746-4485
>
> ---
>
> **From:** Bove, Emil (USANYS) <Emil.Bove@usdoj.gov>
> **Sent:** Monday, March 9, 2020 10:25 AM
> **To:** Kim, Jane (USANYS) 4 <Jane.Kim@usdoj.gov>
> **Cc:** Miremadi, Kaveh <Kaveh.Miremadi@treasury.gov>; Van Wagenberg, Maria-Helene
> <MariaHelene.VanWagenberg@treasury.gov>; Brewer, Jacqueline
> <Jacqueline.Brewer@treasury.gov>; Lake, Stephanie (USANYS)
> <Stephanie.Lake@usdoj.gov>; Krouse, Michael (USANYS)
> <Michael.Krouse@usdoj.gov>; LynchG@dany.nyc.gov; Lynch, Garrett (USANYS)
> [Contractor] <Garrett.Lynch@usdoj.gov>; Crowley, Shawn (USANYS)
> <Shawn.Crowley@usdoj.gov>
> **Subject:** Re: Time Sensitive Question
>
>
> ** **Caution:** External email. Pay attention to suspicious links and attachments.
> Send suspicious email to suspect@treasury.gov **
>
>
>
>
> Hi Kaveh, what number can we reach you at?
>
> On Mar 9, 2020, at 10:04 AM, Kim, Jane (USANYS) 4 <JKim4@usa.doj.gov> wrote:
>
>> I don't. I'm adding my Chiefs to this chain.
>>
>> On Mar 9, 2020, at 9:23 AM, "Kaveh.Miremadi@treasury.gov"
>> <Kaveh.Miremadi@treasury.gov> wrote:
>>
>>> Hi Jane,
>>>
>>> Do you know who or what division in OFAC this letter was