

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 20, 2020

**BY EMAIL—REQUEST TO BE FILED UNDER SEAL**

The Honorable Alison J. Nathan
United States District Judge so
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

**Re:**   *United States v. Ali Sadr Hashemi Nejad*, **18 Cr. 224 (AJN)**

Dear Judge Nathan:

The Government respectfully submits this response to defense counsel's November 13, 2020, letter.[1] Defense counsel did not recommend additional fact-finding or credibility determinations, instead deferring to this Court's discretion. For the reasons set forth below and in its previous filings, the Government respectfully submits that the Court should exercise that discretion to conclude that no further proceedings are appropriate.

As discussed in the Government's previous letter, the Declarations[2] and their supporting documents are clear that none of the prosecutors understood GX 411's exculpatory value before they produced it. (Dkt. 392 at 1-2). In response, defense counsel points to a January 2020 email from then-SAUSA Lynch, in which Lynch notes an "asterisk with Commerz," with respect to the bank having filed a voluntary disclosure to OFAC about a case-related payment, and questions "whether it's worth having the Commerz witness go into that." (*See* Def. Ltr. at 2; Dkt. 341, Ex. 4). Defense counsel suggests that this language reflected "a possible reluctance to call a witness who might reveal the disclosure contained in GX 411," and accompanying awareness that the material was exculpatory. (Def. Ltr. at 2). The facts do not support their reading.

Mr. Lynch has clarified that his use of the term "asterisk" referred to "an additional item" (*see* Lynch Decl. at n.2), one of many logistical and evidentiary issues for the case team to consider in advance of a complicated trial. His explanation is entirely consistent with and corroborated by the voluminous communications between and among the team and defense counsel in connection with GX 411's belated production. (*See* Kim Decl. ¶¶ 29(e), 32, 34, Exs. 33-34, 36, 47-48, 116-17;

---

[1] Since defense counsel filed their letter under seal, we are doing the same with our reply. We respectfully request that it be treated like the defense letter for purpose of any unsealing.

[2] We note that we have not shared the Declarations or exhibits among the Declaration-filers.

The Honorable Alison J. Nathan					Page 2
November 20, 2020

Krouse Decl. ¶¶ 21, 23, 35, 46, Ex. 36; Lake Decl. ¶¶ 18, 27, 31; Lynch Decl. ¶ 10; *see also* Crowley Decl. Ex. 3 at 1). In the context of the AUSAs' uniform surprise and confusion when defense counsel raised GX 411's exculpatory value, defense counsel's reading of the January email is not plausible.

Defense counsel also does not dispute the circumstances under which the Government's inaccurate March 8 letter to the Court was edited and filed. There is accordingly no disagreement that AUSA Krouse and the Unit Chiefs saw the letter no more than roughly ten minutes before it was filed and had, at most, limited visibility into the facts of GX 411's production when the letter was edited. (*See* Dkt. 392 at 2-3). Given these facts and all three AUSAs' contemporaneous efforts to address the problems that had emerged at trial, we respectfully submit that there was no intent to mislead the Court, and is no need for further fact-finding or credibility determinations on this issue.

Defense counsel excerpts language critical of the team from the Unit Chiefs' mid-trial communications with each other, including a pointed concern about an email's veracity that Unit Chief Bove has since acknowledged was an "unfair characterization." (*See* Def. Ltr. at 3, 5-6; Bove Decl. ¶ 31).[3] The Unit Chiefs exchanged these messages in the moment when they were still learning the underlying facts and were understandably—and appropriately—concerned and committed to ensuring that they and the case team addressed any problems; and over the ensuing days and weeks, the case team responded with extensive file reviews, due diligence, and disclosures, which reflected their commitment to identifying and correcting errors in this case. (*See* Dkt. 390 at 4). This Office respects the Court's desire to assess potential misconduct in this case, and we have not sought to assert attorney mental work-product or deliberative process privilege over any materials that Declaration-filers considered pertinent. However, the risk that those unfamiliar with the full circumstances of the case may misconstrue such communications, with painful personal and professional consequences, independent of any judicial finding, underscores why proceedings of this type are typically conducted under seal. (*See* Dkts. 383-87). In any event, given the context provided by the Declarations and exhibits, as well as our previous filings, we respectfully submit that nothing about these messages warrants further fact-finding.

Finally, defense counsel highlights emails on which Mr. Lynch was copied, which suggest that he may have been aware that the FBI received raw search warrant returns from DANY before this Office became involved with this case. (Def. Ltr. at 9-10). Mr. Lynch has advised that the May 6, 2016, email referenced in defense counsel's letter, relates to the search warrant (actually warrants)

---

[3] In fairness to the AUSA defense counsel references in this regard, the email in question was drafted by another AUSA, and its description of the team's then-recent realization that GX 411 came from an unrelated DANY investigation and had not been produced with Commerzbank subpoena returns—which description had been the subject of Unit Chief Bove's concern—*was* accurate. (*See* Dkt. 279-1 at 2) ("We thought it was part of the Commerzbank subpoena return that was produced in discovery. We now understand that it came from an unrelated DANY investigation, and therefore was not in the Commerzbank subpoena return."). (Defense counsel's quotation of this message mistakenly states "unrelated SDNY investigation" instead of "unrelated DANY investigation.") (Def. Let. at 6).

The Honorable Alison J. Nathan  Page 3
November 20, 2020

we previously referenced, as to which an FBI Special Agent was the affiant. (*See* Dkt. 391 at 3 n.5). More particularly, we have identified three warrants issued on April 20, 2016, upon application of the Special Agent, each of which specifically authorized the FBI and DANY to review the email data for evidence concerning the subject (state law) offenses. Mr. Lynch confirms, as the October 15, 2015 email states, that the FBI assisted with Farsi translations, but advises that, even after reviewing the email, he does not recall and did not understand that DANY shared raw search warrant returns with the FBI. We have advised both DANY and the FBI of the BIDMAS issue, regarding which the FBI is conducting a review. (*See* Dkt. 391 at 3). As reflected in our previous filing, we are confident that no AUSA was aware that the FBI possessed or searched its own database of raw search warrant returns. (*See id.*).

In light of the foregoing, the Declarations, and our previous filings, we respectfully submit that a sanctions hearing for any of the involved attorneys is neither necessary nor warranted.

* * *

As we have said, our view that no further proceedings are appropriate does not obviate the need for institutional reflection and improvement with respect to our failures here. We are engaged in an effort to improve our policies, staffing, training, and technology, to address these and related issues. We are scheduled to update the Court on the steps we have taken in this regard on December 18, 2020. *See United States v. Jain*, 19 Cr. 59 (PKC), at Dkt. 143. Given the relevance of that progress to the issues that surfaced in this prosecution, we will copy Your Honor on that filing.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

by: _____
JOHN M. McENANY
Associate United States Attorney
(212) 637-2571